C. Brandon Wisoff (State Bar No. 121930)
bwisoff@fbm.com
Deepak Gupta (State Bar No. 226991)
dgupta@fbm.com
Rebecca H. Stephens (State Bar No. 299234)
rstephens@fbm.com
Jeffrey G. Lau (State Bar No. 281629)
jlau@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Laurence H. Tribe* (State Bar No. 39441)
Carl M. Loeb University Professor and
Professor of Constitutional Law
Harvard Law School
1575 Massachusetts Avenue
Cambridge, Massachusetts 02138
Telephone: (617) 495-1767
*Pro hac vice pending*

Attorneys for Plaintiff hiQ Labs, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| hiQ Labs, Inc.<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LinkedIn Corp.,<br><br>　　　　Defendant. | Case No.　3:17-cv-03301<br><br>**[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**<br><br>Filed Concurrently with COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF_____<br><br>The Hon.<br><br>Trial Date: |

[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

*Affiliation noted for identification purposes only.*
34556\6001623.1

Plaintiff hiQ Labs, Incorporated's ("Plaintiff" or "hiQ") *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction was heard by the Court on _____ at _____am/pm.  At the hearing, both Plaintiff hiQ and Defendant LinkedIn Corporation ("Defendant" or "LinkedIn") were represented by counsel.  The Court finds that this matter is appropriate for adjudication without notice to Defendant because, as detailed below, immediate, irreparable harm is likely to result to Plaintiff absent relief.

The Court, having considered Plaintiff's moving papers and the arguments of counsel, hereby GRANTS Plaintiff's Motion for a temporary restraining order and ORDERS Defendant to show cause why a preliminary injunction should not issue as detailed below. This Order, issued on _____ at _____am/pm, is effective immediately.

## I. PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER

A temporary restraining order "preserves the status quo and prevents irreparable harm until a hearing can be held on a preliminary injunction application." *Patino v. Franklin Credit Management Corp.*, No. 16-cv-02695-LB, 2017 WL 1246853 at *1 (N.D. Cal. Apr. 5, 2017), citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974).  The standard for granting a temporary restraining order is "substantially identical" to the standard for granting a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001).  The traditional test for issuing a temporary restraining order includes consideration of four factors: (1) the likelihood of the plaintiff's success on the merits; (2) the threat of irreparable harm to the plaintiff if the injunction is not imposed; (3) the relative balance of harm to the plaintiff and the harm to the defendant if the injunction is not imposed; and (4) the public interest.  *Alaska v. Native Village of Venitie*, 856 F.2d 1384, 1388 (9th Cir. 1988); *see also Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008) (articulating same four-factor test for preliminary injunctions).

For purposes of a temporary restraining order, California federal courts have adopted a version of this four-part test which emphasizes the merits factor and the balance of hardships so long as the movant also satisfies the other two elements for preliminary relief. *Patino*, 2017 WL 1246853 at *1, citing *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

2

34556\6001623.1

1  2011).  Thus, a temporary restraining order is appropriate if Plaintiff can show that serious

2  questions going to the merits were raised and that the balance of hardships tips sharply in its favor,

3  and both the threat of irreparable harm and the public interest weigh in its favor. *Id*.

4        Here, Plaintiff hiQ has met its burden.  The balance of hardships clearly tips sharply in

5  Plaintiff's favor, as the harm caused by permitting LinkedIn to deny Plaintiff access to public

6  member pages on its site substantially outweighs any harm LinkedIn would suffer as a result of a

7  temporary restraining order.  As detailed in Plaintiff's Motion and through the oral arguments of

8  Plaintiffs' counsel, without injunctive relief Plaintiff will be unable to access the sole source of

9  data for the analytics it provides its clients and therefore it will be forced out of business.  While

10 Plaintiff will be seriously harmed by the denial of a temporary restraining order, Defendant will

11 suffer no harm from hiQ's continued access to its site.

12       Further, Plaintiff has raised "serious questions going to the merits" of its claims for

13 interference with contract, interference with prospective economic advantage, promissory

14 estoppel, unfair competition, violation of California free speech principles, and for declaratory

15 judgment that it did not and will not violate federal or California law by accessing publicly

16 available information on LinkedIn's site.  The Court finds that Plaintiff has shown a sufficient

17 enough likelihood of succeeding on those claims to justify the issuance of a temporary restraining

18 order.

19       Plaintiff has satisfied the two remaining elements of the test as well.  Plaintiff will suffer

20 immediate, irreparable harm in the absence of injunctive relief.  Without a temporary restraining

21 order, Plaintiff's pending contracts are put at risk and Plaintiff may need to close down its

22 operations, lay off its employees, and put to waste millions of dollars in investor capital.  It is well

23 established that damage to a business and interference with its operations constitutes irreparable

24 harm.  Indeed, a "substantial loss of business and perhaps even bankruptcy" absent preliminary

25 injunction relief shows "irreparable injury." *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932 (1975).

