C. Brandon Wisoff (State Bar No. 121930)
bwisoff@fbm.com
Deepak Gupta (State Bar No. 226991)
dgupta@fbm.com
Jeffrey G. Lau (State Bar No. 281629)
jlau@fbm.com
Rebecca H. Stephens (State Bar No. 299234)
rstephens@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Laurence H. Tribe* (State Bar No. 39441)
Carl M. Loeb University Professor and
Professor of Constitutional Law
Harvard Law School
1575 Massachusetts Avenue
Cambridge, Massachusetts 02138
Telephone: (617) 495-1767
*Admitted pro hac vice*

Attorneys for Plaintiff hiQ Labs, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| hiQ Labs, Inc. <br><br> Plaintiff, <br><br> vs. <br><br> LinkedIn Corp., <br><br> Defendant. | Case No. 3:17-cv-03301-EMC <br><br> **[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** <br><br> The Hon. Edward M. Chen <br><br> Date: June 29, 2017 <br> Time: 1:30 P.M. <br> Location: Courtroom 5, 17th Floor <br> 450 Golden Gate Ave. <br> San Francisco, CA 94102 |

Plaintiff hiQ Labs, Incorporated's ("Plaintiff" or "hiQ") Renewed *Ex Parte* Motion for

Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction was heard by

[PROPOSED] TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW CAUSE RE:
PRELIMINARY INJUNCTION

*Affiliation noted for identification purposes only.*
34556\6001623.1

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

the Court on June 29, 2017 at 1:30 p.m.  At the hearing, both Plaintiff hiQ and Defendant LinkedIn Corporation ("Defendant" or "LinkedIn") were represented by counsel.  The Court finds that this matter is appropriate for adjudication without regular notice to Defendant because, as detailed below, immediate, irreparable harm is likely to result to Plaintiff absent relief and because Defendant stipulated to the schedule on this renewed Motion.

Plaintiff previously filed an *Ex Parte* Motion for a Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction on June 7, 2017. (Dkt. 3). Plaintiff withdrew its Motion without prejudice on June 9, 2017 so that the parties could engage in discussions to potentially resolve this matter. (Dkt. 15). The parties thereafter stipulated, and the Court ordered, that if the parties' discussions did not yield a resolution before June 22, 2017, Plaintiff could file a renewed motion for temporary restraining order on June 22, 2017, Defendant could file its opposition on June 26, 2017, and Plaintiff could file its reply on June 27, 2017 with a hearing set for June 29, 2017. (Dkts. 19, 21).

The Court, having considered Plaintiff's moving papers and the arguments of counsel, hereby GRANTS Plaintiff's Renewed *Ex Parte* Motion for a Temporary Restraining Order and ORDERS Defendant to show cause why a preliminary injunction should not issue as detailed below. This Order, issued on _____ at _____am/pm, is effective immediately.

## I. PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER

A temporary restraining order "preserves the status quo and prevents irreparable harm until a hearing can be held on a preliminary injunction application." *Patino v. Franklin Credit Management Corp.*, No. 16-cv-02695-LB, 2017 WL 1246853 at *1 (N.D. Cal. Apr. 5, 2017), citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974).  The standard for granting a temporary restraining order is "substantially identical" to the standard for granting a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001).  The traditional test for issuing a temporary restraining order includes consideration of four factors: (1) the likelihood of the

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

2

34556\6071125.1

plaintiff's success on the merits; (2) the threat of irreparable harm to the plaintiff if the injunction is not imposed; (3) the relative balance of harm to the plaintiff and the harm to the defendant if the injunction is not imposed; and (4) the public interest.  *Alaska v. Native Village of Venitie*, 856 F.2d 1384, 1388 (9th Cir. 1988); *see also Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008) (articulating same four-factor test for preliminary injunctions).

For purposes of a temporary restraining order, California federal courts have adopted a version of this four-part test which emphasizes the merits factor and the balance of hardships so long as the movant also satisfies the other two elements for preliminary relief.  *Patino*, 2017 WL 1246853 at *1, citing *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011).  Thus, a temporary restraining order is appropriate if Plaintiff can show that serious questions going to the merits were raised and that the balance of hardships tips sharply in its favor, and both the threat of irreparable harm and the public interest weigh in its favor.  *Id*.

Here, Plaintiff hiQ has met its burden.  The balance of hardships clearly tips sharply in Plaintiff's favor, as the harm caused by permitting LinkedIn to deny Plaintiff access to public member pages on its site substantially outweighs any harm LinkedIn would suffer as a result of a temporary restraining order.  As detailed in Plaintiff's Motion and through the oral arguments of Plaintiffs' counsel, without injunctive relief Plaintiff will be unable to access the sole source of data for the analytics it provides its clients and therefore it will be forced out of business.  While Plaintiff will be seriously harmed by the denial of a temporary restraining order, Defendant will suffer no appreciable harm from hiQ's continued access to its site.

