1  C. Brandon Wisoff (State Bar No. 121930)
   bwisoff@fbm.com
2  Deepak Gupta (State Bar No. 226991)
   dgupta@fbm.com
3  Jeffrey G. Lau (State Bar No. 281629)
   jlau@fbm.com
4  Rebecca H. Stephens (State Bar No. 299234)
   rstephens@fbm.com
5  Farella Braun + Martel LLP
   235 Montgomery Street, 17th Floor
6  San Francisco, California 94104
   Telephone: (415) 954-4400
7  Facsimile: (415) 954-4480

8  Laurence H. Tribe* (State Bar No. 39441)
   Carl M. Loeb University Professor and
9  Professor of Constitutional Law
   Harvard Law School
10 1575 Massachusetts Avenue
   Cambridge, Massachusetts 02138
11 Telephone: (617) 495-1767
   *Admitted pro hac vice*
12
   Attorneys for Plaintiff hiQ Labs, Inc.
13

14                UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16

17 hiQ Labs, Inc.,                          Case No. 3:17-cv-03301-EMC

18        Plaintiff,                        **DECLARATION OF DEEPAK GUPTA IN SUPPORT OF hiQ'S RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER**

19        vs.

20 LinkedIn, Corp.,                         The Hon. Edward M. Chen

21        Defendant.                        Date:     June 29, 2017
                                            Time:     1:30 P.M.
22                                          Location: Courtroom 5, 17th Floor
                                                      450 Golden Gate Ave.
23                                                    San Francisco, CA 94102
24

25

26 I, Deepak Gupta, declare as follows:

27        1.     I am a partner at Farella Braun + Martel LLP ("Farella"), counsel for Plaintiff hiQ

28 Labs, Inc. ("hiQ") herein. I am a member in good standing of the California State Bar. I make

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

DECLARATION OF DEEPAK GUPTA IN SUPPORT OF
hiQ's RENEWED MOTION FOR TEMPORARY
RESTRAINING ORDER

*Affiliation noted for identification purposes only*
34556\6002373.1

this declaration based on personal knowledge and, if called upon to do so, could testify competently to its contents.

2. On May 26, 2017, I wrote to Abhishek Bajoria, senior litigation counsel for LinkedIn, to ask for a time to talk by phone about LinkedIn's May 23 cease-and-desist letter to hiQ. That same day, I asked Mr. Bajoria whether LinkedIn would allow hiQ to continue accessing LinkedIn's website for one month while the parties discussed the issues raised in LinkedIn's cease-and-desist letter and tried to reach a resolution. Mr. Bajoria responded that LinkedIn could not allow hiQ to access LinkedIn during the parties' discussions. A true and correct copy of my correspondence with Mr. Bajoria is attached as Exhibit Q to the Motion.

3. On May 30, 2017, I (and my partner Brandon Wisoff) spoke with Mr. Bajoria by phone. During this conversation, I explained hiQ's belief that it had a right to access public profiles available on LinkedIn's site, that its business is synergistic to LinkedIn, that the effect of LinkedIn's cease-and-desist letter would devastate hiQ, and to understand whether LinkedIn believed it was being harmed in any way.

4. Mr. Bajoria was unable to point to any interference or impairment with LinkedIn's servers from hiQ's accessing the LinkedIn site. He also admitted that numerous other commercial enterprises, including Google and Yahoo! are permitted to use automated software to access the LinkedIn site.

5. I also asked Mr. Bajoria if LinkedIn is building products to compete with hiQ's Keeper and Skill Mapper services. Mr. Bajoria stated that he did not know the answer to that question.

6. On May 31, 2017, I sent a letter to LinkedIn asking that hiQ be permitted to access the public profile portion of the LinkedIn website, at least in the interim while the parties discussed the possibility of a mutually amicable resolution, and explaining what I believe to be errors of thinking in the May 24 letter. A true and correct copy of this letter is attached as Exhibit K to the Motion. LinkedIn did not respond to this letter.

7. On June 7, 2017, hiQ filed its application for a temporary restraining order to prevent LinkedIn from cutting off its access to LinkedIn's public profile pages. (Dkt. 3).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

DECLARATION OF DEEPAK GUPTA IN SUPPORT OF hiQ's RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER

2

34556\6069763.1

8. On June 9, 2017, LinkedIn agreed to allow hiQ to continue to function for approximately the next two weeks as it had been doing before the cease and desist letter was sent by LinkedIn. In exchange, hiQ withdrew its motion for a temporary restraining order without prejudice so that the parties could engage in discussions. (Dkt. 15). The parties thereafter stipulated that if these discussions failed to yield a resolution by June 22, 2017, hiQ would file a renewed application for a temporary restraining order and order to show cause why a preliminary injunction should not issue. (Dkt. 19).

