1  JONATHAN H. BLAVIN (State Bar No. 230269)
   jonathan.blavin@mto.com
2  ROSEMARIE T. RING (State Bar No. 220769)
   rose.ring@mto.com
3  LAURA K. LIN (State Bar No. 281542)
   laura.lin@mto.com
4  NICHOLAS D. FRAM (State Bar No. 288293)
   nicholas.fram@mto.com
5  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
6  Twenty-Seventh Floor
   San Francisco, California 94105-2907
7  Telephone:    (415) 512-4000
   Facsimile:    (415) 512-4077
8
   Attorneys for LinkedIn Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| hiQ Labs, Inc., | Case No. 17-cv-3301-EMC |
| Plaintiff, | **OBJECTION TO HIQ'S INCLUSION OF NEW EVIDENCE WITH ITS REPLY BRIEF AND REQUEST TO CONSIDER LINKEDIN'S RESPONSE** |
| vs. | |
| LinkedIn Corporation, | |
| Defendant. | |

Defendant LinkedIn Corporation ("LinkedIn") objects to hiQ's inclusion of new (and misleading) factual material in its reply brief (Exhibits T and U of the Gupta Declaration), all of which was available to hiQ prior to the time it filed its renewed opening brief on June 22, 2017.

The rule prohibiting such tactics is well established and intended to avoid the unfairness of leaving an opposing party no opportunity to rebut such new material, even when seeking interim preliminary relief. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) (explaining "general rule" that a party "cannot raise" new evidence for "the first time in their reply briefs") (quotation marks omitted); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (explaining that such conduct is prohibited because it is "unfair" to the opposing party). Because this TRO motion is proceeding on a compressed timeline, it is even more important that hiQ not be allowed to slip in misleading material without affording LinkedIn a chance to respond. Accordingly, if the Court is inclined to permit hiQ to submit new evidence, then LinkedIn requests that it consider the following brief response. *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040–41 (9th Cir. 2003) (in considering a preliminary injunction motion, a district court may only "consider new evidence presented in a reply brief if the district court gives the adverse party an opportunity to respond"); *Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 975–76 (N.D. Cal. 2006) (same).

hiQ mischaracterizes the highly edited transcript portion of a June 21, 2017 video clip of LinkedIn's CEO, Jeff Weiner, that it submitted as Exhibit U to the Declaration of Deepak Gupta. Even a cursory reading of the transcript reveals that Mr. Weiner was referring to LinkedIn's efforts to connect LinkedIn members with jobs. *See* Gupta Decl., Ex. U at 2 ("We've got the information to match talent to jobs in a way that was never possible before."). In fact, the entire television segment is about job openings: the hosts and Mr. Weiner are discussing skills gaps in job applicants in the context of an "all time high" of six million job openings in the United States. *See id.*, Ex. T. It says nothing about LinkedIn's actual products, much less supports hiQ's speculative and unfounded theory that LinkedIn is developing products that have the same functionality and which would compete directly with those offered by hiQ. As discussed in LinkedIn's opposition papers, hiQ's products—including its individual-level "flight risk" analysis offering—are fundamentally contrary to LinkedIn's "Members First" policy and its privacy

1 commitments to its members, including their ability to have control over their personal data and
2 opt out of product features. *See* Opp. at 2-3, 5-6. And none of this has any relevance to the legal
3 issues presented, particularly given that hiQ's antitrust theories fail to satisfy the threshold
4 pleading requirements. *See* Opp. at 18-20.

6 DATED: June 28, 2017           MUNGER, TOLLES & OLSON

9 By: */s/ Jonathan H. Blavin*
       JONATHAN H. BLAVIN

11       Attorneys for LinkedIn Corportation