C. Brandon Wisoff (State Bar No. 121930)
bwisoff@fbm.com
Deepak Gupta (State Bar No. 226991)
dgupta@fbm.com
Jeffrey G. Lau (State Bar No. 281629)
jlau@fbm.com
Rebecca H. Stephens (State Bar No. 299234)
rstephens@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Laurence H. Tribe* (State Bar No. 39441)
Carl M. Loeb University Professor and
Professor of Constitutional Law
Harvard Law School
1575 Massachusetts Avenue
Cambridge, Massachusetts 02138
Telephone: (617) 495-1767
*Admitted pro hac vice*

Attorneys for Plaintiff hiQ Labs, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| hiQ Labs, Inc.<br><br>    Plaintiff,<br><br>  vs.<br><br>LinkedIn Corp.,<br><br>    Defendant. | Case No. 3:17-cv-03301-EMC<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>The Hon. Edward M. Chen<br><br>Date:  July 27, 2017<br>Time:  1:30 P.M.<br>Location: Courtroom 5, 17th Floor<br>     450 Golden Gate Ave.<br>     San Francisco, CA 94102 |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

[PROPOSED] ORDER GRANTING PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION

*Affiliation noted for identification purposes only.
34556\6001623.1

Currently before the Court is Plaintiff hiQ Labs, Inc.'s ("Plaintiff" or "hiQ") Motion for a Preliminary Injunction. Plaintiff filed an *Ex Parte* Motion for a Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction on June 7, 2017 (Dkt. 3), but withdrew its Motion without prejudice on June 9, 2017 so that the parties could engage in discussions to potentially resolve this matter (Dkt. 15). On June 22, 2017, Plaintiff filed a Renewed Motion for a Temporary Restraining Order. (Dkts. 23, 24). Defendant LinkedIn Corporation ("Defendant" or "LinkedIn") filed its opposition on June 26, 2017 (Dkt. 31), and Plaintiff filed its reply on June 27, 2017 (Dkt. 33). The Court held a hearing on Plaintiff's Renewed Motion for a Temporary Restraining Order on June 29, 2017.

Following the hearing, the parties stipulated that Plaintiff's Renewed Motion for a Temporary Restraining Order would be converted to a motion for a preliminary injunction, and that all of the briefing, evidence, and exhibits already submitted with hiQ's Renewed Motion, LinkedIn's Opposition, and hiQ's Reply, as well as the transcript from the June 29, 2017 hearing would become part of the record on Plaintiff's motion for a preliminary injunction. (Dkt. 44). The Court ordered the parties to file simultaneous supplemental briefs by 5:00 p.m. on July 20, 2017 to address the issues raised at the hearing, any other issues the parties wished to clarify, and specifically whether, if the CFAA applies based solely on a party's revocation of permission to access a computer, such revocation constitutes state action for purposes of a claim under the U.S. Constitution. (Dkt. 45). The Court set a hearing on Plaintiff's motion for a preliminary injunction for July 27, 2017 at 1:30 p.m. *Id*.

Having considered the parties' briefs, the record in this matter, and the arguments of counsel at the June 29 and July 27, 2017 hearings, the Court hereby GRANTS Plaintiff's motion for a preliminary injunction as detailed below. This Order, issued on _____ at _____ a.m./p.m., is effective immediately.

### I.   PLAINTIFF IS ENTITLED TO A PRELIMINARY INJUNCTION

The standards for a temporary restraining order and preliminary injunction are "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). A preliminary injunction is appropriate where (1) the moving party is likely to

succeed on the merits; (2) the moving party is likely to suffer irreparable harm without preliminary relief; (3) the balance of equities tips in the moving party's favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2009).  The Ninth Circuit has adopted a "sliding scale" analysis, where the moving party can obtain a preliminary injunction if it raises "serious questions as to the merits" and the "balance of hardships tips sharply" in its favor. *SEC v. Bivona*, No. 16-cv-01386-EMC, 2016 WL 2996903, at *2 (N.D. Cal. May 25, 2016), citing *Puente Ariz. v. Arpaio*, 821 F.3d 1098, 1103 n.4 (9th Cir. 2016).

Here, Plaintiff has met its burden.  The balance of hardships tips sharply in Plaintiff's favor, as the harm caused by permitting LinkedIn to deny Plaintiff access to public member pages on its site substantially outweighs any harm LinkedIn would suffer as a result of a preliminary injunction. As detailed in Plaintiff's Motion and the Declaration of Mark Weidick and through the oral arguments of Plaintiff's counsel, without injunctive relief Plaintiff will be unable to access the sole source of data for the analytics it provides its clients and will therefore be forced out of business. While Plaintiff will be seriously harmed by the denial of a preliminary injunction, Defendant will suffer no appreciable harm from hiQ's continued access to the site.

