1 | DONALD B. VERRILLI, JR. (*pro hac vice*)
donald.verrilli@mto.com
2 | MUNGER, TOLLES & OLSON LLP
1155 F Street, NW
3 | Washington, D.C.  20004
Telephone:     (202) 220-1100
4 | Facsimile:      (202) 220-2300

5 | JONATHAN H. BLAVIN (State Bar No. 230269)
jonathan.blavin@mto.com
6 | ROSEMARIE T. RING (State Bar No. 220769)
rose.ring@mto.com
7 | LAURA K. LIN (State Bar No. 281542)
laura.lin@mto.com
8 | NICHOLAS D. FRAM (State Bar No. 288293)
nicholas.fram@mto.com
9 | MUNGER, TOLLES & OLSON LLP
560 Mission Street
10 | Twenty-Seventh Floor
San Francisco, California 94105-2907
11 | Telephone:     (415) 512-4000
Facsimile:      (415) 512-4077

Attorneys for LinkedIn Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| hiQ Labs, Inc., | Case No. 17-CV-03301-EMC |
| Plaintiff, | **SECOND SUPPLEMENTAL DECLARATION OF PAUL ROCKWELL IN SUPPORT OF LINKEDIN CORPORATION'S SUPPLEMENTAL BRIEF IN OPPOSITION TO HIQ'S MOTION FOR A PRELIMINARY INJUNCTION** |
| vs. | |
| LinkedIn Corporation, | |
| Defendant. | |

I, Paul Rockwell, declare as follows:

1. I have worked at LinkedIn for five years and am currently head of the Trust & Safety organization at LinkedIn. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could competently testify to them. I submit this second supplemental declaration to respond to the evidence attached to the Supplemental Declaration of Deepak Gupta ("Gupta Declaration"), dated July 28, 2017, which I understand hiQ raised for the first time at the hearing on its motion for a preliminary injunction.

**LinkedIn's Recruiter Product**

2. The Gupta Declaration attaches two pages from the LinkedIn website that describe the LinkedIn "Recruiter" product. "Recruiter" is a LinkedIn product used by professional recruiters to find and contact LinkedIn members in order to offer them jobs that they might like more than their current positions. It is different from hiQ's "Keeper" product. My understanding is that employers use "Keeper" to determine if their employees are a "flight risk" and are likely to leave their current employers. By contrast, recruiters use the Recruiter product to reach out to LinkedIn members about job openings with a new employer – without providing any information to the LinkedIn member's current employer. In this way, Recruiter benefits LinkedIn members, not their current employers.

3. As I have previously described in my July 20, 2017 declaration, the "Do Not Broadcast" setting allows LinkedIn members to prevent the fact that they have made a change to their profiles from being broadcast to their connections on LinkedIn.

4. While subscribers to Recruiter may view profile information of LinkedIn's members,[1] Recruiter respects the "Do Not Broadcast" setting. Exhibit FF attached to the Gupta Declaration describes an "Update Me" feature of Recruiter. It states that "Update Me" will "Alert [a recruiter] when prospects make changes to their profiles so that you can use those as signals to reach out at just the right moment." If a LinkedIn member has selected the "Do Not Broadcast"

---

[1] Among other places on the LinkedIn website, this is communicated to members in Section 2.12 of LinkedIn's former Privacy Policy and Section 2.2 of its current Privacy Policy, attached as Exhibits C and D to my June 24, 2017 declaration, which LinkedIn members must agree to before using the service and creating LinkedIn profiles.

1  setting, however, the "Update Me" feature (and Recruiter generally) will not provide alerts or
2  notifications to Recruiter subscribers of any changes that the LinkedIn member makes to his or her
3  profile.
4        I declare under penalty of perjury under the laws of the United States of America and the
5  State of California that the foregoing is true and correct.
6
7        Executed on July 31, 2017 at Sunnyvale, California.
8
9                                            _____
10                                           Paul Rockwell