1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HIQ LABS, INC.,

          Plaintiff,

    v.

LINKEDIN CORPORATION,

          Defendant.

Case No. 3:17-cv-03301-EMC   (DMR)

**NOTICE OF SETTLEMENT
CONFERENCE AND SETTLEMENT
CONFERENCE ORDER**

Re: Dkt. No. 85

12    TO ALL PARTIES AND COUNSEL OF RECORD:

13    The above matter was referred to Magistrate Judge Donna M. Ryu for settlement purposes.

14    You are hereby notified that a settlement conference is scheduled for **January 26, 2018 at**

15    **12:30 p.m.**, in Courtroom No. 4, Third Floor, U.S. District Court, 1301 Clay Street, Oakland,

16    California 94612.

17    If all parties, counsel, and other mandatory attendees are **not** available on the above date,

18    counsel shall notify the court in writing **within 3 business days.**  The parties should be mindful of

19    any time limits set by the judge to whom the case is assigned. **If written notice is not provided**

20    **within 3 business days, the settlement conference date as stated above shall remain in effect.**

21    It is the responsibility of counsel to ensure that whatever formal or informal discovery is

22    needed for all sides to evaluate the case for settlement purposes is completed by the date of the

23    settlement conference.

24    **A.**    **Meet and Confer Requirement.**

25    No later than **fourteen (14) calendar days before** the settlement conference and prior to

26    the preparation of their Exchanged Settlement Conference Statements and Confidential Settlement

27    Letters, counsel for the parties must meet and confer (in person or by phone) to discuss matters

28    pertinent to improving the prospects that the settlement negotiations will be productive.  During

United States District Court
Northern District of California

1   the meet and confer, counsel may address any subjects they feel are appropriate, but they **must**

2   discuss the following:

3         1.     Who will attend the conference on behalf of each party, including counsel and

4   identification of the person(s) with full authority to make the final decision as to whether any

5   settlement offer is made, accepted, or rejected (e.g., either the party or another person(s) if full

6   authority does not rest with the party).

7         2.     Which persons or entities must approve a proposed settlement agreement before it

8   can be executed, as well as the nature and duration of any such approval process.

9         3.     Whether insurance is available to cover all or part of the claimed losses or to fund

10  all or part of any party's defense; whether tenders have been made to any insurance companies;

11  and if insurance is available, the name of and position held by each claims representative who will

12  be attending the settlement conference.

13        4.     Whether it would be useful for settlement demands and/or offers to be made before

14  the settlement conference is convened.

15        5.     Whether there are particular documents or other tangible things that should be

16  brought to the conference (e.g., to educate the settlement judge or to support or explain significant

17  contentions).

18        6.     Any unusual issues or factors that could come into play in the settlement

19  negotiations or any especially sensitive matters that other counsel should be alerted to before the

20  conference.

21  **B.**     **Lodged Settlement Conference Documents.**

22       **No later than ten (10) calendar days prior to the settlement conference**, each party

23  shall submit the following:

24       (1) an **Exchanged Settlement Conference Statement**; and

25       (2) a **Confidential Settlement Letter.**

26       **Two copies** of **each** document shall be **LODGED (not filed)** with the U.S. District Court

27  Clerk's Office in **Oakland**, located at 1301 Clay Street, Suite 400S, 4th Floor, Oakland, California

28  94612.  The documents shall be submitted in a sealed envelope addressed to Magistrate Judge Ryu

1    and prominently marked "**SETTLEMENT CONFERENCE DOCUMENTS - DO NOT FILE**."

2         **1.    Exchanged Settlement Conference Statements.**

3         Counsel **shall serve** a copy of the Settlement Conference Statement on all parties.

4    Furthermore, counsel are **strongly encouraged** prior to the settlement conference to share with

5    their clients the contents of the Settlement Conference Statement(s) received from opposing

6    counsel.

7         The Settlement Conference Statement shall not exceed ten (10) pages of text.  Parties are

8    encouraged to include as exhibits any key documents and deposition excerpts up to twenty (20)

9    pages.  The Settlement Conference Statement **shall include** the following:

10             a.    A brief statement of the facts of the case.

11             b.    A brief statement of the **principal** claims and defenses.

12             c.    A description of the **key** factual and legal issues that are in dispute and a

13   plain and concise statement of the **specific** evidence relevant to their determination.  Portions of

14   any exhibits relied upon by the parties shall be referenced and highlighted.

15             d.    A summary of the proceedings to date and a description of any pending

16   motions.

17             e.    The bases for any damages calculations and a description of any non-

18   monetary relief sought or non-monetary components of settlement offers or demands.

19             f.    A description of each component of each party's most recently

20   communicated settlement demand or offer (describing specifically any non-monetary terms that

21   were demanded or offered).

22             g.    For each party, a list of the names, titles, and positions of all persons who

23   will be attending the conference.

