THOMAS V. CHRISTOPHER (SBN#185928)
Thomas@ThomasChristopherLaw.com
THE LAW OFFICES OF THOMAS V. CHRISTOPHER
555 California Street, Suite 4925
San Francisco, California 94104
Telephone: (415) 659-1805
Facsimile:  (415) 659-1950

Attorney for Non-Party
3TAPS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| hiQ Labs, Inc., <br><br>             Plaintiff, <br><br>      v. <br><br> LinkedIn, Corp., <br><br>             Defendant. | CASE No.:   17-cv-03301-EMC <br><br> **NON-PARTY 3TAPS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED UNDER N.D. CAL. CIVIL LOCAL RULE 3-12** <br><br> **DECLARATION OF THOMAS V. CHRISTOPHER [filed under separate cover)** <br><br> **[PROPOSED] ORDER [filed under separate cover]** <br><br> Date:    No hearing requested <br> Time:   No hearing requested <br> Ctrm:   No hearing requested <br> Judge:  Hon. Edward M. Chen <br><br> **Trial date:  None Set.** |

3taps, Inc. ("3taps") respectfully submits this Administrative Motion to Consider Whether Cases Should Be Related under N.D. Cal. Civil Local Rule 3-12. As explained in more detail below, the matter of 3taps, Inc. v. LinkedIn Corp., No. 4:18-cv-00855-NC, filed February 8, 2018 ("LinkedIn II"), is related to a matter pending before this Court: hiQ Labs v. LinkedIn Corp., (N.D. Cal. Case No. 3:17-cv-03301-EMC) ("LinkedIn I"), under the criteria set forth in Local Rule 3-12. Indeed, the failure to relate these matters would likely lead to a significant waste of the parties' and court's resources and would raise the possibility of inconsistent and unworkable outcomes since the plaintiffs in LinkedIn I and II seek essentially the same declaratory relief on the very same issue of law against the same defendant related to the same activity by that defendant.

## I.   BACKGROUND ON THE TWO RELATED ACTIONS

LinkedIn II, currently assigned to the Honorable Nathanael Cousins of this court, is an action for declaratory relief against LinkedIn Corporation ("LinkedIn"). See Christopher Decl. Ex. A at ¶23. The plaintiff in LinkedIn II seeks a declaration that it will not violate the Computer Fraud and Abuse Act, 18 U.S.C. Section 1030 (the "CFAA"), if it uses automated means to access and use publicly-available data from LinkedIn's website. See Christopher Decl. Ex. A at ¶23. Thus, the plaintiff in LinkedIn II is seeking the same declaratory relief on the same issue of law against the same defendant as is being currently sought by the plaintiff in LinkedIn I. See Christopher Decl. Ex. B at ¶35.

Moreover, the background facts leading to the filing of LinkedIn I are essentially identical to the background facts leading to the filing of LinkedIn II. The plaintiff in LinkedIn II is engaged in the business of using automated means to access and use publicly-available content from the internet. Christopher Decl. Ex. A at ¶10. The plaintiff in LinkedIn II received a "cease and desist" letter from LinkedIn asserting that the accessing and using by it of publicly-available information on LinkedIn's website would violate the CFAA. See Christopher Decl. Ex. A at ¶18. As the Court may recall, this same threat by LinkedIn making the same claim under the CFAA resulted in the filing of LinkedIn I. See Christopher Decl. Ex. B. at ¶¶ 25, 34.

## II. LINKEDIN I SHOULD BE RELATED TO LINKEDIN II UNDER CIVIL LOCAL RULE 3-12.

3taps respectfully submits that LinkedIn II clearly meets the criteria for relation to LinkedIn I under the Local Rules of this Court governing the relation of cases. Cases are deemed related under Civil Local Rule 3-12 where:

> 3-12. Related Cases
> (a) **Definition of Related Cases. An action is related to another when:**
> (1) The actions concern substantially the same parties, property, transaction or event; and
> (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

See Civil L.R. 3-12.

**LinkedIn I and II Involve Substantially the Same Parties**

LinkedIn I and II involve substantially the same parties. The defendant in each case is identical: LinkedIn Corporation. With respect to the named plaintiffs, case law interpreting Local Rule 3-12 holds that the plaintiffs need not be identical, so long as the matter involves the same defendant. Financial Fusion, Inc. v. Ablaise Ltd., No. C-06-2451 PVT, 2006 WL 4734292, at *3 (N.D. Cal. Dec. 18, 2006) (finding that relation under Civil Local Rule 3-12 is proper even if the plaintiffs in the two actions are not the same where both suits involved the identical defendant); Beauperthuy v. 24 Hour Fitness USA, Inc., No. 06-0715-SC, 2012 WL 3757486, at * 4, n.10 (N.D. Cal. July 5, 2012) (holding that the second prong of the relation test is the most critical and that relation is proper even if the parties are not identical).[1]

Thus, the first criteria under Civil Local Rule 3-12 regarding substantially the same

---

[1] Despite the fact that there is no legal requirement that the plaintiffs be the same in the two actions sought to be related, it is worth noting that, in this case, even though the plaintiffs are not "identical", they are also not completely unrelated. As noted in 3taps' complaint against LinkedIn, 3taps and hiQ have common partial owners. Christopher Decl. Ex. A at ₱2.

parties is met here.

**The Two Actions Concern The Same "Property"**

LinkedIn I and II also concern the same "property" (*e.g.,* the facts and information that are publicly-available on LinkedIn's webpage, which LinkedIn claims are its property). In both cases, the plaintiffs seek to access and use the facts and information that are made publicly-available by LinkedIn on its webpage, and in each case, LinkedIn has asserted that a federal statute (*e.g,*. the CFAA) would be violated if the plaintiffs were to access those materials.  Compare Christopher Decl. Ex. A at ₱23, and Exhibit B at ₱35.

