JONATHAN H. BLAVIN (State Bar No. 230269)
jonathan.blavin@mto.com
NICHOLAS D. FRAM (State Bar No. 288293)
nicholas.fram@mto.com
ELIA HERRERA (State Bar No. 293278)
elia.herrera@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:   (415) 512-4000
Facsimile:   (415) 512-4077

Attorneys for LinkedIn Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Craigslist, Inc., et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>3taps, Inc., et al.<br><br>　　　　Defendants. | Case No. 12-cv-03816-CRB<br>(also filed in 17-cv-03301-EMC<br>with courtesy copy to 18-cv-00855-NC)<br><br>**DECLARATION OF JONATHAN H. BLAVIN IN SUPPORT OF LINKEDIN CORPORATION'S MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED AND IN OPPOSITION TO 3TAPS INC.'S MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge:   Hon. Charles R. Breyer<br>(on the motion)<br><br>Trial Date:   None Set |

12-cv-03816-CRB

DECLARATION OF JONATHAN H. BLAVIN IN SUPPORT OF LINKEDIN CORPORATION'S MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

I, Jonathan H. Blavin, declare as follows:

1. I am an attorney with the law firm Munger, Tolles & Olson LLP, counsel for plaintiffs LinkedIn Corporation ("LinkedIn") in the above-captioned matter. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could competently testify to them. I submit this declaration in support of LinkedIn's motion to consider whether *3taps, Inc. v. LinkedIn Corp.*, No. 18-cv-00855-NC should be related to *Craigslist, Inc. v. 3taps, Inc.*, No. 12-cv-03816-CRB, and in opposition to 3taps' motion to relate *3taps, Inc. v. LinkedIn Corp.*, No. 18-cv-00855-NC to *hiQ Labs, Inc. v. LinkedIn Corp.*, No. 17-cv-03301-EMC.

2. Attached hereto as Exhibit A is a true and correct copy of a letter sent to me by counsel for 3taps, Inc. ("3taps") dated January 16, 2018.

3. Attached hereto as Exhibit B is a is a true and correct copy of a letter sent by me to counsel for 3taps dated January 24, 2018.

4. Neither 3taps nor its counsel responded to my January 24, 2018 letter.

5. On February 13, 2018, I asked counsel for 3taps whether it would stipulate to relating this action to *Craigslist*. On February 14, 2018, counsel for 3taps informed me that 3taps would not so stipulate, citing its position that this action is related to *hiQ Labs, Inc. v. LinkedIn Corp.*, No. 17-cv-03301-EMC. A true and correct copy of this correspondence is attached hereto as Exhibit C.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on February 15, 2018 at San Francisco, California.

                                          */s/ Jonathan H. Blavin*
                                          JONATHAN H. BLAVIN

# Exhibit A

THE LAW OFFICES OF THOMAS V. CHRISTOPHER
THE BANK OF AMERICA CENTER
555 CALIFORNIA STREET, STE. 4925
SAN FRANCISCO, CA 94104
(t) 415-659-1805
(f) 415-659-1950
Email: thomas@thomaschristopherlaw.com
Web: thomaschristopherlaw.com

January 16, 2018

**Via United States Mail and Electronic Mail**

Jonathan H. Blavin
Munger Tolles & Olsen LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105

Re:     **LinkedIn Corporation**

Mr. Blavin,

This firm represents 3taps, Inc. ("3taps") in connection with its business of using automated means to acquire publicly-available data and information from publicly-available webpages, such as the one hosted by your client LinkedIn Corporation ("LinkedIn"). As you know, 3taps filed a brief as *amicus curaie* supporting the position of hiQ Labs, Inc. ("hiQ") in the appeal currently pending in the Ninth Circuit (No. 17-16783).

As set forth in the responding papers on that appeal and the *amicus* briefs filed by 3taps, the Electronic Frontier Foundation, and others, no reasonable reading of the Computer Fraud and Abuse Act ("CFAA") supports the ability of private internet operators, such as LinkedIn, to prohibit so-called data scrapers from accessing and using publicly-available facts and information. 3taps therefore believes, quite strongly, that Judge Chen correctly interpreted the CFAA and that his interpretation will soon be affirmed on appeal.

Moreover, the Ninth Circuit recently held in the decision <u>Oracle v. Rimini Street, Inc.</u>, 2018 WL 315568, ___, F3d. ___ (9th Cir. 2018), that "taking data using a *method* prohibited by the applicable terms of use, when taking itself is generally permitted, does not violate" California's Computer Data Access and Fraud Act. Because courts generally treat the provisions of the California statute as coterminous with the CFAA, and because

LinkedIn has authorized the taking of data on its site by making it publicly-available, we do not believe that LinkedIn has any valid legal basis to prohibit companies like 3taps from using automated means to access materials publicly-available on LinkedIn's webpage.

