THOMAS V. CHRISTOPHER (SBN#185928)
Thomas@ThomasChristopherLaw.com
THE LAW OFFICES OF THOMAS V. CHRISTOPHER
555 California Street, Suite 4925
San Francisco, California 94104
Telephone: (415) 659-1805
Facsimile:  (415) 659-1950

Attorney for
3TAPS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | | |
|---|---|---|
| hiQ Labs, Inc., | ) | CASE No.:  3:17-cv-03301-EMC |
| Plaintiff, | ) ) ) | **3TAPS, INC.'S OPPOSITION TO LINKEDIN'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED UNDER N.D. CAL. CIVIL LOCAL RULE 3-12** |
| v. | ) ) ) | |
| LinkedIn Corporation, | ) ) | |
| Defendant. | ) ) ) | **DECLARATION OF THOMAS V. CHRISTOPHER [filed under separate cover)** |
| | ) ) ) ) ) | **Date:    No hearing requested**
**Time:    No hearing requested**
**Ctrm:    No hearing requested**
**Judge:   Hon. Edward M. Chen** |
| | ) ) ) | **Trial date:  None Set.** |

## I. INTRODUCTION

Despite the fact that the Court enter ***final judgment*** against 3taps, Inc. ("3taps") almost 3 years ago in <u>Craigslist, Inc. v. 3taps, Inc. *et. al.*</u> (N.D. Cal. 3:12-cv-03816-CRB) (the "Craigslist Matter"), and the fact that LinkedIn, Inc. ("LinkedIn"), was never a party to the Craigslist Matter, LinkedIn has requested that the recently-filed action against LinkedIn, <u>3taps, Inc. v. LinkedIn Corp.</u>, No. 4:18-cv-00855-NC ("LinkedIn II"), should be deemed a "related" case to the Craigslist Matter. This motion by LinkedIn (the "LinkedIn Motion") was filed in response to a motion by 3taps (the "3taps Motion") asserting that <u>hiQ Labs v. LinkedIn Corp.</u>, (N.D. Cal. Case No. 3:17-cv-03301-EMC) ("LinkedIn I") and LinkedIn II should be related, ***because LinkedIn I and II assert identical claims for declaratory relief against the same defendant (LinkedIn) on the same issue of law and involving the same conduct by LinkedIn***. LinkedIn cites no authority supporting its position that LinkedIn II should be related to the Craigslist Matter, instead of LinkedIn I, under the criteria established in Civil Local Rule 3-12, and 3taps respectfully submits that relating LinkedIn II to the Craigslist Matter would be illogical, contrary to applicable case law on the issue, and completely at odds with the purpose of Rule 3-12.

## II. ARGUMENT

Cases are deemed related under Civil Local Rule 3-12 where:

> 3-12. Related Cases
> (a) **Definition of Related Cases. An action is related to another when:**
> (1) The actions concern substantially the same parties, property, transaction or event; and
> (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

<u>See</u> Civil L.R. 3-12.

3taps' Motion (attached as Exhibit A to the accompanying Declaration of Thomas V. Christopher), firmly establishes that LinkedIn II should be related to LinkedIn I because (i) both actions seek essentially identical declaratory relief, (ii) on the same issue of law, (iii)

against the identical defendant (LinkedIn), (iv) related to the same activities by LinkedIn (the assertion by LinkedIn in cease and desist letters to the plaintiffs in LinkedIn I and II that the Computer Fraud and Abuse Act, 18 U.S.C. Section 1030 (the "CFAA") permitted LinkedIn to prevent the plaintiffs from accessing and using certain publicly-available materials on LinkedIn's website. (See 3taps' Motion at 1-4, Christopher Decl. Ex. A (ECF 97). Thus, LinkedIn II very clearly meets the criteria for relation under Civil Local Rule 3-12.

By contrast, as demonstrated below and in 3taps' Motion, LinkedIn II does not even come close to meeting the standards for relation to the Craigslist Matter because (i) those matters involve different defendants, and (ii) final judgment was entered against 3taps in the Craigslist Matter almost 3 years ago, never appealed or contested, and applicable case law does not support relation under Rule 3-12 in that circumstance.

