COREY WORCESTER (*pro hac vice*)
coreyworcester@quinnemanuel.com
RENITA SHARMA (*pro hac vice*)
renitasharma@quinnemanuel.com
QUINN EMANUEL URQUHART AND
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:   (212) 849-7000
Facsimile:    (212) 849-7100

TERRY L. WIT (SBN 233473)
terrywit@quinnemanuel.com
QUINN EMANUEL URQUHART AND
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for Plaintiff hiQ Labs, Inc.

DONALD B. VERRILLI, JR. (*pro hac vice*)
donald.verrilli@mto.com
MUNGER, TOLLES & OLSON LLP
1155 F Street, NW
Washington, D.C.  20004
Telephone:   (202) 220-1100
Facsimile:    (202) 220-2300

JONATHAN H. BLAVIN (SBN 230269)
jonathan.blavin@mto.com
ROSEMARIE T. RING (SBN 220769)
rose.ring@mto.com
NICHOLAS D. FRAM (SBN 288293)
nicholas.fram@mto.com
ELIA HERRERA (SBN 293278)
elia.herrera@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105
Telephone:   (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Defendant LinkedIn
Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| hiQ Labs, Inc.,<br><br>            Plaintiff,<br><br>       vs.<br><br>LinkedIn Corp.,<br><br>            Defendant. | Case No. 3:17-cv-03301-EMC<br><br>**STIPULATION AND [PROPOSED] SCHEDULING ORDER**<br><br>The Hon. Edward M. Chen<br><br>Initial CMC: January 30, 2020<br>Trial Date:  TBD |

1  WHEREAS, on June 7, 2017, hiQ Labs, Inc. ("hiQ") filed the complaint in this action
2 against LinkedIn Corporation ("LinkedIn," and collectively with hiQ, the "parties") (Dkt. 1);
3  WHEREAS, on August 14, 2017, the Court granted hiQ's motion for a preliminary
4 injunction (Dkt. 63);
5  WHEREAS, on September 5, 2017, LinkedIn filed a notice of appeal from the order
6 granting hiQ a preliminary injunction (Dkt. 72);
7  WHEREAS, on October 12, 2017, pursuant to stipulation, the Court stayed all proceedings
8 in this Court pending the issuance of the mandate in LinkedIn's appeal (Dkt. 80);
9  WHEREAS, the Ninth Circuit issued its mandate in LinkedIn's appeal on November 19,
10 2019 (Dkt. 124);
11  WHEREAS, a Case Management Conference in the above-captioned matter is currently
12 scheduled for January 30, 2020 at 9:30 a.m. (Dkt. 113);
13  WHEREAS, LinkedIn's deadline to petition for a writ of certiorari to the Supreme Court of
14 the United States (the "Petition") is February 6, 2020;
15  THEREFORE, for good cause, it is hereby stipulated and agreed:
16  1. hiQ's deadline to amend its complaint as of right is February 14, 2020; no further
17     amendments to the complaint as of right will be permitted.
18  2. LinkedIn's deadline to answer or otherwise respond to the complaint is April 14,
19     2020.  If LinkedIn's response to the complaint is a motion pursuant to Federal Rule
20     of Civil Procedure 12:
21     a. hiQ's opposition to the motion shall be due on June 12, 2020.
22     b. LinkedIn's reply in support of its motion shall be due on July 14, 2020.
23     c. The hearing on the motion shall be August 6, 2020 at 1:30 p.m., or as soon
24        thereafter as may be convenient for the Court.
25     d. If the Court issues an order denying LinkedIn's motion, LinkedIn shall have
26        30 days from the date that the Court issues that order to file its answer.
27  3. No party shall propound any new discovery on any party or non-party until either
28

1  (i) 15 days after the date the Supreme Court of the United States issues an order
2  denying LinkedIn's Petition, or (ii) if the Supreme Court of the United States grants
3  LinkedIn's Petition, 15 days after the Supreme Court of the United States issues an
4  opinion on the merits in the case or otherwise disposes of the Petition.

5. 4. As to the discovery requests that are currently outstanding (i.e., the discovery
6  requests that the parties have already served on each other), each party shall
7  respond to such requests either (i) 30 days after the date the Supreme Court of the
8  United States issues an order denying LinkedIn's Petition, or (ii) if the Supreme
9  Court of the United States grants LinkedIn's Petition, 30 days after the Supreme
10  Court of the United States issues an opinion on the merits in the case or otherwise
11  disposes of the Petition.

12. 5. The deadline for the parties to exchange initial disclosures shall be either (i) 10
13  days after the date the Supreme Court of the United States issues an Order denying
14  LinkedIn's Petition, or (ii) if the Supreme Court of the United States grants
15  LinkedIn's Petition, 10 days after the Supreme Court of the United States issues an
16  opinion on the merits in the case or otherwise disposes of the Petition.

17. 6. The Case Management Conference currently set for January 30, 2020 at 9:30 a.m.
18  is continued to April 9, 2020 at 9:30 a.m.

19. 7. Nothing in this order precludes either party from applying to the Court for relief
20  from any deadline set forth in this stipulation and proposed order.

**IT IS SO STIPULATED.**

Dated: January 16, 2020                     QUINN EMANUEL URQUHART AND
                                            SULLIVAN LLP

                                            By: /s/ *Corey Worcester*
                                                Corey Worcester

                                            *Attorneys for Plaintiff hiQ Labs, Inc.*

Dated: January 16, 2020	MUNGER, TOLLES & OLSON LLP

By: /s/ *Jonathan H. Blavin*
Jonathan H. Blavin (SBN 230269)

*Attorneys for Defendant LinkedIn Corp.*

### N.D. Cal. Civil Local Rule 5-1 Attestation

I, Jonathan H. Blavin, am the ECF user whose credentials were utilized in the electronic filing of this document. In accordance with N.D. Cal. Civil Local Rule 5-1, I hereby attest that Corey Worcester concurred in the filing of this document.

/s/ *Jonathan H. Blavin*
Jonathan H. Blavin

### [PROPOSED] ORDER

Pursuant to Stipulation, it is SO ORDERED.

Date: _____	_____
The Hon. Edward M. Chen