COREY WORCESTER (*pro hac vice*)
coreyworcester@quinnemanuel.com
RENITA SHARMA (*pro hac vice*)
renitasharma@quinnemanuel.com
QUINN EMANUEL URQUHART AND SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:   (212) 849-7000
Facsimile:   (212) 849-7100

TERRY L. WIT (SBN 233473)
terrywit@quinnemanuel.com
QUINN EMANUEL URQUHART AND SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700

Attorneys for Plaintiff hiQ Labs, Inc.

DONALD B. VERRILLI, JR. (*pro hac vice*)
donald.verrilli@mto.com
MUNGER, TOLLES & OLSON LLP
1155 F Street, NW
Washington, D.C.  20004
Telephone:   (202) 220-1100
Facsimile:   (202) 220-2300

JONATHAN H. BLAVIN (SBN 230269)
jonathan.blavin@mto.com
ROSEMARIE T. RING (SBN 220769)
rose.ring@mto.com
NICHOLAS D. FRAM (SBN 288293)
nicholas.fram@mto.com
MARIANNA MAO (SBN 318070)
marianna.mao@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105
Telephone:   (415) 512-4000
Facsimile:   (415) 512-4077

Attorneys for Defendant LinkedIn Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| hiQ Labs, Inc.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>LinkedIn Corp.,<br><br>　　　　　Defendant. | Case No. 3:17-cv-03301-EMC<br><br>**JOINT ADMINISTRATIVE MOTION TO EXCEED PAGE LIMITATIONS AND CONTINUE CASE MANAGEMENT CONFERENCE; STIPULATION AND [PROPOSED] ORDER FILED CONCURRENTLY**<br><br>The Hon. Edward M. Chen<br><br>Initial CMC: January 30, 2020<br>Trial Date:  TBD |

**I.      INTRODUCTION**

hiQ Labs, Inc. ("hiQ") filed its first amended complaint ("FAC") in this action against LinkedIn Corporation ("LinkedIn") (Dkt. 131) on February 14, 2020. LinkedIn's deadline to respond to the FAC is April 14, 2020. Dkt. 129. LinkedIn intends to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12. The Court has set a briefing schedule for that motion, and a hearing on that motion is set for August 6, 2020 at 2:30 p.m. Dkt. 129. A case management conference is currently set for April 9, 2020 at 9:30 a.m.

The parties file this Joint Administrative Motion pursuant to Civil Local Rule 7-11 for two reasons: (1) to respectfully request that the Court continue the case management conference, currently set for April 9, 2020, to August 6, 2020, the date that the Court has set for argument on LinkedIn's motion; and (2) to respectfully request that the Court grant the parties a modest number of additional pages for briefing on the forthcoming motion. The FAC added causes of action for violations of the Sherman Act, 15 U.S.C. §§ 1, 2 that would benefit from additional pages of briefing.

**II.     REQUESTS FOR ADMINISTRATIVE RELIEF**

   **A.      Request To Continue The Case Management Conference**

The spread of COVID-19 has led to substantial uncertainty around travel to the Bay Area and courtroom access procedures, particularly for hiQ's counsel, who is resident in New York City. The City and County of San Francisco implemented a shelter in place directive that runs through April 7, 2020, and could be extended.[1] In light of this uncertainty and the national public health situation, the parties respectfully requests that the Court continue the upcoming CMC to the date and time of the hearing on any Rule 12 motion: August 6, 2020 at 2:30 p.m.

   **B.      Request For Page Extension For Both Parties**

In addition to the tortious interference and unfair competition claims that hiQ asserted in its original complaint, the FAC contains new causes of action for conspiracy under Section 1 of the Sherman Act, and monopolization and attempted monopolization under Section 2 of the

---

[1] https://sfmayor.org/article/san-francisco-issues-new-public-health-order-requiring-residents-stay-home-except-essential.

1  Sherman Act.  FAC ¶¶ 109-168.  The FAC contains at least seven potential theories of
2  monopolization liability under Section 2, including leveraging, lock-in, raising rivals' costs, tying
3  arrangements, unilateral refusal to deal, denial of access to an essential facility, and vertically
4  arranged boycotts.  *Id.*

5  In order to adequately and appropriately address these new causes of action and numerous
6  theories of liability, the parties respectfully submit that the briefing on LinkedIn's motion would
7  benefit from a modest extension of the Court's usual page limits.  Therefore, the parties
8  respectfully requests that the Court allow LinkedIn to file a brief in support of its motion of up to
9  35 pages in length (10 pages over the 25-page limit set forth in Civil Local Rule 7-2); hiQ be
10 allowed to file an opposition of up to 35 pages in length (10 pages over the 25-page limit set forth
11 in Civil Local Rule 7-3); and that LinkedIn be allowed to file a reply of up to 20 pages in length (5
12 pages over the 15-page limit set forth in Civil Local Rule 7-3).  The additional requested pages are
13 fairly modest and will enable the parties to adequately explain the legal issues to the Court.

### III.  CONCLUSION

The parties request that the Court continue the upcoming CMC to August 6, 2020 at 2:30 p.m.  The parties also respectfully request that the Court allow LinkedIn to file a Rule 12 motion of up to 35 pages in length; hiQ to file an opposition of up to 35 pages in length; and LinkedIn to file a reply of up to 20 pages in length.

Dated: March 18, 2020

QUINN EMANUEL URQUHART AND SULLIVAN LLP

By: /s/ *Corey Worcester*
   Corey Worcester

*Attorneys for Plaintiff hiQ Labs, Inc.*

|  |  |
|---|---|
| Dated: March 18, 2020 | MUNGER, TOLLES & OLSON LLP |
|  | By: /s/ *Jonathan H. Blavin* |
|  | Jonathan H. Blavin (SBN 230269) |
|  | *Attorneys for Defendant LinkedIn Corp.* |

### N.D. Cal. Civil Local Rule 5-1 Attestation

I, Jonathan H. Blavin, am the ECF user whose credentials were utilized in the electronic filing of this document.  In accordance with N.D. Cal. Civil Local Rule 5-1, I hereby attest that Corey Worcester concurred in the filing of this document.

/s/ *Jonathan H. Blavin*
Jonathan H. Blavin