DONALD B. VERRILLI, JR. (*pro hac vice*)
donald.verrilli@mto.com
MUNGER, TOLLES & OLSON LLP
1155 F Street, NW
Washington, D.C.  20004
Telephone:  (202) 220-1100
Facsimile:  (202) 220-2300

JONATHAN H. BLAVIN (SBN 230269)
jonathan.blavin@mto.com
ROSEMARIE T. RING (SBN 220769)
rose.ring@mto.com
NICHOLAS D. FRAM (SBN 288293)
nicholas.fram@mto.com
MARIANNA MAO (SBN 318070)
marianna.mao@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105
Telephone:  (415) 512-4000
Facsimile:  (415) 512-4077

Attorneys for Defendant LinkedIn Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| hiQ Labs, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> LinkedIn Corporation, <br><br> Defendant. | Case No. 3:17-cv-03301-EMC <br><br> **DEFENDANT LINKEDIN CORPORATION'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT** <br><br> Judge:  Hon. Edward M. Chen <br> Hearing Date:  August 6, 2020 <br> Hearing Time:  1:30 p.m. |

Pursuant to Federal Rule of Evidence 201, Defendant LinkedIn Corporation ("LinkedIn") respectfully requests that the Court take judicial notice of the court filings listed below, which are readily verifiable and are the proper subject of judicial notice. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of briefs, transcripts, pleadings, memoranda, and expert reports in related litigation). LinkedIn requests judicial notice of these exhibits in order to fully respond to arguments made by Plaintiff hiQ, Labs, Inc. ("hiQ") in its Opposition to LinkedIn's Motion to Dismiss the First Amended Complaint ("FAC"), ECF No. 142 ("Opp.").

First, hiQ argues that *Noerr-Pennington* immunity does not apply to LinkedIn's cease-and-desist letter because "hiQ alleges that *all* of LinkedIn's litigation threats were baseless." Opp. 16. But the FAC alleges no such thing, as LinkedIn explains in its Reply in Support of Motion to Dismiss FAC ("Reply"). Reply 3. In any event, in order to fully respond to hiQ's argument that LinkedIn asserted "baseless" legal claims (which was not alleged in the FAC), LinkedIn requests that the Court take judicial notice of **Exhibit B**, Order Granting In Part LinkedIn Corporation's Ex Parte Motion for Expedited Discovery, *LinkedIn Corporation v. Does 1 Through 100, Inclusive, sub nom. LinkedIn Corp., et al. v. Scraping Hub Limited, et al.*, No. 16-cv-04463-LHK (N.D. Cal. Aug. 30, 2016).

Second, hiQ argues that it adequately alleges a "sham campaign" because hiQ could "provide … additional allegations" showing "other people analytics providers that have suffered from LinkedIn's scheme," including the company HiringSolved. Opp. 10-11. Again, such claims are wholly outside the FAC, as hiQ concedes, and should be disregarded by the Court. Reply 1. But at any rate, in order to fully respond to hiQ's suggestion that LinkedIn targeted HiringSolved via an anti-competitive "scheme," LinkedIn requests that the Court take judicial notice of **Exhibit C**, Complaint, *LinkedIn Corp. v. Does, 1 through 10 inclusive, sub nom. LinkedIn Corp. v. Robocog Inc. D/B/A HiringSolved, et al.*, No. 14-cv-00068-BLF (N.D. Cal. Jan. 6, 2014), and **Exhibit D**, Final Judgment on Consent, *LinkedIn Corp. v. Robocog Inc. D/B/A HiringSolved, et al.*, No. 14-cv-00068-BLF (N.D. Cal. July 16, 2014).

1  Dated:  August 14, 2020                    MUNGER, TOLLES & OLSON LLP

2                                             By: */s/ Jonathan H. Blavin*
3                                                 Jonathan H. Blavin

4                                             Attorneys for Defendant LinkedIn Corporation