Corey Worcester (*pro hac vice*)
coreyworcester@quinnemanuel.com
Renita Sharma (*pro hac vice*)
renitasharma@quinnemanuel.com
QUINN EMANUEL URQUHART AND SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:      (212) 849-7100

Terry L. Wit (SBN 233473)
terrywit@quinnemanuel.com
Adam B. Wolfson (SBN 262125)
adamwolfson@quinnemanuel.com
QUINN EMANUEL URQUHART AND SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for Plaintiff hiQ Labs, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| hiQ Labs, Inc., <br><br>      Plaintiff, <br><br>    vs. <br><br> LinkedIn Corp., <br><br>      Defendant. | Case No. 3:17-CV-03301-EMC <br><br> **ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFF HIQ LABS, INC.'S AMENDED CORPORATE DISCLOSURE STATEMENT & CERTIFICATION OF INTERESTED ENTITIES OR PERSONS** <br><br> The Hon. Edward M. Chen <br><br> Trial Date:    None set |

Pursuant to the Northern District of California's Civil Local Rules 7-11 and 79-5(b), Plaintiff hiQ Labs, Inc. ("hiQ") hereby brings this Administrative Motion to Seal Portions of hiQ's Amended Corporate Disclosure Statement & Certification of Interested Entities or Persons ("Statement").

On June 30, 2017, hiQ submitted an initial Corporate Disclosure Statement and

1    Certification of Interested Entities or Persons along with an Administrative Motion to Seal

2    same.  (ECF Nos. 41, 42).  On August 7, 2017, this Court entered an Order granting hiQ's

3    Administrative Motion to Seal hiQ's Corporate Disclosure Statement and Certification of

4    Interested Entities or Persons.  (ECF No. 62).   hiQ respectfully requests permission to file the

5    Statement under seal for the same reasons stated in hiQ's June 30, 2017 Administrative Motion

6    to Seal (ECF No. 41), as explained herein.

7          "A party seeking to seal a document filed with the Court must (1) comply with Civil

8    Local Rule 79-5; and (2) rebut the "strong presumption in favor of access" that applies to all

9    court documents other than grand jury transcripts and pre-indictment warrant materials."  *Icon-*

10   *IP Pty Ltd. v. Specialized Bicycle Components, Inc*., Case No. 12-cv-03844-JST, 2015 WL

11   984121, at *1 (N.D. Cal. Mar. 4, 2015) (*quoting Kamakana v. City & Cnty. of Honolulu*, 447

12   F.3d 1172, 1178 (9th Cir. 2006). To satisfy the first prong under Civil Local Rule 79-(b), a

13   sealing order may issue if the document or portions of the document sought to be sealed "are

14   privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil

15   L.R. 79-5(b).  "The request must be narrowly tailored to seek sealing only of sealable material."

16   *Id* .  To satisfy the second prong for documents that are not attached to dispositive motions, the

17   party "need only make 'a particularized showing under the good cause standard of Rule 26(c)' to

18   justify sealing the materials." *Icon-IP*, 201 WL 984121, at *1 (*quoting Kamakana*, 447 F.3d at

19   1180).  "A court may, for good cause, keep documents confidential 'to protect a party or person

20   from annoyance, embarrassment, oppression, or undue burden or expense.'"  *Id.* (*quoting* Fed. R.

21   Civ. P. 26(c)).

22         The Statement contains private third party information, which is legally protectable.  As

23   explained further in the accompanying Declaration of Corey Worcester, disclosure of such

24   private third party information would invade the privacy rights of such third parties and

25   potentially cause annoyance, embarrassment, and/or undue burden on the third parties.  *See Icon-*

26   *IP*, 2015 WL 984121, at *2-*3 (granting motions to seal because disclosure of information

27   ADMIN. MOTION TO FILE UNDER SEAL PORTIONS OF PL.'S AMENDED CORPORATE DISCLOSURE
     STATEMENT & CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

28   Case No. 3:17-cv-033010-EMC

would invade third parties' privacy rights).  Therefore, hiQ respectfully requests to file the portions of the Statement identifying those who have a financial interest in the outcome of this litigation under seal.


Dated:  August 12, 2020

QUINN EMANUEL URQUHART &
SULLIVAN LLP

By: _____ */s/ Corey Worcester* _____
Corey Worcester
Attorneys for Plaintiff hiQ Labs, Inc.

ADMIN. MOTION TO FILE UNDER SEAL PORTIONS OF PL.'S AMENDED CORPORATE DISCLOSURE
STATEMENT & CERTIFICATION OF INTERESTED ENTITIES OR PERSONS
Case No. 3:17-cv-033010-EMC

3