Corey Worcester (*pro hac vice*)
coreyworcester@quinnemanuel.com
Renita Sharma (*pro hac vice*)
renitasharma@quinnemanuel.com
QUINN EMANUEL URQUHART AND SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:      (212) 849-7100

Terry L. Wit (SBN 233473)
terrywit@quinnemanuel.com
Adam B. Wolfson (SBN 262125)
adamwolfson@quinnemanuel.com
QUINN EMANUEL URQUHART AND SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for Plaintiff hiQ Labs, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| hiQ Labs, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> LinkedIn Corp., <br><br> Defendant. | Case No. 3:17-CV-03301-EMC <br><br> **RESPONSE TO LINKEDIN CORPORATION'S STATEMENT OF RECENT DECISION (ECF NO. 152)** <br><br> The Hon. Edward M. Chen <br><br> Hearing Date: August 20, 2020 <br><br> Hearing Time: 1:30 p.m. |

Plaintiff hiQ Labs, Inc. ("hiQ") respectfully replies to the Statement of Recent Decision in Support of LinkedIn Corporation's Motion to Dismiss the First Amended Complaint (the "Submission") submitted on August 17, 2020.  (ECF No. 152), which attaches the Ninth Circuit's August 11, 2020 decision in *Federal Trade Commission v. Qualcomm Inc.,* No. 19-16122, -- F.3d --, 2020 WL 4591476 (9th Cir. Aug. 11, 2020) ("*Qualcomm*"), and makes certain arguments regarding that decision.

Case No. 3:17-cv-033010-EMC

More specifically, LinkedIn argues that *Qualcomm* supports its position that hiQ has failed to state a claim under a unilateral refusal to deal theory. (ECF No. 152 at 2). In *Qualcomm*, however, the Ninth Circuit noted only that companies generally do not have a duty to deal with their competitors and, applying the law to the specific facts of that case, determined that the District Court erred in finding that the *Aspen Skiing* unilateral refusal to deal doctrine applied. 2020 WL 4591476, at *31-35. The Ninth Circuit did not purport to offer new guidance or make new law with respect to the *Aspen Skiing* exception; in fact, so uncontroversial was this aspect of the *Qualcomm* decision that the Federal Trade Commission itself conceded that a reversal of the District Court's decision on this point was necessary. *Id.* at *36.

LinkedIn's Submission also appears to suggest that the Ninth Circuit's finding that Qualcomm could not avail itself of the *Aspen Skiing* exception effectively ended the panel's analysis. (ECF No. 152 at 2-3). Contrary to this suggestion, however, the *Qualcomm* decision goes on to analyze additional theories of anticompetitive conduct and harm (2020 WL 4591476, at *36-55), which is fully consistent with the observations hiQ provided in its Opposition to LinkedIn's Motion to Dismiss the Amended Complaint, which notes that the same essential facts may give rise to antirust liability under multiple different theories (ECF No. 142 at 18-24).

Finally, and particularly relevant to this case, the *Qualcomm* decision does not purport to overturn, modify, or otherwise change any aspect of the Ninth Circuit's opinion in this very case, which notes that LinkedIn's conduct carries the distinct odor of anticompetitive behavior. *See hiQ Labs, Inc. v. LinkedIn Corp.*, 938 F.3d 985, 998-99 (9th Cir. 2019).

Dated:  August 18, 2020

QUINN EMANUEL URQUHART & SULLIVAN LLP

By:  ___*/s/ Corey Worcester*___
Corey Worcester
Attorneys for Plaintiff hiQ Labs, Inc.

RESPONSE TO LINKEDIN CORPORATION'S STATEMENT OF RECENT DECISION
Case No. 3:17-cv-033010-EMC