1 | ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
2 | RUSSELL P. COHEN (SBN 213105)
rcohen@orrick.com
3 | ROBERT L. URIARTE (SBN 258274)
ruriarte@orrick.com
4 | NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
5 | DANIEL JUSTICE (SBN 291907)
djustice@orrick.com
6 | MARIA N. SOKOVA (SBN 323627)
msokova@orrick.com
7 | ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
8 | 405 Howard Street
San Francisco, CA  94105-2669
9 | Telephone:   +1 415 773 5700
Facsimile:    +1 415 773 5759

*Attorneys for LinkedIn Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| hiQ Labs, Inc.,<br><br>           Plaintiff,<br><br>    vs.<br><br>LinkedIn Corporation,<br><br>           Defendant. | Case No. 17-cv-03301-EMC<br><br>**[PROPOSED] ORDER GRANTING LINKEDIN'S REQUEST FOR JUDICIAL NOTICE AND DENYING HIQ LAB'S RULE 12 MOTIONS**<br><br>Judge:              Hon. Edward M. Chen<br>Hearing date:    April 8, 2021<br>Hearing time:   1:30 p.m. |
| LinkedIn Corporation<br><br>           Counterclaimant,<br>    vs.<br><br>hiQ Labs, Inc.<br><br>           Counterdefendant, | |

Presently before the Court is Plaintiff and Counterclaim Defendant hiQ Labs, Inc.'s Motion to Dismiss and Strike in Part Defendant and Counterclaim Plaintiff LinkedIn Corporation's Counterclaims (ECF No. 182).  Also before the Court is LinkedIn's Request for Judicial Notice in connection with its opposition to the hiQ's motion.  For the reasons that follow, LinkedIn's Request for Judicial Notice is GRANTED and hiQ's Motion is DENIED.

**I.** LinkedIn requests that the Court take Judicial Notice of the legislative history of California Senate Bill 255 of 1987, which was passed and codified much of the modern language in California Penal Code § 502(c).  Pursuant to Federal Rule of Evidence 201, state legislative history materials are the proper subject of judicial notice.  *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1120 n.8 (9th Cir. 2013) (taking judicial notice of legislative history on appeal from order granting motion to dismiss).  Accordingly, LinkedIn's request is **GRANTED**.

**II.** hiQ's partial motion to dismiss is **DENIED** as follows:

<u>LinkedIn's Cal. Penal Code § 502 Claim</u>.  hiQ moves to dismiss LinkedIn's § 502 claim because it is coextensive with the federal Computer Fraud and Abuse Act ("CFAA"), but that premise is incorrect.  "The statutes are different" because a 502 claim "does not require unauthorized access," only use of, copying of, or modification of data without permission.  *United States v. Christensen*, 828 F.3d 763, 789 (9th Cir. 2016).  LinkedIn states a claim for violation of California Penal Code § 502.

<u>LinkedIn's CFAA Claim</u>.  hiQ moves to dismiss LinkedIn's "unauthorized access" CFAA claim based on the Ninth Circuit's opinion affirming this Court's preliminary injunction.  Mot. at 8–9.  LinkedIn, however, plausibly alleges that hiQ's scraping circumvented certain access restrictions that may make information on LinkedIn's website "information for which authorization or access permission, such as password authentication, is generally required."  *hiQ Labs, Inc. v. LinkedIn Corp.*, 938 F.3d 985, 1001 (9th Cir. 2019).  For similar reasons, LinkedIn plausibly alleges that hiQ exceeded authorized access by circumventing LinkedIn's technological access barriers.  LinkedIn accordingly states a claim under the CFAA based on two plausible theories of liability.

LinkedIn's Misappropriation Claim. hiQ contends that LinkedIn's misappropriation claim is inadequately pled because LinkedIn does not allege that it has an "ownership right" in the data at issue. California, however, recognizes the common-law misappropriation tort expressly for situations where the information at issue is not subject to patent, copyright, trade secret, or trademark law. *United States Golf Ass'n v. Arroyo Software Corp.*, 69 Cal.App.4th 607, 618 (1999). The tort itself creates quasi property rights. *Am. Econ. Ins. Co. v. Reboans, Inc.*, 852 F. Supp. 875, 879–880 (N.D. Cal.). To the extent there is any doubt in the propriety of this claim because LinkedIn must allege a positive property right, its interest recognized pursuant to California Penal Code § 502.

hiQ alternately argues that LinkedIn's misappropriation claim is superseded by the California Uniform Trade Secrets Act ("CUTSA"). CUTSA has no application to LinkedIn's counterclaims, however, because CUTSA "*does not* affect … civil remedies that are not based upon misappropriation of a trade secret." Cal. Civil Code § 3426.7(b) (emphasis added). LinkedIn's counterclaims do not allege that the information at issue is confidential or otherwise implicate the subject matter of CUTSA. To the contrary, the counterclaims concern LinkedIn's website, which is available to visitors who agree to LinkedIn's User Agreement or become members—which is an option available to anyone who, again, agrees to the User Agreement.

Trespass to Chattels. hiQ moves to dismiss this claim on the grounds that LinkedIn has not suffered cognizable harm. But LinkedIn clearly alleges that hiQ has, without permission, accessed LinkedIn's website millions of times. LinkedIn has sustained at least some harm from this access, the quantum of which must be determined in discovery—particularly in light of them minimal harm California law requires to sustain a trespass to chattels claim in the digital context. *See, e.g.*, *Thrifty-Tel, Inc. v. Bezenek*, 46 Cal. App. 4th 1559, 1564, 1572 (1996) (finding an actionable claim where the defendants' conduct consumed 40 minutes of telephone system time). LinkedIn also alleges that it is suffering harm from copycat scrapers and will suffer more harm absent relief in this case. This theory of harm is cognizable under California law. *Intel Corp. v. Hamidi,* 30 Cal.4th 1342,1355–57 (2003) (holding that "conduct, if widely replicated, would likely impair the functioning of the plaintiff's system" states a trespass to chattels claim).

**III.** hiQ moves to strike the portion of LinkedIn's breach of contract counterclaim that applies past the date in 2017 that LinkedIn restricted hiQ's company page on LinkedIn's website. Mot. at 12–13. hiQ suggests that this Court and the Ninth Circuit held that hiQ's user status was terminated, and any breach of the User Agreement after that date is impossible because the contractual agreement between the parties was terminated. hiQ's argument is based on a factual issue discussed at the preliminary injunction stage—but factual issues cannot be determined on the incomplete record of a preliminary injunction and there is no preclusive effect to either court's holding. *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agr.*, 499 F.3d 1108, 1114 (9th Cir. 2007). Additionally, LinkedIn alleges that hiQ returned to LinkedIn's website later and, with knowledge of the User Agreement and its provision that it applies to all users of LinkedIn's website, accessed data on the website in violation of the User Agreement. LinkedIn states a claim for breach of the User Agreement based on this alleged conduct. *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175–76 (9th Cir. 2014) ("courts have consistently enforced [terms of service agreements that are binding upon use of a website] where the user had actual notice of the agreement.")

For the foregoing reasons, LinkedIn's request for judicial notice is **GRANTED** and hiQ's motions are **DENIED**.

**IT IS SO ORDERED**.

Dated: _____

HON. EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE