# EXHIBIT A



**LEGISLATIVE
INTENT SERVICE, INC.**

712 Main Street, Suite 200, Woodland, CA 95695
(800) 666-1917 • Fax (530) 668-5866 • www.legintent.com

---

### DECLARATION OF JENNY S. LILLGE

I, Jenny S. Lillge, declare:

I am an attorney licensed to practice in California, State Bar No. 265046, and am employed by Legislative Intent Service, Inc., a company specializing in researching the history and intent of legislation.

Under my direction and the direction of other attorneys on staff, the research staff of Legislative Intent Service, Inc. undertook to locate and obtain all documents relevant to the enactment of Senate Bill 255 of 1987. Senate Bill 255 was approved by the Legislature and was enacted as Chapter 1499 of the Statutes of 1987.

The following list identifies all documents obtained by the staff of Legislative Intent Service, Inc. on Senate Bill 255 of 1987. All listed documents have been forwarded with this Declaration except as otherwise noted in this Declaration. All documents gathered by Legislative Intent Service, Inc. and all copies forwarded with this Declaration are true and correct copies of the originals located by Legislative Intent Service, Inc. In compiling this collection, the staff of Legislative Intent Service, Inc. operated under directions to locate and obtain all available material on the bill.

**EXHIBIT A - SENATE BILL 255 OF 1987:**

    1.      All versions of Senate Bill 255 (Davis-1987);
    2.      Procedural history of Senate Bill 255 from the 1987-88 *Senate Final History*;
    3.      Analysis of Senate Bill 255 prepared for the Senate Committee on Judiciary;
    4.      Material from the legislative bill file of the Senate Committee on Judiciary on Senate Bill 255 as follows:
            a.      Previously Obtained Material,
+          b.      Updated Collection of Material;
    5.      Analysis of Senate Bill 255 prepared by the Legislative Analyst;

6. Material from the legislative bill file of the Senate Committee on Appropriations on Senate Bill 255 as follows:
    a. Previously Obtained Material,
+   b. Updated Collection of Material;
7. Third Reading analysis of Senate Bill 255 prepared by the Office of Senate Floor Analyses;
8. Material from the legislative bill file of the Office of Senate Floor Analyses on Senate Bill 255;
9. Three analyses of Senate Bill 255 prepared for the Assembly Committee on Public Safety;
10. Material from the legislative bill file of the Assembly Committee on Public Safety on Senate Bill 255;
11. Analysis of Senate Bill 255 prepared for the Assembly Committee on Ways and Means;
12. Three Third Reading analyses with attached Proposed Amendments of Senate Bill 255 prepared by the Assembly Committee on Public Safety;
13. Material from the legislative bill file of the Assembly Republican Caucus on Senate Bill 255 as follows:
    a. Previously Obtained Material,
+   b. Updated Collection of Material;
14. Unfinished Business analysis of Senate Bill 255 prepared by the Office of Senate Floor Analyses;
15. Material from the legislative bill file of Senator Ed Davis on Senate Bill 255;
16. Post-enrollment documents regarding Senate Bill 255;
17. Excerpt regarding Senate Bill 255 from the 1987 *Summary Digest of Statutes Enacted and Resolutions Adopted*, prepared by Legislative Counsel;
18. Excerpt regarding Senate Bill 255 from the 1987 *New Statutes Affecting the Criminal Law*, prepared by the Assembly Committee on Public Safety;
19. Documents from the Los Angeles County Board of Supervisors Office, regarding Los Angeles Computer Crime Task Force.

### EXHIBIT B - SENATE BILL 1786 OF 1986 – FAILED PREDECESSOR:

1. All versions of Senate Bill 1786 (Davis-1986);
2. Procedural history of Senate Bill 1786 from the 1985-86 *Senate Final History*;
3. Two analyses of Senate Bill 1786 prepared for the Senate Committee on Judiciary;

4.    Material from the legislative bill file of the Senate
      Committee on Judiciary on Senate Bill 1786 as follows:
      a.    Previously Obtained Material,
+     b.    Updated Collection of Material;

5.    Material from the legislative bill file of the Senate
      Committee on Appropriations on Senate Bill 1786 as
      follows:
      a.    Previously Obtained Material,
+     b.    Updated Collection of Material;

6.    Analysis of Senate Bill 1786 prepared by the Legislative
      Analyst;

7.    Third Reading analysis of Senate Bill 1786 prepared by the
      Office of Senate Floor Analyses;

8.    Material from the legislative bill file of the Office of Senate
      Floor Analyses on Senate Bill 1786;

9.    Three analyses of Senate Bill 1786 prepared for the
      Assembly Committee on Public Safety;

10.   Material from the legislative bill file of the Assembly
      Committee on Public Safety on Senate Bill 1786;

11.   Material from the legislative bill file of the Assembly
      Republican Caucus on Senate Bill 1786 as follows:
      a.    Previously Obtained Material,
+     b.    Updated Collection of Material.

**SENATE BILL**

No. 255

Introduced by Senator Davis

January 28, 1987

An act to repeal and add Section 502 of the Penal Code, relating to crimes.

### LEGISLATIVE COUNSEL'S DIGEST

SB 255, as introduced, Davis.  Computers.

Existing law provides that it is a public offense to engage in certain unlawful activities with regard to a computer system, computer network, computer program, and computer data. Existing law also allows the owner or lessee of computer systems, networks, programs, or data to maintain a civil action against any person convicted of violating the criminal provisions for compensatory damages.

This bill would substantially recast existing law. It would expand the scope of the prohibited activity, as specified, thereby imposing a state-mandated local program. It would also revise the definitions of that law. The bill, in addition to continuing to authorize a civil action, would provide that upon a conviction of a person, and following a hearing to determine property rights to the items involved, the items seized, as the result of a warrant or incident to an arrest, may be destroyed by the sheriff as contraband or turned over to the county in which the person was convicted or be distributed to any other public entity or nonprofit corporation in any manner deemed appropriate by the court. To the extent that it would increase the level of services required of local government by requiring the sheriff pursuant to court order to destroy certain computer-related items, it would create a state-mandated local program.

The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for


LEGISLATIVE INTENT SERVICE   (800) 666-1917

**SB 255**

**— 2 —**

making that reimbursement, including the creation of a State Mandates Claims Fund to pay the costs of mandates which do not exceed $500,000 statewide and other procedures for claims whose statewide costs exceed $500,000.

This bill would provide that for certain costs no reimbursement is required by this act for a specified reason.

However, the bill would provide that, if the Commission on State Mandates determines that this bill contains other costs mandated by the state, reimbursement for those costs shall be made pursuant to those statutory procedures and, if the statewide cost does not exceed $500,000, shall be payable from the State Mandates Claims Fund.

Vote: majority. Appropriation: no. Fiscal committee: yes. State-mandated local program: yes.

*The people of the State of California do enact as follows:*

1 SECTION 1. This act shall be known and may be
2 cited as the "Comprehensive Computer Data Access and
3 Fraud Act."
4 SEC. 2. Section 502 of the Penal Code is repealed.
5 502. (a) For purposes of this section:
6 (1) "Access" means to instruct, communicate with,
7 store data in, or retrieve data from, a computer system or
8 computer network.
9 (2) "Computer system" means a device or collection
10 of devices, excluding pocket calculators which are not
11 programmable and capable of being used in conjunction
12 with external files, one or more of which contain
13 computer programs and data, that performs functions,
14 including, but not limited to, logic, arithmetic, data
15 storage and retrieval, communication, and control.
16 (3) "Computer network" means an interconnection of
17 two or more computer systems.
18 (4) "Computer program" means an ordered set of
19 instructions or statements, and related data that, when
20 automatically executed in actual or modified form in a
21 computer system, causes it to perform specified
22 functions.
23 (5) "Data" means a representation of information,

**— 3 —**

**SB 255**

1 knowledge, facts, concepts, or instructions, which are
2 being prepared or have been prepared, in a formalized
3 manner, and are intended for use in a computer system
4 or computer network.
5 (6) "Financial instrument" includes, but is not limited
6 to, any check, draft, warrant, money order, note,
7 certificate of deposit, letter of credit, bill of exchange,
8 credit or debit card, transaction authorization
9 mechanism, marketable security, or any computer
10 system representation thereof.
11 (7) "Property" includes, but is not limited to, financial
12 instruments, data, computer programs, documents
13 associated with computer systems and computer
14 programs, or copies thereof, whether tangible or
15 intangible, including both human and computer system
16 readable data, and data while in transit.
17 (8) "Services" includes, but is not limited to, the use of
18 the computer system, computer network, computer
19 programs, or data prepared for computer use, or data
20 contained within a computer system, or data contained
21 within a computer network.
22 (b) Any person who intentionally accesses or causes to
23 be accessed any computer system or computer network
24 for the purpose of (1) devising or executing any scheme
25 or artifice to defraud or extort or (2) obtaining money,
26 property, or services with false or fraudulent intent,
27 representations, or promises, is guilty of a public offense.
28 (c) Any person who maliciously accesses, alters,
29 deletes, damages, destroys or disrupts the operation of
30 any computer system, computer network, computer
31 program, or data is guilty of a public offense.
32 (d) Any person who intentionally and without
33 authorization accesses any computer system, computer
34 network, computer program, or data, with knowledge
35 that the access was not authorized, shall be guilty of a
36 public offense. This subdivision shall not apply to any
37 person who accesses his or her employer's computer
38 system, computer network, computer program, or data
39 when acting within the scope of his or her employment.
40 (e) Any person who violates any provision of

(800) 666-1917

LEGISLATIVE INTENT SERVICE



SB 255

— 4 —

1 subdivision (b), or (c) unless specified otherwise, is
2 punishable by a fine not exceeding ten thousand dollars
3 ($10,000), or by imprisonment in the state prison for 16
4 months, or two or three years, or by both such fine and
5 imprisonment, or by a fine not exceeding five thousand
6 dollars ($5,000), or by imprisonment in the county jail not
7 exceeding one year, or by both such fine and
8 imprisonment.
9 (f) (1) A first violation of subdivision (d) which does
10 not result in injury is an infraction punishable by a fine
11 not exceeding two hundred fifty dollars ($250).
12 (2) A violation of subdivision (d) which results in an
13 injury, or a second or subsequent violation of subdivision
14 (d) with no injury, is a misdemeanor punishable by a fine
15 not exceeding five thousand dollars ($5,000), or by
16 imprisonment in the county jail not exceeding one year,
17 or by both such fine and imprisonment.
18 (2) As used in this subdivision, "injury" means any
19 alteration, deletion, damage, or destruction of a
20 computer system, computer network, computer
21 program, or data caused by the access, or any
22 expenditure reasonably and necessarily incurred by the
23 owner or lessee to verify that a computer system,
24 computer network, computer program, or data was not
25 altered, deleted, damaged, or destroyed by the access.
26 (g) In addition to any other civil remedy available, the
27 owner or lessee of the computer system, computer
28 network, computer program, or data may bring a civil
29 action against any person convicted under this section for
30 compensatory damages, including any expenditure
31 reasonably and necessarily incurred by the owner or
32 lessee to verify that a computer system, computer
33 network, computer program, or data was not altered,
34 damaged, or deleted by the access. For the purposes of
35 actions authorized by this subdivision, the conduct of an
36 unemancipated minor shall be imputed to the parent or
37 legal guardian having control or custody of the minor,
38 pursuant to the provisions of Section 1714.1 of the Civil
39 Code.
40 In any action brought pursuant to this subdivision, the

LEGISLATIVE INTENT SERVICE

1 court may award attorney's fees to a prevailing plaintiff.
2 (h) This section shall not be construed to preclude the
3 applicability of any other provision of the criminal law of
4 this state which applies or may apply to any transaction.
5 SEC. 3. Section 502 is added to the Penal Code, to
6 read:
7 502. (a) It is the intent of the Legislature in enacting
8 this section to expand the degree of protection afforded
9 to individuals, businesses, and governmental agencies
10 from tampering, interference, damage, and
11 unauthorized access to lawfully created computer data
12 and computer systems. The Legislature finds and
13 declares that the proliferation of computer technology
14 has resulted in a concomitant proliferation of computer
15 crime and other forms of unauthorized access to
16 computers, computer systems, and computer data.
17 The Legislature further finds and declares that
18 protection of the integrity of all types and forms of
19 lawfully created computers, computer systems, and
20 computer data is vital to the protection of the privacy of
21 individuals as well as to the well-being of financial
22 institutions, business concerns, governmental agencies,
23 and others within this state that lawfully utilize those
24 computers, computer systems, and data.
25 (b) For the purposes of this section, the following
26 terms have the following meanings:
27 (1) "Access" means to gain entry to, instruct, or
28 communicate with the logical, arithmetical, or memory
29 function resources of a computer, computer system, or
30 computer network.
31 (2) "Computer network" means two or more
32 computer systems connected by telecommunication
33 facilities.
34 (3) "Computer program or software" means a set of
35 instructions or statements, and related data, that when
36 executed in actual or modified form, cause a computer,
37 computer system, or computer network to perform
38 specified functions.
39 (4) "Computer services" includes, but is not limited
40 to, computer time, data processing, or storage functions,

(800) 666-1917



SB 255

— 6 —

1 or other uses of a computer, computer system, or
2 computer network.
3 (5) "Computer system" means a device or collection
4 of devices, including support devices and excluding
5 calculators which are not programmable and capable of
6 being used in conjunction with external files, one or more
7 of which contain computer programs, electronic
8 instructions, input data, and output data, that performs
9 functions including, but not limited to, logic, arithmetic,
10 data storage and retrieval, communication, and control.
11 (6) "Data" means a representation of information,
12 knowledge, facts, concepts, computer software,
13 computer programs or instructions. Data may be in any
14 form, in storage media, or as stored in the memory of the
15 computer or in transit or presented on a display device.
16 (7) "Supporting documentation" includes, but is not
17 limited to, all information, in any form, pertaining to the
18 design, construction, classification, implementation, use,
19 or modification of a computer, computer system,
20 computer network, computer program, or computer
21 software, which information is not generally available to
22 the public and is necessary for the operation of a
23 computer, computer system, computer network,
24 computer program, or computer software.
25 (8) "Injury" means any alteration, deletion, damage,
26 or destruction of a computer system, computer network,
27 computer program, or data caused by the access, or any
28 expenditure reasonably and necessarily incurred by the
29 owner or lessee to verify that a computer system,
30 computer network, computer program, or data was or
31 was not altered, deleted, damaged, or destroyed by the
32 access.
33 (c) Except as provided in subdivision (i), any person
34 who commits any of the following acts is guilty of a public
35 offense:
36 (1) Knowingly accesses and without permission alters,
37 damages, deletes, destroys, or otherwise uses any data,
38 computer, computer system, or computer network in
39 order to either (A) devise or execute any scheme or
40 artifice to defraud or deceive, or (B) wrongfully control

— 7 —

1 or obtain money, property, data, or services.
2 (2) Knowingly accesses and without permission takes,
3 copies, or makes use of any data from a computer,
4 computer system, or computer network, or takes or
5 copies any supporting documentation, whether existing
6 or residing internal or external to a computer, computer
7 system, or computer network.
8 (3) Knowingly and without permission uses or causes
9 to be used computer services.
10 (4) Knowingly accesses and without permission adds,
11 alters, damages, deletes, or destroys any data, computer
12 software, or computer programs which reside or exist
13 internal or external to a computer, computer system, or
14 computer network.
15 (5) Knowingly and without permission disrupts or
16 causes the disruption of computer services or denies or
17 causes the denial of computer services to an authorized
18 user of a computer, computer system, or computer
19 network.
20 (6) Knowingly and without permission provides or
21 assists in providing a means of accessing a computer,
22 computer system, or computer network in violation of
23 this section.
24 (7) Knowingly and without permission accesses or
25 causes to be accessed any computer, computer system, or
26 computer network.
27 (d) (1) Any person who violates any of the provisions
28 of paragraph (1), (2), (4), or (5) of subdivision (c) is
29 punishable by a fine not exceeding ten thousand dollars
30 ($10,000), or by imprisonment in the state prison for 16
31 months, or two or three years, or by both that fine and
32 imprisonment, or by a fine not exceeding five thousand
33 dollars ($5,000), or by imprisonment in the county jail not
34 exceeding one year, or by both that fine and
35 imprisonment.
36 (2) Any person who violates paragraph (3) of
37 subdivision (c) is punishable as follows:
38 (A) For the first violation which does not result in
39 injury, and where the value of the computer services
40 used does not exceed four hundred dollars ($400), by a

SB 255

SB 255

— 8 —

1 fine not exceeding five thousand dollars ($5,000), or by
2 imprisonment in the county jail not exceeding one year,
3 or by both that fine and imprisonment.
4 (B) For any violation which results in injury or for any
5 second or subsequent violation, by a fine not exceeding
6 ten thousand dollars ($10,000), or by imprisonment in the
7 state prison for 16 months, or two or three years, or by
8 both that fine and imprisonment, or by a fine not
9 exceeding five thousand dollars ($5,000), or by
10 imprisonment in the county jail not exceeding one year,
11 or by both that fine and imprisonment.
12 (3) Any person who violates paragraph (6) or (7) of
13 subdivision (c) is punishable as follows:
14 (A) For a first violation which does not result in injury,
15 an infraction punishable by a fine not exceeding two
16 hundred fifty dollars ($250).
17 (B) For any violation which results in injury or for a
18 second or subsequent violation, by a fine not exceeding
19 ten thousand dollars ($10,000), or by imprisonment in the
20 state prison for 16 months, or two or three years, or by
21 both that fine and imprisonment, or by a fine not
22 exceeding five thousand dollars ($5,000), or by
23 imprisonment in the county jail not exceeding one year,
24 or by both that fine and imprisonment.
25 (e) (1) In addition to any other civil remedy
26 available, the owner or lessee of the computer, computer
27 system, computer network, computer program, or data
28 may bring a civil action against any person convicted
29 under this section for compensatory damages, including
30 any expenditure reasonably and necessarily incurred by
31 the owner or lessee to verify that a computer system,
32 computer network, computer program, or data was or
33 was not altered, damaged, or deleted by the access. For
34 the purposes of actions authorized by this subdivision, the
35 conduct of an unemancipated minor shall be imputed to
36 the parent or legal guardian having control or custody of
37 the minor, pursuant to the provisions of Section 1714.1 of
38 the Civil Code.
39 (2) In any action brought pursuant to this subdivision
40 the court may award reasonable attorney's fees to a

SB 255

— 9 —

1 prevailing party.
2 (f) This section shall not be construed to preclude the
3 applicability of any other provision of the criminal law of
4 this state which applies or may apply to any transaction.
5 (g) This section applies only to public offenses
6 committed on or after January 1, 1988. It is the intent of
7 the Legislature that this section be given no retroactive
8 effect and persons who commit a violation of the
9 provisions of Section 502 in effect prior to January 1, 1988,
10 shall be held responsible therefor.
11 (h) Any computer, computer system, computer
12 program, instrument, apparatus, device, plans,
13 instructions, or written publication used in the
14 commission of any public offense described in subdivision
15 (c) may be seized under warrant or incident to a lawful
16 arrest. Upon the conviction of a person for a violation of
17 subdivision (c), and following a hearing to determine
18 property rights to the items involved, the seized
19 computer, computer system, computer program,
20 instrument, apparatus, device, plans, instructions, or
21 written publication, if owned or controlled by the person
22 so convicted, or owned or controlled by a person or entity
23 that knowingly allowed the use of the seized items in the
24 commission of any offense described in subdivision (c)
25 and that person or entity was notified of the hearing
26 described in this subdivision, provided their identity was
27 known, may be destroyed as contraband by the sheriff of
28 the county in which the person was convicted or turned
29 over to the county in which the person was convicted for
30 use by the county or for distribution to any other public
31 entity or nonprofit corporation in any manner deemed
32 appropriate by the court.
33 (i) Subdivision (c) does not apply to any person who
34 accesses his or her employer's computer system,
35 computer network, computer program, or data when
36 acting within the scope of his or her employment.
37 SEC. 4. No reimbursement is required by this act
38 pursuant to Section 6 of Article XIII B of the California
39 Constitution for those costs which may be incurred by a
40 local agency or school district because this act creates a



1 new crime or infraction, changes the definition of a crime
2 or infraction, changes the penalty for a crime or
3 infraction, or eliminates a crime or infraction.
4    However, notwithstanding Section 17610 of the
5 Government Code, if the Commission on State Mandates
6 determines that this act contains other costs mandated by
7 the state, reimbursement to local agencies and school
8 districts for those costs shall be made pursuant to Part 7
9 (commencing with Section 17500) of Division 4 of Title
10 2 of the Government Code. If the statewide cost of the
11 claim for reimbursement does not exceed five hundred
12 thousand dollars ($500,000), reimbursement shall be
13 made from the State Mandates Claims Fund.



LEGISLATIVE INTENT SERVICE   (800) 666-1917

AMENDED IN SENATE MARCH 24, 1987

SENATE BILL                    No. 255

Introduced by Senator Davis

January 28, 1987

An act to repeal and add Section 502 of the Penal Code, relating to crimes.

LEGISLATIVE COUNSEL'S DIGEST

SB 255, as amended, Davis.   Computers.

Existing law provides that it is a public offense to engage in certain unlawful activities with regard to a computer system, computer network, computer program, and computer data.

Existing law also allows the owner or lessee of computer systems, networks, programs, or data to maintain a civil action against any person convicted of violating the criminal provisions for compensatory damages.

This bill would substantially recast existing law. It would expand the scope of the prohibited activity, as specified, thereby imposing a state-mandated local program. It would also revise the definitions of that law. The bill, in addition to continuing to authorize a civil action, would provide that upon a conviction of a person, and following a hearing to determine property rights to the items involved, the items seized, as the result of a warrant or incident to an arrest, may be destroyed by the sheriff as contraband or turned over to the county in which the person was convicted or be distributed to any other public entity or nonprofit corporation in any manner deemed appropriate by the court. To the extent that it would increase the level of services required of local government by requiring the sheriff pursuant to court order to destroy certain computer-related items, it would create a state-mandated local program.

The California Constitution requires the state to reimburse



LEGISLATIVE INTENT SERVICE    (800) 666-1917

98  50

local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement, including the creation of a State Mandates Claims Fund to pay the costs of mandates which do not exceed $500,000 statewide and other procedures for claims whose statewide costs exceed $500,000.

This bill would provide that for certain costs no reimbursement is required by this act for a specified reason.

However, the bill would provide that, if the Commission on State Mandates determines that this bill contains other costs mandated by the state, reimbursement for those costs shall be made pursuant to those statutory procedures and, if the statewide cost does not exceed $500,000, shall be payable from the State Mandates Claims Fund.

Vote: majority. Appropriation: no. Fiscal committee: yes. State-mandated local program: yes.

*The people of the State of California do enact as follows:*

1   SECTION 1. This act shall be known and may be
2 cited as the "Comprehensive Computer Data Access and
3 Fraud Act."
4   SEC. 2. Section 502 of the Penal Code is repealed.
5   SEC. 3. Section 502 is added to the Penal Code, to
6 read:
7   502. (a) It is the intent of the Legislature in enacting
8 this section to expand the degree of protection afforded
9 to individuals, businesses, and governmental agencies
10 from tampering, interference, damage, and
11 unauthorized access to lawfully created computer data
12 and computer systems. The Legislature finds and
13 declares that the proliferation of computer technology
14 has resulted in a concomitant proliferation of computer
15 crime and other forms of unauthorized access to
16 computers, computer systems, and computer data.
17   The Legislature further finds and declares that
18 protection of the integrity of all types and forms of
19 lawfully created computers, computer systems, and
20 computer data is vital to the protection of the privacy of
21 individuals as well as to the well-being of financial

1 institutions, business concerns, governmental agencies,
2 and others within this state that lawfully utilize those
3 computers, computer systems, and data.
4   (b) For the purposes of this section, the following
5 terms have the following meanings:
6   (1) "Access" means to gain entry to, instruct, or
7 communicate with the logical, arithmetical, or memory
8 function resources of a computer, computer system, or
9 computer network.
10   (2) "Computer network" means two or more
11 computer systems connected by telecommunication
12 facilities.
13   (3) "Computer program or software" means a set of
14 instructions or statements, and related data, that when
15 executed in actual or modified form, cause a computer,
16 computer system, or computer network to perform
17 specified functions.
18   (4) "Computer services" includes, but is not limited
19 to, computer time, data processing, or storage functions,
20 or other uses of a computer, computer system, or
21 computer network.
22   (5) "Computer system" means a device or collection
23 of devices, including support devices and excluding
24 calculators which are not programmable and capable of
25 being used in conjunction with external files, one or more
26 of which contain computer programs, electronic
27 instructions, input data, and output data, that performs
28 functions including, but not limited to, logic, arithmetic,
29 data storage and retrieval, communication, and control.
30   (6) "Data" means a representation of information,
31 knowledge, facts, concepts, computer software,
32 computer programs or instructions. Data may be in any
33 form, in storage media, or as stored in the memory of the
34 computer or in transit or presented on a display device.
35   (7) "Supporting documentation" includes, but is not
36 limited to, all information, in any form, pertaining to the
37 design, construction, classification, implementation, use,
38 or modification of a computer, computer system,
39 computer network, computer program, or computer
40 software, which information is not generally available to



1 the public and is necessary for the operation of a
2 computer, computer system, computer network,
3 computer program, or computer software.
4 (8) "Injury" means any alteration, deletion, damage,
5 or destruction of a computer system, computer network,
6 computer program, or data caused by the access, or
7 access.
8 (9) "Victim expenditure" means any expenditure
9 reasonably and necessarily incurred by the owner or
10 lessee to verify that a computer system, computer
11 network, computer program, or data was or was not
12 altered, deleted, damaged, or destroyed by the access.
13 (c) Except as provided in subdivision (i), any person
14 who commits any of the following acts is guilty of a public
15 offense:
16 (1) Knowingly accesses and without permission alters,
17 damages, deletes, destroys, or otherwise uses any data,
18 computer, computer system, or computer network in
19 order to either (A) devise or execute any scheme or
20 artifice to defraud or deceive, or (B) wrongfully control
21 or obtain money, property, data, or services.
22 (2) Knowingly accesses and without permission takes,
23 copies, or makes use of any data from a computer,
24 computer system, or computer network, or takes or
25 copies any supporting documentation, whether existing
26 or residing internal or external to a computer, computer
27 system, or computer network.
28 (3) Knowingly and without permission uses or causes
29 to be used computer services.
30 (4) Knowingly accesses and without permission adds,
31 alters, damages, deletes, or destroys any data, computer
32 software, or computer programs which reside or exist
33 internal or external to a computer, computer system, or
34 computer network.
35 (5) Knowingly and without permission disrupts or
36 causes the disruption of computer services or denies or
37 causes the denial of computer services to an authorized
38 user of a computer, computer system, or computer
39 network.
40 (6) Knowingly and without permission provides or

1 assists in providing a means of accessing a computer,
2 computer system, or computer network in violation of
3 this section.
4 (7) Knowingly and without permission accesses or
5 causes to be accessed any computer, computer system, or
6 computer network.
7 (d) (1) Any person who violates any of the provisions
8 of paragraph (1), (2), (4), or (5) of subdivision (c) is
9 punishable by a fine not exceeding ten thousand dollars
10 ($10,000), or by imprisonment in the state prison for 16
11 months, or two or three years, or by both that fine and
12 imprisonment, or by a fine not exceeding five thousand
13 dollars ($5,000), or by imprisonment in the county jail not
14 exceeding one year, or by both that fine and
15 imprisonment.
16 (2) Any person who violates paragraph (3) of
17 subdivision (c) is punishable as follows:
18 (A) For the first violation which does not result in
19 injury, and where the value of the computer services
20 used does not exceed four hundred dollars ($400), by a
21 fine not exceeding five thousand dollars ($5,000), or by
22 imprisonment in the county jail not exceeding one year,
23 or by both that fine and imprisonment.
24 (B) For any violation which results in a *victim*
25 *expenditure in an amount greater than five thousand*
26 *dollars ($5,000) or in an injury*, or for any second or
27 subsequent violation, by a fine not exceeding ten
28 thousand dollars ($10,000), or by imprisonment in the
29 state prison for 16 months, or two or three years, or by
30 both that fine and imprisonment, or by a fine not
31 exceeding five thousand dollars ($5,000), or by
32 imprisonment in the county jail not exceeding one year,
33 or by both that fine and imprisonment.
34 (3) Any person who violates paragraph (6) or (7) of
35 subdivision (c) is punishable as follows:
36 (A) For a first violation which does not result in injury,
37 an infraction punishable by a fine not exceeding two
38 hundred fifty dollars ($250).
39 (B) For any violation which results in a *victim*
40 *expenditure in an amount not exceeding five thousand*



SB 255

— 6 —

1 dollars ($5,000) or in an injury, or for a second or
2 subsequent violation, by a fine not exceeding ten
3 thousand dollars ($10,000), or by imprisonment in the
4 state prison for 16 months, or two or three years, or by
5 both that fine and imprisonment, or by a fine not
6 exceeding five thousand dollars ($5,000), or by
7 imprisonment in the county jail not exceeding one year,
8 or by both that fine and imprisonment.
9 *(C) For any violation which results in a victim*
10 *expenditure in an amount greater than five thousand*
11 *dollars ($5,000) or an injury, by a fine not exceeding ten*
12 *thousand dollars ($10,000), or by imprisonment in the*
13 *state prison for 16 months, or two or three years, or by*
14 *both that fine and imprisonment.*
15 (e) (1) In addition to any other civil remedy
16 available, the owner or lessee of the computer, computer
17 system, computer network, computer program, or data
18 may bring a civil action against any person convicted
19 under this section for compensatory damages, including
20 any expenditure reasonably and necessarily incurred by
21 the owner or lessee to verify that a computer system,
22 computer network, computer program, or data was or
23 was not altered, damaged, or deleted by the access. For
24 the purposes of actions authorized by this subdivision, the
25 conduct of an unemancipated minor shall be imputed to
26 the parent or legal guardian having control or custody of
27 the minor, pursuant to the provisions of Section 1714.1 of
28 the Civil Code.
29 (2) In any action brought pursuant to this subdivision
30 the court may award reasonable attorney's fees to a
31 prevailing party.
32 (f) This section shall not be construed to preclude the
33 applicability of any other provision of the criminal law of
34 this state which applies or may apply to any transaction.
35 (g) This section applies only to public offenses
36 committed on or after January 1, 1988. It is the intent of
37 the Legislature that this section be given no retroactive
38 effect and persons who commit a violation of the
39 provisions of Section 502 in effect prior to January 1, 1988,
40 shall be held responsible therefor.

SB 255

— 7 —

1 (h) Any computer, computer system, computer
2 program, instrument, apparatus, device, plans,
3 instructions, or written publication used in the
4 commission of any public offense described in subdivision
5 (c) may be seized under warrant or incident to a lawful
6 arrest. Upon the conviction of a person for a violation of
7 subdivision (c), and following a hearing to determine
8 property rights to the items involved, the seized
9 computer, computer system, computer program,
10 instrument, apparatus, device, plans, instructions, or
11 written publication, if owned or controlled by the person
12 so convicted, or owned or controlled by a person or entity
13 that knowingly allowed the use of the seized items in the
14 commission of any offense described in subdivision (c)
15 and that person or entity was notified of the hearing
16 described in this subdivision, provided their identity was
17 known, may be destroyed as contraband by the sheriff of
18 the county in which the person was convicted or turned
19 over to the county in which the person was convicted for
20 use by the county or for distribution to any other public
21 entity or nonprofit corporation in any manner deemed
22 appropriate by the court.
23 (i) Subdivision (c) does not apply to any person who
24 accesses his or her employer's computer system,
25 computer network, computer program, or data when
26 acting within the scope of his or her employment.
27 SEC. 4. No reimbursement is required by this act
28 pursuant to Section 6 of Article XIII B of the California
29 Constitution for those costs which may be incurred by a
30 local agency or school district because this act creates a
31 new crime or infraction, changes the definition of a crime
32 or infraction, changes the penalty for a crime or
33 infraction, or eliminates a crime or infraction.
34 However, notwithstanding Section 17610 of the
35 Government Code, if the Commission on State Mandates
36 determines that this act contains other costs mandated by
37 the state, reimbursement to local agencies and school
38 districts for those costs shall be made pursuant to Part 7
39 (commencing with Section 17500) of Division 4 of Title
40 2 of the Government Code. If the statewide cost of the

SB 255          — 8 —

1  claim for reimbursement does not exceed five hundred
2  thousand dollars ($500,000), reimbursement shall be
3  made from the State Mandates Claims Fund.

O

LEGISLATIVE INTENT SERVICE          (800) 666-1917

AMENDED IN SENATE MARCH 30, 1987
AMENDED IN SENATE MARCH 24, 1987

# SENATE BILL No. 255

**Introduced by Senator Davis**

January 28, 1987

An act to repeal and add Section 502 of the Penal Code, relating to crimes.

### LEGISLATIVE COUNSEL'S DIGEST

SB 255, as amended, Davis. Computers.

Existing law provides that it is a public offense to engage in certain unlawful activities with regard to a computer system, computer network, computer program, and computer data. Existing law also allows the owner or lessee of computer systems, networks, programs, or data to maintain a civil action against any person convicted of violating the criminal provisions for compensatory damages.

This bill would substantially recast existing law. It would expand the scope of the prohibited activity, as specified, thereby imposing a state-mandated local program. It would also revise the definitions of that law. The bill, in addition to continuing to authorize a civil action, would provide that upon a conviction of a person *or upon the sustaining of a petition by the juvenile court*, and following a hearing to determine property rights to the items involved, the items seized, as the result of a warrant or incident to an arrest, may be destroyed by the sheriff as contraband or turned over to the county in which the person was convicted *or adjudicated* or be distributed to any other public entity or nonprofit corporation in any manner deemed appropriate by the court. To the extent that it would increase the level of services required of local government by requiring the sheriff

LEGISLATIVE INTENT SERVICE   (800) 666-1917



97  50

pursuant to court order to destroy certain computer-related items, it would create a state-mandated local program.

The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement, including the creation of a State Mandates Claims Fund to pay the costs of mandates which do not exceed $500,000 statewide and other procedures for claims whose statewide costs exceed $500,000.

This bill would provide that for certain costs no reimbursement is required by this act for a specified reason.

However, the bill would provide that, if the Commission on State Mandates determines that this bill contains other costs mandated by the state, reimbursement for those costs shall be made pursuant to those statutory procedures and, if the statewide cost does not exceed $500,000, shall be payable from the State Mandates Claims Fund.

Vote: majority. Appropriation: no. Fiscal committee: yes. State-mandated local program: yes.

*The people of the State of California do enact as follows:*

1 SECTION 1. This act shall be known and may be
2 cited as the "Comprehensive Computer Data Access and
3 Fraud Act."
4 SEC. 2. Section 502 of the Penal Code is repealed.
5 SEC. 3. Section 502 is added to the Penal Code, to
6 read:
7 502. (a) It is the intent of the Legislature in enacting
8 this section to expand the degree of protection afforded
9 to individuals, businesses, and governmental agencies
10 from tampering, interference, damage, and
11 unauthorized access to lawfully created computer data
12 and computer systems. The Legislature finds and
13 declares that the proliferation of computer technology
14 has resulted in a concomitant proliferation of computer
15 crime and other forms of unauthorized access to
16 computers, computer systems, and computer data.
17 The Legislature further finds and declares that
18 protection of the integrity of all types and forms of

1 lawfully created computers, computer systems, and
2 computer data is vital to the protection of the privacy of
3 individuals as well as to the well-being of financial
4 institutions, business concerns, governmental agencies,
5 and others within this state that lawfully utilize those
6 computers, computer systems, and data.
7 (b) For the purposes of this section, the following
8 terms have the following meanings:
9 (1) "Access" means to gain entry to, instruct, or
10 communicate with the logical, arithmetical, or memory
11 function resources of a computer, computer system, or
12 computer network.
13 (2) "Computer network" means two or more
14 computer systems connected by telecommunication
15 facilities.
16 (3) "Computer program or software" means a set of
17 instructions or statements, and related data, that when
18 executed in actual or modified form, cause a computer,
19 computer system, or computer network to perform
20 specified functions.
21 (4) "Computer services" includes, but is not limited
22 to, computer time, data processing, or storage functions,
23 or other uses of a computer, computer system, or
24 computer network.
25 (5) "Computer system" means a device or collection
26 of devices, including support devices and excluding
27 calculators which are not programmable and capable of
28 being used in conjunction with external files, one or more
29 of which contain computer programs, electronic
30 instructions, input data, and output data, that performs
31 functions including, but not limited to, logic, arithmetic,
32 data storage and retrieval, communication, and control.
33 (6) "Data" means a representation of information,
34 knowledge, facts, concepts, computer software,
35 computer programs or instructions. Data may be in any
36 form, in storage media, or as stored in the memory of the
37 computer or in transit or presented on a display device.
38 (7) "Supporting documentation" includes, but is not
39 limited to, all information, in any form, pertaining to the
40 design, construction, classification, implementation, use,

SB 255

— 4 —

1 or modification of a computer, computer system,
2 computer network, computer program, or computer
3 software, which information is not generally available to
4 the public and is necessary for the operation of a
5 computer, computer system, computer network,
6 computer program, or computer software.
7 (8) "Injury" means any alteration, deletion, damage,
8 or destruction of a computer system, computer network,
9 computer program, or data caused by the access.
10 (9) "Victim expenditure" means any expenditure
11 reasonably and necessarily incurred by the owner or
12 lessee to verify that a computer system, computer
13 network, computer program, or data was or was not
14 altered, deleted, damaged, or destroyed by the access.
15 (c) Except as provided in subdivision (i), any person
16 who commits any of the following acts is guilty of a public
17 offense:
18 (1) Knowingly accesses and without permission alters,
19 damages, deletes, destroys, or otherwise uses any data,
20 computer, computer system, or computer network in
21 order to either (A) devise or execute any scheme or
22 artifice to defraud ~~or deceive~~ *deceive, or extort*, or (B)
23 wrongfully control or obtain money, property, data, or
24 services.
25 (2) Knowingly accesses and without permission takes,
26 copies, or makes use of any data from a computer,
27 computer system, or computer network, or takes or
28 copies any supporting documentation, whether existing
29 or residing internal or external to a computer, computer
30 system, or computer network.
31 (3) Knowingly and without permission uses or causes
32 to be used computer services.
33 (4) Knowingly accesses and without permission adds,
34 alters, damages, deletes, or destroys any data, computer
35 software, or computer programs which reside or exist
36 internal or external to a computer, computer system, or
37 computer network.
38 (5) Knowingly and without permission disrupts or
39 causes the disruption of computer services or denies or
40 causes the denial of computer services to an authorized

SB 255

— 5 —

1 user of a computer, computer system, or computer
2 network.
3 (6) Knowingly and without permission provides or
4 assists in providing a means of accessing a computer,
5 computer system, or computer network in violation of
6 this section.
7 (7) Knowingly and without permission accesses or
8 causes to be accessed any computer, computer system, or
9 computer network.
10 (d) (1) Any person who violates any of the provisions
11 of paragraph (1), (2), (4), or (5) of subdivision (c) is
12 punishable by a fine not exceeding ten thousand dollars
13 ($10,000), or by imprisonment in the state prison for 16
14 months, or two or three years, or by both that fine and
15 imprisonment, or by a fine not exceeding five thousand
16 dollars ($5,000), or by imprisonment in the county jail not
17 exceeding one year, or by both that fine and
18 imprisonment.
19 (2) Any person who violates paragraph (3) of
20 subdivision (c) is punishable as follows:
21 (A) For the first violation which does not result in
22 injury, and where the value of the computer services
23 used does not exceed four hundred dollars ($400), by a
24 fine not exceeding five thousand dollars ($5,000), or by
25 imprisonment in the county jail not exceeding one year,
26 or by both that fine and imprisonment.
27 (B) For any violation which results in a victim
28 expenditure in an amount greater than five thousand
29 dollars ($5,000) or in an injury, *or if the value of the*
30 *computer services used exceeds four hundred dollars*
31 *($400)*, or for any second or subsequent violation, by a
32 fine not exceeding ten thousand dollars ($10,000), or by
33 imprisonment in the state prison for 16 months, or two or
34 three years, or by both that fine and imprisonment, or by
35 a fine not exceeding five thousand dollars ($5,000), or by
36 imprisonment in the county jail not exceeding one year,
37 or by both that fine and imprisonment.
38 (3) Any person who violates paragraph (6) or (7) of
39 subdivision (c) is punishable as follows:
40 (A) For a first violation which does not result in injury,

1 an infraction punishable by a fine not exceeding two
2 hundred fifty dollars ($250).
3 (B) For any violation which results in a victim
4 expenditure in an amount not exceeding *greater than*
5 five thousand dollars ($5,000) or in an injury, or for a
6 second or subsequent violation, by a fine not exceeding
7 five thousand dollars ($5,000), or by imprisonment in the
8 county jail not exceeding one year, or by both that fine
9 and imprisonment.
10 (C) For any violation which results in a victim
11 expenditure in an amount greater than five thousand
12 dollars ($5,000) or an injury, by a fine not exceeding ten
13 thousand dollars ($10,000), or by imprisonment in the
14 state prison for 16 months, or two or three years, or by
15 both that fine and imprisonment.
16 (e) (1) In addition to any other civil remedy
17 available, the owner or lessee of the computer, computer
18 system, computer network, computer program, or data
19 may bring a civil action against any person convicted
20 under this section for compensatory damages, including
21 any expenditure reasonably and necessarily incurred by
22 the owner or lessee to verify that a computer system,
23 computer network, computer program, or data was or
24 was not altered, damaged, or deleted by the access. For
25 the purposes of actions authorized by this subdivision, the
26 conduct of an unemancipated minor shall be imputed to
27 the parent or legal guardian having control or custody of
28 the minor, pursuant to the provisions of Section 1714.1 of
29 the Civil Code.
30 (2) In any action brought pursuant to this subdivision
31 the court may award reasonable attorney's fees to a
32 prevailing party.
33 (f) This section shall not be construed to preclude the
34 applicability of any other provision of the criminal law of
35 this state which applies or may apply to any transaction.
36 (g) This section applies only to public offenses
37 committed on or after January 1, 1988. It is the intent of
38 the Legislature that this section be given no retroactive
39 effect and persons who commit a violation of the
40 provisions of Section 502 in effect prior to January 1, 1988,

1 shall be held responsible therefor.
2 (h) Any computer, computer system, computer
3 program, instrument, apparatus, device, plans,
4 instructions, or written publication used in the
5 commission of any public offense described in subdivision
6 (c) may be seized under warrant or incident to a lawful
7 arrest. Upon the conviction *or the sustaining of a petition*
8 *by the juvenile court* of a person for a *misdemeanor or*
9 *felony* violation of subdivision (c), and following a
10 hearing to determine property rights to the items
11 involved, the seized computer, computer system,
12 computer program, instrument, apparatus, device, plans,
13 instructions, or written publication, if owned ~~or~~
14 ~~controlled~~ by the person so convicted *or adjudicated*, or
15 owned or controlled by a person or entity that knowingly
16 allowed the use of the seized items in the commission of
17 any offense described in subdivision (c) and that person
18 or entity was notified of the hearing described in this
19 subdivision, provided their identity was known, may be
20 destroyed as contraband by the sheriff of the county in
21 which the person was convicted or turned over to the
22 county in which the person was convicted *or adjudicated*
23 for use by the county or for distribution to any other
24 public entity or nonprofit corporation in any manner
25 deemed appropriate by the court.
26 (i) Subdivision (c) does not apply to any person who
27 accesses his or her employer's computer system,
28 computer network, computer program, or data when
29 acting within the scope of his or her employment.
30 SEC. 4. No reimbursement is required by this act
31 pursuant to Section 6 of Article XIII B of the California
32 Constitution for those costs which may be incurred by a
33 local agency or school district because this act creates a
34 new crime or infraction, changes the definition of a crime
35 or infraction, changes the penalty for a crime or
36 infraction, or eliminates a crime or infraction.
37 However, notwithstanding Section 17610 of the
38 Government Code, if the Commission on State Mandates
39 determines that this act contains other costs mandated by
40 the state, reimbursement to local agencies and school



**SB 255**

— 8 —

1 districts for those costs shall be made pursuant to Part 7
2 (commencing with Section 17500) of Division 4 of Title
3 2 of the Government Code. If the statewide cost of the
4 claim for reimbursement does not exceed five hundred
5 thousand dollars ($500,000), reimbursement shall be
6 made from the State Mandates Claims Fund.

LEGISLATIVE INTENT SERVICE     (800) 666-1917

AMENDED IN ASSEMBLY MAY 21, 1987
AMENDED IN SENATE MARCH 30, 1987
AMENDED IN SENATE MARCH 24, 1987

SENATE BILL                                    No. 255

Introduced by Senator Davis

January 28, 1987

An act to repeal and add Section 502 of the Penal Code, relating to crimes.

LEGISLATIVE COUNSEL'S DIGEST

SB 255, as amended, Davis.   Computers.

Existing law provides that it is a public offense to engage in certain unlawful activities with regard to a computer system, computer network, computer program, and computer data. Existing law also allows the owner or lessee of computer systems, networks, programs, or data to maintain a civil action against any person convicted of violating the criminal provisions for compensatory damages.

This bill would substantially recast existing law. It would expand the scope of the prohibited activity, as specified, thereby imposing a state-mandated local program. It would also revise the definitions of that law. The bill, in addition to continuing to authorize a civil action, would provide that upon a conviction of a person or upon the sustaining of a petition by the juvenile court, and following a hearing to determine property rights to the items involved, the items seized, as the result of a warrant or incident to an arrest, may be destroyed by the sheriff as contraband or turned over to the county in which the person was convicted or adjudicated or be distributed to any other public entity or nonprofit corporation in any manner deemed appropriate by the court. *This bill would specify that for purposes of bringing a criminal*

LEGISLATIVE INTENT SERVICE   (800) 666-1917

**SB 255**

**— 2 —**

action under this law, a person who causes, by any means, the access of a computer, computer system, or computer network in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer, computer system, or computer network in each jurisdiction. To the extent that it would increase the level of services required of local government by requiring the sheriff pursuant to court order to destroy certain computer-related items, it would create a state-mandated local program.

The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement, including the creation of a State Mandates Claims Fund to pay the costs of mandates which do not exceed $500,000 statewide and other procedures for claims whose statewide costs exceed $500,000.

This bill would provide that for certain costs no reimbursement is required by this act for a specified reason.

However, the bill would provide that, if the Commission on State Mandates determines that this bill contains other costs mandated by the state, reimbursement for those costs shall be made pursuant to those statutory procedures and, if the statewide cost does not exceed $500,000, shall be payable from the State Mandates Claims Fund.

Vote: majority. Appropriation: no. Fiscal committee: yes. State-mandated local program: yes.

*The people of the State of California do enact as follows:*

1 SECTION 1. This act shall be known and may be
2 cited as the "Comprehensive Computer Data Access and
3 Fraud Act."
4 SEC. 2. Section 502 of the Penal Code is repealed.
5 SEC. 3. Section 502 is added to the Penal Code, to
6 read:
7 502. (a) It is the intent of the Legislature in enacting
8 this section to expand the degree of protection afforded
9 to individuals, businesses, and governmental agencies
10 from tampering, interference, damage, and
11 unauthorized access to lawfully created computer data

**SB 255**

**— 3 —**

1 and computer systems. The Legislature finds and
2 declares that the proliferation of computer technology
3 has resulted in a concomitant proliferation of computer
4 crime and other forms of unauthorized access to
5 computers, computer systems, and computer data.
6 The Legislature further finds and declares that
7 protection of the integrity of all types and forms of
8 lawfully created computers, computer systems, and
9 computer data is vital to the protection of the privacy of
10 individuals as well as to the well-being of financial
11 institutions, business concerns, governmental agencies,
12 and others within this state that lawfully utilize those
13 computers, computer systems, and data.
14 (b) For the purposes of this section, the following
15 terms have the following meanings:
16 (1) "Access" means to gain entry to, instruct, or
17 communicate with the logical, arithmetical, or memory
18 function resources of a computer, computer system, or
19 computer network.
20 (2) "Computer network" means two or more
21 computer systems connected by telecommunication
22 facilities.
23 (3) "Computer program or software" means a set of
24 instructions or statements, and related data, that when
25 executed in actual or modified form, cause a computer,
26 computer system, or computer network to perform
27 specified functions.
28 (4) "Computer services" includes, but is not limited
29 to, computer time, data processing, or storage functions,
30 or other uses of a computer, computer system, or
31 computer network.
32 (5) "Computer system" means a device or collection
33 of devices, including support devices and excluding
34 calculators which are not programmable and capable of
35 being used in conjunction with external files, one or more
36 of which contain computer programs, electronic
37 instructions, input data, and output data, that performs
38 functions including, but not limited to, logic, arithmetic,
39 data storage and retrieval, communication, and control.
40 (6) "Data" means a representation of information,



(800) 666-1917   LEGISLATIVE INTENT SERVICE

SB 255 — 4 —

1 knowledge, facts, concepts, computer software,
2 computer programs or instructions. Data may be in any
3 form, in storage media, or as stored in the memory of the
4 computer or in transit or presented on a display device.
5 (7) "Supporting documentation" includes, but is not
6 limited to, all information, in any form, pertaining to the
7 design, construction, classification, implementation, use,
8 or modification of a computer, computer system,
9 computer network, computer program, or computer
10 software, which information is not generally available to
11 the public and is necessary for the operation of a
12 computer, computer system, computer network,
13 computer program, or computer software.
14 (8) "Injury" means any alteration, deletion, damage,
15 or destruction of a computer system, computer network,
16 computer program, or data caused by the access.
17 (9) "Victim expenditure" means any expenditure
18 reasonably and necessarily incurred by the owner or
19 lessee to verify that a computer system, computer
20 network, computer program, or data was or was not
21 altered, deleted, damaged, or destroyed by the access.
22 (c) Except as provided in subdivision (i), any person
23 who commits any of the following acts is guilty of a public
24 offense:
25 (1) Knowingly accesses and without permission alters,
26 damages, deletes, destroys, or otherwise uses any data,
27 computer, computer system, or computer network in
28 order to either (A) devise or execute any scheme or
29 artifice to defraud, deceive, or extort, or (B) wrongfully
30 control or obtain money, property, data, or services.
31 (2) Knowingly accesses and without permission takes,
32 copies, or makes use of any data from a computer,
33 computer system, or computer network, or takes or
34 copies any supporting documentation, whether existing
35 or residing internal or external to a computer, computer
36 system, or computer network.
37 (3) Knowingly and without permission uses or causes
38 to be used computer services.
39 (4) Knowingly accesses and without permission adds,
40 alters, damages, deletes, or destroys any data, computer

— 5 — SB 255

1 software, or computer programs which reside or exist
2 internal or external to a computer, computer system, or
3 computer network.
4 (5) Knowingly and without permission disrupts or
5 causes the disruption of computer services or denies or
6 causes the denial of computer services to an authorized
7 user of a computer, computer system, or computer
8 network.
9 (6) Knowingly and without permission provides or
10 assists in providing a means of accessing a computer,
11 computer system, or computer network in violation of
12 this section.
13 (7) Knowingly and without permission accesses or
14 causes to be accessed any computer, computer system, or
15 computer network.
16 (d) (1) Any person who violates any of the provisions
17 of paragraph (1), (2), (4), or (5) of subdivision (c) is
18 punishable by a fine not exceeding ten thousand dollars
19 ($10,000), or by imprisonment in the state prison for 16
20 months, or two or three years, or by both that fine and
21 imprisonment, or by a fine not exceeding five thousand
22 dollars ($5,000), or by imprisonment in the county jail not
23 exceeding one year, or by both that fine and
24 imprisonment.
25 (2) Any person who violates paragraph (3) of
26 subdivision (c) is punishable as follows:
27 (A) For the first violation which does not result in
28 injury, and where the value of the computer services
29 used does not exceed four hundred dollars ($400), by a
30 fine not exceeding five thousand dollars ($5,000), or by
31 imprisonment in the county jail not exceeding one year,
32 or by both that fine and imprisonment.
33 (B) For any violation which results in a victim
34 expenditure in an amount greater than five thousand
35 dollars ($5,000) or in an injury, or if the value of the
36 computer services used exceeds four hundred dollars
37 ($400), or for any second or subsequent violation, by a
38 fine not exceeding ten thousand dollars ($10,000), or by
39 imprisonment in the state prison for 16 months, or two or
40 three years, or by both that fine and imprisonment, or by

**Page 6 (SB 255)**

1 a fine not exceeding five thousand dollars ($5,000), or by
2 imprisonment in the county jail not exceeding one year,
3 or by both that fine and imprisonment.
4 (3) Any person who violates paragraph (6) or (7) of
5 subdivision (c) is punishable as follows:
6 (A) For a first violation which does not result in injury,
7 an infraction punishable by a fine not exceeding two
8 hundred fifty dollars ($250).
9 (B) For any violation which results in a victim
10 expenditure in an amount greater than five thousand
11 dollars ($5,000) or in an injury, or for a second or
12 subsequent violation, by a fine not exceeding five
13 thousand dollars ($5,000), or by imprisonment in the
14 county jail not exceeding one year, or by both that fine
15 and imprisonment.
16 (C) For any violation which results in a victim
17 expenditure in an amount greater than five thousand
18 dollars ($5,000) or an injury, by a fine not exceeding ten
19 thousand dollars ($10,000), or by imprisonment in the
20 state prison for 16 months, or two or three years, or by
21 both that fine and imprisonment.
22 (e) (1) In addition to any other civil remedy
23 available, the owner or lessee of the computer, computer
24 system, computer network, computer program, or data
25 may bring a civil action against any person convicted
26 under this section for compensatory damages, including
27 any expenditure reasonably and necessarily incurred by
28 the owner or lessee to verify that a computer system,
29 computer network, computer program, or data was or
30 was not altered, damaged, or deleted by the access. For
31 the purposes of actions authorized by this subdivision, the
32 conduct of an unemancipated minor shall be imputed to
33 the parent or legal guardian having control or custody of
34 the minor, pursuant to the provisions of Section 1714.1 of
35 the Civil Code.
36 (2) In any action brought pursuant to this subdivision
37 the court may award reasonable attorney's fees to a
38 prevailing party.
39 (f) This section shall not be construed to preclude the
40 applicability of any other provision of the criminal law of

**Page 7 (SB 255)**

1 this state which applies or may apply to any transaction.
2 (g) This section applies only to public offenses
3 committed on or after January 1, 1988. It is the intent of
4 the Legislature that this section be given no retroactive
5 effect and persons who commit a violation of the
6 provisions of Section 502 in effect prior to January 1, 1988,
7 shall be held responsible therefor.
8 (h) Any computer, computer system, computer
9 program, instrument, apparatus, device, plans,
10 instructions, or written publication used in the
11 commission of any public offense described in subdivision
12 (c) may be seized under warrant or incident to a lawful
13 arrest. Upon the conviction or the sustaining of a petition
14 by the juvenile court of a person for a misdemeanor or
15 felony violation of subdivision (c), and following a
16 hearing to determine property rights to the items
17 involved, the seized computer, computer system,
18 computer program, instrument, apparatus, device, plans,
19 instructions, or written publication, if owned by the
20 person so convicted or adjudicated, or owned by a person
21 or entity that knowingly allowed the use of the seized
22 items in the commission of any offense described in
23 subdivision (c) and that person or entity was notified of
24 the hearing described in this subdivision, provided their
25 identity was known, may be destroyed as contraband by
26 the sheriff of the county in which the person was
27 convicted or turned over to the county in which the
28 person was convicted or adjudicated for use by the
29 county or for distribution to any other public entity or
30 nonprofit corporation in any manner deemed
31 appropriate by the court.
32 (i) Subdivision (c) does not apply to any person who
33 accesses his or her employer's computer system,
34 computer network, computer program, or data when
35 acting within the scope of his or her employment.
36 (j) For purposes of bringing a criminal action under
37 *this section, a person who causes, by any means, the*
38 *access of a computer, computer system, or computer*
39 *network in one jurisdiction from another jurisdiction is*
40 *deemed to have personally accessed the computer,*

SB 255                    — 8 —

computer system, or computer network in each
jurisdiction.

1  SEC. 4.  No reimbursement is required by this act
2  pursuant to Section 6 of Article XIII B of the California
3  Constitution for those costs which may be incurred by a
4  local agency or school district because this act creates a
5  new crime or infraction, changes the definition of a crime
6  or infraction, changes the penalty for a crime or
7  infraction, or eliminates a crime or infraction.
8  However, notwithstanding Section 17610 of the
9  Government Code, if the Commission on State Mandates
10  determines that this act contains other costs mandated by
11  the state, reimbursement to local agencies and school
12  districts for those costs shall be made pursuant to Part 7
13  (commencing with Section 17500) of Division 4 of Title
14  2 of the Government Code. If the statewide cost of the
15  claim for reimbursement does not exceed five hundred
16  thousand dollars ($500,000), reimbursement shall be
17  made from the State Mandates Claims Fund.

O



LEGISLATIVE INTENT SERVICE          (800) 666-1917

AMENDED IN ASSEMBLY JUNE 23, 1987
AMENDED IN ASSEMBLY MAY 21, 1987
AMENDED IN SENATE MARCH 30, 1987
AMENDED IN SENATE MARCH 24, 1987

**SENATE BILL**                    No. 255

Introduced by Senator Davis

January 28, 1987

An act to repeal and add Section 502 of the Penal Code, relating to crimes.

LEGISLATIVE COUNSEL'S DIGEST

SB 255, as amended, Davis.  Computers.

Existing law provides that it is a public offense to engage in certain unlawful activities with regard to a computer system, computer network, computer program, and computer data. Existing law also allows the owner or lessee of computer systems, networks, programs, or data to maintain a civil action against any person convicted of violating the criminal provisions for compensatory damages.

This bill would substantially recast existing law. It would expand the scope of the prohibited activity, as specified, thereby imposing a state-mandated local program. It would also revise the definitions of that law. The bill, in addition to continuing to authorize a civil action, would provide that upon a conviction of a person or upon the sustaining of a petition by the juvenile court, and following a hearing to determine property rights to the items involved, the items seized, as the result of a warrant or incident to an arrest, may be destroyed by the sheriff as contraband or turned over to the county in which the person was convicted or adjudicated or be distributed to any other public entity or nonprofit

LEGISLATIVE INTENT SERVICE     (800) 666-1917

SB 255

— 2 —

corporation in any manner deemed appropriate by the court. This bill would specify that for purposes of bringing a *civil or a criminal action* under this law, a person who causes, by any means, the access of a computer, computer system, or computer network in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer, computer system, or computer network in each jurisdiction. To the extent that it would increase the level of services required of local government by requiring the sheriff pursuant to court order to destroy certain computer-related items, it would create a state-mandated local program.

The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement, including the creation of a State Mandates Claims Fund to pay the costs of mandates which do not exceed $500,000 statewide and other procedures for claims whose statewide costs exceed $500,000.

This bill would provide that for certain costs no reimbursement is required by this act for a specified reason. ~~However, the bill would provide that, if the Commission on State Mandates determines that this bill contains other costs mandated by the state, reimbursement for those costs shall be made pursuant to those statutory procedures and, if the statewide cost does does not exceed $500,000, shall be payable from the State Mandates Claims Fund.~~

Vote: majority. Appropriation: no. Fiscal committee: yes. State-mandated local program: yes.

*The people of the State of California do enact as follows:*

1  SECTION 1. This act shall be known and may be
2  cited as the "Comprehensive Computer Data Access and
3  Fraud Act."
4  SEC. 2. Section 502 of the Penal Code is repealed.
5  SEC. 3. Section 502 is added to the Penal Code, to
6  read:
7  502. (a) It is the intent of the Legislature in enacting
8  this section to expand the degree of protection afforded
9  to individuals, businesses, and governmental agencies



SB 255

— 3 —

1  from tampering, interference, damage, and
2  unauthorized access to lawfully created computer data
3  and computer systems. The Legislature finds and
4  declares that the proliferation of computer technology
5  has resulted in a concomitant proliferation of computer
6  crime and other forms of unauthorized access to
7  computers, computer systems, and computer data.
8  The Legislature further finds and declares that
9  protection of the integrity of all types and forms of
10 lawfully created computers, computer systems, and
11 computer data is vital to the protection of the privacy of
12 individuals as well as to the well-being of financial
13 institutions, business concerns, governmental agencies,
14 and others within this state that lawfully utilize those
15 computers, computer systems, and data.
16 (b) For the purposes of this section, the following
17 terms have the following meanings:
18 (1) "Access" means to gain entry to, instruct, or
19 communicate with the logical, arithmetical, or memory
20 function resources of a computer, computer system, or
21 computer network.
22 (2) "Computer network" means two or more
23 computer systems connected by telecommunication
24 facilities.
25 (3) "Computer program or software" means a set of
26 instructions or statements, and related data, that when
27 executed in actual or modified form, cause a computer,
28 computer system, or computer network to perform
29 specified functions.
30 (4) "Computer services" includes, but is not limited
31 to, computer time, data processing, or storage functions,
32 or other uses of a computer, computer system, or
33 computer network.
34 (5) "Computer system" means a device or collection
35 of devices, including support devices and excluding
36 calculators which are not programmable and capable of
37 being used in conjunction with external files, one or more
38 of which contain computer programs, electronic
39 instructions, input data, and output data, that performs
40 functions including, but not limited to, logic, arithmetic,

SB 255

— 4 —

1 data storage and retrieval, communication, and control.
2 (6) "Data" means a representation of information,
3 knowledge, facts, concepts, computer software,
4 computer programs or instructions. Data may be in any
5 form, in storage media, or as stored in the memory of the
6 computer or in transit or presented on a display device.
7 (7) "Supporting documentation" includes, but is not
8 limited to, all information, in any form, pertaining to the
9 design, construction, classification, implementation, use,
10 or modification of a computer, computer system,
11 computer network, computer program, or computer
12 software, which information is not generally available to
13 the public and is necessary for the operation of a
14 computer, computer system, computer network,
15 computer program, or computer software.
16 (8) "Injury" means any alteration, deletion, damage,
17 or destruction of a computer system, computer network,
18 computer program, or data caused by the access.
19 (9) "Victim expenditure" means any expenditure
20 reasonably and necessarily incurred by the owner or
21 lessee to verify that a computer system, computer
22 network, computer program, or data was or was not
23 altered, deleted, damaged, or destroyed by the access.
24 (c) Except as provided in subdivision (i), any person
25 who commits any of the following acts is guilty of a public
26 offense:
27 (1) Knowingly accesses and without permission alters,
28 damages, deletes, destroys, or otherwise uses any data,
29 computer, computer system, or computer network in
30 order to either (A) devise or execute any scheme or
31 artifice to defraud, deceive, or extort, or (B) wrongfully
32 control or obtain money, property, or data, or services.
33 (2) Knowingly accesses and without permission takes,
34 copies, or makes use of any data from a computer,
35 computer system, or computer network, or takes or
36 copies any supporting documentation, whether existing
37 or residing internal or external to a computer, computer
38 system, or computer network.
39 (3) Knowingly and without permission uses or causes
40 to be used computer services.

SB 255

— 5 —

1 (4) Knowingly accesses and without permission adds,
2 alters, damages, deletes, or destroys any data, computer
3 software, or computer programs which reside or exist
4 internal or external to a computer, computer system, or
5 computer network.
6 (5) Knowingly and without permission disrupts or
7 causes the disruption of computer services or denies or
8 causes the denial of computer services to an authorized
9 user of a computer, computer system, or computer
10 network.
11 (6) Knowingly and without permission provides or
12 assists in providing a means of accessing a computer,
13 computer system, or computer network in violation of
14 this section.
15 (7) Knowingly and without permission accesses or
16 causes to be accessed any computer, computer system, or
17 computer network.
18 (d) (1) Any person who violates any of the provisions
19 of paragraph (1), (2), (4), or (5) of subdivision (c) is
20 punishable by a fine not exceeding ten thousand dollars
21 ($10,000), or by imprisonment in the state prison for 16
22 months, or two or three years, or by both that fine and
23 imprisonment, or by a fine not exceeding five thousand
24 dollars ($5,000), or by imprisonment in the county jail not
25 exceeding one year, or by both that fine and
26 imprisonment.
27 (2) Any person who violates paragraph (3) of
28 subdivision (c) is punishable as follows:
29 (A) For the first violation which does not result in
30 injury, and where the value of the computer services
31 used does not exceed four hundred dollars ($400), by a
32 fine not exceeding five thousand dollars ($5,000), or by
33 imprisonment in the county jail not exceeding one year,
34 or by both that fine and imprisonment.
35 (B) For any violation which results in a victim
36 expenditure in an amount greater than five thousand
37 dollars ($5,000) or in an injury, or if the value of the
38 computer services used exceeds four hundred dollars
39 ($400), or for any second or subsequent violation, by a
40 fine not exceeding ten thousand dollars ($10,000), or by



1 imprisonment in the state prison for 16 months, or two or
2 three years, or by both that fine and imprisonment, or by
3 a fine not exceeding five thousand dollars ($5,000), or by
4 imprisonment in the county jail not exceeding one year,
5 or by both that fine and imprisonment.
6 (3) Any person who violates paragraph (6) or (7) of
7 subdivision (c) is punishable as follows:
8 (A) For a first violation which does not result in injury,
9 an infraction punishable by a fine not exceeding two
10 hundred fifty dollars ($250).
11 (B) For any violation which results in a victim
12 expenditure in an amount *not* greater than five thousand
13 dollars ($5,000) ~~or in injury~~, or for a second or
14 subsequent violation, by a fine not exceeding five
15 thousand dollars ($5,000), or by imprisonment in the
16 county jail not exceeding one year, or by both that fine
17 and imprisonment.
18 (C) For any violation which results in a victim
19 expenditure in an amount greater than five thousand
20 dollars ($5,000) ~~or in injury~~, by a fine not exceeding ten
21 thousand dollars ($10,000), or by imprisonment in the
22 state prison for 16 months, or two or three years, or by
23 both that fine and imprisonment, *or by a fine not*
24 *exceeding five thousand dollars ($5,000), or by*
25 *imprisonment in the county jail not exceeding one year,*
26 *or by both that fine and imprisonment.*
27 (e) (1) In addition to any other civil remedy
28 available, the owner or lessee of the computer, computer
29 system, computer network, computer program, or data
30 may bring a civil action against any person convicted
31 under this section for compensatory damages, including
32 any expenditure reasonably and necessarily incurred by
33 the owner or lessee to verify that a computer system,
34 computer network, computer program, or data was or
35 was not altered, damaged, or deleted by the access. For
36 the purposes of actions authorized by this subdivision, the
37 conduct of an unemancipated minor shall be imputed to
38 the parent or legal guardian having control or custody of
39 the minor, pursuant to the provisions of Section 1714.1 of
40 the Civil Code.

1 (2) In any action brought pursuant to this subdivision
2 the court may award reasonable attorney's fees to a
3 prevailing party.
4 (f) This section shall not be construed to preclude the
5 applicability of any other provision of the criminal law of
6 this state which applies or may apply to any transaction.
7 (g) This section applies only to public offenses
8 committed on or after January 1, 1988. It is the intent of
9 the Legislature that this section be given no retroactive
10 effect and persons who commit a violation of the
11 provisions of Section 502 in effect prior to January 1, 1988,
12 shall be held responsible therefor.
13 (h) Any computer, computer system, computer
14 program, instrument, apparatus, device, plans,
15 instructions, or written publication used in the
16 commission of any public offense described in subdivision
17 (c) may be seized under warrant or incident to a lawful
18 arrest. Upon the conviction or the sustaining of a petition
19 by the juvenile court of a person for a misdemeanor or
20 felony violation of subdivision (c), and following a
21 hearing to determine property rights to the items
22 involved, the seized computer, computer system,
23 computer program, instrument, apparatus, device, plans,
24 instructions, or written publication, if owned by the
25 person so convicted or adjudicated, or owned by a person
26 or entity that knowingly allowed the use of the seized
27 items in the commission of any offense described in
28 subdivision (c) and that person or entity was notified of
29 the hearing described in this subdivision, provided their
30 identity was known, may be destroyed as contraband or
31 the sheriff of the county in which the person was
32 convicted or turned over to the county in which the
33 person was convicted or adjudicated for use by the
34 county or for distribution to any other public entity or
35 nonprofit corporation in any manner deemed
36 appropriate by the court.
37 (i) Subdivision (c) does not apply to any person who
38 accesses his or her employer's computer system,
39 computer network, computer program, or data when
40 acting within the scope of his or her *lawful* employment.



1  (j) For purposes of bringing a *civil or* a criminal action
2  under this section, a person who causes, by any means,
3  the access of a computer, computer system, or computer
4  network in one jurisdiction from another jurisdiction is
5  deemed to have personally accessed the computer,
6  computer system, or computer network in each
7  jurisdiction.
8  SEC. 4.  No reimbursement is required by this act
9  pursuant to Section 6 of Article XIII B of the California
10  Constitution for those costs which may be incurred by a
11  local agency or school district because this act creates a
12  new crime or infraction, changes the definition of a crime
13  or infraction, changes the penalty for a crime or
14  infraction, or eliminates a crime or infraction.
15  However, notwithstanding Section 17610 of the
16  Government Code, if the Commission on State Mandates
17  determines that this act contains other costs mandated by
18  the state, reimbursement to local agencies and school
19  districts for those costs shall be made pursuant to Part 7
20  (commencing with Section 17500) of Division 4 of Title
21  2 of the Government Code. If the statewide cost of the
22  claim for reimbursement does not exceed five hundred
23  thousand dollars ($500,000), reimbursement shall be
24  made from the State Mandates Claims Fund.

LEGISLATIVE INTENT SERVICE    (800) 666-1917

AMENDED IN ASSEMBLY AUGUST 18, 1987

AMENDED IN ASSEMBLY JUNE 23, 1987

AMENDED IN ASSEMBLY MAY 21, 1987

AMENDED IN SENATE MARCH 30, 1987

AMENDED IN SENATE MARCH 24, 1987

**SENATE BILL**          **No. 255**

Introduced by Senator Davis

January 28, 1987

An act to repeal and add Section 502 of *, and to add Section 502.01 to,* the Penal Code, relating to crimes.

LEGISLATIVE COUNSEL'S DIGEST

SB 255, as amended, Davis.   Computers.

Existing law provides that it is a public offense to engage in certain unlawful activities with regard to a computer system, computer network, computer program, and computer data. Existing law also allows the owner or lessee of computer systems, networks, programs, or data to maintain a civil action against any person convicted of violating the criminal provisions for compensatory damages.

This bill would substantially recast existing law. It would expand the scope of the prohibited activity, as specified, thereby imposing a state-mandated local program. It would also revise the definitions of that law. The bill, in addition to continuing to authorize a civil action, would provide that upon a conviction of a person or upon the sustaining of a petition by the juvenile court, ~~and following a hearing to determine property rights to the items involved~~ *and compliance with specified procedural requirements,* the items seized, as the result of a warrant or incident to an arrest, may be destroyed by the sheriff as contraband or turned over

LEGISLATIVE INTENT SERVICE   (800) 666-1917



*The people of the State of California do enact as follows:*

SECTION 1. This act shall be known and may be cited as the "Comprehensive Computer Data Access and Fraud Act."

SEC. 2. Section 502 of the Penal Code is repealed.

SEC. 3. Section 502 is added to the Penal Code, to read:

1   502. (a) It is the intent of the Legislature in enacting
2 this section to expand the degree of protection afforded
3 to individuals, businesses, and governmental agencies
4 from tampering, interference, damage, and
5 unauthorized access to lawfully created computer data
6 and computer systems. The Legislature finds and
7 declares that the proliferation of computer technology
8 has resulted in a concomitant proliferation of computer
9 crime and other forms of unauthorized access to
10 computers, computer systems, and computer data.
11   The Legislature further finds and declares that
12 protection of the integrity of all types and forms of
13 lawfully created computers, computer systems, and
14 computer data is vital to the protection of the privacy of
15 individuals as well as to the well-being of financial
16 institutions, business concerns, governmental agencies,
17 and others within this state that lawfully utilize those
18 computers, computer systems, and data.
19   (b) For the purposes of this section, the following
20 terms have the following meanings:
21   (1) "Access" means to gain entry to, instruct, or
22 communicate with the logical, arithmetical, or memory
23 function resources of a computer, computer system, or
24 computer network.
25   (2) "Computer network" means two or more
26 computer systems connected by telecommunication
27 facilities.
28   (3) "Computer program or software" means a set of
29 instructions or statements, and related data, that when
30 executed in actual or modified form, cause a computer,
31 computer system, or computer network to perform
32 specified functions.

(The line numbering shown above corresponds to the numbers 1–38 printed in the margin.)



---

to the county in which the person was convicted or adjudicated or be distributed to any other public entity or nonprofit corporation in any manner deemed appropriate by the court. *This bill would provide that specified provisions do not apply to personal transactions of an employee under specified circumstances.* This bill would specify that for purposes of bringing a civil or a criminal action under this law, a person who causes, by any means, the access of a computer, computer system, or computer network in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer, computer system, or computer network in each jurisdiction. To the extent that it would increase the level of services required of local government by requiring the sheriff pursuant to court order to destroy certain computer-related items, it would create a state-mandated local program.

~~The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement, including the creation of a State Mandates Claims Fund to pay the costs of mandates which do not exceed $500,000 statewide and other procedures for claims whose statewide costs exceed $500,000.~~ ~~This bill would provide that for certain costs no reimbursement is required by this act for a specified reason.~~

*The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement.*

*This bill would provide that no reimbursement is required by this act for a specified reason.*

Vote: majority. Appropriation: no. Fiscal committee: yes. State-mandated local program: yes.

1 (4) "Computer services" includes, but is not limited
2 to, computer time, data processing, or storage functions,
3 or other uses of a computer, computer system, or
4 computer network.
5 (5) "Computer system" means a device or collection
6 of devices, including support devices and excluding
7 calculators which are not programmable and capable of
8 being used in conjunction with external files, one or more
9 of which contain computer programs, electronic
10 instructions, input data, and output data, that performs
11 functions including, but not limited to, logic, arithmetic,
12 data storage and retrieval, communication, and control.
13 (6) "Data" means a representation of information,
14 knowledge, facts, concepts, computer software,
15 computer programs or instructions. Data may be in any
16 form, in storage media, or as stored in the memory of the
17 computer or in transit or presented on a display device.
18 (7) "Supporting documentation" includes, but is not
19 limited to, all information, in any form, pertaining to the
20 design, construction, classification, implementation, use,
21 or modification of a computer, computer system,
22 computer network, computer program, or computer
23 software, which information is not generally available to
24 the public and is necessary for the operation of a
25 computer, computer system, computer network,
26 computer program, or computer software.
27 (8) "Injury" means any alteration, deletion, damage,
28 or destruction of a computer system, computer network,
29 computer program, or data caused by the access.
30 (9) "Victim expenditure" means any expenditure
31 reasonably and necessarily incurred by the owner or
32 lessee to verify that a computer system, computer
33 network, computer program, or data was or was not
34 altered, deleted, damaged, or destroyed by the access.
35 (c) Except as provided in subdivision (i), any person
36 who commits any of the following acts is guilty of a public
37 offense:
38 (1) Knowingly accesses and without permission alters,
39 damages, deletes, destroys, or otherwise uses any data,
40 computer, computer system, or computer network in

1 order to either (A) devise or execute any scheme or
2 artifice to defraud, deceive, or extort, or (B) wrongfully
3 control or obtain money, property, or data.
4 (2) Knowingly accesses and without permission takes,
5 copies, or makes use of any data from a computer,
6 computer system, or computer network, or takes or
7 copies any supporting documentation, whether existing
8 or residing internal or external to a computer, computer
9 system, or computer network.
10 (3) Knowingly and without permission uses or causes
11 to be used computer services.
12 (4) Knowingly accesses and without permission adds,
13 alters, damages, deletes, or destroys any data, computer
14 software, or computer programs which reside or exist
15 internal or external to a computer, computer system, or
16 computer network.
17 (5) Knowingly and without permission disrupts or
18 causes the disruption of computer services or denies or
19 causes the denial of computer services to an authorized
20 user of a computer, computer system, or computer
21 network.
22 (6) Knowingly and without permission provides or
23 assists in providing a means of accessing a computer,
24 computer system, or computer network in violation of
25 this section.
26 (7) Knowingly and without permission accesses or
27 causes to be accessed any computer, computer system, or
28 computer network.
29 (d) (1) Any person who violates any of the provisions
30 of paragraph (1), (2), (4), or (5) of subdivision (c) is
31 punishable by a fine not exceeding ten thousand dollars
32 ($10,000), or by imprisonment in the state prison for 16
33 months, or two or three years, or by both that fine and
34 imprisonment, or by a fine not exceeding five thousand
35 dollars ($5,000), or by imprisonment in the county jail not
36 exceeding one year, or by both that fine and
37 imprisonment.
38 (2) Any person who violates paragraph (3) of
39 subdivision (c) is punishable as follows:
40 (A) For the first violation which does not result in

1 injury, and where the value of the computer services
2 used does not exceed four hundred dollars ($400), by a
3 fine not exceeding five thousand dollars ($5,000), or by
4 imprisonment in the county jail not exceeding one year,
5 or by both that fine and imprisonment.
6 (B) For any violation which results in a victim
7 expenditure in an amount greater than five thousand
8 dollars ($5,000) or in an injury, or if the value of the
9 computer services used exceeds four hundred dollars
10 ($400), or for any second or subsequent violation, by a
11 fine not exceeding ten thousand dollars ($10,000), or by
12 imprisonment in the state prison for 16 months, or two or
13 three years, or by both that fine and imprisonment, or by
14 a fine not exceeding five thousand dollars ($5,000), or by
15 imprisonment in the county jail not exceeding one year,
16 or by both that fine and imprisonment.
17 (3) Any person who violates paragraph (6) or (7) of
18 subdivision (c) is punishable as follows:
19 (A) For a first violation which does not result in injury,
20 an infraction punishable by a fine not exceeding two
21 hundred fifty dollars ($250).
22 (B) For any violation which results in a victim
23 expenditure in an amount not greater than five thousand
24 dollars ($5,000), for a second or subsequent violation,
25 by a fine not exceeding five thousand dollars ($5,000), or
26 by imprisonment in the county jail not exceeding one
27 year, or by both that fine and imprisonment.
28 (C) For any violation which results in a victim
29 expenditure in an amount greater than five thousand
30 dollars ($5,000), by a fine not exceeding ten thousand
31 dollars ($10,000), or by imprisonment in the state prison
32 for 16 months, or two or three years, or by both that fine
33 and imprisonment, or by a fine not exceeding five
34 thousand dollars ($5,000), or by imprisonment in the
35 county jail not exceeding one year, or by both that fine
36 and imprisonment.
37 (e) (1) In addition to any other civil remedy
38 available, the owner or lessee of the computer, computer
39 system, computer network, computer program, or data
40 may bring a civil action against any person convicted

1 under this section for compensatory damages, including
2 any expenditure reasonably and necessarily incurred by
3 the owner or lessee to verify that a computer system,
4 computer network, computer program, or data was or
5 was not altered, damaged, or deleted by the access. For
6 the purposes of actions authorized by this subdivision, the
7 conduct of an unemancipated minor shall be imputed to
8 the parent or legal guardian having control or custody of
9 the minor, pursuant to the provisions of Section 1714.1 of
10 the Civil Code.
11 (2) In any action brought pursuant to this subdivision
12 the court may award reasonable attorney's fees to a
13 prevailing party.
14 (f) This section shall not be construed to preclude the
15 applicability of any other provision of the criminal law of
16 this state which applies or may apply to any transaction.
17 (g) This section applies only to public offenses
18 committed on or after January 1, 1988. It is the intent of
19 the Legislature that this section be given no retroactive
20 effect and persons who commit a violation of the
21 provisions of Section 502 in effect prior to January 1, 1988,
22 shall be held responsible therefor.
23 (h) Any computer, computer system, computer
24 program, instrument, apparatus, device, plans,
25 instructions, or written publication used in the
26 commission of any public offense described in subdivision
27 (c) may be seized under warrant or incident to a lawful
28 arrest. Upon the conviction or the sustaining of a petition
29 by the juvenile court of a person for a misdemeanor or
30 felony violation of subdivision (c), and following a
31 hearing to determine property rights to the items
32 involved, the seized computer, computer system,
33 computer program, instrument, apparatus, device, plans,
34 instructions, or written publication, if owned by the
35 person so convicted or adjudicated, or owned by a person
36 or entity that knowingly allowed the use of the seized
37 items in the commission of any offense described in
38 subdivision (c) and that person or entity was notified of
39 the hearing described in this subdivision, provided their
40 identity was known, may be destroyed as contraband by

**Column (page 9):**

1 misdemeanor or felony violation of subdivision (c) of
2 Section 502, any computer, computer system, computer
3 program, instrument, apparatus, device, plans,
4 instructions, or written publication seized pursuant to
5 subdivision (h) of Section 502, if owned by the person so
6 convicted or adjudicated, or owned by a person or entity
7 that knowingly allowed the use of the seized items in the
8 commission of any offense described in subdivision (c) of
9 Section 502 and that person or entity was notified of the
10 hearing described in this section, provided their identity
11 was known, may be destroyed as contraband by the
12 sheriff of the county in which the person was convicted
13 or may be turned over to the county in which the person
14 was convicted or adjudicated for use by the county or for
15 distribution to any other public entity or nonprofit
16 corporation in any manner deemed appropriate by the
17 court if the procedural requirements of this section are
18 followed.
19 (b) The prosecuting agency shall, in conjunction with
20 the criminal or juvenile proceeding, file a petition of
21 forfeiture with the superior court of the county in which
22 the defendant has been charged with the underlying
23 public offense, which shall allege that the defendant has
24 engaged in a public offense prohibited by subdivision (c)
25 of Section 502 and the property is forfeitable pursuant to
26 this section. The prosecuting agency shall make service of
27 process of a notice regarding that petition upon every
28 individual who may have a property interest in the
29 property, which notice shall state that any interested
30 party may file a verified claim with the superior court
31 stating the amount of their claimed interest and an
32 affirmation or denial of the prosecuting agency's
33 allegation. If the notices cannot be given by registered
34 mail or personal delivery, the notices shall be published
35 for at least three successive weeks in a newspaper of
36 general circulation in the county where the property is
37 located. All notices shall set forth the time within which
38 a claim of interest in the property seized is required to be
39 filed pursuant to subdivision (c).
40 (c) (1) Any person claiming an interest in the

**Column (page 8):**

1 the sheriff of the county in which the person was
2 convicted or turned over to the county in which the
3 person was convicted or adjudicated for use by the
4 county or for distribution to any other public entity or
5 nonprofit corporation in any manner deemed
6 appropriate by the court. Any property seized under this
7 subdivision is subject to forfeiture pursuant to Section
8 502.01.
9 (i) Subdivision (c) does not apply to any person who
10 accesses his or her employer's computer system,
11 computer network, computer program, or data when
12 acting within the scope of his or her lawful employment.
13 (j) (1) Nothing in this section is intended to
14 criminalize employee labor relations activities that are
15 within the scope of and protected by the labor laws of this
16 state or the United States of America.
17 (2) Paragraphs (2), (3), (4), and (7) of subdivision (c)
18 do not apply to noncommercial, incidental transactions
19 that are personal to an employee and beyond the scope
20 of the employer's business if the transactions do not cause
21 injury as defined in paragraph (8) of subdivision (b) and
22 do not cause the employer to incur an expense greater
23 than one hundred dollars ($100), excluding the value of
24 the employee's labor, the ordinary wear and tear of
25 equipment, and the cost of victim expenditure as defined
26 in paragraph (9) of subdivision (b). This paragraph is not
27 intended to legalize an employee's personal use of his or
28 her employer's resources.
29 (f)
30 (k) For purposes of bringing a civil or a criminal
31 action under this section, a person who causes, by any
32 means, the access of a computer, computer system, or
33 computer network in one jurisdiction from another
34 jurisdiction is deemed to have personally accessed the
35 computer, computer system, or computer network in
36 each jurisdiction.
37 SEC. 4. Section 502.01 is added to the Penal Code, to
38 read:
39 502.01. (a) Upon the conviction or the sustaining of a
40 petition by the juvenile court of a person for a

1    property may, at any time within 30 days from the date
2    of the first publication of the notice of seizure, or within
3    30 days after receipt of actual notice, file with the
4    superior court of the county in which the action is
5    pending a verified claim stating his or her interest in the
6    property. A verified copy of the claim shall be given by
7    the claimant to the prosecuting agency.
8    (2) If, at the end of the 30 days, an interested person,
9    other than the defendant, has not filed a claim, the court,
10   upon motion, shall declare that the person has defaulted
11   upon his or her alleged interest, and it shall be subject to
12   forfeiture upon proof of the provisions of subdivision (e).
13   (3) The defendant may admit or deny that the
14   property is subject to forfeiture pursuant to the
15   provisions of this section. If the defendant fails to admit
16   or deny or to file a claim of interest in the property, the
17   court shall enter a response of denial on behalf of the
18   defendant.
19   (d) (1) The forfeiture proceeding shall be set for
20   hearing in the superior court in which the underlying
21   public offense will be tried.
22   (2) If the defendant is convicted or adjudicated of
23   either a misdemeanor or of a felony violation of
24   subdivision (c) of Section 502, the issue of forfeiture shall
25   be promptly tried. In the case of a conviction, the
26   forfeiture shall be tried either before the same jury or
27   before a new jury in the discretion of the court, unless
28   waived by the consent of all parties.
29   (e) At the forfeiture hearing, the prosecuting agency
30   shall have the burden of establishing beyond a reasonable
31   doubt that the defendant was engaged in a public offense
32   prohibited by subdivision (c) of Section 502 and that the
33   property alleged in the petition comes within the
34   provisions of subdivision (a).
35   (f) (1) Concurrent with, or subsequent to, the filing
36   of the petition, to preserve the status quo of the property
37   alleged in the petition of forfeiture, the prosecuting
38   agency may move the superior court for an injunction to
39   restrain all interested parties and enjoin them from
40   transferring, encumbering, hypothecating or otherwise

1    disposing of that property, or an appointment of a
2    receiver to take possession of, care for, manage, and
3    operate the assets and properties so that such property
4    may be maintained and preserved.
5    (2) No preliminary injunction may be granted or
6    receiver appointed without notice to the interested
7    parties and a hearing to determine that such an order is
8    necessary to preserve the property, pending the outcome
9    of the proceedings, and that there is probable cause to
10   believe that the property alleged in the forfeiture
11   proceedings are property interests forfeitable under this
12   section. However, a temporary restraining order may
13   issue pending that hearing pursuant to the provisions of
14   Section 527 of the Code of Civil Procedure.
15   (3) Notwithstanding any other provision of law, the
16   court in granting these motions may order a surety bond
17   or undertaking to preserve the property interests of the
18   interested parties.
19   (4) The court shall, in making its orders, seek to
20   protect the interests of those who may be involved in the
21   same enterprise as the defendant, but who were not
22   involved in the commission of the public offense.
23   (g) (1) If the trier of fact at the forfeiture hearing
24   finds that the alleged property or proceeds is forfeitable
25   pursuant to subdivision (a) and the defendant was
26   engaged in a public offense prohibited by subdivision (c)
27   of Section 502, the court shall declare that property
28   forfeited to the county, subject to distribution as provided
29   in subdivision (a). No property solely owned by a bona
30   fide purchaser for value shall be subject to forfeiture.
31   (2) If the trier of fact at the forfeiture hearing finds
32   that the alleged property is forfeitable pursuant to this
33   section but does not find that a person holding a valid
34   lien, mortgage, security interest, or interest under a
35   conditional sales contract knowingly allowed the use of
36   the seized property in the commission of any offense
37   described in subdivision (c) of Section 502, and the
38   amount due to that person is less than the appraised value
39   of the property, that person may pay to the county which
40   initiated the forfeiture proceeding, the amount of the

1 registered owner's equity, which shall be deemed to be
2 the difference between the appraised value and the
3 amount of the lien, mortgage, security interest, or
4 interest under a conditional sales contract. Upon that
5 payment, the county shall relinquish all claims to the
6 property. If the holder of the interest elects not to make
7 that payment to the county, the property shall be
8 deemed forfeited to the county and the ownership
9 certificate shall be forwarded. A person holding a valid
10 lien, mortgage, security interest, or interest under a
11 conditional sales contract shall be paid the appraised
12 value of his or her interest. The appraised value shall be
13 determined as of the date judgment is entered either by
14 agreement between the legal owner and the county
15 involved, or if they cannot agree, then by a
16 court-appointed appraiser for the county in which the
17 action is brought.
18 SEC. 4.
19 SEC. 5.   No reimbursement is required by this act
20 pursuant to Section 6 of Article XIII B of the California
21 Constitution for those costs which may be incurred by a
22 local agency or school district because this act creates a
23 new crime or infraction, changes the definition of a crime
24 or infraction, changes the penalty for a crime or
25 infraction, or eliminates a crime or infraction.

LEGISLATIVE INTENT SERVICE   (800) 666-1917

94  320

AMENDED IN ASSEMBLY SEPTEMBER 2, 1987

AMENDED IN ASSEMBLY AUGUST 18, 1987

AMENDED IN ASSEMBLY JUNE 23, 1987

AMENDED IN ASSEMBLY MAY 21, 1987

AMENDED IN SENATE MARCH 30, 1987

AMENDED IN SENATE MARCH 24, 1987

## SENATE BILL           No. 255

### Introduced by Senator Davis

January 28, 1987

An act to repeal and add Section 502 of, and to add Section 502.01 to, the Penal Code, relating to crimes.

#### LEGISLATIVE COUNSEL'S DIGEST

SB 255, as amended, Davis. Computers.

Existing law provides that it is a public offense to engage in certain unlawful activities with regard to a computer system, computer network, computer program, and computer data. Existing law also allows the owner or lessee of computer systems, networks, programs, or data to maintain a civil action against any person convicted of violating the criminal provisions for compensatory damages.

This bill would substantially recast existing law. It would expand the scope of the prohibited activity, as specified, thereby imposing a state-mandated local program. It would also revise the definitions of that law. The bill, in addition to continuing to authorize a civil action, would provide that upon a conviction of a person or upon the sustaining of a petition by the juvenile court and compliance with specified procedural requirements, the items seized, as the result of a warrant or incident to an arrest, may be destroyed by the



LEGISLATIVE INTENT SERVICE    (800) 666-1917

SB 255

— 2 —

sheriff as contraband or turned over to the county in which the person was convicted or adjudicated or be distributed to any other public entity or nonprofit corporation in any manner deemed appropriate by the court. ~~This bill would provide that specified provisions do not apply to personal transactions of an employee under specified circumstances~~ This bill would also include provisions exempting persons engaged in designated employee labor relations activities from criminal liability. This bill would also provide that the criminal penalties imposed by this bill do not apply to employees accessing an employer's computer when acting within the scope of his or her employment, or the use, knowingly and without permission, of an employer's computer outside an employee's scope of employment which does not result in an injury to an employer, as defined, so long as the value of that use does not exceed $100. ~~This~~

This bill would specify that for purposes of bringing a civil or a criminal action under this law, a person who causes, by any means, the access of a computer, computer system, or computer network in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer, computer system, or computer network in each jurisdiction. ~~To the extent that it would increase the level of services required of local government by requiring the sheriff pursuant to court order to destroy certain computer-related items, it would create a state-mandated local program.~~

The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement.

This bill would provide that no reimbursement is required by this act for a specified reason.

Vote: majority. Appropriation: no. Fiscal committee: yes. State-mandated local program: yes.

LEGISLATIVE INTENT SERVICE



SB 255

— 3 —

*The people of the State of California do enact as follows:*

1  SECTION 1.  This act shall be known and may be
2  cited as the "Comprehensive Computer Data Access and
3  Fraud Act."
4   SEC. 2.  Section 502 of the Penal Code is repealed.
5   SEC. 3.  Section 502 is added to the Penal Code, to
6  read:
7   502.  (a)  It is the intent of the Legislature in enacting
8  this section to expand the degree of protection afforded
9  to individuals, businesses, and governmental agencies
10  from tampering, interference, damage, and
11  unauthorized access to lawfully created computer data
12  and computer systems.  The Legislature finds and
13  declares that the proliferation of computer technology
14  has resulted in a concomitant proliferation of computer
15  crime and other forms of unauthorized access to
16  computers, computer systems, and computer data.
17   The Legislature further finds and declares that
18  protection of the integrity of all types and forms of
19  lawfully created computers, computer systems, and
20  computer data is vital to the protection of the privacy of
21  individuals as well as to the well-being of financial
22  institutions, business concerns, governmental agencies,
23  and others within this state that lawfully utilize those
24  computers, computer systems, and data.
25   (b)  For the purposes of this section, the following
26  terms have the following meanings:
27   (1)  "Access" means to gain entry to, instruct, or
28  communicate with the logical, arithmetical, or memory
29  function resources of a computer, computer system, or
30  computer network.
31   (2)  "Computer network" means two or more
32  computer systems connected by telecommunication
33  facilities.
34   (3)  "Computer program or software" means a set of
35  instructions or statements, and related data, that when
36  executed in actual or modified form, cause a computer,
37  computer system, or computer network to perform
38  specified functions.

(800) 666-1917

(4) "Computer services" includes, but is not limited to, computer time, data processing, or storage functions, or other uses of a computer, computer system, or computer network.

(5) "Computer system" means a device or collection of devices, including support devices and excluding calculators which are not programmable and capable of being used in conjunction with external files, one or more of which contain computer programs, electronic instructions, input data, and output data, that performs functions including, but not limited to, logic, arithmetic, data storage and retrieval, communication, and control.

(6) "Data" means a representation of information, knowledge, facts, concepts, computer software, computer programs or instructions. Data may be in any form, in storage media, or as stored in the memory of the computer or in transit or presented on a display device.

(7) "Supporting documentation" includes, but is not limited to, all information, in any form, pertaining to the design, construction, classification, implementation, use, or modification of a computer, computer system, computer network, computer program, or computer software, which information is not generally available to the public and is necessary for the operation of a computer, computer system, computer network, computer program, or computer software.

(8) "Injury" means any alteration, deletion, damage, or destruction of a computer system, computer network, computer program, or data caused by the access.

(9) "Victim expenditure" means any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was or was not altered, deleted, damaged, or destroyed by the access.

(c) Except as provided in subdivision (i), any person who commits any of the following acts is guilty of a public offense:

(1) Knowingly accesses and without permission alters, damages, deletes, destroys, or otherwise uses any data, computer, computer system, or computer network in

order to either (A) devise or execute any scheme or artifice to defraud, deceive, or extort, or (B) wrongfully control or obtain money, property, or data.

(2) Knowingly accesses and without permission takes, copies, or makes use of any data from a computer, computer system, or computer network, or takes or copies any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network.

(3) Knowingly and without permission uses or causes to be used computer services.

(4) Knowingly accesses and without permission adds, alters, damages, deletes, or destroys any data, computer software, or computer programs which reside or exist internal or external to a computer, computer system, or computer network.

(5) Knowingly and without permission disrupts or causes the disruption of computer services or denies or causes the denial of computer services to an authorized user of a computer, computer system, or computer network.

(6) Knowingly and without permission provides or assists in providing a means of accessing a computer, computer system, or computer network in violation of this section.

(7) Knowingly and without permission accesses or causes to be accessed any computer, computer system, or computer network.

(d) (1) Any person who violates any of the provisions of paragraph (1), (2), (4), or (5) of subdivision (c) is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the state prison for 16 months, or two or three years, or by both that fine and imprisonment, or by a fine not exceeding five thousand dollars ($5,000), or by imprisonment in the county jail not exceeding one year, or by both that fine and imprisonment.

(2) Any person who violates paragraph (3) of subdivision (c) is punishable as follows:

(A) For the first violation which does not result in

SB 255

— 6 —

injury, and where the value of the computer services used does not exceed four hundred dollars ($400), by a fine not exceeding five thousand dollars ($5,000), or by imprisonment in the county jail not exceeding one year, or by both that fine and imprisonment.

(B) For any violation which results in a victim expenditure in an amount greater than five thousand dollars ($5,000) or in an injury, or if the value of the computer services used exceeds four hundred dollars ($400), or for any second or subsequent violation, by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the state prison for 16 months, or two or three years, or by both that fine and imprisonment, or by a fine not exceeding five thousand dollars ($5,000), or by imprisonment in the county jail not exceeding one year, or by both that fine and imprisonment.

(3) Any person who violates paragraph (6) or (7) of subdivision (c) is punishable as follows:

(A) For a first violation which does not result in injury, an infraction punishable by a fine not exceeding two hundred fifty dollars ($250).

(B) For any violation which results in a victim expenditure in an amount not greater than five thousand dollars ($5,000), or for a second or subsequent violation, by a fine not exceeding five thousand dollars ($5,000), or by imprisonment in the county jail not exceeding one year, or by both that fine and imprisonment.

(C) For any violation which results in a victim expenditure in an amount greater than five thousand dollars ($5,000), by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the state prison for 16 months, or two or three years, or by both that fine and imprisonment, or by a fine not exceeding five thousand dollars ($5,000), or by imprisonment in the county jail not exceeding one year, or by both that fine and imprisonment.

(e) (1) In addition to any other civil remedy available, the owner or lessee of the computer, computer system, computer network, computer program, or data may bring a civil action against any person convicted

— 7 —

SB 255

under this section for compensatory damages, including any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was or was not altered, damaged, or deleted by the access. For the purposes of actions authorized by this subdivision, the conduct of an unemancipated minor shall be imputed to the parent or legal guardian having control or custody of the minor, pursuant to the provisions of Section 1714.1 of the Civil Code.

(2) In any action brought pursuant to this subdivision the court may award reasonable attorney's fees to a prevailing party.

(f) This section shall not be construed to preclude the applicability of any other provision of the criminal law of this state which applies or may apply to any transaction, *nor shall it make illegal any employee labor relations activities that are within the scope and protection of state or federal labor laws.*

(g) This section applies only to public offenses committed on or after January 1, 1988. It is the intent of the Legislature that this section be given no retroactive effect and persons who commit a violation of the provisions of Section 502 in effect prior to January 1, 1988, shall be held responsible therefor.

(h) Any computer, computer system, computer program, instrument, apparatus, device, plans, instructions, or written publication used in the commission of any public offense described in subdivision (c) may be seized under warrant or incident to a lawful arrest. Any property seized under this subdivision is subject to forfeiture pursuant to Section 502.01.

(i) (1) Subdivision (c) does not apply to any person who accesses his or her employer's computer system, computer network, computer program, or data when acting within the scope of his or her lawful employment.

(2) *Paragraph (3) of subdivision (c) does not apply to any employee who accesses or uses his or her employer's computer system, computer network, computer program, or data when acting outside the scope of his or*

1 her lawful employment, so long as the employee's
2 activities do not cause an injury, as defined in paragraph
3 (8) of subdivision (b), to the employer or another, or so
4 long as the value of computer services, as defined in
5 paragraph (4) of subdivision (b), which are used do not
6 exceed one hundred dollars ($100).
7 (i) No activity exempted from prosecution under
8 paragraph (2) of subdivision (i) which incidentally
9 violates paragraph (2), (4), or (7) of subdivision (c) shall
10 be prosecuted under those paragraphs.
11 (j) (1) Nothing in this section is intended to
12 criminalize employee labor relations activities that are
13 within the scope of and protected by the labor laws of this
14 state or the United States of America.
15 (2) Paragraphs (2), (3), (4), and (7) of subdivision (c)
16 do not apply to noncommercial, incidental transactions
17 that are personal to an employee and beyond the scope
18 of the employer's business if the transactions do not cause
19 injury as defined in paragraph (8) of subdivision (b) and
20 do not cause the employer to incur an expense greater
21 than one hundred dollars ($100), excluding the value of
22 the employee's labor, the ordinary wear and tear of
23 equipment, and the cost of victim expenditure as defined
24 in paragraph (9) of subdivision (b). This paragraph is not
25 intended to legalize an employee's personal use of his or
26 her employer's resources.
27 (k) For purposes of bringing a civil or a criminal action
28 under this section, a person who causes, by any means,
29 the access of a computer, computer system, or computer
30 network in one jurisdiction from another jurisdiction is
31 deemed to have personally accessed the computer,
32 computer system, or computer network in each
33 jurisdiction.
34 SEC. 4. Section 502.01 is added to the Penal Code, to
35 read:
36 502.01. (a) Upon the conviction or the sustaining of a
37 petition by the juvenile court of a person for a
38 misdemeanor or felony violation of subdivision (c) of
39 Section 502, any computer, computer system, computer
40 program, instrument, apparatus, device, plans,

1 instructions, or written publication seized pursuant to
2 subdivision (h) of Section 502, if owned by the person so
3 convicted or adjudicated, or owned by a person or entity
4 that knowingly allowed the use of the seized items in the
5 commission of any offense described in subdivision (c) of
6 Section 502 and that person or entity was notified of the
7 hearing described in this section, provided their identity
8 was known, may be destroyed as contraband by the
9 sheriff of the county in which the person was convicted
10 or may be turned over to the county in which the person
11 was convicted or adjudicated for use by the county or for
12 distribution to any other public entity or nonprofit
13 corporation in any manner deemed appropriate by the
14 court if the procedural requirements of this section are
15 followed.
16 (b) The prosecuting agency shall, in conjunction with
17 the criminal or juvenile proceeding, file a petition of
18 forfeiture with the superior court of the county in which
19 the defendant has been charged with the underlying
20 public offense, which shall allege that the defendant has
21 engaged in a public offense prohibited by subdivision (c)
22 of Section 502 and the property is forfeitable pursuant to
23 this section. The prosecuting agency shall make service of
24 process of a notice regarding that petition upon every
25 individual who may have a property interest in the
26 property, which notice shall state that any interested
27 party may file a verified claim with the superior court
28 stating the amount of their claimed interest and an
29 affirmation or denial of the prosecuting agency's
30 allegation. If the notices cannot be given by registered
31 mail or personal delivery, the notices shall be published
32 for at least three successive weeks in a newspaper of
33 general circulation in the county where the property is
34 located. All notices shall set forth the time within which
35 a claim of interest in the property seized is required to be
36 filed pursuant to subdivision (c).
37 (c) (1) Any person claiming an interest in the
38 property may, at any time within 30 days from the date
39 of the first publication of the notice of seizure, or within
40 30 days after receipt of actual notice, file with the



superior court of the county in which the action is
pending a verified claim stating his or her interest in the
property. A verified copy of the claim shall be given by
the claimant to the prosecuting agency.

(2) If, at the end of the 30 days, an interested person,
other than the defendant, has not filed a claim, the court,
upon motion, shall declare that the person has defaulted
upon his or her alleged interest, and it shall be subject to
forfeiture upon proof of the provisions of subdivision (e).

(3) The defendant may admit or deny that the
property is subject to forfeiture pursuant to the
provisions of this section. If the defendant fails to admit
or deny or to file a claim of interest in the property, the
court shall enter a response of denial on behalf of the
defendant.

(d) (1) The forfeiture proceeding shall be set for
hearing in the superior court in which the underlying
public offense will be tried.

(2) If the defendant is convicted or adjudicated of
either a misdemeanor or of a felony violation of
subdivision (c) of Section 502, the issue of forfeiture shall
be promptly tried. In the case of a conviction, the
forfeiture shall be tried either before the same jury or
before a new jury in the discretion of the court, unless
waived by the consent of all parties.

(e) At the forfeiture hearing, the prosecuting agency
shall have the burden of establishing beyond a reasonable
doubt that the defendant was engaged in a public offense
prohibited by subdivision (c) of Section 502 and that the
property alleged in the petition comes within the
provisions of subdivision (a).

(f) (1) Concurrent with, or subsequent to, the filing
of the petition, to preserve the status quo of the property
alleged in the petition of forfeiture, the prosecuting
agency may move the superior court for an injunction to
restrain all interested parties and enjoin them from
transferring, encumbering, hypothecating or otherwise
disposing of that property, or an appointment of a
receiver to take possession of, care for, manage, and
operate the assets and properties so that such property

93 220

may be maintained and preserved.

(2) No preliminary injunction may be granted or
receiver appointed without notice to the interested
parties and a hearing to determine that such an order is
necessary to preserve the property, pending the outcome
of the proceedings, and that there is probable cause to
believe that the property alleged in the forfeiture
proceedings are property interests forfeitable under this
section. However, a temporary restraining order may
issue pending that hearing pursuant to the provisions of
Section 527 of the Code of Civil Procedure.

(3) Notwithstanding any other provision of law, the
court in granting these motions may order a surety bond
or undertaking to preserve the property interests of the
interested parties.

(4) The court shall, in making its orders, seek to
protect the interests of those who may be involved in the
same enterprise as the defendant, but who were not
involved in the commission of the public offense.

(g) (1) If the trier of fact at the forfeiture hearing
finds that the alleged property or proceeds is forfeitable
pursuant to subdivision (a) and the defendant was
engaged in a public offense prohibited by subdivision (c)
of Section 502, the court shall declare that property
forfeited to the county, subject to distribution as provided
in subdivision (a). No property solely owned by a bona
fide purchaser for value shall be subject to forfeiture.

(2) If the trier of fact at the forfeiture hearing finds
that the alleged property is forfeitable pursuant to this
section but does not find that a person holding a valid
lien, mortgage, security interest, or interest under a
conditional sales contract knowingly allowed the use of
the seized property in the commission of any offense
described in subdivision (c) of Section 502, and the
amount due to that person is less than the appraised value
of the property, that person may pay to the county which
initiated the forfeiture proceeding, the amount of the
registered owner's equity, which shall be deemed to be
the difference between the appraised value and the
amount of the lien, mortgage, security interest, or

93 240



1  interest under a conditional sales contract. Upon that
2  payment, the county shall relinquish all claims to the
3  property. If the holder of the interest elects not to make
4  that payment to the county, the property shall be
5  deemed forfeited to the county and the ownership
6  certificate shall be forwarded. A person holding a valid
7  lien, mortgage, security interest, or interest under a
8  conditional sales contract shall be paid the appraised
9  value of his or here interest. The appraised value shall be
10  determined as of the date judgment is entered either by
11  agreement between the legal owner and the county
12  involved, or if they cannot agree, then by a
13  court-appointed appraiser for the county in which the
14  action is brought.
15  SEC. 5. No reimbursement is required by this act
16  pursuant to Section 6 of Article XIII B of the California
17  Constitution for those costs which may be incurred by a
18  local agency or school district because this act creates a
19  new crime or infraction, changes the definition of a crime
20  or infraction, changes the penalty for a crime or
21  infraction, or eliminates a crime or infraction.

LEGISLATIVE INTENT SERVICE    (800) 666-1917

AMENDED IN ASSEMBLY SEPTEMBER 8, 1987

AMENDED IN ASSEMBLY SEPTEMBER 2, 1987

AMENDED IN ASSEMBLY AUGUST 18, 1987

AMENDED IN ASSEMBLY JUNE 23, 1987

AMENDED IN ASSEMBLY MAY 21, 1987

AMENDED IN SENATE MARCH 30, 1987

AMENDED IN SENATE MARCH 24, 1987

## SENATE BILL                    No. 255

### Introduced by Senator Davis

January 28, 1987

An act to repeal and add Section 502 of, and to add Section 502.01 to, the Penal Code, relating to crimes.

### LEGISLATIVE COUNSEL'S DIGEST

SB 255, as amended, Davis.  Computers.

Existing law provides that it is a public offense to engage in certain unlawful activities with regard to a computer system, computer network, computer program, and computer data. Existing law also allows the owner or lessee of computer systems, networks, programs, or data to maintain a civil action against any person convicted of violating the criminal provisions for compensatory damages.

This bill would substantially recast existing law. It would expand the scope of the prohibited activity, as specified, thereby imposing a state-mandated local program. It would also revise the definitions of that law. The bill, in addition to continuing to authorize a civil action, would provide that upon a conviction of a person or upon the sustaining of a petition by the juvenile court and compliance with specified procedural requirements, the items seized, as the result of a

LEGISLATIVE INTENT SERVICE    (800) 666-1917

LIS - 1h

SB 255     — 2 —

~~warrant or incident to an arrest, may be destroyed by the sheriff as contraband or turned over to the county in which the person was convicted or adjudicated or be distributed to any other public entity or nonprofit corporation in any manner deemed appropriate by the court.~~ This bill would also include provisions exempting persons engaged in designated employee labor relations activities from criminal liability. This bill would also provide that the criminal penalties imposed by this bill do not apply to employees accessing an employer's computer when acting within the scope of his or her employment, or the use, knowingly and without permission, of an employer's computer outside an employee's scope of employment which does not result in an injury to an employer, as defined, so long as the value of that use does not exceed $100.

This bill would specify that for purposes of bringing a civil or a criminal action under this law, a person who causes, by any means, the access of a computer, computer system, or computer network in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer, computer system, or computer network in each jurisdiction.

The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement.

This bill would provide that no reimbursement is required by this act for a specified reason.

Vote: majority. Appropriation: no. Fiscal committee: yes. State-mandated local program: yes.

*The people of the State of California do enact as follows:*

1    SECTION 1. This act shall be known and may be
2 cited as the "Comprehensive Computer Data Access and
3 Fraud Act."
4    SEC. 2. Section 502 of the Penal Code is repealed.
5    SEC. 3. Section 502 is added to the Penal Code, to
6 read:
7    502. (a) It is the intent of the Legislature in enacting

— 3 —     SB 255

1 this section to expand the degree of protection afforded
2 to individuals, businesses, and governmental agencies
3 from tampering, interference, damage, and
4 unauthorized access to lawfully created computer data
5 and computer systems. The Legislature finds and
6 declares that the proliferation of computer technology
7 has resulted in a concomitant proliferation of computer
8 crime and other forms of unauthorized access to
9 computers, computer systems, and computer data.
10    The Legislature further finds and declares that
11 protection of the integrity of all types and forms of
12 lawfully created computers, computer systems, and
13 computer data is vital to the protection of the privacy of
14 individuals as well as to the well-being of financial
15 institutions, business concerns, governmental agencies,
16 and others within this state that lawfully utilize those
17 computers, computer systems, and data.
18    (b) For the purposes of this section, the following
19 terms have the following meanings:
20    (1) "Access" means to gain entry to, instruct, or
21 communicate with the logical, arithmetical, or memory
22 function resources of a computer, computer system, or
23 computer network.
24    (2) "Computer network" means two or more
25 computer systems connected by telecommunication
26 facilities.
27    (3) "Computer program or software" means a set of
28 instructions or statements, and related data, that when
29 executed in actual or modified form, cause a computer,
30 computer system, or computer network to perform
31 specified functions.
32    (4) "Computer services" includes, but is not limited
33 to, computer time, data processing, or storage functions,
34 or other uses of a computer, computer system, or
35 computer network.
36    (5) "Computer system" means a device or collection
37 of devices, including support devices and excluding
38 calculators which are not programmable and capable of
39 being used in conjunction with external files, one or more
40 of which contain computer programs, electronic

LEGISLATIVE INTENT SERVICE (800) 666-1917



1 instructions, input data, and output data, that performs
2 functions including, but not limited to, logic, arithmetic,
3 data storage and retrieval, communication, and control.
4    (6) "Data" means a representation of information,
5 knowledge, facts, concepts, computer software,
6 computer programs or instructions. Data may be in any
7 form, in storage media, or as stored in the memory of the
8 computer or in transit or presented on a display device.
9    (7) "Supporting documentation" includes, but is not
10 limited to, all information, in any form, pertaining to the
11 design, construction, classification, implementation, use,
12 or modification of a computer, computer system,
13 computer network, computer program, or computer
14 software, which information is not generally available to
15 the public and is necessary for the operation of a
16 computer, computer system, computer network,
17 computer program, or computer software.
18    (8) "Injury" means any alteration, deletion, damage,
19 or destruction of a computer system, computer network,
20 computer program, or data caused by the access.
21    (9) "Victim expenditure" means any expenditure
22 reasonably and necessarily incurred by the owner or
23 lessee to verify that a computer system, computer
24 network, computer program, or data was or was not
25 altered, deleted, damaged, or destroyed by the access.
26    (c) Except as provided in subdivision (i), any person
27 who commits any of the following acts is guilty of a public
28 offense:
29    (1) Knowingly accesses and without permission alters,
30 damages, deletes, destroys, or otherwise uses any data,
31 computer, computer system, or computer network in
32 order to either (A) devise or execute any scheme or
33 artifice to defraud, deceive, or extort, or (B) wrongfully
34 control or obtain money, property, or data.
35    (2) Knowingly accesses and without permission takes,
36 copies, or makes use of any data from a computer,
37 computer system, or computer network, or takes or
38 copies any supporting documentation, whether existing
39 or residing internal or external to a computer, computer
40 system, or computer network.

1    (3) Knowingly and without permission uses or causes
2 to be used computer services.
3    (4) Knowingly accesses and without permission adds,
4 alters, damages, deletes, or destroys any data, computer
5 software, or computer programs which reside or exist
6 internal or external to a computer, computer system, or
7 computer network.
8    (5) Knowingly and without permission disrupts or
9 causes the disruption of computer services or denies or
10 causes the denial of computer services to an authorized
11 user of a computer, computer system, or computer
12 network.
13    (6) Knowingly and without permission provides or
14 assists in providing a means of accessing a computer,
15 computer system, or computer network in violation of
16 this section.
17    (7) Knowingly and without permission accesses or
18 causes to be accessed any computer, computer system, or
19 computer network.
20    (d) (1) Any person who violates any of the provisions
21 of paragraph (1), (2), (4), or (5) of subdivision (c) is
22 punishable by a fine not exceeding ten thousand dollars
23 ($10,000), or by imprisonment in the state prison for 16
24 months, or two or three years, or by both that fine and
25 imprisonment, or by a fine not exceeding five thousand
26 dollars ($5,000), or by imprisonment in the county jail not
27 exceeding one year, or by both that fine and
28 imprisonment.
29    (2) Any person who violates paragraph (3) of
30 subdivision (c) is punishable as follows:
31    (A) For the first violation which does not result in
32 injury, and where the value of the computer services
33 used does not exceed four hundred dollars ($400), by a
34 fine not exceeding five thousand dollars ($5,000), or by
35 imprisonment in the county jail not exceeding one year,
36 or by both that fine and imprisonment.
37    (B) For any violation which results in a victim
38 expenditure in an amount greater than five thousand
39 dollars ($5,000) or in an injury, or if the value of the
40 computer services used exceeds four hundred dollars

— 6 —

1   ($400), or for any second or subsequent violation, by a
2   fine not exceeding ten thousand dollars ($10,000), or by
3   imprisonment in the state prison for 16 months, or two or
4   three years, or by both that fine and imprisonment, or by
5   a fine not exceeding five thousand dollars ($5,000), or by
6   imprisonment in the county jail not exceeding one year,
7   or by both that fine and imprisonment.
8       (3) Any person who violates paragraph (6) or (7) of
9   subdivision (c) is punishable as follows:
10      (A) For a first violation which does not result in injury,
11  an infraction punishable by a fine not exceeding two
12  hundred fifty dollars ($250).
13      (B) For any violation which results in a victim
14  expenditure in an amount not greater than five thousand
15  dollars ($5,000), or for a second or subsequent violation,
16  by a fine not exceeding five thousand dollars ($5,000), or
17  by imprisonment in the county jail not exceeding one
18  year, or by both that fine and imprisonment.
19      (C) For any violation which results in a victim
20  expenditure in an amount greater than five thousand
21  dollars ($5,000), by a fine not exceeding ten thousand
22  dollars ($10,000), or by imprisonment in the state prison
23  for 16 months, or two or three years, or by both that fine
24  and imprisonment, or by a fine not exceeding five
25  thousand dollars ($5,000), or by imprisonment in the
26  county jail not exceeding one year, or by both that fine
27  and imprisonment.
28      (e) (1) In addition to any other civil remedy
29  available, the owner or lessee of the computer, computer
30  system, computer network, computer program, or data
31  may bring a civil action against any person convicted
32  under this section for compensatory damages, including
33  any expenditure reasonably and necessarily incurred by
34  the owner or lessee to verify that a computer system,
35  computer network, computer program, or data was or
36  was not altered, damaged, or deleted by the access. For
37  the purposes of actions authorized by this subdivision, the
38  conduct of an unemancipated minor shall be imputed to
39  the parent or legal guardian having control or custody of
40  the minor, pursuant to the provisions of Section 1714.1 of



— 7 —

1   the Civil Code.
2       (2) In any action brought pursuant to this subdivision
3   the court may award reasonable attorney's fees to a
4   prevailing party.
5       (f) This section shall not be construed to preclude the
6   applicability of any other provision of the criminal law of
7   this state which applies or may apply to any transaction,
8   nor shall it make illegal any employee labor relations
9   activities that are within the scope and protection of state
10  or federal labor laws.
11      (g) This section applies only to public offenses
12  committed on or after January 1, 1988. It is the intent of
13  the Legislature that this section be given no retroactive
14  effect and persons who commit a violation of the
15  provisions of Section 502 in effect prior to January 1, 1988,
16  shall be held responsible therefor.
17      (h) Any computer, computer system, computer
18  program, instrument, apparatus, device, plans,
19  instructions, or written publication used in the
20  commission of any public offense described in subdivision
21  (c) may be seized under warrant or incident to a lawful
22  arrest. Any property seized under this subdivision is
23  subject to forfeiture pursuant to Section 502.01.
24      (i) (1) Subdivision (c) does not apply to any person
25  who accesses his or her employer's computer system,
26  computer network, computer program, or data when
27  acting within the scope of his or her lawful employment.
28      (2) Paragraph (3) of subdivision (c) does not apply to
29  any employee who accesses or uses his or her employer's
30  computer system, computer network, computer
31  program, or data when acting outside the scope of his or
32  her lawful employment, so long as the employee's
33  activities do not cause an injury, as defined in paragraph
34  (8) of subdivision (b), to the employer or another, or so
35  long as the value of computer services, as defined in
36  paragraph (4) of subdivision (b), which are used do not
37  exceed one hundred dollars ($100).
38      (j) No activity exempted from prosecution under
39  paragraph (2) of subdivision (i) which incidentally
40  violates paragraph (2), (4), or (7) of subdivision (c) shall

SB 255

— 8 —

1 be prosecuted under those paragraphs.
2 (k) For purposes of bringing a civil or a criminal action
3 under this section, a person who causes, by any means,
4 the access of a computer, computer system, or computer
5 network in one jurisdiction from another jurisdiction is
6 deemed to have personally accessed the computer,
7 computer system, or computer network in each
8 jurisdiction.
9 SEC. 4. Section 502.01 is added to the Penal Code, to
10 read:
11 502.01. (a) Upon the conviction or the sustaining of a
12 petition by the juvenile court of a person for a
13 misdemeanor or felony violation of subdivision (c) of
14 Section 502, any computer, computer system, computer
15 program, instrument, apparatus, device, plans,
16 instructions, or written publication seized pursuant to
17 subdivision (h) of Section 502, if owned by the person so
18 convicted or adjudicated, or owned by a person or entity
19 that knowingly allowed the use of the seized items in the
20 commission of any offense described in subdivision (c) of
21 Section 502 and that person or entity was notified of the
22 hearing described in this section, provided their identity
23 was known, may be destroyed as contraband by the
24 sheriff of the county in which the person was convicted
25 or may be turned over to the county in which the person
26 was convicted or adjudicated for use by the county or for
27 distribution to any other public entity or nonprofit
28 corporation in any manner deemed appropriate by the
29 court if the procedural requirements of this section are
30 followed.
31 (b) The prosecuting agency shall, in conjunction with
32 the criminal or juvenile proceeding, file a petition of
33 forfeiture with the superior court of the county in which
34 the defendant has been charged with the underlying
35 public offense, which shall allege that the defendant has
36 engaged in a public offense prohibited by subdivision (c)
37 of Section 502 and the property is forfeitable pursuant to
38 this section. The prosecuting agency shall make service of
39 process of a notice regarding that petition upon every
40 individual who may have a property interest in the

SB 255

— 9 —

1 property, which notice shall state that any interested
2 party may file a verified claim with the superior court
3 stating the amount of their claimed interest and an
4 affirmation or denial of the prosecuting agency's
5 allegation. If the notice cannot be given by registered
6 mail or personal delivery, the notice shall be published
7 for at least three successive weeks in a newspaper of
8 general circulation in the county where the property is
9 located. All notices shall set forth the time within which
10 a claim of interest in the property seized is required to be
11 filed pursuant to subdivision (c).
12 (c) (1) Any person claiming an interest in the
13 property may, at any time within 30 days from the date
14 of the first publication of the notice of seizure, or within
15 30 days after receipt of actual notice, file with the
16 superior court of the county in which the action is
17 pending a verified claim stating his or her interest in the
18 property. A verified copy of the claim shall be given by
19 the claimant to the prosecuting agency.
20 (2) If, at the end of the 30 days, an interested person,
21 other than the defendant, has not filed a claim, the court,
22 upon motion, shall declare that the person has defaulted
23 upon his or her alleged interest, and it shall be subject to
24 forfeiture upon proof of the provisions of subdivision (e).
25 (d) The defendant may admit or deny that the
26 property is subject to forfeiture pursuant to the
27 provisions of this section. If the defendant fails to admit
28 or deny or to file a claim of interest in the property, the
29 court shall enter a response of denial on behalf of the
30 defendant.
31 (d) (1) The forfeiture proceeding shall be set for
32 hearing in the superior court in which the underlying
33 public offense will be tried.
34 (2) If the defendant is convicted or adjudicated of
35 either a misdemeanor or of a felony violation of
36 subdivision (c) of Section 502, the issue of forfeiture shall
37 be promptly tried. In the case of a conviction, the
38 forfeiture shall be tried either before the same jury or
39 before a new jury in the discretion of the court, unless
40 waived by the consent of all parties.

1 (e) At the forfeiture hearing, the prosecuting agency
2 shall have the burden of establishing beyond a reasonable
3 doubt that the defendant was engaged in a public offense
4 prohibited by subdivision (e) of Section 502 and that the
5 property alleged in the petition comes within the
6 provisions of subdivision (a).
7 (f) (1) Concurrent with, or subsequent to, the filing
8 of the petition, to preserve the status quo of the property
9 alleged in the petition of forfeiture, the prosecuting
10 agency may move the superior court for an injunction to
11 restrain all interested parties and enjoin them from
12 transferring, encumbering, hypothecating or otherwise
13 disposing of that property, or an appointment of a
14 receiver to take possession of, care for, manage, and
15 operate the assets and properties so that such property
16 may be maintained and preserved.
17 (2) No preliminary injunction may be granted or
18 receiver appointed without notice to the interested
19 parties and a hearing to determine that such an order is
20 necessary to preserve the property pending the outcome
21 of the proceedings, and that there is probable cause to
22 believe that the property alleged in the forfeiture
23 proceedings are property interests forfeitable under this
24 section. However, a temporary restraining order may
25 issue pending that hearing pursuant to the provisions of
26 Section 527 of the Code of Civil Procedure.
27 (3) Notwithstanding any other provision of law, the
28 court in granting these motions may order a surety bond
29 or undertaking to preserve the property interests of the
30 interested parties.
31 (4) The court shall, in making its orders, seek to
32 protect the interests of those who may be involved in the
33 same enterprise as the defendant, but who were not
34 involved in the commission of the public offense.
35 (g) (1) If the trier of fact at the forfeiture hearing
36 finds that the alleged property or proceeds is forfeitable
37 pursuant to subdivision (a) and the defendant was
38 engaged in a public offense prohibited by subdivision (e)
39 of Section 502, the court shall declare that property
40 forfeited to the county, subject to distribution as provided

1 in subdivision (e). No property solely owned by a bona
2 fide purchaser for value shall be subject to forfeiture.
3 (2) If the trier of fact at the forfeiture hearing finds
4 that the alleged property is forfeitable pursuant to this
5 section but does not find that a person holding a valid
6 lien, mortgage, security interest, or interest under a
7 conditional sales contract knowingly allowed the use of
8 the seized property in the commission of any offense
9 described in subdivision (e) of Section 502, and the
10 amount due to that person is less than the appraised
11 value of the property, that person may pay to the county
12 which initiated the forfeiture proceeding, the amount of
13 the registered owner's equity, which shall be deemed to
14 be the difference between the appraised value and the
15 amount of the lien, mortgage, security interest, or
16 interest under a conditional sales contract. Upon that
17 payment, the county shall relinquish all claims to the
18 property. If the holder of the interest elects not to make
19 that payment to the county, the property shall be
20 deemed forfeited to the county and the ownership
21 certificate shall be forwarded. A person holding a valid
22 lien, mortgage, security interest, or interest under a
23 conditional sales contract shall be paid the appraised
24 value of his or her interest. The appraised value shall be
25 determined as of the date judgment is entered either by
26 agreement between the legal owner and the county
27 involved, or if they cannot agree, then by a
28 court/appointed appraiser for the county in which the
29 action is brought.
30 SEC. 5.
31 SEC. 4. No reimbursement is required by this act
32 pursuant to Section 6 of Article XIII B of the California
33 Constitution for those costs which may be incurred by a
34 local agency or school district because this act creates a
35 new crime or infraction, changes the definition of a crime
36 or infraction, changes the penalty for a crime or
37 infraction, or eliminates a crime or infraction.

O

92  230

AMENDED IN ASSEMBLY SEPTEMBER 10, 1987
AMENDED IN ASSEMBLY SEPTEMBER 8, 1987
AMENDED IN ASSEMBLY SEPTEMBER 2, 1987
AMENDED IN ASSEMBLY AUGUST 18, 1987
AMENDED IN ASSEMBLY JUNE 23, 1987
AMENDED IN ASSEMBLY MAY 21, 1987
AMENDED IN SENATE MARCH 30, 1987
AMENDED IN SENATE MARCH 24, 1987

**SENATE BILL**            **No. 255**

**Introduced by Senator Davis**

January 28, 1987

An act to repeal and add Section 502 of the Penal Code, *and to amend Section 653.5 of, and to add Section 653.1 to, the Welfare and Institutions Code,* relating to crimes.

LEGISLATIVE COUNSEL'S DIGEST

SB 255, as amended, Davis. ~~Computers~~ *Crimes.*

(1) Existing law provides that it is a public offense to engage in certain unlawful activities with regard to a computer system, computer network, computer program, and computer data. Existing law also allows the owner or lessee of computer systems, networks, programs, or data to maintain a civil action against any person convicted of violating the criminal provisions for compensatory damages.

This bill would substantially recast existing law. It would expand the scope of the prohibited activity, as specified, thereby imposing a state-mandated local program. It would also revise the definitions of that law. This bill would also include provisions exempting persons engaged in designated


LEGISLATIVE INTENT SERVICE   (800) 666-1917

91  40

**SB 255** — 2 —

employee labor relations activities from criminal liability. This bill would also provide that the criminal penalties imposed by this bill do not apply to employees accessing an employer's computer when acting within the scope of his or her employment, or the use, knowingly and without permission, of an employer's computer outside an employee's scope of employment which does not result in an injury to an employer, as defined, so long as the value of that use does not exceed $100.

This bill would specify that for purposes of bringing a civil or a criminal action under this law, a person who causes, by any means, the access of a computer, computer system, or computer network in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer, computer system, or computer network in each jurisdiction.

The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement.

This bill would provide that no reimbursement is required by this act for a specified reason.

(2) Under existing law, if a probation officer determines that a juvenile court proceedings to declare a person a ward of the juvenile court on the basis of criminal conduct should be commenced, the probation officer is required to cause an affidavit to be taken to the prosecuting attorney.

This bill provides that a probation officer shall cause an affidavit alleging that a minor is within the jurisdiction of the juvenile court on the basis of criminal conduct to be taken immediately or within 48 hours, depending upon the age of the minor and the nature of the offense, to the prosecuting attorney if he or she determines that proceedings to declare the minor a ward of the juvenile court should be commenced. To the extent that the bill would require a higher level of service upon probation officers, it would constitute a state-mandated local program.

The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for

---

— 3 — **SB 255**

making that reimbursement, including the creation of a State Mandates Claims Fund to pay the costs of mandates which do not exceed $500,000 statewide and other procedures for claims whose statewide costs exceed $500,000.

This bill would provide that for certain costs no reimbursement is required by this act for a specified reason.

However, the bill would provide that, if the Commission on State Mandates determines that this bill contains other costs mandated by the state, reimbursement for those costs shall be made pursuant to those statutory procedures and, if the statewide cost does not exceed $500,000, shall be payable from the State Mandates Claims Fund.

Vote: majority. Appropriation: no. Fiscal committee: yes. State-mandated local program: yes.

*The people of the State of California do enact as follows:*

1  SECTION 1. This act shall be known and may be
2  cited as the "Comprehensive Computer Data Access and
3  Fraud Act."
4  SEC. 2. Section 502 of the Penal Code is repealed.
5  SEC. 3. Section 502 is added to the Penal Code, to
6  read:
7  502. (a) It is the intent of the Legislature in enacting
8  this section to expand the degree of protection afforded
9  to individuals, businesses, and governmental agencies
10  from tampering, interference, damage, and
11  unauthorized access to lawfully created computer data
12  and computer systems. The Legislature finds and
13  declares that the proliferation of computer technology
14  has resulted in a concomitant proliferation of computer
15  crime and other forms of unauthorized access to
16  computers, computer systems, and computer data.
17  The Legislature further finds and declares that
18  protection of the integrity of all types and forms of
19  lawfully created computers, computer systems, and
20  computer data is vital to the protection of the privacy of
21  individuals as well as to the well-being of financial
22  institutions, business concerns, governmental agencies,
23  and others within this state that lawfully utilize those

91  100

— 5 —

1 computer program, or computer software.
2 (8) "Injury" means any alteration, deletion, damage,
3 or destruction of a computer system, computer network,
4 computer program, or data caused by the access.
5 (9) "Victim expenditure" means any expenditure
6 reasonably and necessarily incurred by the owner or
7 lessee to verify that a computer system, computer
8 network, computer program, or data was or was not
9 altered, deleted, damaged, or destroyed by the access.
10 (c) Except as provided in subdivision (i), any person
11 who commits any of the following acts is guilty of a public
12 offense:
13 (1) Knowingly accesses and without permission alters,
14 damages, deletes, destroys, or otherwise uses any data,
15 computer, computer system, or computer network in
16 order to either (A) devise or execute any scheme or
17 artifice to defraud, deceive, or extort, or (B) wrongfully
18 control or obtain money, property, or data.
19 (2) Knowingly accesses and without permission takes,
20 copies, or makes use of any data from a computer,
21 computer system, or computer network, or takes or
22 copies any supporting documentation, whether existing
23 or residing internal or external to a computer, computer
24 system, or computer network.
25 (3) Knowingly and without permission uses or causes
26 to be used computer services.
27 (4) Knowingly accesses and without permission adds,
28 alters, damages, deletes, or destroys any data, computer
29 software, or computer programs which reside or exist
30 internal or external to a computer, computer system, or
31 computer network.
32 (5) Knowingly and without permission disrupts or
33 causes the disruption of computer services or denies or
34 causes the denial of computer services to an authorized
35 user of a computer, computer system, or computer
36 network.
37 (6) Knowingly and without permission provides or
38 assists in providing a means of accessing a computer,
39 computer system, or computer network in violation of
40 this section.

— 4 —

1 computers, computer systems, and data.
2 (b) For the purposes of this section, the following
3 terms have the following meanings:
4 (1) "Access" means to gain entry to, instruct, or
5 communicate with the logical, arithmetical, or memory
6 function resources of a computer, computer system, or
7 computer network.
8 (2) "Computer network" means two or more
9 computer systems connected by telecommunication
10 facilities.
11 (3) "Computer program or software" means a set of
12 instructions or statements, and related data, that when
13 executed in actual or modified form, cause a computer,
14 computer system, or computer network to perform
15 specified functions.
16 (4) "Computer services" includes, but is not limited
17 to, computer time, data processing, or storage functions,
18 or other uses of a computer, computer system, or
19 computer network.
20 (5) "Computer system" means a device or collection
21 of devices, including support devices and excluding
22 calculators which are not programmable and capable of
23 being used in conjunction with external files, one or more
24 of which contain computer programs, electronic
25 instructions, input data, and output data, that performs
26 functions including, but not limited to, logic, arithmetic,
27 data storage and retrieval, communication, and control.
28 (6) "Data" means a representation of information,
29 knowledge, facts, concepts, computer software,
30 computer programs or instructions. Data may be in any
31 form, in storage media, or as stored in the memory of the
32 computer or in transit or presented on a display device.
33 (7) "Supporting documentation" includes, but is not
34 limited to, all information, in any form, pertaining to the
35 design, construction, classification, implementation, use,
36 or modification of a computer, computer system,
37 computer network, computer program, or computer
38 software, which information is not generally available to
39 the public and is necessary for the operation of a
40 computer, computer system, computer network,

1 (7) Knowingly and without permission accesses or
2 causes to be accessed any computer, computer system, or
3 computer network.
4 (d) (1) Any person who violates any of the provisions
5 of paragraph (1), (2), (4), or (5) of subdivision (c) is
6 punishable by a fine not exceeding ten thousand dollars
7 ($10,000), or by imprisonment in the state prison for 16
8 months, or two or three years, or by both that fine and
9 imprisonment, or by a fine not exceeding five thousand
10 dollars ($5,000), or by imprisonment in the county jail not
11 exceeding one year, or by both that fine and
12 imprisonment.
13 (2) Any person who violates paragraph (3) of
14 subdivision (c) is punishable as follows:
15 (A) For the first violation which does not result in
16 injury, and where the value of the computer services
17 used does not exceed four hundred dollars ($400), by a
18 fine not exceeding five thousand dollars ($5,000), or by
19 imprisonment in the county jail not exceeding one year,
20 or by both that fine and imprisonment.
21 (B) For any violation which results in a victim
22 expenditure in an amount greater than five thousand
23 dollars ($5,000) or in an injury, or if the value of the
24 computer services used exceeds four hundred dollars
25 ($400), or for any second or subsequent violation, by a
26 fine not exceeding ten thousand dollars ($10,000), or by
27 imprisonment in the state prison for 16 months, or two or
28 three years, or by both that fine and imprisonment, or by
29 a fine not exceeding five thousand dollars ($5,000), or by
30 imprisonment in the county jail not exceeding one year,
31 or by both that fine and imprisonment.
32 (3) Any person who violates paragraph (6) or (7) of
33 subdivision (c) is punishable as follows:
34 (A) For a first violation which does not result in injury,
35 an infraction punishable by a fine not exceeding two
36 hundred fifty dollars ($250).
37 (B) For any violation which results in a victim
38 expenditure in an amount not greater than five thousand
39 dollars ($5,000), or for a second or subsequent violation,
40 by a fine not exceeding five thousand dollars ($5,000), or

1 by imprisonment in the county jail not exceeding one
2 year, or by both that fine and imprisonment.
3 (C) For any violation which results in a victim
4 expenditure in an amount greater than five thousand
5 dollars ($5,000), by a fine not exceeding ten thousand
6 dollars ($10,000), or by imprisonment in the state prison
7 for 16 months, or two or three years, or by both that fine
8 and imprisonment, or by a fine not exceeding five
9 thousand dollars ($5,000), or by imprisonment in the
10 county jail not exceeding one year, or by both that fine
11 and imprisonment.
12 (e) (1) In addition to any other civil remedy
13 available, the owner or lessee of the computer, computer
14 system, computer network, computer program, or data
15 may bring a civil action against any person convicted
16 under this section for compensatory damages, including
17 any expenditure reasonably and necessarily incurred by
18 the owner or lessee to verify that a computer system,
19 computer network, computer program, or data was or
20 was not altered, damaged, or deleted by the access. For
21 the purposes of actions authorized by this subdivision, the
22 conduct of an unemancipated minor shall be imputed to
23 the parent or legal guardian having control or custody of
24 the minor, pursuant to the provisions of Section 1714.1 of
25 the Civil Code.
26 (2) In any action brought pursuant to this subdivision
27 the court may award reasonable attorney's fees to a
28 prevailing party.
29 (f) This section shall not be construed to preclude the
30 applicability of any other provision of the criminal law of
31 this state which applies or may apply to any transaction,
32 nor shall it make illegal any employee labor relations
33 activities that are within the scope and protection of state
34 or federal labor laws.
35 (g) This section applies only to public offenses
36 committed on or after January 1, 1988. It is the intent of
37 the Legislature that this section be given no retroactive
38 effect and persons who commit a violation of the
39 provisions of Section 502 in effect prior to January 1, 1988,
40 shall be held responsible therefor.



1  (h) Any computer, computer system, computer
2  program, instrument, apparatus, device, plans,
3  instructions, or written publication used in the
4  commission of any public offense described in subdivision
5  (c) may be seized under warrant or incident to a lawful
6  arrest. Any property seized under this subdivision is
7  subject to forfeiture pursuant to Section 502.01.
8   (i) (1) Subdivision (c) does not apply to any person
9  who accesses his or her employer's computer system,
10  computer network, computer program, or data when
11  acting within the scope of his or her lawful employment.
12   (2) Paragraph (3) of subdivision (c) does not apply to
13  any employee who accesses or uses his or her employer's
14  computer system, computer network, computer
15  program, or data when acting outside the scope of his or
16  her lawful employment, so long as the employee's
17  activities do not cause an injury, as defined in paragraph
18  (8) of subdivision (b), to the employer or another, or so
19  long as the value of computer services, as defined in
20  paragraph (4) of subdivision (b), which are used do not
21  exceed one hundred dollars ($100).
22   (j) No activity exempted from prosecution under
23  paragraph (2) of subdivision (i) which incidentally
24  violates paragraph (2), (4), or (7) of subdivision (c) shall
25  be prosecuted under those paragraphs.
26   (k) For purposes of bringing a civil or a criminal action
27  under this section, a person who causes, by any means,
28  the access of a computer, computer system, or computer
29  network in one jurisdiction from another jurisdiction is
30  deemed to have personally accessed the computer,
31  computer system, or computer network in each
32  jurisdiction.
33   SEC. 4.  No reimbursement is required by this act
34  pursuant to Section 6 of Article XIII B of the California
35  Constitution for those costs which may be incurred by a
36  local agency or school district because this act creates a
37  new crime or infraction, changes the definition of a crime
38  or infraction, changes the penalty for a crime or
39  infraction, or eliminates a crime or infraction.
40   SEC. 4.  Section 653.1 is added to the Welfare and

1  Institutions Code, to read:
2   653.1.  Notwithstanding Section 653, in the case of an
3  affidavit alleging that the minor committed an offense
4  described in Section 602, the probation officer shall cause
5  the affidavit to be immediately taken to the prosecuting
6  attorney if it appears to the probation officer that the
7  minor has been referred to the probation officer for any
8  violation of an offense listed in subdivision (b) of Section
9  707 and that offense was allegedly committed when the
10  minor was 16 years of age or older. If the prosecuting
11  attorney decides not to file a petition, he or she may
12  return the affidavit to the probation officer for any other
13  appropriate action.
14   SEC. 5.  Section 653.5 of the Welfare and Institutions
15  Code is amended to read:
16   653.5.  (a) Whenever any person applies to the
17  probation officer to commence proceedings in the
18  juvenile court, the application shall be in the form of an
19  affidavit alleging that there was or is within the county,
20  or residing therein, a minor within the provisions of
21  Section 602, or that a minor committed an offense
22  described in Section 602 within the county, and setting
23  forth facts in support thereof. The probation officer shall
24  immediately make any investigation he or she deems
25  necessary to determine whether proceedings in the
26  juvenile court shall be commenced.
27   (b)  If Except as provided in subdivision (c), if the
28  probation officer determines that proceedings pursuant
29  to Section 650 should be commenced to declare a person
30  to be a ward of the juvenile court on the basis that he or
31  she is a person described in Section 602, the probation
32  officer shall cause the affidavit to be taken to the
33  prosecuting attorney.
34   (c)  Notwithstanding the provisions of subdivision (b),
35  the probation officer shall cause the affidavit to be taken
36  within 48 hours to the prosecuting attorney in all of the
37  following cases:
38   (1) If it appears to the probation officer that the minor
39  has been referred to the probation officer for any
40  violation of an offense listed in subdivision (b) of Section

1  707.

2  (2) If it appears to the probation officer that the minor
3  is under 16 years of age at the date of the offense and that
4  the offense constitutes a second felony referral to the
5  probation officer.

6  (3) If it appears to the probation officer that the minor
7  was 16 years of age or older at the date of the offense and
8  that the offense constitutes a felony referral to the
9  probation officer.

10  The provisions of subdivision (c) shall not apply to a
11  narcotics and drug offense set forth in Section 1000 of the
12  Penal Code.

13  The prosecuting attorney shall within his or her
14  discretionary power institute proceedings in accordance
15  with his or her role as public prosecutor pursuant to
16  subdivision (b) of Section 650 and Section 26500 of the
17  Government Code. However, if it appears to the
18  prosecuting attorney that the affidavit was not properly
19  referred, that the offense for which the minor was
20  referred should be charged as a misdemeanor, or that the
21  minor may benefit from a program of informal
22  supervision, he or she shall refer the matter to the
23  probation officer for whatever action the probation
24  officer may deem appropriate.

25  (d) In all matters where the minor is not in custody
26  and is already a ward of the court or a probationer under
27  Section 602, the prosecuting attorney, within five judicial
28  days of receipt of the affidavit from the probation officer,
29  shall institute proceedings in accordance with his or her
30  role as public prosecutor pursuant to subdivision (b) of
31  Section 650 of this code and Section 26500 of the
32  Government Code, unless it appears to the prosecuting
33  attorney that the affidavit was not properly referred or
34  that the offense for which the minor was referred
35  requires additional substantiating information, in which
36  case he or she shall immediately notify the probation
37  officer of what further action he or she is taking.

38  SEC. 6. No reimbursement is required by this act
39  pursuant to Section 6 of Article XIII B of the California
40  Constitution for those costs which may be incurred by a

1  local agency or school district because this act creates a
2  new crime or infraction, changes the definition of a crime
3  or infraction, changes the penalty for a crime or
4  infraction, or eliminates a crime or infraction.
5  However, notwithstanding Section 17610 of the
6  Government Code, if the commission on State Mandates
7  determines that this act contains other costs mandated by
8  the state, reimbursement to local agencies and school
9  districts for those costs shall be made pursuant to Part 7
10  (commencing with Section 17500) of Division 4 of Title
11  2 of the Government Code. If the statewide cost of the
12  claim for reimbursement does not exceed five hundred
13  thousand dollars ($500,000), reimbursement shall be
14  made from the State Mandates Claims Fund.

SEC.7

§ 425.13. No claim for punitive damages against a health care provider shall be included in a complaint or other pleading unless the court enters an order allowing an amended pleading that includes a claim for punitive damages to be filed. The court may allow the filing of an amended pleading claiming punitive damages on a motion by the party seeking the amended pleading and on the basis of the supporting and opposing affidavits presented that the plaintiff has established that there is a substantial probability that the plaintiff will prevail on the claim pursuant to Section 3294 of the Civil Code. The court shall not grant a motion allowing the filing of an amended pleading that includes a claim for punitive damages if the motion for such an order is not filed within two years after the complaint or initial pleading is filed or not less than nine months before the date the matter is first set for trial, whichever is earlier.

EXPLANATORY NOTES CH 1498:

B & P C § 6146. Substituted (1) "five hundred thousand dollars ($500,000)" for "one hundred thousand dollars ($100,000)" in subd (a)(3); and (2) "Fifteen percent" for "Ten percent" and "six hundred thousand dollars ($600,000)" for "two hundred thousand dollars ($200,000)" in subd (a)(4).

CC § 3294. (1) Added "it is proven by clear and convincing evidence that" in subd (a); (2) added "despicable" and "willful and" in subd (c)(1); (3) substituted "despicable conduct that subjects" for "subjecting" in subd (c)(2); and (4) added subd (c).

CC § 3295. Added subds (d)-(f).

# CHAPTER 1499

(Senate Bill No. 255)

An act to repeal and add Section 502 of the Penal Code, and to amend Section 653.5 of, and to add Section 653.1 to, the Welfare and Institutions Code, relating to crimes.

[Approved by Governor September 30, 1987. Filed with Secretary of State September 30, 1987.]

## LEGISLATIVE COUNSEL'S DIGEST

SB 255, Davis. Crimes.

(1) Existing law provides that it is a public offense to engage in certain unlawful activities with regard to a computer system, computer network, computer program, and computer data. Existing law also allows the owner or lessee of computer systems, networks, programs, or data to maintain a civil action against any person convicted of violating the criminal provisions for compensatory damages.

This bill would substantially recast existing law. It would expand the scope of the prohibited activity, as specified, thereby imposing a state-mandated local program. It would also revise the definitions of that law. This bill would also include provisions exempting persons engaged in designated employee labor relations activities from criminal liability. This bill would also provide that the criminal penalties imposed by this bill do not apply to employees accessing an employer's computer when acting within the scope of his or her employment, or the use, knowingly and without permission, of an employer's computer outside an employee's scope of employment which does not result in an injury to an employer, as defined, so long as the value of that use does not exceed $100.

This bill would specify that for purposes of bringing a civil or a criminal action under this law, a person who causes, by any means, the access of a computer, computer system, or computer network in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer, computer system, or computer network in each jurisdiction.

(2) Under existing law, if a probation officer determines that juvenile court proceedings to declare a person a ward of the juvenile court on the basis of criminal conduct should be commenced, the probation officer is required to cause an affidavit to be taken to the prosecuting attorney.

This bill provides that a probation officer shall cause an affidavit alleging that a minor is within the jurisdiction of the juvenile court on the basis of criminal conduct to be taken immediately or within 48 hours, depending upon the age of the minor and the nature of the offense, to the prosecuting attorney if he or she determines that proceedings to declare the minor a ward of the juvenile court should be commenced. To the extent that the bill would require a higher level of service upon probation officers, it would constitute a state-mandated local program.

The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement, including the creation of a State Mandates Claims Fund to pay the costs of mandates which do not exceed $500,000 statewide and other procedures for claims whose statewide costs exceed $500,000.

This bill would provide that for certain costs no reimbursement is required by this act for a specified reason.

However, the bill would provide that, if the Commission on State Mandates determines that this bill contains other costs mandated by the state, reimbursement for those costs shall be made pursuant to those statutory procedures and, if the statewide cost does not exceed $500,000, shall be payable from the State Mandates Claims Fund.

*The people of the State of California do enact as follows:*

SECTION 1. This act shall be known and may be cited as the "Comprehensive Computer Data Access and Fraud Act."

SEC. 2. Section 502 of the Penal Code is repealed.

SEC. 3. Section 502 is added to the Penal Code, to read:

§ 502. (a) It is the intent of the Legislature in enacting this section to expand the degree of protection afforded to individuals, businesses, and governmental agencies from tampering, interference, damage, and unauthorized access to lawfully created computer data and computer systems. The Legislature finds and declares that the proliferation of computer technology has resulted in a concomitant proliferation of computer crime and other forms of unauthorized access to computers, computer systems, and computer data.

The Legislature further finds and declares that protection of the integrity of all types and forms of lawfully created computers, computer systems, and computer data is vital to the protection of the privacy of individuals as well as to the well-being of financial institutions, business concerns, governmental agencies, and others within this state that lawfully utilize those computers, computer systems, and data.

(b) For the purposes of this section, the following terms have the following meanings:

(1) "Access" means to gain entry to, instruct, or communicate with the logical, arithmetical, or memory function resources of a computer, computer system, or computer network.

(2) "Computer network" means two or more computer systems connected by telecommunication facilities.

(3) "Computer program or software" means a set of instructions or statements, and related data, that when executed in actual or modified form, cause a computer, computer system, or computer network to perform specified functions.

(4) "Computer services" includes, but is not limited to, computer time, data processing, or storage functions, or other uses of a computer, computer system, or computer network.

(5) "Computer system" means a device or collection of devices, including support devices and excluding calculators which are not programmable and capable of being used in conjunction with external files, one or more of which, contain computer programs, electronic instructions, input data, and output data, that performs functions including, but not limited to, logic, arithmetic, data storage and retrieval, communication, and control.

(6) "Data" means a representation of information, knowledge, facts, concepts, computer software, computer programs or instructions. Data may be in any form, in storage media, or as stored in the memory of the computer, or in transit or presented on a display device.

(7) "Supporting documentation" includes, but is not limited to, all information, in any form, pertaining to the design, construction, classification, implementation, use, or modification of a computer, computer system, computer network, computer program, or computer software, which information is not generally available to the

public and is necessary for the operation of a computer, computer system, or computer network, computer program, or computer software.

(8) "Injury" means any alteration, deletion, damage, or destruction of a computer system, computer network, computer program, or data caused by the access.

(9) "Victim expenditure" means any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was or was not altered, deleted, damaged, or destroyed by the access.

(c) Except as provided in subdivision (j), any person who commits any of the following acts is guilty of a public offense:

(1) Knowingly accesses and without permission alters, damages, deletes, destroys, or otherwise uses any data, computer, computer system, or computer network in order to either (A) devise or execute any scheme or artifice to defraud, deceive, or extort, or (B) wrongfully control or obtain money, property, or data.

(2) Knowingly accesses and without permission takes, copies, or makes use of any data from a computer, computer system, or computer network, or takes or copies any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network.

(3) Knowingly and without permission uses or causes to be used computer services.

(4) Knowingly accesses and without permission adds, alters, damages, deletes, or destroys any data, computer software, or computer programs which reside or exist internal or external to a computer, computer system, or computer network.

(5) Knowingly and without permission disrupts or causes the disruption of computer services or denies or causes the denial of computer services to an authorized user of a computer, computer system, or computer network.

(6) Knowingly and without permission provides or assists in providing a means of accessing a computer, computer system, or computer network in violation of this section.

(7) Knowingly and without permission accesses or causes to be accessed any computer, computer system, or computer network.

(d) (1) Any person who violates any of the provisions of paragraph (1), (2), (4), or (5) of subdivision (c) is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the state prison for 16 months, or two or three years, or by both that fine and imprisonment, or by a fine not exceeding five thousand dollars ($5,000), or by imprisonment in the county jail not exceeding one year, or by both that fine and imprisonment.

(2) Any person who violates paragraph (3) of subdivision (c) is punishable as follows:

(A) For the first violation which does not result in injury, and where the value of the computer services used does not exceed four hundred dollars ($400), by a fine not exceeding five thousand dollars ($5,000), or by imprisonment in the county jail not exceeding one year, or by both that fine and imprisonment.

(B) For any violation which results in a victim expenditure in an amount greater than five thousand dollars ($5,000) or in an injury, or if the value of the computer services used exceeds four hundred dollars ($400), for any second or subsequent violation, by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the state prison for 16 months, or two or three years, or by both that fine and imprisonment, or by a fine not exceeding five thousand dollars ($5,000), or by imprisonment in the county jail not exceeding one year, or by both that fine and imprisonment.

(3) Any person who violates paragraph (6) or (7) of subdivision (c) is punishable as follows:



(A) For a first violation which does not result in injury, an infraction punishable by a fine not exceeding two hundred fifty dollars ($250).

(B) For any violation which results in a victim expenditure in an amount not greater than five thousand dollars ($5,000), or for a second or subsequent violation, by a fine not exceeding five thousand dollars ($5,000), or by imprisonment in the county jail not exceeding one year, or by both that fine and imprisonment.

(C) For any violation which results in a victim expenditure in an amount greater than five thousand dollars ($5,000), by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the state prison for 16 months, or two or three years, or by both that fine and imprisonment, or by imprisonment in the county jail not exceeding one year, or by both that fine and imprisonment.

(e) (1) In addition to any other civil remedy available, the owner or lessee of the computer, computer system, computer network, computer program, or data may bring a civil action against any person convicted under this section for compensatory damages, including any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was or was not altered, damaged, or deleted by the access. For the purposes of actions authorized by this subdivision, the conduct of an unemancipated minor shall be imputed to the parent or legal guardian having control or custody of the minor, pursuant to the provisions of Section 1714.1 of the Civil Code.

(2) In any action brought pursuant to this subdivision the court may award reasonable attorney's fees to a prevailing party.

(f) This section shall not be construed to preclude the applicability of any other provision of the criminal law of this state which applies or may apply to any transaction, nor shall it make illegal any employee labor relations activities that are within the scope and protection of state or federal labor laws.

(g) This section applies only to public offenses committed on or after January 1, 1988. It is the intent of the Legislature that this section be given no retroactive effect and persons who commit a violation of the provisions of Section 502 in effect prior to January 1, 1988, shall be held responsible therefor.

(h) Any computer, computer system, computer program, instrument, apparatus, device, plans, instructions, or written publication used in the commission of any public offense described in subdivision (c) may be seized under warrant or incident to a lawful arrest. Any property seized under this subdivision is subject to forfeiture pursuant to Section 502.01.

(i) (1) Subdivision (c) does not apply to any person who accesses his or her employer's computer system, computer network, computer program, or data when acting within the scope of his or her lawful employment.

(2) Paragraph (3) of subdivision (c) does not apply to any employee who accesses or uses his or her employer's computer system, computer network, computer program, or data when acting outside the scope of his or her lawful employment, so long as the employee's activities do not cause an injury, as defined in paragraph (8) of subdivision (b), to the employer or another, or so long as the value of computer services, as defined in paragraph (4) of subdivision (b), which are used do not exceed one hundred dollars ($100).

(j) No activity exempted from prosecution under paragraph (2) of subdivision (i) which incidentally violates paragraph (2), (4), or (7) of subdivision (c) shall be prosecuted under those paragraphs.

(k) For purposes of bringing a civil or a criminal action under this section, a person who causes, by any means, the access of a computer, computer system, or computer network in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer, computer system, or computer network in each jurisdiction.

SEC. 4. Section 653.1 is added to the Welfare and Institutions Code, to read:

§ 653.1. Notwithstanding Section 653, in the case of an affidavit alleging that the minor committed an offense described in Section 602, the probation officer shall cause the affidavit to be immediately taken to the prosecuting attorney if it appears to the probation officer that the minor has been referred to the probation officer for any violation of an offense listed in subdivision (b) of Section 707 and that offense was allegedly committed when the minor was 16 years of age or older. If the prosecuting attorney decides not to file a petition, he or she may return the affidavit to the probation officer for any other appropriate action.

SEC. 5. Section 653.5 of the Welfare and Institutions Code is amended to read:

§ 653.5. (a) Whenever any person applies to the probation officer to commence proceedings in the juvenile court, the application shall be in the form of an affidavit alleging that there was or is within the county, or residing therein, a minor within the provisions of Section 602, or that a minor committed an offense described in Section 602 within the county, and setting forth facts in support thereof. The probation officer shall immediately make any investigation he or she deems necessary to determine whether proceedings in the juvenile court shall be commenced.

(b) Except as provided in subdivision (c), if the probation officer determines that proceedings pursuant to Section 650 should be commenced to declare a person to be a ward of the juvenile court on the basis that he or she is a person described in Section 602, the probation officer shall cause the affidavit to be taken to the prosecuting attorney.

(c) Notwithstanding the provisions of subdivision (b), the probation officer shall cause the affidavit to be taken within 48 hours to the prosecuting attorney in all of the following cases:

(1) If it appears to the probation officer that the minor has been referred to the probation officer for any violation of an offense listed in subdivision (b) of Section 707.

(2) If it appears to the probation officer that the minor is under 16 years of age at the date of the offense and that the offense constitutes a second felony referral to the probation officer.

(3) If it appears to the probation officer that the minor was 16 years of age or older at the date of the offense and that the offense constitutes a felony referral to the probation officer.

The provisions of subdivision (c) shall not apply to a narcotics and drug offense set forth in Section 1000 of the Penal Code.

The prosecuting attorney shall within his or her discretionary power institute proceedings in accordance with his or her role as public prosecutor pursuant to subdivision (b) of Section 650 and Section 26500 of the Government Code. However, if it appears to the prosecuting attorney that the affidavit was not properly referred, that the offense for which the minor was referred should be charged as a misdemeanor, or that the minor may benefit from a program of informal supervision, he or she shall refer the matter to the probation officer for whatever action the probation officer may deem appropriate.

(d) In all matters where the minor is not in custody and is already a ward of the court or a probationer under Section 602, the prosecuting attorney, within five judicial days of receipt of the affidavit from the probation officer, shall institute proceedings in accordance with his or her role as public prosecutor pursuant to subdivision (b) of Section 650 of this code and Section 26500 of the Government Code, unless it appears to the prosecuting attorney that the affidavit was not properly referred or that the offense for which the minor was referred requires additional substantiating information, in which case he or she shall immediately notify the probation officer of what further action he or she is taking.



## CHAPTER 1500

(Senate Bill No. 1647)

An act to add Chapter 5.7 (commencing with Section 92590) to Part 57 of the Education Code, relating to manufacturing and automation research, and making an appropriation therefor.

[Approved by Governor September 30, 1987. Filed with Secretary of State September 30, 1987.]

I am deleting the $200,000 appropriation contained in Section 2 of Senate Bill No. 1647.

This bill would appropriate $200,000 to support the University of California Institute for Manufacturing and Automation.

The demands placed on budget resources require all of us to set priorities. The budget enacted in July, 1987 appropriated nearly $41 billion in state funds. This amount is more than adequate to provide the necessary essential services provided for by State Government. It is not necessary to put additional pressure on taxpayer funds for programs that fall beyond the priorities currently provided.

Thus, after reviewing this legislation, I have concluded that its merits do not sufficiently outweigh the need this year for funding top priority programs and continuing a prudent reserve for economic uncertainties.

I would, however, consider funding the provisions of this bill during the budget process for Fiscal Year 1988-89. It is appropriate to review the relative merits of this program in comparison to all other funding projects. The budget process enables us to weigh all demands on the state's revenues and direct our resources to programs, either new or existing, that have the most merit.

With this deletion, I approve Senate Bill No. 1647.

GEORGE DEUKMEJIAN, Governor

### LEGISLATIVE COUNSEL'S DIGEST

SB 1647, Garamendi. Manufacturing and automation research: University of California.

Existing law does not contain provisions authorizing the University of California to participate in an institute for manufacturing and automation research.

This bill would authorize the university to participate in the Institute for Manufacturing and Automation Research and specify the conditions of university participation.

The bill would also require the Department of Commerce to contract with the institute for research and development in process manufacturing.

The bill would require that the state funding provided pursuant to this contract constitute the state matching funds required to secure federal funding, as specified.

The bill would appropriate $200,000 to the Department of Commerce for implementation of the contract and the institute. This bill would provide that the funds appropriated by this bill shall only be expended at a ratio of at least $7 of private funds for each $4 of the funds appropriated from the General Fund. This bill would direct the Department of Commerce to expend the appropriated funds upon notification that the institute has received the required private match.

Appropriation: yes.

*The people of the State of California do enact as follows:*

SECTION 1. Chapter 5.7 (commencing with Section 92590) is added to Part 57 of the Education Code, to read:

---

SEC. 6. No reimbursement is required by this act pursuant to Section 6 of Article XIII B of the California Constitution for those costs which may be incurred by a local agency or school district because this act creates a new crime or infraction, changes the definition of a crime or infraction, changes the penalty for a crime or infraction, or eliminates a crime or infraction.

However, notwithstanding Section 17610 of the Government Code, if the commission on State Mandates determines that this act contains other costs mandated by the state, reimbursement to local agencies and school districts for those costs shall be made pursuant to Part 7 (commencing with Section 17500) of Division 4 of Title 2 of the Government Code. If the statewide cost of the claim for reimbursement does not exceed five hundred thousand dollars ($500,000), reimbursement shall be made from the State Mandates Claims Fund.

EXPLANATORY NOTES CH 1499:

W & I C § 653.5. The amendment made no change.



**VOLUME 1**

CALIFORNIA LEGISLATURE

AT SACRAMENTO

1987—88 REGULAR SESSION
1987—88 FIRST EXTRAORDINARY SESSION

# SENATE FINAL HISTORY

SHOWING ACTION TAKEN IN THIS SESSION ON ALL SENATE BILLS
CONSTITUTIONAL AMENDMENTS, CONCURRENT, JOINT RESOLUTIONS
AND SENATE RESOLUTIONS

CONVENED DECEMBER 6, 1986
ADJOURNED SINE DIE NOVEMBER 30, 1988

DAYS IN SESSION..................................................................... 253

CALENDAR DAYS ..................................................................... 731

LT. GOVERNOR LEO T. McCARTHY          SENATOR DAVID ROBERTI
*President of the Senate*                  *President pro Tempore*

*Compiled Under the Direction of*
DARRYL R. WHITE
*Secretary of the Senate*

*By*
DAVID H. KNEALE, ESQ.
*History Clerk*

 LEGISLATIVE INTENT SERVICE    (800) 666-1917

Case 3:17-cv-03301-EMC   Document 190-1   Filed 03/04/21   Page 62 of 371

S.B. No. 255—Davis.

An act to repeal and add Section 502 of the Penal Code, and to amend Section 653.5 of, and to add Section 653.1 to, the Welfare and Institutions Code, relating to crimes.

1987

Jan. 28—Introduced. Read first time. To Com. on RLS. for assignment. To print.

Jan. 29—From print. May be acted upon on or after February 28.

Feb. 5—To Com. on JUD.

Feb. 25—Set for hearing March 10.

Mar. 23—From committee: Do pass as amended, but first amend, and re-refer to Com. on APPR. (Ayes 7. Noes 0. Page 488.)

Mar. 24—Read second time. Amended. Re-referred to Com. on APPR.

Mar. 26—Set for hearing April 6.

Mar. 30—From committee with author's amendments. Read second time. Amended. Re-referred to committee.

April 1—From committee: Be placed on second reading file pursuant to Senate Rule 28.8.

April 2—Read second time. To third reading.

April 6—To Special Consent Calendar.

April 9—Read third time. Passed. (Ayes 31. Noes 0. Page 813.) To Assembly.

April 9—In Assembly. Read first time. Held at Desk.

April 20—To Com. on PUB. S.

May 21—From committee with author's amendments. Read second time. Amended. Re-referred to committee.

June 1—Set, first hearing. Hearing canceled at the request of author.

June 8—Hearing postponed by committee.

June 23—From committee with author's amendments. Read second time. Amended. Re-referred to committee.

June 29—Set, second hearing. Failed passage in committee. Reconsideration granted.

Aug. 17—From committee: Do pass as amended, but first amend, and re-refer to Com. on W. & M. (Ayes 4. Noes 1.)

Aug. 18—Read second time. Amended. Re-referred to Com. on W. & M.

Sept. 1—From committee: Do pass as amended. (Ayes 22. Noes 0.)

Sept. 2—Read second time. Amended. To second reading.

Sept. 3—Read second time. To third reading.

Sept. 8—Read third time. Amended. To third reading.

Sept. 10—Read third time. Amended. To third reading. Read third time. Passed. (Ayes 72. Noes 0. Page 4908.) To Senate.

Sept. 10—In Senate. To unfinished business.

Sept. 11—Senate concurs in Assembly amendments. (Ayes 37. Noes 0. Page 3921.) To enrollment.

Sept. 18—Enrolled. To Governor at 4 p.m.

Sept. 30—Approved by Governor.

Sept. 30—Chaptered by Secretary of State. Chapter 1499, Statutes of 1987.



LEGISLATIVE INTENT SERVICE    (800) 666-1917

SENATE COMMITTEE ON JUDICIARY
Bill Lockyer, Chairman
1987-88 Regular Session

SB 255 (Davis)
As introduced
Penal Code
TDT

S
B

2
5
5

## COMPUTER CRIME

### HISTORY

Source:  Los Angeles County Board of Supervisors

Prior Legislation:   SB 1786 (1986) — Died in
                     Assembly Judiciary
                     AB 2551 (1983) — Chaptered

Support:   Union Bank, Security Pacific National
           Bank, Information Systems Security
           Association, Southern California Gas
           Company, California Bankers
           Association, Hughes Aircraft, Santa
           Cruz County Board of Supervisors,
           Northrop Corporation, Los Angeles
           County Sheriff, Attorney General,
           Equifax Inc., Los Angeles County
           District Attorney

Opposition:   No known

### KEY ISSUE

SHOULD A COMPREHENSIVE COMPUTER DATA ACCESS AND
FRAUD ACT BE ADOPTED WHICH WOULD REDEFINE A NUMBER
OF COMPUTER TERMS, ESTABLISH SEVEN SPECIFIC
CRIMES, PROVIDE FOR COMPENSATORY DAMAGES AS CIVIL
REMEDIES AND PERMIT SEIZURE OF PRIVATE COMPUTER
EQUIPMENT?

(More)

LEGISLATIVE INTENT SERVICE   (800) 666-1917

SB 255 (Davis)
Page 2

## PURPOSE

Existing law makes it a crime, punishable by
imprisonment and fines which in no case may exceed
$10,000, for any person to, among other things,
access a computer system or network: 1)
intentionally in order to defraud or extort; 2)
maliciously; or 3) intentionally and without
authorization, with the knowledge that the access
was unauthorized.

This bill would repeal and then rewrite Penal Code
Section 502.  It would broaden existing
definitions, expand the scope of prohibited
computer related activity, and restructure fines
and imprisonment penalties for violations.

It would reenact civil remedy provisions and add a
new penalty of seizure of computer equipment used
in committing violations of the act.  Finally, it
would set forth the legislative intent of this
bill.

The purpose of the bill is to clarify and broaden
existing law, as well as provide increased
penalties commensurate with the gravity of the
offense.

## COMMENT

1.  <u>Background</u>

    This bill was developed by the Computer Crime
    Task Force, which is a subcommittee of the Los
    Angeles County Criminal Justice Coordinating
    Committee.  The Task Force is composed of 16
    members including representatives from law
    enforcement, district attorney offices, the

(800) 666-1917

LEGISLATIVE INTENT SERVICE



(More)

SB 255 (Davis)
Page 3

U.S. Attorney's office, and private industry,
including banks, accounting firms and big
business.  No representatives of the defense
bar are on the Task Force.  The primary duty
of the task force is to develop a Model
Computer Crime Act; and, in so doing, it
created a bill which it believes would meet
the specific computer crime problems in
California.

2.   Standardization of definitions

This bill would broaden the application of
existing law by redefining terms that are used
in existing law, such as "access", "computer
system", "computer network", "computer
program" and "data".  It would also define new
terms, such as "computer services" and
"supporting documentation".

The task force believes that it is necessary
to provide standard definitions in order to
insure higher conviction rates.  Proponents
believe that the new definitions would be
broader, and would be directed more to
computer users than lawyers but would be
acceptable to both the business and legal
communities.

3.   New crimes

This bill would create seven new crimes
involving computers.  Any person who did any
of the following acts, if the act was not
within the course and scope of employment,
would be guilty of a crime:

(800) 666-1917

LEGISLATIVE INTENT SERVICE



(More)

SB 255 (Davis)
Page 4

a) Knowingly accesses and without permission alters, damages, deletes, destroys, or otherwise uses any data, computer, computer system, or computer network in order to either (A) devise or execute any scheme or artifice to defraud or deceive, or (B) wrongfully control or obtain money, property, data, or services.

b) Knowingly accesses and without permission takes, copies, or makes use of any data from a computer, computer system, or computer network, or takes or copies any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network.

c) Knowingly and without permission uses or causes to be used computer services.

d) Knowingly accesses and without permission adds, alters, damages, deletes, or destroys any data, computer software, or computer programs which reside or exist internal or external to a computer, computer system, or computer network.

e) Knowingly and without permission disrupts or causes the disruption of computer services or denies or causes the denial of computer services to an authorized user of a computer, computer system, or computer network.

f) Knowingly and without permission provides or assists in providing a means of accessing a computer, computer system, or

(800) 666-1917

LEGISLATIVE INTENT SERVICE

(More)

SB 255 (Davis)
Page 5

computer network in violation of this
section.

g) Knowingly and without permission accesses
or causes to be accessed any computer,
computer system, or computer network.

4. <u>Penalties</u>

Existing penalties for maliciously or
intentionally accessing a computer system or
network in order to defraud or extort is
punishable by imprisonment and a fine which in
no case may exceed $10,000.  Intentionally
accessing a computer system or network without
authorization when no injury results, is an
infraction punishable by a fine not exceeding
$250.  If injury results, or if it is a second
offense, the fine could be imposed not to
exceed $5,000 and/or imprisonment in county
jail not exceeding one year.

This bill would increase the penalties as
follows:

a.  <u>Access (Hacking)</u>

1)  A first offense or an offense where no
injury occurs would remain an infraction
punishable by a fine of up to $250.

2)  Repeated access or access resulting in
injury would be punishable as a wobbler,
by a fine of $10,000 maximum or
imprisonment in state prison for 16 months
or 2 or 3 years or both, or a fine of
$5,000 maximum or 1 year in county jail or
both.

(More)



(800) 666-1917

LEGISLATIVE INTENT SERVICE

SB 255 (Davis)
Page 6

    b.   <u>Unauthorized use of computer services</u>

    1)  A first offense without injury where the value of services used is $400 or less, would be punishable by a fine of up to $5,000 or one year in county jail or both.

    2)  Subsequent offenses or violations causing injury would be subject to the same felony/misdemeanor punishment as repeat access or access with injury.

    c.   <u>Remaining computer crimes</u>

    All the remaining computer crimes including altering, data theft, tampering with systems, publishing access codes, disrupting, or committing fraud or theft via computer, whether a first or subsequent offense, would be subject to the same felony/misdemeanor punishment as repeat access or access with injury.

5.  <u>Civil penalties</u>

    In addition to any other available civil remedies, the owner or lessee of the computer would be permitted to bring a civil action against any person convicted of any of the enumerated crimes for compensatory damages. Actions of an unemancipated minor would be imputed to the parent or legal guardian having control or custody of the minor. The court would be authorized to award reasonable attorney's fees to a prevailing party.

(800) 666-1917

LEGISLATIVE INTENT SERVICE



(More)

SB 255 (Davis)
Page 7

6.  <u>Intent not required</u>

    Under existing law, the criminal conduct must
    be "intentional" or "malicious".  This bill
    would establish a new standard that the
    conduct be "knowingly and without permission".
    Proponents claim that this new standard would
    make these crimes "general intent" crimes,
    which would be easier for the public to
    understand and authorities to enforce.

    One effect of this change would be to make
    such acts as unintentional and inadvertent
    alteration of data by an employee using a
    computer for a personal project without
    permission, subject to a state prison term.

7.  <u>Felony penalty for first time access</u>

    Under this bill, unauthorized access which
    caused injury would be punishable as a felony
    or misdemeanor.  Because injury is so broadly
    defined, all first time hackers could be found
    guilty of a felony.

8.  <u>Injury broadly defined</u>

    Injury is defined to include not only damage
    or destruction to the computer and its data
    but also "any expenditure reasonably and
    necessarily incurred by the owner or lessee to
    verify that a computer system...or data was or
    was not altered, deleted, damaged or destroyed
    by the access."  Thus, the fact that a
    computer owner incurs some costs to insure
    that a computer was not altered would trigger
    a state prison felony penalty even if the
    offense involved was first time access by a

                                              (More)

(800) 666-1917

LEGISLATIVE INTENT SERVICE

SB 255 (Davis)
Page 8

hacker.  Arguably such verification would be
necessary whenever unauthorized access occurs,
thus every first offense without damage could
be a felony.

9.  Employee misuse

Under this bill, an employee who used a
computer more than once for such personal
projects as preparing a personal letter,
maintaining a mailing list or recipe list,
accessing computer data to use in a term
paper, or sending computer messages to other
employees, could be guilty of a felony, even
if the use occurred after work and caused no
injury.  On the other hand, an employee who
uses the employer's computer system or data
within the scope of employment would not be
violating the statute.

10. Confiscation of property

This bill would authorize law enforcement
officers to seize, under warrant or without
warrant incident to a lawful arrest, any
computer, computer system, computer program,
instrument, apparatus, device, plans,
instruction, or written publication used in
the commission of any crime established under
this Act.  After conviction and a hearing to
determine property rights, the seized computer
equipment, if owned or controlled by the
person so convicted, or owned or controlled by
a person or entity that knowingly allowed the
use of the seized item in the commission of
any computer crime prohibited by this bill,
could be destroyed as contraband by the
sheriff of the county in which the person was

(More)

LEGISLATIVE INTENT SERVICE     (800) 666-1917

SB 255 (Davis)
Page 9

convicted, or given to the county for its use
or for donation to any other public entity or
nonprofit corporation.

This provision of the bill would allow
confiscation and destruction of a costly
computer system owned by another as a penalty
for a first time access which caused no injury
and which may be disposed of as an infraction
or misdemeanor.

It could be argued that the seizure of
computers used for these offenses might
unjustly affect other innocent persons who
have a property interest in these computers.

**********

LEGISLATIVE INTENT SERVICE   (800) 666-1917

# COUNTY OF LOS ANGELES
# COUNTYWIDE CRIMINAL JUSTICE
# COORDINATION COMMITTEE

CHAIRMAN
Hon. Peter F. Schabarum
Chairman, Los Angeles County
Board of Supervisors

CHAIRMAN PRO-TEM
Hon. Sherman Block
Sheriff, Los Angeles County

MEMBERS:
James F. Bale
President, Los Angeles County
Chiefs of Police
Robert Bonner
United States Attorney
Hon. Tom Bradley
Mayor, City of Los Angeles
Hon. Marvin Braude
Los Angeles City Council
Wayne Clayton
President, San Gabriel Valley
Peace Officers Association
DeWitt W. Clinton
Los Angeles County Counsel
Keith Comrie
City Administrative Officer
City of Los Angeles
Daryl Gates
Chief of Police
City of Los Angeles
Dr. Stuart E. Gothold
Superintendent of Schools
Los Angeles County Board
of Education
Hon. Marion E. Gubler
Chairman, Municipal Court
Judges Association
Hon. Gabriel A. Gutierrez
Presiding Judge, Juvenile Court
Los Angeles County Superior Court
Hon. James K. Hahn
City Attorney, City of Los Angeles
Dr. Harry Handler
Superintendent of Schools
Los Angeles City Unified
School District
James C. Hankla
Chief Administrative Officer
Los Angeles County
Edgar H. Hayes
Director, Los Angeles County
Data Processing Department
Hon. Herbert Hennes, Jr.
President, Los Angeles County Division
League of California Cities
Hon. Thomas E. Jackson
California Contract Cities
Association
Hon. Thomas T. Johnson
Presiding Judge
Los Angeles County Superior Court
Wilbur F. Littlefield
Public Defender
Los Angeles County
Hon. John J. Lynch
Chairman, Municipal Court
Presiding Judges Association
Robert Mann
Marshal, Los Angeles County
Michael McCrary
President, Los Angeles County
Southeast Police Chiefs Association
Robert G. Medina
Director, Los Angeles County
Department of Community and
Senior Citizens Services
Hon. Aurelio Munoz
Supervising Judge,Criminal Division
Los Angeles County Superior Court
Barry Nidorf
Chief Probation Officer
Los Angeles County
Hon. Ira Reiner
District Attorney
Los Angeles County
Hon. Ted R. Shaw
President, Independent Cities
Association
Robert J. Steiner
Chairperson, Association of
Municipal Court Administrators
Kenneth R. Stonebraker
South Bay Police Chiefs Association
Hon. Maxine F. Thomas
Presiding Judge
Los Angeles Municipal Court
Frank Zolin
County Clerk/Executive Officer
Los Angeles County Superior Court

Jerome D. Timmons
Executive Director

Robert S. Mimura
Assistant Director

783 Hall of Administration
500 West Temple Street
Los Angeles, California 90012
(213) 974-8398

November 25, 1986

To:     Carl Pabst
        Ed Hayes
        Sue Isbell
        Alice Hand
        Richard Townsend
        Steve Plafker
        Dave Estrada
        Don Ingram
        Doug Southard

From:   Bob Mimura
        Acting Executive Director

Subject: SPECIAL MEETING - COMPUTER CRIME BILL

A special meeting has been set for December 3,
10:30 a.m., Room 754 (Jan Pollard's office), Hall of
Administration, to discuss concerns regarding the most
recent version of the Computer Crime bill.  We will be
using a speaker phone/conference call to permit
simultaneous communication with Mr. Ingram, Alameda
County D.A., and Mr. Southard, Santa Clara County D.A.

Attached for your review are copies of the most recent
version of our bill and Penal Code §502 (current law),
as well as written comments from Doug Southard and
Steve Plafker.

If you have any questions, please call Dave Estrada at
(213) 974-1418 or Debra Parker at (213) 974-8398.

BM:DP:jk
D5:stmd

Attachments

cc:  Steve Zehner

RECEIVED

DEC - 3 1986

SACRAMENTO

(800) 666-1917          LEGISLATIVE INTENT SERVICE



SP 1

**M*MORANDUM**

TO:            Carl Pabst

FROM:          Stephen Plafker

SUBJECT:       Comparison of Present Section 502 with
               Comprehensive Computer Data and Fraud Act

DATE:          December 8, 1986


     The following is a comparison of the present Penal Code
Section 502 with the Act. Comparible portions are placed next to each
other. Portions in one but not in the other are underlined.


## 1. Definitions

Access.
     Present Section. to instruct, communicate with, store data in, or
        retrieve data from, a computer system or computer network
     Proposed Section. to gain entry to, instruct, or communicate with
        the logical, arithmetical or memory function resources of a
        computer, computer systems [sic], or computer network

Computer Network
     Present Section. an interconnection of two or more computer systems
     Proposed Section. two or more computer systems connected by
        telecommunication facilities

Computer Program [software]
     Present Section. an ordered set of instructions or statements, and
        related data that, when automatically executed in actual or
        modified form in a computer system, causes it to perform
        specified functions
     Proposed Section. a set of instructions or statements, and related
        data that, when executed, cause the computer, computer system,
        or computer network to perform specified functions

[Computer] Services
     Present Section. includes, but is not limited to, the use of the
        computer system, computer network, computer programs, or data
        prepared for computer use, or data contained within a computer
        system, or data contained within a computer network
     Proposed Section. includes, but is not limited to, computer time,
        data processing, or storage functions, or other uses of a
        computer, computer system, or computer network

- 1 -

## Computer System

Present Section. a device or collection of devices, excluding pocket calculators which are not programmable and capable of being used in conjunction with external files, one or more of which contain computer programs and data, that performs functions, including, but not limited to, logic, arithmetic, data storage and retrieval, communication, and control

Proposed Section. a device or collection of devices, including support devices and excluding pocket calculators which are not programmable and capable of being used in conjunction with external files, one or more of which contain computer programs, electronic instructions, input data, and output data, that performs functions, including, but not limited to, logic, arithmetic, data storage and retrieval, communication, and control

## Data

Present Section. a representation of information, knowledge, facts, concepts, or instructions, which are being prepared or have been prepared, in a formalized manner, and are intended for use in a computer system or computer network

Proposed Section. a representation of information, knowledge, facts, concepts, computer software, computer programs or instructions. Data may be in any form, in storage media, or as stored in the memory of the computer or in transit or presented on a display device.

## Financial Instrument

Present Section. includes, but is not limited to, any check, draft warrant, money order, note, certificate of deposit, letter of credit, bill of exchange, credit or debit card, transaction authorization mechanism, marketable security, or any computer system representation thereof

Proposed Section. not defined

## Property

Present Section. includes, but is not limited to, financial instruments, data, computer programs, documents associated with computer systems and computer programs, or copies thereof, whether tangible or intangible, including both human and computer system readable data, and data while in transit

Proposed Section. not defined
['The words "personal property" include money, goods, chattels, things in action, and evidences of debt;...' Penal Code Section 7(12).]

## Supporting Documentation

Present Section. no definition

Proposed Section. includes, but is not limited to, all information, in any form, pertaining to the design, construction, classification, implementation, use, or modification of a computer, computer system, computer network, computer program, or computer

- 2 -

(800) 666-1917

LEGISLATIVE INTENT SERVICE

SP 3

software, which information is not generally available to the
public and is necessary for the operation of a computer,
computer system, computer network, computer program, or computer
software

## Injury

Present Section. any alteration, deletion, damage, or destruction
of a computer system, computer network, computer program, or
data caused by the access, or any expenditure reasonably and
necessarily incurred by the owner or lessee to verify that a
computer system, computer network, computer program, or data was
not altered, deleted, damaged, or destroyed by the access

Proposed Section. any alteration, deletion, damage, or destruction
of a computer system, computer network, computer program, or
data caused by the access, or any expenditure reasonablly and
necessarily incurred by the owner or lessee to verify that a
computer system, computer network, computer program, or data was
or was not altered, deleted, damaged, or destroyed by the access

## 2. Provisions

## Fraudulent Access

Present Section. Any person who intentionally accesses or causes to
be accessed any computer system or computer network for the purpose
of

(1) devising or executing any scheme or artifice to
defraud or extort, or
(2) obtaining money, property, or services with false or
fraudulent intent, representations, or promises ...

Proposed Section. Knowingly and without permission accesses and
alters, damages, destroys, or otherwise uses any data, computer,
computer system, or computer network to devise or execute any
scheme or artifice to defraud or deceive or control or obtain
money, property, or services by means of false or fraudulent
pretenses, representations, or promises. Subsection (c)(1)

## Malicious Access

Present Section. Any person who maliciously accesses, alters,
deletes, damages, destroys or disrupts the operation of any
computer system, computer network, computer program, or data ...
[Definition of "malicious". "a wish to vex, annoy, or injure
another person or an intent to do a wrongful act, ..." Penal
Code Section 7(4)]

Proposed Section. not explicitly in the proposed bill but I believe
it is covered in the following: 1. Knowingly and without
permission accesses and adds, alters, damages, deletes, or
destroys any data, computer software, or computer programs which
reside or exist internal or external to a computer, computer
system, or computer network. Subsection (c)(4). 2. Knowingly and
without permission accesses and disrupts or causes the
disruption of computer services or denies or causes the denial
of computer services to an

LEGISLATIVE INTENT SERVICE   (800) 666-1917

SP4

authorized user of a computer, computer system, or computer network.
Subsection (c)(5)

**Illegal Access**

    **Present Section.** Any person who <u>intentionally</u> and without
<u>authorization</u> accesses any computer system, computer network,
computer program, or data, with knowledge that the access was
not authorized ...

    **Proposed Section.** <u>Knowingly</u> and without <u>permission</u> accesses <u>or</u>
<u>causes to be accessed</u> any computer, computer system, or computer
network

### 3. <u>Other Provisions of Proposal</u>

<u>Theft of data.</u> Knowingly and without permission accesses and takes,
copies, or makes use of any data from a computer, computer
system, or computer network, or takes or copies any supporting
documentation, whether existing or residing internal or external
to a computer, computer system, or computer network. Subsection
(c)(2)

<u>Theft of services.</u> Knowingly and without permission uses or causes
to be used computer services. Subsection (c)(3)

<u>Assistance.</u> Knowingly and without permission provides or assists in
providing a means of accessing a computer, computer system, or
computer network. Subsection (c)(6)



(800) 666-1917

LEGISLATIVE INTENT SERVICE

- 4-

SP5

Joe Pujals

Need for legislat
    Incr'd comput crime, eg enhanced penalties
    + further standardizat of defin'n.
Annual loss to (25% of US lost companies) industry $145 - 730 mill/yr 1984, ABA rep
estim. Detect & prove diff bec of vol of illeg actns
No data offered


Now - infract & misdem.
Become - infract, misdem, Wobblers (altern fel/misd)

W/O Permission
    Use of computer (electronic mail) by staff for personal letters
Permiss - not def'd

Know'ly - not defn'd
    Inadvert dmg to prog/data ?

(800) 666-1917

LEGISLATIVE INTENT SERVICE

JP6

ACLU - Issue
    Use of emplr's computer on pers'l projects?
Shld jail be penalty

LEGISLATIVE INTENT SERVICE    (800) 666-1917

SP7

## Contacts

CACJ

CDAA

AG — Suppts

Sac City DA

Computer Assoc ?

State Bar

Prev analysis

ACLU

LA City DA

San

Sponsors — Sec Pac Nat'l Bk

Suppt — Informat Sytems Secur
      Assoc

Hughes Aircraft

B of A — ?

Santa Cruz City Bd of Sy

Northrop Corp —

AG

LA City Sheriff

(800) 666-1917

LEGISLATIVE INTENT SERVICE

.SP8

# CHIEF ADMINISTRATIVE OFFICE
## COUNTY OF LOS ANGELES



1100 K STREET, SUITE 300 ★ SACRAMENTO, CALIFORNIA 95814
(916) 441-7888

JAMES C. HANKLA
CHIEF ADMINISTRATIVE OFFICER

MEMBERS OF THE BOARD
PETER F. SCHABARUM
CHAIRMAN

KENNETH HAHN
EDMUND D. EDELMAN
DEANE DANA
MICHAEL D. ANTONOVICH

February 10, 1987

Honorable Bill Lockyer, Chairman
Senate Judiciary Committee
State Capitol - Room 2032
Sacramento, California 95814

RE:   SENATE BILL 255 (Davis) - As Introduced - Relating
to Computer Crimes -- COUNTY-SPONSORED

Dear Senator Lockyer:

The Los Angeles County Board of Supervisors sponsors Senate Bill
255 (Davis), relating to Computer Crimes.  This bill is awaiting
hearing before your Senate Judiciary Committee.

Current law seeks to control the unlawful use of computers and
data systems by imposing criminal and civil sanctions on viola-
tors.  Prosecutors and private system operators feel that there
is a need for enhanced penalties and for further standardization
of definitions.

Senate Bill 255, which was developed by a task force representing
private industry, prosecution and criminal defense, broadens the
application of existing law by redefining such terms as "access,"
"computer system," "computer network," "computer program" and
"data."  It also defines such new terms as "computer services"
and "supporting documentation."

In addition to definitional changes, Senate Bill 255 proposes to
make some offenses, like computer fraud, subsequent violations of
unauthorized access, or unauthorized access resulting in injury,
"wobblers" instead of simple misdemeanors.  In appropriate cir-
cumstances, serious offenders could be punished as felons.

Finally, the proposal provides for the seizure and forfeiture of
computers and computer-related items that are used in the com-
mission of proscribed activities.  These items could be destroyed
or utilized by the prosecuting county for legitimate purposes, if
they are used to commit an offense that results in a conviction.
The forfeiture could only occur after an appropriate hearing to
determine property rights.

(800) 666-1917

LEGISLATIVE INTENT SERVICE



SP9

Senate Bill 255 (Davis)          -2-          February 10, 1987

The proliferation of computers has facilitated the abuse of information systems and data.  A June, 1984 American Bar Association report indicated that 25% of America's largest companies suffer annual losses attributable to computer crime of between $145 million and $730 million.  Detection and prosecution is difficult because of the volume of illegal activity and the limitations on justice system personnel.  Senate Bill 255 attempts to mitigate some of these problems by providing standardized definitions acceptable to both the business and legal communities.

If you have any questions regarding this measure, please give us a call.

Very truly yours,

Clancy Leland
Legislative Representative

CL:SZ:jds2
SB255
cc:  Senator Ed Davis
     Each Member and Consultant,
       Senate Judiciary Committee

LEGISLATIVE INTENT SERVICE     (800) 666-1917

SP 10

# ISSA

## INFORMATION SYSTEMS SECURITY ASSOCIATION, INC.   P.O. BOX 71926, LOS ANGELES, CA 90071

*President*
Carl B. Jackson
Ford Aerospace &
Communications Corporation

*Vice President*
Harold F. Tipton
Rockwell International

*Treasurer*
Leslie Chalmers
Bank of California

*Corresponding Secretary*
Gary M. Itano
City National Bank

*Recording Secretary*
Hans von Braun
Hewlett-Packard

*Past President*
Sandra Mann Lambert
Security Pacific National Bank

February 12, 1987

Honorable Ed Davis
State Senator, 19th District
State Capitol, Room 2048
Sacramento, Ca. 95814

SUBJECT: PROPOSED COMPUTER CRIME LEGISLATION

Dear Senator Davis:

The Information Systems Security Association supports SB 255, the proposed Computer Crime Legislation you will be introducing in this legislative session. This proposed legislation, sponsored by the Los Angeles County Board of Supervisors and their Computer Crime Task Force, reflects more appropriate definitions and is more comprehensive than the current statutes.

The Information Systems Security Association is a non-profit organization made up of professionals who have as their primary responsibility information systems security in the private or public sector. Our main goals are to provide a facility for information exchange and communication, a forum for educational events and a vehicle for research in the area of information security. Our membership comes from varied backgrounds in industries such as banking, aerospace, insurance, energy, retail, computing services, public accounting, armed forces, education, etc. These members, organized into chapters nationwide, are information security practitioners, consultants, vendors, attorneys, law enforcement officials and educators. We currently have three chapters in California: Los Angeles, Orange County and San Francisco.

The role of an information systems security professional is to protect information assets by ensuring the implementation of preventive and detective measures against computer crime, which adversely affects individuals as well as companies. Since many of our members become involved in the investigation, testimony

(800) 666-1917   LEGISLATIVE INTENT SERVICE



SP 11

and/or prosecution of information security violation cases,
computer crime legislation is of critical interest to them.  We
believe that passage of this proposed legislation would be
beneficial to both the private and public sectors in the
deterrence and prosecution of computer crime.

We appreciate your leadership in carrying this legislation and
respectfully request your continued efforts in this endeavor.


Sincerely,

Carl B. Jackson
President



cc:  Assembly Public Safety Committee Members
     Senate Judiciary Committee Members

LEGISLATIVE INTENT SERVICE     (800) 666-1917

SOUTHERN CALIFORNIA GAS COMPANY
POSITION STATEMENT
SB 255 (DAVIS)

## Position

Southern California Gas Company (SoCalGas) SUPPORTS SB 255 because it would provide an increased deterrent to computer crime by strengthening and redefining existing law.

## Issues

Computer crime poses a very serious and potentially costly threat to SoCalGas. Tampering with or destroying customer billing data, payroll data, licensed proprietary information or other vital or confidential records could disrupt operations, endanger customers, cause loss of revenue and damage the Company's credibility with the public. Unauthorized access to a computer system, even when no damage is done, is extremely costly to the owner of the file. A search of a "trespassed" file to ensure the accuracy of the stored data may cost tens or even hundreds of thousands of dollars to conduct.

SB 255 would strengthen and more clearly define the law, thereby providing greater protection to all corporations statewide who utilize computing and data resources. It would improve the ability of local prosecutors to effectively investigate high technology crimes and secure convictions. The bill also would update and redefine the terms used in computer crime law. The new terms are broader and are directed more to computer users than to lawyers.

## Conclusion

SoCalGas believes that SB 255 is a positive, and much needed step toward deterring computer crime and would benefit all companies which utilize computing and data resources.

2/23/87

cc:  The Honorable Ed Davis
     Senate Judiciary Committee Members
     Mr. Aubrey Labrie
     Mr. Gene Wong
     Ms. Patricia Wynne

(800) 666-1917   LEGISLATIVE INTENT SERVICE



JIM GREENE
LEAH CARTABRUNO
JIM MEEHAN
STATE GOVERNMENTAL AFFAIRS

**SOUTHERN CALIFORNIA**  **gas COMPANY**

PARK EXECUTIVE BUILDING, SUITE 980, 925 "L" STREET, SACRAMENTO, CA 95814
(916) 446-5282
720 WEST EIGHTH STREET, LOS ANGELES, CALIFORNIA 90017
(213) 689-3618

SP13

BILL ANALYSIS

*AG'a Office*

BILL NO. SB 255          ANALYST    R. R. Granucci
AUTHOR   Senator Davis   DATE       February 27, 1987
DATE LAST AMENDED_____    TELEPHONE (415) 557-1959

I.    SUMMARY OF EXISTING LAW

California's current computer crime statute, Penal Code
section 502, sets forth in subd. (a) a series of
definitions of computer systems, data, networks, etc.
Subd. (b) prohibits the use of a computer system to
devise or execute a scheme to devise or defraud, or to
steal money or services.  Subd. (c) makes it a crime to
maliciously access, alter, disrupt, etc. any computer
system, program or data (computer "vandalism").
Subd. (d) covers unauthorized access or "hacking."

Subds. (e) and (f) provide penalties.  Violation of
subd. (b) or (c) is alternatively punishable as a felony
or a misdemeanor; a first violation of subd. (d) which
does not cause injury is punishable as an infraction
while a second violation or one that causes injury is
punishable as a misdemeanor.  Subd. (g) permits any
victim to bring a civil action with provisions for
parental liability and attorney's fees and subd. (h)
disclaims any intent to preempt prosecution under other
provisions of the criminal law.

Thus, section 502 in its current form does four things.
It (1) defines terms, (2) declares conduct to be
criminal, (3) specifies punishment and (4) provides for
collateral civil remedies.

II.   SUMMARY OF BILL

SB 255 totally repeals and then reenacts section 502.  A
savings clause is included to prevent the abatement of
prosecutions under the present law.

The new section 502 follows the same general format as
the current law; i.e., definitions, crimes, punishments
and collateral remedies, but makes significant changes
in each of these areas.

Definitions

The definitions in the new section are broader and
directed more to computer users than to lawyers.  Newly
defined terms include "supporting documentation" and
"injury."

LEGISLATIVE INTENT SERVICE    (800) 666-1917



-1-

SP14

## Crimes

Subd. (c) of the new bill sets out seven species of crimes and reaches conduct that is not covered under present law.  The crimes are (1) the access, alteration, destruction, etc. of a computer system, program, network or data to devise or execute a scheme to defraud, or to obtain wrongfully or control property or money by false pretenses; (2) taking or copying data; (3) unauthorized use of computer services; (4) accessing, altering, damaging, etc. data, software, programs or supporting documentation, in other words, vandalism; (5) disrupting or causing the denial of computer service to an authorized user; (6) providing or assisting in the providing of a means for unauthorized access; and (7) unauthorized access, or "hacking."  This last provision is essentially a simple trespass law; in substance, it simply replicates current law.

SB 255 retains the provision in present law which provides a defense "to any person who accesses his or her employer's computer system [etc.] . . . when acting within the scope of his or her employment."

This provision in the present version of section 502 has not, to my knowledge, proven to be a source of difficulty for prosecutors.  It is intended to exclude any employee whose good faith use of the employer's computer may be in technical violation of his job specifications,  Examples might include an attorney who, without permission from the supervisor in his firm's word processing department, uses the equipment after normal working hours to prepare a pleading, or an employee who uses electronic mail to send a short personal message.  In many instances, employers tacitly overlook such conduct either because they feel it's not worth bothering about or in the belief that employees' enhancement of their computer skills works to the employer's long-term benefit.

Significantly, the mental elements of "intentional" and "malicious" in the current section 502 are replaced with "knowingly" and "without authorization."  Thus, the mental element under the new bill is general criminal intent, rather than malice.  This single change will definitely make the statute easier for affected persons to understand as well as aiding its enforcement.



LEGISLATIVE INTENT SERVICE     (800) 666-1917



SP 15

## Punishment

Punishments generally remain the same as under current law; i.e., alternative felony or misdemeanor punishments are provided for most violations, the maximum felony punishments being 16 months, two or three years, the maximum fine being $10,000.  A first violation of subd. (e)(3), theft of services, is punishable as a misdemeanor if no injury results and the value of the stolen services is less than $400.  Repeat violations, or those which cause injury or involve more than $400 worth of service are alternatives punishable as felonies.

## Collateral Remedies

The collateral remedy provisions of the present law are substantially reenacted.  The attorney's fees provision in the present section 502(g) is changed from "prevailing plaintiff" to "prevailing party."  A new provision permits computer equipment used in violation of the law to be seized and destroyed as contraband, or turned over to a public agency or nonprofit corporation as deemed appropriate by the court.

III.   **BACKGROUND INFORMATION**

SB 255 is essentially a fine-tuned version of a bill authored by Senator Davis last year which narrowly failed to pass.  That bill, SB 1786, was approved in principle by our office and was endorsed by the CDAA.

IV.   **RECOMMENDATION**

Consistent with last year's position, we should approve SB 255 in principle.

APPROVED:   John H. Sugiyama



LEGISLATIVE INTENT SERVICE     (800) 666-1917

SP16



# SECURITY PACIFIC NATIONAL BANK

611 NORTH BRAND BOULEVARD, GLENDALE, CALIFORNIA 91203

March 4, 1987

Teresa Taylor
Analyst, Senate Judiciary Committee
State Capitol, Room 2187
Sacramento, Ca. 95814

Dear Teresa,

Per our conversation today, enclosed are:

- A co-sponsor letter from Security Pacific National Bank.  The original should be delivered to Senator Ed Davis; the copy is for your file.

- Two copies of a support letter from the Information Systems Security Association.  Please keep one copy for yourself and please also forward one copy to Senator Davis in case his original copy got lost.

If I didn't mention it on the phone, the L.A. County Computer Crime Task Force members were told to address their sponsor and support letters to Senator Davis, so you may need to check with his office for up to the moment status letters received.

Thanks very much for your help.  If you have any questions, feel free to call me at (818) 507-3071.

Sincerely,

Sandra M. Lambert
Vice President

LEGISLATIVE INTENT SERVICE     (800) 666-1917

SP17

# SECURITY PACIFIC NATIONAL BANK

611 NORTH BRAND BOULEVARD, GLENDALE, CALIFORNIA 91203

March 5, 1987

The Honorable Ed Davis
Senator, 19th District
State Capitol, Room 2048
Sacramento, CA  95814

                    RE:   Proposed Computer Crime Legislation
                          Senate Bill #255

Dear Senator Davis:

Computer technology continues to evolve and expand into every facet of
both the public and private business community.  Although this technol-
ogy is of considerable benefit, it has also provided new opportunities
for criminal activity.  For this reason, the Security Pacific National
Bank believes that the existing computer crime law (Penal code Section
502) must be revised and strengthened.

Two SPNB staff members are on the Los Angeles County Computer Crime Task
Force who developed this computer crime legislative proposal.  We
endorse it as a reasonable and responsible method of addressing and
attacking the expanding computer crime trend.  Further, we would be
pleased to be listed as a co-sponsor of this measure.

Please let us know what we can do to assist in obtaining its passage.

Sincerely,

Eddie L. Zeitler
Vice President
Corporate Security


cc:  Assembly Public Safety Committee Members
     Senate Judiciary Committee Members

(800) 666-1917   LEGISLATIVE INTENT SERVICE

SP 18



## GOVERNMENT RELATIONS

Donald Carlton Burns
Legislative Counsel

James E. Prosser
Associate Legislative Counsel

March 5, 1987

<u>MEMORANDUM TO SENATE JUDICIARY COMMITTEE</u>

RE:  SB 255 (Davis) Comprehensive Computer Data
Access & Fraud Act

On behalf of our client, Equifax Inc., we urge your support of
SB 255.  The bill is scheduled for hearing on Tuesday, March
10, 1987 at 1:30 p.m.

The bill is sponsored by the Computer Crime Task Force of the
Los Angeles County Criminal Justice Coordinating Committee.
As a member of that task force, Equifax believes strongly in
the need to update the penal code to reflect the computer
technology of today.  In a society that demands quick and
reliable access to vast amount of electronic data, it is
paramount that the accuracy of that data as well as an
individual's right to privacy be maintained.  SB 255 will
strengthen existing penal code provisions and will allow for
the prosecution for persons who knowingly and without
authorization access computer systems.  In addition, the bill
provides for compensatory damages for the victims of such
knowing and unauthorized access.

SB 255 is a much refined version of SB 1786 (Davis) of last
year, which passed out of this committee and the Senate
without a descenting vote.

We strongly urge your support of SB 255.

James E. Prosser

JEP:jna

<div style="text-align:right">(800) 666-1917  LEGISLATIVE INTENT SERVICE</div>



SP19

President and
Chief Operating Officer

5 March 1987



RECEIVED

Ans'd

Honorable Ed Davis
Vice Chairman
Senate Judiciary Committee
State Capitol
Sacramento, California 95814

Dear Senator Davis:

We are writing in support of SB 255, legislation you recently introduced to address the proliferation of computer crime and other forms of unauthorized access to computers, computer systems, and computer data.   We understand this bill is scheduled for a hearing in the Senate Judiciary Committee on 10 March 1987.

Northrop believes this legislation reflects more appropriate definitions of computer crimes and is more comprehensive than current statutes.   Passage of SB 255 would be beneficial to the private and public sectors in the deterrence and prosecution of crimes in this area.

Your leadership in carrying this legislation is sincerely appreciated and we respectfully request your continued efforts in this endeavor.

Sincerely,

Kent Kresa

cc:   Members of the
      Senate Judiciary Committee

(800) 666-1917

LEGISLATIVE INTENT SERVICE



BACKGROUND SHEET FOR THE SENATE JUDICIARY COMMITTEE
ON
SENATE BILL 255 (DAVIS)
LOS ANGELES COUNTY-SPONSORED

1. WHO PROPOSED THIS MEASURE?

   Organization: <u>Los Angeles County</u>       Phone: <u>441-7888</u>

   Name to Contact: <u>M. Steven Zehner</u>

2. WHY IS THERE A NEED FOR THIS BILL?

   Background of Problem:

   Under existing law, various criminal and civil sanctions are
   imposed for the unlawful use of computers and data systems.
   Private system operators and prosecutors believe enhanced
   penalties and further standardization of definitions are
   needed.

   In 1984, an American Bar Association report on computer crime
   estimated the annual loss to industry ranges between $145
   million and $730 million.  This range is so broad because of
   the difficulty in pinpointing the specific impact of computer
   crime.

   Computer crime is a major problem which becomes worse with
   each technological advance.  The same improvements that make
   information systems more flexible and useful also facilitate
   illegitimate uses of computers and data systems.

   California is a national leader in the area of information
   systems, and we should make an all-out effort to protect this
   important industry.

   Description of Bill:

   Senate Bill 255 (Davis) was developed by a task force com-
   posed of experts from both the private industry and the cri-
   minal justice community.  The bill broadens the application
   of existing law by redefining such terms as "access," "com-
   puter system," "computer network," "computer program," and
   "data."  Moreover, SB 255 would define new terms such as
   "computer services" and "supporting documentation."

   Senate Bill 255 also provides for increased penalties for
   computer-related crimes such as fraud, data theft, tampering
   with systems and publishing access codes.  These offenses,
   which are now misdemeanors, would become "wobblers," alter-
   native felonies/misdemeanors.

   Finally, SB 255 would provide for the forfeiture of materials
   and equipment used in the commission of this crime.

(800) 666-1917    LEGISLATIVE INTENT SERVICE

SP21

Background Sheet on SB 255 (Davis)                    Page 2

How would this bill help resolve this problem:

Enactment of SB 255 would provide for uniform standards and definitions of computers.  It will help to protect a major industry in California as well as to give law enforcement the necessary tools to act against those who seek to generate illegal profits from information systems.

3.  HAS THERE BEEN RELATED LEGISLATION INTRODUCED IN THIS OR PAST SESSIONS?  IF SO, PLEASE LIST.

Senate Bill 1786 (Davis) was introduced during the 1985-86 Legislative Session.

Senate votes on SB 1786 were as follows:

Senate Judiciary:          6 ayes; 0 noes
Senate Appropriations:     Senate Rule 28.8
Senate Floor:              28 ayes; 1 noes

4.  WHO SUPPORT OR OPPOSES THIS MEASURE?

Opposition:  There is no known opposition to SB 255.

Support:     California Chamber of Commerce, California Manufacturers Association, Equifax Corporation, Rockwell Industries, Hughes Aircraft, Northrop Corporation

SZ:DS1
SB255-WS



(800) 666-1917   LEGISLATIVE INTENT SERVICE

SP22

**California Bankers Association**
*Established 1891*

March 9, 1987

The Honorable Ed Davis
Vice Chairman, Senate Judiciary Committee
State Capitol, Room 2048
Sacramento, California  95814

> RE:  **SENATE BILL 255, COMPUTER CRIME**

Dear Senator Davis:

The California Bankers Association supports your effort in SB 255 to deter the increase of computer crime.  We believe the bill will be of significant benefit as more and more commercial activity is carried out electronically.

Sincerely,

STANLEY M. WIEG
SENIOR LEGISLATIVE COUNSEL

SMW:rw
cc: Senator Bill Lockyer, Chairman,
    Senate Judiciary Committee
    Theresa Taylor, Consultant
    Norm Jay

SB255.LTR





LEGISLATIVE INTENT SERVICE   (800) 666-1917

1127 Eleventh Street, Suite 706, Sacramento, California 95814-3871  (916) 441-7377

*MAIN OFFICE: 650 California Street, Suite 1001, San Francisco, California 94108  (415) 433-1894*

SP23

# NORTHROP

600D-87-013

Information Resource Management

9 March 1987

Teresa Taylor
Senate Judiciary Committee
Room 2187
State Capitol
Sacramento, CA  95814

Dear Ms. Taylor:

 I would like to express my support for SB255, "Comprehensive Computer Data Access and Fraud Act". We have made a substantial effort in maintaining the security of Northrop data, and we feel that this bill, if enacted into law, would be a valuable tool for us.

If we can be of any help, please call me.  Also, we would appreciate being included in any mailing list for updates on the status of the bill.

NORTHROP CORPORATION

E.F. Dudek
Director, Corporate Information
Resource Security
(213) 970-4779



(800) 666-1917    LEGISLATIVE INTENT SERVICE

SP24

## MEMORANDUM

TO:            STEVE ZEHNER

FROM:          STEPHEN PLAFKER,
               Deputy District Attorney

SUBJECT:       Comprehensive Computer Data Access and Fraud Act
                 (S.B. 255)
               New $5,000 Minimum to Raise to Felony

DATE:          March 11, 1987


I suggest the following language to implement our agreement to have a $5,000 floor on the cost of a victim's efforts before they raise an infraction or misdemeanor to a felony. Please make sure that everyone understands that a small amount of victim expenditure will still raise the infraction to a misdemeanor.

1. Define a new term, "victim expenditure", to mean "any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was or was not altered, deleted, damaged, or destroyed by the access." Remove the corresponding language from the definition of injury.

2. Add "in a victim expenditure in an amount greater than $5,000 or" between the words "results" and "in" and add the words "in any amount" between the words "injury" and "or" in Subsection (d)(2)(B);

3. Replace Subsection (d)(3)(B) by the following: "For any violation which results in victim expenditure in an amount not exceeding $5,000 or in injury in any amount by a fine not exceeding five thousand dollars ($5,000), or by imprisonment in the county jail not exceeding one year, or by both such fine and imprisonment";

4. Renumber the present Subsection (d)(3)(B) as Subsection (d)(3)(C) and add "in a victim expenditure in an amount greater than $5,000 or" between the words "results" and "in" and "in any amount" between "injury" and "or".

(800) 666-1917

LEGISLATIVE INTENT SERVICE



- 1 -

SP25

March 13, 1987

Honorable Bill Lockyer, Chairman
Senate Judiciary Committee
State Capitol – Room 2032
Sacramento, CA 95814

SUBJECT:  Proposed Computer Crime Legislation (SB255)

Dear Senator Lockyer:

As the Data Security Officer for a major bank, I support the proposed
Computer Crime Legislation you will be introducing in this legislative
session.

This proposed legislation, sponsored by the Los Angeles County Board
of Supervisors and their Computer Crime Task Force reflects more
appropriate definitions and is more comprehensive than the current
statutes.   I believe that passage of this proposed legislation would be
beneficial to the private and public sectors in the deterrence and
prosecution of computer crime.

The proliferation of computer technology and the ever increasing
reliance on public and private agencies in the utilization of this
technology has the potential of impacting each individual.   Therefore,
it is critical that the legislature provide the most appropriate
mechanism for prosecuting those who commit computer crime.   I believe
this proposed legislation achieves this objective.

As a security practitioner, and an active member of the Information
Systems Security Association, I appreciate your leadership in carrying
this legislation and respectfully request your continued efforts in
this endeavor.

Very truly yours,

*James W. Statton*

James W. Statton
Data Security Officer

JWS:mm



(800) 666-1917        LEGISLATIVE INTENT SERVICE



**AMERICAN CIVIL LIBERTIES UNION**
**CALIFORNIA LEGISLATIVE OFFICE**
1127 11th Street, Suite 605 □
Sacramento, California 95814
Telephone (916) 442-1036 □

June 1, 1987

Hon. David Roberti
State Capitol Building
Sacramento, California   95814

Re: SCR 45 - Support

Dear Senator Roberti:

The ACLU is pleased to inform you of our support for SCR 45
concerning the constitutional rights of persons with
developmental disabilities.

The In re Hop decisions properly held that those persons with
developmental disabilities who lack the mental capacity to
protest a placement or to petition for placement in a less
restrictive environment have been involuntarily committed to such
facilities.  The rights of these persons to have a judicial
review of the appropriateness of such placements is consistent
with other interpretations of the due process and equal
protection law.  In recognizing these principles we concur with
the intent of this resolution which is to accomodate these rights
and fundamental interests for persons with developmentally
disabling conditions in a prompt and efficacious manner.  The
importance of such action is not only that it furthers the rights
of persons with disabling conditions to be treated in a manner
similar to other persons and to live as independently as
possible, but that it also reaffirms the broad nature of
constitutional protections for all persons.

If we may be of further assistance to you in this matter please
contact our office.

Sincerely,

MARJORIE C. SWARTZ
Legislative Advocate

DAPHNE L. MACKLIN
Legislative Advocate

cc: Members and Consultant, Senate Judiciary Committee

SP27

Daphne L. Macklin, Legislative Advocate • Marjorie C. Swartz, Legislative Advocate • Rita M. Egri, Legislative Assistant
ACLU of Northern California • Dorothy M. Ehrlich, Executive Director   ACLU of Southern California • Ramona Ripston, Executive Director
1663 Mission Street, Suite 460•San Francisco, 94103•(415)621-2493   633 South Shatto Place • Los Angeles, 90005 • (213) 487-1720

LEGISLATIVE INTENT SERVICE   (800) 666-1917

# COUNTY OF LOS ANGELES
# COUNTYWIDE CRIMINAL JUSTICE
# COORDINATION COMMITTEE

CHAIRMAN
  Hon. Peter F. Schabarum
    Chairman, Los Angeles County
    Board of Supervisors

CHAIRMAN PRO TEM
  Hon. Sherman Block
    Sheriff, Los Angeles County

MEMBERS
  James F. Bale
    President, Los Angeles County
    Chiefs of Police
  Robert Bonner
    United States Attorney
  Hon. Tom Bradley
    Mayor, City of Los Angeles
  Hon. Marvin Braude
    Los Angeles City Council
  Wayne Clayton
    President, San Gabriel Valley
    Peace Officers Association
  DeWitt W. Clinton
    Los Angeles County Counsel
  Keith Comrie
    City Administrative Officer
    City of Los Angeles
  Daryl Gates
    Chief of Police
    City of Los Angeles
  Dr. Stuart E. Gothold
    Superintendent of Schools
    Los Angeles County Board
    of Education
  Hon. Marion E. Gubler
    Chairman, Municipal Court
    Judges Association
  Hon. Gabriel A. Gutierrez
    Presiding Judge, Juvenile Court
    Los Angeles County Superior Court
  Hon. James K. Hahn
    City Attorney, City of Los Angeles
  Dr. Harry Handler
    Superintendent of Schools
    Los Angeles City Unified
    School District
  James C. Hankla
    Chief Administrative Officer
    Los Angeles County
  Edgar H. Hayes
    Director, Los Angeles County
    Data Processing Department
  Hon. Herbert Hennes, Jr.
    President, Los Angeles County Division
    League of California Cities
  Hon. Thomas E. Jackson
    California Contract Cities
    Association
  Hon. Thomas T. Johnson
    Presiding Judge
    Los Angeles County Superior Court
  Wilbur F. Littlefield
    Public Defender
    Los Angeles County
  Hon. John J. Lynch
    Chairman, Municipal Court
    Presiding Judges Association
  Robert Mann
    Marshal, Los Angeles County
  Michael McCrary
    President, Los Angeles County
    Southeast Police Chiefs Association
  Robert G. Medina
    Director, Los Angeles County
    Department of Community and
    Senior Citizens Services
  Hon. Aurelio Munoz
    Supervising Judge, Criminal Division
    Los Angeles County Superior Court
  Barry Nidorf
    Chief Probation Officer
    Los Angeles County
  Hon. Ira Reiner
    District Attorney
    Los Angeles County
  Hon. Ted R. Shaw
    President, Independent Cities
    Association
  Robert J. Steiner
    Chairperson, Association of
    Municipal Court Administrators
  Kenneth R. Stonebraker
    South Bay Police Chiefs Association
  Hon. Maxine F. Thomas
    Presiding Judge
    Los Angeles Municipal Court
  Frank Zolin
    County Clerk/Executive Officer
    Los Angeles County Superior Court

Jerome D. Timmons
Executive Director

Robert S. Mimura
Assistant Director

783 Hall of Administration
500 West Temple Street
Los Angeles, California 90012
(213) 974-4398

November 25, 1986

**RECEIVED**

DEC - 3 1986

SACRAMENTO

To:       Carl Pabst
          Ed Hayes
          Sue Isbell
          Alice Hand
          Richard Townsend
          Steve Plafker
          Dave Estrada
          Don Ingram
          Doug Southard

From:     Bob Mimura
          Acting Executive Director

Subject:  SPECIAL MEETING - COMPUTER CRIME BILL

A special meeting has been set for December 3,
10:30 a.m., Room 754 (Jan Pollard's office), Hall of
Administration, to discuss concerns regarding the most
recent version of the Computer Crime bill.  We will be
using a speaker phone/conference call to permit
simultaneous communication with Mr. Ingram, Alameda
County D.A., and Mr. Southard, Santa Clara County D.A.

Attached for your review are copies of the most recent
version of our bill and Penal Code §502 (current law),
as well as written comments from Doug Southard and
Steve Plafker.

If you have any questions, please call Dave Estrada at
(213) 974-1418 or Debra Parker at (213) 974-8398.


BM:DP:jk
D5:stmd

Attachments

cc:  Steve Zehner



(800) 666-1917    LEGISLATIVE INTENT SERVICE

## COMPUTER CRIME TASK FORCE

### CHAIRMAN

Carl A. Pabst, Partner
Touche Ross & Co.
3700 Wilshire Blvd., Suite 600
Los Angeles, CA  90010

Telephone:  739-6201

### MEMBERS

Sgt. Robert Brown
L.A. Co. Sheriff's Dept.
Forgery-Fraud Detail
11515 So. Colima Road
Los Angeles, CA  90012

Telephone:  946-7212

William F. Fahey
Asst. U.S. Attorney
Office of the U.S. Attorney
1200 U.S. Courthouse
312 North Spring Street
Los Angeles, CA  90012

Telephone:  894-2391

Steve Plafker
Electronic Crime Unit
District Attorney's Office
320 West Temple St., Room 780
Los Angeles, CA  90012

Telephone:  974-3949

Alice Hand
Los Angeles City Attorney
Room 219
429 Bauchet Street
Los Angeles, CA  90012

Telephone:  485-6681

(800) 666-1917

LEGISLATIVE INTENT SERVICE

Edgar Hayes, Director
L.A. County Data Processing Department
9150 East Imperial Highway
Downey, CA  90242

Telephone:  940-2901

Sandra Mann Lambert
Vice President, ADP Security
Security Pacific National Bank
611 North Brand Blvd., Mail Code 2-155
Glendale, CA  91203

Telephone:  (818) 507-3071

Chief Roger Moulton
Redondo Beach Police Department
401 Diamond Street
Redondo Beach, CA  90277

Telephone:  379-2477

Roy Nakawatase
Los Angeles City Unified School
 District
450 North Grand Avenue
Los Angeles, CA   90012

Telephone 625-5228

John A. Nickols
(Representing L.A. Area
 Chamber of Commerce)
Director of Security, Times Mirror
Times Mirror Square
Los Angeles, CA  90053

Telephone:  972-5701

Captain William Poggione
Commander, Commercial
  Crimes Bureau
L.A. County Sheriff's Dept.
211 W. Temple St., Rm. 710
Los Angeles, CA  90012

Telephone:  974-4350

LEGISLATIVE INTENT SERVICE    (800) 666-1917

John Price
Carter, Hawley, Hale Stores
Information Services
1600 N. Kraemer Blvd.
Anaheim, CA   92806

Telephone:  (714) 520-1816

Carl Reynolds, Vice President
Communications and Data Processing
Hughes Aircraft Company
Post Office Box 9399
Building C05, M/S 2001
Long Beach, CA  90810

Telephone:  513-5620

Dr. Richard Savich
Associate Professor, School of Accounting
University of Southern California
Los Angeles, CA   90089-1421

Telephone:   743-6184

Larry R. White
Hughes Aircraft Company
P.O. Box 9399, Bldg. C-7
Mail Station 2062
Long Beach, CA  90810-0465

Telephone:  513-3317

Ed Zeitler
Vice President, ADP Security
Security Pacific National Bank
611 North Brand Blvd., Mail Code 2-155
Glendale, CA  91203
                    (818)
Telephone:   507-3026

<u>STAFF</u>

███████████

DEBRA PARKER

CCJCC
783 Hall of Administration
500 West Temple Street
Los Angeles, CA  90012

Telephone:  974-8398

CCJCC2
CTLIST 1-4
12-24-85

(800) 666-1917

LEGISLATIVE INTENT SERVICE



SP - 4b

LEGISLATIVE INTENT SERVICE   (800) 666-1917

## MEMORANDUM

**TO:**          Carl Pabst

**FROM:**        Stephen Plafker

**SUBJECT:**     Comparison of Present Section 502 with
                 Comprehensive Computer Data and Fraud Act

**DATE:**        December 8, 1986


The following is a comparison of the present Penal Code
Section 502 with the Act. Comparible portions are placed next to each
other. Portions in one but not in the other are underlined.


### 1. Definitions

**Access.**
   **Present Section.** to instruct, communicate with, store data in, or
      retrieve data from, a computer system or computer network
   **Proposed Section.** to gain entry to, instruct, or communicate with
      the logical, arithmetical or memory function resources of a
      computer, computer systems [sic], or computer network

**Computer Network**
   **Present Section.** an interconnection of two or more computer systems
   **Proposed Section.** two or more computer systems connected by
      telecommunication facilities

**Computer Program** [software]
   **Present Section.** an ordered set of instructions or statements, and
      related data that, when automatically executed in actual or
      modified form in a computer system, causes it to perform
      specified functions
   **Proposed Section.** a set of instructions or statements, and related
      data that, when executed, cause the computer, computer system,
      or computer network to perform specified functions

**[Computer] Services**
   **Present Section.** includes, but is not limited to, the use of the
      computer system, computer network, computer programs, or data
      prepared for computer use, or data contained within a computer
      system, or data contained within a computer network
   **Proposed Section.** includes, but is not limited to, computer time,
      data processing, or storage functions, or other uses of a
      computer, computer system, or computer network

- 1 -

SP - 5b

## Computer System

**Present Section.** a device or collection of devices, excluding pocket calculators which are not programmable and capable of being used in conjunction with external files, one or more of which contain computer programs _and_ _data_, that performs functions, including, but not limited to, logic, arithmetic, data storage and retrieval, communication, and control

**Proposed Section.** a device or collection of devices, _including_ _support_ _devices_ _and_ excluding pocket calculators which are not programmable and capable of being used in conjunction with external files, one or more of which contain computer programs, _electronic_ _instructions,_ _input_ _data,_ _and_ _output_ _data_, that performs functions, including, but not limited to, logic, arithmetic, data storage and retrieval, communication, and control

## Data

**Present Section.** a representation of information, knowledge, facts, concepts, _or_ _instructions,_ _which_ _are_ _being_ _prepared_ _or_ _have_ _been_ _prepared,_ _in_ _a_ _formalized_ _manner,_ _and_ _are_ _intended_ _for_ _use_ _in_ _a_ _computer_ _system_ _or_ _computer_ _network_

**Proposed Section.** a representation of information, knowledge, facts, concepts, _computer_ _software,_ _computer_ _programs_ _or_ _instructions._ _Data_ _may_ _be_ _in_ _any_ _form,_ _in_ _storage_ _media,_ _or_ _as_ _stored_ _in_ _the_ _memory_ _of_ _the_ _computer_ _or_ _in_ _transit_ _or_ _presented_ _on_ _a_ _display_ _device._

## Financial Instrument

**Present Section.** includes, but is not limited to, any check, draft, warrant, money order, note, certificate of deposit, letter of credit, bill of exchange, credit or debit card, transaction authorization mechanism, marketable security, or any computer system representation thereof

**Proposed Section.** not defined

## Property

**Present Section.** includes, but is not limited to, financial instruments, data, computer programs, documents associated with computer systems and computer programs, or copies thereof, whether tangible or intangible, including both human and computer system readable data, and data while in transit

**Proposed Section.** not defined
['The words "personal property" include money, goods, chattels, things in action, and evidences of debt;...' Penal Code Section 7(12).]

## Supporting Documentation

**Present Section.** no definition

**Proposed Section.** includes, but is not limited to, all information, in any form, pertaining to the design, construction, classification, implementation, use, or modification of a computer, computer system, computer network, computer program, or computer

- 2 -

LEGISLATIVE INTENT SERVICE   (800) 666-1917

software, which information is not generally available to the public and is necessary for the operation of a computer, computer system, computer network, computer program, or computer software

## Injury

**Present Section.** any alteration, deletion, damage, or destruction of a computer system, computer network, computer program, or data caused by the access, or any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was not altered, deleted, damaged, or destroyed by the access

**Proposed Section.** any alteration, deletion, damage, or destruction of a computer system, computer network, computer program, or data caused by the access, or any expenditure reasonablly and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was or was not altered, deleted, damaged, or destroyed by the access

## 2. Provisions

### Fraudulent Access

**Present Section.** Any person who intentionally accesses or causes to be accessed any computer system or computer network for the purpose of

(1) devising or executing any scheme or artifice to defraud or extort, or
(2) obtaining money, property, or services with false or fraudulent intent, representations, or promises ...

**Proposed Section.** Knowingly and without permission accesses and alters, damages, destroys or otherwise uses any data, computer, computer system, or computer network to devise or execute any scheme or artifice to defraud or deceive or control or obtain money, property, or services by means of false or fraudulent pretenses, representations, or promises. Subsection (c)(1)

### Malicious Access

**Present Section.** Any person who maliciously accesses, alters, deletes, damages, destroys or disrupts the operation of any computer system, computer network, computer program, or data . [Definition of "malicious". "a wish to vex, annoy, or injure another person or an intent to do a wrongful act, ..." Penal Code Section 7(4)]

**Proposed Section.** not explicitly in the proposed bill but I believe it is covered in the following: 1. Knowingly and without permission accesses and adds, alters, damages, deletes, or destroys any data, computer software, or computer programs which reside or exist internal or external to a computer, computer system, or computer network. Subsection (c)(4). 2. Knowingly and without permission accesses and disrupts or causes the disruption of computer services or denies or causes the denial of computer services to an

— 3 —

LEGISLATIVE INTENT SERVICE   (800) 666-1917

authorised user of a computer, computer system, or computer network.
Subsection (c)(5)

**Illegal Access**

    <u>Present Section</u>. Any person who <u>intentionally</u> and without
      <u>authorization</u> accesses any computer system, computer network,
      computer program, or data, with knowledge that the access was
      not authorised ...
    <u>Proposed Section</u>. <u>Knowingly</u> and without <u>permission</u> accesses <u>or</u>
      <u>causes to be accessed</u> any computer, computer system, or computer
      network

### 3. Other Provisions of Proposal

<u>Theft of data</u>. Knowingly and without permission accesses and takes,
    copies, or makes use of any data from a computer, computer
    system, or computer network, or takes or copies any supporting
    documentation, whether existing or residing internal or external
    to a computer, computer system, or computer network. Subsection
    (c)(2)

<u>Theft of services</u>. Knowingly and without permission uses or causes
    to be used computer services. Subsection (c)(3)

<u>Assistance</u>. Knowingly and without permission provides or assists in
    providing a means of accessing a computer, computer system, or
    computer network. Subsection (c)(6)

- 4-



LEGISLATIVE INTENT SERVICE   (800) 666-1917

SP - 8b

Joe Pujals   445 17??

Need for legislat
  Incr'd comput crime, eg enhanced penalties
  + further standardizat of defin'n.
  + annual loss to industry $145 - 730 mill/yr   25% of US legit companies   ABA rept 1984
  estim. Detect + prosec diff bec of vol of illeg activ.
  No data offered

Now - infract or misdem.
Become - infract, misdem Wobblers (altern fel./misd.)

W/O Permission
  Use of computer electronic mail by staff for personal letters
Permiss - not def'd

Know'ly - not def'd
  + inadvert dmg to prog, data ?

LEGISLATIVE INTENT SERVICE   (800) 666-1917

SP - 9b

<u>Contact</u>

CACJ
CDAA
AG —
Sac Cty DA
Computer Assoc ?
State Bar
Prev analysis
ACLU
LA Cty DA
San

Sponsors — Sec for Nat'l Sec
Supp't Inform't Systems security
Assoc
Hudas Aircraft
B of A —
Santa Clara Cty Bd of Sup
Northrop Corp —

LEGISLATIVE INTENT SERVICE     (800) 666-1917

SP - 10b

# CHIEF ADMINISTRATIVE OFFICE
## COUNTY OF LOS ANGELES



1100 K STREET, SUITE 300 • SACRAMENTO, CALIFORNIA 95814
(916) 441-7888

**JAMES C. HANKLA**
CHIEF ADMINISTRATIVE OFFICER

MEMBERS OF THE BOARD

PETER F. SCHABARUM
CHAIRMAN

KENNETH HAHN
EDMUND D. EDELMAN
DEANE DANA
MICHAEL D. ANTONOVICH

February 10, 1987

Honorable Bill Lockyer, Chairman
Senate Judiciary Committee
State Capitol - Room 2032
Sacramento, California 95814

      RE:  SENATE BILL 255 (Davis) - As Introduced - Relating
           to Computer Crimes -- COUNTY-SPONSORED

Dear Senator Lockyer:

The Los Angeles County Board of Supervisors sponsors Senate Bill
255 (Davis), relating to Computer Crimes.  This bill is awaiting
hearing before your Senate Judiciary Committee.

Current law seeks to control the unlawful use of computers and
data systems by imposing criminal and civil sanctions on viola-
tors.  Prosecutors and private system operators feel that there
is a need for enhanced penalties and for further standardization
of definitions.

Senate Bill 255, which was developed by a task force representing
private industry, prosecution and criminal defense, broadens the
application of existing law by redefining such terms as "access,"
"computer system," "computer network," "computer program" and
"data."  It also defines such new terms as "computer services"
and "supporting documentation."

In addition to definitional changes, Senate Bill 255 proposes to
make some offenses, like computer fraud, subsequent violations of
unauthorized access, or unauthorized access resulting in injury,
"wobblers" instead of simple misdemeanors.  In appropriate cir-
cumstances, serious offenders could be punished as felons.

Finally, the proposal provides for the seizure and forfeiture of
computers and computer-related items that are used in the com-
mission of proscribed activities.  These items could be destroyed
or utilized by the prosecuting county for legitimate purposes, if
they are used to commit an offense that results in a conviction.
The forfeiture could only occur after an appropriate hearing to
determine property rights.

LEGISLATIVE INTENT SERVICE  (800) 666-1917

Senate Bill 255 (Davis)          -2-          February 10, 1987

The proliferation of computers has facilitated the abuse of
information systems and data. A June, 1984 American Bar
Association report indicated that 25% of America's largest com-
panies suffer annual losses attributable to computer crime of
between $145 million and $730 million.  Detection and prosecution
is difficult because of the volume of illegal activity and the
limitations on justice system personnel.  Senate Bill 255
attempts to mitigate some of these problems by providing standard-
ized definitions acceptable to both the business and legal com-
munities.

If you have any questions regarding this measure, please give us
a call.

                              Very truly yours,

                              Clancy Leland
                              Legislative Representative

CL:SZ:jds2
SB255
cc:  Senator Ed Davis
     Each Member and Consultant,
      Senate Judiciary Committee

LEGISLATIVE INTENT SERVICE     (800) 666-1917

SP - 12b

# ISSA

## INFORMATION SYSTEMS SECURITY ASSOCIATION, INC.   P.O. BOX 71926, LOS ANGELES, CA 90071

*President*
Carl B. Jackson
Ford Aerospace &
Communications Corporation

*Vice President*
Harold F. Tipton
Rockwell International

*Treasurer*
Leslie Chalmers
Bank of California

*Corresponding Secretary*
Gary M. Itano
City National Bank

*Recording Secretary*
Hans von Braun
Hewlett-Packard

*Past President*
Sandra Mann Lambert
Security Pacific National Bank

LEGISLATIVE INTENT SERVICE   (800) 666-1917

February 12, 1987

Honorable Ed Davis
State Senator, 19th District
State Capitol, Room 2048
Sacramento, Ca. 95814

SUBJECT: PROPOSED COMPUTER CRIME LEGISLATION

Dear Senator Davis:

The Information Systems Security Association supports SB 255, the proposed Computer Crime Legislation you will be introducing in this legislative session.  This proposed legislation, sponsored by the Los Angeles County Board of Supervisors and their Computer Crime Task Force, reflects more appropriate definitions and is more comprehensive than the current statutes.

The Information Systems Security Association is a non-profit organization made up of professionals who have as their primary responsibility information systems security in the private or public sector.  Our main goals are to provide a facility for information exchange and communication, a forum for educational events and a vehicle for research in the area of information security. Our membership comes from varied backgrounds in industries such as banking, aerospace, insurance, energy, retail, computing services, public accounting, armed forces, education, etc.  These members, organized into chapters nationwide, are information security practitioners, consultants, vendors, attorneys, law enforcement officials and educators.  We currently have three chapters in California: Los Angeles, Orange County and San Francisco.

The role of an information systems security professional is to protect information assets by ensuring the implementation of preventive and detective measures against computer crime, which adversely affects individuals as well as companies.  Since many of our members become involved in the investigation, testimony

SP - 13b

and/or prosecution of information security violation cases, computer crime legislation is of critical interest to them. We believe that passage of this proposed legislation would be beneficial to both the private and public sectors in the deterrence and prosecution of computer crime.

We appreciate your leadership in carrying this legislation and respectfully request your continued efforts in this endeavor.

Sincerely,

Carl B. Jackson
President

cc:   Assembly Public Safety Committee Members
      Senate Judiciary Committee Members

LEGISLATIVE INTENT SERVICE   (800) 666-1917

SP - 14b

## SOUTHERN CALIFORNIA GAS COMPANY
### POSITION STATEMENT
### SB 255 (DAVIS)

### Position

Southern California Gas Company (SoCalGas) SUPPORTS SB 255 because it would provide an increased deterrent to computer crime by strengthening and redefining existing law.

### Issues

Computer crime poses a very serious and potentially costly threat to SoCalGas. Tampering with or destroying customer billing data, payroll data, licensed proprietary information or other vital or confidential records could disrupt operations, endanger customers, cause loss of revenue and damage the Company's credibility with the public. Unauthorized access to a computer system, even when no damage is done, is extremely costly to the owner of the file. A search of a "trespassed" file to ensure the accuracy of the stored data may cost tens or even hundreds of thousands of dollars to conduct.

SB 255 would strengthen and more clearly define the law, thereby providing greater protection to all corporations statewide who utilize computing and data resources. It would improve the ability of local prosecutors to effectively investigate high technology crimes and secure convictions. The bill also would update and redefine the terms used in computer crime law. The new terms are broader and are directed more to computer users than to lawyers.

### Conclusion

SoCalGas believes that SB 255 is a positive, and much needed step toward deterring computer crime and would benefit all companies which utilize computing and data resources.

2/23/87

cc:  The Honorable Ed Davis
     Senate Judiciary Committee Members
     Mr. Aubrey Labrie
     Mr. Gene Wong
     Ms. Patricia Wynne



JIM GREENE
LEAH CARTABRUNO
JIM MEEHAN
STATE GOVERNMENTAL AFFAIRS

**SOUTHERN CALIFORNIA gas COMPANY**

PARK EXECUTIVE BUILDING, SUITE 980 925   L STREET, SACRAMENTO CA 95814
(916) 446 5282
720 WEST EIGHTH STREET, LOS ANGELES, CALIFORNIA 90017
(213) 689 3618

LEGISLATIVE INTENT SERVICE (800) 666-1917

SP - 15b

SENATE COMMITTEE ON JUDICIARY
Bill Lockyer, Chairman
1987-88 Regular Session

SB 255 (Davis)
As introduced
Penal Code
TDT

S
B

2
5
5

## COMPUTER CRIME

### HISTORY

Source:  Los Angeles County Board of Supervisors

Prior Legislation:   SB 1786 (1986) – Died in
Assembly Judiciary
AB 2551 (1983) – Chaptered

Support:   Union Bank, Security Pacific National
Bank, Information Systems Security
Association, Southern California Gas
Company, California Bankers
Association, Hughes Aircraft, Santa
Cruz County Board of Supervisors,
Northrop Corporation, Los Angeles
County Sheriff, Attorney General,
Equifax Inc., Los Angeles County
District Attorney

Opposition:  No known

### KEY ISSUE

SHOULD A COMPREHENSIVE COMPUTER DATA ACCESS AND
FRAUD ACT BE ADOPTED WHICH WOULD REDEFINE A NUMBER
OF COMPUTER TERMS, ESTABLISH SEVEN SPECIFIC
CRIMES, PROVIDE FOR COMPENSATORY DAMAGES AS CIVIL
REMEDIES AND PERMIT SEIZURE OF PRIVATE COMPUTER
EQUIPMENT?

(More)

SP - 16b

SB 255 (Davis)
Page 2

## PURPOSE

Existing law makes it a crime, punishable by imprisonment and fines which in no case may exceed $10,000, for any person to, among other things, access a computer system or network: 1) intentionally in order to defraud or extort; 2) maliciously; or 3) intentionally and without authorization, with the knowledge that the access was unauthorized.

This bill would repeal and then rewrite Penal Code Section 502. It would broaden existing definitions, expand the scope of prohibited computer related activity, and restructure fines and imprisonment penalties for violations.

It would reenact civil remedy provisions and add a new penalty of seizure of computer equipment used in committing violations of the act. Finally, it would set forth the legislative intent of this bill.

The purpose of the bill is to clarify and broaden existing law, as well as provide increased penalties commensurate with the gravity of the offense.

## COMMENT

1.  Background

    This bill was developed by the Computer Crime Task Force, which is a subcommittee of the Los Angeles County Criminal Justice Coordinating Committee. The Task Force is composed of 16 members including representatives from law enforcement, district attorney offices, the

(More)

SP - 17b

SB 255 (Davis)
Page 3

U.S. Attorney's office, and private industry,
including banks, accounting firms and big
business.  No representatives of the defense
bar are on the Task Force.  The primary duty
of the task force is to develop a Model
Computer Crime Act; and, in so doing, it
created a bill which it believes would meet
the specific computer crime problems in
California.

2.   Standardization of definitions

This bill would broaden the application of
existing law by redefining terms that are used
in existing law, such as "access", "computer
system", "computer network", "computer
program" and "data".  It would also define new
terms, such as "computer services" and
"supporting documentation".

The task force believes that it is necessary
to provide standard definitions in order to
insure higher conviction rates.  Proponents
believe that the new definitions would be
broader, and would be directed more to
computer users than lawyers but would be
acceptable to both the business and legal
communities.

3.   New crimes

This bill would create seven new crimes
involving computers.  Any person who did any
of the following acts, if the act was not
within the course and scope of employment,
would be guilty of a crime:

(More)

SP - 18b

SB 255 (Davis)
Page 4

a) Knowingly accesses and without permission
   alters, damages, deletes, destroys, or
   otherwise uses any data, computer, computer
   system, or computer network in order to
   either (A) devise or execute any scheme or
   artifice to defraud or deceive, or (B)
   wrongfully control or obtain money,
   property, data, or services.

b) Knowingly accesses and without permission
   takes, copies, or makes use of any data
   from a computer, computer system, or
   computer network, or takes or copies any
   supporting documentation, whether existing
   or residing internal or external to a
   computer, computer system, or computer
   network.

c) Knowingly and without permission uses or
   causes to be used computer services.

d) Knowingly accesses and without permission
   adds, alters, damages, deletes, or destroys
   any data, computer software, or computer
   programs which reside or exist internal or
   external to a computer, computer system, or
   computer network.

e) Knowingly and without permission disrupts
   or causes the disruption of computer
   services or denies or causes the denial of
   computer services to an authorized user of
   a computer, computer system, or computer
   network.

f) Knowingly and without permission provides
   or assists in providing a means of
   accessing a computer, computer system, or

(More)

SP - 19b

SB 255 (Davis)
Page 5

computer network in violation of this
section.

g) Knowingly and without permission accesses
or causes to be accessed any computer,
computer system, or computer network.

4. Penalties

Existing penalties for maliciously or
intentionally accessing a computer system or
network in order to defraud or extort is
punishable by imprisonment and a fine which in
no case may exceed $10,000.  Intentionally
accessing a computer system or network without
authorization when no injury results, is an
infraction punishable by a fine not exceeding
$250.  If injury results, or if it is a second
offense, the fine could be imposed not to
exceed $5,000 and/or imprisonment in county
jail not exceeding one year.

This bill would increase the penalties as
follows:

a. Access (Hacking)

1) A first offense or an offense where no
injury occurs would remain an infraction
punishable by a fine of up to $250.

2) Repeated access or access resulting in
injury would be punishable as a wobbler,
by a fine of $10,000 maximum or
imprisonment in state prison for 16 months
or 2 or 3 years or both, or a fine of
$5,000 maximum or 1 year in county jail or
both.

(More)

SP - 20b

SB 255 (Davis)
Page 6

### b.  Unauthorized use of computer services

1)  A first offense without injury where the
    value of services used is $400 or less,
    would be punishable by a fine of up to
    $5,000 or one year in county jail or both.

2)  Subsequent offenses or violations causing
    injury would be subject to the same
    felony/misdemeanor punishment as repeat
    access or access with injury.

### c.  Remaining computer crimes

All the remaining computer crimes
including altering, data theft, tampering
with systems, publishing access codes,
disrupting, or committing fraud or theft
via computer, whether a first or
subsequent offense, would be subject to
the same felony/misdemeanor punishment as
repeat access or access with injury.

## 5.  Civil penalties

In addition to any other available civil
remedies, the owner or lessee of the computer
would be permitted to bring a civil action
against any person convicted of any of the
enumerated crimes for compensatory damages.
Actions of an unemancipated minor would be
imputed to the parent or legal guardian having
control or custody of the minor.  The court
would be authorized to award reasonable
attorney's fees to a prevailing party.

(More)

SB 255 (Davis)
Page 7

6.  Intent not required

    Under existing law, the criminal conduct must
    be "intentional" or "malicious".  This bill
    would establish a new standard that the
    conduct be "knowingly and without permission".
    Proponents claim that this new standard would
    make these crimes "general intent" crimes,
    which would be easier for the public to
    understand and authorities to enforce.

    One effect of this change would be to make
    such acts as unintentional and inadvertent
    alteration of data by an employee using a
    computer for a personal project without
    permission, subject to a state prison term.

7.  Felony penalty for first time access

    Under this bill, unauthorized access which
    caused injury would be punishable as a felony
    or misdemeanor.  Because injury is so broadly
    defined, all first time hackers could be found
    guilty of a felony.

8.  Injury broadly defined

    Injury is defined to include not only damage
    or destruction to the computer and its data
    but also "any expenditure reasonably and
    necessarily incurred by the owner or lessee to
    verify that a computer system...or data was or
    was not altered, deleted, damaged or destroyed
    by the access."  Thus, the fact that a
    computer owner incurs some costs to insure
    that a computer was not altered would trigger
    a state prison felony penalty even if the
    offense involved was first time access by a

                                        (More)

SP - 22b

SB 255 (Davis)
Page 8

hacker.  Arguably such verification would be
necessary whenever unauthorized access occurs,
thus every first offense without damage could
be a felony.

9.  <u>Employee misuse</u>

Under this bill, an employee who used a
computer more than once for such personal
projects as preparing a personal letter,
maintaining a mailing list or recipe list,
accessing computer data to use in a term
paper, or sending computer messages to other
employees, could be guilty of a felony, even
if the use occurred after work and caused no
injury.  On the other hand, an employee who
uses the employer's computer system or data
within the scope of employment would not be
violating the statute.

10. <u>Confiscation of property</u>

This bill would authorize law enforcement
officers to seize, under warrant or without
warrant incident to a lawful arrest, any
computer, computer system, computer program,
instrument, apparatus, device, plans,
instruction, or written publication used in
the commission of any crime established under
this Act.  After conviction and a hearing to
determine property rights, the seized computer
equipment, if owned or controlled by the
person so convicted, or owned or controlled by
a person or entity that knowingly allowed the
use of the seized item in the commission of
any computer crime prohibited by this bill,
could be destroyed as contraband by the
sheriff of the county in which the person was

(More)

SB 255 (Davis)
Page 9

convicted, or given to the county for its use
or for donation to any other public entity or
nonprofit corporation.

This provision of the bill would allow
confiscation and destruction of a costly
computer system owned by another as a penalty
for a first time access which caused no injury
and which may be disposed of as an infraction
or misdemeanor.

It could be argued that the seizure of
computers used for these offenses might
unjustly affect other innocent persons who
have a property interest in these computers.

\*\*\*\*\*\*\*\*\*\*

SP - 24b

BILL ANALYSIS

*ACID ?freee*

BILL NO. SB 255                    ANALYST   R. R. Granucci
AUTHOR   Senator Davis             DATE      February 27, 1987
DATE LAST AMENDED_____       TELEPHONE (415) 557-1959

I.   SUMMARY OF EXISTING LAW

California's current computer crime statute, Penal Code
section 502, sets forth in subd. (a) a series of
definitions of computer systems, data, networks, etc.
Subd. (b) prohibits the use of a computer system to
devise or execute a scheme to devise or defraud, or to
steal money or services.  Subd. (c) makes it a crime to
maliciously access, alter, disrupt, etc. any computer
system, program or data (computer "vandalism").
Subd. (d) covers unauthorized access or "hacking."

Subds. (e) and (f) provide penalties.  Violation of
subd. (b) or (c) is alternatively punishable as a felony
or a misdemeanor; a first violation of subd. (d) which
does not cause injury is punishable as an infraction
while a second violation or one that causes injury is
punishable as a misdemeanor.  Subd. (g) permits any
victim to bring a civil action with provisions for
parental liability and attorney's fees and subd. (h)
disclaims any intent to preempt prosecution under other
provisions of the criminal law.

Thus, section 502 in its current form does four things.
It (1) defines terms, (2) declares conduct to be
criminal, (3) specifies punishment and (4) provides for
collateral civil remedies.

II.  SUMMARY OF BILL

SB 255 totally repeals and then reenacts section 502.  A
savings clause is included to prevent the abatement of
prosecutions under the present law.

The new section 502 follows the same general format as
the current law; i.e., definitions, crimes, punishments
and collateral remedies, but makes significant changes
in each of these areas.

Definitions

The definitions in the new section are broader and
directed more to computer users than to lawyers.  Newly
defined terms include "supporting documentation" and
"injury."

-1-

(800) 666-1917     LEGISLATIVE INTENT SERVICE

## Crimes

Subd. (c) of the new bill sets out seven species of crimes and reaches conduct that is not covered under present law.  The crimes are (1) the access, alteration, destruction, etc. of a computer system, program, network or data to devise or execute a scheme to defraud, or to obtain wrongfully or control property or money by false pretenses; (2) taking or copying data; (3) unauthorized use of computer services; (4) accessing, altering, damaging, etc. data, software, programs or supporting documentation, in other words, vandalism; (5) disrupting or causing the denial of computer service to an authorized user; (6) providing or assisting in the providing of a means for unauthorized access; and (7) unauthorized access, or "hacking."  This last provision is essentially a simple trespass law; in substance, it simply replicates current law.

SB 255 retains the provision in present law which provides a defense "to any person who accesses his or her employer's computer system [etc.] . . . when acting within the scope of his or her employment."

This provision in the present version of section 502 has not, to my knowledge, proven to be a source of difficulty for prosecutors.  It is intended to exclude any employee whose good faith use of the employer's computer may be in technical violation of his job specifications.  Examples might include an attorney who, without permission from the supervisor in his firm's word processing department, uses the equipment after normal working hours to prepare a pleading, or an employee who uses electronic mail to send a short personal message.  In many instances, employers tacitly overlook such conduct either because they feel it's not worth bothering about or in the belief that employees' enhancement of their computer skills works to the employer's long-term benefit.

Significantly, the mental elements of "intentional" and "malicious" in the current section 502 are replaced with "knowingly" and "without authorization."  Thus, the mental element under the new bill is general criminal intent, rather than malice.  This single change will definitely make the statute easier for affected persons to understand as well as aiding its enforcement.



(800) 666-1917    LEGISLATIVE INTENT SERVICE

SP - 26b

## Punishment

Punishments generally remain the same as under current law; i.e., alternative felony or misdemeanor punishments are provided for most violations, the maximum felony punishments being 16 months, two or three years, the maximum fine being $10,000. A first violation of subd. (e)(3), theft of services, is punishable as a misdemeanor if no injury results and the value of the stolen services is less than $400. Repeat violations, or those which cause injury or involve more than $400 worth of service are alternatives punishable as felonies.

## Collateral Remedies

The collateral remedy provisions of the present law are substantially reenacted. The attorney's fees provision in the present section 502(g) is changed from "prevailing plaintiff" to "prevailing party." A new provision permits computer equipment used in violation of the law to be seized and destroyed as contraband, or turned over to a public agency or nonprofit corporation as deemed appropriate by the court.

III. **BACKGROUND INFORMATION**

SB 255 is essentially a fine-tuned version of a bill authored by Senator Davis last year which narrowly failed to pass. That bill, SB 1786, was approved in principle by our office and was endorsed by the CDAA.

IV. **RECOMMENDATION**

Consistent with last year's position, we should approve SB 255 in principle.

APPROVED:  _____
John H. Sugiyama

LEGISLATIVE INTENT SERVICE    (800) 666-1917

—3—

SP - 27b



# SECURITY PACIFIC NATIONAL BANK

611 NORTH BRAND BOULEVARD, GLENDALE, CALIFORNIA 91203

March 4, 1987

Teresa Taylor
Analyst, Senate Judiciary Committee
State Capitol, Room 2187
Sacramento, Ca. 95814

Dear Teresa,

Per our conversation today, enclosed are:

- A co-sponsor letter from Security Pacific National Bank. The original should be delivered to Senator Ed Davis; the copy is for your files.

- Two copies of a support letter from the Information Systems Security Association. Please keep one copy for yourself and please also forward one copy to Senator Davis in case his original copy got lost.

If I didn't mention it on the phone, the L.A. County Computer Crime Task Force members were told to address their sponsor and support letters to Senator Davis, so you may need to check with his office for up to the moment status on letters received.

Thanks very much for your help. If you have any questions, feel free to call me at (818) 507-3071.

Sincerely,

Sandra M. Lambert
Sandra M. Lambert
Vice President

# SECURITY PACIFIC NATIONAL BANK

611 NORTH BRAND BOULEVARD, GLENDALE, CALIFORNIA 91203

March 5, 1987

The Honorable Ed Davis
Senator, 19th District
State Capitol, Room 2048
Sacramento, CA  95814

RE:  Proposed Computer Crime Legislation
Senate Bill #255

Dear Senator Davis:

Computer technology continues to evolve and expand into every facet of both the public and private business community.  Although this technology is of considerable benefit, it has also provided new opportunities for criminal activity.  For this reason, the Security Pacific National Bank believes that the existing computer crime law (Penal code Section 502) must be revised and strengthened.

Two SPNB staff members are on the Los Angeles County Computer Crime Task Force who developed this computer crime legislative proposal.  We endorse it as a reasonable and responsible method of addressing and attacking the expanding computer crime trend.  Further, we would be pleased to be listed as a co-sponsor of this measure.

Please let us know what we can do to assist in obtaining its passage.

Sincerely,

Eddie L. Zeitler
Vice President
Corporate Security

cc:  Assembly Public Safety Committee Members
     Senate Judiciary Committee Members

LEGISLATIVE INTENT SERVICE     (800) 666-1917

SP - 29b

## GOVERNMENT RELATIONS

Donald Carlton Burns
Legislative Course

James E. Prosser
Associate Legislative Course

March 5, 1987

### MEMORANDUM TO SENATE JUDICIARY COMMITTEE

        RE:  SB 255 (Davis) Comprehensive Computer Data
             Access & Fraud Act

On behalf of our client, Equifax Inc., we urge your support of
SB 255.  The bill is scheduled for hearing on Tuesday, March
10, 1987 at 1:30 p.m.

The bill is sponsored by the Computer Crime Task Force of the
Los Angeles County Criminal Justice Coordinating Committee.
As a member of that task force, Equifax believes strongly in
the need to update the penal code to reflect the computer
technology of today.  In a society that demands quick and
reliable access to vast amount of electronic data, it is
paramount that the accuracy of that data as well as an
individual's right to privacy be maintained.  SB 255 will
strengthen existing penal code provisions and will allow for
the prosecution for persons who knowingly and without
authorization access computer systems.  In addition, the bill
provides for compensatory damages for the victims of such
knowing and unauthorized access.

SB 255 is a much refined version of SB 1786 (Davis) of last
year, which passed out of this committee and the Senate
without a descenting vote.

We strongly urge your support of SB 255.

                        James E. Prosser

JEP:jna

LEGISLATIVE INTENT SERVICE   (800) 666-1917



SP - 30b

President and
Chief Operating Officer

5 March 1987

Honorable Ed Davis
Vice Chairman
Senate Judiciary Committee
State Capitol
Sacramento, California 95814

Dear Senator Davis:

We are writing in support of SB 255, legislation you recently introduced to address the proliferation of computer crime and other forms of unauthorized access to computers, computer systems, and computer data. We understand this bill is scheduled for a hearing in the Senate Judiciary Committee on 10 March 1987.

Northrop believes this legislation reflects more appropriate definitions of computer crimes and is more comprehensive than current statutes. Passage of SB 255 would be beneficial to the private and public sectors in the deterrence and prosecution of crimes in this area.

Your leadership in carrying this legislation is sincerely appreciated and we respectfully request your continued efforts in this endeavor.

Sincerely,

Kent Kresa

cc: Members of the
    Senate Judiciary Committee

LEGISLATIVE INTENT SERVICE   (800) 666-1917

BACKGROUND SHEET FOR THE SENATE JUDICIARY COMMITTEE
ON
SENATE BILL 255 (DAVIS)
LOS ANGELES COUNTY-SPONSORED

1.   WHO PROPOSED THIS MEASURE?

Organization: <u>Los Angeles County</u>       Phone: <u>441-7888</u>

Name to Contact: <u>M. Steven Zehner</u>

2.   WHY IS THERE A NEED FOR THIS BILL?

Background of Problem:

Under existing law, various criminal and civil sanctions are
imposed for the unlawful use of computers and data systems.
Private system operators and prosecutors believe enhanced
penalties and further standardization of definitions are
needed.

In 1984, an American Bar Association report on computer crime
estimated the annual loss to industry ranges between $145
million and $730 million.  This range is so broad because of
the difficulty in pinpointing the specific impact of computer
crime.

Computer crime is a major problem which becomes worse with
each technological advance.  The same improvements that make
information systems more flexible and useful also facilitate
illegitimate uses of computers and data systems.

California is a national leader in the area of information
systems, and we should make an all-out effort to protect this
important industry.

Description of Bill:

Senate Bill 255 (Davis) was developed by a task force com-
posed of experts from both the private industry and the cri-
minal justice community.  The bill broadens the application
of existing law by redefining such terms as "access," "com-
puter system," "computer network," "computer program," and
"data."  Moreover, SB 255 would define new terms such as
"computer services" and "supporting documentation."

Senate Bill 255 also provides for increased penalties for
computer-related crimes such as fraud, data theft, tampering
with systems and publishing access codes.  These offenses,
which are now misdemeanors, would become "wobblers," alter-
native felonies/misdemeanors.

Finally, SB 255 would provide for the forfeiture of materials
and equipment used in the commission of this crime.



LEGISLATIVE INTENT SERVICE    (800) 666-1917

SP - 32b

Background Sheet on SB 255 (Davis)                    Page 2

How would this bill help resolve this problem:

Enactment of SB 255 would provide for uniform standards and
definitions of computers.  It will help to protect a major
industry in California as well as to give law enforcement the
necessary tools to act against those who seek to generate
illegal profits from information systems.

3.  HAS THERE BEEN RELATED LEGISLATION INTRODUCED IN THIS OR PAST
    SESSIONS?  IF SO, PLEASE LIST.

    Senate Bill 1786 (Davis) was introduced during the 1985-86
    Legislative Session.

    Senate votes on SB 1786 were as follows:

        Senate Judiciary:        6 ayes; 0 noes
        Senate Appropriations:   Senate Rule 28.8
        Senate Floor:            28 ayes; 1 noes

4.  WHO SUPPORT OR OPPOSES THIS MEASURE?

    Opposition:  There is no known opposition to SB 255.

    Support:     California Chamber of Commerce, California
                 Manufacturers Association, Equifax Corporation,
                 Rockwell Industries, Hughes Aircraft, Northrop
                 Corporation

SZ:DS1
SB255-WS

LEGISLATIVE INTENT SERVICE   (800) 666-1917

**California Bankers Association**
Established 1891

March 9, 1987

The Honorable Ed Davis
Vice Chairman, Senate Judiciary Committee
State Capitol, Room 2048
Sacramento, California  95814

    RE:  <u>**SENATE BILL 255, COMPUTER CRIME**</u>

Dear Senator Davis:

    The California Bankers Association supports your effort in
<u>SB 255</u> to deter the increase of computer crime.  We believe the
bill will be of significant benefit as more and more commercial
activity is carried out electronically.

               Sincerely,

          STANLEY M. WIEG
     SENIOR LEGISLATIVE COUNSEL

SMW:rw
cc: Senator Bill Lockyer, Chairman,
    Senate Judiciary Committee
    Theresa Taylor, Consultant
    Norm Jay

SB255.LTR



LEGISLATIVE INTENT SERVICE  (800) 666-1917

# NORTHROP

600D-87-013

Information Resource Management

9 March 1987

Teresa Taylor
Senate Judiciary Committee
Room 2187
State Capitol
Sacramento, CA  95814

Dear Ms. Taylor:

 I  would  like  to  express  my  support for SB255, "Comprehensive
Computer Data Access and Fraud Act".  We have  made  a  substantial
effort  in  maintaining  the  security of Northrop data, and we feel
that this bill, if enacted into law, would be a valuable  tool  for
us.

If  we  can  be  of  any  help,  please  call  me.   Also, we would
appreciate being included in any mailing list for  updates  on  the
status of the bill.

NORTHROP CORPORATION

E.F. Dudek
Director, Corporate Information
Resource Security
(213) 970-4779

LEGISLATIVE INTENT SERVICE     (800) 666-1917

SP - 35b

<u>MEMORANDUM</u>

TO:            STEVE ZEHNER

FROM:          STEPHEN PLAFKER,
               Deputy District Attorney

SUBJECT:       Comprehensive Computer Data Access and Fraud Act
               (S.B. 255)
               New $5,000 Minimum to Raise to Felony

DATE:          March 11, 1987


    I suggest the following language to implement our agreement to
have a $5,000 floor on the cost of a victim's efforts before they
raise an infraction or misdemeanor to a felony. <u>Please make sure</u>
that everyone understands that a small amount of victim expenditure
will still raise the infraction to a misdemeanor.

    1. Define a new term, "victim expenditure", to mean "any
expenditure reasonably and necessarily incurred by the owner or
lessee to verify that a computer system, computer network, computer
program, or data was or was not altered, deleted, damaged, or
destroyed by the access." Remove the corresponding language from the
definition of injury.

    2. Add "in a victim expenditure in an amount greater than
$5,000 or" between the words "results" and "in" and add the words
"in any amount" between the words "injury" and "or" in
Subsection (d)(2)(B);

    3. Replace Subsection (d)(3)(B) by the following: "For any
violation which results in victim expenditure in an amount not
exceeding $5,000 or in injury in any amount by a fine not exceeding
five thousand dollars ($5,000), or by imprisonment in the county
jail not exceeding one year, or by both such fine and imprisonment";

    4. Renumber the present Subsection (d)(3)(B) as
Subsection (d)(3)(C) and add "in a victim expenditure in an amount
greater than $5,000 or" between the words "results" and "in" and "in
any amount" between "injury" and "or".

(800) 666-1917    LEGISLATIVE INTENT SERVICE

SP - 36b

March 13, 1987

Honorable Bill Lockyer, Chairman
Senate Judiciary Committee
State Capitol – Room 2032
Sacramento, CA 95814

SUBJECT:  Proposed Computer Crime Legislation (SB255)

Dear Senator Lockyer:

As the Data Security Officer for a major bank, I support the proposed
Computer Crime Legislation you will be introducing in this legislative
session.

This proposed legislation, sponsored by the Los Angeles County Board
of Supervisors and their Computer Crime Task Force reflects more
appropriate definitions and is more comprehensive than the current
statutes.  I believe that passage of this proposed legislation would be
beneficial to the private and public sectors in the deterrence and
prosecution of computer crime.

The proliferation of computer technology and the ever increasing
reliance on public and private agencies in the utilization of this
technology has the potential of impacting each individual.  Therefore,
it is critical that the legislature provide the most appropriate
mechanism for prosecuting those who commit computer crime.  I believe
this proposed legislation achieves this objective.

As a security practitioner, and an active member of the Information
Systems Security Association, I appreciate your leadership in carrying
this legislation and respectfully request your continued efforts in
this endeavor.

Very truly yours,

James W. Statton
Data Security Officer

JWS:mm

LEGISLATIVE INTENT SERVICE   (800) 666-1917

SP - 37b

13220
RECORD #     40 BF:

MAR 30 1987     87089 13:32
BN 87 008533   PAGE NO.    1

**Substantive**

AMENDMENTS TO SENATE BILL NO. 255
AS AMENDED IN SENATE MARCH 24, 1987

### Amendment 1
On page 4, line 20, strike out "or deceive" and insert:

, deceive, or extort

### Amendment 2
On page 5, line 26, after "injury" insert:

, or if the value of the computer services used exceeds four hundred dollars ($400)

### Amendment 3
On page 5, line 40, strike out "not exceeding" and insert:

greater than

### Amendment 4
On page 7, line 6, after "conviction" insert:

or the sustaining of a petition by the juvenile court

### Amendment 5
On page 7, line 6, after the second "a" insert:

misdemeanor or felony

### Amendment 6
On page 7, line 11, strike out "or controlled"

### Amendment 7
On page 7, line 12, after "convicted" insert:

or adjudicated

### Amendment 8
On page 7, line 12, strike out "or controlled"

### Amendment 9
On page 7, line 19, after "convicted" insert:

or adjudicated

- 0 -



LEGISLATIVE INTENT SERVICE    (800) 666-1917

SP - 38b



**AMERICAN CIVIL LIBERTIES UNION**
**CALIFORNIA LEGISLATIVE OFFICE**
1127 11th Street, Suite 605 ☐
Sacramento, California 95814
Telephone (916) 442-1036 ☐

June 1, 1987

Hon. David Roberti
State Capitol Building
Sacramento, California  95814

Re: SCR 45 - Support

Dear Senator Roberti:

The ACLU is pleased to inform you of our support for SCR 45
concerning the constitutional rights of persons with
developmental disabilities.

The In re Hop decisions properly held that those persons with
developmental disabilities who lack the mental capacity to
protest a placement or to petition for placement in a less
restrictive environment have been involuntarily committed to such
facilities.  The rights of these persons to have a judicial
review of the appropriateness of such placements is consistent
with other interpretations of the due process and equal
protection law.  In recognizing these principles we concur with
the intent of this resolution which is to accomodate these rights
and fundamental interests for persons with developmentally
disabling conditions in a prompt and efficacious manner.  The
importance of such action is not only that it furthers the rights
of persons with disabling conditions to be treated in a manner
similar to other persons and to live as independently as
possible, but that it also reaffirms the broad nature of
constitutional protections for all persons.

If we may be of further assistance to you in this matter please
contact our office.

Sincerely,

MARJORIE C. SWARTZ
Legislative Advocate

DAPHNE L. MACKLIN
Legislative Advocate

cc: Members and Consultant, Senate Judiciary Committee

Daphne L Macklin Legislative Advocate • Marjorie C Swartz, Legislative Advocate • Rita M Egan Legislative Assistant
ACLU of Northern California • Dorothy M Ehrlich Executive Director   ACLU of Southern California • Ramona Ripston Executive Director
1663 Mission Street  Suite 460•San Francisco  94103•(415)621-2493   633 South Shatto Place • Los Angeles, 90005 • (

SP - 39b



**AMERICAN CIVIL LIBERTIES UNION**
**CALIFORNIA LEGISLATIVE OFFICE**
1127 11th Street, Suite 605 □
Sacramento, California 95814
Telephone (916) 442-1036 □

June 1, 1987

Hon. David Roberti
State Capitol Building
Sacramento, California 95814

Re: SCR 45 - Support

Dear Senator Roberti:

The ACLU is pleased to inform you of our support for SCR 45
concerning the constitutional rights of persons with
developmental disabilities.

The In re Hop decisions properly held that those persons with
developmental disabilities who lack the mental capacity to
protest a placement or to petition for placement in a less
restrictive environment have been involuntarily committed to such
facilities.  The rights of these persons to have a judicial
review of the appropriateness of such placements is consistent
with other interpretations of the due process and equal
protection law.  In recognizing these principles we concur with
the intent of this resolution which is to accomodate these rights
and fundamental interests for persons with developmentally
disabling conditions in a prompt and efficacious manner.  The
importance of such action is not only that it furthers the rights
of persons with disabling conditions to be treated in a manner
similar to other persons and to live as independently as
possible, but that it also reaffirms the broad nature of
constitutional protections for all persons.

If we may be of further assistance to you in this matter please
contact our office.

Sincerely,

MARJORIE C. SWARTZ
Legislative Advocate

DAPHNE L. MACKLIN
Legislative Advocate

cc: Members and Consultant, Senate Judiciary Committee

Daphne L Macklin  Legislative Advocate • Marjorie C Swartz, Legislative Advocate • Rita M. Egn, Legislative Assistant
ACLU of Northern California • Dorothy M Ehrlich, Executive Director   ACLU of Southern California • Ramona Ripston
1663 Mission Street  Suite 460•San Francisco  94103•(415)621-2493     633 South Shatto Place • Los Angeles, 90005     SP - 40b

LEGISLATIVE INTENT SERVICE    (800) 666-1917

Legislative Analyst
August 22, 1987

ANALYSIS OF SENATE BILL NO. 255 (Davis)
As Amended in Assembly August 18, 1987
1987-88 Session

Fiscal Effect:

Cost:       Unknown General Fund costs for
            additional commitments to state
            prison.

Revenue:    Unknown revenue to local governments
            and certain state special funds from
            increased fines and penalty
            assessments.

Analysis:

   This bill repeals various provisions of existing
law which define various crimes involving the unlawful
use of computers, and enacts the Comprehensive Computer
Data Access and Fraud Act.  This act would redefine
various computer terminology and create new crimes
involving the unlawful use of computers.

   Specifically, the bill would make it a public
offense to knowingly and without permission, except as
specified, do any of the following:

     o   Access, damage or use any computer or
         computer system to defraud or obtain money
         under false pretenses,

     o   Take or copy any data whether existing or
         residing internal or external to a computer
         system,



SB 255 (Am. 8/18/87)

LEGISLATIVE INTENT SERVICE     (800) 666-1917

SB 255--contd                    -2-

- Access or destroy any data to a computer
  system, and

- Access, disrupt, or deny computer services to
  an authorized user.

These crimes would be punishable by a fine of up
to $10,000, imprisonment in state prison for 16 months,
2 or 3 years, or by both that fine and imprisonment; or
by a fine of up to $5,000, imprisonment in a county
jail for up to 1 year, or by both that fine and
imprisonment.

The bill would further make it a public offense
to knowingly and without permission, use or cause to be
used, any computer services, and would make it a crime
to knowingly and without permission (1) assist in the
unauthorized access of a computer or (2) access any
computer or computer system.  The measure establishes
various penalties for these offenses, with increased
penalties under specified circumstances.

The bill indicates that the criminal provisions
listed above would not apply to any person who accesses
an employer's computer system within the scope of his
or her lawful employment.

The measure further permits the owner of a
computer system which is unlawfully accessed or
damaged, as specified, to bring civil action for
compensatory damages.  In addition, the bill provides
for the seizure under warrant or incident to a lawful
arrest, of any computer or computer-related item, as
specified.



LEGISLATIVE INTENT SERVICE   (800) 666-1917

SB 255--contd                    -3-

## Fiscal Effect

The bill would increase General Fund costs by an
unknown amount to the extent that additional persons
are sentenced to state prison under its provisions.
The Department of Corrections has not yet completed its
analysis of this measure.  However, last year the
department advised that less than five persons were
sentenced for violations of existing criminal
provisions related to the unlawful use of computers in
1984.

To the extent that additional fines are imposed
under the bill, local governments and certain state
special funds would receive additional revenues from
fines and penalty assessments.

Mandated Local Program.  The bill would result
in unknown local law enforcement and incarceration
costs.  The bill contains a crimes and infractions
disclaimer.

41/s4



(800) 666-1917    LEGISLATIVE INTENT SERVICE

| | | | |
|---|---|---|---|
| Honorable Ed Davis | DEPARTMENT | AUTHOR | BILL NUMBER |
| Member of the Senate | Finance | Davis | SB 255 |
| State Capitol, Room 2048 | | | |
| Sacramento, CA 95814 | SPONSORED BY | RELATED BILLS | LAST AMENDED |
| | | | March 30, 1987 |

**BILL SUMMARY**
This bill recasts the existing computer crime legislation and expands the scope of the prohibited activity.  In addition to civil actions, the bill provides for the confiscation of equipment if convicted.

**SUMMARY OF COMMENTS**

No adverse comments

**FISCAL SUMMARY--STATE LEVEL**

| Code/Department Agency or Revenue Type | SO | (Fiscal Impact by Fiscal Year) | | Code |
|---|---|---|---|---|
| | LA | (Dollars in Thousands) | | |
| | CO | | | |
| | RV  FC  1987-88  FC  1988-89  FC 1989-90 | | | Fund |

No fiscal impact.

**ANALYSIS**

A. Specific Findings

  (C) Any person who commits any of the following is guilty of a public offense:

    Knowingly and without permission...
      (1) alters damages, destroys, or otherwise  uses data to either (A) devise or execute  any scheme to defraud, deceive or extort, or (B) wrongfully control or obtain money, property, data or services.
                (continued)

**POSITION**                                    Department Director        Date

  SUPPORT

| | | |
|---|---|---|
| Principal Analyst  Date | Dir. Ofc. Inf. Tech.   Date | Governor's Office |
| (83) Joe Pujals  3-31-87 | Steve E. Kolodney | Position noted |
| | | Position approved |
| | | Position disapproved |
| | | by:        date: |

<u>BILL ANALYSIS</u>                                    FORM DF-43  (REV 3/86 500 BU

(800) 666-1917   LEGISLATIVE INTENT SERVICE





SF1

BILL ANALYSIS (continued)                              FORM DF-43

| AUTHOR | AMENDMENT DATE | BILL NUMBER |
|--------|----------------|-------------|
| Davis  | March 30, 1987 | SB 255      |

ANALYSIS (cont'd)

    (2) takes copies, or makes use of any data from a computer, or copies any supporting documentation external or residing in a computer.

    (3) uses or causes to be used computer services.

    (4) adds, alters, damages,deletes or destroys any data computer program or software.

    (5) disrupts or causes the disruption of computer services or denies or causes the denial of computer services.

    (6) provides or assists in providing a means of accessing a computer, in violation of this section.

    (7) accesses or causes to be accessed any computer.

(d) The various offenses are punishable by fines ranging from $250 to $10,000 and/or one year to three years in prison.

(e)   (1) In addition to any other civil remedy the owner or lessee of a computer may request compensatory damages including any reasonable cost necessary to verify that the data, programs or computing system was not altered, damaged or deleted. The conduct of an unemancipated minor shall be imputed to the parent or legal guardian.

    (2) In any action the court may award attorney's fees to the prevailing party.

(f)   This bill will not preclude the applicability of any other law.

(g)   This bill is effective after January 1, 1988 and is not retroactive.

(h)   The bill provides for confiscation of computing equipment, programs or other devices used in the commission of a public offense. Following a hearing to determine ownership, seized equipment may be used by the county or distributed to public or nonprofit corporation as may be deemed appropriate by the court.

B.  Fiscal Analysis

    This bill would authorize the sheriff of a county, if ordered by the court, to destroy as contraband or distribute to any public entity or nonprofit corporation, any computer or computer system or device which has been seized under a warrant or incident to a lawful arrest under the proposed provisions.



(800) 666-1917

LEGISLATIVE INTENT SERVICE



SF2

BILL ANALYSIS (continued)                                    FORM DF-43

| AUTHOR | AMENDMENT DATE | BILL NUMBER |
|--------|----------------|-------------|
| Davis | March 30, 1987 | SB 255 |

ANALYSIS (cont'd)

This bill contains a crime and infractions disclaimer with the following exception, that if the Commission on State Mandates determines that this act contains other cost mandated by the state.

- The authority to confiscate equipment, and any cost incurred, could be interpreted to be a State Mandate.  Although the bill would permit the confiscation of computing equipment it does not mandate confiscation.  The decision to confiscate or not is left to local courts.  Any costs, incurred in the destruction of equipment by the sheriff, are generated by local courts acting at their own discretion.  To avoid confusion on this issue the bill should be amended.

(800) 666-1917    LEGISLATIVE INTENT SERVICE

SF3

Delete lines 34 through 40 on page 7.

Delete page 8.

LEGISLATIVE INTENT SERVICE    (800) 666-1917



| | NO. | ISSUE DATE | BILL NUMBER |
|---|---|---|---|
| Local Cost | 1 | MAR 5 0 1987 | SB 255 |
| E S T I M A T E | AUTHOR | | DATE LAST AMENDED |
| Department of Finance | Davis | | March 24, 1987 |

## I. SUMMARY OF LOCAL IMPACT:

Recasts and expands provisions prohibiting certain unlawful activities with regard to computers and computer systems.

## II. FISCAL SUMMARY--LOCAL LEVEL

| | 1986-87 | 1987-88 | 1988-89 |
|---|---|---|---|
| | | (Dollars in Thousands) | |
| Reimbursable Expenditures: | -- | -- | -- |
| Non-Reimbursable Expenditures: | -- | -- | -- |
| Revenues: | -- | -- | -- |

## III. ANALYSIS:

Existing law provides that it is unlawful to engage in specified activities with regard to computers and computer systems. This bill would expand and recast the provisions of that law and would provide that a violation of the provisions is punishable by imprisonment in the county jail or State prison, or by a fine.

Under Section 6(b) of Article XIII B of the California Constitution, any costs to a unit of local government which result from legislation defining a new crime or changing an existing definition of a crime are not "state mandated costs" and therefore are not reimbursable by the State. In addition, Section 17556(a)7 of the Government Code prohibits the Commission on State Mandates from considering any claims for reimbursement of costs from a local entity based on such legislation or on legislation which eliminated a crime or changed the penalty for a crime. It should be noted, however, that Section 2246.2 of the Revenue and Taxation Code requires that funding be included in the Governor's Budget to reimburse local entities for one-half of any additional detention and probation costs in excess of 1 percent of such costs in the preceding year incurred as the result of a bill which increased the penalty for a crime. Any local entity which believes that this bill falls within the purview of these provisions may, as provided by law, file a written request for these funds with the Department of Finance.

This bill would also authorize the sheriff of a county, if ordered by the court, to destroy as contraband or distribute to any other public entity or nonprofit corporation, any computer or computer system or device which has been seized under a warrant or incident to a lawful arrest under the proposed provisions.

(continued)



LEGISLATIVE INTENT SERVICE   (800) 666-1917



| PREPARED (653) | Date 3·3·87 | * REVIEWED | Date 3/30/87 | * APPROVED | Date 3/30/87 |
|---|---|---|---|---|---|

LR:0280L/1

SF5

| AUTHOR | DATE LAST AMENDED | BILL NUMBER |
|---|---|---|
| Davis | March 24, 1987 | SB 255 |

III.  ANALYSIS (continued)

Any costs incurred in the destruction or distribution of computers by
the sheriff are generated by court order, an order which is only
authorized, not mandated by SB 255.  It becomes important to determine
whether the judge of the court is acting as a local official or as a
State official.  We are aware of no statutory or case law which provides
a precise answer to that question.  Because a judge appears to have
stronger linkages to local government than to State government (e.g.,
payment of costs, locally elected, etc.), we believe that, when acting
on matters such as those allowed by SB 255, the judge is acting as a
local official.  The authorized court order is clearly not mandated by
the State but is a matter of local discretion.

Section 4 of the bill, in addition to the "crimes and infractions"
disclaimer in the first paragraph, also specifies in the second
paragraph that reimbursement of costs mandated by the State in this bill
shall be made from the State Mandates Claims Fund.  We contend that this
is not appropriate as any costs which may be incurred are not
reimbursable because they are either generated by a discrete locally
controlled action or are a result of the creation of or change in
definition of a crime or infraction.  A "crimes and infractions"
disclaimer alone would be appropriate.

LR:0280L-2



LEGISLATIVE INTENT SERVICE          (800) 666-1917

SF 6

SENATE COMMITTEE ON JUDICIARY
Bill Lockyer, Chairman
1987-88 Regular Session

SB 255 (Davis)
As introduced
Penal Code
TDT

S
B

2
5
5

## COMPUTER CRIME

### HISTORY

Source:   Los Angeles County Board of Supervisors

Prior Legislation:   SB 1786 (1986) - Died in
                     Assembly Judiciary
                     AB 2551 (1983) - Chaptered

Support:   Union Bank, Security Pacific National
           Bank, Information Systems Security
           Association, Southern California Gas
           Company, California Bankers
           Association, Hughes Aircraft, Santa
           Cruz County Board of Supervisors,
           Northrop Corporation, Los Angeles
           County Sheriff, Attorney General,
           Equifax Inc., Los Angeles County
           District Attorney

Opposition:   No known

### KEY ISSUE

SHOULD A COMPREHENSIVE COMPUTER DATA ACCESS AND
FRAUD ACT BE ADOPTED WHICH WOULD REDEFINE A NUMBER
OF COMPUTER TERMS, ESTABLISH SEVEN SPECIFIC
CRIMES, PROVIDE FOR COMPENSATORY DAMAGES AS CIVIL
REMEDIES AND PERMIT SEIZURE OF PRIVATE COMPUTER
EQUIPMENT?

(More)

SF - 1b

**SB** 255 (Davis)
**Page** 2

### PURPOSE

Existing law makes it a crime, punishable by
imprisonment and fines which in no case may exceed
$10,000, for any person to, among other things,
access a computer system or network: 1)
intentionally in order to defraud or extort; 2)
maliciou y; or 3) intentionally and without
authorization, with the knowledge that the access
was unauthorized.

This bill would repeal and then rewrite Penal Code
Section 502.  It would broaden existing
definitions, expand the scope of prohibited
computer related activity, and restructure fines
and imprisonment penalties for violations.

It would reenact civil remedy provisions and add a
new penalty of seizure of computer equipment used
in committing violations of the act.  Finally, it
would set forth the legislative intent of this
bill.

The purpose of the bill is to clarify and broaden
existing law, as well as provide increased
penalties commensurate with the gravity of the
offense.

### COMMENT

1.  Background

    This bill was developed by the Computer Crime
    Task Force, which is a subcommittee of the Los
    Angeles County Criminal Justice Coordinating
    Committee.  The Task Force is composed of 16
    members including representatives from law
    enforcement, district attorney offices, the

(More)

SF - 2b

SB 255 (Davis)
Page 3

U.S. Attorney's office, and private industry,
including banks, accounting firms and big
business.  No representatives of the defense
bar are on the Task Force.  The primary duty
of the task force is to develop a Model
Computer Crime Act; and, in so doing, it
created a bill which it believes would meet
the specific computer crime problems in
California.

2.  Standardization of definitions

This bill would broaden the application of
existing law by redefining terms that are used
in existing law, such as "access", "computer
system", "computer network", "computer
program" and "data".  It would also define new
terms, such as "computer services" and
"supporting documentation".

The task force believes that it is necessary
to provide standard definitions in order to
insure higher conviction rates.  Proponents
believe that the new definitions would be
broader, and would be directed more to
computer users than lawyers but would be
acceptable to both the business and legal
communities.

3.  New crimes

This bill would create seven new crimes
involving computers.  Any person who did any
of the following acts, if the act was not
within the course and scope of employment,
would be guilty of a crime:

(More)

SB 255 (Davis)
Page 4

a) Knowingly accesses and without permission
   alters, damages, deletes, destroys, or
   otherwise uses any data, computer, computer
   system, or computer network in order to
   either (A) devise or execute any scheme or
   artifice to defraud or deceive, or (B)
   wrongfully control or obtain money,
   property, data, or services.

b) Knowingly accesses and without permission
   takes, copies, or makes use of any data
   from a computer, computer system, or
   computer network, or takes or copies any
   supporting documentation, whether existing
   or residing internal or external to a
   computer, computer system, or computer
   network.

c) Knowingly and without permission uses or
   causes to be used computer services.

d) Knowingly accesses and without permission
   adds, alters, damages, deletes, or destroys
   any data, computer software, or computer
   programs which reside or exist internal or
   external to a computer, computer system, or
   computer network.

e) Knowingly and without permission disrupts
   or causes the disruption of computer
   services or denies or causes the denial of
   computer services to an authorized user of
   a computer, computer system, or computer
   network.

f) Knowingly and without permission provides
   or assists in providing a means of
   accessing a computer, computer system, or

                                          (More)

SF - 4b

**SB** 255 (Davis)
**Page** 5

computer network in violation of this
section.

g) Knowingly and without permission accesses
or causes to be accessed any computer,
computer system, or computer network.

4. Penalties

Existing penalties for maliciously or
intentionally accessing a computer system or
network in order to defraud or extort is
punishable by imprisonment and a fine which in
no case may exceed $10,000. Intentionally
accessing a computer system or network without
authorization when no injury results, is an
infraction punishable by a fine not exceeding
$250. If injury results, or if it is a second
offense, the fine could be imposed not to
exceed $5,000 and/or imprisonment in county
jail not exceeding one year.

This bill would increase the penalties as
follows:

a. Access (Hacking)

1) A first offense or an offense where no
injury occurs would remain an infraction
punishable by a fine of up to $250.

2) Repeated access or access resulting in
injury would be punishable as a wobbler,
by a fine of $10,000 maximum or
imprisonment in state prison for 16 months
or 2 or 3 years or both, or a fine of
$5,000 maximum or 1 year in county jail or
both.

(More)

SF - 5b

SB 255 (Davis)
Page 6

    b.  <u>Unauthorized use of computer services</u>

    1)  A first offense without injury where the
value of services used is $400 or less,
would be punishable by a fine of up to
$5,000 or one year in county jail or both.

    2)  Subsequent offenses or violations causing
injury would be subject to the same
felony/misdemeanor punishment as repeat
access or access with injury.

    c.  <u>Remaining computer crimes</u>

       All the remaining computer crimes
including altering, data theft, tampering
with systems, publishing access codes,
disrupting, or committing fraud or theft
via computer, whether a first or
subsequent offense, would be subject to
the same felony/misdemeanor punishment as
repeat access or access with injury.

5.  <u>Civil penalties</u>

    In addition to any other available civil
remedies, the owner or lessee of the computer
would be permitted to bring a civil action
against any person convicted of any of the
enumerated crimes for compensatory damages.
Actions of an unemancipated minor would be
imputed to the parent or legal guardian having
control or custody of the minor.  The court
would be authorized to award reasonable
attorney's fees to a prevailing party.

(More)

SF - 6b

**SB 255 (Davis)**
**Page 7**

6.   Intent not required

Under existing law, the criminal conduct must
be "intentional" or "malicious".  This bill
would establish a new standard that the
conduct be "knowingly and without permission".
Proponents claim that this new standard would
make these crimes "general intent" crimes,
which would be easier for the public to
understand and authorities to enforce.

One effect of this change would be to make
such acts as unintentional and inadvertent
alteration of data by an employee using a
computer for a personal project without
permission, subject to a state prison term.

7.   Felony penalty for first time access

Under this bill, unauthorized access which
caused injury would be punishable as a felony
or misdemeanor.  Because injury is so broadly
defined, all first time hackers could be found
guilty of a felony.

8.   Injury broadly defined

Injury is defined to include not only damage
or destruction to the computer and its data
but also "any expenditure reasonably and
necessarily incurred by the owner or lessee to
verify that a computer system...or data was or
was not altered, deleted, damaged or destroyed
by the access."  Thus, the fact that a
computer owner incurs some costs to insure
that a computer was not altered would trigger
a state prison felony penalty even if the
offense involved was first time access by a

(More)

SF - 7b

SB 255 (Davis)
Page 8

hacker.  Arguably such verification would be
necessary whenever unauthorized access occurs,
thus every first offense without damage could
be a felony.

9.  Employee misuse

Under this bill, an employee who used a
computer more than once for such personal
projects as preparing a personal letter,
maintaining a mailing list or recipe list,
accessing computer data to use in a term
paper, or sending computer messages to other
employees, could be guilty of a felony, even
if the use occurred after work and caused no
injury.  On the other hand, an employee who
uses the employer's computer system or data
within the scope of employment would not be
violating the statute.

10. Confiscation of property

This bill would authorize law enforcement
officers to seize, under warrant or without
warrant incident to a lawful arrest, any
computer, computer system, computer program,
instrument, apparatus, device, plans,
instruction, or written publication used in
the commission of any crime established under
this Act.  After conviction and a hearing to
determine property rights, the seized computer
equipment, if owned or controlled by the
person so convicted, or owned or controlled by
a person or entity that knowingly allowed the
use of the seized item in the commission of
any computer crime prohibited by this bill,
could be destroyed as contraband by the
sheriff of the county in which the person was

(More)

SF - 8b

SB 255 (Davis)
Page 9

convicted, or given to the county for its use
or for donation to any other public entity or
nonprofit corporation.

This provision of the bill would allow
confiscation and destruction of a costly
computer system owned by another as a penalty
for a first time access which caused no injury
and which may be disposed of as an infraction
or misdemeanor.

It could be argued that the seizure of
computers used for these offenses might
unjustly affect other innocent persons who
have a property interest in these computers.

\*\*\*\*\*\*\*\*\*\*

SF - 9b

| Honorable Ed Davis<br>Member of the Senate<br>State Capitol, Room 2048<br>Sacramento, CA 95814 | DEPARTMENT<br>Finance | AUTHOR<br>Davis | BILL NUMBER<br>SB 255 |
|---|---|---|---|
| | SPONSORED BY | RELATED BILLS | LAST AMENDED<br>March 30, 1987 |

## BILL SUMMARY

This bill recasts the existing computer crime legislation and expands the scope of the prohibited activity.  In addition to civil actions, the bill provides for the confiscation of equipment if convicted.

## SUMMARY OF COMMENTS

No adverse comments

## FISCAL SUMMARY--STATE LEVEL

| | SO | (Fiscal Impact by Fiscal Year) | | | |
|---|---|---|---|---|---|
| Code/Department | LA | (Dollars in Thousands) | | | |
| Agency or Revenue | CO | | | | Code |
| Type | RV | FC  1987-88 | FC  1988-89 | FC 1989-90 | Fund |

No fiscal impact.

## ANALYSIS

A. Specific Findings

   (C) Any person who commits any of the following is guilty of a public offense:

      Knowingly and without permission...
         (1) alters damages, destroys, or otherwise  uses data to either (A) devise or execute  any scheme to defraud, deceive or extort, or (B) wrongfully control or obtain money, property, data or services.
                  (continued)

| POSITION | Department Director | Date |
|---|---|---|
| SUPPORT | | |

| Principal Analyst  Date<br>(83) Joe Rujals | Dir. Ofc. Inf. Tech.  Date<br>Steve E. Kolodney | Governor's Office<br>Position noted<br>Position approved<br>Position disapproved<br>by:       date: |
|---|---|---|
| 3-31-87 | 4/1/87 | |

BILL ANALYSIS                                    FORM DF-43 (REV 3/86 500 BU

LEGISLATIVE INTENT SERVICE   (800) 666-1917

SF - 10b

**BILL ANALYSIS** (continued) (2)                                    **FORM DF-43**

| AUTHOR | AMENDMENT DATE | BILL NUMBER |
|--------|----------------|-------------|
| **Davis** | **March 30, 1987** | **SB 255** |

**ANALYSIS** (cont'd)

      (2) takes copies, or  makes use of any data from a computer, or copies any supporting documentation external or residing in a computer.

      (3) uses or causes to be used computer services.

      (4) adds, alters, damages,deletes or destroys any data computer program or software.

      (5) disrupts or causes the disruption of computer services or denies or causes the denial of computer services.

      (6) provides or assists in providing a means of accessing a computer, in violation of this section.

      (7) accesses or causes to be accessed any computer.

  (d) The various offenses are punishable by fines ranging from $250 to $10,000 and/or one year to three years in prison.

    (e)  (1) In addition to any other civil remedy the owner or lessee of a computer may request compensatory damages including any reasonable cost necessary to verify that the data, programs or computing system was not altered, damaged or deleted.  The conduct of an unemancipated minor shall be imputed to the parent or legal guardian.

        (2) In any action the court may award attorney's fees to the prevailing party.

    (f)  This bill will not preclude the applicability of any other law.

    (g)  This bill is effective after January 1, 1988 and is not retroactive.

    (h)  The bill provides for confiscation of computing equipment, programs or other devices used in the commission of a public offense.  Following a hearing to determine ownership, seized equipment may be used by the county or distributed to public or nonprofit corporation as may be deemed appropriate by the court.

  B.  **Fiscal Analysis**

    This bill would authorize the sheriff of a county, if ordered by the court, to destroy as contraband or distribute to any public entity or nonprofit corporation, any computer or computer system or device which has been seized under a warrant or incident to a lawful arrest under the proposed provisions.

(800) 666-1917

LEGISLATIVE INTENT SERVICE

SF - 11b

**BILL ANALYSIS** (continued)                                    FORM DF-43

| AUTHOR | AMENDMENT DATE | BILL NUMBER |
|--------|----------------|-------------|
| Davis  | March 30, 1987 | SB 255      |

**ANALYSIS (cont'd)**

This bill contains a crime and infractions disclaimer with the following exception, that if the Commission on State Mandates determines that this act contains other cost mandated by the state.

- The authority to confiscate equipment, and any cost incurred, could be interpreted to be a State Mandate. Although the bill would permit the confiscation of computing equipment it does not mandate confiscation. The decision to confiscate or not is left to local courts. Any costs, incurred in the destruction of equipment by the sheriff, are generated by local courts acting at their own discretion. To avoid confusion on this issue the bill should be amended.

(800) 666-1917

LEGISLATIVE INTENT SERVICE

SF - 12b

Delete lines 34 through 40 on page 7.

Delete page 8.

(800) 666-1917

LEGISLATIVE INTENT SERVICE

|  | NO. | ISSUE DATE | BILL NUMBER |
|---|---|---|---|
| Local Cost | 1 | MAR 3 0 1987 | SB 255 |
| E S T I M A T E | AUTHOR | | DATE LAST AMENDED |
| Department of Finance | Davis | | March 24, 1987 |

## I. SUMMARY OF LOCAL IMPACT:

Recasts and expands provisions prohibiting certain unlawful activities with regard to computers and computer systems.

## II. FISCAL SUMMARY--LOCAL LEVEL

|  | 1986-87 | 1987-88 | 1988-89 |
|---|---|---|---|
|  | | (Dollars in Thousands) | |
| Reimbursable Expenditures: | -- | -- | -- |
| Non-Reimbursable Expenditures: | -- | -- | -- |
| Revenues: | -- | -- | -- |

## III. ANALYSIS:

Existing law provides that it is unlawful to engage in specified activities with regard to computers and computer systems. This bill would expand and recast the provisions of that law and would provide that a violation of the provisions is punishable by imprisonment in the county jail or State prison, or by a fine.

Under Section 6(b) of Article XIII B of the California Constitution, any costs to a unit of local government which result from legislation defining a new crime or changing an existing definition of a crime are not "state mandated costs" and therefore are not reimbursable by the State. In addition, Section 17556(a)7 of the Government Code prohibits the Commission on State Mandates from considering any claims for reimbursement of costs from a local entity based on such legislation or on legislation which eliminated a crime or changed the penalty for a crime. It should be noted, however, that Section 2246.2 of the Revenue and Taxation Code requires that funding be included in the Governor's Budget to reimburse local entities for one-half of any additional detention and probation costs in excess of 1 percent of such costs in the preceding year incurred as the result of a bill which increased the penalty for a crime. Any local entity which believes that this bill falls within the purview of these provisions may, as provided by law, file a written request for these funds with the Department of Finance.

This bill would also authorize the sheriff of a county, if ordered by the court, to destroy as contraband or distribute to any other public entity or nonprofit corporation, any computer or computer system or device which has been seized under a warrant or incident to a lawful arrest under the proposed provisions.

(continued)

LEGISLATIVE INTENT SERVICE   (800) 666-1917

| PREPARED (653) | Date | * REVIEWED | Date | * APPROVED | Date |
|---|---|---|---|---|---|
| | 3-3-87 | | 3/30/87 | | 3/31 |

LR:0280L/1

SF - 14b

| AUTHOR | DATE LAST AMENDED | BILL NUMBER |
|---|---|---|
| Davis | March 24, 1987 | SB 255 |

III. ANALYSIS (continued)

Any costs incurred in the destruction or distribution of computers by the sheriff are generated by court order, an order which is only authorized, not mandated by SB 255. It becomes important to determine whether the judge of the court is acting as a local official or as a State official. We are aware of no statutory or case law which provides a precise answer to that question. Because a judge appears to have stronger linkages to local government than to State government (e.g., payment of costs, locally elected, etc.), we believe that, when acting on matters such as those allowed by SB 255, the judge is acting as a local official. The authorized court order is clearly not mandated by the State but is a matter of local discretion.

Section 4 of the bill, in addition to the "crimes and infractions" disclaimer in the first paragraph, also specifies in the second paragraph that reimbursement of costs mandated by the State in this bill shall be made from the State Mandates Claims Fund. We contend that this is not appropriate as any costs which may be incurred are not reimbursable because they are either generated by a discrete locally controlled action or are a result of the creation of or change in definition of a crime or infraction. A "crimes and infractions" disclaimer alone would be appropriate.

LR:0280L-2





LEGISLATIVE INTENT SERVICE   (800) 666-1917

Ed Davis

```
13220                          MAR 30 1987        87089 13:32
RECORD #      40 BF:           RN  87 008533   PAGE NO.    1
```

Substantive

AMENDMENTS TO SENATE BILL NO. 255
AS AMENDED IN SENATE MARCH 24, 1987

### Amendment 1
On page 4, line 20, strike out "or deceive" and insert:

, deceive, or extort

### Amendment 2
On page 5, line 26, after "injury" insert:

, or if the value of the computer services used exceeds four hundred dollars ($400)

### Amendment 3
On page 5, line 40, strike out "not exceeding" and insert:

greater than

### Amendment 4
On page 7, line 6, after "conviction" insert:

or the sustaining of a petition by the juvenile court

### Amendment 5
On page 7, line 6, after the second "a" insert:

misdemeanor or felony

### Amendment 6
On page 7, line 11, strike out "or controlled"

### Amendment 7
On page 7, line 12, after "convicted" insert:

or adjudicated

### Amendment 8
On page 7, line 12, strike out "or controlled"

### Amendment 9
On page 7, line 19, after "convicted" insert:

or adjudicated

- 0 -



(800) 666-1917    LEGISLATIVE INTENT SERVICE

SF - 16b

Legislative Analyst
April 1, 1987

ANALYSIS OF SENATE BILL NO. 255 (Davis)
As Amended in Senate March 30, 1987
1987-88 Session

Fiscal Effect:

Cost:       Unknown General Fund costs for
            additional commitments to state
            prison.

Revenue:    Unknown revenue to local governments
            and certain state special funds from
            increased fines and penalty
            assessments.

Analysis:

This bill repeals various provisions of existing
law which define various crimes involving the unlawful
use of computers, and enacts the Comprehensive Computer
Data Access and Fraud Act.  This act would redefine
various computer terminology and create new crimes
involving the unlawful use of computers.

Specifically, the bill would make it a public
offense to knowingly and without permission, do any of
the following:

● Access, damage or use any computer or
   computer system to defraud or obtain money
   under false pretenses,

● Take or copy any data whether existing or
   residing internal or external to a computer
   system,

SB 255 (Am. 3/30/87)

SF - 17b

SB 255--contd                    -2-

- Access or destroy any data to a computer
  system, and

- Access, disrupt, or deny computer services to
  an authorized user.

These crimes would be punishable by a fine of up
to $10,000, imprisonment in state prison for 16 months,
2 or 3 years, or by both that fine and imprisonment; or
by a fine of up to $5,000, imprisonment in a county
jail for up to 1 year, or by both that fine and
imprisonment.

The bill would further make it a public offense
to knowingly and without permission, use or cause to be
used, any computer services, and would make it a crime
to knowingly and without permission (1) assist in the
unauthorized access of a computer or (2) access any
computer or computer system.  The measure establishes
various penalties for these offenses, with increased
penalties under specified circumstances.

The bill indicates that the criminal provisions
listed above would not apply to any person who accesses
an employer's computer system within the scope of his
or her employment.

The measure further permits the owner of a
computer system which is unlawfully accessed or
damaged, as specified, to bring civil action for
compensatory damages.  In addition, the bill provides
for the seizure under warrant or incident to a lawful
arrest, of any computer or computer-related item.  Any
items which are seized may be destroyed as contraband
or turned over to public or nonprofit entities, if a

SF - 18b

SB 255--contd          -3-

person is found by a criminal or juvenile court to have
committed a misdemeanor or felony violation of the
provisions specified above.

Fiscal Effect

The bill would increase General Fund costs by an
unknown amount to the extent that additional persons
are sentenced to state prison under its provisions.
The Department of Corrections has not yet completed its
analysis of this measure. However, last year the
department advised that less than five persons were
sentenced for violations of existing criminal
provisions related to the unlawful use of computers in
1984.

To the extent that additional fines are imposed
under the bill, local governments and certain state
special funds would receive additional revenues from
fines and penalty assessments.

Mandated Local Program. The bill would result
in unknown local law enforcement and incarceration
costs. The bill contains a crimes and infractions
disclaimer.

41/s4

THIRD READING

| **SENATE RULES COMMITTEE**<br><br>Office of<br>Senate Floor Analyses<br>1100 J Street, Suite 120<br>445-6614 | Bill No.   SB 255<br><br>Author:   Davis (R)<br><br>Amended:   3/30/87<br><br>Vote Required:   Majority |
| --- | --- |

Committee Votes:                                     Senate Floor Vote:



| COMMITTEE: JUDICIARY | | |
| --- | --- | --- |
| BILL NO.: SB 255 | | |
| DATE OF HEARING: 3-10-87 | | |
| SENATORS: | AYE | NO |
| Doolittle | ✓ | |
| Keene | | |
| Marks | ✓ | |
| Petris | | |
| Presley | ✓ | |
| Richardson | | |
| Roberti | ✓ | |
| Torres | ✓ | |
| Watson | | |
| Davis (VC) | ✓ | |
| Lockyer (Ch) | ✓ | |
| TOTAL: | 7 | 0 |

PLACED
ON FILE
PURSUANT
TO SENATE
RULE 28.8

Assembly Floor Vote:



(800) 666-1917

LEGISLATIVE INTENT SERVICE

**SUBJECT:**   Penal Code relating to crimes

**SOURCE:**   Los Angeles Board of Supervisors

**DIGEST:**   This bill recasts the existing computer crime legislation and expands the scope of the prohibited activity.  In addition to civil actions, the bill provides for the confiscation of equipment if convicted.

**ANALYSIS:**   Existing law makes it a crime, punishable by imprisonment and fines which in no case may exceed $10,000, for any person to, among other things, access a computer system or network: 1) intentionally in order to defraud or extort; 2) maliciously; or 3) intentionally and without authorization, with the knowledge that the access was unauthorized.

This bill would repeal and then rewrite Penal Code Section 502.  It would broaden existing definitions, expand the scope of prohibited computer related activity, and restructure fines and imprisonment penalties for violations.

It would reenact civil remedy provisions and add a new penalty of seizure of computer equipment used in committing violations of the act.  Finally, it would set forth the legislative intent of this bill.

According to the Senate Judiciary Committee analysis, the purpose of the bill is to clarify and broaden existing law, as well as provide increased penalties commensurate with the gravity of the offense.

**LIS - 7**

CONTINUED

This bill was developed by the Computer Crime Task Force, which is a subcommittee of the Los Angeles County Criminal Justice Coordinating Committee.  The Task Force is composed of 16 members including representatives from law enforcement, district attorney offices, the U.S. Attorney's office, and private industry, including banks, accounting firms and big business.  No representatives of the defense bar are on the Task Force.  The primary duty of the task force is to develop a Model Computer Crime Act; and, in so doing, it created a bill which it believes would meet the specific computer crime problems in California.

This bill would broaden the application of existing law by redefining terms that are used in existing law, such as "access", "computer system", "computer network", "computer program" and "data".  It would also define new terms, such as "computer services" and "supporting documentation".

The task force believes that it is necessary to provide standard definitions in order to insure higher conviction rates.  Proponents believe that the new definitions would be broader, and would be directed more to computer users than lawyers but would be acceptable to both the business and legal communities.

This bill would create seven new crimes involving computers.  Any person who did any of the following acts, if the act was not within the course and scope of employment, would be guilty of a crime:

1) Knowingly accesses and without permission alters, damages, deletes, destroys, or otherwise uses any data, computer, computer system, or computer network in order to either (A) devise or execute any scheme or artifice to defraud, deceive, or extort, or (B) wrongfully control or obtain money, property, data, or services.

2) Knowingly accesses and without permission takes, copies, or makes use of any data from a computer, computer system, or computer network, or takes or copies any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network.

3) Knowingly and without permission uses or causes to be used computer services.

4) Knowingly accesses and without permission adds, alters, damages, deletes, or destroys any data, computer software, or computer programs which reside or exist internal or external to a computer, computer system, or computer network.

5) Knowingly and without permission disrupts or causes the disruption of computer services or denies or causes the denial of computer services to an authorized user of a computer, computer system, or computer network.

6) Knowingly and without permission provides or assists in providing a means of accessing a computer, computer system, or computer network in violation of this section.

7) Knowingly and without permission accesses or causes to be accessed any computer, computer system, or computer network.

(800) 666-1917

LEGISLATIVE INTENT SERVICE

CONTINUED

Existing penalties for maliciously or intentionally accessing a computer
system or network in order to defraud or extort is punishable by imprisonment
and a fine which in no case may exceed $10,000.  Intentionally accessing a
computer system or network without authorization when no injury results, is an
infraction punishable by a fine not exceeding $250.  If injury results, or if
it is a second offense, the fine could be imposed not to exceed $5,000 and/or
imprisonment in county jail not exceeding one year.

The various offenses are punishable by fines ranging from $250 to $10,000
and/or one year to three years in prison.

1)   In addition to any other civil remedy the owner or lessee of a computer
     may request compensatory damages including any reasonable cost necessary
     to verify that the data, programs or computing system was not altered,
     damaged or deleted.  The conduct of an unemancipated minor shall be
     imputed to the parent or legal guardian.

2)   In any action the court may award attorney's fees to the prevailing party.

     This bill will not preclude the applicability of any other law.

     This bill is effective after January 1, 1988 and is not retroactive.

     The bill provides for confiscation of computing equipment, programs or
     other devices used in the commission of public offense, provided the
     offense was committed by the owner of the equipment or at his/her
     direction.  Following a hearing to determine ownership, seized equipment
     may be used by the county or distributed to public or nonprofit
     corporation as may be deemed appropriate by the court.

Prior Legislation

AB 2551 (1983) Committee on Economic Development and New Technology, passed
the Senate on 8/17/74, 33-0, (Page 13581), Chapter 949 of the Statutes of
1984.

SB 1786 (1986) Davis, passed the Senate on 5/22/86, 28-1, (Page 5850), voting
no: Keene, died in Assembly Judiciary.

**FISCAL EFFECT:**   Appropriation: No   Fiscal Committee: Yes   Local: Yes

No fiscal impact.  Contains SB 90 Crimes and Infraction language.

**SUPPORT:**  (Verified 4/2/87)

Union Bank
Security Pacific National Bank
Information Systems Security Association
Southern California Gas Company
California Bankers Association
Hughes Aircraft
Santa Cruz County Board of Supervisors
Northrop Corporation
Los Angeles County Sheriff

LEGISLATIVE INTENT SERVICE   (800) 666-1917

CONTINUED

Attorney General
Equifax Inc.,
Los Angeles County District Attorney
Department of Finance
Rockwell Inc.
Sacramento County Sheriffs Department
TRW Inc.
California Police Officers Association
California Police Chiefs Association
California State Sheriffs Association
County of Los Angeles
The Credit Bureau, Inc. (CBI)

**ARGUMENTS IN SUPPORT:**

Rockwell International

"At Rockwell we have established a corporate nationwide information security program. An element of this program addresses preventive and detective measures to protect company information resources against computer crime. We employ several security officers at more than 20 facility locations who are involved in the investigation and potential prosecution of information security violations. Computer crime legislation is of special interest to us.

Passage of legislation such as the proposed SB 255 provides us with a useful reference in administering our security program and serves as a deterrent to computer crime as well as an aid in its prosecution when necessary."

Northrop

"Northrop believes this legislation reflects more appropriate definitions of computer crimes and is more comprehensive than current statues. Passage of SB 255 would be beneficial to the private and public sectors in the deterrence and prosecution of crimes in this area."

Southern California Gas Company

"SoCalGas believes that SB 255 is a positive, and much needed step toward deterring computer crime and would benefit all companies which utilize computing and data resources."

Security Pacific National Bank

"Two SPNB staff members are on the Los Angeles County Computer Crime Task Force who developed this computer crime legislative proposal. We endorse it as a reasonable and responsible method of addressing and attacking the expanding computer crime trend. Further, we would be pleased to be listed as a co-sponsor of this measure."

(800) 666-1917    LEGISLATIVE INTENT SERVICE

### Hughes Aircraft

"The proliferation of computer technology and the ever increasing reliance on public and private agencies in the utilization of this technology as the potential of impacting each individual.  Therefore, it is critical that the legislature provide the most appropriate mechanism for prosecuting those who commit computer crime.  We believe this proposed legislation achieves this objective."

### TRW

"TRW's Information Services Division operates one of the country's largest consumer credit reporting agencies.  We maintain files on over 130 million individuals and service these consumers through 21 offices and 80 independent credit bureaus nationwide.  We are extremely concerned with any unauthorized access to our data base and place high priority on security-related issues and programs.

We believe that the provisions contained in SB 255 will work to protect the integrity of information held in computer systems and guard the privacy of individuals and businesses."

### County of Los Angeles

"The proliferation of computer has facilitated the abuse of information systems and data.  A June, 1984 American Bar Association report indicated that 25% of America's largest companies suffer annual losses attributable to computer crime of between $145 million and $730 million.  Detection and prosecution is difficult because of the volume of illegal activity and the limitations on justice system personnel.  Senate Bill 255 attempts to mitigate some of these problems by providing standardized definitions acceptable to both the business and legal communities."

### California Attorney General

"This is an excellent, comprehensive bill which clarifies and broadens existing law."

RJG:nf 4/3/87 Senate Floor Analyses



LEGISLATIVE INTENT SERVICE     (800) 666-1917

**BILL ANALYSIS**

STATE OF CALIFORNIA
YOUTH & ADULT CORRECTIONAL AGENCY

| DEPARTMENT | | AUTHOR | BILL NUMBER |
|---|---|---|---|
| **CORRECTIONS** | | DAVIS | SB 255 |
| SPONSORED BY | | RELATED BILLS | DATE LAST AMENDED |
| | | AB 2060, SB 591 | Original |
| | | SB 1786 ('85-86) | |

BILL SUMMARY

Would repeal various provisions related to computer data access
and fraud and would enact the "Comprehensive Computer Data Access
and Fraud Act".

SPECIFIC FINDINGS

Existing Penal Code (PC) § 502(a) provides definitions of
computer-related terms.

Currently, PC § 502(b) and (c) provide that the following com-
puter crimes are punishable as alternate felonies/misdemeanors:

° any person who intentionally accesses or causes to be accessed
 any computer system or computer network for the purpose of
 (1) devising or executing any scheme or artifice to defraud or
 extort, or (2) obtaining money, property, or services with
 false or fraudulent intent, representations, or promises; or

° any person who maliciously accesses, alters, deletes, damages,
 destroys, or disrupts the operation of any computer system,
 computer network, computer program, or data.

Currently, PC § 502(d) provides that any person who intentionally
and without authorization accesses any computer system, computer
network, or computer program, shall be guilty of a public
offense, punishable as an infraction if it is a first violation
which injury did not result therein. A violation of this provi-
sion which results in an injury, or a second or subsequent viola-
tion with no injury, is punishable as a misdemeanor.

SB 255, as introduced, would repeal the existing PC § 502 provi-
sions and enact the "Comprehensive Computer Data Access and Fraud
Act". PC § 502(a), as added by this bill, would specify legisla-
tive intent in enacting this proposed law. Proposed PC § 502(b)
defines computer-related terms as used in SB 255.

LEGISLATIVE INTENT SERVICE      (800) 666-1917

| POSITION | | | | Governor's Office Use | |
|---|---|---|---|---|---|
| NEUTRAL | | | | Position noted | ☐ |
| LEGISLATIVE LIAISON | DATE | AGENCY ADMINISTRATOR | DATE | Position approved | ☑ |
| Original signed by Patrick Kenady | MAR 31 1987 | ORIGINAL SIGNED BY Michael R. Neal | 4-1-87 | Position disapproved | ☐ |
| | | Deputy Secretary | | by          date | |

CDC 853 A (1/87)



SFA 1

SB 255 (Davis)
As introduced
Page 2


This bill would add PC § 502(c) to provide that any person who, knowingly and without permission does any of the following acts, is guilty of a public offense:

(1)   accesses and alters, damages, deletes, destroys, or otherwise uses any data, computer, computer system, or computer network, to defraud or to deceive, or to obtain or control money, property, data, or services, as specified:

(2)   accesses and takes or copies or makes use of any data internal or external to a computer, computer system, or computer network;

(3)   uses, or causes to be used, computer services;

(4)   accesses and adds, alters, etc., any data, computer software, computer programs, or supporting documentation, computer system, or computer network; or

(5)   disrupts or denies or causes the disruption or denial of computer services, as specified.

Proposed PC § 502(d) would provide that violations of any provisions of paragraph (1), (2), (4) or (5) of proposed PC § 502(c) are punishable by imprisonment in state prison for 16 month, 2 or 3 years, or in county jail not exceeding 1 year, or by a specified fine, or by both fine and imprisonment.

PC § 502(d) would also provide that a <u>first violation</u> of paragraph (3) that <u>does not result in injury</u> and where the <u>value of the computer services used</u> <u>does not exceed $400</u> would be a misdemeanor punishable by a fine not exceeding $5,000, or by imprisonment in the county jail not exceeding 1 year, or by both fine and imprisonment.  A violation of this provision which <u>results in any injury</u>, or a <u>second or subsequent violation</u>, is an alternate felony/misdemeanor punishable by a fine not exceeding $10,000, or by imprisonment in the state prison for 16 months, 2 or 3 years, or by both fine and imprisonment, or by a fine not exceeding $5,000, or by imprisonment in the county jail not exceeding 1 year, or by both fine and imprisonment.  It is not clear what the penalty would be for a first violation which does not result in injury where the value of the computer services used exceeds $400.

This bill would also provide that it is a public offense to knowingly and without permission:

°  provide or assist in providing a means of accessing a computer, computer system, or computer network (proposed PC § 502(c)(6)); or



SB 255 (Davis)
As introduced
Page 3


° access or cause to be accessed any computer, computer system,
  or computer network (proposed PC § 502(c)(7)).

Proposed PC § 502(d) provides that a <u>first violation</u> of paragraph
(6) or (7) of proposed PC § 502(c) that <u>does not result in injury</u>
shall be an infraction punishable by a fine not exceeding $250.
A violation of these provisions that <u>results in injury</u>, or a
<u>second or subsequent violation</u>, is an alternate felony/misdemeanor
punishable by a fine not exceeding $10,000, or by imprisonment in
the state prison for 16 months, 2 or 3 years, or by both fine and
imprisonment, or by a fine not exceeding $5,000, or by imprison-
ment in the county jail not exceeding 1 year, or by both fine and
imprisonment.

The addition of proposed PC § 502(c) could result in persons new
to prison because those provisions are broader than current pro-
visions (e.g., denies computer services, adds data to computer,
etc., would be new to current law).  (Proposed PC § 502(i) would
provide that subdivision (c) does not apply to any person who
accesses his or her employer's computer system, computer network,
computer program, or data when acting within the scope of his or
her employment.) SB 255 would also add various provisions
(regarding civil remedies, seizure of computer-related items,
etc.) that would have no impact on the state prison system.

ANALYSIS

This bill could result in persons new to prison.  For those acti-
vities (i.e., current § 502(d) would be covered under proposed
§ 502(c)(7)) that are currently punishable as misdemeanors, but
that would be punishable as alternate felonies/misdemeanors, the
proposed provisions could result in persons new to state prison.
The addition of the computer-related criminal activities, not
covered in existing PC § 502 provisions, could also result in
persons new to prison.  However, an estimate cannot be provided
because no known data sources are available upon which to base an
estimate.  In addition, it cannot be determined how many indivi-
duals would receive the alternate misdemeanor punishment.  For
your information, OBIS FY 1985-86 data show only 6 felons were
admitted to prison for violating PC § 502.

FISCAL IMPACT

Cannot estimate.

RECOMMENDATION

Neutral.



LEGISLATIVE INTENT SERVICE        (800) 666-1917

SFA 3



**JOHN K. VAN DE KAMP**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

1515 K STREET, SUITE 511
P.O. BOX 944255
SACRAMENTO 94244-2550
(916) 445-9555

March 13, 1987

Honorable Ed Davis
Senator, 19th District
State Capitol, Room 2048
Sacramento, CA 95814

Dear Senator Davis:

Re:  SB 255 – Computer Crime

The Attorney General's office supports SB 255.

This bill would repeal and reenact Penal Code section 502 relating to
computer crimes.  In so doing, it will make significant changes in the
following areas:

1.  <u>Definitions</u>.  The definitions in SB 255 are broader than current law and
directed more toward computer users than lawyers.  Newly defined terms
include "supporting documentation" and "injury."

The bill sets out seven species of crimes and reaches conduct that is not
covered under existing law.  The crimes are (1) the access, alteration,
destruction, etc., of a computer system, program, network or data to devise
or execute a scheme to defraud, or to obtain wrongfully or control property
or money by false pretenses; (2) taking or copying data; (3) unauthorized
use of computer services; (4) accessing, altering, damaging, etc., data,
software, programs or supporting documentation, in other words, vandalism;
(5) disrupting or causing the denial of computer service to an authorized
user; (6) providing or assisting in the providing of a means for
unauthorized access; and (7) unauthorized access, or "hacking."  This last
provision is essentially a simple trespass law, replicating current law.

Significantly, the mental elements of "intentional" and "malicious" in the
current section 502 are replaced with "knowingly" and "without
authorization."  Thus, the mental element under the new bill is general
criminal intent rather than malice.  This single change will definitely make
the statute easier for affected persons to understand as well as aiding its
enforcement.

LEGISLATIVE INTENT SERVICE   (800) 666-1917



SFA4

Honorable Ed Davis
March 13, 1987
Page 2

2.  Punishment.  Punishments generally remain the same as under current law:
alternative felony/misdemeanor "wobbler" sentences are provided for most
violations, the maximum felony punishments being 16 months, two or three
years, and the maximum fine being $10,000.  A first violation of subdivision
(e)(3), theft of services, is punishable as a misdemeanor if no injury
results and the value of the stolen services is less than $400.  Repeat
violations, or those which cause injury or involve more than $400 worth of
services, are punishable as felonies.

3.  Collateral remedies.  The collateral remedy provisions in the present
law are substantially reenacted.  The attorney's fees provision in the
present section 502(g) is changed from "prevailing plaintiff" to "prevailing
party."  A new provision permits computer equipment used in violation of the
law to be seized and destroyed as contraband, or turned over to a public
agency or non-profit corporation as deemed appropriate by the court.

This is an excellent, comprehensive bill which clarifies and broadens
existing law.  If we can be of further assistance in supporting the bill,
please let me know.

Very truly yours,

JOHN K. VAN DE KAMP
Attorney General

Michael L. Pinkerton
Deputy Attorney General

MLP:cj



(800) 666-1917    LEGISLATIVE INTENT SERVICE

SFA5

| Honorable Ed Davis<br>Member of the Senate<br>State Capitol, Room 2048<br>Sacramento, CA 95814 | DEPARTMENT<br>Finance | AUTHOR<br>Davis | BILL NUMBER<br>SB 255 |
|---|---|---|---|
| | SPONSORED BY | RELATED BILLS | LAST AMENDED<br>March 30, 1987 |

**BILL SUMMARY**

This bill recasts the existing computer crime legislation and expands the scope of the prohibited activity.  In addition to civil actions, the bill provides for the confiscation of equipment if convicted.

**SUMMARY OF COMMENTS**

No adverse comments

**FISCAL SUMMARY--STATE LEVEL**

| Code/Department<br>Agency or Revenue<br>Type | SO | (Fiscal Impact by Fiscal Year) | | |
|---|---|---|---|---|
| | LA | (Dollars in Thousands) | | |
| | CO | | | Code |
| | RV  FC  1987-88  FC  1988-89  FC  1989-90 | | | Fund |

No fiscal impact.

**ANALYSIS**

A. Specific Findings

    (C) Any person who commits any of the following is guilty of a public offense:

        Knowingly and without permission...
        (1) alters damages, destroys, or otherwise  uses data to either (A) devise or execute  any scheme to defraud, deceive or extort, or (B) wrongfully control or obtain money, property, data or services.
            (continued)

| POSITION | Department Director | Date |
|---|---|---|
| SUPPORT | | |

| Principal Analyst  Date<br>(83) Joe Pajals  *3-31-87* | Dir. Ofc. Inf. Tech.  Date<br>Steve E. Kolodney  *4/1/87* | Governor's Office<br>Position noted<br>Position approved<br>Position disapproved<br>by:      date: |
|---|---|---|

BILL ANALYSIS                 FORM DF-43 (REV 3/86 500 BU

*(800) 666-1917*

*LEGISLATIVE INTENT SERVICE*



SFA 6

(2)

BILL ANALYSIS (continued)                                    FORM DF-43

| AUTHOR | AMENDMENT DATE | BILL NUMBER |
|--------|----------------|-------------|
| Davis  | March 30, 1987 | SB 255      |

ANALYSIS (cont'd)

    (2) takes copies, or  makes use of any data from a computer, or
        copies any supporting documentation external or residing in
        a computer.

    (3) uses or causes to be used computer services.

    (4) adds, alters, damages,deletes or destroys any data computer
        program or software.

    (5) disrupts or causes the disruption of computer services or
        denies or causes the denial of computer services.

    (6) provides or assists in providing a means of accessing a
        computer, in violation of this section.

    (7) accesses or causes to be accessed any computer.

(c

(800) 666-1917

LEGISLATIVE INTENT SERVICE

B.  Fiscal Analysis

    This bill would authorize the sheriff of a county, if ordered by
    the court, to destroy as contraband or distribute to any public
    entity or nonprofit corporation, any computer or computer system
    or device which has been seized under a warrant or incident to a
    lawful arrest under the proposed provisions.

SFA7

(3)

BILL ANALYSIS (continued)                                    FORM DF-43

| AUTHOR | AMENDMENT DATE | BILL NUMBER |
|--------|----------------|-------------|
| Davis  | March 30, 1987 | SB 255      |

ANALYSIS (cont'd)

This bill contains a crime and infractions disclaimer with the following exception, that if the Commission on State Mandates determines that this act contains other cost mandated by the state.

- The authority to confiscate equipment, and any cost incurred, could be interpreted to be a State Mandate.  Although the bill would permit the confiscation of computing equipment it does not mandate confiscation.  The decision to confiscate or not is left to local courts.  Any costs, incurred in the destruction of equipment by the sheriff, are generated by local courts acting at their own discretion.  To avoid confusion on this issue the bill should be amended.



(800) 666-1917

LEGISLATIVE INTENT SERVICE



SFA8

**SUGGESTED AMENDMENTS**

Delete lines 34 through 40 on page 7.

Delete page 8.

LEGISLATIVE INTENT SERVICE    (800) 666-1917



SFA 9

Form DF-44R (Rev. 2/87 W 500)

|  | NO. | ISSUE DATE | BILL NUMBER |
|---|---|---|---|
| Local Cost | 1 | MAR 3 0 1987 | SB 255 |
| E S T I M A T E | AUTHOR | | DATE LAST AMENDED |
| Department of Finance | Davis | | March 24, 1987 |

I.  SUMMARY OF LOCAL IMPACT:

Recasts and expands provisions prohibiting certain unlawful activities
with regard to computers and computer systems.

II. FISCAL SUMMARY--LOCAL LEVEL

| | 1986-87 | 1987-88 | 1988-89 |
|---|---|---|---|
| | | (Dollars in Thousands) | |
| Reimbursable Expenditures: | -- | -- | -- |
| Non-Reimbursable Expenditures: | -- | -- | -- |
| Revenues: | -- | -- | -- |

III. ANALYSIS:

Existing law provides that it is unlawful to engage in specified
activities with regard to computers and computer systems.  This bill would
expand and recast the provisions of that law and would provide that a
violation of the provisions is punishable by imprisonment in the county
jail or State prison, or by a fine.

Under Section 6(b) of Article XIII B of the California Constitution, any
costs to a unit of local government which result from legislation defining
a new crime or changing an existing definition of a crime are not "state
mandated costs" and therefore are not reimbursable by the State.  In
addition, Section 17556(a)7 of the Government Code prohibits the
Commission on State Mandates from considering any claims for reimbursement
of costs from a local entity based on such legislation or on legislation
which eliminated a crime or changed the penalty for a crime.  It should be
noted, however, that Section 2246.2 of the Revenue and Taxation Code
requires that funding be included in the Governor's Budget to reimburse
local entities for one-half of any additional detention and probation
costs in excess of 1 percent of such costs in the preceding year incurred
as the result of a bill which increased the penalty for a crime.  Any
local entity which believes that this bill falls within the purview of
these provisions may, as provided by law, file a written request for these
funds with the Department of Finance.

This bill would also authorize the sheriff of a county, if ordered by the
court, to destroy as contraband or distribute to any other public entity
or nonprofit corporation, any computer or computer system or device which
has been seized under a warrant or incident to a lawful arrest under the
proposed provisions.

(continued)

SFA 10

| PREPARED (653) | Date 3-30-87 | * * * REVIEWED | Date 3/30/87 | * * * * | APPROVED | Date 3/30/87 |
|---|---|---|---|---|---|---|

LR:0280L/1

LEGISLATIVE INTENT SERVICE   (800) 666-1917

| AUTHOR | DATE LAST AMENDED | BILL NUMBER |
|--------|-------------------|-------------|
| Davis | March 24, 1987 | SB 255 |

III. ANALYSIS (continued)

Any costs incurred in the destruction or distribution of computers by the sheriff are generated by court order, an order which is only authorized, not mandated by SB 255. It becomes important to determine whether the judge of the court is acting as a local official or as a State official. We are aware of no statutory or case law which provides a precise answer to that question. Because a judge appears to have stronger linkages to local government than to State government (e.g., payment of costs, locally elected, etc.), we believe that, when acting on matters such as those allowed by SB 255, the judge is acting as a local official. The authorized court order is clearly not mandated by the State but is a matter of local discretion.

Section 4 of the bill, in addition to the "crimes and infractions" disclaimer in the first paragraph, also specifies in the second paragraph that reimbursement of costs mandated by the State in this bill shall be made from the State Mandates Claims Fund. We contend that this is not appropriate as any costs which may be incurred are not reimbursable because they are either generated by a discrete locally controlled action or are a result of the creation of or change in definition of a crime or infraction. A "crimes and infractions" disclaimer alone would be appropriate.

LR:0280L-2

LEGISLATIVE INTENT SERVICE   (800) 666-1917

SFA 11

**Lily Ring Balian**
Director, Civic Action

MAR 13 1987
**NORTHROP**

**Northrop Corporation**
1840 Century Park East
Los Angeles, California 90067
Telephone 213 201 - 3421

President and
Chief Operating Officer

5 March 1987

Honorable Ed Davis
Vice Chairman
Senate Judiciary Committee
State Capitol
Sacramento, California 95814

Dear Senator Davis:

We are writing in support of SB 255, legislation you recently introduced to address the proliferation of computer crime and other forms of unauthorized access to computers, computer systems, and computer data.  We understand this bill is scheduled for a hearing in the Senate Judiciary Committee on 10 March 1987.

Northrop believes this legislation reflects more appropriate definitions of computer crimes and is more comprehensive than current statutes.  Passage of SB 255 would be beneficial to the private and public sectors in the deterrence and prosecution of crimes in this area.

Your leadership in carrying this legislation is sincerely appreciated and we respectfully request your continued efforts in this endeavor.

Sincerely,

Kent Kresa

cc:  Members of the
     Senate Judiciary Committee

(800) 666-1917   LEGISLATIVE INTENT SERVICE

SFA 12

## Members of the Senate Judiciary Committee

Honorable Bill Lockyer
Chairman
Senate Judiciary Committee

Honorable Ed Davis
Vice Chairman
Senate Judiciary Committee

Honorable John Doolittle
State Senator - 1st District

Honorable Barry Keene
State Senator - 2nd District

Honorable Milton Marks
State Senator - 3rd District

Honorable Nicholas Petris
State Senator - 9th District

Honorable Robert Presley
State Senator - 36th District

Honorable H. L. Richardson
State Senator - 25th District

Honorable David Roberti
State Senator - 23rd District

Honorable Art Torres
State Senator - 24th District

Honorable Diane Watson
State Senator - 28th District

(800) 666-1917

LEGISLATIVE INTENT SERVICE



SFA 13

**JIM GREENE**
**...AR CARLA...ONO**
**...AGMAN**
...  ......... AFFAIRS

**SOUTHERN CALIFORNIA** | **gas** | **COMPANY**

...ERN CALIFORNIA GAS COMPANY
POSITION STATEMENT
SB 255 (...)

... ...CUTIVE BUILDING, SUITE 980, 925 "L" STREET, SACRAMENTO, CA 95814
916) ... 5282
...WEST EIGHTH STREET, LOS ANGELES, CALIFORNIA 90017
...3) ... 3618

Southern California Gas Company (SoCalGas) SUPPORTS SB 255 because it would provide an increased deterrent to computer crime by strengthening and redefining existing law.

<u>Issues</u>

Computer crime poses a very serious and potentially costly threat to SoCalGas. Tampering with or destroying customer billing data, payroll data, licensed proprietary information or other vital or confidential records could disrupt operations, endanger customers, cause loss of revenue and damage the Company's credibility with the public. Unauthorized access to a computer system, even when no damage is done, is extremely costly to the owner of the file. A search of a "trespassed" file to ensure the accuracy of the stored data may cost t...s or even hundreds of thousands of dollars to conduct.

SB 255 would strengthen and more clearly define the law, thereby providing greater protection to all corporations statewide who utilize computing and data resources. It would improve the ability of local prosecutors to effectively investigate high technology crimes and secure convictions. The bill also would update and redefine the terms used in computer crime law. The new terms are broader and are ...... more to computer users than to lawyers.

<u>Conclusion</u>

SoCalGas believes that SB 255 is a positive, and much needed step toward deterring computer crime and would benefit all comp... ...s which utilize computing and data resources.

2/23/87

cc:   The Honorable Ed Davis
      Senate Judiciary Committee Members
      Mr. Aubrey Labrie
      Mr. Gene Wong
      Ms. Patricia Wynne

(800) 666-1917

LEGISLATIVE INTENT SERVICE



SFA14





**GOVERNMENT RELATIONS**

Donald Carlton Burns
Legislative Counsel

James E. Prosser
Associate Legislative Counsel

**March 5, 1987**

<u>MEMORANDUM TO SENATE JUDICIARY COMMITTEE</u>

RE:  SB 255 (Davis) Comprehensive Computer Data
Access & Fraud Act

On behalf of our client, Equifax Inc., we urge your support
of SB 255.  The bill is scheduled for hearing on Tuesday,
March 10, 1987 at 1:30 p.m.

The bill is sponsored by the Computer Crime Task Force of the
Los Angeles County Criminal Justice Coordinating Committee.
As a member of that task force, Equifax believes strongly in
the need to update the penal code to reflect the computer
technology of today.  In a society that demands quick and
reliable access to vast amount of electronic data, it is
paramount that the accuracy of that data as well as an
individual's right to privacy be maintained.  SB 255 will
strengthen existing penal code provisions and will allow for
the prosecution for persons who knowingly and without
authorization access computer systems.  In addition, the bill
provides for compensatory damages for the victims of such
knowing and unauthorized access.

SB 255 is a much refined version of SB 1786 (Davis) of last
year, which passed out of this committee and the Senate
without a descenting vote.

We strongly urge your support of SB 255.

James E. Prosser

JEP:jna

(800) 666-1917

LEGISLATIVE INTENT SERVICE



SFA 15

1121 L Street, Suite 500, Sacramento, CA 95814 (916)447-4113

MAR 09 1987



# SACRAMENTO COUNTY  SHERIFF'S DEPARTMENT

## Glen Craig
*Sheriff*

February 27, 1987

The Honorable Ed Davis
Senator, Ninth District
State Capitol, Room 2048
Sacramento, CA  95814

Dear Senator Davis:

We have reviewed and support your bill, Senate Bill 255, which
would revise Penal Code Section 502 to prohibit activity in the
area of computer systems and data.

However, there is one area we would like to suggest a change in,
in order to keep in line with past practice.  In the area of
distribution of seized items, we believe it is more appropriate
to allow the seizing agency to control the distribution of the
items seized after the property rights hearing, rather than
conferring this authority upon the courts.  This is in line with
laws relating to other crimes and the distribution of property.
Attached is a proposed amendment which would revise Section
502(h) of the bill.

Your efforts in the area of law enforcement are greatly
appreciated.  If you have any questions or desire additional
information, please contact me at 440-7146, or Lt. Gary Cheris at
440-5167.

Sincerely,

GLEN CRAIG, Sheriff

els

(800) 666-1917

LEGISLATIVE INTENT SERVICE



SFA 16

SACRAMENTO COUNTY SHERIFF'S DEPARTMENT PROPOSED CHANGE
TO SB 255

(h) Any computer, computer system, computer
program, instrument, apparatus, device, plans,
instructions, or written publication used in the
commission of any public offense described in
subdivision (c) may be seized under warrant or incident
to a lawful arrest. Upon the conviction of a person for
a violation of subdivision (c), and following a hearing
to determine property rights to the items involved, the
seized computer, computer systems, computer program,
instrument, apparatus, device, plans, instructions, or
written publication, if owned or controlled by the
person so convicted, or owned or controlled by a person
or entity that knowingly allowed the use of the seized
items in the commission of any offense described in
subdivision (c) and that person or entity was notified
of the hearing described in this subdivision, provided
their identity was known, may be destroyed as contraband
by the ~~sheriff or the county in which the person was
convicted or turned over to the county in which the
person was convicted for use by the county or~~ seizing
agency or turned over to the seizing agency          for
distribution to any other public entity or nonprofit
corporation in any manner deemed appropriate by the
court ~~by~~ that agency.

<div align="right">
(800) 666-1917    LEGISLATIVE INTENT SERVICE
</div>



SFA 17



# CBI
## the credit bureau inc.

DATE:   February 11, 1987

TO:   Bob Davis, V.P.                    COPIES TO:

FROM:   Keith Rogers, D.M.M.

SUBJECT:                    SB 255, Davis

FOR ROUTING:

<div style="float:right">(800) 666-1917

LEGISLATIVE INTENT SERVICE</div>

II. SB 255, Davis: this contains two ambiguities:

  1.   Under 502(d)2)...

    --a <u>first</u> violation of 502(c)(3)"Knowingly and without permission <u>uses</u> or causes to be used computer services (e.g., computer time, data processing, or storage functions, etc) (with no "injury" to the system) which do not exceed $400"... calls for a fine not to exceed $5,000 and/or 1 yr in county jail;

    --whereas, a <u>first</u> violation of  502(c)(6 or 7) Knowingly and without permission provides means or assists in access, accesses or causes to be accessed any computer, computer system, or computer network... with no "injury" to the system ... calls for a fine not to exceed $250.

No doubt (c)(6 and 7) wish to address "teenage hackers": thus the low fine.  But it is difficult to understand how one can cause <u>access</u> without causing the <u>use</u> of computer time, data processing, storage, etc.  That is, the above two sections do not seem to be mutually exclusive in the slightest and may cause enforcement difficulties, failing statutory clarification.

  2. 502(h) requires the sheriff to "seize" as contraband "<u>any</u> computer, computer system, computer program, device, etc. etc. <u>used</u> in the commission" of this criminal activity. Obviously, the intent is to seize devices etc. in the possession of the perpetrators, <u>not</u> the victimized system used and abused; but it is not clear.  A subsequent hearing to determine property rights would obviate disposal of the

SFA 18

Case 3:17-cv-03301-EMC   Document 190-1   Filed 03/04/21   Page 190 of 371

devices, etc. so seized... but there is a possibility of
the sheriff, under a warrant or incident to an arrest,
seizing and closing down the victimized system being <u>used</u>
(misused)... under a strict construction of 502(h)!

Therefore, I think 502(h) needs clarification, for sure.

KR:k

LEGISLATIVE INTENT SERVICE    (800) 666-1917



SFA 19



# ISSA

## INFORMATION SYSTEMS SECURITY ASSOCIATION, INC.   P.O. BOX 71926, LOS ANGELES, CA 90071

*President*
Carl B. Jackson
Ford Aerospace &
Communications Corporation

*Vice President*
Harold F. Tipton
Rockwell International

*Treasurer*
Leslie Chalmers
Bank of California

*Corresponding Secretary*
Gary M. Itano
City National Bank

*Recording Secretary*
Hans von Braun
Hewlett-Packard

*Past President*
Sandra Mann Lambert
Security Pacific National Bank

February 12, 1987

Honorable Ed Davis
State Senator, 19th District
State Capitol, Room 2048
Sacramento, Ca. 95814

SUBJECT: PROPOSED COMPUTER CRIME LEGISLATION

Dear Senator Davis:

The Information Systems Security Association supports SB 255, the proposed Computer Crime Legislation you will be introducing in this legislative session.  This proposed legislation, sponsored by the Los Angeles County Board of Supervisors and their Computer Crime Task Force, reflects more appropriate definitions and is more comprehensive than the current statutes.

The Information Systems Security Association is a non-profit organization made up of professionals who have as their primary responsibility information systems security in the private or public sector.  Our main goals are to provide a facility for information exchange and communication, a forum for educational events and a vehicle for research in the area of information security. Our membership comes from varied backgrounds in industries such as banking, aerospace, insurance, energy, retail, computing services, public accounting, armed forces, education, etc.  These members, organized into chapters nationwide, are information security practitioners, consultants, vendors, attorneys, law enforcement officials and educators.  We currently have three chapters in California: Los Angeles, Orange County and San Francisco.

The role of an information systems security professional is to protect information assets by ensuring the implementation of preventive and detective measures against computer crime, which adversely affects individuals as well as companies.  Since many of our members become involved in the investigation, testimony

LEGISLATIVE INTENT SERVICE    (800) 666-1917



SFA 80

and/or prosecution of information security violation cases, computer crime legislation is of critical interest to them.  We believe that passage of this proposed legislation would be beneficial to both the private and public sectors in the deterrence and prosecution of computer crime.

We appreciate your leadership in carrying this legislation and respectfully request your continued efforts in this endeavor.

Sincerely,

Carl B. Jackson
President


cc:  Assembly Public Safety Committee Members
     Senate Judiciary Committee Members

LEGISLATIVE INTENT SERVICE     (800) 666-1917

SFA 21



**California Bankers Association**
*Established 1891*

March 9, 1987

The Honorable Ed Davis
Vice Chairman, Senate Judiciary Committee
State Capitol, Room 2048
Sacramento, California  95814

    RE:  **SENATE BILL 255, COMPUTER CRIME**

Dear Senator Davis:

    The California Bankers Association supports your effort in SB 255 to deter the increase of computer crime.  We believe the bill will be of significant benefit as more and more commercial activity is carried out electronically.

                         Sincerely,

                         STANLEY M. WIEG
            SENIOR LEGISLATIVE COUNSEL

SMW:rw
cc: Senator Bill Lockyer, Chairman,
    Senate Judiciary Committee
    Theresa Taylor, Consultant
    Norm Jay

SB255.LTR

(800) 666-1917

LEGISLATIVE INTENT SERVICE



# CHIEF ADMINISTRATIVE OFFICE
## COUNTY OF LOS ANGELES

1100 K STREET, SUITE 300 ★ SACRAMENTO, CALIFORNIA 95814
(916) 441-7888

JAMES C. HANKLA
CHIEF ADMINISTRATIVE OFFICER

MEMBERS OF THE BOARD
PETER F. SCHABARUM
CHAIRMAN
KENNETH HAHN
EDMUND D. EDELMAN
DEANE DANA
MICHAEL D. ANTONOVICH

February 10, 1987

Honorable Bill Lockyer, Chairman
Senate Judiciary Committee
State Capitol - Room 2032
Sacramento, California 95814

RE:  SENATE BILL 255 (Davis) - As Introduced - Relating
     to Computer Crimes -- COUNTY-SPONSORED

Dear Senator Lockyer:

The Los Angeles County Board of Supervisors sponsors Senate Bill
255 (Davis), relating to Computer Crimes.  This bill is awaiting
hearing before your Senate Judiciary Committee.

Current law seeks to control the unlawful use of computers and
data systems by imposing criminal and civil sanctions on viola-
tors.  Prosecutors and private system operators feel that there
is a need for enhanced penalties and for further standardization
of definitions.

Senate Bill 255, which was developed by a task force representing
private industry, prosecution and criminal defense, broadens the
application of existing law by redefining such terms as "access,"
"computer system," "computer network," "computer program" and
"data."  It also defines such new terms as "computer services"
and "supporting documentation."

In addition to definitional changes, Senate Bill 255 proposes to
make some offenses, like computer fraud, subsequent violations of
unauthorized access, or unauthorized access resulting in injury,
"wobblers" instead of simple misdemeanors.  In appropriate cir-
cumstances, serious offenders could be punished as felons.

Finally, the proposal provides for the seizure and forfeiture of
computers and computer-related items that are used in the com-
mission of proscribed activities.  These items could be destroyed
or utilized by the prosecuting county for legitimate purposes, if
they are used to commit an offense that results in a conviction.
The forfeiture could only occur after an appropriate hearing to
determine property rights.

LEGISLATIVE INTENT SERVICE   (800) 666-1917



SFA 23

Senate Bill 255 (Davis)                -2-                February 10, 1987

The proliferation of computers has facilitated the abuse of
information systems and data.  A June, 1984 American Bar
Association report indicated that 25% of America's largest com-
panies suffer annual losses attributable to computer crime of
between $145 million and $730 million.  Detection and prosecution
is difficult because of the volume of illegal activity and the
limitations on justice system personnel.  Senate Bill 255
attempts to mitigate some of these problems by providing standard-
ized definitions acceptable to both the business and legal com-
munities.

If you have any questions regarding this measure, please give us
a call.

                              Very truly yours,

                              Clancy Leland
                              Legislative Representative

CL:SZ:jds2
SB255
cc:  Senator Ed Davis
     Each Member and Consultant,
      Senate Judiciary Committee



LEGISLATIVE INTENT SERVICE     (800) 666-1917

SFA 24







**CALIFORNIA PEACE OFFICERS' ASSOCIATION**

**CALIFORNIA POLICE CHIEFS' ASSOCIATION**

**CALIFORNIA STATE SHERIFFS' ASSOCIATION**

*1485 RIVER PARK DRIVE, SUITE 200   •   SACRAMENTO, CALIFORNIA 95815   •   PHONE (916) 923-1825*

—————————— Legislative Oversight Committee ——————————

March 23, 1987

The Honorable Ed Davis
California State Senator
State Capitol
Sacramento, CA 95814

Re: <u>SB 255</u>

Dear Senator Davis:

Your bill, <u>SB 255</u>, has been reviewed by the Law and Legislative Committee of the California Peace Officers' Association. The position of the committee reflects the position of all three indicated associations.

The committee has taken a position of "Approve in Principle" on your bill.

You may advise the appropriate committee consultant of our position on this proposed legislation. We will provide a copy of our position letter, if requested. If you have any questions or if I can be of further assistance to you on this issue, please contact me.

Sincerely,

*Al Cooper*

Al Cooper
Legislative Advocate

AC/csw

(800) 666-1917   LEGISLATIVE INTENT SERVICE



SFA 25



**INFORMATION SYSTEMS SECURITY ASSOCIATION, INC.**   P.O. BOX 71926, LOS ANGELES, CA 90071

February 12, 1987

Honorable Ed Davis
State Senator, 19th District
State Capitol, Room 2048
Sacramento, Ca. 95814

SUBJECT: PROPOSED COMPUTER CRIME LEGISLATION

Dear Senator Davis:

The Information Systems Security Association supports SB 255,
the proposed Computer Crime Legislation you will be introducing
in this legislative session.  This proposed legislation,
sponsored by the Los Angeles County Board of Supervisors and
their Computer Crime Task Force, reflects more appropriate
definitions and is more comprehensive than the current statutes.

The Information Systems Security Association is a non-profit
organization made up of professionals who have as their primary
responsibility information systems security in the private or
public sector.  Our main goals are to provide a facility for
information exchange and communication, a forum for educational
events and a vehicle for research in the area of information
security. Our membership comes from varied backgrounds in
industries such as banking, aerospace, insurance, energy,
retail, computing services, public accounting, armed forces,
education, etc.  These members, organized into chapters
nationwide, are information security practitioners, consultants,
vendors, attorneys, law enforcement officials and educators.  We
currently have three chapters in California: Los Angeles, Orange
County and San Francisco.

The role of an information systems security professional is to
protect information assets by ensuring the implementation of
preventive and detective measures against computer crime, which
adversely affects individuals as well as companies.  Since many
of our members become involved in the investigation, testimony

*President*
Carl B. Jackson
Ford Aerospace &
Communications Corporation

*Vice President*
Harold F. Tipton
Rockwell International

*Treasurer*
Leslie Chalmers
Bank of California

*Corresponding Secretary*
Gary M. Itano
City National Bank

*Recording Secretary*
Hans von Braun
Hewlett-Packard

*Past President*
Sandra Mann Lambert
Security Pacific National Bank

(800) 666-1917

LEGISLATIVE INTENT SERVICE



SFA 26

and/or prosecution of information security violation cases, computer crime legislation is of critical interest to them. We believe that passage of this proposed legislation would be beneficial to both the private and public sectors in the deterrence and prosecution of computer crime.

We appreciate your leadership in carrying this legislation and respectfully request your continued efforts in this endeavor.

Sincerely,

Carl B. Jackson
President


cc:   Assembly Public Safety Committee Members
      Senate Judiciary Committee Members

LEGISLATIVE INTENT SERVICE     (800) 666-1917

SFA 27

Date of Hearing: June 1, 1987                                    SB 255
Counsel:          DeeDee D'Adamo

ASSEMBLY COMMITTEE ON PUBLIC SAFETY
Larry Stirling, Chair

SB 255 (Davis) - As Amended:  May 21, 1987

PRIOR ACTION:  Senate Judiciary:   7 ayes; 0 noes
               Senate Floor:      31 ayes; 0 noes

ISSUE:     I.    SHOULD PROVISIONS OF LAW REGARDING COMPUTER CRIMES BE
                 REPEALED AND REDEFINED?

           II.   SHOULD THE PENALTIES BE INCREASED FOR ONE WHO KNOWINGLY
                 AND WITHOUT PERMISSION ACCESSES A COMPUTER WHEN AN INJURY
                 RESULTS?

           III.  SHOULD FORFEITURE OF COMPUTER EQUIPMENT WHICH WAS USED TO
                 COMMIT A COMPUTER CRIME BE AUTHORIZED?

## DIGEST

### Current law

1)  Makes it an alternate felony/misdemeanor for one to intentionally access a
    computer for the purpose of defrauding.

2)  Makes it an alternate felony/misdemeanor for one to maliciously access,
    alter, damage, or disrupt the operation of a computer system.

3)  Makes it an infraction for one to intentionally and without authorization
    access a computer system.  An act which results in injury and  second
    offenses are punishable as an alternate felony/misdemeanor.

4)  Defines computer terms, such as "computer program", "access", and "data".

5)  Provides that the owner or lessee of a computer may bring a civil action
    for damages against one convicted of using his or her computer to commit a
    computer crime, and that such damages include expenditures incurred to
    verify that a computer was or was not altered, damaged, or deleted by the
    access.

6)  Authorizes the court to award attorney's fees to a prevailing plaintiff in
    such civil actions.

### This bill would:

1)  Recast and redefine provisions of law relating to computer crimes.



LEGISLATIVE INTENT SERVICE     (800) 666-1917

2) Contain statements of legislative intent regarding the need to expand the provisions of law relating to computer crime.

3) Expand the definition of computer terms, and define additional computer terms, such as "supporting documentation" and "victim expenditure".

4) Provide that one who knowingly and without permission uses a computer is guilty of a misdemeanor for a first offense which does not result in injury and in which the value of the computer services does not exceed $400. Second offenses and first offenses which result in injury or in which the value of computer services is over $400 are punishable as an alternate felony/misdemeanor.

5) Increase the penalties for the unauthorized access of a computer.

6) Authorize the forfeiture, as specified, of a computer used to commit a computer crime.

7) Specify that for purposes of bringing a criminal action, a person who accesses a computer in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer in each jurisdiction.

## COMMENTS

1) <u>Purpose.</u>  According to the American Bar Association, as of June, 1984, 25% of America's largest companies suffer annual losses attributable to computer crime of between $145 and $730 million.  This bill was developed by Los Angeles County's Computer Crime Task Force in order to provide for increased penalties for computer "hackers" and to provide standardized definitions of terms.

2) <u>Penalties.</u>

   a) <u>Bill Increases Penalties for "Hackers."</u>  Under current law, one who accesses a computer is guilty of an infraction.  Acts which result in injury and second offenses are punishable as misdemeanors.  This bill would make acts which result in a victim expenditure (see comment 4j) of greater than $5,000 would be punishable as a misdemeanor or a felony.

      With respect to victim expenditures, the misdemeanor and felony penalty sections of this bill are both limited to injuries of greater than $5,000.  Since there is no difference between these two sections, the bill should be amended to incorporate these provisions in the same section as alternative penalties, or to limit the misdemeanor provision to cases where the victim expenditure was <u>under</u> $5,000.



(800) 666-1917

LEGISLATIVE INTENT SERVICE

b) <u>Penalties for Unauthorized Use.</u>  This bill would make it a crime to knowingly and without permission use a computer including, for example, an employee who uses his or her computer or a colleague's computer to write a term paper. Such acts are punishable as a misdemeanor where no injury results and where the value of the computer services does not exceed $400.  Second offenses, or first offenses where the value of the computer services exceeds $400 or where injury results are punishable as an alternate felony/misdemeanor.

c) <u>Other Computer Crimes.</u>  All other computer crimes (see Digest #1 and #2) are punishable as an alternate felony/misdemeanor.  These penalties are the same as under current law.

3) <u>Fines.</u>  Generally, up to a $1,000 fine can be imposed for one convicted of a misdemeanor.  This bill provides that persons convicted of a misdemeanor computer crime offense can be fined up to $5,000.  A fine up to $10,000 can be imposed for persons convicted of a felony.

4) <u>Definitions of Terms.</u>

a) <u>Access</u> is defined as gaining entry, instructing, or communicating with a computer.

b) <u>Computer Network</u> is defined as two or more computer systems connected by telecommunication facilities.

c) <u>Computer Program or Software</u> is defined as a set of instructions or statements which cause a computer to perform specified functions.

d) <u>Computer services</u> is defined as computer time, data processing, storage functions or other uses of a computer.

e) <u>Computer system</u> is defined as a device which contains computer programs, electronic instructions, input data, and output data, that performs such functions as logic, arithmetic, data storage and communication.

f) <u>Data</u> is defined as a representation of information, knowledge, facts, concepts, computer software, computer programs or instructions.

g) <u>Supporting Documentation</u> is defined as all information pertaining to the design, construction, classification, implementation, use of a computer which is not generally available to the public and is necessary for the operation of a computer.

h) <u>Injury</u> is defined as any alteration, deletion, damage, or destruction of a computer caused by the access.

(800) 666-1917   LEGISLATIVE INTENT SERVICE

SB 255

   i) <u>Victim expenditure</u> is defined as any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system was or was not altered or damaged by the access.

5) <u>Employee Misuse</u>.  This bill exempts employees who were acting within the "scope of employment" from criminal liability.  This provision would have the effect of authorizing an employee acting under the directive of his or her employer to access a computer in order to commit a fraud.

6) <u>Seizure and Forfeiture of Computers</u>.  This bill would authorize law enforcement officers to seize computer equipment or plans or instructions used to commit a computer crime.  This bill would authorize, upon conviction, the destruction of such items as contraband, or would authorize the sheriff of the county in which the person was convicted to use such items.

   a) <u>Opposition</u>.  The American Civil Liberties Union believes that it is sufficient for a person to be convicted, fined and incarcerated, and that the provision which allows the computer to be acquired by the county is tantamount to a bounty.

   b) <u>Seizure Provisions Only Apply to Owners of Computer Equipment</u>.  The seizure and forfeiture provisions of this bill only apply to owners of computer equipment who were either convicted of a computer crime or who allowed their equipment to be used in the commission of a computer crime.

   In order to clarify that a conviction is required, this bill should be amended to specify that the person who used the owner's equipment must be convicted before the forfeiture is authorized.

   c) <u>Hearing Required</u>.  This bill would require a hearing to determine property rights before the seized computer equipment can be subject to forfeiture.

<u>SOURCE:</u>    Los Angeles County Board of Supervisors

<u>SUPPORT:</u>    None on file

<u>OPPOSITION:</u>  American Civil Liberties Union



LEGISLATIVE INTENT SERVICE   (800) 666-1917

Date of Hearing:  June 29, 1987
Counsel:          DeeDee D'Adamo

<u>SB 255</u>

### ASSEMBLY COMMITTEE ON PUBLIC SAFETY
### Larry Stirling, Chair

SB 255 (Davis) - As Amended:  June 23, 1987

<u>PRIOR ACTION:</u>  Senate Judiciary:    7 ayes; 0 noes
                 Senate Floor:       31 ayes; 0 noes

<u>ISSUE:</u>     I.    SHOULD PROVISIONS OF LAW REGARDING COMPUTER CRIMES BE
                 REPEALED AND REDEFINED?

           II.   SHOULD THE PENALTIES BE INCREASED TO KNOWINGLY AND WITHOUT
                 PERMISSION ACCESS A COMPUTER?

           III.  SHOULD IT BE A CRIME TO KNOWINGLY AND WITHOUT PERMISSION
                 USE A COMPUTER?

           IV.   SHOULD FORFEITURE OF COMPUTER EQUIPMENT WHICH WAS USED TO
                 COMMIT A COMPUTER CRIME BE AUTHORIZED?

### DIGEST

#### Current law

1) Makes it an alternate felony/misdemeanor for one to intentionally access a
   computer for the purpose of defrauding.

2) Makes it an alternate felony/misdemeanor for one to maliciously access,
   alter, damage, or disrupt the operation of a computer system.

3) Makes it an infraction for one to intentionally and without authorization
   access a computer system.  Acts which result in injury or second offenses
   are punishable as misdemeanors.

4) Defines computer terms, such as "computer program", "access", and "data".

5) Provides that the owner or lessee of a computer may bring a civil action
   for damages against one convicted of using his or her computer to commit a
   computer crime, and that such damages include expenditures incurred to
   verify that a computer was or was not altered, damaged, or deleted by the
   access.

6) Authorizes the court to award attorney's fees to a prevailing plaintiff in
   such civil actions.



(800) 666-1917

LEGISLATIVE INTENT SERVICE

SB 255

This bill would:

1) Recast and redefine provisions of law relating to computer crimes.

2) Contain statements of legislative intent regarding the need to expand the provisions of law relating to computer crime.

3) Expand the definition of computer terms, and define additional computer terms, such as "supporting documentation" and "victim expenditure".

4) Provide that one who knowingly and without permission uses a computer is guilty of a misdemeanor for a first offense which does not result in injury and in which the value of the computer services does not exceed $400. Second offenses and first offenses which result in injury or in which the value of computer services is over $400 would be punishable as an alternate felony/misdemeanor.

5) Increase the penalties for the unauthorized access of a computer which results in a victim expenditure, as defined.

6) Authorize the forfeiture, as specified, of a computer used to commit a computer crime.

7) Specify that for purposes of bringing an action, a person who accesses a computer in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer in each jurisdiction.

COMMENTS

1) <u>Purpose.</u> According to the American Bar Association, as of June, 1984, 25% of America's largest companies suffer annual losses attributable to computer crime of between $145 and $730 million. This bill was developed by Los Angeles County's Computer Crime Task Force in order to provide for increased penalties for computer "hackers" and to provide standardized definitions of terms.

2) <u>Computer "Hackers."</u>

   a) <u>Bill Increases Penalties for "Hackers."</u> Under current law, one who accesses a computer is guilty of an infraction. Acts which result in injury and second offenses are punishable as misdemeanors. This bill would make acts which result in a victim expenditure of $5,000 or under punishable as misdemeanors. Acts which result in a victim expenditure of over $5,000 would be punishable as an alternate felony/misdemeanor.

   b) <u>Bill Unclear.</u> Current law elevates the penalty to a misdemeanor when injury occurs. This bill is silent regarding the penalty in such cases and should be amended to clarify this matter.



LEGISLATIVE INTENT SERVICE   (800) 666-1917

3) <u>Unauthorized Use</u>.  This bill would make it a crime to knowingly and without permission use a computer.  This would include, for example, an employee who uses his or her computer or a colleague's computer to write a term paper.  Such acts are punishable as misdemeanors where no injury results and where the value of the computer services does not exceed $400.  Second offenses, or first offenses where the value of the computer services exceeds $400 or where injury results are punishable as an alternate felony/misdemeanor.

4) <u>Other Computer Crimes</u>.  All other computer crimes (see Digest #1 and #2) are punishable as an alternate felony/misdemeanor.  These penalties are the same as under current law.

5) <u>Fines</u>.  Generally, up to a $1,000 fine can be imposed for one convicted of a misdemeanor.  This bill provides that persons convicted of a misdemeanor computer crime offense can be fined up to $5,000.  A fine up to $10,000 can be imposed for persons convicted of a felony.

6) <u>Definitions of Terms</u>.

   a) <u>Access</u> is defined as gaining entry, instructing, or communicating with a computer.

   b) <u>Computer Network</u> is defined as two or more computer systems connected by telecommunication facilities.

   c) <u>Computer Program or Software</u> is defined as a set of instructions or statements which cause a computer to perform specified functions.

   d) <u>Computer services</u> is defined as computer time, data processing, storage functions or other uses of a computer.

   e) <u>Computer system</u> is defined as a device which contains computer programs, electronic instructions, input data, and output data, that performs such functions as logic, arithmetic, data storage and communication.

   f) <u>Data</u> is defined as a representation of information, knowledge, facts, concepts, computer software, computer programs or instructions.

   g) <u>Supporting Documentation</u> is defined as all information pertaining to the design, construction, classification, implementation, use of a computer which is not generally available to the public and is necessary for the operation of a computer.

   h) <u>Injury</u> is defined as any alteration, deletion, damage, or destruction of a computer caused by the access.

LEGISLATIVE INTENT SERVICE   (800) 666-1917

SB 255

   i) <u>Victim expenditure</u> is defined as any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system was or was not altered or damaged by the access.

7) <u>Seizure and Forfeiture of Computers.</u>  This bill would authorize law enforcement officers to seize computer equipment or plans or instructions used to commit a computer crime.  It would also authorize, upon conviction, the destruction of such items as contraband, or would authorize the sheriff of the county in which the person was convicted to use such items.

   a) <u>Opposition.</u>  The American Civil Liberties Union believes that it is sufficient for a person to be convicted, fined and incarcerated, and that the provision which allows the computer to be acquired by the county is tantamount to a bounty.

   b) <u>Seizure Provisions Only Apply to Owners of Computer Equipment.</u>  The seizure and forfeiture provisions of this bill only apply to owners of computer equipment who were either convicted of a computer crime or who allowed their equipment to be used in the commission of a computer crime.

      In order to clarify that a conviction is required, this bill should be amended to specify that the person who used the owner's equipment must be convicted before the forfeiture is authorized.

   c) <u>Hearing Required.</u>  This bill would require a hearing to determine property rights before the seized computer equipment can be subject to forfeiture.

<u>SOURCE:</u>     Los Angeles County Board of Supervisors

<u>SUPPORT:</u>    Rohr Industries, Inc.
           Southern California Gas Company
           Equifax Inc.
           City of Inglewood Police Department
           TRW Inc., Government Relations
           County of Los Angeles, Office of the Sheriff
           International Association of Chiefs of Police
           Security Pacific National Bank
           Quality Assurance Institute
           Attorney General's Office
           Northrop Corporation
           Hughes Aircraft Company
           Information Systems Security Association
           California Bankers Association
           Sacramento County Sheriff's Department
           Rockwell International Corporation

<u>OPPOSITION:</u>  American Civil Liberties Union

LEGISLATIVE INTENT SERVICE   (800) 666-1917



Date of Hearing:  July 13, 1987                                          <u>SB 255</u>
Counsel:          DeeDee D'Adamo

ASSEMBLY COMMITTEE ON PUBLIC SAFETY
Larry Stirling, Chair

SB 255 (Davis) - As Amended:  June 23, 1987

PRIOR ACTION:  Senate Judiciary:   7 ayes; 0 noes
               Senate Floor:      31 ayes; 0 noes

ISSUE:     I.    SHOULD PROVISIONS OF LAW REGARDING COMPUTER CRIMES BE
                 REPEALED AND REDEFINED?

           II.   SHOULD THE PENALTIES BE INCREASED TO KNOWINGLY AND WITHOUT
                 PERMISSION ACCESS A COMPUTER?

           III.  SHOULD IT BE A CRIME TO KNOWINGLY AND WITHOUT PERMISSION
                 USE A COMPUTER?

           IV.   SHOULD FORFEITURE OF COMPUTER EQUIPMENT WHICH WAS USED TO
                 COMMIT A COMPUTER CRIME BE AUTHORIZED?

<u>DIGEST</u>

<u>Current law</u>

1) Makes it an alternate felony/misdemeanor for one to intentionally access a
   computer for the purpose of defrauding.

2) Makes it an alternate felony/misdemeanor for one to maliciously access,
   alter, damage, or disrupt the operation of a computer system.

3) Makes it an infraction for one to intentionally and without authorization
   access a computer system.  Acts which result in injury or second offenses
   are punishable as misdemeanors.

4) Defines computer terms, such as "computer program", "access", and "data".

5) Provides that the owner or lessee of a computer may bring a civil action
   for damages against one convicted of using his or her computer to commit a
   computer crime, and that such damages include expenditures incurred to
   verify that a computer was or was not altered, damaged, or deleted by the
   access.

6) Authorizes the court to award attorney's fees to a prevailing plaintiff in
   such civil actions.



(800) 666-1917    LEGISLATIVE INTENT SERVICE

This bill would:

1) Recast and redefine provisions of law relating to computer crimes.

2) Contain statements of legislative intent regarding the need to expand the provisions of law relating to computer crime.

3) Expand the definition of computer terms, and define additional computer terms, such as "supporting documentation" and "victim expenditure".

4) Provide that one who knowingly and without permission uses a computer is guilty of a misdemeanor for a first offense which does not result in injury and in which the value of the computer services does not exceed $400. Second offenses and first offenses which result in injury or in which the value of computer services is over $400 would be punishable as an alternate felony/misdemeanor.

5) Increase the penalties for the unauthorized access of a computer which results in a victim expenditure, as defined.

6) Authorize the forfeiture, as specified, of a computer used to commit a computer crime.

7) Specify that for purposes of bringing an action, a person who accesses a computer in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer in each jurisdiction.

## COMMENTS

1) <u>Purpose</u>. According to the American Bar Association, as of June, 1984, 25% of America's largest companies suffer annual losses attributable to computer crime of between $145 and $730 million. This bill was developed by Los Angeles County's Computer Crime Task Force in order to provide for increased penalties for computer "hackers" and to provide standardized definitions of terms.

2) <u>Bill Increases Penalties for "Computer Hackers."</u> Under current law, one who accesses a computer is guilty of an infraction. Acts which result in injury and second offenses are punishable as misdemeanors. This bill would make acts which result in a victim expenditure of $5,000 or under punishable as misdemeanors. Acts which result in a victim expenditure of over $5,000 would be punishable as an alternate felony/misdemeanor.

3) <u>Unauthorized Use</u>. This bill would make it a crime to knowingly and without permission use a computer. This would include, for example, an employee who uses his or her computer or a colleague's computer to write a term paper. Under current law, such persons are guilty of computer access (see DIGEST #3). Under this bill, unauthorized use would be punishable as a



(800) 666-1917

LEGISLATIVE INTENT SERVICE

misdemeanor where no injury results and where the value of the computer services does not exceed $400. Second and subsequent offenses, or first offenses where the value of the computer services exceeds $400 or where injury results are punishable as an alternate felony/misdemeanor.

4) <u>Other Computer Crimes</u>. All other computer crimes (see Digest #1 and #2) are punishable as an alternate felony/misdemeanor. These penalties are the same as under current law.

5) <u>Fines</u>. Generally, up to a $1,000 fine can be imposed for one convicted of a misdemeanor. This bill provides that persons convicted of a misdemeanor computer crime offense can be fined up to $5,000. A fine up to $10,000 can be imposed for persons convicted of a felony.

6) <u>Definitions of Terms</u>.

a) <u>Access</u> is defined as gaining entry, instructing, or communicating with a computer.

b) <u>Computer Network</u> is defined as two or more computer systems connected by telecommunication facilities.

c) <u>Computer Program or Software</u> is defined as a set of instructions or statements which cause a computer to perform specified functions.

d) <u>Computer services</u> is defined as computer time, data processing, storage functions or other uses of a computer.

e) <u>Computer system</u> is defined as a device which contains computer programs, electronic instructions, input data, and output data, that performs such functions as logic, arithmetic, data storage and communication.

f) <u>Data</u> is defined as a representation of information, knowledge, facts, concepts, computer software, computer programs or instructions.

g) <u>Supporting Documentation</u> is defined as all information pertaining to the design, construction, classification, implementation, use of a computer which is not generally available to the public and is necessary for the operation of a computer.

h) <u>Injury</u> is defined as any alteration, deletion, damage, or destruction of a computer caused by the access.

i) <u>Victim expenditure</u> is defined as any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system was or was not altered or damaged by the access.



(800) 666-1917   LEGISLATIVE INTENT SERVICE

7) <u>Seizure and Forfeiture of Computers</u>. This bill would authorize law enforcement officers to seize computer equipment or plans or instructions used to commit a computer crime. It would also authorize, upon conviction, the destruction of such items as contraband, or would authorize the sheriff of the county in which the person was convicted to use such items.

a) <u>Opposition</u>. The American Civil Liberties Union believes that it is sufficient for a person to be convicted, fined and incarcerated, and that the provision which allows the computer to be acquired by the county is tantamount to a bounty.

b) <u>Seizure Provisions Only Apply to Owners of Computer Equipment</u>. The seizure and forfeiture provisions of this bill only apply to owners of computer equipment who were either convicted of a computer crime or who allowed their equipment to be used in the commission of a computer crime.

c) <u>Forfeiture Provisions Need Clarification</u>. Although this bill would require a hearing to determine property rights before the seized computer equipment can be subject to forfeiture, these provisions do not include guidelines which are generally found in other areas of law regarding forfeiture provisions:

   i.   What standard of proof is requested at the hearing?

   ii.  What are the rights of subsequent bona fide purchasers who do not have knowledge of the computer crime.

   iii. Is the plaintiff required to provide notice to persons who may have a property interest in the computer?

The sponsor has indicated that it is willing to cross reference this bill to the procedural requirements contained in the criminal profiteering forfeiture provisions (Section 186.4 of the Penal Code).



LEGISLATIVE INTENT SERVICE     (800) 666-1917

SB 255

SOURCE:     Los Angeles County Board of Supervisors

SUPPORT:    Rohr Industries, Inc.
            Southern California Gas Company
            Equifax Inc.
            City of Inglewood Police Department
            TRW Inc., Government Relations
            County of Los Angeles, Office of the Sheriff
            International Association of Chiefs of Police
            Security Pacific National Bank
            Quality Assurance Institute
            Attorney General's Office
            Northrop Corporation
            Hughes Aircraft Company
            Information Systems Security Association
            California Bankers Association
            Sacramento County Sheriff's Department
            Rockwell International Corporation

OPPOSITION: American Civil Liberties Union
            California Teamsters Public Affairs Council



LEGISLATIVE INTENT SERVICE     (800) 666-1917

DEC 22 1986



Subsidiary of GM Hughes Electronics

December 17, 1986

Honorable Ed Davis, State Senator
State Capitol
Room 2048
Sacramento, CA  95814

SUBJECT:  PROPOSED COMPUTER CRIME LEGISLATION

Dear Senator Davis:

The Hughes Aircraft Company supports the proposed Computer Crime
Legislation you will be introducing in this legislative session.

This proposed legislation, sponsored by the Los Angeles County
Board of Supervisors and their Computer Crime Task Force
reflects more appropriate definitions and is more comprehensive
than the current statutes.  We believe that passage of this
proposed legislation would be beneficial to the private sector
and public sectors in the deterrence and prosecution of computer
crime.

The proliferation of computer technology and the ever increasing
reliance on public and private agencies in the utilization of
this technology has the potential of impacting each individual.
Therefore, it is critical that the legislature provide the most
appropriate mechanism for prosecuting those who commit computer
crime.  We believe this proposed legislation achieves this
objective.

We appreciate your leadership in carrying this legislation and
respectfully request your continued efforts in this endeavor.

Very truly yours,

C. H. Reynolds
Staff Vice President

(800) 666-1917

LEGISLATIVE INTENT SERVICE



APl

Corporate Communications & Data Processing: 1600 Forbes Way
PO Box 9399, Long Beach CA 90810-0465
(213) 513-3000

LIS - 10

Revised: 12-24-85

## COMPUTER CRIME TASK FORCE

<u>CHAIRMAN</u>

Carl A. Pabst, Partner
Touche Ross & Co.
3700 Wilshire Blvd., Suite 600
Los Angeles, CA  90010

Telephone:  739-6201

<u>MEMBERS</u>

Sgt. Robert Brown
L.A. Co. Sheriff's Dept.
Forgery-Fraud Detail
11515 So. Colima Road
Los Angeles, CA  90012

Telephone:  946-7212

William F. Fahey
Asst. U.S. Attorney
Office of the U.S. Attorney
1200 U.S. Courthouse
312 North Spring Street
Los Angeles, CA  90012

Telephone:  894-2391

Steve Plafker
Electronic Crime Unit
District Attorney's Office
320 West Temple St., Room 780
Los Angeles, CA  90012

Telephone:  974-3949

Alice Hand
Los Angeles City Attorney
Room 219
429 Bauchet Street
Los Angeles, CA  90012

Telephone:  485-6681



<div style="writing-mode: vertical">LEGISLATIVE INTENT SERVICE   (800) 666-1917</div>

AP2

Edgar Hayes, Director
L.A. County Data Processing Department
9150 East Imperial Highway
Downey, CA  90242

Telephone:  940-2901

Sandra Mann Lambert
Vice President, ADP Security
Security Pacific National Bank
611 North Brand Blvd., Mail Code 2-155
Glendale, CA  91203

Telephone:  (818) 507-3071

Chief Roger Moulton
Redondo Beach Police Department
401 Diamond Street
Redondo Beach, CA  90277

Telephone:  379-2477

Roy Nakawatase
Los Angeles City Unified School
 District
450 North Grand Avenue
Los Angeles, CA  90012

Telephone 625-5228

John A. Nickols
(Representing L.A. Area
 Chamber of Commerce)
Director of Security, Times Mirror
Times Mirror Square
Los Angeles, CA  90053

Telephone:  972-5701

Captain William Poggione
Commander, Commercial
   Crimes Bureau
L.A. County Sheriff's Dept.
211 W. Temple St., Rm. 710
Los Angeles, CA  90012

Telephone:  974-4350



(800) 666-1917

LEGISLATIVE INTENT SERVICE

AP3

John Pricz
Carter, Hawley, Hale Stores
Information Services
1600 N. Kraemer Blvd.
Anaheim, CA   92806

Telephone:  (714) 520-1816

Carl Reynolds, Vice President
Communications and Data Processing
Hughes Aircraft Company
Post Office Box 9399
Building C05, M/S 2001
Long Beach, CA  90810

Telephone:  513-5620

Dr. Richard Savich
Associate Professor, School of Accounting
University of Southern California
Los Angeles, CA   90089-1421

Telephone:   743-6184

Larry R. White
Hughes Aircraft Company
P.O. Box 9399, Bldg. C-7
Mail Station 2062
Long Beach, CA  90810-0465

Telephone:  513-3317

Ed Zeitler
Vice President, ADP Security
Security Pacific National Bank
611 North Brand Blvd., Mail Code 2-155
Glendale, CA   91203
                (818)
Telephone:   507-3026

STAFF

████████ DEBRA PARKER

CCJCC
783 Hall of Administration
500 West Temple Street
Los Angeles, CA  90012

Telephone:  974-8398

CCJCC2
CTLIST1-4
12-24-85

AP4



LEGISLATIVE INTENT SERVICE          (800) 666-1917

<u>SB 255 (Davis)- (Computer Crimes)</u>

1) Forfeiture Provisions of the bill need to clarify:

- what standard of proof is required   *BRD 186.5 (A)*

- rights of subsequent bona fide purchasers without knowledge of criminal use of computer

- bill needs to provide for notice of persons who may have a property interest in the computer   *186.4*

- bill should clarify that when the owner knowingly allowed the use of his computer that a conviction is required of the person who used the computer

*Criminal profiteering*
*§ 186.4*



LEGISLATIVE INTENT SERVICE   (800) 666-1917

*AP5*

# QUALITY ASSURANCE INSTITUTE

**9222 Bay Point Drive**
**Orlando, Florida 32819**
**Telephone (305) 876-4292**

January 22, 1987


The Honorable Ed Davis
Senator, 19th District
State Capitol, Room 2048
Sacramento, CA 95814

RE: PROPOSED COMPUTER CRIME LEGISLATION

Dear Senator Davis:

Computer technology continues to evolve and expand into every facet of both
the public and private business community.  Although this technology is
of considerable benefit, it has also provided new opportunities for criminal
activity.  For this reason, the Quality Assurance Institute believes that
the existing computer crime law (Penal Code Section 502) must be revised
and strengthened.

The Quality Assurance Institute is a catalyst to promote quality within
data processing and among the vendors who produce data processing products.
QAI is organized to share state-of-the-art quality assurance methods, tools
and techniques among its members.  Approximately 600 organizations have
banded together to share ideas and to promote DP quality concepts.

The Quality Assurance Institute is aware that Los Angeles County has developed
a computer crime legislative proposal for your authorship.  We have reviewed
that proposal, and we endorse it as a reasonable and responsible method
of addressing and attacking the expanding computer crime trend.  Further,
we would be pleased to be listed as a cosponsor of this measure.

Please let us know what we can do to assist in obtaining its passage.

Sincerely yours,



William E. Perry
Executive Director

WEP/mp

CC: Carl Pabst

P.S.  Carl, thanks for a super evening.  Thank your wife for sharing you
with me.  Hope this letter helps--I'm a believer.

(800) 666-1917

LEGISLATIVE INTENT SERVICE



AP 6

SB 255 (Davis) – As Proposed to be Amended

Current law:

1) Makes it an alternate felony/misdemeanor for one to intentionally access a computer for the purpose of defrauding.  502(b)

2) Makes it an alternate felony/misdemeanor for one to maliciously access, alter, damage, or disrupt the operation of a computer system.  502(c)

3) Makes it an infraction for one to intentionally and without authorization access a computer system.  An act which results in injury and second offenses are punishable as an alternate felony/misdemeanor.  502(d); 502 (f)(1),(2)

This bill:

1) Makes it an alternate felony/misdemeanor for one to knowingly and without permission access a computer for the purpose of defrauding. 502 (c)(1) crime; 502 (d)(1) penalty

2) Makes it an alternate felony/misdemeanor for one to knowingly and without permission access and use or take computer data or alter, damage, or disrupt the operation of a computer system.  502(c)(2),(4),(5) crime; 502(d)(1) penalty

3) Makes it a misdemeanor for one to knowingly and without permission use a computer system.  Acts which result in injury, a victim expenditure over $5,000, or in which the value of the services is over $400, and second offenses are punishable as an alternate felony/misdemeanor. 502(c)(3) crime; 502(d)(2) penalty

4) Makes it an infraction for one to knowingly and without permission access a computer system.  An act which results in a victim expenditure not greater than $5,000 is punishable as a misdemeanor.  An act which results in a victim expenditure in an amount greater than $5,000 is punishable as an alternate felony/misdemeanor.  502(c)(6),(7) crime; 502(d)(3) penalty



(800) 666-1917   LEGISLATIVE INTENT SERVICE

AP7

# ISSA

**INFORMATION SYSTEMS SECURITY ASSOCIATION, INC.**   P.O. BOX 71926, LOS ANGELES, CA 90071

*President*
Carl B. Jackson
Ford Aerospace &
Communications Corporation

*Vice President*
Harold F. Tipton
Rockwell International

*Treasurer*
Leslie Chalmers
Bank of California

*Corresponding Secretary*
Gary M. Itano
City National Bank

*Recording Secretary*
Hans von Braun
Hewlett-Packard

*Past President*
Sandra Mann Lambert
Security Pacific National Bank

February 12, 1987

Honorable Ed Davis
State Senator, 19th District
State Capitol, Room 2048
Sacramento, Ca. 95814

SUBJECT: PROPOSED COMPUTER CRIME LEGISLATION

Dear Senator Davis:

The Information Systems Security Association supports SB 255, the proposed Computer Crime Legislation you will be introducing in this legislative session.  This proposed legislation, sponsored by the Los Angeles County Board of Supervisors and their Computer Crime Task Force, reflects more appropriate definitions and is more comprehensive than the current statutes.

The Information Systems Security Association is a non-profit organization made up of professionals who have as their primary responsibility information systems security in the private or public sector.  Our main goals are to provide a facility for information exchange and communication, a forum for educational events and a vehicle for research in the area of information security. Our membership comes from varied backgrounds in industries such as banking, aerospace, insurance, energy, retail, computing services, public accounting, armed forces, education, etc.  These members, organized into chapters nationwide, are information security practitioners, consultants, vendors, attorneys, law enforcement officials and educators.  We currently have three chapters in California: Los Angeles, Orange County and San Francisco.

The role of an information systems security professional is to protect information assets by ensuring the implementation of preventive and detective measures against computer crime, which adversely affects individuals as well as companies.  Since many of our members become involved in the investigation, testimony

LEGISLATIVE INTENT SERVICE   (800) 666-1917

AP8

and/or prosecution of information security violation cases, computer crime legislation is of critical interest to them.  We believe that passage of this proposed legislation would be beneficial to both the private and public sectors in the deterrence and prosecution of computer crime.

We appreciate your leadership in carrying this legislation and respectfully request your continued efforts in this endeavor.

Sincerely,                                          --

Carl B. Jackson
President

cc:  Assembly Public Safety Committee Members
     Senate Judiciary Committee Members

<div align="right">(800) 666-1917

LEGISLATIVE INTENT SERVICE</div>



AP9



**Information Systems Center**
**Rockwell International Corporation**
2201 Seal Beach Boulevard
P.O. Box 2515
Seal Beach, California 90740

Rockwell
International

February 24, 1987                         HFT/015/087


Honorable Ed Davis
State Senator, 19th District
State Capitol, Room 2048
Sacramento, CA  95814

Dear Senator Davis:

**Rockwell International Corporation supports** the computer crime
legislation, SB 255, that you are introducing during this
legislative session.

At Rockwell we have established a Corporate nationwide
information security program.  An element of this program
addresses preventive and detective measures to protect Company
information resources against computer crime.  We employ
several security officers at more than 20 facility locations
who are involved in the investigation and potential prosecution
of information security violations.  Computer crime legislation
is of special interest to us.

Passage of legislation such as the proposed SB 255 provides us
with a useful reference in administering our security program
and serves as a deterrant to computer crime as well as an aid
in its prosecution when necessary.

We appreciate your excellent leadership in carrying this
legislation forward and encourage your continued efforts in its
behalf.


Sincerely,

ROCKWELL INTERNATIONAL CORPORATION
Information Systems Center


H. F. Tipton, Manager
Systems Security


2723o/pf                                            AP10

LEGISLATIVE INTENT SERVICE      (800) 666-1917

MAR 09 1987



# SACRAMENTO COUNTY

# SHERIFF'S DEPARTMENT

## Glen Craig
*Sheriff*

February 27, 1987

The Honorable Ed Davis
Senator, Ninth District
State Capitol, Room 2048
Sacramento, CA  95814

Dear Senator Davis:

We have reviewed and support your bill, Senate Bill 255, which
would revise Penal Code Section 502 to prohibit activity in the
area of computer systems and data.

However, there is one area we would like to suggest a change in,
in order to keep in line with past practice.  In the area of
distribution of seized items, we believe it is more appropriate
to allow the seizing agency to control the distribution of the
items seized after the property rights hearing, rather than
conferring this authority upon the courts.  This is in line with
laws relating to other crimes and the distribution of property.
Attached is a proposed amendment which would revise Section
502(h) of the bill.

Your efforts in the area of law enforcement are greatly
appreciated.  If you have any questions or desire additional
information, please contact me at 440-7146, or Lt. Gary Cheris at
440-5167.

Sincerely,

GLEN CRAIG, Sheriff

els

(800) 666-1917

LEGISLATIVE INTENT SERVICE



AP11



SACRAMENTO COUNTY SHERIFF'S DEPARTMENT PROPOSED CHANGE
TO SB 255

(h)  Any  computer,  computer  system,  computer
program,  instrument,  apparatus,  device,  plans,
instructions,  or  written  publication  used  in  the
commission  of  any  public  offense  described  in
subdivision  (c) may be seized under warrant or incident
to a lawful arrest.  Upon the conviction of a person for
a  violation of subdivision (c), and following a hearing
to determine property rights to the items involved,  the
seized  computer,  computer  systems,  computer program,
instrument, apparatus, device, plans,  instructions,  or
written  publication,  if  owned  or  controlled  by  the
person so convicted, or owned or controlled by a  person
or  entity  that knowingly allowed the use of the seized
items in the commission  of  any  offense  described  in
subdivision  (c)  and  that  person or entity was notified
of the hearing described in this  subdivision,  provided
their identity was known, may be destroyed as contraband
by the ~~sheriff or the county in  which  the  person  was~~
~~convicted  or  turned  over  to  the county in which the~~
~~person was convicted for use by the  county  or~~ seizing
agency or turned over to the seizing agency         for
distribution to any other  public  entity  or  nonprofit
corporation  in  any  manner  deemed  appropriate by the
court by that agency.



(800) 666-1917   LEGISLATIVE INTENT SERVICE

AP12

President and
Chief Operating Officer

5 March 1987

Honorable Ed Davis
Vice Chairman
Senate Judiciary Committee
State Capitol
Sacramento, California 95814

Dear Senator Davis:

We are writing in support of SB 255, legislation you recently introduced to address the proliferation of computer crime and other forms of unauthorized access to computers, computer systems, and computer data.  We understand this bill is scheduled for a hearing in the Senate Judiciary Committee on 10 March 1987.

Northrop believes this legislation reflects more appropriate definitions of computer crimes and is more comprehensive than current statutes.  Passage of SB 255 would be beneficial to the private and public sectors in the deterrence and prosecution of crimes in this area.

Your leadership in carrying this legislation is sincerely appreciated and we respectfully request your continued efforts in this endeavor.

Sincerely,

Kent Kresa

cc:  Members of the
     Senate Judiciary Committee

(800) 666-1917   LEGISLATIVE INTENT SERVICE



AP13

## Members of the Senate Judiciary Committee

Honorable Bill Lockyer
Chairman
Senate Judiciary Committee

Honorable Ed Davis
Vice Chairman
Senate Judiciary Committee

Honorable John Doolittle
State Senator - 1st District

Honorable Barry Keene
State Senator - 2nd District

Honorable Milton Marks
State Senator - 3rd District

Honorable Nicholas Petris
State Senator - 9th District

Honorable Robert Presley
State Senator - 36th District

Honorable H. L. Richardson
State Senator - 25th District

Honorable David Roberti
State Senator - 23rd District

Honorable Art Torres
State Senator - 24th District

Honorable Diane Watson
State Senator - 28th District

(800) 666-1917   LEGISLATIVE INTENT SERVICE 

AP14

# SECURITY PACIFIC NATIONAL BANK

611 NORTH BRAND BOULEVARD, GLENDALE, CALIFORNIA 91203

March 5, 1987

The Honorable Ed Davis
Senator, 19th District
State Capitol, Room 2048
Sacramento, CA  95814

                    RE:  Proposed Computer Crime Legislation
                         Senate Bill #255

Dear Senator Davis:

Computer technology continues to evolve and expand into every facet of
both the public and private business community.  Although this technol-
ogy is of considerable benefit, it has also provided new opportunities
for criminal activity.  For this reason, the Security Pacific National
Bank believes that the existing computer crime law (Penal code Section
502) must be revised and strengthened.

Two SPNB staff members are on the Los Angeles County Computer Crime Task
Force who developed this computer crime legislative proposal.  We
endorse it as a reasonable and responsible method of addressing and
attacking the expanding computer crime trend.  Further, we would be
pleased to be listed as a co-sponsor of this measure.

Please let us know what we can do to assist in obtaining its passage.

Sincerely,

Eddie L. Zeitler
Vice President
Corporate Security

cc:  Assembly Public Safety Committee Members
     Senate Judiciary Committee Members

LEGISLATIVE INTENT SERVICE     (800) 666-1917

AP 15





**California Bankers Association**
*Established 1891*

March 9, 1987

The Honorable Ed Davis
Vice Chairman, Senate Judiciary Committee
State Capitol, Room 2048
Sacramento, California  95814

    RE:  **SENATE BILL 255, COMPUTER CRIME**

Dear Senator Davis:

    The California Bankers Association supports your effort in SB 255 to deter the increase of computer crime.  We believe the bill will be of significant benefit as more and more commercial activity is carried out electronically.

                              Sincerely,

                              STANLEY M. WIEG
                SENIOR LEGISLATIVE COUNSEL

SMW:rw
cc: Senator Bill Lockyer, Chairman,
    Senate Judiciary Committee
    Theresa Taylor, Consultant
    Norm Jay

SB255.LTR

(800) 666-1917    LEGISLATIVE INTENT SERVICE



AP 16

**JOHN K. VAN DE KAMP**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

1515 K STREET, SUITE 511
P.O. BOX 944255
SACRAMENTO 94244-2550
(916) 445-9555

March 13, 1987

Honorable Ed Davis
Senator, 19th District
State Capitol, Room 2048
Sacramento, CA 95814

Dear Senator Davis:

Re: SB 255 – Computer Crime

The Attorney General's office supports SB 255.

This bill would repeal and reenact Penal Code section 502 relating to computer crimes.  In so doing, it will make significant changes in the following areas:

1.  Definitions.  The definitions in SB 255 are broader than current law and directed more toward computer users than lawyers.  Newly defined terms include "supporting documentation" and "injury."

The bill sets out seven species of crimes and reaches conduct that is not covered under existing law.  The crimes are (1) the access, alteration, destruction, etc., of a computer system, program, network or data to devise or execute a scheme to defraud, or to obtain wrongfully or control property or money by false pretenses; (2) taking or copying data; (3) unauthorized use of computer services; (4) accessing, altering, damaging, etc., data, software, programs or supporting documentation, in other words, vandalism; (5) disrupting or causing the denial of computer service to an authorized user; (6) providing or assisting in the providing of a means for unauthorized access; and (7) unauthorized access, or "hacking."  This last provision is essentially a simple trespass law, replicating current law.

Significantly, the mental elements of "intentional" and "malicious" in the current section 502 are replaced with "knowingly" and "without authorization."  Thus, the mental element under the new bill is general criminal intent rather than malice.  This single change will definitely make the statute easier for affected persons to understand as well as aiding its enforcement.



LEGISLATIVE INTENT SERVICE   (800) 666-1917



AP17

Honorable Ed Davis
March 13, 1987
Page 2

2.  Punishment.  Punishments generally remain the same as under current law:
alternative felony/misdemeanor "wobbler" sentences are provided for most
violations, the maximum felony punishments being 16 months, two or three
years, and the maximum fine being $10,000.  A first violation of subdivision
(e)(3), theft of services, is punishable as a misdemeanor if no injury
results and the value of the stolen services is less than $400.  Repeat
violations, or those which cause injury or involve more than $400 worth of
services, are punishable as felonies.

3.  Collateral remedies.  The collateral remedy provisions in the present
law are substantially reenacted.  The attorney's fees provision in the
present section 502(g) is changed from "prevailing plaintiff" to "prevailing
party."  A new provision permits computer equipment used in violation of the
law to be seized and destroyed as contraband, or turned over to a public
agency or non-profit corporation as deemed appropriate by the court.

This is an excellent, comprehensive bill which clarifies and broadens
existing law.  If we can be of further assistance in supporting the bill,
please let me know.

Very truly yours,

JOHN K. VAN DE KAMP
Attorney General

Michael L. Pinkerton
Deputy Attorney General

MLP:cj



LEGISLATIVE INTENT SERVICE     (800) 666-1917

AP18

  

| CALIFORNIA PEACE OFFICERS' ASSOCIATION | CALIFORNIA POLICE CHIEFS' ASSOCIATION | CALIFORNIA STATE SHERIFFS' ASSOCIATION |
|---|---|---|

*1485 RIVER PARK DRIVE, SUITE 200*    ●    *SACRAMENTO, CALIFORNIA 95815*    ●    *PHONE (916) 923-1825*

# ———— Legislative Oversight Committee ————

March 23, 1987

The Honorable Ed Davis
California State Senator
State Capitol
Sacramento, CA 95814

Re:  SB 255

Dear Senator Davis:

Your bill, SB 255, has been reviewed by the Law and Legislative Committee of the California Peace Officers' Association. The position of the committee reflects the position of all three indicated associations.

The committee has taken a position of "Approve in Principle" on your bill.

You may advise the appropriate committee consultant of our position on this proposed legislation. We will provide a copy of our position letter, if requested. If you have any questions or if I can be of further assistance to you on this issue, please contact me.

Sincerely,

Al Cooper
Legislative Advocate

AC/csw

*(800) 666-1917     LEGISLATIVE INTENT SERVICE*

AP 19

**TRW**

**TRW Inc.**

Executive Offices
One Space Park
Redondo Beach, CA 90278
213.535.2175

**March 27, 1987**

The Honorable Robert Presley
Chairman, Senate Appropriations Committee
State Capitol
Sacramento, CA   95814

Dear Senator Presley:

<u>We are writing to encourage you to support the
enactment of Senate Bill 255 authored by Senator
Davis.</u>   SB 255 would revise current law as it
pertains to computer crimes by expanding the scope of
prohibited activity and revising certain definitions
of Penal Code 502.   These revisions will update
current law to reflect the tremendous growth of
computer technology and address the proliferation of
unauthorized access to sensitive computer systems and
data bases.

TRW's Information Services Division operates one of
the country's largest consumer credit reporting
agencies.   We maintain files on over 130 million
individuals and service these consumers through 21
offices and 80 independent credit bureaus
nationwide.   We are extremely concerned with any
unauthorized access to our data base and place high
priority on security-related issues and programs.

We believe that the provisions contained in SB 255
will work to protect the integrity of information
held in computer systems and guard the privacy of
individuals and businesses.   We urge you to vote
"aye" for SB 255 when it comes before the Senate
Appropriations Committee.

Sincerely,

Maureen S. Frisch, Regional Manager
TRW Inc. Government Relations

MSF

cc:   Senator Ed Davis
      Members, Senate Appropriations Committee
      Leo Spiekerman, Director
         Legislative & Regulatory Affairs
         TRW Information Services Division

(800) 666-1917

LEGISLATIVE INTENT SERVICE





# SECURITY PACIFIC NATIONAL BANK

MAY 12 1987

611 NORTH BRAND BOULEVARD, GLENDALE, CALIFORNIA 91203

May 7, 1987

Larry Stirling, Chairman
Assembly Public Safety Committee
State Capitol, Room 2137
Sacramento, CA  95814

SUBJECT:  PROPOSED COMPUTER CRIME LEGISLATION

Dear Mr. Stirling:

Security Pacific National Bank is pleased to co-sponsor the proposed
Computer Crime Legislation, SB 255, that is now pending hearing in the
Assembly Public Safety Committee.

The proposed legislation, sponsored by the Los Angeles County Board of
Supervisors and their Computer Crime Task Force reflects more appropri-
ate definitions and is more comprehensive than the current statutes.  We
believe that passage of this proposed legislation would be beneficial to
both the private and public sectors in the deterrence and prosecution of
computer crime.

The proliferation of computer technology and the ever increasing reli-
ance on public and private agencies in the utilization of this technolo-
gy has the potential of impacting each individual.  Therefore, it is
critical that the legislature provide the most appropriate mechanism for
prosecuting those who commit computer crime.  We believe this proposed
legislation achieves this objective.

We appreciate your leadership in carrying this legislation and respect-
fully request your continued efforts in this endeavor.

Sincerely,

Eddie L. Zeitler, Vice President
Information Systems Security Division


cc:  Robert Campbell, Vice Chairman
     Terry Friedman
     Tim Leslie
     Burt Margolin
     Mike Roos
     Paul Zeltner

(800) 666-1917    LEGISLATIVE INTENT SERVICE



AP21

Possible Amendments

## 255 —Computer Crimes

① Disruption of computer
Services

would not apply to
a Strike

② unauthorized use /acess

wouldn't apply to E'ee
unauthorized use
where OO Scope of ξ
which doesn't cause
injury to E'er, unless
it causes E'er
expenditures over $100
for cost of investigation

(800) 666-1917

LEGISLATIVE INTENT SERVICE

AP 22

MAY 28 1987



# COUNTY OF LOS ANGELES
## CHIEF ADMINISTRATIVE OFFICE

713 HALL OF ADMINISTRATION / LOS ANGELES, CALIFORNIA 90012
974-1101

MEMBERS OF THE BOARD

PETER F. SCHABARUM
KENNETH HAHN
EDMUND D. EDELMAN
DEANE DANA
MICHAEL D. ANTONOVICH

RICHARD B. DIXON
CHIEF ADMINISTRATIVE OFFICER

May 26, 1987

Honorable Larry Stirling
Chairman, Assembly Public
 Safety Committee
State Capitol, Room  2137
Sacramento, CA  95814

    RE:  Senate Bill 255 (Davis), As Amended May 21, 1987,
        relating to Computer Crime -- COUNTY-SPONSORED

Dear Assembly Member Stirling:

The Los Angeles County Board of Supervisors sponsors Senate Bill
255 (Davis), which will soon be scheduled for hearing before your
Assembly Public Safety Committee.

Current law seeks to control the unlawful use of computers and
data systems by imposing criminal and civil sanctions on viola-
tors.  Prosecutors and private system operators feel that there
is a need for enhanced penalties and for further standardization
of definitions.

Senate Bill 255, which was developed by a task force representing
private industry, prosecution and criminal defense, broadens the
application of existing law by redefining such terms as "access,"
"computer system," "computer network," "computer program" and
"data."  It also defines such new terms as "computer services"
and "supporting documentation."

In addition to definitional changes, Senate Bill 255 proposes to
make some offenses, like computer fraud, subsequent violations of
unauthorized access, or unauthorized access resulting in injury,
"wobblers" instead of simple misdemeanors.  In appropriate cir-
cumstances, serious offenders could be punished as felons.

Finally, the proposal provides for the seizure and forfeiture of
computers and computer-related items that are used in the com-
mission of proscribed activities.  These items could be destroyed
or utilized by the prosecuting county for legitimate purposes, if
they are used to commit an offense that results in a conviction.
The forfeiture could only occur after an appropriate hearing to
determine property rights.



(800) 666-1917    LEGISLATIVE INTENT SERVICE

AP83

Senate Bill 255 (Davis)          -2-          May 26, 1987

The proliferation of computers has facilitated the abuse of information systems and data.  A June, 1984 American Bar Association report indicated that 25% of America's largest companies suffer annual losses attributable to computer crime of between $145 million and $730 million.  Detection and prosecution is difficult because of the volume of illegal activity and the limitations on justice system personnel.  Senate Bill 255 attempts to mitigate some of these problems by providing standardized definitions acceptable to both the business and legal communities.

We urge your "AYE" vote on Senate Bill 255.

                         Very truly yours,

                         *Clancy Leland* (RDL)

                         Clancy Leland,
                         Legislative Representative

CL:SZ:jds2
SB255FL
cc:  Senator Ed Davis
     Each Member and Consultant,
      Assembly Public Safety Committee Committee

(800) 666-1917

LEGISLATIVE INTENT SERVICE

AP 24



**GOVERNMENT RELATIONS**

MAY 29 1987

Donald Carlton Burns
Legislative Counsel

James E. Prosser
Associate Legislative Counsel

May 27, 1987

<u>MEMORANDUM TO THE ASSEMBLY PUBLIC SAFETY COMMITTEE</u>

RE:   SB 255 (Davis)
      Comprehensive Computer Data Access & Fraud Act

On behalf of our client, **Equifax Inc.**, we urge your
support of SB 255.  The bill is scheduled for hearing on
Monday, June 1, 1987 at 2:00 p.m.

The bill is sponsored by the Computer Crime Task Force of the
Los Angeles County Criminal Justice Coordinating Committee.
As a member of that task force, Equifax believes strongly in
the need to update the penal code to reflect the computer
technology of today.  In a society that demands quick and
reliable access to vast amounts of electronic data, it is
paramount that the accuracy of that data as well as an
individual's right to privacy be maintained.

SB 255 will strengthen existing penal code provisions and will
allow for the prosecution for persons who knowingly and
without authorization access computer systems.  In addition,
the bill provides for compensatory damages for the victims of
such knowing and unauthorized access.

We strongly urge your <u>support</u> of SB 255.

                              James E. Prosser

JEP:jna

cc: Senator Davis
    Dee Dee D'Adamo, Committee Consultant

AP25

(800) 666-1917    LEGISLATIVE INTENT SERVICE



**AMERICAN CIVIL LIBERTIES UNION**
**CALIFORNIA LEGISLATIVE OFFICE**
1127 11th Street, Suite 605 □
Sacramento, California 95814
Telephone (916) 442-1036 □

May 27, 1987

Hon. Ed Davis
State Capitol Building
Sacramento, California   95814

Re: SB 255 - Oppose

Dear Senator Davis:

The ACLU regrets to inform you of our opposition to SB 255 relating to the use of computers.

We are not opposed to penalties for unlawful use of computers when there is fraud or theft.  However, certain provisions of SB 255 provide for felony penalties for conduct which is de minimis or which would be petty theft if it involved conduct other than computers.  For instance, if an employee uses the computer after hours without permission for personal use felony penalties could be imposed.  We are also opposed to the provision allowing forfeiture of computers.  It is sufficient for a person to be convicted, fined and incarcerated.  Loss of the computer, especially if purchased or used by other people is excessive.  In addition the provisions allow the computer to be acquired by the county is tantamount to a bounty.  Finally, we also oppose the provisions which allows the amount of damages to be calculated by using the cost of determining if a crime was committed.  The damage should be measured the same as any other theft, not be the costs of investigation.

If you or your staff wish to discuss this matter further, please contact our office.

Respectfully,

MARJORIE C. SWARTZ
Legislative Advocate

DAPHNE L. MACKLIN
Legislative Advocate

cc: Members and Consultant, Assembly Public Safety Committee

AP26

LEGISLATIVE INTENT SERVICE     (800) 666-1917

Daphne L. Macklin, Legislative Advocate • Marjorie C. Swartz, Legislative Advocate • Rita M. Egri, Legislative Assistant
ACLU of Northern California • Dorothy M. Ehrlich, Executive Director     ACLU of Southern California • Ramona Ripston, Executive Director
1663 Mission Street, Suite 460•San Francisco, 94103•(415)621-2493     633 South Shatto Place • Los Angeles, 90005 • (213) 487-1720

SB 255 (Davis)
5/29/87

## ASSEMBLY PUBLIC SAFETY COMMITTEE
## REPUBLICAN ANALYSIS

SB 255 (Davis) -- COMPUTERS
         Version: 5/21/87                    Chairman: Larry Stirling
         Recommendation: Support
         Vote: Majority.

Summary:  Enacts a comprehensive criminal law act to deal
with computer crime.  Increases penalties for certain
existing computer crimes.  Establishes criminal penalties for
knowing and unauthorized 1) using a computer to defraud or
steal; 2) taking or copying data; 3) using computer services;
4) vandalizing computer software and systems; 5) interfering
with lawful use of the system; 6) providing or assisting in
unauthorized access to a system; and 7) hacking.
Fiscal effect:  Unknown

Supported by L.A. County (source); Attorney General; Dept. of
Finance; Union Bank; Security Pacific Bank; Information
Systems Security Assoc.; So. Cal. Gas Co.; CA Bankers Assoc.;
Hughes Aircraft; Santa Cruz County; Northrop Corp.;
L.A. Sheriff; Equifax Inc.; L.A. District Attorney.
Opposed by ACLU   Governor's position: Unknown.

Comments:  As computer systems have become more common and
more central to daily life, the laws dealing with computer
crime have become outdated.  This bill enacts a comprehensive
computer crime law to deal with these crimes.  The damage
that computer crime causes is substantial -- costing millions
of dollars yearly to businesses and other computer users.

     Senate Republican Floor Vote -- 4/9/87
      (31-0)     Ayes: All Republicans voting (10)
     Assembly Republican Committee Vote
      Public Safety -- 6/1/87
      ()          Ayes:
                  Noes:
                  N.V.:
                  Abs.:
        Consultant: Bill Gausewitz

LEGISLATIVE INTENT SERVICE   (800) 666-1917

AP27

ITEM # 4

SOUTHERN CALIFORNIA GAS COMPANY
POSITION STATEMENT
SB 255 (DAVIS)                    MAY 29 1987

## Position

Southern California Gas Company (SoCalGas) SUPPORTS SB 255 because it would provide an increased deterrent to computer crime by strengthening and redefining existing law.

## Issues

Computer crime poses a very serious and potentially costly threat to SoCalGas.  Tampering with or destroying customer billing data, payroll data, licensed proprietary information or other vital or confidential records could disrupt operations, endanger customers, cause loss of revenue and damage the Company's credibility with the public. Unauthorized access to a computer system, even when no damage is done, is extremely costly to the owner of the file.  A search of a "trespassed" file to ensure the accuracy of the stored data may cost tens or even hundreds of thousands of dollars to conduct.

SB 255 would strengthen and more clearly define the law, thereby providing greater protection to all corporations statewide who utilize computing and data resources.  It would improve the ability of local prosecutors to effectively investigate high technology crimes and secure convictions.  The bill also would update and redefine the terms used in computer crime law.  The new terms are broader and are directed more to computer users than to lawyers.

## Conclusion

SoCalGas believes that SB 255 is a positive, and much needed step toward deterring computer crime and would benefit all companies which utilize computing and data resources.

2/23/87

LEGISLATIVE INTENT SERVICE  (800) 666-1917



---

PARK EXECUTIVE BUILDING
SUITE 980
925 "L" STREET
SACRAMENTO, CA. 95814
(916) 446-5282

LEAH CARTABRUNO
STATE GOVERNMENTAL AFFAIRS MANAGER

SOUTHERN CALIFORNIA GAS COMPANY

720 WEST EIGHTH STREET
LOS ANGELES, CA 90017
(213) 689-3618

AP28



JUN   1987
JUN   1 1987

| President | First Vice President | Fifth Vice President | Division of State |
| John J. Norton | Robert W. Landon | Lee P. Brown | Associations of |
| Pittsburgh, PA | Helena, MT | Houston, TX | Chiefs of Police |
| | | | General Chairman |
| Immediate Past President | Second Vice President | Sixth Vice President | John T. Whetsel |
| Thomas J. Sardino | Joe D. Casey | Richard L. Dotson | Choctaw, OK |
| Syracuse, NY | Nashville, TN | Louisville, KY | |
| | Third Vice President | Treasurer | Past President and |
| | Charles D. Reynolds | Russell L. Dwyer | Parliamentarian |
| | Dover, NH | Middletown, OH | Francis B. Looney |
| | | | Farmingdale, NY |
| | Fourth Vice President | Division of State and | |
| | Charles A. Gruber | Provincial Police | |
| | Quincy, IL | General Chairman | |
| | | James E. Smith | |
| | | Sacramento, CA | |

**International
Association of
Chiefs of
Police, Inc.**
Thirteen Firstfield Road
P.O. Box 6010
Gaithersburg, Maryland 20878
Phone (301) 948-0922
Cable Address IACPOLICE

Jerald R. Vaughn
Executive Director

May 28, 1987

Honorable Larry Stirling, Chairman
Assembly Public Safety Committee
State Capitol
Room 2137
Sacramento, California 95814

Re:  Computer Crime Legislation – Senate Bill 255

Dear Mr. Stirling:

On June 1, 1987, Bill 255 is pending hearing before your committee.

As members of the International Association of Chiefs of Police,
we support this proposed legislation and believe that its passage
will be beneficial to both the private and public sectors in the
deterrence and prosecution of computer crime.

We strongly endorse Senate Bill 255 as a reasonable and respon-
sible method of addressing and attacking the ever-expanding
computer crime trend.

Your support is solicited in the passage of this legislation.

Sincerely,

Deborah M. Jacob
Co-Chair
International Association of Chiefs
of Police Private Sector Liaison Committee

DMJ:bl

(800) 666-1917   LEGISLATIVE INTENT SERVICE



AP29

## PRIVATE SECTOR LIAISON COMMITTEE

### PRIVATE SECTOR

Homer A. Boynton
Assistant Vice President
Security Department
American Airlines
P.O. Box 619616
Dallas/Fort Worth Airport
Texas 75261-9616

Richard C. Clement
Vice President
Tropicana Hotel and Casino
P.O. Box 59
Atlantic City, New Jersey 08404

William C. Cunningham
President
Hallcrest Systems, Inc.
7316 Hooking Road
McLean, Virginia 22101

Joseph F. Duncan, Sr.
Regional Director of
New Business Development
National Guardian Alarm Services
512 - 8th Avenue South
Nashville, Tennessee 37202

William A. Geller
Project Director
American Bar Foundation
750 North Shore Drive
Chicago, Illinois 60611

John E. Ingersoll
Director of Security International
IBM Corporation Security
IBM Corporation
Armonk, New York 10504

*Deborah M. Jacob
Senior Vice President
Security Pacific National Bank
333 South Beaudry Avenue W19-60
Los Angeles, California 90017

Radford W. Jones
Executive Security Director
Ford Mator Company
922 Parklane Towers West
Dearborn, Michigan 48126

Kenneth E. Joseph
Director, Security
Cooper Industries, Inc.
First City Tower, Suite 4000
P.O. Box 4446
Houston, Texas 77210

C.G. Keele
General Director of Security
General Motors Corporation
General Motors Building
3044 West Grand Boulevard
Detroit, Michigan 48202

David F. Ludwick, Jr.
Manager, Security Department
Hughes Aircraft Company
Radar Systems Group
P.O. Box 92426
Los Angeles, California 90009

John Natale
Vice President
Loss Prevention
The Great Atlantic & Pacific
Tea Company, Inc.
2 Paragon Drive
Montvale, New Jersey 07645

Richard H. Nelson
Corporate Security Manager
The Southland Corporation
2828 North Haskel Avenue
Dallas, Texas 75221

Rock Pomerance
Gilbralter Central Security Corporation
4423 Alton Road
Miami, Florida 33140

Thomas W. Wathen
President
California Plant Protection
6727 Odessa Avenue
Van Nuys, California 91408

(800) 666-1917

LEGISLATIVE INTENT SERVICE

AP 30

## PUBLIC SECTOR

Neil J. Behan
Chief of Police
Baltimore County Police Dept.
400 Kenilworth Drive
Towson, Maryland 21204

Joe D. Casey
Chief of Police
Metropolitan Police Department
Metropolitan Justice Center
200 James Robertson Parkway
Nashville, Tennessee 37201

Patrick S. Fitzsimons
Chief of Police
Seattle Police Department
610 Third Avenue
Seattle, Washington 98104

Col. Gerald L. Hough
Director
Department of State Police
714 South Harrison Road
East Lansing, Michigan 48823

R.C. Ingalls
Chief of Police
Amtrak Police Department
400 North Capital Street, NW
Washington, D.C. 20001

Phillip C. McGuire
Associate Director
Department of the Treasury
Bureau of Alcolhol, Tobacco
& Firearms
Washington, D.C. 20226

Roger M. Moulton
Chief of Police
Department of Police
401 Diamond Street
Redondo Beach, California 90277

James O'Connor
Inspector - Deputy Asst. Dir.
FBI Academy
Quantico, Virginia 22135

John E. Otto
Executive Assistant Director
Federal Bureau of Investigation
10th & Pennsylvania Avenue, NW
Washington, D.C. 20535

Morris G. Redding
Chief of Police
Atlanta Police Department
175 Decatur Street, SE
Atlanta, Georgia 30335

Howard L. Runyon, Sr.
Chief of Police
Passaic Township Police Dept.
264 Mercer Street
Stirling, New Jersey 07980

*Michael G. Shanahan
Chief of Police
University of Washington
Police Department
1117 N.E. Boat Street HE-10
Seattle, Washington 98105

Robert Snow
Assistant to the Director
Office of Public Affairs
Department of the Treasury
United States Secret Service
Washington, D.C. 20223

Carl Stokes
Director of Law Enforcement
University of South Carolina
Columbia, South Carolina 29208

James K. Stewart
Director FTS
National Institute of Justice
633 Indiana Avenue, NW
Washington, D.C. 20531

*Co-Chairman

LEGISLATIVE INTENT SERVICE    (800) 666-1917

AP 31

SPECIAL CONSULTANTS

Thomas J. Sardino
Chief of Police
Syracuse Police Department
511 South State Street
Syracuse, New York 13201

William F. Quinn
Chief of Police
Newton Police Department
1321 Washington Street
Newton, Massachusetts 02165

IACP STAFF SUPPORT

Charles I. Higginbotham
IACP Staff Liaison
International Association of
Chiefs of Police, Inc.
Thirteen Firstfield Road
Post Office Box 6010
Gaithersburg, Maryland 20878



LEGISLATIVE INTENT SERVICE    (800) 666-1917

AP32



**County of Los Angeles**

Office of the Sheriff

Hall of Justice

Los Angeles, California 90012

JUN 2 1987



SHERMAN BLOCK, SHERIFF

May 29, 1987

The Honorable Larry Stirling
Public Safety Committee
California State Assembly
1100 "J" Street, Room 404
Sacramento, California  95814

Dear Larry:

I am writing to advise you of my strong support for Senate Bill 255, which will bring some long overdue modifications to computer crime statutes.

In response to an alarming growth in computer crime, the County of Los Angeles convened a computer crime task force comprised of representatives from the judiciary, law enforcement, private industry, and local government.  This bill is a result of the comprehensive two-year study completed by the task force.

Senate Bill 255 replaces current computer crime statutes with an up-to-date law that clearly defines what computer crime is.  Of equal importance, this bill accurately tailors punishment to fit the severity of the crime.

Again, I urge you to give Senate Bill 255 your full support.

Sincerely,

SHERMAN BLOCK
SHERIFF

(800) 666-1917

LEGISLATIVE INTENT SERVICE



AP 33

**TRW**

JUN 1 1987

**TRW Inc.**

Executive Offices
One Space Park
Redondo Beach, CA 90278
213.535.2175

May 29, 1987

The Honorable Larry Stirling
Chairman, Assembly Public Safety Committee
State Capitol
Sacramento, CA  95814

Dear Assemblyman Stirling:

<u>We are writing to encourage you to support the
enactment of Senate Bill 255 authored by Senator
Davis.</u>  SB 255 would revise current law as it
pertains to computer crimes by expanding the scope of
prohibited activity and revising certain definitions
of Penal Code 502.  These revisions will update
current law to reflect the tremendous growth of
computer technology and address the proliferation of
unauthorized access to sensitive computer systems and
data bases.

TRW's Information Services Division operates one of
the country's largest consumer credit reporting
agencies.  We maintain files on over 130 million
individuals and service these consumers through 21
offices and 80 independent credit bureaus
nationwide.  We are extremely concerned with any
unauthorized access to our data base and place high
priority on security-related issues and programs.

We believe that the provisions contained in SB 255
will work to protect the integrity of information
held in computer systems and guard the privacy of
individuals and businesses.  We urge you to vote
"aye" for SB 255 when it comes before the Assembly
Public Safety Committee.

Sincerely,

Maureen S. Frisch, Regional Manager
TRW Inc. Government Relations

MSF

cc:  Senator Ed Davis
     Members, Assembly Public Safety Committee
     Leo Spiekerman, Director
         Legislative & Regulatory Affairs
         TRW Information Services Division

(800) 666-1917

LEGISLATIVE INTENT SERVICE

AP 34



# CITY OF INGLEWOOD CALIFORNIA

ONE MANCHESTER BOULEVARD. / P.O. BOX 6500 / INGLEWOOD. CALIF. 90301

## POLICE DEPARTMENT

TELEPHONE (213) 412-5200

JUN   8 1987

**RAY JOHNSON**
CHIEF OF POLICE

**ROBERT E. GAVNEY**
DEPUTY CHIEF

**ALEX N. AUGUSTA**
CAPTAIN

**JAMES T. BUTTS, JR.**
CAPTAIN

**JAMES E. SEYMOUR**
CAPTAIN

June 4, 1987

The Honorable Larry Stirling, Chairman
Assembly Public Safety Committee
State Capitol, Room 404
Sacramento, California 95814

Dear Assemblyman Stirling:

The purpose of this letter is to request your support for Senate
Bill 255, authored by Senator Ed Davis. This bill contains more
workable definitions and is more comprehensive than the current
computer crime statues.

The computer has become a integral part of todays financial and
business institutions. But the computer has also become the tool
of a new breed of criminal. Therefore, in order for law
enforcement to protect the public, legislation such as SB 255 is
necessary.

I therefore request your support for this very important piece of
legislation.

Sincerely,

RAY JOHNSON
Chief of Police



(800) 666-1917    LEGISLATIVE INTENT SERVICE

AP 35

JUN 2 1987



**ROHR INDUSTRIES, INC.**

POST OFFICE BOX 878
CHULA VISTA, CALIFORNIA 92012-0878

(619) 691-3922 • TELEX 69-5038

**G.A. (BUD) WETZLER**
Vice President
Management Information Systems

June 8, 1987

Honorable Larry Stirling, Chairman
Assembly Public Safety Committee
1100 J Street, Room 2137
Sacramento, CA 95814

Dear Mr. Stirling:

Rohr Industries, Inc. supports Senate Bill 255, the proposed Computer Crime Legislation which would revise the current law as it pertains to computer crimes by expanding the scope of prohibited activity and revising certain definitions of Penal Code 502. Computer crime poses a very serious and potentially costly threat to both public and private agencies utilizing this technology.

We believe this legislation will work toward the objective of protecting the integrity of computerized informations systems and ensure the privacy of individuals and businesses. We urge you to vote for the passage of SB 255 when it comes before the Assembly Public Safety Committee.

Sincerely,

*[signature]*



LEGISLATIVE INTENT SERVICE   (800) 666-1917

AP 36



# SECURITY PACIFIC NATIONAL BANK

611 NORTH BRAND BOULEVARD, GLENDALE, CALIFORNIA 91203

June 17, 1987

JUN 22 1987

Larry Stirling, Chairman
Assembly Public Safety Committee
State Capitol, Room 2137
Sacramento, CA  95814

SUBJECT:   PROPOSED COMPUTER CRIME LEGISLATION

Dear Mr. Stirling:

Security Pacific National Bank is again recommending your support for
the passage of the proposed Computer Crime Legislation Senate Bill 255
which is pending hearing before your committee on June 29, 1987.

As our previous correspondence has indicated, we strongly endorse this
Bill and believe that its passage is imperative in order to strengthen
the existing computer crime legislation.

Sincerely,

Eddie L. Zeitler, Vice President
Information Systems Security Division

cc:  Robert Campbell, Vice Chairman
     Terry Friedman
     Tim Leslie
     Burt Margolin
     Mike Roos
     Paul Zeltner



(800) 666-1917   LEGISLATIVE INTENT SERVICE

AP 37



# CALIFORNIA TEAMSTERS PUBLIC AFFAIRS COUNCIL

1400 K STREET, SUITE 302   •   SACRAMENTO, CALIFORNIA 95814   •   PHONE (916) 446-02

**EXECUTIVE BOARD**

NORBERT F. MILLER
CHAIRMAN
PRESIDENT
JOINT COUNCIL NO. 38
1130 12TH STREET, SUITE 88
MODESTO, CA 95354

CHUCK MACK
PRESIDENT
JOINT COUNCIL NO. 7
150 EXECUTIVE PARK BLVD.
SUITE 2900
SAN FRANCISCO, CA 94134

MICHAEL J. RILEY
PRESIDENT
JOINT COUNCIL NO. 42
1616 WEST 9TH ST., SUITE 500
LOS ANGELES, CA 90015

ARNIE WEINMEISTER
INTERNATIONAL DIRECTOR
WESTERN CONFERENCE
OF TEAMSTERS
1150 BAY HILL DRIVE
SAN BRUNO, CA 94066

**POLICY COMMITTEE**

JOINT COUNCIL NO. 7
ELTON BOVEY
OAKLAND
ROBERT MORALES
SAN FRANCISCO
DAVID E. POWELL
DALY CITY
LEROY A. SALIDO
HAYWARD
CASEY SAWYER
VALLEJO
DANIEL J. SULLIVAN
OAKLAND
RALPH J. TORRISI
SAN JOSE

JOINT COUNCIL NO. 38
ROBERT E. ADAMS
OROVILLE
JAMES HENRY
SAN JOSE
EVERETT C. HUPP
VISALIA
OLIVER JACKSON
KINGSBURG
HARVEY KILLMAN
MODESTO
STEPHEN RUCKLE
REDDING
HOWARD RUSH
SACRAMENTO

JOINT COUNCIL NO. 42
MANUAL BARBOSA
LOS ANGELES
JACK D. COX
LONG BEACH
PHIL MALONEY
LOS ANGELES
JIM SANTANGELO
EL MONTE
C.E. "ARKIE" SPOON
SAN DIEGO
KARL H. ULLMAN
LOS ANGELES

**LEGISLATIVE
REPRESENTATIVE**
GERALD P. O'HARA
1400 K STREET, SUITE 302
SACRAMENTO, CALIFORNIA 95814

July 1, 1987

TO:        Assembly Public Safety Committee

FROM:     Gerald O'Hara, Director

SUBJECT:   SB 255 (Davis) - Computers.

The Teamsters are opposed to SB 255, by Senator Ed Davis, unless amended.

In its current form SB 255 operates to determine the level of criminality of an alleged computer crime based on the cost of investigation incurred by an employer rather than the actual economic loss suffered. Thus, in many instances, an employee whose conduct resulted in de minimus loss to an employer could be prosecuted for committing a felony because the employer spent lavish sums investigating the alleged computer crime. Criminal conduct for theft has traditionally always been based on the monetary value of the thing that is taken, not the cost of investigating whether the conduct occurred.

We would not oppose the bill if it were amended to require that the prosecution must demonstrate specific criminal intent and if it excluded from prosecution conduct involving mere use of equipment which, other than the cost of investigation, does not result in quantifiable economic losses to the employer.

Unless amended, we urge a "No" vote on Senate Bill 255.

<div align="right">

(800) 666-1917

LEGISLATIVE INTENT SERVICE

</div>





AP36



# CALIFORNIA STATE EMPLOYEES' ASSOCIATION

**Douglas, Golden & Associates**
Legislative & Governmental Affairs
1108 "O" Street, Suite 350
Sacramento, CA 95814
(916) 442-0250

**July 9, 1987**

**REPRESENTING**
*the people who serve the people*

Assemblyman Larry Stirling, Chair
Assembly Public Safety
State Capitol, Room 2137
Sacramento, CA 95814

RE:  Senate Bill 255 (Davis)

Dear Assemblyman Stirling:

This is to advise you of the California State Employees'
Association's opposition to Senate Bill 255 which is to be
heard in the Assembly Public Safety Committee on July 13,
1987.

Our opposition goes to our concern that this legislation may
encompass areas we believe may be unintended or misdirected.
This bill could impose rather harsh penalties for relatively
minor misuse of computer equipment, i.e., employee resume
production.

C.S.E.A. also concerns itself with certain implications
related to "strike" activity on the part of a labor union.
We understand that the Author's office is working with the
Teamsters Union to resolve these concerns and we appreciate
these efforts.

We would of course be happy to meet with you to discuss our
concerns.

Sincerely,

Mike Douglas
Legislative Consultant

MD:gls

LEGISLATIVE INTENT SERVICE    (800) 666-1917



AP 39

# ACLU

**AMERICAN CIVIL LIBERTIES UNION**
**CALIFORNIA LEGISLATIVE OFFICE**
1127 11th Street, Suite 605 □
Sacramento, California 95814
Telephone (916) 442-1036 □

RECEIVED
SEP 0 3 87
COPS

September 2, 1987

The Honorable Ed Davis
State Capitol, Room 2048
Sacramento, CA 95814

Re:  SB 255

Dear Senator Davis:

The ACLU has reviewed the amendments deleting the provisions
regarding forfeiture of computer equipment and is no longer
opposed.

Thank you for considering our views.

Very truly yours,

MARJORIE C. SWARTZ
Legislative Advocate

DAPHNE L. MACKLIN
Legislative Advocate

cc: Consultants, Assembly Public Safety Committee



LEGISLATIVE INTENT SERVICE     (800) 666-1917

AP40

Daphne L. Macklin, Legislative Advocate • Marjorie C. Swartz, Legislative Advocate • Rita M. Egri, Legislative Assistant
ACLU of Northern California • Dorothy M. Ehrlich, Executive Director     ACLU of Southern California • Ramona Ripston, Executive Director
1663 Mission Street, Suite 460•San Francisco, 94103•(415)621-2493     633 South Shatto Place • Los Angeles, 90005 • (213) 487-1720

## WAYS AND MEANS COMMITTEE ANALYSIS

Author:  Davis                          Amended:  08/18/87              Bill No.:  SB 255

Policy Committee: Public Safety                              Vote:  08/26/87

---

Urgency:  Yes                                   Hearing Date:  08/26/87

State Mandated Local Program:  Yes              Staff Comments by:

Disclaimed:  Yes                                Geoff Long *GL*

---

### Summary

This bill would recast existing law relating to computer crimes.

### Fiscal

Unknown, minor costs for increased state prison commitments.

### Amendments

Proposed author's amendments make technical revisions.

GL:kjr





LEGISLATIVE INTENT SERVICE   (800) 666-1917

AMENDMENTS ATTACHED

40636
RECORD #     40 BF:

AUG 20 1987      87232 19:09
RN  87 022309   PAGE NO.    1
Substantive

AMENDMENTS TO SENATE BILL NO. 255
AS AMENDED IN ASSEMBLY AUGUST 18, 1987

### Amendment 1
On page 7, line 16, after "transaction" insert:

, nor shall it make illegal any employee labor relations activities that are within the scope and protection of state or federal labor laws

### Amendment 2
On page 8, strike out line 9 and insert:

(i) Subdivision (c) does not apply to any of the following:
(1) Any person who

### Amendment 3
On page 8, between lines 12 and 13, insert:

(2) Any employee who accesses or uses his or her employer's computer system, computer network, computer program, or data when acting outside the scope of his or her lawful employment, so long as the employee's activities do not cause an injury, as defined in paragraph (8) of subdivision (b), to the employer or another, or so long as the value of computer services, as defined in paragraph (4) of subdivision (b), which are used do not exceed one hundred dollars ($100).
(j) No activity exempted from prosecution under paragraph (2) of subdivision (i) which incidentally violates paragraph (2), (4), or (7) of subdivision (c) shall be prosecuted under those paragraphs.

### Amendment 4
On page 8, strike out lines 13 to 29, inclusive
- 0 -



(800) 666-1917

LEGISLATIVE INTENT SERVICE

SB 255

### SENATE THIRD READING

SB 255 (Davis) - As Amended:  September 2, 1987

SENATE VOTE:  <u>31-0</u>

ASSEMBLY ACTIONS:

COMMITTEE_____<u>PUB. S.</u>_____VOTE_<u>4-1</u>_COMMITTEE___<u>W. & M.</u>___VOTE_<u>22-0</u>_

Ayes:  Stirling, Leslie, Roos, Zeltner    Ayes:

Nays:  Campbell    Nays:

<u>DIGEST</u>

<u>Current law:</u>

1) Makes it an alternate felony/misdemeanor for one to intentionally access a computer for the purpose of defrauding.

2) Makes it an alternate felony/misdemeanor for one to maliciously access, alter, damage or disrupt the operation of a computer system.

3) Makes it an infraction for one to intentionally and without authorization access a computer system.  Acts which result in injury or second offenses are punishable as misdemeanors.

4) Provides that the owner or lessee of a computer may bring a civil action for damages against one convicted of using his or her computer to commit a computer crime, and that such damages include expenditures incurred to verify that a computer was or was not altered, damaged or deleted by the access.

5) Authorizes the court to award attorney's fees to a prevailing plaintiff in such civil actions.

<u>This bill:</u>

1) Recasts and redefines provisions of law relating to computer crimes.

2) Contains statements of legislative intent regarding the need to expand the provisions of law relating to computer crime.

3) Expands the number and definition of computer terms in existing law.

- continued -

SB 255



(800) 666-1917    LEGISLATIVE INTENT SERVICE



4) Provides that one who knowingly and without permission uses a computer is guilty of a misdemeanor for a first offense which does not result in injury and in which the value of the computer services does not exceed $400. Second offenses and first offenses which result in injury or in which the value of computer services is over $400 would be punishable as an alternate felony/misdemeanor.

5) Increases the penalties for the unauthorized access of a computer which results in a victim expenditure, as defined, of over $5,000.

6) Increases the fine for misdemeanor offenses to $5,000.

7) Authorizes the forfeiture, as specified, of a computer used to commit a computer crime.

8) Specifies that these provisions are not intended to criminalize lawful employee-labor relations activities.

9) Specifies that access and use of offenses do not apply to an employee who accesses or uses his or her employer's computer if the employee's activities do not cause injury or if the value of the computer services do not exceed $100.

10) Specifies that the bill shall not be construed to preclude the applicability or any other criminal offenses.

11) Specifies that for purposes of bringing an action, a person who accesses a computer in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer in each jurisdiction.

FISCAL EFFECT

State-mandated local program; contains a crimes and infractions disclaimer.

COMMENTS

1) According to the American Bar Association, as of June 1984, 25% of America's largest companies suffer annual losses attributable to computer crime of between $145 and $730 million.

2) This bill was developed by Los Angeles County's Computer Crime Task Force in order to provide for increased penalties for computer "hackers" and to provide standardized definitions of terms.



LEGISLATIVE INTENT SERVICE   (800) 666-1917

<u>Revised - as amended 9/8/87</u>                                    <u>SB 255</u>

SENATE THIRD READING

SB 255 (Davis) - As Amended:  September 8, 1987

SENATE VOTE: <u>31-0</u>

ASSEMBLY ACTIONS:

COMMITTEE_____<u>PUB. S.</u>_____VOTE <u>4-1</u> COMMITTEE_____<u>W. & M.</u>_____VOTE <u>22-0</u>

Ayes:  Stirling, Leslie, Roos, Zeltner    Ayes:

Nays:  Campbell                           Nays:

<u>DIGEST</u>

<u>Current law</u>:

1) Makes it an alternate felony/misdemeanor for one to intentionally access a computer for the purpose of defrauding.

2) Makes it an alternate felony/misdemeanor for one to maliciously access, alter, damage or disrupt the operation of a computer system.

3) Makes it an infraction for one to intentionally and without authorization access a computer system.  Acts which result in injury or second offenses are punishable as misdemeanors.

4) Provides that the owner or lessee of a computer may bring a civil action for damages against one convicted of using his or her computer to commit a computer crime, and that such damages include expenditures incurred to verify that a computer was or was not altered, damaged or deleted by the access.

5) Authorizes the court to award attorney's fees to a prevailing plaintiff in such civil actions.

<u>This bill</u>:

1) Recasts and redefines provisions of law relating to computer crimes.

2) Contains statements of legislative intent regarding the need to expand the provisions of law relating to computer crime.

3) Expands the number and definition of computer terms in existing law.



(800) 666-1917

LEGISLATIVE INTENT SERVICE

- continued -

<u>SB 255</u>

4)   Provides that one who knowingly and without permission uses a computer is
     guilty of a misdemeanor for a first offense which does not result in
     injury and in which the value of the computer services does not exceed
     $400.  Second offenses and first offenses which result in injury or in
     which the value of computer services is over $400 would be punishable as
     an alternate felony/misdemeanor.

5)   Increases the penalties for the unauthorized access of a computer which
     results in a victim expenditure, as defined, of over $5,000.

6)   Increases the fine for misdemeanor offenses to $5,000.

7)   Specifies that these provisions are not intended to criminalize lawful
     employee-labor relations activities.

8)   Specifies that the above provisions do not apply to an employee who
     accesses or uses his or her employer's computer if the employee's
     activities do not cause injury or if the value of the computer services
     does not exceed $100.

9)   Specifies that the bill shall not be construed to preclude the
     applicability of any other criminal offenses.

10)  Specifies that for purposes of bringing an action, a person who accesses
     a computer in one jurisdiction from another jurisdiction is deemed to have
     personally accessed the computer in each jurisdiction.

FISCAL EFFECT

State-mandated local program; contains a crimes and infractions disclaimer.

COMMENTS

1)   According to the American Bar Association, as of June 1984, 25% of
     America's largest companies suffer annual losses attributable to computer
     crime of between $145 and $730 million.

2)   This bill was developed by Los Angeles County's Computer Crime Task Force
     in order to provide for increased penalties for computer "hackers" and to
     provide standardized definitions of terms.

(800) 666-1917   LEGISLATIVE INTENT SERVICE



Revised - as amended 9/10/87                                              SB 255

SENATE THIRD READING

SB 255 (Davis) - As Amended:  September 10, 1987

SENATE VOTE:  31-0

ASSEMBLY ACTIONS:

COMMITTEE_____PUB. S._____VOTE_4-1_COMMITTEE____W. & M.____VOTE_22-0_

Ayes:  Stirling, Leslie, Roos, Zeltner     Ayes:

Nays:  Campbell                            Nays:

## DIGEST

### Current law:

1) Makes it an alternate felony/misdemeanor for one to intentionally access a computer for the purpose of defrauding.

2) Makes it an alternate felony/misdemeanor for one to maliciously access, alter, damage or disrupt the operation of a computer system.

3) Makes it an infraction for one to intentionally and without authorization access a computer system.  Acts which result in injury or second offenses are punishable as misdemeanors.

4) Provides that the owner or lessee of a computer may bring a civil action for damages against one convicted of using his or her computer to commit a computer crime, and that such damages include expenditures incurred to verify that a computer was or was not altered, damaged or deleted by the access.

5) Authorizes the court to award attorney's fees to a prevailing plaintiff in such civil actions.

### This bill:

1) Recasts and redefines provisions of law relating to computer crimes.

2) Contains statements of legislative intent regarding the need to expand the provisions of law relating to computer crime.

3) Expands the number and definition of computer terms in existing law.

- continued -

SB 255



(800) 666-1917

LEGISLATIVE INTENT SERVICE

4) Provides that one who knowingly and without permission uses a computer is guilty of a misdemeanor for a first offense which does not result in injury and in which the value of the computer services does not exceed $400.  Second offenses and first offenses which result in injury or in which the value of computer services is over $400 would be punishable as an alternate felony/misdemeanor.

5) Increases the penalties for the unauthorized access of a computer which results in a victim expenditure, as defined, of over $5,000.

6) Increases the fine for misdemeanor offenses to $5,000.

7) Specifies that these provisions are not intended to criminalize lawful employee-labor relations activities.

8) Specifies that the above provisions do not apply to an employee who accesses or uses his or her employer's computer if the employee's activities do not cause injury or if the value of the computer services does not exceed $100.

9) Specifies that the bill shall not be construed to preclude the applicability of any other criminal offenses.

10) Specifies that for purposes of bringing an action, a person who accesses a computer in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer in each jurisdiction.

11) Requires probation officers to immediately provide the district attorney with a probation report in juvenile cases in which it appears that the minor was 16 years or older at the time of the commission of a specified felony.

12) Requires probation officers to, within 48 hours, provide the district attorney with a probation report in the following juvenile cases:

   a) It appears to the probation officer that the juvenile has committed a specified felony.

   b) The juvenile was under 16 at the time of the offense, and the offense constitutes a second felony referral to the probation officer.

   c) The juvenile was over 16 at the time of the offense, and the offense was a felony.

13) Requires the district attorney to exercise his or her discretionary power to institute a proceeding against the juvenile.

- continued -




(800) 666-1917

LEGISLATIVE INTENT SERVICE

14) Requires the district attorney to refer the matter to the probation officer in the following cases:

   a) It appears that the affidavit was not properly referred.

   b) It appears that the offense for which the minor was referred should be charged as a misdemeanor.

   c) The minor may benefit from a program of informal supervision.

<u>FISCAL EFFECT</u>

State-mandated local program; contains a crimes and infractions disclaimer.

<u>COMMENTS</u>

1) According to the American Bar Association, as of June 1984, 25% of America's largest companies suffer annual losses attributable to computer crime of between $145 and $730 million.

2) This bill was developed by Los Angeles County's Computer Crime Task Force in order to provide for increased penalties for computer "hackers" and to provide standardized definitions of terms.

3) Recently enacted legislation removed a provision under current law which requires probation officers to provide probation reports to the district attorney in specified cases (AB 439, Vasconcellos -- Chapter 134, Statutes of 1987). This bill would chapter out those provisions by reenacting current law.



(800) 666-1917    LEGISLATIVE INTENT SERVICE

PROPOSED AMENDMENTS TO SENATE BILL NO. <u>255</u>

Legislative Counsel No. <u>024034</u>

(McClintock)

ADOPTED

## The proposed amendments:

1) Require probation officers to immediately provide the district attorney with a probation report in juvenile cases in which it appears that the minor was 16 years or older at the time of the commission of a specified felony.

2) Require probation officers to, within 48 hours, provide the district attorney with a probation report in the following juvenile cases:

   a) It appears to the probation officer that the juvenile has committed a specified felony.

   b) The juvenile was under 16 at the time of the offense, and the offense constitutes a second felony referral to the probation officer.

   c) The juvenile was over 16 at the time of the offense, and the offense was a felony.

3) Require the district attorney to exercise his or her discretionary power to institute a proceeding against the juvenile.

4) Require the district attorney to refer the matter to the probation officer in the following cases:

<div style="text-align: right">(800) 666-1917

LEGISLATIVE INTENT SERVICE</div>



- continued -

<u>SB 255</u>

a) It appears that the affidavit was not properly referred.

b) It appears that the offense for which the minor was referred should be charged as a misdemeanor.

c) The minor may benefit from a program of informal supervision.



LEGISLATIVE INTENT SERVICE   (800) 666-1917

DeeDee D'Adamo
445-3268
9/10/87:apubs

# BILL ANALYSIS

STATE OF CALIFORNIA
YOUTH & ADULT CORRECTIONAL AGENCY

| DEPARTMENT | AUTHOR | BILL NUMBER |
|---|---|---|
| **CORRECTIONS** | **DAVIS** | **SR 255** |

| SPONSORED BY | RELATED BILLS | DATE LAST AMENDED |
|---|---|---|
| | **AB 2060, SB 591** **SB 1786 ('85-86)** | **Original** |

### BILL SUMMARY

Would repeal various provisions related to computer data access and fraud and would enact the "Comprehensive Computer Data Access and Fraud Act".

### SPECIFIC FINDINGS

Existing Penal Code (PC) § 502(a) provides definitions of computer-related terms.

Currently, PC § 502(b) and (c) provide that the following computer crimes are punishable as alternate felonies/misdemeanors:

- any person who intentionally accesses or causes to be accessed any computer system or computer network for the purpose of (1) devising or executing any scheme or artifice to defraud or extort, or (2) obtaining money, property, or services with false or fraudulent intent, representations, or promises; or

- any person who maliciously accesses, alters, deletes, damages, destroys, or disrupts the operation of any computer system, computer network, computer program, or data.

Currently, PC § 502(d) provides that any person who intentionally and without authorization accesses any computer system, computer network, or computer program, shall be guilty of a public offense, punishable as an infraction if it is a first violation which injury did not result therein. A violation of this provision which results in an injury, or a second or subsequent violation with no injury, is punishable as a misdemeanor.

SB 255, as introduced, would repeal the existing PC § 502 provisions and enact the "Comprehensive Computer Data Access and Fraud Act". PC § 502(a), as added by this bill, would specify legislative intent in enacting this proposed law. Proposed PC § 502(b) defines computer-related terms as used in SB 255.

LEGISLATIVE INTENT SERVICE    (800) 666-1917

| POSITION | | Governor's Office Use | |
|---|---|---|---|
| **NEUTRAL** | | Position noted | ☐ |
| LEGISLATIVE LIAISON | DATE | Position approved | ☐ |
| Michael Flood by Patrick Conley | MAR 31 1987 | Position disapproved | ☐ |
| AGENCY ADMINISTRATOR | DATE | | |
| ORIGINAL SIGNED BY Michael G. Neal | 4-1-87 | | |
| Deputy Secretary | | | by    date    5/5 |

CDC 863 A (1/87)



Case 3:17-cv-03301-EMC   Document 190-1   Filed 03/04/21   Page 264 of 371

SB 255 (Davis)
As introduced
Page 2


This bill would add PC § 502(c) to provide that any person who, knowingly and without permission does any of the following acts, is guilty of a public offense:

(1)   accesses and alters, damages, deletes, destroys, or other-wise uses any data, computer, computer system, or computer network, to defraud or to deceive, or to obtain or control money, property, data, or services, as specified;

(2)   accesses and takes or copies or makes use of any data inter-nal or external to a computer, computer system, or computer network;

(3)   uses, or causes to be used, computer services;

(4)   accesses and adds, alters, etc., any data, computer soft-ware, computer programs, or supporting documentation, com-puter system, or computer network; or

(5)   disrupts or denies or causes the disruption or denial of computer services, as specified.

Proposed PC § 502(d) would provide that violations of any provi-sions of paragraph (1), (2), (4) or (5) of proposed PC § 502(c) are punishable by imprisonment in state prison for 16 month, 2 or 3 years, or in county jail not exceeding 1 year, or by a spe-cified fine, or by both fine and imprisonment.

PC § 502(d) would also provide that a <u>first violation</u> of paragraph (3) that <u>does not result in injury</u> and where the <u>value of the computer services used</u> does not exceed $400 would be a misdemeanor punishable by a fine not exceeding $5,000, or by imprisonment in the county jail not exceeding 1 year, or by both fine and imprisonment.  A violation of this provision which <u>results in any injury</u>, or a <u>second or subsequent violation</u>, is an alternate felony/misdemeanor punishable by a fine not exceeding $10,000, or by imprisonment in the state prison for 16 months, 2 or 3 years, or by both fine and imprisonment, or by a fine not exceeding $5,000, or by imprisonment in the county jail not exceeding 1 year, or by both fine and imprisonment.  It is not clear what the penalty would be for a first violation which does not result in injury where the value of the computer services used exceeds $400.

This bill would also provide that it is a public offense to knowingly and without permission:

°   provide or assist in providing a means of accessing a computer, computer system, or computer network (proposed PC § 502(c)(6)); or

(800) 666-1917

LEGISLATIVE INTENT SERVICE



ARC-2

SB 255 (Davis)
As introduced
Page 3

* access or cause to be accessed any computer, computer system, or computer network (proposed PC § 502(c)(7)).

Proposed PC § 502(d) provides that a <u>first violation</u> of paragraph (6) or (7) of proposed PC § 502(c) that <u>does not result in injury</u> shall be an infraction punishable by a fine not exceeding $250. A violation of these provisions that <u>results in injury</u>, or a <u>second or subsequent violation</u>, is an alternate felony/misdemeanor punishable by a fine not exceeding $10,000, or by imprisonment in the state prison for 16 months, 2 or 3 years, or by both fine and imprisonment, or by a fine not exceeding $5,000, or by imprisonment in the county jail not exceeding 1 year, or by both fine and imprisonment.

The addition of proposed PC § 502(c) could result in persons new to prison because those provisions are broader than current provisions (e.g., denies computer services, adds data to computer, etc., would be new to current law). (Proposed PC § 502(i) would provide that subdivision (c) does not apply to any person who accesses his or her employer's computer system, computer network, computer program, or data when acting within the scope of his or her employment.) SB 255 would also add various provisions (regarding civil remedies, seizure of computer-related items, etc.) that would have no impact on the state prison system.

<u>ANALYSIS</u>

This bill could result in persons new to prison. For those activities (i.e., current § 502(d) would be covered under proposed § 502(c)(7)) that are currently punishable as misdemeanors, but that would be punishable as alternate felonies/misdemeanors, the proposed provisions could result in persons new to state prison. The addition of the computer-related criminal activities, not covered in existing PC § 502 provisions, could also result in persons new to prison. However, an estimate cannot be provided because no known data sources are available upon which to base an estimate. In addition, it cannot be determined how many individuals would receive the alternate misdemeanor punishment. For your information, OBIS FY 1985-86 data show only 6 felons were admitted to prison for violating PC § 502.

<u>FISCAL IMPACT</u>

Cannot estimate.

<u>RECOMMENDATION</u>

Neutral.

ARC3

SB 255 (Davis)
5/29/87

## ASSEMBLY PUBLIC SAFETY COMMITTEE
## REPUBLICAN ANALYSIS

**SB 255 (Davis) -- COMPUTERS**
Version: 6/23/87                    Lead Republican: Paul Zeltner
Recommendation: Support            Vote: Majority.

**Summary:**  Enacts a comprehensive criminal law act to deal
with computer crime.  Increases penalties for certain
existing computer crimes.  Establishes criminal penalties for
knowing and unauthorized 1) using a computer to defraud or
steal; 2) taking or copying data; 3) using computer services;
4) vandalizing computer software and systems; 5) interfering
with lawful use of the system; 6) providing or assisting in
unauthorized access to a system; and 7) hacking.
**Fiscal effect:**  Unknown

**Supported** by L.A. County (source); Attorney General; Dept. of
Finance; Union Bank; Security Pacific Bank; Information
Systems Security Assoc.; So. Cal. Gas Co.; CA Bankers Assoc.;
Hughes Aircraft; Santa Cruz County; Northrop Corp.;
L.A. Sheriff; Equifax Inc.; L.A. District Attorney.
**Opposed** by ACLU   **Governor's position:** Unknown.

**Comments:**  As computer systems have become more common and
more central to daily life, the laws dealing with computer
crime have become outdated.  This bill enacts a comprehensive
computer crime law to deal with these crimes.  The damage
that computer crime causes is substantial -- costing millions
of dollars yearly to businesses and other computer users.

     Senate Republican Floor Vote -- 4/9/87
      (31-0)    Ayes: All Republicans voting (10)
     Assembly Republican Committee Vote
      Public Safety -- 7/13/87
      ()        Ayes:
                Noes:
                N.V.:
                Abs.:
        Consultant: Bill Gausewitz

ARC4

ITEM # 39

SENATE COMMITTEE ON JUDICIARY
Bill Lockyer, Chairman
1987-88 Regular Session

SB 255 (Davis)
As introduced
Penal Code
TDT

## COMPUTER CRIME

### HISTORY

Source:   Los Angeles County Board of Supervisors

Prior Legislation:   SB 1786 (1986) - Died in
Assembly Judiciary
AB 2551 (1983) - Chaptered

Support:   Union Bank, Security Pacific National
Bank, Information Systems Security
Association, Southern California Gas
Company, California Bankers
Association, Hughes Aircraft, Santa
Cruz County Board of Supervisors,
Northrop Corporation, Los Angeles
County Sheriff, Attorney General,
Equifax Inc., Los Angeles County
District Attorney

Opposition:   No known

### KEY ISSUE

SHOULD A COMPREHENSIVE COMPUTER DATA ACCESS AND
FRAUD ACT BE ADOPTED WHICH WOULD REDEFINE A NUMBER
OF COMPUTER TERMS, ESTABLISH SEVEN SPECIFIC
CRIMES, PROVIDE FOR COMPENSATORY DAMAGES AS CIVIL
REMEDIES AND PERMIT SEIZURE OF PRIVATE COMPUTER
EQUIPMENT?

(More)

ARC - 1b

SB 255 (Davis)
Page 2

## PURPOSE

Existing law makes it a crime, punishable by
imprisonment and fines which in no case may exceed
$10,000, for any person to, among other things,
access a computer system or network: 1)
intentionally in order to defraud or extort; 2)
maliciously; or 3) intentionally and without
authorization, with the knowledge that the access
was unauthorized.

This bill would repeal and then rewrite Penal Code
Section 502. It would broaden existing
definitions, expand the scope of prohibited
computer related activity, and restructure fines
and imprisonment penalties for violations.

It would reenact civil remedy provisions and add a
new penalty of seizure of computer equipment used
in committing violations of the act. Finally, it
would set forth the legislative intent of this
bill.

The purpose of the bill is to clarify and broaden
existing law, as well as provide increased
penalties commensurate with the gravity of the
offense.

## COMMENT

1.  Background

    This bill was developed by the Computer Crime
    Task Force, which is a subcommittee of the Los
    Angeles County Criminal Justice Coordinating
    Committee. The Task Force is composed of 16
    members including representatives from law
    enforcement, district attorney offices, the

(More)

ARC - 2b

SB 255 (Davis)
Page 3

U.S. Attorney's office, and private industry,
including banks, accounting firms and big
business.  No representatives of the defense
bar are on the Task Force.  The primary duty
of the task force is to develop a Model
Computer Crime Act; and, in so doing, it
created a bill which it believes would meet
the specific computer crime problems in
California.

2.   Standardization of definitions

This bill would broaden the application of
existing law by redefining terms that are used
in existing law, such as "access", "computer
system", "computer network", "computer
program" and "data".  It would also define new
terms, such as "computer services" and
"supporting documentation".

The task force believes that it is necessary
to provide standard definitions in order to
insure higher conviction rates.  Proponents
believe that the new definitions would be
broader, and would be directed more to
computer users than lawyers but would be
acceptable to both the business and legal
communities.

3.   New crimes

This bill would create seven new crimes
involving computers.  Any person who did any
of the following acts, if the act was not
within the course and scope of employment,
would be guilty of a crime:

(More)

ARC - 3b

SB 255 (Davis)
Page 4

    a) Knowingly accesses and without permission
       alters, damages, deletes, destroys, or
       otherwise uses any data, computer, computer
       system, or computer network in order to
       either (A) devise or execute any scheme or
       artifice to defraud or deceive, or (B)
       wrongfully control or obtain money,
       property, data, or services.

    b) Knowingly accesses and without permission
       takes, copies, or makes use of any data
       from a computer, computer system, or
       computer network, or takes or copies any
       supporting documentation, whether existing
       or residing internal or external to a
       computer, computer system, or computer
       network.

    c) Knowingly and without permission uses or
       causes to be used computer services.

    d) Knowingly accesses and without permission
       adds, alters, damages, deletes, or destroys
       any data, computer software, or computer
       programs which reside or exist internal or
       external to a computer, computer system, or
       computer network.

    e) Knowingly and without permission disrupts
       or causes the disruption of computer
       services or denies or causes the denial of
       computer services to an authorized user of
       a computer, computer system, or computer
       network.

    f) Knowingly and without permission provides
       or assists in providing a means of
       accessing a computer, computer system, or

                  (More)

ARC - 4b

SB 255 (Davis)
Page 5

> computer network in violation of this
> section.
>
> g) Knowingly and without permission accesses
> or causes to be accessed any computer,
> computer system, or computer network.

4.  Penalties

    Existing penalties for maliciously or
    intentionally accessing a computer system or
    network in order to defraud or extort is
    punishable by imprisonment and a fine which in
    no case may exceed $10,000.  Intentionally
    accessing a computer system or network without
    authorization when no injury results, is an
    infraction punishable by a fine not exceeding
    $250.  If injury results, or if it is a second
    offense, the fine could be imposed not to
    exceed $5,000 and/or imprisonment in county
    jail not exceeding one year.

    This bill would increase the penalties as
    follows:

    a.  Access (Hacking)

    1)  A first offense or an offense where no
        injury occurs would remain an infraction
        punishable by a fine of up to $250.

    2)  Repeated access or access resulting in
        injury would be punishable as a wobbler,
        by a fine of $10,000 maximum or
        imprisonment in state prison for 16 months
        or 2 or 3 years or both, or a fine of
        $5,000 maximum or 1 year in county jail or
        both.

                                        (More)

SB 255 (Davis)
Page 6

    b.   Unauthorized use of computer services

    1)   A first offense without injury where the
value of services used is $400 or less,
would be punishable by a fine of up to
$5,000 or one year in county jail or both.

    2)   Subsequent offenses or violations causing
injury would be subject to the same
felony/misdemeanor punishment as repeat
access or access with injury.

    c.   Remaining computer crimes

All the remaining computer crimes
including altering, data theft, tampering
with systems, publishing access codes,
disrupting, or committing fraud or theft
via computer, whether a first or
subsequent offense, would be subject to
the same felony/misdemeanor punishment as
repeat access or access with injury.

5.  Civil penalties

In addition to any other available civil
remedies, the owner or lessee of the computer
would be permitted to bring a civil action
against any person convicted of any of the
enumerated crimes for compensatory damages.
Actions of an unemancipated minor would be
imputed to the parent or legal guardian having
control or custody of the minor.  The court
would be authorized to award reasonable
attorney's fees to a prevailing party.

(More)

ARC - 6b

SB 255 (Davis)
Page 7

6.    Intent not required

Under existing law, the criminal conduct must
be "intentional" or "malicious".  This bill
would establish a new standard that the
conduct be "knowingly and without permission".
Proponents claim that this new standard would
make these crimes "general intent" crimes,
which would be easier for the public to
understand and authorities to enforce.

One effect of this change would be to make
such acts as unintentional and inadvertent
alteration of data by an employee using a
computer for a personal project without
permission, subject to a state prison term.

7.    Felony penalty for first time access

Under this bill, unauthorized access which
caused injury would be punishable as a felony
or misdemeanor.  Because injury is so broadly
defined, all first time hackers could be found
guilty of a felony.

8.    Injury broadly defined

Injury is defined to include not only damage
or destruction to the computer and its data
but also "any expenditure reasonably and
necessarily incurred by the owner or lessee to
verify that a computer system...or data was or
was not altered, deleted, damaged or destroyed
by the access."  Thus, the fact that a
computer owner incurs some costs to insure
that a computer was not altered would trigger
a state prison felony penalty even if the
offense involved was first time access by a

(More)

ARC - 7b

SB 255 (Davis)
Page 8

hacker. Arguably such verification would be
necessary whenever unauthorized access occurs,
thus every first offense without damage could
be a felony.

9. Employee misuse

Under this bill, an employee who used a
computer more than once for such personal
projects as preparing a personal letter,
maintaining a mailing list or recipe list,
accessing computer data to use in a term
paper, or sending computer messages to other
employees, could be guilty of a felony, even
if the use occurred after work and caused no
injury. On the other hand, an employee who
uses the employer's computer system or data
within the scope of employment would not be
violating the statute.

10. Confiscation of property

This bill would authorize law enforcement
officers to seize, under warrant or without
warrant incident to a lawful arrest, any
computer, computer system, computer program,
instrument, apparatus, device, plans,
instruction, or written publication used in
the commission of any crime established under
this Act. After conviction and a hearing to
determine property rights, the seized computer
equipment, if owned or controlled by the
person so convicted, or owned or controlled by
a person or entity that knowingly allowed the
use of the seized item in the commission of
any computer crime prohibited by this bill,
could be destroyed as contraband by the
sheriff of the county in which the person was

(More)

convicted, or given to the county for its use or for donation to any other public entity or nonprofit corporation.

This provision of the bill would allow confiscation and destruction of a costly computer system owned by another as a penalty for a first time access which caused no injury and which may be disposed of as an infraction or misdemeanor.

It could be argued that the seizure of computers used for these offenses might unjustly affect other innocent persons who have a property interest in these computers.

\*\*\*\*\*\*\*\*\*\*

ARC - 9b

**BILL ANALYSIS**

STATE OF CALIFORNIA
YOUTH & ADULT CORRECTIONAL AGENCY

| DEPARTMENT | AUTHOR | BILL NUMBER |
|---|---|---|
| **CORRECTIONS** | DAVIS | SB 255 |

| SPONSORED BY | RELATED BILLS | DATE LAST AMENDED |
|---|---|---|
| | AB 2060, SB 591 | Original |

**BILL SUMMARY**                                SB 1786 ('85-86)

Would repeal various provisions related to computer data access
and fraud and would enact the "Comprehensive Computer Data Access
and Fraud Act".

SPECIFIC FINDINGS

Existing Penal Code (PC) § 502(a) provides definitions of
computer-related terms.

Currently, PC § 502(b) and (c) provide that the following com-
puter crimes are punishable as alternate felonies/misdemeanors:

°   any person who intentionally accesses or causes to be accessed
    any computer system or computer network for the purpose of
    (1) devising or executing any scheme or artifice to defraud or
    extort, or (2) obtaining money, property, or services with
    false or fraudulent intent, representations, or promises; or

°   any person who maliciously accesses, alters, deletes, damages,
    destroys, or disrupts the operation of any computer system,
    computer network, computer program, or data.

Currently, PC § 502(d) provides that any person who intentionally
and without authorization accesses any computer system, computer
network, or computer program, shall be guilty of a public
offense, punishable as an infraction if it is a first violation
which injury did not result therein.  A violation of this provi-
sion which results in an injury, or a second or subsequent viola-
tion with no injury, is punishable as a misdemeanor.

SB 255, as introduced, would repeal the existing PC § 502 provi-
sions and enact the "Comprehensive Computer Data Access and Fraud
Act".  PC § 502(a), as added by this bill, would specify legisla-
tive intent in enacting this proposed law.  Proposed PC § 502(b)
defines computer-related terms as used in SB 255.

LEGISLATIVE INTENT SERVICE    (800) 666-1917

| POSITION | | | Governor's Office Use |
|---|---|---|---|
| NEUTRAL | | | Position noted ☐ |

| LEGISLATIVE LIAISON | | DATE | AGENCY ADMINISTRATOR | DATE | Position approved ☐ |
|---|---|---|---|---|---|
| | | MAR 31 1987 | ORIGINAL SIGNED BY | 4-1-87 | Position disapproved ☐ |
| | | | Michael E. Neal | | |
| | | | Deputy Secretary | | by        date |

CDC 853 A (1-87)

SB 255 (Davis)
As introduced
Page 2

This bill would add PC § 502(c) to provide that any person who, knowingly and without permission does any of the following acts, is guilty of a public offense:

(1)   accesses and alters, damages, deletes, destroys, or other-wise uses any data, computer, computer system, or computer network, to defraud or to deceive, or to obtain or control money, property, data, or services, as specified:

(2)   accesses and takes or copies or makes use of any data inter-nal or external to a computer, computer system, or computer network;

(3)   uses, or causes to be used, computer services;

(4)   accesses and adds, alters, etc., any data, computer soft-ware, computer programs, or supporting documentation, com-puter system, or computer network; or

(5)   disrupts or denies or causes the disruption or denial of computer services, as specified.

Proposed PC § 502(d) would provide that violations of any provi-sions of paragraph (1), (2), (4) or (5) of proposed PC § 502(c) are punishable by imprisonment in state prison for 16 month, 2 or 3 years, or in county jail not exceeding 1 year, or by a spe-cified fine, or by both fine and imprisonment.

PC § 502(d) would also provide that a <u>first violation</u> of paragraph (3) that <u>does not result in injury</u> and where the <u>value of the computer services used</u> does not exceed $400 would be a misdemeanor punishable by a fine not exceeding $5,000, or by imprisonment in the county jail not exceeding 1 year, or by both fine and imprisonment.  A violation of this provision which <u>results in any injury</u>, or a <u>second or subsequent violation</u>, is an alternate felony/misdemeanor punishable by a fine not exceeding $10,000, or by imprisonment in the state prison for 16 months, 2 or 3 years, or by both fine and imprisonment, or by a fine not exceeding $5,000, or by imprisonment in the county jail not exceeding 1 year, or by both fine and imprisonment.  It is not clear what the penalty would be for a first violation which does not result in injury where the value of the computer services used exceeds $400.

This bill would also provide that it is a public offense to knowingly and without permission:

°  provide or assist in providing a means of accessing a computer, computer system, or computer network (proposed PC § 502(c)(6)); or

LEGISLATIVE INTENT SERVICE   (800) 666-1917

ARC - 11b

SB 255 (Davis)
As introduced
Page 3

° access or cause to be accessed any computer, computer system,
  or computer network (proposed PC § 502(c)(7)).

Proposed PC § 502(d) provides that a <u>first violation</u> of paragraph
(6) or (7) of proposed PC § 502(c) that <u>does not result in injury</u>
shall be an infraction punishable by a fine not exceeding $250.
A violation of these provisions that <u>results in injury</u>, or a
<u>second or subsequent violation</u>, is an alternate felony/misdemeanor
punishable by a fine not exceeding $10,000, or by imprisonment in
the state prison for 16 months, 2 or 3 years, or by both fine and
imprisonment, or by a fine not exceeding $5,000, or by imprison-
ment in the county jail not exceeding 1 year, or by both fine and
imprisonment.

The addition of proposed PC § 502(c) could result in persons new
to prison because those provisions are broader than current pro-
visions (e.g., denies computer services, adds data to computer,
etc., would be new to current law). (Proposed PC § 502(i) would
provide that subdivision (c) does not apply to any person who
accesses his or her employer's computer system, computer network,
computer program, or data when acting within the scope of his or
her employment.) SB 255 would also add various provisions
(regarding civil remedies, seizure of computer-related items,
etc.) that would have no impact on the state prison system.

<u>ANALYSIS</u>

This bill could result in persons new to prison.  For those acti-
vities (i.e., current § 502(d) would be covered under proposed
§ 502(c)(7)) that are currently punishable as misdemeanors, but
that would be punishable as alternate felonies/misdemeanors, the
proposed provisions could result in persons new to state prison.
The addition of the computer-related criminal activities, not
covered in existing PC § 502 provisions, could also result in
persons new to prison.  However, an estimate cannot be provided
because no known data sources are available upon which to base an
estimate.  In addition, it cannot be determined how many indivi-
duals would receive the alternate misdemeanor punishment.  For
your information, OBIS FY 1985-86 data show only 6 felons were
admitted to prison for violating PC § 502.

<u>FISCAL IMPACT</u>

Cannot estimate.

<u>RECOMMENDATION</u>

Neutral.

LEGISLATIVE INTENT SERVICE    (800) 666-1917



SB 255 (Davis)
5/29/87

## ASSEMBLY PUBLIC SAFETY COMMITTEE
## REPUBLICAN ANALYSIS

SB 255 (Davis) -- COMPUTERS
Version: 6/23/87                    Lead Republican: Paul Zeltner
Recommendation: Support              Vote: Majority.

<u>Summary:</u>  Enacts a comprehensive criminal law act to deal
with computer crime.  Increases penalties for certain
existing computer crimes.  Establishes criminal penalties for
knowing and unauthorized 1) using a computer to defraud or
steal; 2) taking or copying data; 3) using computer services;
4) vandalizing computer software and systems; 5) interfering
with lawful use of the system; 6) providing or assisting in
unauthorized access to a system; and 7) hacking.
<u>Fiscal effect:</u>  Unknown

<u>Supported</u> by L.A. County (source); Attorney General; Dept. of
Finance; Union Bank; Security Pacific Bank; Information
Systems Security Assoc.; So. Cal. Gas Co.; CA Bankers Assoc.;
Hughes Aircraft; Santa Cruz County; Northrop Corp.;
L.A. Sheriff; Equifax Inc.; L.A. District Attorney.
<u>Opposed</u> by ACLU   <u>Governor's position</u>: Unknown.

<u>Comments:</u>  As computer systems have become more common and
more central to daily life, the laws dealing with computer
crime have become outdated.  This bill enacts a comprehensive
computer crime law to deal with these crimes.  The damage
that computer crime causes is substantial -- costing millions
of dollars yearly to businesses and other computer users.

Senate Republican Floor Vote -- 4/9/87
 (31-0)   Ayes: All Republicans voting (10)
Assembly Republican Committee Vote
 Public Safety -- 7/13/87
 ()        Ayes:
           Noes:
           N.V.:
           Abs.:
   Consultant: Bill Gausewitz

(800) 666-1917   LEGISLATIVE INTENT SERVICE



ITEM   ARC - 13b

Date of Hearing:~ July 13, 1987                                    SB 255
Counsel:          DeeDee D'Adamo

ASSEMBLY COMMITTEE ON PUBLIC SAFETY
Larry Stirling, Chair

SB 255 (Davis) - As Amended:  June 23, 1987

PRIOR ACTION:   Senate Judiciary:   7 ayes; 0 noes
                Senate Floor:      31 ayes; 0 noes

ISSUE:      I.    SHOULD PROVISIONS OF LAW REGARDING COMPUTER CRIMES BE
                  REPEALED AND REDEFINED?

            II.   SHOULD THE PENALTIES BE INCREASED TO KNOWINGLY AND WITHOUT
                  PERMISSION ACCESS A COMPUTER?

            III.  SHOULD IT BE A CRIME TO KNOWINGLY AND WITHOUT PERMISSION
                  USE A COMPUTER?

            IV.   SHOULD FORFEITURE OF COMPUTER EQUIPMENT WHICH WAS USED TO
                  COMMIT A COMPUTER CRIME BE AUTHORIZED?

DIGEST

Current law

1) Makes it an alternate felony/misdemeanor for one to intentionally access a
   computer for the purpose of defrauding.

2) Makes it an alternate felony/misdemeanor for one to maliciously access,
   alter, damage, or disrupt the operation of a computer system.

3) Makes it an infraction for one to intentionally and without authorization
   access a computer system.  Acts which result in injury or second offenses
   are punishable as misdemeanors.

4) Defines computer terms, such as "computer program", "access", and "data".

5) Provides that the owner or lessee of a computer may bring a civil action
   for damages against one convicted of using his or her computer to commit a
   computer crime, and that such damages include expenditures incurred to
   verify that a computer was or was not altered, damaged, or deleted by the
   access.

6) Authorizes the court to award attorney's fees to a prevailing plaintiff in
   such civil actions.



LEGISLATIVE INTENT SERVICE   (800) 666-1917

ARC - 14b

This bill would:

1)  Recast and redefine provisions of law relating to computer crimes.

2)  Contain statements of legislative intent regarding the need to expand the provisions of law relating to computer crime.

3)  Expand the definition of computer terms, and define additional computer terms, such as "supporting documentation" and "victim expenditure".

4)  Provide that one who knowingly and without permission uses a computer is guilty of a misdemeanor for a first offense which does not result in injury and in which the value of the computer services does not exceed $400. Second offenses and first offenses which result in injury or in which the value of computer services is over $400 would be punishable as an alternate felony/misdemeanor.

5)  Increase the penalties for the unauthorized access of a computer which results in a victim expenditure, as defined.

6)  Authorize the forfeiture, as specified, of a computer used to commit a computer crime.

7)  Specify that for purposes of bringing an action, a person who accesses a computer in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer in each jurisdiction.

COMMENTS

1)  <u>Purpose</u>.  According to the American Bar Association, as of June, 1984, 25% of America's largest companies suffer annual losses attributable to computer crime of between $145 and $730 million.  This bill was developed by Los Angeles County's Computer Crime Task Force in order to provide for increased penalties for computer "hackers" and to provide standardized definitions of terms.

2)  <u>Bill Increases Penalties for "Computer Hackers."</u>  Under current law, one who accesses a computer is guilty of an infraction.  Acts which result in injury and second offenses are punishable as misdemeanors.  This bill would make acts which result in a victim expenditure of $5,000 or under punishable as misdemeanors.  Acts which result in a victim expenditure of over $5,000 would be punishable as an alternate felony/misdemeanor.

3)  <u>Unauthorized Use</u>.  This bill would make it a crime to knowingly and without permission use a computer.  This would include, for example, an employee who uses his or her computer or a colleague's computer to write a term paper.  Under current law, such persons are guilty of computer access (see DIGEST #3).  Under this bill, unauthorized use would be punishable as a

LEGISLATIVE INTENT SERVICE   (800) 666-1917

ARC - 15b



misdemeanor where no injury results and where the value of the computer services does not exceed $400. Second and subsequent offenses, or first offenses where the value of the computer services exceeds $400 or where injury results are punishable as an alternate felony/misdemeanor.

4) <u>Other Computer Crimes</u>. All other computer crimes (see Digest #1 and #2) are punishable as an alternate felony/misdemeanor. These penalties are the same as under current law.

5) <u>Fines</u>. Generally, up to a $1,000 fine can be imposed for one convicted of a misdemeanor. This bill provides that persons convicted of a misdemeanor computer crime offense can be fined up to $5,000. A fine up to $10,000 can be imposed for persons convicted of a felony.

6) <u>Definitions of Terms</u>.

   a) <u>Access</u> is defined as gaining entry, instructing, or communicating with a computer.

   b) <u>Computer Network</u> is defined as two or more computer systems connected by telecommunication facilities.

   c) <u>Computer Program or Software</u> is defined as a set of instructions or statements which cause a computer to perform specified functions.

   d) <u>Computer services</u> is defined as computer time, data processing, storage functions or other uses of a computer.

   e) <u>Computer system</u> is defined as a device which contains computer programs, electronic instructions, input data, and output data, that performs such functions as logic, arithmetic, data storage and communication.

   f) <u>Data</u> is defined as a representation of information, knowledge, facts, concepts, computer software, computer programs or instructions.

   g) <u>Supporting Documentation</u> is defined as all information pertaining to the design, construction, classification, implementation, use of a computer which is not generally available to the public and is necessary for the operation of a computer.

   h) <u>Injury</u> is defined as any alteration, deletion, damage, or destruction of a computer caused by the access.

   i) <u>Victim expenditure</u> is defined as any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system was or was not altered or damaged by the access.

(800) 666-1917   LEGISLATIVE INTENT SERVICE

ARC - 16b

7) <u>Seizure and Forfeiture of Computers</u>. This bill would authorize law enforcement officers to seize computer equipment or plans or instructions used to commit a computer crime. It would also authorize, upon conviction, the destruction of such items as contraband, or would authorize the sheriff of the county in which the person was convicted to use such items.

a) <u>Opposition</u>. The American Civil Liberties Union believes that it is sufficient for a person to be convicted, fined and incarcerated, and that the provision which allows the computer to be acquired by the county is tantamount to a bounty.

b) <u>Seizure Provisions Only Apply to Owners of Computer Equipment</u>. The seizure and forfeiture provisions of this bill only apply to owners of computer equipment who were either convicted of a computer crime or who allowed their equipment to be used in the commission of a computer crime.

c) <u>Forfeiture Provisions Need Clarification</u>. Although this bill would require a hearing to determine property rights before the seized computer equipment can be subject to forfeiture, these provisions do not include guidelines which are generally found in other areas of law regarding forfeiture provisions:

i.    What standard of proof is requested at the hearing?

ii.   What are the rights of subsequent bona fide purchasers who do not have knowledge of the computer crime.

iii.  Is the plaintiff required to provide notice to persons who may have a property interest in the computer?

The sponsor has indicated that it is willing to cross reference this bill to the procedural requirements contained in the criminal profiteering forfeiture provisions (Section 186.4 of the Penal Code).

(800) 666-1917   LEGISLATIVE INTENT SERVICE

<u>SB 255</u>

<u>SOURCE</u>:     Los Angeles County Board of Supervisors

<u>SUPPORT</u>:    Rohr Industries, Inc.
            Southern California Gas Company
            Equifax Inc.
            City of Inglewood Police Department
            TRW Inc., Government Relations
            County of Los Angeles, Office of the Sheriff
            International Association of Chiefs of Police
            Security Pacific National Bank
            Quality Assurance Institute
            Attorney General's Office
            Northrop Corporation
            Hughes Aircraft Company
            Information Systems Security Association
            California Bankers Association
            Sacramento County Sheriff's Department
            Rockwell International Corporation

<u>OPPOSITION</u>: American Civil Liberties Union
            California Teamsters Public Affairs Council

<u>SB 255</u>
F

ARC - 18b

<u>WAYS AND MEANS COMMITTEE ANALYSIS</u>

Author:  Davis                     Amended:  08/18/87              Bill No.:  SB 255

Policy Committee: Public Safety                                   Vote:  08/26/87

---

Urgency:  Yes                                                     Hearing Date:  08/26/87

State Mandated Local Program:  Yes                               Staff Comments by:

Disclaimed:  Yes                                                 Geoff Long _GL_

---

## Summary

This bill would recast existing law relating to computer crimes.

## Fiscal

Unknown, minor costs for increased state prison commitments.

## Amendments

Proposed author's amendments make technical revisions.

GL:kjr

AMENDMENTS ATTACHED



(800) 666-1917   LEGISLATIVE INTENT SERVICE

ARC - 19b

Legislative Analyst
August 22, 1987

ANALYSIS OF SENATE BILL NO. 255 (Davis)
As Amended in Assembly August 18, 1987
1987-88 Session

Fiscal Effect:

<u>Cost</u>:    Unknown General Fund costs for
             additional commitments to state
             prison.

<u>Revenue</u>:  Unknown revenue to local governments
             and certain state special funds from
             increased fines and penalty
             assessments.

Analysis:

    <u>This bill</u> repeals various provisions of existing
law which define various crimes involving the unlawful
use of computers, and enacts the Comprehensive Computer
Data Access and Fraud Act. This act would redefine
various computer terminology and create new crimes
involving the unlawful use of computers.

    Specifically, the bill would make it a public
offense to knowingly and without permission, except as
specified, do any of the following:

        o  Access, damage or use any computer or
           computer system to defraud or obtain money
           under false pretenses,

        o  Take or copy any data whether existing or
           residing internal or external to a computer
           system,

SB 255 (Am. 8/18/87)

LEGISLATIVE INTENT SERVICE   (800) 666-1917

ARC - 20b

SB 255--contd          -2-

- ⊛ Access or destroy any data to a computer
  system, and

- ⊛ Access, disrupt, or deny computer services to
  an authorized user.

These crimes would be punishable by a fine of up
to $10,000, imprisonment in state prison for 16 months,
2 or 3 years, or by both that fine and imprisonment; or
by a fine of up to $5,000, imprisonment in a county
jail for up to 1 year, or by both that fine and
imprisonment.

The bill would further make it a public offense
to knowingly and without permission, use or cause to be
used, any computer services, and would make it a crime
to knowingly and without permission (1) assist in the
unauthorized access of a computer or (2) access any
computer or computer system.  The measure establishes
various penalties for these offenses, with increased
penalties under specified circumstances.

The bill indicates that the criminal provisions
listed above would not apply to any person who accesses
an employer's computer system within the scope of his
or her lawful employment.

The measure further permits the owner of a
computer system which is unlawfully accessed or
damaged, as specified, to bring civil action for
compensatory damages.  In addition, the bill provides
for the seizure under warrant or incident to a lawful
arrest, of any computer or computer-related item, as
specified.

LEGISLATIVE INTENT SERVICE          (800) 666-1917

SB 255--contd            -3-

## Fiscal Effect

The bill would increase General Fund costs by an unknown amount to the extent that additional persons are sentenced to state prison under its provisions. The Department of Corrections has not yet completed its analysis of this measure.  However, last year the department advised that less than five persons were sentenced for violations of existing criminal provisions related to the unlawful use of computers in 1984.

To the extent that additional fines are imposed under the bill, local governments and certain state special funds would receive additional revenues from fines and penalty assessments.

Mandated Local Program.  The bill would result in unknown local law enforcement and incarceration costs.  The bill contains a crimes and infractions disclaimer.

41/s4



LEGISLATIVE INTENT SERVICE      (800) 666-1917

ARC - 22b

| | DEPARTMENT | AUTHOR | BILL NUMBER |
|---|---|---|---|
| Honorable Ed Davis | Finance | Davis | SB 255 |
| Member of the Senate | | | |
| State Capitol, Room 2048 | SPONSORED BY | RELATED BILLS | LAST AMENDED |
| Sacramento, CA 95814 | | | August 18, 1987 |

## BILL SUMMARY
**This bill recasts the existing computer crime legislation and expands the scope of the prohibited activity. In addition to civil actions, the bill provides for the confiscation of equipment if convicted.**

## SUMMARY OF COMMENTS

No adverse comments

## FISCAL SUMMARY--STATE LEVEL

| Code/Department Agency or Revenue Type | SO | (Fiscal Impact by Fiscal Year) | | |
|---|---|---|---|---|
| | LA | (Dollars in Thousands) | | |
| | CO | | | Code |
| | RV | FC 1987-88  FC 1988-89  FC 1989-90 | | Fund |

No fiscal impact.

## ANALYSIS

A. Specific Findings

    (C) Any person who commits any of the following is guilty of a public offense:

        Knowingly and without permission...
        (1) alters, damages, destroys, or otherwise uses data to either (A) devise or execute any scheme to defraud, deceive or extort, or (B) wrongfully control or obtain money, property, data or services.
            (continued)

| POSITION | Department Director | Date |
|---|---|---|
| SUPPORT | | |

| Principal Analyst | Date | Dir. Ofc. Inf. Tech. | Date | Governor's Office |
|---|---|---|---|---|
| (83) Joe Pujals | 8-24-87 | Steve E. Kolodney | 8/24/87 | Position noted |
| | | | | Position approved |
| | | | | Position disapproved |
| | | | | by:        date: |

| BILL ANALYSIS | | FORM DF-43 (REV 3/86 500 BU) |
|---|---|---|

LEGISLATIVE INTENT SERVICE    (800) 666-1917

BILL ANALYSIS (continued)                                                        FORM DF-43

| AUTHOR | AMENDMENT DATE | BILL NUMBER |
|--------|---------------|-------------|
| Davis  | August 18, 1987 | SB 255 |

**ANALYSIS (cont'd)**

    (2) takes copies, or  makes use of any data from a computer, or copies any supporting documentation external or residing in a computer.

    (3) uses or causes to be used computer services.

    (4) adds, alters, damages,deletes or destroys any data computer program or software.

    (5) disrupts or causes the disruption of computer services or denies or causes the denial of computer services.

    (6) provides or assists in providing a means of accessing a computer, in violation of this section.

    (7) accesses or causes to be accessed any computer.

(d) The various offenses are punishable by fines ranging from $250 to $10,000 and/or one year to three years in prison.

(e) (1) In addition to any other civil remedy the owner or lessee of a computer may request compensatory damages including any reasonable cost necessary to verify that the data, programs or computing system was not altered, damaged or deleted.  The conduct of an unemancipated minor shall be imputed to the parent or legal guardian.

    (2) In any action the court may award attorneys fees to the prevailing party.

(f) This bill will not preclude the applicability of any other law.

(g) This bill is effective after January 1, 1988 and is not retroactive.

(h) The bill provides for confiscation of computing equipment, programs or other devices used in the commission of a public offense.  Following a hearing to determine ownership, seized equipment may be used by the county or distributed to public or nonprofit corporation as may be deemed appropriate by the court.

(i) The bill does not apply to anyone when they are acting within the scope of his or her lawful employment.

(j) (1) This bill does not criminalize employee labor relation activities that are within the scope of and protected by labor laws of the State or Federal Government.

(800) 666-1917   LEGISLATIVE INTENT SERVICE

ARC - 24b

**BILL ANALYSIS** (continued)

**(3)**

**FORM DF-43**

| AUTHOR | AMENDMENT DATE | BILL NUMBER |
|--------|----------------|-------------|
| Davis  | August 18, 1987 | SB 255 |

**ANALYSIS** (cont'd)

   **(2)** This bill does not apply to noncommercial, incidental transactions that are personal to an employee and beyond the scope of the employers business if the transactions do not cause injury or incur expenses greater than one hundred dollars.

 **(k)** For the purposes of bringing suit, the acccessing of a computer or network in one jurisdiction from another jurisdiction is deeemed to have accessed the computer or network in both jurisdictions.

 SEC. 4. This bill adds Section 502.01 to the penal code.  This section defines the rules that the court must follow in pursuing forfeiture of equipment.

**B. Fiscal Analysis**

 This bill contains a crime and infractions disclaimer.



LEGISLATIVE INTENT SERVICE     (800) 666-1917

ARC - 25b

Form DF-44R (Rev. 2/87 W-600)

| | NO. | ISSUE DATE | BILL NUMBER |
|---|---|---|---|
| Local Cost | 3 | AUG 2 4 1987 | SB 255 |
| E S T I M A T E | AUTHOR | | DATE LAST AMENDED |
| Department of Finance | Davis | | August 18, 1987 |

I. SUMMARY OF LOCAL IMPACT:

This bill would recast and expand provisions prohibiting certain
unlawful activities with regard to computers and computer systems.

II. FISCAL SUMMARY--LOCAL LEVEL

| | 1987-88 | 1988-89 | 1989-90 |
|---|---|---|---|
| | | (Dollars in Thousands) | |
| Reimbursable Expenditures: | -- | -- | -- |
| Non-Reimbursable Expenditures: | -- | -- | -- |
| Revenues: | -- | -- | -- |

III. ANALYSIS:

Existing law provides that it is unlawful to engage in specified
activities with regard to computers and computer systems.  This bill
would expand and recast the provisions of that law and would provide
that a violation of the provisions is punishable by imprisonment in the
county jail or State prison, or by a fine.

Under Section 6(b) of Article XIII B of the California Constitution, any
costs to a unit of local government which result from legislation
defining a new crime or changing an existing definition of a crime are
not "state mandated costs" and therefore are not reimbursable by the
State.  In addition, Section 17556(a)7 of the Government Code prohibits
the Commission on State Mandates from considering any claims for
reimbursement of costs from a local entity based on such legislation or
on legislation which eliminated a crime or changed the penalty for a
crime.  It should be noted, however, that Section 2246.2 of the Revenue
and Taxation Code requires that funding be included in the Governor's
Budget to reimburse local entities for one-half of any additional
detention and probation costs in excess of 1 percent of such costs in
the preceding year incurred as the result of a bill which increased the
penalty for a crime.  Any local entity which believes that this bill
falls within the purview of these provisions may, as provided by law,
file a written request for these funds with the Department of Finance.

This bill would also authorize the sheriff of a county, if ordered by
the court, to destroy as contraband or distribute to any other public
entity or nonprofit corporation, any computer or computer system or
device which has been seized under a warrant or incident to a lawful
arrest under the proposed provisions.

(continued)

| PREPARED | Date | REVIEWED | Date | APPROVED | Date |
|---|---|---|---|---|---|
| (653) | | | | | |
| LR:0280L | | | | | |

ARC - 26b

LEGISLATIVE INTENT SERVICE   (800) 666-1917

| AUTHOR | DATE LAST AMENDED | BILL NUMBER |
|---|---|---|
| Davis | August 18, 1987 | SB 255 |

### III.   ANALYSIS (continued)

Any costs incurred in the destruction or distribution of computers by the sheriff are generated by court order, an order which is only authorized, not mandated by SB 255.  It becomes important to determine whether the judge of the court is acting as a local official or as a State official.  We are aware of no statutory or case law which provides a precise answer to that question.  Because a judge appears to have stronger linkages to local government than to State government (e.g., payment of costs, locally elected, etc.), we believe that, when acting on matters such as those allowed by SB 255, the judge is acting as a local official.  The authorized court order is clearly not mandated by the State but is a matter of local discretion.

Although Section 5 of the bill appropriately contains a "crimes and infractions" disclaimer, it should be noted that the Legislative Counsel's digest fails to fully recognize legislative intent.  In amending out, in a previous version of this bill, those provisions which would have allowed state-mandated costs to be reimbursed from the State Mandates Claims Fund, the Legislature agreed that no state-mandated program is created by requiring the sheriff, pursuant to court order, to destroy computer-related items.

LR:0280L-2



LEGISLATIVE INTENT SERVICE   (800) 666-1917

ARC - 27b

PROPERTY OF
ASSEMBLY REPUBLICAN CAUCUS
LIBRARY

Revised - as amended 9/10/87                                         SB 255

## SENATE THIRD READING

SB 255 (Davis) - As Amended:  September 10, 1987

SENATE VOTE:  31-0

ASSEMBLY ACTIONS:

| COMMITTEE | PUB. S. | VOTE 4-i | COMMITTEE | W. & M. | VOTE 22-0 |
|---|---|---|---|---|---|

Ayes:  Stirling, Leslie, Roos, Zeltner     Ayes.

Nays:  Campbell                            Nays:

### DIGEST

Current law:

1) Makes it an alternate felony/misdemeanor for one to intentionally access a
   computer for the purpose of defrauding.

2) Makes it an alternate felony/misdemeanor for one to maliciously access,
   alter, damage or disrupt the operation of a computer system.

3) Makes it an infraction for one to intentionally and without authorization
   access a computer system.  Acts which result in injury or second offenses
   are punishable as misdemeanors.

4) Provides that the owner or lessee of a computer may bring a civil action
   for damages against one convicted of using his or her computer to commit a
   computer crime, and that such damages include expenditures incurred to
   verify that a computer was or was not altered, damaged or deleted by the
   access.

5) Authorizes the court to award attorney's fees to a prevailing plaintiff in
   such civil actions.

This bill:

1) Recasts and redefines provisions of law relating to computer crimes.

2) Contains statements of legislative intent regarding the need to expand the
   provisions of law relating to computer crime.

3) Expands the number and definition of computer terms in existing law.

- continued -

SB 255

ARC - 28b

LEGISLATIVE INTENT SERVICE   (800) 666-1917

4) Provides that one who knowingly and without permission uses a computer is guilty of a misdemeanor for a first offense which does not result in injury and in which the value of the computer services does not exceed $400. Second offenses and first offenses which result in injury or in which the value of computer services is over $400 would be punishable as an alternate felony/misdemeanor.

5) Increases the penalties for the unauthorized access of a computer which results in a victim expenditure, as defined, of over $5,000.

6) Increases the fine for misdemeanor offenses to $5,000.

7) Specifies that these provisions are not intended to criminalize lawful employee-labor relations activities.

8) Specifies that the above provisions do not apply to an employee who accesses or uses his or her employer's computer if the employee's activities do not cause injury or if the value of the computer services does not exceed $100.

9) Specifies that the bill shall not be construed to preclude the applicability of any other criminal offenses.

10) Specifies that for purposes of bringing an action, a person who accesses a computer in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer in each jurisdiction.

11) Requires probation officers to immediately provide the district attorney with a probation report in juvenile cases in which it appears that the minor was 16 years or older at the time of the commission of a specified felony.

12) Requires probation officers to, within 48 hours, provide the district attorney with a probation report in the following juvenile cases:

   a) It appears to the probation officer that the juvenile has committed a specified felony.

   b) The juvenile was under 16 at the time of the offense, and the offense constitutes a second felony referral to the probation officer.

   c) The juvenile was over 16 at the time of the offense, and the offense was a felony.

13) Requires the district attorney to exercise his or her discretionary power to institute a proceeding against the juvenile.

- continued -

LEGISLATIVE INTENT SERVICE   (800) 666-1917

ARC - 29b

14) Requires the district attorney to refer the matter to the probation officer in the following cases:

   a) It appears that the affidavit was not properly referred.

   b) It appears that the offense for which the minor was referred should be charged as a misdemeanor.

   c) The minor may benefit from a program of informal supervision.

## FISCAL EFFECT

State-mandated local program; contains a crimes and infractions disclaimer.

## COMMENTS

1) According to the American Bar Association, as of June 1984, 25% of America's largest companies suffer annual losses attributable to computer crime of between $145 and $730 million.

2) This bill was developed by Los Angeles County's Computer Crime Task Force in order to provide for increased penalties for computer "hackers" and to provide standardized definitions of terms.

3) Recently enacted legislation removed a provision under current law which requires probation officers to provide probation reports to the district attorney in specified cases (AB 439, Vasconcellos -- Chapter 134, Statutes of 1987). This bill would chapter out those provisions by reenacting current law.

DeeDee D'Adamo
445-3268
9/10/87:apubs

LEGISLATIVE INTENT SERVICE    (800) 666-1917





ARC - 30b

UNFINISHED BUSINESS

| SENATE RULES COMMITTEE | Bill No. | SB 255 |
|---|---|---|
| Office of Senate Floor Analyses 1100 J Street, Suite 120 445-6614 | Author: | Davis (R) |
| | Amended: | 9/10/87 |
| | Vote Required: | Majority |

Committee Votes:

Senate Floor Vote: 9-11-87 pg 3921

| COMMITTEE: JUDICIARY | | |
|---|---|---|
| BILL NO.: SB 255 | | |
| DATE OF HEARING: 9-10-87 | | |
| SENATORS: | AYE | NO |
| Doolittle | ✓ | |
| Keene | ✓ | |
| Marks | | |
| Petris | ✓ | |
| Presley | ✓ | |
| Richardson | | |
| Roberti | ✓ | |
| Torres | ✓ | |
| Watson | ✓ | |
| Davis (VC) | ✓ | |
| Lockyer (CH) | ✓ | |
| TOTAL: | 7 | 0 |

PLACED ON FILE PURSUANT TO SENATE RULE 28.8

**Senate Bill 255**—An act to repeal and add Section 502 of the Penal Code, and to amend Section 653.5 of, and to add Section 653.1 to, the Welfare and Institutions Code, relating to crimes.

**Roll Call**

The roll was called and the Senate concurred in Assembly amendments by the following vote:

AYES (37)—Senators Alquist, Ayala, Bergeson, Beverly, Boatwright, Campbell, Craven, Deddeh, Dills, Doolittle, Ellis, Garamendi, Cecil Green, Bill Greene, Leroy Greene, Hart, Keene, Kopp, Lockyer, Maddy, Marks, McCorquodale, Mello, Morgan, Nielsen, Petris, Presley, Robbins, Roberti, Rogers, Rosenthal, Royce, Russell, Seymour, Torres, Vuich, and Watson.

NOES (0)—None.

Above bill ordered enrolled.

Assembly Floor Vote: 72–0, Pg. 4908, 9/10/87

**SUBJECT:** Penal Code relating to crimes

**SOURCE:** Los Angeles Board of Supervisors

**DIGEST:** This bill recasts the existing computer crime legislation and expands the scope of the prohibited activity. In addition to civil actions, the bill provides for the confiscation of equipment if convicted.

Assembly Amendments remove provisions relative to seizure and confiscation of computers.

The amendments also restore inadvertently deleted provisions from existing law relating to probation departments.

**ANALYSIS:** Existing law makes it a crime, punishable by imprisonment and fines which in no case may exceed $10,000, for any person to, among other things, access a computer system or network: 1) intentionally in order to defraud or extort; 2) maliciously; or 3) intentionally and without authorization, with the knowledge that the access was unauthorized.

This bill would repeal and then rewrite Penal Code Section 502. It would broaden existing definitions, expand the scope of prohibited computer related activity, and restructure fines and imprisonment penalties for violations.

According to the Senate Judiciary Committee analysis, the purpose of the bill is to clarify and broaden existing law, as well as provide increased penalties commensurate with the gravity of the offense.

LIS - 14



(800) 666-1917

LEGISLATIVE INTENT SERVICE

CONTINUED

This bill was developed by the Computer Crime Task Force, which is a subcommittee of the Los Angeles County Criminal Justice Coordinating Committee.  The Task Force is composed of 16 members including representatives from law enforcement, district attorney offices, the U.S. Attorney's office, and private industry, including banks, accounting firms and big business.  No representatives of the defense bar are on the Task Force.  The primary duty of the task force is to develop a Model Computer Crime Act; and, in so doing, it created a bill which it believes would meet the specific computer crime problems in California.

This bill would broaden the application of existing law by redefining terms that are used in existing law, such as "access", "computer system", "computer network", "computer program" and "data".  It would also define new terms, such as "computer services" and "supporting documentation".

The task force believes that it is necessary to provide standard definitions in order to insure higher conviction rates.  Proponents believe that the new definitions would be broader, and would be directed more to computer users than lawyers but would be acceptable to both the business and legal communities.

This bill would create seven new crimes involving computers.  Any person who did any of the following acts, if the act was not within the course and scope of employment, would be guilty of a crime:

1) Knowingly accesses and without permission alters, damages, deletes, destroys, or otherwise uses any data, computer, computer system, or computer network in order to either (A) devise or execute any scheme or artifice to defraud, deceive, or extort, or (B) wrongfully control or obtain money, property, data, or services.

2) Knowingly accesses and without permission takes, copies, or makes use of any data from a computer, computer system, or computer network, or takes or copies any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network.

3) Knowingly and without permission uses or causes to be used computer services.

4) Knowingly accesses and without permission adds, alters, damages, deletes, or destroys any data, computer software, or computer programs which reside or exist internal or external to a computer, computer system, or computer network.

5) Knowingly and without permission disrupts or causes the disruption of computer services or denies or causes the denial of computer services to an authorized user of a computer, computer system, or computer network.

6) Knowingly and without permission provides or assists in providing a means of accessing a computer, computer system, or computer network in violation of this section.

7) Knowingly and without permission accesses or causes to be accessed any computer, computer system, or computer network.



LEGISLATIVE INTENT SERVICE   (800) 666-1917

Existing penalties for maliciously or intentionally accessing a computer system or network in order to defraud or extort is punishable by imprisonment and a fine which in no case may exceed $10,000. Intentionally accessing a computer system or network without authorization when no injury results, is an infraction punishable by a fine not exceeding $250. If injury results, or if it is a second offense, the fine could be imposed not to exceed $5,000 and/or imprisonment in county jail not exceeding one year.

The various offenses are punishable by fines ranging from $250 to $10,000 and/or one year to three years in prison.

1) In addition to any other civil remedy the owner or lessee of a computer may request compensatory damages including any reasonable cost necessary to verify that the data, programs or computing system was not altered, damaged or deleted. The conduct of an unemancipated minor shall be imputed to the parent or legal guardian.

2) In any action the court may award attorney's fees to the prevailing party.

   This bill will not preclude the applicability of any other law.

   This bill is effective after January 1, 1988 and is <u>not retroactive</u>.

Assembly amendments restore previously existing law requiring probation department to bring <u>felony</u> complaints to the attention of the district attorney's office before instituting informal probation rather than prosecution. This measure was inadvertently repealed as part of the budget rider bill purely on a fiscal basis and was not heard in any policy committee. None of the affected committees objected. The CDAA and probation officer support the reinstitution of the measure which is without opposition.

The Senate Floor Analyses office has been informed that this was, indeed, inadvertently deleted in Assembly Ways and Means and Assemblyman John Vasconcellos has signed off that this is a proper amendment.

<u>Prior Legislation</u>

AB 2551 (1983) Committee on Economic Development and New Technology, passed the Senate on 8/17/74, 33-0, (Page 13581), Chapter 949 of the Statutes of 1984.

SB 1786 (1986) Davis, passed the Senate on 5/22/86, 28-1, (Page 5850), voting no: Keene, died in Assembly Judiciary.

**FISCAL EFFECT:**    Appropriation: No    Fiscal Committee: Yes    Local: Yes

No fiscal impact. Contains SB 90 Crimes and Infraction language.

LEGISLATIVE INTENT SERVICE    (800) 666-1917

**SUPPORT:**   (Verified 9/10/87)

Union Bank
Security Pacific National Bank
Information Systems Security Association
Southern California Gas Company
California Bankers Association
Hughes Aircraft
Santa Cruz County Board of Supervisors
Northrop Corporation
Los Angeles County Sheriff
Attorney General
Equifax Inc.,
Los Angeles County District Attorney
Department of Finance
Rockwell Inc.
Sacramento County Sheriffs Department
TRW Inc.
California Police Officers Association
California Police Chiefs Association
California State Sheriffs Association
County of Los Angeles
The Credit Bureau, Inc. (CBI)

**ARGUMENTS IN SUPPORT:**

**Rockwell International**

"At Rockwell we have established a corporate nationwide information security
program.  An element of this program addresses preventive and detective
measures to protect company information resources against computer crime.  We
employ several security officers at more than 20 facility locations who are
involved in the investigation and potential prosecution of information
security violations.  Computer crime legislation is of special interest to us.

Passage of legislation such as the proposed SB 255 provides us with a useful
reference in administering our security program and serves as a deterrent to
computer crime as well as an aid in its prosecution when necessary."

**Northrop**

"Northrop believes this legislation reflects more appropriate definitions of
computer crimes and is more comprehensive than current statues.  Passage of SB
255 would be beneficial to the private and public sectors in the deterrence
and prosecution of crimes in this area."

**Southern California Gas Company**

"SoCalGas believes that SB 255 is a positive, and much needed step toward
deterring computer crime and would benefit all companies which utilize
computing and data resources."



LEGISLATIVE INTENT SERVICE   (800) 666-1917

CONTINUED

## Security Pacific National Bank

"Two SPNB staff members are on the Los Angeles County Computer Crime Task
Force who developed this computer crime legislative proposal. We endorse it
as a reasonable and responsible method of addressing and attacking the
expanding computer crime trend. Further, we would be pleased to be listed as
a co-sponsor of this measure."

## Hughes Aircraft

"The proliferation of computer technology and the ever increasing reliance on
public and private agencies in the utilization of this technology as the
potential of impacting each individual. Therefore, it is critical that the
legislature provide the most appropriate mechanism for prosecuting those who
commit computer crime. We believe this proposed legislation achieves this
objective."

## TRW

"TRW's Information Services Division operates one of the country's largest
consumer credit reporting agencies. We maintain files on over 130 million
individuals and service these consumers through 21 offices and 80 independent
credit bureaus nationwide. We are extremely concerned with any unauthorized
access to our data base and place high priority on security-related issues and
programs.

We believe that the provisions contained in SB 255 will work to protect the
integrity of information held in computer systems and guard the privacy of
individuals and businesses."

## County of Los Angeles

"The proliferation of computer has facilitated the abuse of information
systems and data. A June, 1984 American Bar Association report indicated that
25% of America's largest companies suffer annual losses attributable to
computer crime of between $145 million and $730 million. Detection and
prosecution is difficult because of the volume of illegal activity and the
limitations on justice system personnel. Senate Bill 255 attempts to mitigate
some of these problems by providing standardized definitions acceptable to
both the business and legal communities."

## California Attorney General

"This is an excellent, comprehensive bill which clarifies and broadens
existing law."

RJG:nf 9/10/87 Senate Floor Analyses

LEGISLATIVE INTENT SERVICE   (800) 666-1917

CONTINUED

Sacramento, California

October 1, 1987

Honorable George Deukmejian
Governor of California
Sacramento, CA

<u>REPORT ON ENROLLED BILL</u>

S.B. 255          DAVIS.  Crimes.

SUMMARY:[1]          (1)  Existing law provides that it is a
public offense to engage in certain unlawful activities
with regard to a computer system, computer network,
computer program, and computer data.  Existing law also
allows the owner or lessee of computer systems,
networks, programs, or data to maintain a civil action
against any person convicted of violating the criminal
provisions for compensatory damages.

          This bill would substantially recast existing
law.  It would expand the scope of the prohibited
activity, as specified, thereby imposing a
state-mandated local program.  It would also revise the
definitions of that law.  This bill would also include
provisions exempting persons engaged in designated
employee labor relations activities from criminal
liability.  This bill would also provide that the
criminal penalties imposed by this bill do not apply to
employees accessing an employer's computer when acting

---

[1] This is a corrected copy of the digest of the bill.  The
changes in the digest appearing on the printed bill as adopted
are indicated in strikeout and underline.



Report on S.B. 255 - p. 2

within the scope of his or her employment, or the use, knowingly and without permission, of an employer's computer outside an employee's scope of employment which does not result in an injury to an employer, as defined, so long as the value of that use does not exceed $100.

This bill would specify that for purposes of bringing a civil or a criminal action under this law, a person who causes, by any means, the access of a computer, computer system, or computer network in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer, computer system, or computer network in each jurisdiction.

(2)   Under existing law, if a probation officer determines that juvenile court proceedings to declare a person a ward of the juvenile court on the basis of criminal conduct should be commenced, the probation officer is required to cause an affidavit to be taken to the prosecuting attorney.

This bill ~~provides~~ would provide that a probation officer shall cause an affidavit alleging that a minor is within the jurisdiction of the juvenile court on the basis of criminal conduct to be taken immediately or within 48 hours, depending upon the age of the minor ~~and~~ or the nature of the offense, or both to the prosecuting attorney ~~if he or she determines that proceedings to declare the minor a ward of the juvenile court should be commenced~~.  To the extent that the bill would require a higher level of service upon probation officers, it would constitute a state-mandated local program.

(3)   The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state.  Statutory provisions establish procedures for making that reimbursement, including the creation of a State Mandates Claims Fund to pay the costs of mandates which do not exceed $500,000 statewide and other procedures for claims whose statewide costs exceed $500,000.

This bill would provide that for certain costs no reimbursement is required by this act for a specified reason.



(800) 666-1917   LEGISLATIVE INTENT SERVICE

A2

Report on S.B. 255 - p. 3

However, the bill would provide that, if the Commission on State Mandates determines that this bill contains other costs mandated by the state, reimbursement for those costs shall be made pursuant to those statutory procedures and, if the statewide cost does not exceed $500,000, shall be payable from the State Mandates Claims Fund.

FORM:                  Approved.

CONSTITUTIONALITY:   Approved.

TITLE:                 Approved.

CONFLICTS:            This bill and Assembly No. 439, which has been chaptered as an urgency statute, (Ch. 134, Stats. 1987), both affect Sections 653.1 and 653.5 of the Welfare and Institutions Code.

The bills affect these sections in exactly opposite ways.

Section 653.1 of the Welfare and Institutions Code

A.B. 439 repealed Section 653.1, thereby deleting the requirement that a probation officer cause an affidavit alleging that a minor is within the jurisdiction of the juvenile court on the basis of criminal conduct be immediately taken to the prosecuting attorney where it appears to the probation officer that the minor has been referred to the officer for any violation of certain offenses (Sec. 12, A.B. 439).

This bill would add Section 653.1 to the Welfare and Institutions Code by enacting a section with provisions identical to those that existed prior to the repeal of that section by A.B. 439 (Sec. 4, this bill).

Section 653.5 of the Welfare and Institutions Code

A.B. 439 also amended Section 653.5 by deleting the provisions of former subdivision (c) of that section, which requires the probation officer to cause an affidavit, as specified, to be taken within 48 hours to the prosecuting attorney in all cases where it alleges that a minor has been involved in certain conduct.



(800) 666-1917   LEGISLATIVE INTENT SERVICE

A3

Report on S.B. 255 - p. 4

          This bill would amend Section 653.5 by
reenacting the provisions of former subdivision (c) in
the form that existed prior to the deletion of that
subdivision by A.B. 439.

          Thus, if this bill is chaptered, the repeal
of Section 653.1 of the Welfare and Institutions Code,
and the amendment of Section 653.5 of that code by the
deletion of subdivision (c) thereof, by A.B. 439, will
remain in effect only until January 1, 1988, on which
date provisions identical to those repealed provisions
will take effect again as proposed by this bill
(Sec. 9605, Gov. C.).

                              Bion M. Gregory
                              Legislative Counsel


                              By
                              Thomas R. Heuer
                              Deputy Legislative Counsel

TRH:jdg

Two copies to Honorable Ed Davis
and Honorable John Vasconcellos,
pursuant to Joint Rule 34.

(800) 666-1917

LEGISLATIVE INTENT SERVICE

A4

Form DF 14R (Rev. 2/87 W 500)

| | NO. | ISSUE DATE | BILL NUMBER |
|---|---|---|---|
| Local Cost | 2 | APR 1 1987 | SB 255 |
| E S T I M A T E | AUTHOR | | DATE LAST AMENDED |
| Department of Finance | Davis | | March 30, 1987 |

I.  SUMMARY OF LOCAL IMPACT:

Recasts and expands provisions prohibiting certain unlawful activities with regard to computers and computer systems.

II.  FISCAL SUMMARY--LOCAL LEVEL

| | 1986-87 | 1987-88 | 1988-89 |
|---|---|---|---|
| | | (Dollars in Thousands) | |
| Reimbursable Expenditures: | -- | -- | -- |
| Non-Reimbursable Expenditures: | -- | -- | -- |
| Revenues: | -- | -- | -- |

III.  ANALYSIS:

Existing law provides that it is unlawful to engage in specified activities with regard to computers and computer systems.  This bill would expand and recast the provisions of that law and would provide that a violation of the provisions is punishable by imprisonment in the county jail or State prison, or by a fine.

Under Section 6(b) of Article XIII B of the California Constitution, any costs to a unit of local government which result from legislation defining a new crime or changing an existing definition of a crime are not "state mandated costs" and therefore are not reimbursable by the State.  In addition, Section 17556(a)7 of the Government Code prohibits the Commission on State Mandates from considering any claims for reimbursement of costs from a local entity based on such legislation or on legislation which eliminated a crime or changed the penalty for a crime.  It should be noted, however, that Section 2246.2 of the Revenue and Taxation Code requires that funding be included in the Governor's Budget to reimburse local entities for one-half of any additional detention and probation costs in excess of 1 percent of such costs in the preceding year incurred as the result of a bill which increased the penalty for a crime.  Any local entity which believes that this bill falls within the purview of these provisions may, as provided by law, file a written request for these funds with the Department of Finance.

This bill would also authorize the sheriff of a county, if ordered by the court, to destroy as contraband or distribute to any other public entity or nonprofit corporation, any computer or computer system or device which has been seized under a warrant or incident to a lawful arrest under the proposed provisions.

(continued)

PREPARED (653)  Date  J-31-87  * REVIEWED  Date 3/31/87  * APPROVED  Date 4/1/87

LR:0280L/1

A5

(800) 666-1917   LEGISLATIVE INTENT SERVICE

| AUTHOR | DATE LAST AMENDED | BILL NUMBER |
|--------|-------------------|-------------|
| Davis  | March 30, 1987    | SB 255      |

III.  ANALYSIS (continued)

Any costs incurred in the destruction or distribution of computers by the sheriff are generated by court order, an order which is only authorized, not mandated by SB 255.  It becomes important to determine whether the judge of the court is acting as a local official or as a State official.  We are aware of no statutory or case law which provides a precise answer to that question.  Because a judge appears to have stronger linkages to local government than to State government (e.g., payment of costs, locally elected, etc.), we believe that, when acting on matters such as those allowed by SB 255, the judge is acting as a local official.  The authorized court order is clearly not mandated by the State but is a matter of local discretion.

Section 4 of the bill, in addition to the "crimes and infractions" disclaimer in the first paragraph, also specifies in the second paragraph that reimbursement of costs mandated by the State in this bill shall be made from the State Mandates Claims Fund.  We contend that this is not appropriate as any costs which may be incurred are not reimbursable because they are either generated by a discrete locally controlled action or are a result of the creation of or change in the definition of a crime or infraction.  A "crimes and infractions" disclaimer alone would be appropriate.

LR:0280L-2

LEGISLATIVE INTENT SERVICE   (800) 666-1917

A 6

Form F   44R (Rev. 2/87 W 500)

| | NO. | ISSUE DATE | BILL NUMBER |
|---|---|---|---|
| Local Cost | 1 | MAR ᴜ 0 1987 | SB 255 |
| E S T I M A T E | AUTHOR | | DATE LAST AMENDED |
| Department of Finance | Davis | | March 24, 1987 |

I.  SUMMARY OF LOCAL IMPACT:

Recasts and expands provisions prohibiting certain unlawful activities with regard to computers and computer systems.

II.  FISCAL SUMMARY--LOCAL LEVEL

| | 1986-87 | 1987-88 | 1988-89 |
|---|---|---|---|
| | | (Dollars in Thousands) | |
| Reimbursable Expenditures: | -- | -- | -- |
| Non-Reimbursable Expenditures: | -- | -- | -- |
| Revenues: | -- | -- | -- |

III.  ANALYSIS:

Existing law provides that it is unlawful to engage in specified activities with regard to computers and computer systems.  This bill would expand and recast the provisions of that law and would provide that a violation of the provisions is punishable by imprisonment in the county jail or State prison, or by a fine.

Under Section 6(b) of Article XIII B of the California Constitution, any costs to a unit of local government which result from legislation defining a new crime or changing an existing definition of a crime are not "state mandated costs" and therefore are not reimbursable by the State.  In addition, Section 17556(a)7 of the Government Code prohibits the Commission on State Mandates from considering any claims for reimbursement of costs from a local entity based on such legislation or on legislation which eliminated a crime or changed the penalty for a crime.  It should be noted, however, that Section 2246.2 of the Revenue and Taxation Code requires that funding be included in the Governor's Budget to reimburse local entities for one-half of any additional detention and probation costs in excess of 1 percent of such costs in the preceding year incurred as the result of a bill which increased the penalty for a crime.  Any local entity which believes that this bill falls within the purview of these provisions may, as provided by law, file a written request for these funds with the Department of Finance.

This bill would also authorize the sheriff of a county, if ordered by the court, to destroy as contraband or distribute to any other public entity or nonprofit corporation, any computer or computer system or device which has been seized under a warrant or incident to a lawful arrest under the proposed provisions.

(continued)

A7

LEGISLATIVE INTENT SERVICE    (800) 666-1917

| PREPARED (653) | Date | * REVIEWED | Date | * APPROVED | Date |
|---|---|---|---|---|---|
| | 3-3087 | | 3/30/87 | | 3/30/87 |

LR:0280L/1

| AUTHOR | DATE LAST AMENDED | BILL NUMBER |
|--------|-------------------|-------------|
| Davis  | March 24, 1987    | SB 255      |

III.   ANALYSIS (continued)

Any costs incurred in the destruction or distribution of computers by the sheriff are generated by court order, an order which is only authorized, not mandated by SB 255.  It becomes important to determine whether the judge of the court is acting as a local official or as a State official.  We are aware of no statutory or case law which provides a precise answer to that question.  Because a judge appears to have stronger linkages to local government than to State government (e.g., payment of costs, locally elected, etc.), we believe that, when acting on matters such as those allowed by SB 255, the judge is acting as a local official.  The authorized court order is clearly not mandated by the State but is a matter of local discretion.

Section 4 of the bill, in addition to the "crimes and infractions" disclaimer in the first paragraph, also specifies in the second paragraph that reimbursement of costs mandated by the State in this bill shall be made from the State Mandates Claims Fund.  We contend that this is not appropriate as any costs which may be incurred are not reimbursable because they are either generated by a discrete locally controlled action or are a result of the creation of or change in definition of a crime or infraction.  A "crimes and infractions" disclaimer alone would be appropriate.

LR:0280L-2



(800) 666-1917

LEGISLATIVE INTENT SERVICE

A8

| | NO. | ISSUE DATE | BILL NUMBER |
|---|---|---|---|
| Local Cost | 3 | AUG 2 4 1987 | SB 255 |
| E S T I M A T E | AUTHOR | | DATE LAST AMENDED |
| Department of Finance | Davis | | August 18, 1987 |

## I. SUMMARY OF LOCAL IMPACT:

This bill would recast and expand provisions prohibiting certain unlawful activities with regard to computers and computer systems.

## II. FISCAL SUMMARY--LOCAL LEVEL

| | 1987-88 | 1988-89 | 1989-90 |
|---|---|---|---|
| | | (Dollars in Thousands) | |
| Reimbursable Expenditures: | -- | -- | -- |
| Non-Reimbursable Expenditures: | -- | -- | -- |
| Revenues: | -- | -- | -- |

## III. ANALYSIS:

Existing law provides that it is unlawful to engage in specified activities with regard to computers and computer systems. This bill would expand and recast the provisions of that law and would provide that a violation of the provisions is punishable by imprisonment in the county jail or State prison, or by a fine.

Under Section 6(b) of Article XIII B of the California Constitution, any costs to a unit of local government which result from legislation defining a new crime or changing an existing definition of a crime are not "state mandated costs" and therefore are not reimbursable by the State. In addition, Section 17556(a)7 of the Government Code prohibits the Commission on State Mandates from considering any claims for reimbursement of costs from a local entity based on such legislation or on legislation which eliminated a crime or changed the penalty for a crime. It should be noted, however, that Section 2246.2 of the Revenue and Taxation Code requires that funding be included in the Governor's Budget to reimburse local entities for one-half of any additional detention and probation costs in excess of 1 percent of such costs in the preceding year incurred as the result of a bill which increased the penalty for a crime. Any local entity which believes that this bill falls within the purview of these provisions may, as provided by law, file a written request for these funds with the Department of Finance.

This bill would also authorize the sheriff of a county, if ordered by the court, to destroy as contraband or distribute to any other public entity or nonprofit corporation, any computer or computer system or device which has been seized under a warrant or incident to a lawful arrest under the proposed provisions.

(continued)

A9

PREPARED
(653)
LR:0280L/

Date *  REVIEWED          Date  *  APPROVED          Date
*  K.H. Stewart  8/21/87  *
*                         *
*                         *

LEGISLATIVE INTENT SERVICE          (800) 666-1917

| AUTHOR | DATE LAST AMENDED | BILL NUMBER |
|---|---|---|
| Davis | August 18, 1987 | SB 255 |

III.  ANALYSIS (continued)

Any costs incurred in the destruction or distribution of computers by the sheriff are generated by court order, an order which is only authorized, not mandated by SB 255.  It becomes important to determine whether the judge of the court is acting as a local official or as a State official.  We are aware of no statutory or case law which provides a precise answer to that question.  Because a judge appears to have stronger linkages to local government than to State government (e.g., payment of costs, locally elected, etc.), we believe that, when acting on matters such as those allowed by SB 255, the judge is acting as a local official.  The authorized court order is clearly not mandated by the State but is a matter of local discretion.

Although Section 5 of the bill appropriately contains a "crimes and infractions" disclaimer, it should be noted that the Legislative Counsel's digest fails to fully recognize legislative intent.  In amending out, in a previous version of this bill, those provisions which would have allowed state-mandated costs to be reimbursed from the State Mandates Claims Fund, the Legislature agreed that no state-mandated program is created by requiring the sheriff, pursuant to court order, to destroy computer-related items.

LR:0280L-2



(800) 666-1917   LEGISLATIVE INTENT SERVICE

A10

Honorable Ed Davis
Member of the Senate
State Capitol, Room 2048
Sacramento, CA 95814

| DEPARTMENT Finance | AUTHOR Davis | BILL NUMBER SB 255 |
|---|---|---|
| SPONSORED BY | RELATED BILLS | LAST AMENDED August 18, 1987 |

## BILL SUMMARY

This bill recasts the existing computer crime legislation and expands the scope of the prohibited activity.  In addition to civil actions, the bill provides for the confiscation of equipment if convicted.

## SUMMARY OF COMMENTS

No adverse comments

## FISCAL SUMMARY--STATE LEVEL

| Code/Department Agency or Revenue Type | SO LA CO | (Fiscal Impact by Fiscal Year) (Dollars in Thousands) | | | Code Fund |
|---|---|---|---|---|---|
| | RV | FC  1987-88 | FC  1988-89 | FC 1989-90 | |

No fiscal impact.

## ANALYSIS

A. Specific Findings

(C) Any person who commits any of the following is guilty of a public offense:

Knowingly and without permission...
(1) alters, damages, destroys, or otherwise  uses data to either (A) devise or execute  any scheme to defraud, deceive or extort, or (B) wrongfully control or obtain money, property, data or services.
(continued)

POSITION                          Department Director        Date

SUPPORT

| Principal Analyst   Date (830) Joe Pujals | Dir. Ofc. Inf. Tech.   Date Steve E. Kolodney | Governor's Office Position noted Position approved Position disapproved by:      date: |
|---|---|---|
| *signature* 8-24-87 | *signature* 8/24/87 | |

BILL ANALYSIS

FORM DF-43 (REV 3/86 500 BU)

(800) 666-1917
LEGISLATIVE INTENT SERVICE

A11

BILL ANALYSIS (continu   .)     **(2)**                    FORM DF-43

| AUTHOR<br>Davis | AMENDMENT DATE<br>August 18, 1987 | BILL NUMBER<br>SB 255 |
|---|---|---|

**ANALYSIS (cont'd)**

    (2) takes copies, or  makes use of any data from a computer, or copies any supporting documentation external or residing in a computer.

    (3) uses or causes to be used computer services.

    (4) adds, alters, damages,deletes or destroys any data computer program or software.

    (5) disrupts or causes the disruption of computer services or denies or causes the denial of computer services.

    (6) provides or assists in providing a means of accessing a computer, in violation of this section.

    (7) accesses or causes to be accessed any computer.

(d) The various offenses are punishable by fines ranging from $250 to $10,000 and/or one year to three years in prison.

(e) (1) In addition to any other civil remedy the owner or lessee of a computer may request compensatory damages including any reasonable cost necessary to verify that the data, programs or computing system was not altered, damaged or deleted.  The conduct of an unemancipated minor shall be imputed to the parent or legal guardian.

    (2) In any action the court may award attorneys fees to the prevailing party.

(f) This bill will not preclude the applicability of any other law.

(g) This bill is effective after January 1, 1988 and is not retroactive.

(h) The bill provides for confiscation of computing equipment, programs or other devices used in the commission of a public offense.  Following a hearing to determine ownership, seized equipment may be used by the county or distributed to public or nonprofit corporation as may be deemed appropriate by the court.

(i) The bill does not apply to anyone when they are acting within the scope of his or her lawful employment.

(j) (1) This bill does not criminalize employee labor relation activities that are within the scope of and protected by labor laws of the State or Federal Government.

LEGISLATIVE INTENT SERVICE   (800) 666-1917

A12

BILL ANALYSIS (continu .)                                    FORM DF-43

| AUTHOR | AMENDMENT DATE | BILL NUMBER |
|--------|----------------|-------------|
| Davis | August 18, 1987 | SB 255 |

ANALYSIS (cont'd)

(2) This bill does not apply to noncommercial, incidental transactions that are personal to an employee and beyond the scope of the employers business if the transactions do not cause injury or incur expenses greater than one hundred dollars.

(k) For the purposes of bringing suit, the acccessing of a computer or network in one jurisdiction from another jurisdiction is deeemed to have accessed the computer or network in both jurisdictions.

SEC. 4. This bill adds Section 502.01 to the penal code. This section defines the rules that the court must follow in pursuing forfeiture of equipment.

B. Fiscal Analysis

This bill contains a crime and infractions disclaimer.

(800) 666-1917

LEGISLATIVE INTENT SERVICE

A 13

SB 255 1987 CHAPTER 1499

CHAPTER 1499

SENATE BILL NO. 255 _____ 1987 REGULAR SESSION

AUTHOR _____ DAVIS

DATE RECEIVED _____ 9-18 _____ 1987

LAST DAY TO ACT _____ 9-30 _____ 1987

| | | |
|---|---|---|
| LC | IR | PUC |
| BTH | LEGAL | DPA |
| EQ | OLGA | ED |
| FIN | RES | |
| F&A | SCS | |
| H&W | YAC | |

ACTION OF GOVERNOR _____ 9-30 _____ 1987

LEGISLATIVE INTENT SERVICE   (800) 666-1917

PE-1

LIS - 16

*1499*

# Legislative Counsel of California

### BION M. GREGORY

JACK I. HORTON
ANN MACKEY
  CHIEF DEPUTIES

JAMES L. ASHFORD
JERRY L. BASSETT
STANLEY M. LOURIMORE
EDWARD K. PURCELL
JOHN T. STUDEBAKER

DAVID D. ALVES
JOHN A. CORZINE
C. DAVID DICKERSON
ROBERT CULLEN DUFFY
ROBERT D. GRONKE
SHERWIN C. MACKENZIE, JR.
TRACY O. POWELL II
JIMMIE WING
  PRINCIPAL DEPUTIES

3021 STATE CAPITOL
SACRAMENTO, CA 95814
(916) 445-3057

8011 STATE BUILDING
107 SOUTH BROADWAY
LOS ANGELES, CA 90012
(213) 620-2550

GERALD ROSS ADAMS
MARTIN L. ANDERSON
PAUL ANTILLA
DANA B. APPLING
CHARLES C. ASBILL
RANEENE P. BELISLE
AMELIA I. BUDD
EILEEN J. BUXTON
HENRY J. CONTRERAS
BEN E. DALE
JEFFREY A. DELAND
CLINTON J. DEWITT
SHARON R. FISHER
JOHN FOSSETTE
MARVEY J. FOSTER
CLAY FULLER
ALVIN D. GRESS
THOMAS R. HEUER
MICHAEL J. KERSTEN
L. DOUGLAS KINNEY
VICTOR KOZIELSKI
EVE B. KROTINGER
DIANA G. LIM
ROMULO I. LOPEZ
JAMES A. MARSALA
FRANCISCO A. MARTIN
PETER MELNICOE
ROBERT G. MILLER
JOHN A. MOGER
VERNE L. OLIVER
EUGENE L. PAINE
MARGUERITE ROTH
MICHAEL B. SALERNO
MARY SHAW
WILLIAM K. STARK
MARK FRANKLIN TERRY
JEFF THOM
MICHAEL H. UPSON
RICHARD B. WEISBERG
DANIEL A. WEITZMAN
THOMAS D. WHELAN
JANA T. WHITGROVE
DEBRA J. ZIDICH
CHRISTOPHER ZIRKLE
  DEPUTIES

Sacramento, California

Honorable George Deukmejian
Governor of California
Sacramento, CA

## REPORT ON ENROLLED BILL

S.B. 255          DAVIS.   Crimes.

SUMMARY:[1]          (1)  Existing law provides that it is a
public offense to engage in certain unlawful activities
with regard to a computer system, computer network,
computer program, and computer data.  Existing law also
allows the owner or lessee of computer systems,
networks, programs, or data to maintain a civil action
against any person convicted of violating the criminal
provisions for compensatory damages.

    This bill would substantially recast existing
law.  It would expand the scope of the prohibited
activity, as specified, thereby imposing a
state-mandated local program.  It would also revise the
definitions of that law.  This bill would also include
provisions exempting persons engaged in designated
employee labor relations activities from criminal
liability.  This bill would also provide that the
criminal penalties imposed by this bill do not apply to
employees accessing an employer's computer when acting

---

  1 This is a corrected copy of the digest of the bill.  The
changes in the digest appearing on the printed bill as adopted
are indicated in strikeout and underline.



*(800) 666-1917*   *LEGISLATIVE INTENT SERVICE*

*PE2*

within the scope of his or her employment, or the use, knowingly and without permission, of an employer's computer outside an employee's scope of employment which does not result in an injury to an employer, as defined, so long as the value of that use does not exceed $100.

This bill would specify that for purposes of bringing a civil or a criminal action under this law, a person who causes, by any means, the access of a computer, computer system, or computer network in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer, computer system, or computer network in each jurisdiction.

(2)   Under existing law, if a probation officer determines that juvenile court proceedings to declare a person a ward of the juvenile court on the basis of criminal conduct should be commenced, the probation officer is required to cause an affidavit to be taken to the prosecuting attorney.

This bill ~~provides~~ would provide that a probation officer shall cause an affidavit alleging that a minor is within the jurisdiction of the juvenile court on the basis of criminal conduct to be taken immediately or within 48 hours, depending upon the age of the minor ~~and~~ or the nature of the offense, or both to the prosecuting attorney ~~if he or she determines that proceedings to declare the minor a ward of the juvenile court should be commenced~~.  To the extent that the bill would require a higher level of service upon probation officers, it would constitute a state-mandated local program.

(3)   The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state.  Statutory provisions establish procedures for making that reimbursement, including the creation of a State Mandates Claims Fund to pay the costs of mandates which do not exceed $500,000 statewide and other procedures for claims whose statewide costs exceed $500,000.

This bill would provide that for certain costs no reimbursement is required by this act for a specified reason.

LEGISLATIVE INTENT SERVICE   (800) 666-1917



PE3

However, the bill would provide that, if the Commission on State Mandates determines that this bill contains other costs mandated by the state, reimbursement for those costs shall be made pursuant to those statutory procedures and, if the statewide cost does not exceed $500,000, shall be payable from the State Mandates Claims Fund.

FORM:                   Approved.

CONSTITUTIONALITY:  Approved.

TITLE:                  Approved.

CONFLICTS:          This bill and Assembly No. 439, which has been chaptered as an urgency statute, (Ch. 134, Stats. 1987), both affect Sections 653.1 and 653.5 of the Welfare and Institutions Code.

The bills affect these sections in exactly opposite ways.

Section 653.1 of the Welfare and Institutions Code

A.B. 439 repealed Section 653.1, thereby deleting the requirement that a probation officer cause an affidavit alleging that a minor is within the jurisdiction of the juvenile court on the basis of criminal conduct be immediately taken to the prosecuting attorney where it appears to the probation officer that the minor has been referred to the officer for any violation of certain offenses (Sec. 12, A.B. 439).

This bill would add Section 653.1 to the Welfare and Institutions Code by enacting a section with provisions identical to those that existed prior to the repeal of that section by A.B. 439 (Sec. 4, this bill).

Section 653.5 of the Welfare and Institutions Code

A.B. 439 also amended Section 653.5 by deleting the provisions of former subdivision (c) of that section, which requires the probation officer to cause an affidavit, as specified, to be taken within 48 hours to the prosecuting attorney in all cases where it alleges that a minor has been involved in certain conduct.

PE 4

Report on S.B. 255 - p. 4

This bill would amend Section 653.5 by reenacting the provisions of former subdivision (c) in the form that existed prior to the deletion of that subdivision by A.B. 439.

Thus, if this bill is chaptered, the repeal of Section 653.1 of the Welfare and Institutions Code, and the amendment of Section 653.5 of that code by the deletion of subdivision (c) thereof, by A.B. 439, will remain in effect only until January 1, 1988, on which date provisions identical to those repealed provisions will take effect again as proposed by this bill (Sec. 9605, Gov. C.).

Bion M. Gregory
Legislative Counsel

By
Thomas R. Heuer
Deputy Legislative Counsel

TRH:jdg

Two copies to Honorable Ed Davis and Honorable John Vasconcellos, pursuant to Joint Rule 34.

LEGISLATIVE INTENT SERVICE     (800) 666-1917



PE5

STATE CAPITOL
SACRAMENTO, CA 95814
TELEPHONE (916) 445-8873

DISTRICT OFFICE
11145 TAMPA AVENUE
SUITE 21B
NORTHRIDGE, CA 91326
TELEPHONE (818) 368-1171



## ED DAVIS

NINETEENTH SENATORIAL DISTRICT
REPRESENTING PORTIONS OF LOS ANGELES,
SANTA BARBARA AND VENTURA COUNTIES

## California State Senate

COMMITTEES
 JUDICIARY
  VICE CHAIRMAN
 BANKING AND COMMERCE
 BUDGET & FISCAL REVIEW
 CONSTITUTIONAL AMENDMENTS
 EDUCATION
 INSURANCE, CLAIMS AND
  CORPORATIONS

SELECT COMMITTEES
 BORDER ISSUES, DRUG
  TRAFFICKING AND CONTRABAND
 GOVERNMENT EFFICIENCY
 MOTION PICTURE, TELEVISION
  COMMERCIAL & RECORDING
  INDUSTRIES

JOINT COMMITTEES
 FIRE, POLICE, EMERGENCY AND
  DISASTER SERVICES
 PRISON CONSTRUCTION AND
  OPERATION

September 22, 1987

The Honorable George Deukmejian
Governor, State of California
State Capitol
Sacramento, California  95814

Dear Governor Deukmejian:

You have before you SB 255, the product of three years
of thoughtful drafting, hard work, compromise and one
last minute misunderstanding.

The bill principally expands the protection afforded
individuals, business and governmental agencies and is
concerned with tampering, interference, damage and
unauthorized access to computer systems.  The bill,
which is the product of a 16 member Computer Crime Task
Force, is a veteran of numerous encounters with Assembly
Public Safety, including two this year.

This measure has received immense, active support from
business interests, law enforcement, and others who
recognize that the proliferation of computer technology
has been met with concurrent explosion of computer
crimes and intrusions.  Weekly news accounts remind us
of the vulnerability of defense, banking and industrial
data.  The modern burglar need not climb through windows
to invade our privacy or steal our valuables.

SB 255 recognizes these threats and addresses them
through updated definitions and enhanced penalties.

This bill also includes an amendment recodifying
provisions of the Welfare and Institutions Code deleted
by the provisions of this year's budget trailer bill.  I
wish to urge without equivocation that this amendment is

(800) 666-1917   LEGISLATIVE INTENT SERVICE



PE6

The Honorable George Deukmejian
September 22, 1987
Page Two

an excellent provision and to convey with equal clarity
that its presence in my bill was nonetheless entertained
only because it was perceived as a corrective measure
consistent with the objectives of the Administration.

Having said this, I must ask your indulgence in
reconsidering the merits of Welfare and Institutions
Code Sections 653.1 and 653.5(c), both of which pertain
to prompt prosecutorial evaluation of serious criminal
allegations against juveniles.

Application of these provisions are limited to felony
charges, impacting on minors 16 years of age or older,
minors who have previously been charged with felonies,
and minors charged with one or more of the 20
particularly serious felony offenses enumerated in
Welfare and Institutions Code Section 707, which include
murder, arson of an inhabited building, robbery, rape,
sodomy and kidnapping.

The expunging of these provisions was presented to and
accepted by this office as an oversight of the Ways and
Means Committee that had not been evaluated in any
policy committee in either house.  While it was on this
basis alone that this amendment was adopted, I wish to
note that in 1982 I carried this measure on the Senate
Floor with the recorded support of the Attorney
General's Office under your direction, the State Bar
Committee on Juvenile Justice and CPOA.

The California District Attorneys Association sponsored
adoption of the original bill and continues to be a
prime proponent.

Senate Bill 255 is legislation which particularly merits
your most earnest consideration.  It is blemished by
inadvertence with a provision which may nonetheless
prove equally worthy of your favor.  Should you find
upon evaluation that some segment of the bill remains
offensive, I urge that a remedy be contemplated that
does less damage than it corrects.

Accordingly, I once again respectfully urge that you
sign this most worthy legislation.

Best regards,

*Ed*

ED DAVIS

Enclosure:  List of Support

PE7

LEGISLATIVE INTENT SERVICE   (800) 666-1917

| DEPARTMENT | AUTHOR | BILL NUMBER |
|---|---|---|
| Finance | Davis | SB 255 |

| SPONSORED BY | RELATED BILLS | LAST AMENDED |
|---|---|---|
| | | September 10, 1987 |

**BILL SUBJECT**

This bill recasts the existing computer crime legislation and expands the scope of the prohibited activity.  In addition to civil actions, the bill provides for the confiscation of equipment if convicted.  The bill further amends the Welfare and Institutions Code providing that a probation officer will, within 48 hours, present to the prosecuting attorney an affidavit alleging that the minor is within the jurisdiction of the juvenile court.

**SUMMARY OF REASONS FOR VETO**

The September 10 amendments would reinstate provisions deleted by the 1987-88 Trailer Bill, Chapter 134/87, and require the State to reimburse counties for the resulting state mandated cost of approximately $600,000 annually.

**FISCAL SUMMARY--STATE LEVEL**

| Code/Department agency or Revenue Type | SO LA CO RV | (Fiscal Impact by Fiscal Year) (Dollars in Thousands) | | | | | | Code Fund |
|---|---|---|---|---|---|---|---|---|
| | | FC | 1987-88 | FC | 1988-89 | FC | 1989-90 | |
| 8885 Commission on State Mandates | LA | C | $300 | C | $600 | C | $600 | 001 |

**ANALYSIS:**

This bill recasts the existing computer crime bill adding the ability to confiscate the computer equipment of those convicted.  The bill provides that any person who commits any of the following acts is guilty of a public offense:

Knowingly and without permission...
(1)    alters, damages, destroys, or otherwise  uses data to either (A) devise or execute  any scheme to defraud, deceive or extort, or (B) wrongfully control or obtain money, property, data or services.
(2)    takes copies, or  makes use of any data from a computer, or copies any supporting documentation external or residing in a computer.

(continued)

| RECOMMENDATION | Department Director | Date |
|---|---|---|
| VETO THE BILL | | SEP 22 1987 |

| Principal Analyst | Date | Dir. Ofc. Inf. Tech. | Date | Governor's Office |
|---|---|---|---|---|
| (83) Joe Pujals | 9-21-87 | Steve E. Kolodney | 9/24/87 | Position noted |
| | | | | Position approved |
| | | | | Position disapproved |
| | | | | by:        Date: |

PE8

LEGISLATIVE INTENT SERVICE          (800) 666-1917

(2)

BILL ANALYSIS/ENROLLED BILL REPORT--(Continued)                    Form DF-43

| AUTHOR | AMENDMENT DATE | BILL NUMBER |
|--------|----------------|-------------|
| Davis | September 10, 1987 | SB 255 |

ANALYSIS (continued)

    (3)    uses or causes to be used computer services.

    (4)    adds, alters, damages, deletes or destroys any data computer program or software.

    (5)    disrupts or causes the disruption of computer services or denies or causes the denial of computer services.

    (6)    provides or assists in providing a means of accessing a computer, in violation of this section.

    (7)    accesses or causes to be accessed any computer.

The various offenses are punishable by fines ranging from $250 to $10,000 and/or one year to three years in prison.

In addition to any other civil remedy, the owner or lessee of a computer may request compensatory damages including any reasonable cost necessary to verify that the data, programs or computing system were not altered, damaged or deleted.  The conduct of an unemancipated minor is imputed to the parent or legal guardian.

For the purposes of bringing suit, the accessing of a computer or network in one jurisdiction from another jurisdiction is deemed to have accessed the computer or network in both jurisdictions.  In any action the court may award attorneys fees to the prevailing party.

The bill provides for confiscation of computing equipment, programs or other devices used in the commission of a public offense.  Following a hearing to determine ownership, seized equipment may be used by the county or distributed to public or nonprofit corporations as may be deemed appropriate by the court.  This bill also adds Section 502.01 to the penal code defining the rules that the court must follow in pursuing forfeiture of equipment.

The bill does not apply to anyone when they are acting within the scope of his or her lawful employment and it does not apply to noncommercial, incidental transactions that are personal to an employee and beyond the scope of the employer's business if the transactions do not cause injury or incur expenses greater than one hundred dollars.  Nor does it criminalize employee labor relation activities that are within the scope of and protected by labor laws of the State or Federal Government.

This bill will not preclude the applicability of any other law and is effective after January 1, 1988.  It is not retroactive.

(continued)

LEGISLATIVE INTENT SERVICE   (800) 666-1917



PE9



(3)
BILL ANALYSIS/ENROLLED BILL REPORT--(Continued)          Form DF-43

| AUTHOR | AMENDMENT DATE | BILL NUMBER |
|--------|----------------|-------------|
| Davis | September 10, 1987 | SB 255 |

ANALYSIS (continued)

Chapter 1088/82 established a two-year statewide pilot project which required probation officers to forward certain felony offenses involving minors to the district attorney for action.  Under prior law, probation officers had the option, after investigating a case, of releasing the minor without further action, placing the minor on informal probation, or referring the case to the district attorney.  The Chapter contained a "general" disclaimer, but the Board of Control, in September, 1983, found that it imposed reimbursable mandated cost on counties.  Chapter 1412/84 (SB 1898, Ayala) removed the pilot project aspect of this program and made it permanent.  Chapter 1175/85 (AB 1301 Vasconcellos) appropriated $2.3 million to reimburse counties' 1982-23 through 1985-86 costs of the program; annual ongoing costs are estimated at $636,000.  Since probation officers had been referring the more serious offenses to the district attorney before chapter 1088 was enacted and would more than likely continue to do so in the absence of a specific statutory requirement that they do so, Chapter 134/87 (AB 439) the Budget Trailer Bill repealed the mandates.

The September 10 amendments to SB 255 would reinstate this requirement thereby eliminating the $600,000 in annual savings which the "trailer bill" provides.  Staff of the Senator Davis' office, indicate that this amendment was requested by the District Attorneys Association on the basis that the trailer bill's impact on the program had not been evaluated by any policy committee in the Legislature and should be evaluated before any said changes are made.  That staff member also indicated that the District Attorneys Association believes that including the repeal of Chapter 1088/82 in the trailer bill was an inadvertent oversight.  Finance staff can State unequivocally that it was not an oversight.  We recommend that SB 255 be vetoed so that the projected savings to the General Fund of over $600,000 annually will be realized.



(800) 666-1917

LEGISLATIVE INTENT SERVICE

PE 10

## PROPOSED VETO MESSAGE

### SB 255

I am returning Senate Bill No. 255 without my signature.  Prior to the last amendments to the measure on September 10, 1987 the bill represented a commendable effort to combat computer crime.  These amendments, however, would reinstate and amend provisions which were deleted or amended by Chapter 134 Statutes of 1987 and which will result in annual savings to the General Fund of over $600,000.  If there is concern that the provisions of Chapter 134 were not reviewed by the policy committees of the Legislature, I would be receptive to revision legislation introduced when the Legislature reconvenes which does receive such policy review.

LEGISLATIVE INTENT SERVICE    (800) 666-1917

PE11

ENROLLED BILL REPORT                    Form 44R (Rev. 2/87 W 500)

|  | NO. | ISSUE DATE | BILL NUMBER |
|---|---|---|---|
| Local Cost | 4 | SEP 2 1 1987 | SB 255 |
| E S T I M A T E | AUTHOR | | DATE LAST AMENDED |
| Department of Finance | Davis | | September 10, 1987 |

I.  SUMMARY OF LOCAL IMPACT:

SB 255 would recast and expand provisions prohibiting certain unlawful
activities with regard to computers and computer systems.  The bill also
would revise, under specified conditions, the processes to be followed
by probation officers in juvenile cases.

II.  FISCAL SUMMARY--LOCAL LEVEL

|  | 1987-88 | 1988-89 | 1989-90 |
|---|---|---|---|
|  |  | (Dollars in Thousands) |  |
| Reimbursable Expenditures: | $300 | $600 | $600 |
| Non-Reimbursable Expenditures: | -- | -- | -- |
| Revenues: | -- | -- | -- |

In addition to being shown on the Form DF 43 or 44 under "Fiscal
Summary-Local Level", these amounts should also be shown on that form
under "Fiscal Summary-State Level" for Commission on State Mandates
(Dept); 8885 (Code); LA (Character); C (Fund Code); 001 (Code); General
(Fund).

III.  ANALYSIS:

Sections 1, 2 and 3

Existing law provides that it is unlawful to engage in specified
activities with regard to computers and computer systems.  This bill
would expand and recast the provisions of that law and would provide
that a violation of the provisions is punishable by imprisonment in the
county jail or State prison, or by a fine.

Under Section 6(b) of Article XIII B of the California Constitution, any
costs to a unit of local government which result from legislation
defining a new crime or changing an existing definition of a crime are
not "state mandated costs" and therefore are not reimbursable by the
State.  In addition, Section 17556(a)7 of the Government Code prohibits
the Commission on State Mandates from considering any claims for
reimbursement of costs from a local entity based on such legislation or
on legislation which eliminated a crime or changed the penalty for a
crime.  It should be noted, however, that Section 2246.2 of the Revenue
and Taxation Code requires that funding be included in the Governor's
Budget to reimburse local entities for one-half of any additional
detention and probation costs in excess of 1 percent of such costs in
the preceding year incurred as the result of a bill which increased the
penalty for a crime.  Any local entity which believes that this bill
falls within the purview of these provisions may, as provided by law,
file a written request for these funds with the Department of Finance.

(continued)

LISTS I AND VIII

PE12

| PREPARED (653) LR:0280L/1 | Date | REVIEWED K.S Stewart 9/1/87 | Date | APPROVED amos M. | Date 9/2/87 |
|---|---|---|---|---|---|

(800) 666-1917

LEGISLATIVE INTENT SERVICE

Case 2:17-cv-03053-EMC Document 198-1 Filed 08/04/21 Page 327 of 371

| AUTHOR | DATE LAST AMENDED | BILL NUMBER |
|--------|-------------------|-------------|
| Davis  | September 10, 1987 | SB 255 |

III. ANALYSIS (continued)

This bill would also authorize the sheriff of a county, if ordered by the court, to destroy as contraband or distribute to any other public entity or nonprofit corporation, any computer or computer system or device which has been seized under a warrant or incident to a lawful arrest under the proposed provisions.

Any costs incurred in the destruction or distribution of computers by the sheriff are generated by court order, an order which is only authorized, not mandated by SB 255. It becomes important to determine whether the judge of the court is acting as a local official or as a State official. We are aware of no statutory or case law which provides a precise answer to that question. Because a judge appears to have stronger linkages to local government than to State government (e.g., payment of costs, locally elected, etc.), we believe that, when acting on matters such as those allowed by SB 255, the judge is acting as a local official. The authorized court order is clearly not mandated by the State but is a matter of local discretion.

Although Section 6 of the bill appropriately contains a "crimes and infractions" disclaimer, it should be noted that the Legislative Counsel's digest fails to fully recognize legislative intent. In amending out, in a previous version of this bill, those provisions which would have allowed state-mandated costs to be reimbursed from the State Mandates Claims Fund, the Legislature agreed that no state-mandated program is created by requiring the sheriff, pursuant to court order, to destroy computer-related items.

Sections 3 and 4

Chapter 1088/82 established a two-year statewide pilot project which required probation officers to forward certain felony offenses involving minors to the district attorney for action. Under prior law, probation officers had the option, after investigating a case, of releasing the minor without further action, placing the minor on informal probation, or referring the case to the district attorney. The bill contained a "general" disclaimer, but the Board of Control, in September, 1983, found that it imposed reimbursable mandated costs on counties. Chapter 1412/84 (SB 1898, Ayala) removed the pilot project aspect of this program and made it permanent. Chapter 1175/85 (AB 1301, Vasconcellos) appropriated $2.3 million to reimburse counties' 1982-83 through 1985-86 costs of the program; annual ongoing costs were then estimated at $636,000. Since probation officers had been referring the more serious offenses to the district attorney before Chapter 1088 was enacted and would more than likely continue to do so in the absence of a specified statutory requirement that they do so, Chapter 134/87 (AB 439) the Budget Trailer Bill repealed this mandate.

LR:0280L-2

PE 13

LEGISLATIVE INTENT SERVICE    (800) 666-1917

| AUTHOR | DATE LAST AMENDED | BILL NUMBER |
|---|---|---|
| Davis | September 10, 1987 | SB 255 |

III. ANALYSIS (continued)

The September 10 amendments to SB 255 would reinstate those requirements, thereby eliminating the $600,000 in annual savings which the "trailer bill" provides. Staff of the author's office indicate that this amendment was requested by the District Attorneys' Association on the basis that the trailer bill's impact on the program had not been evaluated by any policy committee in the Legislature and should be so evaluated before any such change is made. Reinstating the mandate will cost approximately $300,000 in 1987-88 and $600,000 annually thereafter. There is no funding in the 1987-88 Budget for this purpose. The bill should have included an appropriation of $300,000 for 1987-88.

LR:0280L-3

LEGISLATIVE INTENT SERVICE     (800) 666-1917

PE14

LEGISLATIVE INTENT SERVICE    (800) 666-1917

**ENROLLED BILL REPORT**

STATE OF CALIFORNIA

| AGENCY | BILL NUMBER |
|---|---|
| YOUTH AND ADULT CORRECTIONAL AGENCY | SB 255 |

| DEPARTMENT, BOARD OR COMMISSION | AUTHOR |
|---|---|
| CORRECTIONS | Davis |

SB 255 would (1) repeal and add various provisions related to computer data access and fraud, and (2) alter certain procedures that probation officers must follow when criminal proceedings are initiated in juvenile court, as specified.

IMPACT ASSESSMENT

Existing Penal Code (PC) § 502 provides definitions of computer-related terms, specifies computer crimes that are punishable as alternate misdemeanors/felonies, and computer crimes that are punishable as infractions or misdemeanors.

SB 255 would repeal the existing PC § 502 provisions and enact the "Comprehensive Computer Data Access and Fraud Act." Subdivision (a) of PC § 502, as added by this bill, would specify legislative intent in enacting this proposed law. Subdivision (b) of PC § 502, as added by the bill as introduced, would define computer-related terms as used in PC § 502, as proposed. These defined terms are retained in the current version of the bill with one exception. The term "injury" (in paragraph (8)) was defined as any alteration, deletion, damage or destruction of a computer system, computer network, computer program or data caused by the access, or any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program or data was or was not altered, deleted, damaged or destroyed by the access.

SB 255 would modify the proposed definition of the term "injury" (in paragraph (8)) and would add a definition for the term "victim expenditure" (in paragraph (9)) as used in this section. "Injury" would be defined as any alteration, deletion, damage or destruction of a computer system, computer network, computer program or data caused by the access. "Victim expenditure" would be defined as any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program or data was or was not altered, deleted, damaged or destroyed by the access. These proposed changes would clarify these terms as used in proposed PC § 502(c).

RECOMMENDATION

SIGN THE BILL

| DEPARTMENT HEAD | DATE | AGENCY HEAD | DATE |
|---|---|---|---|
| *[signature]* | 9/23/87 | *[signature]* | 9-24-87 |

CDC 853 B (1/87)

PE15

Enrolled Bill Report
SB 255 (Davis)
Page 2

This bill would add PC § 502(c), to provide that any person who,
knowingly and without permission, does any of the following acts
is guilty of a public offense:

(1)   accesses and alters, damages, deletes, destroys or otherwise
      uses any data, computer, computer system, or computer
      network in order to either (a) devise or execute any scheme
      or artifice to defraud, deceive or extort, or (b) wrongfully
      control or obtain money, property or data;

(2)   accesses and takes or copies or makes use of any data
      internal or external to a computer, computer system, or
      computer network;

(3)   uses, or causes to be used, computer services;

(4)   accesses and adds, alters, etc., any data, computer
      software, computer programs, or supporting documentation, to
      a computer, computer system, or computer network; or

(5)   disrupts or denies or causes the disruption or denial of
      computer services, as specified.

SB 255 would propose PC § 502(d)(1), to provide that violations
of any provisions of paragraph (1), (2), (4) or (5) of proposed
PC § 502(c), are punishable by imprisonment in state prison for
16 months, 2 or 3 years, or in county jail not exceeding 1 year,
or by a specified fine, or by both a fine and imprisonment.

This bill would also propose PC § 502(d)(2)(A), to provide that a
first violation of paragraph (3) of PC § 502(c) that does not
result in injury and where the value of the computer services
used does not exceed $400, would be punishable as a misdemeanor.
Proposed PC § 502(d)(2)(B) would provide that any violation which
results in a victim expenditure in an amount greater than $5,000,
or in an injury, or if the value of the computer services used
exceeds $400, or for any second or subsequent violation, would be
punishable by a fine not exceeding $10,000, or by imprisonment in
state prison for 16 months, 2 or 3 years, or by both a fine and
imprisonment, or by a fine not exceeding $5,000, or by
imprisonment in county jail not exceeding 1 year, or by both fine
and imprisonment.

This bill would also provide that it is a public offense to
knowingly and without permission:

     ° provide or assist in providing a means of accessing a
       computer, computer system, or computer network (proposed
       PC § 502(c)(6)); or



(800) 666-1917    LEGISLATIVE INTENT SERVICE

PE16

Case 2:21-cv-01536-WBS-DB Document 190-1 Filed 03/24/21 Page 331 of 371

Enrolled Bill Report
SB 255 (Davis)
Page 3

° access or cause to be accessed any computer, computer
system, or computer network (proposed PC § 502(c)(7)).

Proposed PC § 502(d)(3)(A), would provide that a first violation
of paragraph (6) or (7) of proposed PC § 502(c) that does not
result in injury shall be an infraction, punishable by a fine not
exceeding $250. PC § 502(d)(3)(B) would provide that a violation
of these provisions that results in a victim expenditure in an
amount not greater than $5,000, or for a second or subsequent
violation, is punishable as a misdemeanor.

PC § 502(d)(3)(C) provides that for any violation of paragraph
(6) or (7) of proposed PC § 502(c) which results in a victim
expenditure in an amount greater than $5,000, is punishable by a
fine not to exceed $10,000, or by imprisonment in the state
prison for 16 months, 2 or 3 years, or by both the fine and
imprisonment, or by a fine not to exceed $5,000, or by
imprisonment in county jail not to exceed 1 year, or by both the
fine and imprisonment.

The addition of proposed PC § 502(c) would result in persons new
to prison because those provisions are broader than current
provisions (e.g., denies computer services, adds data to
computer, etc., would be new to current law). (Proposed PC §
502(i) would provide that subdivision (c) does not apply to any
person who accesses his or her employer's computer system,
computer network, computer program, or data when acting within
the scope of his or her employment.)

SB 255 would also add various provisions (regarding civil
remedies, seizure of computer-related items, etc.) that would
have no impact on the state prison system.

In addition, the current version would amend various provisions
of the Welfare and Institutions Code regarding procedures that
probation officers must follow when criminal proceedings are
initiated in juvenile court against a minor. These proposed
changes simply reinstate previous law and also would have no
impact on the prison system.

SB 255 would result in persons new to state prison for those
illegal activities that are currently punishable as misdemeanors
under the provisions of existing PC § 502, but that would be
punishable as alternate misdemeanors/felonies under the
provisions of PC § 502, as proposed. The addition of the
computer-related criminal activities, not covered in existing PC
§ 502 provisions, could also result in persons new to state
prison. However, an estimate cannot be provided because no known

(800) 666-1917

LEGISLATIVE INTENT SERVICE



PE 17

Enrolled Bill Report
SB 255 (Davis)
Page 4


data sources are available upon which to base an estimate.  In
addition, it cannot be determined how many individuals would
receive the alternate misdemeanor punishment.  (OBIS CY 1986 data
show only 3 felons were admitted to prison for violating existing
PC § 502.)

ARGUMENTS PRO AND CON

Pro { This bill modernizes the law to keep pace with evolving
      computer technology resulting in more widespread and
      sophisticated abuses.

Con - None.

RECOMMENDATION

Sign the bill.

LEGISLATIVE INTENT SERVICE   (800) 666-1917

PE18

X re SB 255

CALIFORNIA LEGISLATURE

**1987–88 REGULAR SESSION**
**1987–88 FIRST EXTRAORDINARY SESSION**

# SUMMARY DIGEST

*of*

Statutes Enacted and Resolutions Adopted in 1987

*and*

1979–1987 Statutory Record

## VOLUME ONE



**DARRYL R. WHITE**
*Secretary of the Senate*

Compiled by
**BION M. GREGORY**
*Legislative Counsel*



LEGISLATIVE INTENT SERVICE   (800) 666-1917

It would require independent counsel and the insured to disclose relevant information to the insurer, as specified, and would require cooperation between independent counsel and counsel for the insurer.

It would set forth the form for a waiver of the right to counsel.

(4) Under existing law, in an action for the breach of an obligation not arising from contract, if the defendant has been guilty of oppression, fraud, or malice, the plaintiff may recover exemplary or punitive damages. Existing law defines "malice" as conduct intended to cause injury or conduct carried on with a conscious disregard of the rights or safety of others, and defines "oppression" as subjecting a person to cruel and unjust hardship in conscious disregard of that person's rights.

This bill would require proof of oppression, fraud, or malice by clear and convincing evidence. It would define malice as conduct intended to cause injury or despicable conduct carried on with a willful and conscious disregard of the rights or safety of others, and it would define "oppression" as despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

(5) Existing law provides that the court may, for good cause, grant any defendant a protective order requiring the plaintiff to produce evidence of a prima facie case of liability for exemplary or punitive damages prior to the introduction of evidence of the profits the defendant has gained by virtue of the wrongful course of conduct and the financial condition of the defendant.

This bill would provide that the court shall, on application of any defendant, preclude the admission of evidence of that defendant's profits or financial condition until after the trier of fact returns a verdict for the plaintiff awarding actual damages and finds that a defendant is guilty of malice, oppression, or fraud. It would provide that a claim for exemplary damages shall not state an amount or amounts. It would provide that a claim for punitive damages may not be included in a complaint or other pleading against a health care provider unless allowed by the court, as specified



Ch. 1499   (SB 255)   Davis   Crimes.

(1) Existing law provides that it is a public offense to engage in certain unlawful activities with regard to a computer system, computer network, computer program, and computer data. Existing law also allows the owner or lessee of computer systems, networks, programs, or data to maintain a civil action against any person convicted of violating the criminal provisions for compensatory damages.

This bill would substantially recast existing law. It would expand the scope of the prohibited activity, as specified, thereby imposing a state-mandated local program. It would also revise the definitions of that law. This bill would also include provisions exempting persons engaged in designated employee labor relations activities from criminal liability. This bill would also provide that the criminal penalties imposed by this bill do not apply to employees accessing an employer's computer when acting within the scope of his or her employment, or the use, knowingly and without permission, of an employer's computer outside an employee's scope of employment which does not result in an injury to an employer, as defined, so long as the value of that use does not exceed $100

This bill would specify that for purposes of bringing a civil or a criminal action under this law, a person who causes, by any means, the access of a computer, computer system, or computer network in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer, computer system, or computer network in each jurisdiction

(2) Under existing law, if a probation officer determines that juvenile court proceedings to declare a person a ward of the juvenile court on the basis of criminal conduct should be commenced, the probation officer is required to cause an affidavit to be taken to the prosecuting attorney

This bill would provide that a probation officer shall cause an affidavit alleging that a minor is within the jurisdiction of the juvenile court on the basis of criminal conduct to be taken immediately or within 48 hours, depending upon the age of the minor or the nature of the offense, or both, to the prosecuting attorney. To the extent that the bill would require a higher level of service upon probation officers, it would constitute a

NOTE: Superior numbers appear as a separate section at the end of the digests

LEGISLATIVE INTENT SERVICE   (800) 666-1917



state-mandated local program.

(3) The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement, including the creation of a State Mandates Claims Fund to pay the costs of mandates which do not exceed $500,000 statewide and other procedures for claims whose statewide costs exceed $500,000.

This bill would provide that for certain costs no reimbursement is required by this act for a specified reason

However, the bill would provide that, if the Commission on State Mandates determines that this bill contains other costs mandated by the state, reimbursement for those costs shall be made pursuant to those statutory procedures and, if the statewide cost does not exceed $500,000, shall be payable from the State Mandates Claims Fund.

Ch. 1500   (SB 1647)   Garamendi   Manufacturing and automation research:   University of California. [43]

Existing law does not contain provisions authorizing the University of California to participate in an institute for manufacturing and automation research

This bill would authorize the university to participate in the Institute for Manufacturing and Automation Research and specify the conditions of university participation

The bill would also require the Department of Commerce to contract with the institute for research and development in process manufacturing

The bill would require that the state funding provided pursuant to this contract constitute the state matching funds required to secure federal funding, as specified

The bill would appropriate $200,000 to the Department of Commerce for implementation of the contract and the institute. This bill would provide that the funds appropriated by this bill shall only be expended at a ratio of at least $7 of private funds for each $4 of the funds appropriated from the General Fund. This bill would direct the Department of Commerce to expend the appropriated funds upon notification that the institute has received the required private match.

Ch. 1501   (SB 1037)   Torres.   Governmental programs.

Existing law provides that in the case of active volunteer or paid firefighting members of state and local fire departments, an injury under the workers' compensation law includes cancer which develops or manifests itself during the period of employment, provided that the member demonstrates exposure during the employment to a known carcinogen, as defined, which is reasonably linked to the disabling cancer. Under existing law these provisions are repealed on January 1, 1989.

This bill would delete the repeal and would thereby, in the case of local public agencies which would be required to fund this disability beyond January 1, 1989, impose a state-mandated local program.

The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement.

This bill would provide that the Legislature finds there is no mandate contained in the bill which will result in costs incurred by a local agency or school district for a new program or higher level of service which require reimbursement pursuant to these constitutional and statutory provisions

Ch. 1502   (SB 1637)   Keene.   Insurance   escrow account.

Existing law prohibits, with specified exceptions, a title insurance company, controlled escrow company, or underwritten title company from disbursing funds from an escrow account until all items deposited have become available for withdrawal as a matter of right, as defined, from the financial institution, as defined, to which the draft has been submitted for collection.

This bill would make these provisions inapplicable to checks drawn by a financial institution (1) insured by the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation, (2) qualified for use in the interbank settlements in accordance with designated provisions, (3) drawn on an insured bank located


LEGISLATIVE INTENT SERVICE      (800) 666-1917

---

NOTE: Superior numbers appear as a separate section at the end of the digests


L500
P871c
1987

X re SB 255

# NEW STATUTES AFFECTING THE CRIMINAL LAW

1987 General Session
of the
California State Legislature



## REPORT OF THE

## ASSEMBLY COMMITTEE ON PUBLIC SAFETY

**LARRY STIRLING, Chair**

Robert Campbell
Terry B. Friedman
Tim Leslie

Burt Margolin
Mike Roos
Paul E. Zeltner



CALIFORNIA
STATE LIBRARY

FEB 5 1988

GOVERNMENT
PUBLICATIONS

**Staff**
Susan Shaw Goodman, Chief Counsel
DeeDee D'Adamo, Counsel
Melissa K. Nappan, Counsel
Lisa Burroughs Wagner, Counsel

Rosetta L. Morris, Committee Secretary
Gail Logan, Secretary

(800) 666-1917

LEGISLATIVE INTENT SERVICE

0186-A

# TABLE OF CONTENTS

I.    CRIMINAL OFFENSES AND PENALTIES

      **Felony Offenses**

      AB  63 (Chapter 1277), Bane -- Hate Crimes ....................   1

      AB 126 (Chapter 223), Peace -- Career Criminal Prosecution .....   2

      AB 194 (Chapter 729), Peace -- Life Term for Third Narcotics
            Conviction Involving Minors ...............................   2

      AB 393 (Chapter 344), Connelly -- Definition of Burglary .......   3

      AB 413 (Chapter 599), Wright -- Grand Theft of Avocados
            or Citrus Fruit ...........................................   3

      AB 690 (Chapter 387), Speier -- Stun Guns ......................   4

      AB 766 (Chapter 1147), M. Waters -- Forfeiture of Vehicles .....   4

      AB 1031 (Chapter 415), Stirling -- Spousal Abuse/Corporal
            Punishment ................................................   5

      AB 1152 (Chapter 706), O'Connell -- Forcible Administration
            of a Controlled Substance .................................   5

      AB 1330 (Chapter 394), Eastin -- Residential Robbery:
            Twice the Base-Term Limitation ............................   6

      AB 1475 (Chapter 814), La Follette -- Cruelty to Animals .......   6

      AB 1559 (Chapter 611), Katz -- First Degree Robbery:
            Violent Felony ............................................   7

      AB 1826 (Chapter 1068), Wright -- Sex Offenses Involving
            a Child Under 16 ..........................................   7

      AB 2275 (Chapter 1072), Frazee -- Subleasing of Motor
            Vehicles ..................................................   8

      AB 2530 (Chapter 520), Jones -- Revealing Address of Victim ....   8

      AB 2625 (Chapter 1433), Elder -- Brandishing a Weapon at an
            Occupant of a Vehicle .....................................   9

      SB 402 (Chapter 1006), Presley -- Murder .......................   9

      SB 447 (Chapter 404), Ellis -- Indian Graves ..................   9



LEGISLATIVE INTENT SERVICE      (800) 666-1917

Table of Contents (continued)

**Page**

**Misdemeanors and Infractions**

AB 295 (Chapter 597), Tucker -- Gun Replicas................... 19

AB 462 (Chapter 257), N. Waters -- Obstructing Emergency
    Medical Technicians....................................... 19

AB 480 (Chapter 133), McClintock -- Littering.................. 20

AB 622 (Chapter 386), Floyd -- Employment of Minors............ 20

AB 637 (Chapter 539), Hauser -- TBT-Based Paints............... 20

AB 711 (Chapter 471), Condit -- Display of Harmful Matter...... 21

AB 788 (Chapter 744), Frizzelle -- False Crime Reports......... 21

AB 933 (Chapter 526), Eaves -- Flying While Under the
    Influence of Alcohol or Drugs............................. 21

AB 1359 (Chapter 1418), Clute -- Child Molestation............. 22

AB 1407 (Chapter 753), Frazee -- Retired Court
    Commissioners: Performing Marriages....................... 23

AB 1683 (Chapter 762), Johnston -- Threatening Jurors.......... 23

AB 2441 (Chapter 423), Quackenbush -- Child Molest............. 23

SB 255 (Chapter 1499), Davis -- Computer Crimes................ 24

SB 687 (Chapter 499), Bergeson -- Blocking Bicycle Lanes....... 25

SB 744 (Chapter 216), Marks -- Throwing Objects at Vessels..... 25

SB 947 (Chapter 407), Mello -- Santa Cruz Harbor: Surfriding... 25

SB 1020 (Chapter 1033), Watson -- Safety Labels on
    Plastic Bags.............................................. 26

<div style="text-align: right">(800) 666-1917

LEGISLATIVE INTENT SERVICE</div>



**Table of Contents** (continued)

Page

AB 1455 (Chapter 300), Hannigan -- Solano and Orange Counties:
   Criminal Justice Facility Transition Fund................... 59

AB 1940 (Chapter 654), Quackenbush -- Courthouse Construction.. 59

ACR 46 (Chapter 105), Hayden -- Rape on College Campuses....... 60

SB 349 (Chapter 1082), Bergeson -- Courthouse Construction:
   Fines and Forfeitures...................................... 60

SB 526 (Chapter 637), Mello -- Medi-Cal Fraud.................. 61

SB 639 (Chapter 247), Seymour -- Controlled Substances and
   Alcohol:  Fees and Assessments............................ 62

SB 709 (Chapter 1211), Lockyer -- State Trial Court Funding.... 62

SB 1148 (Chapter 1239), Bergeson -- Fines and Forfeitures:
   Automated Fingerprint Identification Fund................. 64

SB 1189 (Chapter 871), Lockyer -- Felony Arrest Disposition
   Information............................................... 64

SB 1371 (Chapter 1462), Seymour -- Services for the Elderly.... 65

**V.**    **JUVENILES**

**Child Abuse**

AB 285 (Chapter 640), Leonard -- Interviewing Child Witnesses. 66

SB 646 (Chapter 1444), Watson -- Child Abuse and Neglect
   Reporting Act............................................. 66

SB 691 (Chapter 1020), Watson -- Reporting.................... 67

SB 1219 (Chapter 1459), Presley -- Child Abuse Reporting
   Requirements.............................................. 67

**Juvenile Court**

AB 567 (Chapter 511), Zeltner -- Restitution from CYA Wards... 69

AB 1068 (Chapter 704), La Follette -- Support Persons in
   Juvenile Proceedings...................................... 69



LEGISLATIVE INTENT SERVICE   (800) 666-1917

Table of Contents (continued)

                                                                    Page

AB 1359 (Chapter 1418), Clute -- Child Molestation............    70

SB 255 (Chapter 1499), Davis -- Juvenile Petitions and
        Probation Reports.........................................    70

SB 1582 (Chapter 1489), Maddy -- CYA Nonresidential
        Treatment Program.........................................    71

VI.    PEACE OFFICERS

AB 90 (Chapter 1360), Floyd -- Possession of Machine Guns......    72

AB 464 (Chapter 150), N. Waters -- Military Firefighters
        and Security Guards.......................................    72

AB 546 (Chapter 971), Condit -- Public Safety Dispatchers......    72

AB 551 (Chapter 736), Mojonnier -- Emergency Rescue Personnel..    73

AB 1073 (Chapter 705), Stirling -- Missing Persons............    73

AB 1178 (Chapter 1371), Floyd -- Security Officers............    74

AB 1209 (Chapter 291), Stirling -- Firefighters...............    74

AB 1569 (Chapter 612), N. Waters -- Interviewing Minor
        Witnesses.................................................    74

AB 2355 (Chapter 234), Wright -- Custodial Officers in
        Small Counties............................................    75

AB 2416 (Chapter 1157), Zeltner -- California Highway Patrol:
        Freeway Violence..........................................    75

AB 2538 (Chapter 843), Katz -- Post Training Completion........    76

AB 2559 (Chapter 115), N. Waters -- Retired Officers:
        Firearm Permits...........................................    76

AB 2625 (Chapter 1433), Elder -- POST Training................    76

SB 138 (Chapter 157), Presley -- POST Training Examination:
        Peace Officers' Memorial..................................    77

SB 1100 (Chapter 1176), Campbell -- Purchase of State-Issued
        Service Revolvers.........................................    77



LEGISLATIVE INTENT SERVICE     (800) 666-1917

This bill requires that any person convicted of this offense and granted probation must, as a condition of probation, undergo counseling. The court is authorized to exempt a defendant from counseling if the court makes a written statement in the record that counseling would be inappropriate and ineffective.

## COMPUTER CRIMES
## SB 255 (Chapter 1499), Davis

(Repeals and adds Section 502 of the Penal Code, and amends Section 653.5 and adds Section 653.1 of the Welfare and Institutions Code)

Current law makes it an alternate felony/misdemeanor for one to intentionally access a computer for the purpose of defrauding, and makes it an alternate felony/misdemeanor for one to maliciously access, alter, damage or disrupt the operation of a computer system. It is an infraction for one to intentionally and without authorization access a computer system. Acts which result in injury or second offenses are punishable as misdemeanors.

Current law also provides that the owner or lessee of a computer may bring a civil action for damages against one convicted of using his or her computer to commit a computer crime, and that such damages include expenditures incurred to verify that a computer was or was not altered, damaged, or deleted by the access. The court may award attorney's fees to a prevailing plaintiff in such civil actions.

This bill recasts and redefines provisions of law relating to computer crimes, contains statements of legislative intent regarding the need to expand the provisions of law relating to computer crime and expands the number and definition of computer terms in existing law. Specifically, this bill provides that one who knowingly and without permission uses a computer is guilty of a misdemeanor for a first offense which does not result in injury and in which the value of the computer services does not exceed $400. Second offenses and first offenses which result in injury or in which the value of computer services is over $400 would be punishable as an alternate felony/misdemeanor.

The bill also increases the penalties for the unauthorized access of a computer which results in a victim expenditure, as defined, of over $5,000.

The bill specifies that these provisions are not intended to criminalize lawful employee-labor relations activities, and specifies that its provisions do not apply to an employee who accesses or uses his or her employer's computer if the employee's activities do not cause injury or if the value of the computer services does not exceed $100.

(800) 666-1917

LEGISLATIVE INTENT SERVICE

**CHILD MOLESTATION**
**AB 1359 (Chapter 1418), Clute**

> (Amends Sections 44010 and 87010 of the Education Code, and amends Sections 290, 802, 868.5, 868.8, 11105.3 and 11165 of and renumbers Section 647a of the Penal Code)

Under current law, a prosecuting witness under 16 may have a support person present with him or her at a trial for certain sex crimes.

This bill provides that a prosecuting witness under 16 may have a support person present with him or her at <u>juvenile proceedings</u> involving specified sex offenses.  The court must instruct the support person not to discuss confidential juvenile court proceedings with anyone not in attendance and not to attempt to prompt or influence the minor witness.

**JUVENILE PETITIONS AND PROBATION REPORTS**
**SB 255 (Chapter 1499), Davis**

> (Repeals and adds Section 502 of the Penal Code, and amends Section 653.5 of and adds Section 653.1 to the Welfare and Institutions Code)

Current law requires probation officers to immediately provide the district attorney with a probation report in juvenile cases in which it appears that the minor was 16 years or older at the time of the commission of a specified felony.

Current law also requires probation officers to, within 48 hours, provide the district attorney with a probation report in the following juvenile cases: 1) it appears to the probation officer that the juvenile has committed a specified felony; 2) the juvenile was under 16 at the time of the offense and the offense constitutes a second felony referral to the probation officer; and 3) the juvenile was over 16 at the time of the offense, and the offense was a felony.

Current law also requires the district attorney to exercise his or her discretionary power to institute a proceeding against the juvenile and requires the district attorney to refer the matter to the probation officer in the following cases: 1) it appears that the affidavit was not properly referred; 2) it appears that the offense for which the minor was referred should be charged as a misdemeanor; and 3) the minor may benefit from a program of informal supervision.

This bill recasts these provisions which were inadvertently removed by AB 439 (Chapter 134, Statutes of 1987).



LEGISLATIVE INTENT SERVICE   (800) 666-1917

# COUNTY OF LOS ANGELES
# COUNTYWIDE CRIMINAL JUSTICE
# COORDINATION COMMITTEE

CHAIRMAN
Hon Peter F. Schabarum
    Chairman, Los Angeles County
    Board of Supervisors

MEMBERS
Hon Sherman Block
    Sheriff, Los Angeles County
Robert Bonner
    United States Attorney
Hon Tom Bradley
    Mayor, City of Los Angeles
Hon Marvin Braude
    Los Angeles City Council
Donald Burnett
    President, Los Angeles County
    Chiefs of Police
Dennis W. Clinton
    Los Angeles County Counsel
Jean James Coleman
    Chairman, Municipal Court
    Judges Association
Keith Comrie
    City Administrative Officer
    City of Los Angeles
Hon Robert R. Devich
    Supervising Judge
    Criminal Division
    Los Angeles County Superior Court
Frank Fording
    President, Los Angeles County
    Southeast Police Chiefs Association
Daryl Gates
    Chief of Police
    City of Los Angeles
Sheila Gonzalez
    Chairperson Association of
    Municipal Court Administrators
Dr. Stuart E. Gothold
    Superintendent of Schools
    Los Angeles County Board
    of Education
Hon Gabriel A. Gutierrez
    Presiding Judge, Juvenile Court
    Los Angeles County Superior Court
Dr. Harry Handler
    Superintendent of Schools
    Los Angeles City Unified
    School District
James C. Hankla
    Chief Administrative Officer
    Los Angeles County
Edgar M. Hayes
    Director, Los Angeles County
    Data Processing Department
Dave Hepler
    President, San Gabriel Valley
    Peace Officers Association
Hon Thomas E. Jackson
    California Contract Cities
    Association
Hon Thomas T. Johnson
    Presiding Judge
    Los Angeles County Superior Court
Wilbur F. Littlefield
    Public Defender
    Los Angeles County
Hon John J. Lynch
    Chairman, Municipal Court
    Chairman, Municipal Judges Association
John F. Manon, Jr.
    Marshal, Los Angeles County
Robert G. Medina
    Director, Los Angeles County
    Department of Community and
    Senior Citizens Services
Hon Gary K. Netzer
    City Attorney, City of Los Angeles
Barry Nidorf
    Chief Probation Officer
    Los Angeles County
Hon Ira Reiner
    District Attorney
    Los Angeles County
Hon Ted R. Shaw
    President, Independent Cities
    Association
Kenneth R. Stonebraker
    South Bay Police Chiefs Association
John Van Doren
    President, Los Angeles County Division
    League of California Cities
Frank Zolin
    County Clerk/Executive Officer
    Los Angeles County Superior Court

January 28, 1986

Honorable Board of Supervisors
County of Los Angeles
383 Hall of Administration
Los Angeles, California 90012

Dear Supervisors:

## MODEL COMPUTER CRIME ACT

### BACKGROUND

The Countywide Criminal Justice Coordination Committee, through its Computer Crime Task Force, has developed a model computer crime act, synthesizing in one document the definitions and scope of what has become a very serious criminal justice concern--computer crime. Now, the CCJCC is recommending county sponsorship of legislation to enact the model bill in California.

### REPORT

The Computer Crime Task Force, created by CCJCC in February 1984 by Supervisor Deane Dana, has undertaken a number of projects, including educational brochures designed to inform the public and private industry about the threat of computer crime and prevention strategies. The Task Force has also worked on synthesizing various state statutes and proposals into a model computer crime act. Through this vehicle it is hoped that standardized definitions and an enumeration of common offenses, commonly referred to as computer crime, will be achieved. Upon adoption by the CCJCC at its December meeting, there was considerable interest in immediately introducing the model act in legislative form in California. To that end, the Task Force and CCJCC staff in conjunction with the Chief Administrative Office and County Counsel have developed the attached analysis and legislative language. We are of the opinion that, if passed and signed into law, the model act will significantly improve upon current California statutes regarding this category of crime by:

Jerome D. Timms
Executive Director

Robert S. Minn
Deane C. Park
Administrative Analysts

783 Hall of Administration
500 West Temple Street
Los Angeles, California 90012
(213) 974-1101

LEGISLATIVE INTENT SERVICE   (800) 666-1917

000489

JAN 2 8 1986

Honorable Board of Supervisors
January 28, 1986
Page 2

- Broadening definitions to include new technology not
  covered under current law;

- Strengthening penalties for computer-related
  crimes;

- Ensuring that all appropriate crimes under the
  rubric "computer crime" are defined in a standard
  manner under the statute and that there is
  sufficient statutory flexibility to provide
  appropriate enforcement and prosecution options.

In order to introduce the legislation in a timely manner during
this second half of the 1985-86 legislative session, the CCJCC
urges Board adoption of the following recommendations.

IT IS, THEREFORE, RECOMMENDED THAT THE BOARD OF SUPERVISORS:

1.  Sponsor legislation implementing the Model Computer Crime
    Act in California through legislation substantially similar
    to the attached language, which has been approved by County
    Counsel;

2.  Instruct the Chief Administrative Officer to seek
    introduction and passage of such legislation.

RESPECTFULLY SUBMITTED,

PETER F. SCHABARUM
Chairman

PS:JT:de
v/bd-L1.1


Attachments

cc:  Executive Office
     County Counsel
     Chief Administrative Office
     Legislative Representative, Sacramento
     Computer Crime Task Force

59

    On motion of Supervisor Edelman, seconded by Supervisor Dana,
unanimously carried, the foregoing was adopted.

000490

JAN 2 8 1986

## LOS ANGELES COUNTY LEGISLATIVE PROPOSAL
### 1985-86 State Session:  Second Half

SUMMARY:

Provide standardized definitions of various computer crimes and provide increased criminal penalties and civil remedies for such crimes; provide for forfeiture of computers used in commission of a crime.

SOURCE OF PROPOSAL:   Countywide Criminal Justice Coordination Committee

ANALYSIS:

Existing law prohibits unauthorized access to computers, computer systems and data and imposes criminal penalties and civil liability upon persons who gain such unauthorized access.

The proposed legislation would state the Legislature's intent to expand the protection afforded to individuals, businesses and government agencies from various forms of computer crime which have proliferated as computer technology has grown.  It would broaden the application of the existing law by:

-- redefining terms such as "access", "computer system", "computer network", "computer program" and "data"; and

-- defining new terms, including "access code", "computer", "computer services", and "supporting documentation".

The proposed legislation would also:

-- increase penalties for computer fraud, theft of data or computer services, computer tampering, interruption of computer services and publishing access codes, from a misdemeanor to an alternate felony/misdemeanor, punishable by a fine of up to $50,000 and/or imprisonment in state prison for 16 months, or two or three years, or by a fine up to $10,000 and/or up to one year in county jail;

-- increase the penalty for a first violation, without injury, of unauthorized access to a computer, from an infraction to a misdemeanor, punishable by a fine up to $5,000 and/or up to one year in county jail;

-- increase the penalty for a subsequent violation of unauthorized access, or a violation of this offense resulting in injury, from a misdemeanor to an alternate felony/misdemeanor, punishable by a fine up to $50,000 and/or 16 months, two or three years in state prison, or by a fine up to $10,000 and/or up to one year in county jail; and

LEGISLATIVE INTENT SERVICE   (800) 666-1917

- 2 -

    -- provide for seizure and forfeiture of computers and
       computer-related materials used in the commission of a
       crime.

The proliferation of computers in recent years has created
not only the ability to process and share vast amounts of
information, but also the opportunity to abuse computers and
data.  All computer systems are vulnerable to varying degrees,
in part because of the relatively easy access designed into
computer networks for the average unsophisticated user.  An
American Bar Association Task Force on Computer Crime in
June 1984 reported that during the prior year 25% of the
nation's largest companies reported verifiable losses due to
computer crime totaling between $145 million and $730 million.
The loss per victim was between $2 million and $10 million.

Detection of computer crime is difficult because of the large
volume of activity from many sources in a large computer
network.  Prosecution is also difficult because of lack of
technical computer knowledge on the part of justice system
personnel and because victims, especially businesses and
government agencies, fear negative publicity.

The proposed legislation attempts to mitigate these problems
by providing standardized definitions acceptable to both the
business and legal community, and by providing enhanced cri-
minal penalties and forfeiture of property for computer-
related offenses.

JC:ir:g25
JC-CCrime1-2

LEGISLATIVE INTENT SERVICE   (800) 666-1917





# COUNTY OF LOS ANGELES
## OFFICE OF THE COUNTY COUNSEL
### 648 HALL OF ADMINISTRATION
### 500 WEST TEMPLE STREET
### LOS ANGELES, CALIFORNIA 90012

DE WITT W. CLINTON, COUNTY COUNSEL

January 17, 1986

974-1886

Honorable Peter F. Schabarum, Chairman
County of Los Angeles
Countywide Criminal Justice
Coordination Committee
783 Hall of Administration
Los Angeles, California  90012

    Attention:   Jerome D. Timmons
               Executive Director

    Re:   Model Computer Crime Act

Dear Supervisor Schabarum:

    On December 24, 1985, you requested the assistance of
this office in developing in cooperation with the Computer
Crime Task Force, suitable legislative language for the enact-
ment of amendments to the California Penal Code concerning
unauthorized access to computers and computer data.

    A proposed amendment to the provisions of Section 502
of the Penal Code, which incorporates the recommendations
of the Computer Crime Task Force, is attached.

              Very truly yours,

              DE WITT W. CLINTON
              County Counsel

              By:  *Richard E. Townsend*

              Richard E. Townsend
              Senior Deputy

APPROVED AND RELEASED:

DE WITT W. CLINTON
County Counsel

cc:  Carl Pabst, Chairman
        Computer Crime Task Force
    James C. Hankla
        Chief Administrative Officer

RET:pv

000493

JAN 2 8 1986

(800) 666-1917   LEGISLATIVE INTENT SERVICE

# A N A L Y S I S

Current law prohibits unauthorized access to computers, computer systems and data and imposes criminal and civil liability upon persons who gain such unauthorized access.

This amendment broadens the application of the law to new types of computer technology by redefining terms such as "computer systems", "computer program", and "data" and, upgrades the criminal penalties that may be imposed upon persons who knowingly gain unauthorized access to a computer or computer system.

(800) 666-1917

LEGISLATIVE INTENT SERVICE

000494

JAN 28 1986

(1)

An Act to Amend Section 502
of the Penal Code Relating
to Unauthorized Access to
Computers and Computer Data.

The people of the State of California do enact as
follows:

SECTION 1.  This act shall be known and may be referred
to as the "Comprehensive Computer Data Access and Fraud Act"

SECTION 2.  Section 502 of the Penal Code is amended
to read:

Section 502(a).  ~~For purposes of this section:~~

~~(1) "Access means to instruct, communicate with, store
data in, or retrieve data from, a computer system or
computer network.~~

~~(2) "Computer system" means a device or collection of
devices, excluding pocket calculators which are
not programmable and capable of being used in con-
junction with external files, one or more of which
contain computer programs and data, that performs
functions, including, but not limited to, logic,
arithmetic, data storage and retrieval, communication,
and control.~~

~~(3) "Computer network" means an interconnection of two
or more computer systems.~~

~~(4) "Computer program" means an ordered set of instruc-
tions or statements, and related data that, when
automatically executed in actual or modified form
in a computer system, causes it to perform specified
functions.~~

~~(5) "Data" means a representation of information,
knowledge, facts, concepts, or instructions, which
are being prepared or have been prepared, in a
formalized manner, and are intended for use in a
computer system or computer network.~~

(800) 666-1917    LEGISLATIVE INTENT SERVICE

000495

JAN 2 8 1986

(6) "Financial instrument" includes, but is not limited to, any check, draft, warrant, money order, note, certificate of deposit, letter of credit, bill of exchange, credit or debit card, transaction authorization mechanism, marketable security, or any computer system representation thereof.

(7) "Property" includes, but is not limited to, financial instruments, data, computer programs, documents associated with computer systems and computer programs, or copies thereof, whether tangible or intangible, including both human and computer system readable data, and data while in transit.

(8) "Services" includes, but is not limited to, the use of the computer system, computer network, computer programs, or data prepared for computer use, or data contained within a computer system, or data contained within a computer network.

Section 502(a).   Legislative Intent.   It is the intent of the Legislature in enacting this law to expand the degree of protection afforded to individuals, businesses and governmental agencies from tampering, interference, damage and unauthorized access to lawfully created computer data and computer systems.   The Legislature finds that the proliferation of computer technology has resulted in a concomitant proliferation of computer crime and other forms of unauthorized access to computers, computer systems, and computer data. The Legislature further finds that protection of the integrity of all types and forms of lawfully created computers, computer systems, and computer data, is vital to the protection of the privacy of individuals as well as to the well being of financial institutions, business concerns, governmental agencies and others within this State that lawfully utilize such computers, computer systems and data.

Section 502.   (b) Any person who intentionally accesses or causes to be accessed any computer system or computer network for the purpose of (1) devising or executing any scheme or artifice to defraud or extort, or (2) obtaining money, property, or services with false or fraudulent intent, representations, or promises, is guilty of a public offense.

LEGISLATIVE INTENT SERVICE   (800) 666-1917

2.

000496



Section 502(b).  <u>Definitions</u>. For the purposes of this Section:

(1) "Access" means to instruct, intercept, communicate with, store data in, cause input to, retrieve data from, cause output from, or otherwise make use of or attempt to make use of any of the logical, arithmetical, or memory function resources of a computer, computer system, or computer network.

(2) "Access code" means any code, account number, password or other means of access existing for the purpose of obtaining computer services.

(3) "Computer" means a device which accepts, processes, stores, and outputs data.

(4) "Computer network" means two or more computer systems connected by telecommunication facilities.

(5) "Computer program or software" means a set of instructions or statements, and related data, that when executed causes the computer, computer system, or computer network to perform specified functions.

(6) "Computer services" means and includes, but is not limited to, computer time, data processing and storage functions, and other uses of a computer, computer system, or computer network.

(7) "Computer system" means computers and all software and input, output, processing, storage, and other devices which are connected together.

(8) "Data" means a representation of information, knowledge, facts, concepts, computer software, computer programs, instructions, or supporting documentation. Data may be in any form, including, but not limited to, computer printouts or storage media, or as stored in the memory of the computer or in transit or displayed on a monitor or other device.

(9) "Supporting documentation" includes, but is not limited to, all information, in any form, pertaining to the design, construction, classification, implementation, use or modification of a computer, computer system, computer network, computer program, computer software, or data.

(800) 666-1917

LEGISLATIVE INTENT SERVICE

000497

(10)  "Injury" means any alteration, deletion, damage, or destruction of a computer system, computer network, computer program, or data caused by the the access, or any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was not altered, deleted, damaged, or destroyed by the access.

~~Section 502(c).  Any person who maliciously or causes to be accessed any computer system or computer network for the purpose of obtaining unauthorized information concerning the credit information of another person or who introduces, or causes to be introduced, false information into that system or network for the purpose of wrongfully damaging or wrongfully enhancing the credit rating of any person is guilty of a public offense.~~

Section 502(c).  Offenses.  Every person who commits any of the following acts is guilty of a public offense:

(1)  Knowingly and without authorization accesses, alters, damages, destroys, or otherwise uses any data, computer, computer system, or computer network to devise or execute any scheme or artifice to defraud or deceive, or control or obtain money, property, or services by means of false or fraudulent pretenses, representations or promises.

(2)  Knowingly and without authorization takes or copies any data, whether existing or residing internal or external to a computer, computer system, or computer network.

(3)  Knowingly and without authorization uses or causes to be used computer services.

(4)  Knowingly and without authorization accesses, adds, alters, damages, deletes, or destroys any data, computer software, computer programs, or supporting documentation which reside or exist internal or external to a computer, computer system, or computer network.

(5)  Knowingly and without authorization disrupts or degrades or causes the disruption or degradation of computer services or denies or causes the denial of computer services to an authorized user of a computer, computer network, or computer system.



LEGISLATIVE INTENT SERVICE.   (800) 666-1917

4.

(6)  Knowingly and without authorization provides or
     assists in providing a means of accessing a
     computer, computer network, or computer system.

(7)  Knowingly and without authorization accesses or
     causes to be accessed any computer, computer system,
     or computer network.


~~Section 502(d).  Any person who maliciously accesses,
alters, deletes, damages, destroys or disrupts the operation of
any computer system, computer network, computer program, or data
is guilty of a public offense.~~

Section 502(d)  Penalties.

(1)  Any person who violates any of the provisions of
     subdivisions (1) through (6) of subsection (c) of
     this Section, is punishable by a fine not exceeding
     fifty thousand dollars ($50,000), or by imprisonment
     in the state prison for 16 months, or two or three
     years, or by both such fine and imprisonment, or by
     a fine not exceeding ten thousand dollars ($10,000),
     or by imprisonment in the county jail not exceeding
     one year, or by both such fine and imprisonment.

(2)  Any person who violates any provision of subdivision
     (7) of subsection (c) of this Section shall be
     punishable as follows:

     (i)  For a first violation which does not result
          in an injury as defined in subdivision 10 of
          subsection (b) of this Section, by a fine not
          exceeding five thousand dollars ($5,000),
          or by imprisonment in the county jail not
          exceeding one year, or by both such fine
          and imprisonment.

     (ii) For any violation which results in an injury
          as defined in subdivision (10) of subsection
          (b) of this Section or for any second or
          subsequent violations, by fine not exceeding
          fifty thousand dollars ($50,000) or by
          imprisonment in the state prison for 16
          months or two or three years, or by both
          such fine and imprisonment, or by fine not
          exceeding ten thousand dollars ($10,000),
          or by imprisonment in the county jail not
          exceeding one year, or by both such fine
          and imprisonment.

(800) 666-1917    LEGISLATIVE INTENT SERVICE

5.

000499

~~Section 502(e).   Any person who intentionally and without authorization accesses any computer system, computer network, computer program, or data, with knowledge that the access was not authorized, shall be guilty of a public offense.   This subdivision shall not apply to any person who accesses his or her employer's computer system, computer network, computer program, or data when acting within the scope of his or her employment.~~

Section 502(e).   Civil Remedy.

(e)   In addition to any other civil remedy available, the owner or lessee of the computer, computer system, computer network, computer program, or data may bring a civil action against any person convicted under this Section for compensatory damages, including any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was not altered, damaged, or deleted by the access.   For the purposes of actions authorized by this subsection, the conduct of an unemancipated minor shall be imputed to the parent or legal guardian having control or custody of the minor, pursuant to the provisions of Section 1714.1 of the Civil Code.

In any action brought pursuant to this subsection, the court may award attorney's fees to a prevailing plaintiff.

~~Section 502(f).   Any person who violates any provision of subdivision (b), (c), or (d), unless specified otherwise, is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the state prison for 16 months, or two or three years, or by both such fine and imprisonment, or by a fine not exceeding five thousand dollars ($5,000), or by imprisonment in the county jail not exceeding one year, or by both such fine and imprisonment.~~

Section 502(f).   Applicability.

This Section shall not be construed to preclude the applicability of any other provision of the criminal law of this state which applies or may apply to any transaction.

(800) 666-1917

LEGISLATIVE INTENT SERVICE

6.

JAN 2 8 1986

~~Section 502(g).~~

~~(1)  A first violation of subdivision (c) which does not result in injury is an infraction punishable by a fine not exceeding two hundred fifty dollars ($250).~~

~~(2)  A violation of subdivision (c) which results in an injury, or a second or subsequent violation of subdivision (c) whith no injury, is a misdemeanor punishable by a fine not exceeding five thousand dollars ($5,000), or by imprisonment in the county jail not exceeding one year, or by both such fine and imprisonment.~~

~~(3)  As used in this subdivision, "injury" means any alteration, deletion, damage, or destruction of a computer system, computer network, computer program, or data caused by the access, or any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer program, or data was not altered, deleted, damaged, or destroyed by the access.~~

Section 502(g).   <u>Savings.</u>

     The provisions of this Section shall apply only to public offenses committed on or after January 1, 1987.  It is the intent of the Legislature that the provisions of this Section be given no retroactive effect and persons who commit a violation of the provisions of Section 502 in effect prior to the effective date of this Section, shall be held responsible therefor.

~~Section 502(h).~~

~~In addition to any other civil remedy available, the owner or lessee of the computer system, computer network, computer program, or data may bring a civil action against any person convicted under this section for compensatory damages, including any expenditure reasonably and necessarily incurred by the owner or lessee ot verify that a computer system, computer network, computer program, or data was not altered, damaged, or deleted by the access. For the purposes of actions authorized by this subdivision, the conduct of an unemancipated minor shall be imputed to the parent or legal guardian having control or custody of the minor, pursuant to the provisions of Section 1714.1 of the Civil Code.~~

7.

JAN 2 8 1986

LEGISLATIVE INTENT SERVICE   (800) 666-1917

~~In any action brought pursuant to this subdivision,~~
~~the court may award attorney's fees to a prevailing~~
~~plaintiff.~~

Section 502(h).   Forfeiture and Seizure.

Any computer, computer system, computer program, instrument, apparatus, device, plans, instructions or written publication used in the commission of any public offense described in subsection(c) of this Section may be seized under warrant or incident to a lawful arrest, and, upon the conviction of a person for a violation of any provision of subsection (c) of this Section, such computer, computer system, computer program, instrument, apparatus, device, plans, instructions or written publication may be destroyed as contraband by the sheriff of the County in which such person was convicted or turned over to the County in which such public offense was prosecuted for use by such County in any manner deemed appropriate.

Section 502(i)

~~This section shall not be construed to preclude the~~
~~applicability of any other provision of the criminal law of~~
~~this state which applies or may apply to any transaction.~~

8.

(800) 666-1917

LEGISLATIVE INTENT SERVICE



000502

JAN 2 8 1986

# COUNTY OF LOS ANGELES
## COUNTYWIDE CRIMINAL JUSTICE
## COORDINATION COMMITTEE

January 28, 1986

Honorable Board of Supervisors
County of Los Angeles
383 Hall of Administration
Los Angeles, California 90012

Dear Supervisors:

### MODEL COMPUTER CRIME ACT

### BACKGROUND

The Countywide Criminal Justice Coordination Committee,
through its Computer Crime Task Force, has developed a
model computer crime act, synthesizing in one document
the definitions and scope of what has become a very
serious criminal justice concern--computer crime. Now,
the CCJCC is recommending county sponsorship of
legislation to enact the model bill in California.

### REPORT

The Computer Crime Task Force, created by CCJCC in
February 1984 by Supervisor Deane Dana, has undertaken
a number of projects, including educational brochures
designed to inform the public and private industry
about the threat of computer crime and prevention
strategies. The Task Force has also worked on
synthesizing various state statutes and proposals into
a model computer crime act. Through this vehicle it is
hoped that standardized definitions and an enumeration
of common offenses, commonly referred to as computer
crime, will be achieved. Upon adoption by the CCJCC at
its December meeting, there was considerable interest
in immediately introducing the model act in legislative
form in California. To that end, the Task Force and
CCJCC staff in conjunction with the Chief
Administrative Office and County Counsel have developed
the attached analysis and legislative language. We are
of the opinion that, if passed and signed into law, the
model act will significantly improve upon current
California statutes regarding this category of crime
by:

CHAIRMAN
Hon. Peter F. Schabarum
Chairman, Los Angeles County
Board of Supervisors

MEMBERS
Hon. Sherman Block
Sheriff, Los Angeles County
Robert Bonner
United States Attorney
Hon. Tom Bradley
Mayor, City of Los Angeles
Hon. Marvin Braude
Los Angeles City Council
Donald Burnett
President, Los Angeles County
Chiefs of Police
Dewitt W. Clinton
Los Angeles County Counsel
Hon. James Coleman
Chairman, Municipal Court
Judges Association
Keith Comrie
City Administrative Officer
City of Los Angeles
Hon. Robert R. Devich
Supervising Judge
Criminal Division
Los Angeles County Superior Court
Frank Fording
President, Los Angeles County
Southeast Police Chiefs Association
Daryl Gates
Chief of Police
City of Los Angeles
Sheila Gonzalez
Chairperson, Association of
Municipal Court Administrators
Dr. Stuart E. Gothold
Superintendent of Schools
Los Angeles County Board
of Education
Hon. Gabriel A. Gutierrez
Presiding Judge, Juvenile Court
Los Angeles County Superior Court
Dr. Harry Handler
Superintendent of Schools
Los Angeles City Unified
School District
James C. Hankla
Chief Administrative Officer
Los Angeles County
Edgar M. Hayes
Director, Los Angeles County
Data Processing Department
Dave Heppel
President, San Gabriel Valley
Peace Officers Association
Hon. Thomas E. Jackson
California Contract Cities
Association
Hon. Thomas T. Johnson
Presiding Judge
Los Angeles County Superior Court
Wilbur F. Littlefield
Public Defender
Los Angeles County
Hon. John J. Lynch
Chairman, Municipal Court
Presiding Judges Association
John P. Mahon, Jr.
Marina, Los Angeles County
Robert G. Medina
Director, Los Angeles County
Department of Community and
Senior Citizens Services
Hon. Gary R. Netzer
City Attorney, City of Los Angeles
Barry Nidorf
Chief Probation Officer
Los Angeles County
Ira Reiner
District Attorney
Los Angeles County
Hon. Ted R. Shaw
President, Independent Cities
Association
Kenneth R. Stonebraker
South Bay Police Chiefs Association
John Van Doren
President, Los Angeles County Division
League of California Cities
Frank Zolin
County Clerk/Executive Officer
Los Angeles County Superior Court

Jerome D. Tiemo
Executive Director

Robert B. Mann
Debra C. Park
Administrative Analysts

713 Hall of Administration
500 West Temple Street
Los Angeles, California 90012
(213) 974-XXXX

LEGISLATIVE INTENT SERVICE · (800) 666-1917

Honorable Board of Supervisors
January 28, 1986
Page 2

- Broadening definitions to include new technology not
  covered under current law;

- Strengthening penalties for computer-related
  crimes;

- Ensuring that all appropriate crimes under the
  rubric "computer crime" are defined in a standard
  manner under the statute and that there is
  sufficient statutory flexibility to provide
  appropriate enforcement and prosecution options.

In order to introduce the legislation in a timely manner during
this second half of the 1985-86 legislative session, the CCJCC
urges Board adoption of the following recommendations.

IT IS, THEREFORE, RECOMMENDED THAT THE BOARD OF SUPERVISORS:

1.  Sponsor legislation implementing the Model Computer Crime
    Act in California through legislation substantially similar
    to the attached language, which has been approved by County
    Counsel;

2.  Instruct the Chief Administrative Officer to seek
    introduction and passage of such legislation.

RESPECTFULLY SUBMITTED,

PETER F. SCHABARUM
Chairman

PS:JT:de
v/bd-L1.1

Attachments

cc:  Executive Office
     County Counsel
     Chief Administrative Office
     Legislative Representative, Sacramento
     Computer Crime Task Force

59

On motion of Supervisor Edelman, seconded by Supervisor Dana,
unanimously carried, the foregoing was adopted.

000490

JAN 2 8 1986

LEGISLATIVE INTENT SERVICE   (800) 666-1917

LOS ANGELES COUNTY LEGISLATIVE PROPOSAL
1985-86 State Session:  Second Half

SUMMARY:

Provide standardized definitions of various computer crimes and
provide increased criminal penalties and civil remedies for such
crimes; provide for forfeiture of computers used in commission
of a crime.

SOURCE OF PROPOSAL:   Countywide Criminal Justice Coordination
                      Committee

ANALYSIS:

Existing law prohibits unauthorized access to computers, com-
puter systems and data and imposes criminal penalties and
civil liability upon persons who gain such unauthorized
access.

The proposed legislation would state the Legislature's intent
to expand the protection afforded to individuals, businesses
and government agencies from various forms of computer crime
which have proliferated as computer technology has grown. It
would broaden the application of the existing law by:

-- redefining terms such as "access", "computer system",
   "computer network", "computer program" and "data"; and

-- defining new terms, including "access code", "computer",
   "computer services", and "supporting documentation".

The proposed legislation would also:

-- increase penalties for computer fraud, theft of data or
   computer services, computer tampering, interruption of
   computer services and publishing access codes, from a
   misdemeanor to an alternate felony/misdemeanor, punish-
   able by a fine of up to $50,000 and/or imprisonment in
   state prison for 16 months, or two or three years, or by
   a fine up to $10,000 and/or up to one year in county
   jail;

-- increase the penalty for a first violation, without
   injury, of unauthorized access to a computer, from an
   infraction to a misdemeanor, punishable by a fine up to
   $5,000 and/or up to one year in county jail;

-- increase the penalty for a subsequent violation of
   unauthorized access, or a violation of this offense
   resulting in injury, from a misdemeanor to an alternate
   felony/misdemeanor, punishable by a fine up to $50,000
   and/or 16 months, two or three years in state prison, or
   by a fine up to $10,000 and/or up to one year in county
   jail; and

LEGISLATIVE INTENT SERVICE:   (800) 666-1917

- 2 -

-- provide for seizure and forfeiture of computers and
   computer-related materials used in the commission of a
   crime.

The proliferation of computers in recent years has created
not only the ability to process and share vast amounts of
information, but also the opportunity to abuse computers and
data.  All computer systems are vulnerable to varying degrees,
in part because of the relatively easy access designed into
computer networks for the average unsophisticated user.  An
American Bar Association Task Force on Computer Crime in
June 1984 reported that during the prior year 25% of the
nation's largest companies reported verifiable losses due to
computer crime totaling between $145 million and $730 million.
The loss per victim was between $2 million and $10 million.

Detection of computer crime is difficult because of the large
volume of activity from many sources in a large computer
network.  Prosecution is also difficult because of lack of
technical computer knowledge on the part of justice system
personnel and because victims, especially businesses and
government agencies, fear negative publicity.

The proposed legislation attempts to mitigate these problems
by providing standardized definitions acceptable to both the
business and legal community, and by providing enhanced cri-
minal penalties and forfeiture of property for computer-
related offenses.

JC:ir:g25
JC-CCrime1-2

LEGISLATIVE INTENT SERVICE   (800) 666-1917



JAN 2 8 1986



# COUNTY OF LOS ANGELES
## OFFICE OF THE COUNTY COUNSEL
648 HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012

DE WITT W. CLINTON, COUNTY COUNSEL

January 17, 1986

974-1886

Honorable Peter F. Schabarum, Chairman
County of Los Angeles
Countywide Criminal Justice
Coordination Committee
783 Hall of Administration
Los Angeles, California  90012

      Attention:  Jerome D. Timmons
               Executive Director

      Re:  Model Computer Crime Act

Dear Supervisor Schabarum:

     On December 24, 1985, you requested the assistance of this office in developing in cooperation with the Computer Crime Task Force, suitable legislative language for the enactment of amendments to the California Penal Code concerning unauthorized access to computers and computer data.

     A proposed amendment to the provisions of Section 502 of the Penal Code, which incorporates the recommendations of the Computer Crime Task Force, is attached.

                 Very truly yours,

                 DE WITT W. CLINTON
                 County Counsel

              By: *Richard E. Townsend*

                 Richard E. Townsend
                 Senior Deputy

APPROVED AND RELEASED:

DE WITT W. CLINTON
County Counsel

cc:  Carl Pabst, Chairman
      Computer Crime Task Force
  James C. Hankla
      Chief Administrative Officer

RET:pv

(800) 666-1917

LEGISLATIVE INTENT SERVICE

000493

JAN 2 0 1986

# A N A L Y S I S

Current law prohibits unauthorized access to computers, computer systems and data and imposes criminal and civil liability upon persons who gain such unauthorized access.

This amendment broadens the application of the law to new types of computer technology by redefining terms such as "computer systems", "computer program", and "data" and, upgrades the criminal penalties that may be imposed upon persons who knowingly gain unauthorized access to a computer or computer system.

(800) 666-1917

LEGISLATIVE INTENT SERVICE

000494

JAN 2 8 1986

(1)

An Act to Amend Section 502
of the Penal Code Relating
to Unauthorized Access to
Computers and Computer Data.

The people of the State of California do enact as
follows:

SECTION 1.  This act shall be known and may be referred
to as the "Comprehensive Computer Data Access and Fraud Act"

SECTION 2.  Section 502 of the Penal Code is amended
to read:

Section 502(a).  For purposes of this section:

(1) "Access means to instruct, communicate with, store
data in, or retrieve data from, a computer system or
computer network.

(2) "Computer system" means a device or collection of
devices, excluding pocket calculators which are
not programmable and capable of being used in con-
junction with external files, one or more of which
contain computer programs and data, that performs
functions, including, but not limited to, logic,
arithmetic, data storage and retrieval, communication,
and control.

(3) "Computer network" means an interconnection of two
or more computer systems.

(4) "Computer program" means an ordered set of instruc-
tions or statements, and related data that, when
automatically executed in actual or modified form
in a computer system, causes it to perform specified
functions.

(5) "Data" means a representation of information,
knowledge, facts, concepts, or instructions, which
are being prepared or have been prepared, in a
formalized manner, and are intended for use in a
computer system or computer network.

LEGISLATIVE INTENT SERVICE   (800) 666-1917

000495

(6)   "Financial instrument" includes, but is not limited to, any check, draft, warrant, money order, note, certificate of deposit, letter of credit, bill of exchange, credit or debit card, transaction authorization mechanism, marketable security, or any computer system representation thereof.

(7)   "Property" includes, but is not limited to, financial instruments, data, computer programs, documents associated with computer systems and computer programs, or copies thereof, whether tangible or intangible, including both human and computer system readable data, and data while in transit.

(8)   "Services" includes, but is not limited to, the use of the computer system, computer network, computer programs, or data prepared for computer use, or data contained within a computer system, or data contained within a computer network.

Section 502(a).   Legislative Intent.   It is the intent of the Legislature in enacting this law to expand the degree of protection afforded to individuals, businesses and governmental agencies from tampering, interference, damage and unauthorized access to lawfully created computer data and computer systems.   The Legislature finds that the proliferation of computer technology has resulted in a concomitant proliferation of computer crime and other forms of unauthorized access to computers, computer systems, and computer data. The Legislature further finds that protection of the integrity of all types and forms of lawfully created computers, computer systems, and computer data, is vital to the protection of the privacy of individuals as well as to the well being of financial institutions, business concerns, governmental agencies and others within this State that lawfully utilize such computers, computer systems and data.

Section 502.   (b) Any person who intentionally accesses or causes to be accessed any computer system or computer network for the purpose of (1) devising or executing any scheme or a artifice to defraud or extort, or (2) obtaining money, property, or services with false or fraudulent intent, representations, or promises, is guilty of a public offense.

2.

(800) 666-1917   LEGISLATIVE INTENT SERVICE

000496

Section 502(b). <u>Definitions</u>. For the purposes of this Section:

(1) "Access" means to instruct, intercept, communicate with, store data in, cause input to, retrieve data from, cause output from, or otherwise make use of or attempt to make use of any of the logical, arithmetical, or memory function resources of a computer, computer system, or computer network.

(2) "Access code" means any code, account number, password or other means of access existing for the purpose of obtaining computer services.

(3) "Computer" means a device which accepts, processes, stores, and outputs data.

(4) "Computer network" means two or more computer systems connected by telecommunication facilities.

(5) "Computer program or software" means a set of instructions or statements, and related data, that when executed causes the computer, computer system, or computer network to perform specified functions.

(6) "Computer services" means and includes, but is not limited to, computer time, data processing and storage functions, and other uses of a computer, computer system, or computer network.

(7) "Computer system" means computers and all software and input, output, processing, storage, and other devices which are connected together.

(8) "Data" means a representation of information, knowledge, facts, concepts, computer software, computer programs, instructions, or supporting documentation. Data may be in any form, including, but not limited to, computer printouts or storage media, or as stored in the memory of the computer or in transit or displayed on a monitor or other device.

(9) "Supporting documentation" includes, but is not limited to, all information, in any form, pertaining to the design, construction, classification, implementation, use or modification of a computer, computer system, computer network, computer program, computer software, or data.

(800) 666-1917    LEGISLATIVE INTENT SERVICE

3.

mmm497

JAN 2 8 1986

(10)  "Injury" means any alteration, deletion, damage, or destruction of a computer system, computer network, computer program, or data caused by the the access, or any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was not altered, deleted, damaged, or destroyed by the access.

~~Section 502(c).  Any person who maliciously or causes to be accessed any computer system or computer network for the purpose of obtaining unauthorized information concerning the credit information of another person or who introduces, or causes to be introduced, false information into that system or network for the purpose of wrongfully damaging or wrongfully enhancing the credit rating of any person is guilty of a public offense.~~

Section 502(c).  Offenses.  Every person who commits any of the following acts is guilty of a public offense:

(1)  Knowingly and without authorization accesses, alters, damages, destroys, or otherwise uses any data, computer, computer system, or computer network to devise or execute any scheme or artifice to defraud or deceive, or control or obtain money, property, or services by means of false or fraudulent pretenses, representations or promises.

(2)  Knowingly and without authorization takes or copies any data, whether existing or residing internal or external to a computer, computer system, or computer network.

(3)  Knowingly and without authorization uses or causes to be used computer services.

(4)  Knowingly and without authorization accesses, adds, alters, damages, deletes, or destroys any data, computer software, computer programs, or supporting documentation which reside or exist internal or external to a computer, computer system, or computer network.

(5)  Knowingly and without authorization disrupts or degrades or causes the disruption or degradation of computer services or denies or causes the denial of computer services to an authorized user of a computer, computer network, or computer system.



LEGISLATIVE INTENT SERVICE   (800) 666-1917

4.

JAN 2 8 1986

(6)  Knowingly and without authorization provides or assists in providing a means of accessing a computer, computer network, or computer system.

(7)  Knowingly and without authorization accesses or causes to be accessed any computer, computer system, or computer network.

~~Section 502(d).  Any person who maliciously accesses, alters, deletes, damages, destroys or disrupts the operation of any computer system, computer network, computer program, or data is guilty of a public offense.~~

Section 502(d)  Penalties.

(1)  Any person who violates any of the provisions of subdivisions (1) through (6) of subsection (c) of this Section, is punishable by a fine not exceeding fifty thousand dollars ($50,000), or by imprisonment in the state prison for 16 months, or two or three years, or by both such fine and imprisonment, or by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the county jail not exceeding one year, or by both such fine and imprisonment.

(2)  Any person who violates any provision of subdivision (7) of subsection (c) of this Section shall be punishable as follows:

(i)  For a first violation which does not result in an injury as defined in subdivision 10 of subsection (b) of this Section, by a fine not exceeding five thousand dollars ($5,000), or by imprisonment in the county jail not exceeding one year, or by both such fine and imprisonment.

(ii)  For any violation which results in an injury as defined in subdivision (10) of subsection (b) of this Section or for any second or subsequent violations, by fine not exceeding fifty thousand dollars ($50,000) or by imprisonment in the state prison for 16 months or two or three years, or by both such fine and imprisonment, or by fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the county jail not exceeding one year, or by both such fine and imprisonment.

5.

(800) 666-1917   LEGISLATIVE INTENT SERVICE

000499

JAN 2 8 1986

~~Section 502(e). Any person who intentionally and without authorization accesses any computer system, computer network, computer program, or data, with knowledge that the access was not authorized, shall be guilty of a public offense. This subdivision shall not apply to any person who accesses his or her employer's computer system, computer network, computer program, or data when acting within the scope of his or her employment.~~

Section 502(e). <u>Civil Remedy</u>.

(e)   <u>In addition to any other civil remedy available, the owner or lessee of the computer, computer system, computer network, computer program, or data may bring a civil action against any person convicted under this Section for compensatory damages, including any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was not altered, damaged, or deleted by the access. For the purposes of actions authorized by this subsection, the conduct of an unemancipated minor shall be imputed to the parent or legal guardian having control or custody of the minor, pursuant to the provisions of Section 1714.1 of the Civil Code.</u>

<u>In any action brought pursuant to this subsection, the court may award attorney's fees to a prevailing plaintiff.</u>

~~Section 502(f). Any person who violates any provision of subdivision (b), (c), or (d), unless specified otherwise, is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the state prison for 16 months, or two or three years, or by both such fine and imprisonment, or by a fine not exceeding five thousand dollars ($5,000), or by imprisonment in the county jail not exceeding one year, or by both such fine and imprisonment.~~

Section 502(f). <u>Applicability</u>.

<u>This Section shall not be construed to preclude the applicability of any other provision of the criminal law of this state which applies or may apply to any transaction.</u>

(800) 666-1917

LEGISLATIVE INTENT SERVICE

6.

000500

JAN 2 8 1986

Section 502(g).

~~(1)   A first violation of subdivision (c) which does not result in injury is an infraction punishable by a fine not exceeding two hundred fifty dollars ($250).~~

~~(2)   A violation of subdivision (c) which results in an injury, or a second or subsequent violation of subdivision (c) with no injury, is a misdemeanor punishable by a fine not exceeding five thousand dollars ($5,000), or by imprisonment in the county jail not exceeding one year, or by both such fine and imprisonment.~~

~~(3)   As used in this subdivision, "injury" means any alteration, deletion, damage, or destruction of a computer system, computer network, computer program, or data caused by the access, or any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer program, or data was not altered, deleted, damaged, or destroyed by the access.~~

Section 502(g).   <u>Savings.</u>

The provisions of this Section shall apply only to public offenses committed on or after January 1, 1987.  It is the intent of the Legislature that the provisions of this Section be given no retroactive effect and persons who commit a violation of the provisions of Section 502 in effect prior to the effective date of this Section, shall be held responsible therefor.

Section 502(h).

~~In addition to any other civil remedy available, the owner or lessee of the computer system, computer network, computer program, or data may bring a civil action against any person convicted under this section for compensatory damages, including any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was not altered, damaged, or deleted by the access. For the purposes of actions authorized by this subdivision, the conduct of an unemancipated minor shall be imputed to the parent or legal guardian having control or custody of the minor, pursuant to the provisions of Section 1714.1 of the Civil Code.~~

7.

LEGISLATIVE INTENT SERVICE   (800) 666-1917

000501

JAN 28 1986

~~In any action brought pursuant to this subdivision, the court may award attorney's fees to a prevailing plaintiff.~~

Section 502(h).   Forfeiture and Seizure.

Any computer, computer system, computer program, instrument, apparatus, device, plans, instructions or written publication used in the commission of any public offense described in subsection(c) of this Section may be seized under warrant or incident to a lawful arrest, and, upon the conviction of a person for a violation of any provision of subsection (c) of this Section, such computer, computer system, computer program, instrument, apparatus, device, plans, instructions or written publication may be destroyed as contraband by the sheriff of the County in which such person was convicted or turned over to the County in which such public offense was prosecuted for use by such County in any manner deemed appropriate.

Section 502(i)

~~This section shall not be construed to preclude the applicability of any other provision of the criminal law of this state which applies or may apply to any transaction.~~

8.



(800) 666-1917   LEGISLATIVE INTENT SERVICE

000502

JAN 2 8 1986

EXHIBIT B OMITTED FOR BREVITY