# EXHIBIT B

Date of Hearing:   June 1, 1987                                              SB 255
Counsel:           DeeDee D'Adamo

ASSEMBLY COMMITTEE ON PUBLIC SAFETY
Larry Stirling, Chair

SB 255 (Davis) - As Amended:  May 21, 1987

PRIOR ACTION:   Senate Judiciary:   7 ayes; 0 noes
                Senate Floor:       31 ayes; 0 noes

ISSUE:     I.     SHOULD PROVISIONS OF LAW REGARDING COMPUTER CRIMES BE
                  REPEALED AND REDEFINED?

           II.    SHOULD THE PENALTIES BE INCREASED FOR ONE WHO KNOWINGLY
                  AND WITHOUT PERMISSION ACCESSES A COMPUTER WHEN AN INJURY
                  RESULTS?

           III.   SHOULD FORFEITURE OF COMPUTER EQUIPMENT WHICH WAS USED TO
                  COMMIT A COMPUTER CRIME BE AUTHORIZED?

DIGEST

Current law

1)  Makes it an alternate felony/misdemeanor for one to intentionally access a
    computer for the purpose of defrauding.

2)  Makes it an alternate felony/misdemeanor for one to maliciously access,
    alter, damage, or disrupt the operation of a computer system.

3)  Makes it an infraction for one to intentionally and without authorization
    access a computer system.  An act which results in injury and  second
    offenses are punishable as an alternate felony/misdemeanor.

4)  Defines computer terms, such as "computer program", "access", and "data".

5)  Provides that the owner or lessee of a computer may bring a civil action
    for damages against one convicted of using his or her computer to commit a
    computer crime, and that such damages include expenditures incurred to
    verify that a computer was or was not altered, damaged, or deleted by the
    access.

6)  Authorizes the court to award attorney's fees to a prevailing plaintiff in
    such civil actions.

This bill would:

1)  Recast and redefine provisions of law relating to computer crimes.



LEGISLATIVE INTENT SERVICE    (800) 666-1917

LIS - 9a

SB 255

b) <mark>Penalties for Unauthorized Use.  This bill would make it a crime to knowingly and without permission use a computer including, for example, an employee who uses his or her computer or a colleague's computer to write a term paper. Such acts are punishable as a misdemeanor where no</mark> injury results and where the value of the computer services does not exceed $400.  Second offenses, or first offenses where the value of the computer services exceeds $400 or where injury results are punishable as an alternate felony/misdemeanor.

c) Other Computer Crimes.  All other computer crimes (see Digest #1 and #2) are punishable as an alternate felony/misdemeanor.  These penalties are the same as under current law.

3) Fines.  Generally, up to a $1,000 fine can be imposed for one convicted of a misdemeanor.  This bill provides that persons convicted of a misdemeanor computer crime offense can be fined up to $5,000.  A fine up to $10,000 can be imposed for persons convicted of a felony.

4) Definitions of Terms.

a) Access is defined as gaining entry, instructing, or communicating with a computer.

b) Computer Network is defined as two or more computer systems connected by telecommunication facilities.

c) Computer Program or Software is defined as a set of instructions or statements which cause a computer to perform specified functions.

d) Computer services is defined as computer time, data processing, storage functions or other uses of a computer.

e) Computer system is defined as a device which contains computer programs, electronic instructions, input data, and output data, that performs such functions as logic, arithmetic, data storage and communication.

f) Data is defined as a representation of information, knowledge, facts, concepts, computer software, computer programs or instructions.

g) Supporting Documentation is defined as all information pertaining to the design, construction, classification, implementation, use of a computer which is not generally available to the public and is necessary for the operation of a computer.

h) Injury is defined as any alteration, deletion, damage, or destruction of a computer caused by the access.

(800) 666-1917

LEGISLATIVE INTENT SERVICE

**VOLUME 1**

CALIFORNIA LEGISLATURE

AT SACRAMENTO

1987–88 REGULAR SESSION
1987–88 FIRST EXTRAORDINARY SESSION

# SENATE FINAL HISTORY

SHOWING ACTION TAKEN IN THIS SESSION ON ALL SENATE BILLS
CONSTITUTIONAL AMENDMENTS, CONCURRENT, JOINT RESOLUTIONS
AND SENATE RESOLUTIONS

CONVENED DECEMBER 6, 1986
ADJOURNED SINE DIE NOVEMBER 30, 1988

DAYS IN SESSION ............................................................................ 253

CALENDAR DAYS ............................................................................ 731

LT. GOVERNOR LEO T. McCARTHY        SENATOR DAVID ROBERTI
*President of the Senate*                *President pro Tempore*

*Compiled Under the Direction of*
DARRYL R. WHITE
*Secretary of the Senate*

*By*
DAVID H. KNEALE, ESQ.
*History Clerk*

LEGISLATIVE INTENT SERVICE    (800) 666-1917



SB 255 (Davis)
Page 8

> hacker.  Arguably such verification would be
> necessary whenever unauthorized access occurs,
> thus every first offense without damage could
> be a felony.

9.   Employee misuse

> Under this bill, an employee who used a
> computer more than once for such personal
> projects as preparing a personal letter,
> maintaining a mailing list or recipe list,
> accessing computer data to use in a term
> paper, or sending computer messages to other
> employees, could be guilty of a felony, even
> if the use occurred after work and caused no
> injury.  On the other hand, an employee who
> uses the employer's computer system or data
> within the scope of employment would not be
> violating the statute.

10.  Confiscation of property

> This bill would authorize law enforcement
> officers to seize, under warrant or without
> warrant incident to a lawful arrest, any
> computer, computer system, computer program,
> instrument, apparatus, device, plans,
> instruction, or written publication used in
> the commission of any crime established under
> this Act.  After conviction and a hearing to
> determine property rights, the seized computer
> equipment, if owned or controlled by the
> person so convicted, or owned or controlled by
> a person or entity that knowingly allowed the
> use of the seized item in the commission of
> any computer crime prohibited by this bill,
> could be destroyed as contraband by the
> sheriff of the county in which the person was

LEGISLATIVE INTENT SERVICE     (800) 666-1917

(More)