26 The loss of current and prospective customers is also "considered to be irreparable harm that

27 justifies equitable relief." *Shippers, Inc. v. Fontenot*, No. 13CV1349 JLS (MDD), 2013 WL

28 12092056 at *6 (S.D. Cal. Sept. 23, 2013), citing *Stuhlbarg Int'l Sales Co., Inc.*, 240 F.3d at 841.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

[PROPOSED] TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW CAUSE RE:
PRELIMINARY INJUNCTION

3

34556\6001623.1

1       Finally, the public interest is served by the issuance of a temporary restraining order.  Were

2 LinkedIn to deny Plaintiff access to its website, Plaintiff may be forced to shutter its business and

3 lay off its employees.  Putting these people out of work and depriving Plaintiff's clients of

4 Plaintiff's services would negatively impact the public interest.  Further, the public has an interest

5 in protection from potential acts of unfair competition.  *See Max Factor & Co. v. Factor*, 226 F.

6 Supp. 120, 126 (S.D. Cal. 1963) ("courts have consistently recognized the need to protect the

7 public interest in suits for … unfair competition."); *Metro-Goldwyn-Mayer, Inc. v. Lee*, 212

8 Cal.App.2d 23, 28 (1963) (statute permitting injunction against acts of unfair competition

9 "recognizes … the public interest in protection against unfair business practices.").  Finally, the

10 free speech principles implicated here are of broad, public significance. *Klein v. City of San*

11 *Clemente*, 584 F.3d 1196, 1208 (9th Cir. 2009) ("We have also consistently recognized the

12 'significant public interest' in upholding free speech principles" because of the potential impact to

13 the free expression interests of third parties). The public interest therefore weighs in favor of

14 granting Plaintiff's motion for a temporary restraining order.

15 **II.     A BOND IS NOT REQUIRED**

16       Where no damage will result from a temporary restraining order or preliminary injunction,

17 no bond is necessary.  *Jorgenson v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) ("We have

18 recognized that Rule 65(c) invests the district court 'with discretion as to the amount of security

19 required, if any.' The district court may dispense with the filing of a bond when it concludes there

20 is no realistic likelihood of harm to the defendant from enjoining his or her conduct.") (internal

21 citations omitted).

22       Here, Plaintiff seeks to preserve the status quo.  Defendant has not provided any

23 information indicating that an order temporarily enjoining it from blocking Plaintiff's access to its

24 public member profile pages would cause it any harm.  Accordingly, the Court finds that Plaintiff

25 is not required to post a bond.

26 **III.    CONCLUSION**

27       In conclusion, having found that Plaintiff has met its burden to establish that (1) a

28 temporary restraining order and order to show cause is appropriate and (2) a bond is not necessary,

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

[PROPOSED] TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW CAUSE RE:
PRELIMINARY INJUNCTION

4

34556\6001623.1

the Court hereby ORDERS as follows:

1. Defendant LinkedIn Corporation and its officers, agents, servants, employees, and attorneys, are hereby temporarily enjoined from (1) preventing hiQ's access, copying, or use of public profiles on LinkedIn's website (i.e., information which LinkedIn members have designated public, meaning it is visible not just to LinkedIn members but also to others, including those who may access LinkedIn's website via Google, Bing, other services, or by direct URL) and (2) blocking or putting in place any mechanism (whether legal or technical) with the effect of blocking hiQ's access to such member public profiles. To the extent LinkedIn has already put in place technology to prevent hiQ from accessing these public profiles, it is ordered to remove any such barriers within 24 hours of being served with the Court's Order.

2. This temporary restraining order shall take effect immediately and remain in effect until the hearing on a preliminary injunction, which is scheduled for _____ at _____am/pm, or until further order of this Court. Defendant's opposition to this Order to Show Cause, if any, shall be due no later than _____ and shall be served upon Plaintiff's counsel of record. Plaintiff's reply papers to such opposition shall be filed and served on Defendant no later than _____ .

3. Defendant is ordered to appear in Courtroom _____ in the United States District Court for the Northern District of California, _____ Division, on _____ at _____am/pm, and show cause why a preliminary injunction should not be issued as requested by Plaintiff.

4. No bond shall be required, as Defendant is not likely to be harmed by being so enjoined.

5. Plaintiff is ordered to serve a copy of this Order on Defendant on or before _____ .

//

///

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

5

34556\6001623.1

1  **IT IS SO ORDERED.**

Dated: June ___, 2017

_____
U.S. District Court Judge

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

6

34556\6001623.1