Further, Plaintiff has raised "serious questions going to the merits" of its claims for interference with contract, interference with prospective economic advantage, promissory estoppel, unfair competition, violation of California free speech principles, and for declaratory judgment that it did not and will not violate federal or California law by accessing publicly available information on LinkedIn's site.  The Court finds that Plaintiff has shown a sufficient enough likelihood of succeeding on those claims to justify the issuance of a temporary restraining order.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

3

34556\6071125.1

Plaintiff has satisfied the two remaining elements of the test as well. Plaintiff will suffer immediate, irreparable harm in the absence of injunctive relief. Without a temporary restraining order, Plaintiff's pending contracts are put at risk and Plaintiff may need to close down its operations, lay off its employees, and put to waste millions of dollars in investor capital. It is well established that damage to a business and interference with its operations constitutes irreparable harm. Indeed, a "substantial loss of business and perhaps even bankruptcy" absent preliminary injunction relief shows "irreparable injury." *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932 (1975). The loss of current and prospective customers is also "considered to be irreparable harm that justifies equitable relief." *Shippers, Inc. v. Fontenot*, No. 13CV1349 JLS (MDD), 2013 WL 12092056 at *6 (S.D. Cal. Sept. 23, 2013), citing *Stuhlbarg Int'l Sales Co., Inc.*, 240 F.3d at 841.

Finally, the public interest is served by the issuance of a temporary restraining order. Were LinkedIn to deny Plaintiff access to its website, Plaintiff may be forced to shutter its business and lay off its employees. Putting these people out of work and depriving Plaintiff's clients of Plaintiff's services would negatively impact the public interest. Further, the public has an interest in protection from potential acts of unfair competition. *See Max Factor & Co. v. Factor*, 226 F. Supp. 120, 126 (S.D. Cal. 1963) ("courts have consistently recognized the need to protect the public interest in suits for … unfair competition."); *Metro-Goldwyn-Mayer, Inc. v. Lee*, 212 Cal.App.2d 23, 28 (1963) (statute permitting injunction against acts of unfair competition "recognizes … the public interest in protection against unfair business practices."). Finally, the free speech principles implicated here are of broad, public significance. *Klein v. City of San Clemente*, 584 F.3d 1196, 1208 (9th Cir. 2009) ("We have also consistently recognized the 'significant public interest' in upholding free speech principles" because of the potential impact to the free expression interests of third parties). The public interest therefore weighs in favor of granting Plaintiff's motion for a temporary restraining order.

## II.  A BOND IS NOT REQUIRED

Where no damage will result from a temporary restraining order or preliminary injunction, no bond is necessary. *Jorgenson v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) ("We have

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

4

34556\6071125.1

recognized that Rule 65(c) invests the district court 'with discretion as to the amount of security required, if any.' The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.") (internal citations omitted).

Here, Plaintiff seeks to preserve the status quo. Defendant has not provided any information indicating that an order temporarily enjoining it from blocking Plaintiff's access to its public member profile pages would cause it any harm. Accordingly, the Court finds that Plaintiff is not required to post a bond.

## III.   CONCLUSION

In conclusion, having found that Plaintiff has met its burden to establish that (1) a temporary restraining order and order to show cause is appropriate and (2) a bond is not necessary, the Court hereby ORDERS as follows:

1. Defendant LinkedIn Corporation and its officers, agents, servants, employees, and attorneys, are hereby temporarily enjoined from (1) preventing hiQ's access, copying, or use of public profiles on LinkedIn's website (i.e., information which LinkedIn members have designated public, meaning it is visible not just to LinkedIn members but also to others, including those who may access LinkedIn's website via Google, Bing, other services, or by direct URL) and (2) blocking or putting in place any mechanism (whether legal or technical) with the effect of blocking hiQ's access to such member public profiles. To the extent LinkedIn has already put in place technology to prevent hiQ from accessing these public profiles, it is ordered to remove any such barriers within 24 hours of the issuance of this Order.

2. This temporary restraining order shall take effect immediately and remain in effect until the hearing on a preliminary injunction, which is scheduled for _____ at _____am/pm, or until further order of this Court. Defendant's opposition to this Order to Show Cause, if any, shall be due no later than _____ and shall be served upon Plaintiff's counsel of record.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

5

34556\6071125.1

1         Plaintiff's reply papers to such opposition shall be filed and served on Defendant no

2         later than _____ .

3    3. Defendant is ordered to appear in Courtroom 5 on the 17th Floor in the United States

4         District Court for the Northern District of California, San Francisco Division, on

5         _____ at _____am/pm, and show cause why a preliminary

6         injunction should not be issued as requested by Plaintiff.

7    4. No bond shall be required, as Defendant is not likely to be harmed by being so

8         enjoined.

**IT IS SO ORDERED.**

Dated: June ___, 2017                      _____
                                          Hon. Edward M. Chen
                                          U.S. District Court Judge

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

6

34556\6071125.1