9. Since hiQ withdrew its motion for a temporary restraining order, the business principals from hiQ and LinkedIn have engaged in negotiations in an attempt to reach a resolution of this matter. However, as of the date of this filing, those negotiations have been unsuccessful in resolving the dispute.

10. Because the parties have been unsuccessful in reaching a resolution, hiQ's access to LinkedIn's public profile data will expire on June 23, 2017.

11. hiQ anticipates that limited, expedited discovery will be necessary in connection with hiQ's motion for a preliminary injunction. This includes requests for production of documents relating to the reasons for LinkedIn's decision to curtail hiQ's access to public member profiles, whether LinkedIn is currently planning to offer products and services to compete with hiQ's, LinkedIn's participation in hiQ's Elevate Conference, and LinkedIn's policies and practices regarding third-party programmatic access to its website. This discovery also includes a Rule 30(b)(6) deposition of LinkedIn on the same subjects. hiQ has commenced the meet and confer process for this discovery with counsel for LinkedIn. If necessary, hiQ will seek relief from the Court to obtain the discovery that it needs.

12. Attached as Exhibit A to hiQ's Motion is a true and correct copy of LinkedIn's "About Us" webpage, accessed on June 7, 2017.

13. Attached as Exhibit B to hiQ's Motion is a true and correct copy of LinkedIn's User Agreement, accessed on May 26, 2017.

14. Attached as Exhibit C to hiQ's Motion is a true and correct copy of a screenshot of my LinkedIn profile.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

DECLARATION OF DEEPAK GUPTA IN SUPPORT OF hiQ's RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER

3

34556\6069763.1

15. Attached as Exhibit D to hiQ's Motion is a true and correct copy of the "Public & Private Profiles | LinkedIn Help" webpage, accessed on May 24, 2017.

16. Attached as Exhibit E to hiQ's Motion is a true and correct copy of a screenshot of my LinkedIn profile, taken when my computer mouse was hovering over the "i" icon next to the "Public" radio button in the "Customize Your Public Profile" section of the webpage.

17. Attached as Exhibit F to hiQ's Motion is a true and correct copy of the "Finding Your LinkedIn Public Profile URL | LinkedIn Help" webpage, accessed on May 26, 2017.

18. Attached as Exhibit G is a true and correct copy of the 12-month Financial Statements for LinkedIn Corp. as reported by Google Finance, accessed on June 7, 2017.

19. Attached as Exhibit H is a true and correct copy of the 3-month Financial Statements for LinkedIn Corp. as reported by Google Finance, accessed on June 7, 2017.

20. Attached as Exhibit I to hiQ's Motion is a true and correct copy of the article "MICROSOFT BUYS LINKEDIN FOR $26.2 BILLION" from the Business Insider website, accessed on June 7, 2017.

21. Attached as Exhibit L to hiQ's Motion is a true and correct copy of the transcript of LinkedIn's Q4 2014 Quarterly Results earnings call.

22. Attached as Exhibit M to hiQ's Motion is a true and correct copy of the "Data | LinkedIn Engineering" webpage, accessed on June 7, 2017.

23. Attached as Exhibit N to hiQ's Motion is a true and correct copy of LinkedIn's "Manage Your Own Brand" webpage, accessed on May 31, 2017.

24. Attached as Exhibit O to hiQ's Motion is a true and correct copy of the "Printing a Profile | LinkedIn Help" webpage, accessed on May 31, 2017.

25. Attached as Exhibit P to hiQ's Motion is a true and correct copy of the "Introducing Two Connections by Sharing a Profile | LinkedIn Help" webpage, accessed on May 31, 2017.

26. Attached as Exhibit R to hiQ's Motion is a true and correct copy of the U.S. Supreme Court's decision in *Packingham v. North Carolina*, No. 15-1194, 582 U.S. -- (Jun. 19, 2017).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

DECLARATION OF DEEPAK GUPTA IN SUPPORT OF hiQ's RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER

4

34556\6069763.1

1   I declare under penalty of perjury under the laws of the United States that the foregoing is
2   true and correct. Executed June 22, 2017, at San Francisco, California.

4                           /s/ Deepak Gupta

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

DECLARATION OF DEEPAK GUPTA IN SUPPORT OF
hiQ's RENEWED MOTION FOR TEMPORARY
RESTRAINING ORDER

5

34556\6069763.1