Further, Plaintiff has raised "serious questions going to the merits" of its claims for interference with contract, interference with prospective economic advantage, promissory estoppel, unfair competition, violation of California and U.S. Constitutional free speech principles, and for declaratory judgment that it did not and will not violate the federal Computer Fraud and Abuse Act (18 U.S.C. § 1030) or California law (California Penal Code § 502) by accessing publicly available information on LinkedIn's site. The Court finds that Plaintiff has shown a sufficient enough likelihood of succeeding on those claim to justify the issuance of a preliminary injunction.

Plaintiff has satisfied the two remaining elements of the test as well.  Plaintiff will suffer immediate, irreparable harm in the absence of injunctive relief. Without a preliminary injunction, Plaintiff's pending contracts are put at risk and Plaintiff may need to close down its operations, lay off its employees, and put to waste millions of dollars in investor capital. It is well established that damage to a business and interference with its operations constitute irreparable harm. Indeed, a

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

3

34556\6111149.1

1  "substantial loss of bankruptcy and perhaps even bankruptcy" absent preliminary injunctive relief

2  shows "irreparable injury." *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932 (1975).  The loss of

3  current and prospective customers is also "considered to be irreparable harm that justifies

4  equitable relief."  *Shippers v. Fontenot*, No. 13CV1349 JLS (MDD), 2013 WL 12092056, at *6

5  (S.D. Cal. Sept. 23, 2013), citing *Stuhlbarg Int'l Sales Co., Inc.*, 240 F.3d at 841.

6        Finally, the public interest is served by the issuance of a preliminary injunction. Were

7  LinkedIn to deny Plaintiff access to its website, Plaintiff may be forced to shutter its business and

8  lay off its employees. Putting these people out of work and depriving Plaintiff's clients of

9  Plaintiff's services would negatively impact the public interest. Further, the public has an interest

10  in protection from potential acts of unfair competition. *See Max Factor & Co. v. Factor*, 226 F.

11  Supp. 120, 126 (S.D. Cal. 1963) ("courts have consistently recognized the need to protect the

12  public interest in suits for … unfair competition."); *Metro-Goldwyn-Mayer, Inc. v. Lee*, 212

13  Cal.App.2d 23, 28 (1963) (statute permitting injunction against acts of unfair competition

14  "recognizes … the public interest in protection against unfair business practices.").  Here this

15  concern is particularly acute because of the effect of LinkedIn's actions on innovation.  Finally,

16  the free speech principles implicated here are of broad, public significance. *Klein v. City of San

17  Clemente*, 584 F.3d 1196, 1208 (9th Cir. 2009) ("We have also consistently recognized the

18  'significant public interest' in upholding free speech principles" because of the potential impact to

19  the free expression interests of third parties). The public interest therefore weighs in favor of

20  granting Plaintiff's motion for a preliminary injunction.

21      **II.     A BOND IS NOT REQUIRED**

22        Where no damage will result from a preliminary injunction, no bond is necessary.

23  *Jorgenson v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) ("We have recognized that Rule 65(c)

24  invests the district court 'with discretion as to the amount of security required, if any.' The district

25  court may dispense with the filing of a bond when it concludes there is no realistic likelihood of

26  harm to the defendant from enjoining his or her conduct.") (internal citations omitted).

27        Here, Plaintiff seeks to preserve the status quo.  Defendant has not provided any

28  information indicating that an order enjoining it from blocking Plaintiff's access to its public

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

[PROPOSED] ORDER GRANTING PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION

4

34556\6111149.1

member profile pages would cause it any harm. Accordingly, the Court finds that Plaintiff is not required to post a bond.

### III.     CONCLUSION

In conclusion, having found that Plaintiff has met its burden to establish that (1) a preliminary injunction is appropriate and (2) a bond is not necessary, the Court hereby ORDERS as follows:

1. Defendant LinkedIn Corporation and its officers, agents, servants, employees, and attorneys, are hereby enjoined from (1) preventing hiQ's access, copying, or use of public profiles on LinkedIn's website (i.e., information which LinkedIn members have designated public, meaning it is visible not just to LinkedIn members but also to others, including those who may access LinkedIn's website via Google, Bing, other services, or by direct URL) and (2) blocking or putting in place any mechanism (whether legal or technical) with the effect of blocking hiQ's access to such member public profiles. To the extent LinkedIn has already put in place technology to prevent hiQ from accessing these public profiles, it is ordered to remove any such barriers within 24 hours of the issuance of this Order.

2. Defendant LinkedIn Corporation and its officers, agents, servants, employees, and attorneys, shall withdraw the cease and desist letters to hiQ dated May 23, 2017 and June 24, 2017. LinkedIn shall refrain from any issuing any further cease and desist letters on the grounds therein stated during the pendency of this injunction. hiQ's status as a Member of LinkedIn shall be restored to its position prior to the aforementioned cease and desist letters.

3. This preliminary injunction shall take effect immediately.

///

///

///

///

///

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

5

34556\6111149.1

4. No bond shall be required, as Defendant is not likely to be harmed by being so enjoined.

**IT IS SO ORDERED.**

Dated: _____, 2017

_____
Hon. Edward M. Chen
U.S. District Court Judge

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

6

34556\6111149.1