24             h.    Where the party is a governmental entity, a description of which persons or

25   entities must approve a proposed settlement agreement before it can be executed, as well as the

26   nature and duration of that approval process.

27

28

United States District Court
Northern District of California

3

United States District Court
Northern District of California

**2.     Confidential Settlement Letters.**

The Confidential Settlement Letter **shall not be served** upon other parties.   The

Confidential Settlement Letter shall not exceed five (5) pages of text and **shall include** the

following:

a.     Separately for each principal claim and defense, a forthright evaluation of

the strengths and weaknesses and likelihood that the party submitting the Confidential Letter will

prevail.  Citations to any key legal authorities relied upon by the parties as part of this evaluation

shall be provided.

b.     An estimate of the out-of-pocket expenses, attorneys' fees, and time: (a)

**spent to date** and (b) **to be expended** for further discovery, pretrial, and trial.  If plaintiff seeks

attorneys' fees and costs, plaintiff's counsel shall be prepared at the conference to provide

sufficient information to enable the fee claim to be evaluated for purposes of settlement.

c.     A history of past settlement discussions (without revealing communications

whose disclosure to a settlement judge is prohibited), a description of the principal obstacles

(factual, legal, or other) to reaching agreement, and the reason the parties' assessments of the

settlement value of the case differ.

d.     A realistic settlement figure or terms (including any non-monetary terms)

that, given all the circumstances, the party submitting the Confidential Letter would consider

seriously.

e.     Where the party is insured or is a governmental entity, any foreseeable

barriers to insurance coverage or approval of a proposed settlement, or special concerns that the

insurer or governmental entity might want addressed.

f.     A brief discussion of any of the subjects identified in Section A of this

Order that might be significant in the settlement dynamic.

**C.     Mandatory Personal Attendance.**

**Lead trial counsel** shall appear at the settlement conference with the **parties and with the**

**person(s) having full authority** to make the final decision as to whether any settlement offer is

made, accepted, or rejected (if full authority does not rest with the party).  A person who needs to

4

1   call another person not present before making, accepting, or rejecting any settlement offer does

2   **not** have such full authority.  If a party is a **governmental entity**, its governing body shall

3   designate one of its members or a senior executive to appear at the settlement conference with

4   authority to participate in the settlement conference and, if a tentative settlement agreement is

5   reached, to recommend the agreement to the governmental entity for its approval.  An **insured**

6   **party** shall appear with a representative of the carrier with **full authority to negotiate up to the**

7   **limits of coverage**.

8          Personal attendance is mandatory and will rarely be excused by the court, and then only

9   upon a written request that is timely under the circumstances and that demonstrates extraordinary

10  hardship.  Personal attendance may be excused only upon written authorization from the court.  If

11  the court permits attendance by telephone, the person who is excused from personally appearing

12  must be available to participate by telephone throughout the entire conference.

13  **D.      Duration and Content of Settlement Conference.**

14         It is not unusual for settlement conferences to last three (3) or more hours.  Parties and

15  their representatives should be prepared to devote the entire day to the conference if necessary.

16  Parties are encouraged to participate in the settlement conference and frankly discuss their case.

17  Statements they make during the conference will not be admissible at trial in the event the case

18  does not settle.  The parties and their representatives should be prepared to discuss such issues as

19  their settlement objectives; any impediments to settlement they perceive; whether they have

20  enough information to discuss settlement and if not, what additional information is needed; and

21  the possibility of a creative resolution of the dispute.

22  **E.      Continuances.**

23         Any request to continue the settlement conference shall state the reason therefor and be

24  submitted in writing as soon as possible after consultation with the opposing party but well in

25  advance of the scheduled conference date.  The request must demonstrate **a compelling reason**

26  **for a continuance and shall state whether it is joined or opposed by the other party(ies).**

27  Submission of such request shall be **filed** with the court; a courtesy copy must be provided no later

28  than 12:00 noon on the day after the document is filed.  **Parties must appear on the calendared**

United States District Court
Northern District of California

5

**date unless the court issues an Order continuing the matter.**

If the date to which a continuance is sought would be past a deadline for holding the settlement conference that was set by the judge to whom the case is assigned for trial, the party seeking the continuance must secure permission from the trial judge to hold the settlement conference during the proposed new time frame **before seeking the continuance from Judge Ryu.** A writing evidencing the trial judge's extension of the deadline must accompany the party's request to Judge Ryu for the continuance.

The parties shall immediately notify Judge Ryu's Courtroom Deputy, Ivy Garcia, at (510) 637-3639, if this case settles prior to the date set for the settlement conference.

Any failure to comply with the requirements of this Order may subject the parties and/or counsel to sanctions.

**IT IS SO ORDERED.**

Dated: December 27, 2017

_____

DONNA M. RYU
United States Magistrate Judge

United States District Court
Northern District of California

6