**Assignment of LinkedIn I and II to Separate Judges Would Waste Judicial Resources And Create A Danger of Inconsistent and Unworkable Rulings.**

The assignment of LinkedIn I and II to different judges of this court would not only waste the parties' and court's resources, it would create a danger of inconsistent and unworkable declaratory judgments on the same issue of law against the same defendant related to the same subject matter.

The plaintiffs in LinkedIn I and II have both received "cease and desist" letters from LinkedIn claiming that accessing the facts and information that LinkedIn makes publicly available on its website would violate the CFAA.  In response, both plaintiffs are now seeking a declaratory judgment on the same issue of law against LinkedIn, specifically:

- In LinkedIn II, 3taps "seeks a declaration that it will not be in violation of the CFAA if it proceeds to access and use publicly-available facts and information from LinkedIn's webpage."  Christopher Decl. Ex. A at ₱23.
- In LinkedIn I, hiQ "seeks a declaration that it has not and will not be in violation of the CFAA by continuing to access and copy data from the public member profile sections of LinkedIn . . .."  Christopher Decl. Ex. B at ₱35.

3taps respectfully submits that given the essentially identical nature of the declaratory judgments sought by the plaintiffs in LinkedIn I and II against the same defendant, having these matters decided by separate judges of this court raises a serious risk of inconsistent and unworkable rulings.  What if one judge rules that LinkedIn can use the

CFAA to prohibit third parties from accessing and using publicly-available facts from LinkedIn's website, and another judge rules that LinkedIn is within its rights to do so? What if one judge rules that LinkedIn is prohibited from employing technical measures to prevent third party "scrapers" from accessing its website and another judge permits LinkedIn to do so? Such inconsistent rulings regarding LinkedIn's rights and obligations in protecting the publicly-available data on its webpage from third parties would not only create an unseemly conflict between the rulings, it would put LinkedIn in the impossible position of being under separate and irreconcilable court orders regarding the technical protections it is permitted to use to block third party access to its webpage.

The potential for inconsistent and irreconcilable declaratory judgments related to the same conduct is simply unworkable, but easily avoided by relating these matters. Case law supports relation in these circumstances. Where, as here, different plaintiffs seek similar declaratory relief on a similar issue from the same defendant, relation under Local Rule 3-12 is proper. <u>Our Children's Earth Foundation v. National Marine Fisheries Service</u>, No. 14-4365 SC, 2015 WL 4452136, at * 12 (N.D. Cal. July 20, 2015) (relating actions seeking similar declaratory relief against defendant even though plaintiffs were not identical where cases involved overlapping and related issue of law).

Moreover, since the CFAA is a *criminal* statute as well as a civil one, the possibility of inconsistent rulings raises the very serious concern of having one plaintiff potentially subject to criminal prosecution for the same activity on Linkedin's webpage that another judge of this court may hold are lawful and not in violation of the CFAA. 3taps respectfully submits that the possibility of inconsistent declaratory judgments on the same issue of law involving the same defendant and the same "property" and conduct by that defendant should be avoided where the underlying declaratory judgements relate to the interpretation of a criminal statute.

III. **LINKEDIN'S CONTENTION THAT THIS CASE SHOULD BE "RELATED" TO A CASE IN WHICH FINAL JUDGMENT WAS ENTERED ALMOST THREE YEARS AGO IS MERITLESS.**

Prior to filing this Motion, 3taps' counsel asked LinkedIn's counsel if they would

stipulate to relating LinkedIn II to LinkedIn I.  In response, LinkedIn's counsel refused to so stipulate and asserted that LinkedIn II should instead be related to another action *that did not involve LinkedIn and in which final judgment was entered against 3taps almost three years ago and never appealed.*  Specifically, LinkedIn took the remarkable position that this matter is related to Craigslist, Inc. v. 3taps, Inc., *et. al.,* (3:12-cv-03816-CRB) (the "Craigslist Matter").  See Christopher Decl. ₱4.

3taps respectfully submits that this matter should not be related to the Craigslist Matter for at least three reasons.  For one, as noted above, the court entered final judgment against 3taps in the Craigslist Matter almost 3 years ago, in June of 2015, and that judgment was never appealed or contested.  See Christopher Decl. Ex. C at 1.  Moreover, the plaintiff in the Craigslist Matter is not involved in any way in LinkedIn II, the defendant in LinkedIn I and II was not a party to the Craigslist Matter.  Indeed, it appears from Linkedin's counsel's email that the basis for contending that LinkedIn II should be related to the Craigslist Matter is the demonstrably wrong contention that Judge Breyer retained "ongoing jurisdiction" over the legal issue at issue in LinkedIn II.  Id.  In fact, Judge Breyer retained jurisdiction over the Craigslist Matter only for two narrow purposes, neither of which are even remotely relevant here: (i) for purposes of enforcing claims of violation of his order in the Craigslist Matter, and (ii) for "disputes arising in connection with the Settlement Agreement entered by the parties hereto." Id. at Ex. C at 5.  Since the action and final judgment in the Craigslist Matter pertained *solely* to activities as between Craigslist and 3taps (LinkedIn was not a party), it is inconceivable how this routine and limited retention of jurisdiction supports relating LinkedIn II to the Craigslist Matter.

DATED: February 14, 2018

                                            THE LAW OFFICES OF THOMAS V.
                                            CHRISTOPHER

                                            By:  /s/ Thomas Christopher
                                                  THOMAS CHRISTOPHER
                                             thomas@thomaschristopherlaw.com
                                                Attorney for Non-Party
                                                   3TAPS, INC.