Contrary to the claims made by Craigslist in its *amicus* filing, 3taps does not consist of bad actors intent on doing harm to web operators such as LinkedIn, and it does not operate in the dark from remote offshore locations designed to defeat US jurisdiction over its activities. Indeed, 3taps has generally been very upfront about its scraping activities and the nature of its business practices. In the spirit of that openness, we are writing to inform you that, in reliance on Judge Chen's decision and the Oracle decision cited above, 3taps intends to begin scraping publicly-available data from LinkedIn.com in the coming weeks, and does not intend to await the outcome of the appeal before initiating those activities. We are sending you this notice as a courtesy, and it should in no way be interpreted as a request for permission, as Judge Chen's opinion establishes beyond peradventure that 3taps does not require LinkedIn's permission to scrape and make use of information made publicly-available on LinkedIn.com.

       Very truly yours,

       *Thomas Christopher*

       Thomas V. Christopher
       The Law Offices of Thomas V. Christopher
       Attorneys For 3taps, Inc.

# Exhibit B

**MUNGER, TOLLES & OLSON LLP**

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

1155 F STREET N.W.
SEVENTH FLOOR
WASHINGTON, D.C. 20004-1361
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

January 24, 2018

Writer's Direct Contact
(415) 512-4011
(415) 644-6911 FAX
jonathan.blavin@mto.com

**VIA EMAIL ONLY**

Thomas V. Christopher
Law Offices of Thomas V. Christopher
555 California Street, Suite 4925
San Francisco, California 94104
thomas@thomaschristopherlaw.com

    Re:    3taps' Unauthorized Access to And Scraping of LinkedIn's Servers

Dear Mr. Christopher:

        I represent LinkedIn Corporation ("LinkedIn"). This letter responds to your letter on behalf of 3taps, Inc. ("3taps") dated January 16, 2018, in which you stated that 3taps intended to commence scraping data from LinkedIn's servers in the "coming weeks."

        To be clear, in light of 3taps' intention to scrape data from LinkedIn, any further access by 3taps to the LinkedIn website and LinkedIn's servers is without LinkedIn's or its members' authorization. 3taps and its principal, Greg Kidd, are well aware of LinkedIn's longstanding prohibition on scraping, found in Section 8.2 of LinkedIn's User Agreement (https://www.linkedin.com/legal/user-agreement). 3taps agreed to this User Agreement when it created its company page and Mr. Kidd likewise agreed to it when he became a LinkedIn

MUNGER, TOLLES & OLSON LLP

Thomas V. Christopher
January 24, 2018
Page 2

member. 3taps has publicly stated that it has "full respect for copyright, anti-hacking, and contract law,"[1] and LinkedIn hopes 3taps will abide by its public statements.

The legal basis upon which you state 3taps intends to begin scraping LinkedIn is misplaced and currently under review. As you know, LinkedIn has appealed Judge Chen's decision in *hiQ Labs, Inc. v. LinkedIn Corp.* to the Ninth Circuit (No. 17-16783). As part of that appeal, LinkedIn has asked that the Ninth Circuit consider whether Judge Chen's interpretation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"), was correct. As you also know, Judge Chen's decision directly conflicts with Judge Breyer's decision in *Craigslist Inc. v. 3Taps Inc.*, 964 F. Supp. 2d 1178 (N.D. Cal. 2013), which rejected 3taps's arguments and held that website operators could invoke the CFAA to prohibit bad actors from visiting their publicly-available websites. While LinkedIn does not intend to consider legal action with respect to 3taps's January 16, 2018 letter until the Ninth Circuit renders its decision, we want to be clear that 3taps has no authorization to access the LinkedIn website and LinkedIn's servers.

Further, your interpretation of the Ninth Circuit's recent decision in *Oracle USA, Inc. v. Rimini St., Inc.*, No. 16-16832, 2018 WL 315568, -- F.3d -- (9th Cir. Jan. 8, 2018) is incorrect. First, that case only concerned California Penal Code § 502 and Nev. Rev. Stat. § 205.4765(1). As the Ninth Circuit has explicitly noted, § 502 and the CFAA "are different," as the "CFAA criminalizes unauthorized *access*, not subsequent unauthorized *use*" of data, like § 502. *United States v. Christensen*, 828 F.3d 763, 789 (9th Cir. 2015). Moreover, as *Rimini Street* held, the "key to the state statutes" there was "whether Rimini was authorized in the first instance to take and use the information that it downloaded." 2018 WL 315568, at *10. Because Rimini "had such authorization, at least at the time it took the data in the first instance, [it] did not violate the state statutes." *Id.* By contrast here, 3taps does not have and has never had permission to scrape LinkedIn's servers and extract its data *en masse*, must circumvent LinkedIn's technical protection measures to do so, and unquestionably going forward is not "authorized in the first instance" to access and scrape LinkedIn's servers. *Id.*

Sincerely,

*/s/ Jonathan H. Blavin*
Jonathan H. Blavin

---

[1] "The What and the Why of It: 3Taps' Dispute with Craigslist," http://3taps.com/images/pics/430_The%20What%20and%20the%20Why%202.0.pdf.