**LinkedIn II Should Not Be Related to the Craigslist Matter Because The Parties Are Not Substantially Similar As That Term Has Been Interpreted**

As noted above, the defendants in LinkedIn I and II are identical. LinkedIn is the sole and exclusive defendant in each case. In sharp contrast, the defendants in LinkedIn II and the Craigslist Matter are completely different. Moreover, Linked II and the Craigslist Matter involve completely different plaintiffs. And while LinkedIn II and LinkedIn I do admittedly involve different plaintiffs (suing the same defendant), case law cited in 3taps' Motion establishes that relation is proper where the *plaintiffs* are not identical so long as the case involves the identical defendant. (See 3taps' Motion at 2, Christopher Decl. Ex. A (ECF 97.) Courts however generally decline to relate cases where the *defendants* in the two actions are different (even if the plaintiffs in the two actions are the same.) Sorenson v. Lexar Media, No. C 08-00095, 2008 WL 11344635, at * 1 (N.D. Cal. July 25, 2008) (declining to relate case where "the case currently before this Court and the case Plaintiff seeks to relate are filed against different defendants"); Evolutionary Intelligence LLC v.

Yelp, Inc., No. C-13-03587 DMR, 2013 WL 12173933, at *1 (N.D. Cal. Oct. 8, 2013) (denying to relate cases brought by the same plaintiff against different defendants).

The scant case law cited in LinkedIn's Motion does not come even close to supporting LinkedIn's position that LinkedIn II should be related to the Craigslist Matter. LinkedIn cites McGee v. Ross Stores Inc., 2007 WL 2900507 (N.D. Cal. Oct. 1, 2007), but fails to note in its Motion that in McGee the two cases that were related by the court involved the *same defendant* (Ross Stores) and were brought on behalf of *identical plaintiff classes*. Id. * at 1. By contrast, LinkedIn seeks here to relate two cases (LinkedIn II and the Craigslist Matter) which involve completely different defendants and do not share the same plaintiff. Similarly, LinkedIn cites Financial Fusion, Inc., v. Ablaise Ltd., 2006 WL 3734292 (N.D. Cal. Dec. 18, 2006), but that case involved the relation of two cases brought against the *same defendant*. Thus, the case law LinkedIn cites in no way supports the proposition that two cases that do not involve the same defendant, such as LinkedIn II and the Craigslist Matter, should be related under Civil Local Rule 3-12. Indeed, LinkedIn's own cases support the relation of LinkedIn II to LinkedIn I in that both cases cited by LinkedIn found that relation was proper where, like LinkedIn I and II, and unlike LinkedIn II and the Craigslist Matter, both cases involved the same defendant.[1]

### LinkedIn II Should Not Be Related to the Craigslist Matter Because Final Judgement Was Entered Against 3taps In That Matter Years Ago

LinkedIn's contention that LinkedIn II should be related to the Craigslist Matter as opposed to LinkedIn I is also meritless because the Court in the Craigslist Matter entered *final judgment against 3taps almost 3 years ago in June of 2015 and that final judgment was never appealed or contested.* LinkedIn's Motion cites absolutely no authority for the

---

[1] LinkedIn's assertion that 3taps somehow "requested" that the San Jose Division of this Court hear its case is grossly misleading. LinkedIn Motion at 1, n.3. 3taps requested no such thing. 3taps simply followed Local Rule 3-2(c) and noted where the conduct giving rise to the claim occurred. Of course, absolutely nothing in Rule 3-2(c) in any way alters the case relation analysis in Rule 3-12.

proposition that a newly-filed case such as LinkedIn II can be related to a matter that was settled years before. Indeed, the case law in this District holds that a newly-filed case *should not* be deemed related to a case that has already settled. Lockwood v. Lopez, No. C-87-20779 RPA, 1996 WL 162957 (N.D. Cal. Apr. 3, 1996) ("the court finds no authority supporting the proposition that a case that has been settled and closed may be related to a pending case.")