# Exhibit C

# Fram, Nicholas

| | |
|---|---|
| **From:** | thomas christopher <Thomas@thomaschristopherlaw.com> |
| **Sent:** | Wednesday, February 14, 2018 3:09 PM |
| **To:** | Blavin, Jonathan |
| **Cc:** | Fram, Nicholas |
| **Subject:** | RE: LinkedIn/3taps |

Jonathan,

I have discussed the matter with the client and they will not stipulate to relating the matter to the Craigslist action.

Tom

**From:** Blavin, Jonathan [mailto:Jonathan.Blavin@mto.com]
**Sent:** Wednesday, February 14, 2018 1:08 PM
**To:** thomas christopher <Thomas@thomaschristopherlaw.com>
**Cc:** Fram, Nicholas <Nicholas.Fram@mto.com>
**Subject:** RE: LinkedIn/3taps

Tom,

You can serve us with a copy of the motion to relate. No need to serve LinkedIn's agent.

Thank you.

**From:** thomas christopher [mailto:Thomas@thomaschristopherlaw.com]
**Sent:** Wednesday, February 14, 2018 11:56 AM
**To:** Blavin, Jonathan
**Subject:** RE: LinkedIn/3taps

Jonathan,

Thank you for the email. I will discuss with the client and get back to you.

Also, as noted we intend to file a motion to have this matter related to the hiQ matter. Since you have not appeared as counsel of record yet in our case, I believe I should serve LinkedIn's agent in California. However, if you are willing to accept service on LinkedIn's behalf of our motion, I will serve you directly. Please let me know which you prefer.

Thank you,
Tom

**From:** Blavin, Jonathan [mailto:Jonathan.Blavin@mto.com]
**Sent:** Tuesday, February 13, 2018 3:04 PM

**To:** thomas christopher <Thomas@thomaschristopherlaw.com>
**Subject:** RE: LinkedIn/3taps

Tom,

Thank you for your email.  LinkedIn does not stipulate to relating the case you filed to the hiQ case.  The cases do not concern the same conduct and there are many more and different legal issues in the hiQ matter.  The two cases do not meet the criteria for relation under Civil Local Rule 3-12(a).

LinkedIn does, however, believe that the case you filed meets the criteria for relation to N.D. Cal. No. 12-cv-03816, the Craigslist case before Judge Breyer in which 3taps was a party.  These two cases concern the same conduct by the same party and the same primary legal issue—a legal issue that Judge Breyer has already analyzed extensively and which he continues to have ongoing jurisdiction over pursuant to the parties' consent judgment.  Please let me know by 4pm on Wednesday, February 14 whether 3taps will stipulate to relating the case you filed to the Craigslist case, No. 12-cv-03816.

Thank you,
Jonathan

**From:** thomas christopher [mailto:Thomas@thomaschristopherlaw.com]
**Sent:** Monday, February 12, 2018 8:57 AM
**To:** Blavin, Jonathan
**Subject:** RE: LinkedIn/3taps

Mr. Blavin,

Thank you for the response to our letter.

Please see attached a courtesy copy of the suit 3taps recently filed against your client in the Northern District of California.  We intend to file an administrative motion to have our case related under local rule 3-12 to the hiQ suit before Judge Chen.  The local rules require that we first ask if your client will stipulate to relating the matters.  Please let me know before 4 p.m. on Tuesday, February 13, whether your client will so stipulate.

Thank you,
Tom

**From:** Blavin, Jonathan [mailto:Jonathan.Blavin@mto.com]
**Sent:** Wednesday, January 24, 2018 4:44 PM
**To:** thomas christopher <Thomas@thomaschristopherlaw.com>
**Subject:** RE: LinkedIn/3taps

Mr. Christopher,

Please see the attached letter sent on behalf of LinkedIn.

Thank you.

**From:** thomas christopher [mailto:Thomas@thomaschristopherlaw.com]
**Sent:** Tuesday, January 16, 2018 12:20 PM

2

**To:** Blavin, Jonathan
**Subject:** LinkedIn/3taps

Please see the attached letter from counsel to 3taps regarding the scraping of LinkedIn.com.

**Thomas V. Christopher**
The Law Offices of Thomas V. Christopher
The Bank of America Center
555 California Street, Suite 4925
San Francisco, CA 94104
415-659-1805
Web: www.ThomasChristopherLaw.com
Email: Thomas@ThomasChristopherLaw.com