Denying to relate a newly-filed action to one that has been settled and dormant for years makes perfect sense in light of the primary purpose of Civil Local Rule 3-12 - the conservation of resources by avoiding duplication of effort between the two cases. It is hard to imagine how relating a new case to one settled years ago will avoid the "duplication" of effort between the two cases. Since final judgment has been entered in the Craigslist Matter and never appealed, *there won't be any labor in the Craigslist Matter that could be duplicated elsewhere.* Simply put, where labor isn't going to occur in one case, it can't be "duplicated" in another case. Thus, the purpose of Rule 3-12 will not be served by relating LinkedIn II to a long-ago-settled and dormant matter.

On the other hand, the LinkedIn I case is in its relative infancy, and the Court must *still decide in LinkedIn I the exact same legal issue against the exact same defendant that must be decided in LinkedIn II: whether the plaintiffs are entitled to a declaratory judgment that, contrary to the cease and desist letters they both received from LinkedIn, they will not violate the CFAA by accessing and using certain materials that LinkedIn has made publicly accessible.* (See 3taps' Motion at 3, Christopher Decl. Ex. A.) No such issue need be decided in the Craigslist Matter because the case is settled and dormant.[2]

LinkedIn's assertion that LinkedIn II should be related to the Craigslist Matter because the Court has "continuing jurisdiction" in the Craigslist Matter misstates the nature

---

[2] Citing absolutely no authority for the proposition, LinkedIn asserts "[t]hat this case and *hiQ* involve the 'same defendant' is not relevant given that both are declaratory relief cases." LinkedIn Motion at 5. That makes no sense. A stated purpose of Rule 3-12 is the avoidance of "conflicting results." Given that the plaintiffs in both LinkedIn I and II seek essentially the same declaratory judgment against the same defendant relating to the same activities, avoidance of conflicting results is essential.

of the limited jurisdiction reserved in the Craigslist Matter.  (See 3taps' Motion at 5, Christopher Decl. Ex. A.)  The limited and routine retention of jurisdiction in the Craigslist Matter to enforce a *specific settlement agreement involving a specific plaintiff* does not amount to permanent, on-going jurisdiction over conduct bearing absolutely no connection that that plaintiff or that settlement agreement and involving a completely different defendant.

### LinkedIn's Motion Highlights Why Relation to LinkedIn I Is Proper

LinkedIn's Motion and the attachments to the Blavin Declaration submitted therewith highlight why LinkedIn II is most suitably related to LinkedIn I, not the Craigslist Matter.  LinkedIn's Motion and the Blavin Declaration demonstrate that LinkedIn II is essentially a dispute over the breadth and applicability of an order issued in LinkedIn I.  Specifically, the dispute that gave rise to the action for declaratory relief in LinkedIn II began when 3taps informed LinkedIn of its position that Judge Chen's ruling in LinkedIn I regarding LinkedIn's ability to use the CFAA to prohibit third parties from accessing certain specific, public portions of LinkedIn's website would apply to 3taps.  See Blavin Decl. Ex. A.  LinkedIn disagreed, claiming that 3taps was "misplaced" in relying on Judge Chen's order.  See Blavin Decl. Ex. B.  Thus, the history of the dispute in LinkedIn I arises out of LinkedIn's claim that the Court's order in LinkedIn I would not apply to 3taps, while 3taps contends that it does and that 3taps could rely on Judge Chen's order to use and access certain LinkedIn materials.

3taps respectfully submits that the Court best positioned to determine whether the plaintiff in LinkedIn II can rely upon and benefit from an order issued against LinkedIn in LinkedIn I is the Court that issued the order in question in LinkedIn I.

DATED: February 20, 2018

        THE LAW OFFICES OF THOMAS V. CHRISTOPHER

        By:  /s/ Thomas Christopher
        THOMAS CHRISTOPHER
        thomas@thomaschristopherlaw.com
        Attorney for 3TAPS, INC.