ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
RUSSELL P. COHEN (SBN 213105)
rcohen@orrick.com
NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
DANIEL JUSTICE (SBN 291907)
djustice@orrick.com
SARAH K. MULLINS (SBN 324558)
sarahmullins@orrick.com
MARIA N. SOKOVA (SBN 323627)
msokova@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

Attorneys for Defendant
LinkedIn Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| hiQ Labs, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> LinkedIn Corporation, <br><br> Defendant. <br><br> LinkedIn Corporation <br><br> Counterclaimant, <br> vs. <br><br> hiQ Labs, Inc. <br><br> Counterdefendants, | Case No. 17-cv-03301-EMC <br><br> **LINKEDIN CORPORATION'S LOCAL RULE 79-5 ADMINISTRATIVE MOTION TO FILE DESIGNATED MATERIALS UNDER SEAL** <br><br><br> Complaint Filed: June 7, 2017 <br> Trial Date: February 27, 2023 |

ADMIN. MOT. TO SEAL
17-CV-03301-EMC

Pursuant to Civil Local Rules 7-11 and 79-5, Federal Rule of Civil Procedure 26(c)(1), and the Stipulated Protective Order For Litigation Involving Patents, Highly Sensitive Confidential Information, and/or Trade Secrets (ECF No. 213) (the "Protective Order"), LinkedIn Corporation ("LinkedIn") hereby moves to file portions of its Motion to Dissolve Preliminary Injunction and Request for Indicative Ruling Pursuant to Fed. R. Civ. P. 62.1 as well as a previously filed document containing similar information under seal.

### I.     Information Designated By hiQ.

The Protective Order states that material designated as "Protected Material" may not be filed in the public record, and that a party seeking to file Protected Material must comply with Local Rule 79-5.  Protective Order § 14.4.  Local Rule 79-5(e) states that where material sought to be filed was designated by an opposing party or third party, then the filing party must identify the material so designated and serve notice on the party who made the confidentiality designations.

hiQ Labs, Inc. ("hiQ") has designated material discussed and disclosed in LinkedIn's Motion to Dissolve Preliminary Injunction and its supporting materials under the Protective Order.  Therefore, LinkedIn moves to seal the following hiQ-designated information:

| Document | Text to Be Sealed |
| --- | --- |
| Text in LinkedIn's Motion to Dissolve Preliminary Injunction and Request for Indicative Ruling Pursuant to Fed. R. Civ. P. 62.1, which reflects or is derived from material designated by hiQ under the Protective Order. | The names on page 6, line 21; the text between "scrapers" and the period on page 18, line 7. |
| Hurst Declaration | The first two sentences and last sentence of paragraph 20. |
| Hurst Declaration, Ex. 4 (hiQ's July 29, 2021, Responses to LinkedIn's First Set of Interrogatories, served on August 30, 2021). | The vendor names on page 12, between lines 11–12. |
| Rockwell Declaration | The text at page 7, lines 14–15 and line 18. |

Pursuant to Local Rule 79-5(e)(1), hiQ has four days to file a declaration establishing that the designated material is sealable.

## II. Information LinkedIn Seeks to Seal.

| Document | Text to Be Sealed | Basis for Sealing |
| --- | --- | --- |
| Zhong Declaration Ex. 1. | The IP address that first appears in cell B2 and all subsequent representations of that IP address. | The fact that this IP address is not subject to LinkedIn's technical security measures, if disclosed, would allow the IP address to be used for improper purposes. |
| Rockwell Declaration, Exhibit 8 (LinkedIn letter dated November 28, 2018). | The IP address identified in the letter. | The fact that this IP address is not subject to LinkedIn's technical security measures, if disclosed, would allow the IP address to be used for improper purposes. |
| Hurst Declaration, Ex. 4 (hiQ's July 29, 2021, Responses to LinkedIn's First Set of Interrogatories, served on August 30, 2021). | The two IP addresses on page 12, lines 7–8. | The fact that these IP addresses are not subject to LinkedIn's technical security measures, if disclosed, would allow the IP addresses to be used for improper purposes. |
| Hurst Declaration, Ex. 9 (Sharma Letter dated January 22, 2021). | The two IP addresses identified on page 2 of the exhibit. | The fact that these IP addresses are not subject to LinkedIn's technical security measures, if disclosed, would allow the IP addresses to be used for improper purposes. |
| Hurst Declaration, Ex. 10 (Uriarte Letter dated February 2, 2021). | The two IP addresses identified in the second paragraph of the letter body. | The fact that these IP addresses are not subject to LinkedIn's technical security measures, if disclosed, would allow the IP addresses to be used for improper purposes. |
| Declaration of Robert L. Uriarte In Support Of LinkedIn's Opposition To hiQ's Motions To Dismiss And Strike Counterclaims, Exhibit 1 (ECF No. 189-02) | The two IP addresses identified on page 2 of the exhibit. | The fact that these IP addresses are not subject to LinkedIn's technical security measures, if disclosed, would allow the IP addresses to be used for improper purposes. |

1    As set forth in the declaration of Paul Rockwell filed concurrently in support of
2    LinkedIn's Motion to Dissolve Preliminary Injunction and Request for Indicative Ruling Pursuant
3    to Fed. R. Civ. P. 62.1 ("New Rockwell Decl."), the limited information LinkedIn seeks to seal is
4    sensitive information that LinkedIn maintains in confidence.  LinkedIn goes to great effort to
5    prevent unauthorized access to and scraping of its website, and does not publicly disclose specific
6    IP addresses that have been "allowlisted" such that they are not subject to LinkedIn's technical
7    security measures.  If such IP addresses were disclosed, unscrupulous third parties such as
8    scrapers and data harvesters could use that knowledge to infer sensitive information about the
9    sources and methods LinkedIn uses to defend its computer systems and protect member data.
10   Third parties could devise new methods to circumvent LinkedIn's technical defenses and/or
11   "spoof" the allowlisted (also known as "whitelisted") IP addresses in order to access member
12   profile data on LinkedIn's website in violation of LinkedIn's User Agreement.  Once such access
13   is obtained, those unidentified third parties could scrape LinkedIn member data and put it to any
14   number of uses.  Disclosure of the IP addresses in connection with their allowlisted status would
15   almost certainly cause significant harm to LinkedIn.  New Rockwell Decl. ¶ 23.  Two of the IP
16   addresses were previously disclosed in a public filing, and LinkedIn seeks to seal that document
17   to prevent those IP addresses from being further disseminated and put to use by unknown third
18   parties guided by LinkedIn's statements about what 'allowlisting' or 'whitelisting' those IPs
19   means in the context of access to LinkedIn's website.  *See* ECF No. 189-02 (Exhibit 1 to Uriarte
20   Decl.) at 2.

21   "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and
22   justify sealing court records exist when such 'court files might have become a vehicle for
23   improper purposes,' such as the use of records to gratify private spite, promote public scandal,
24   circulate libelous statements, or release trade secrets." *Kamakana v. City & Cty. of Honolulu*, 447
25   F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598
26   (1978)).

27   The three IP addresses at issue here are analogous to a password that enables the holder to
28   access LinkedIn's website without restriction and evade all of LinkedIn's security measures

meant to prevent such wide-ranging and unregulated access.  Courts find that compelling reasons exist to seal such information.  *See, e.g.*, *SinglePoint Direct Solar LLC v. Curiel*, No. CV-21-01076-PHX-JAT, 2021 WL 3079860, at *1 (D. Ariz. July 21, 2021) (finding compelling reasons to seal corporate passwords and nothing that including "specific passwords … in an unredacted document" had no "conceivable importance" to the public that weighed against sealing); *ASUS Computer Int'l v. InterDigital, Inc.*, No. 15-cv-01716-BLF, 2019 WL 1411234, at *2 (N.D. Cal. Mar. 28, 2019) (finding compelling reasons to seal the password to a USB drive containing sensitive information); *UAB "Planner5D" v. Facebook, Inc.*, No. 19-cv-03132-WHO, 2020 WL 4260733, at *9–10 (N.D. Cal. July 24, 2020) (granting motion to seal website addresses (URLs) that would cause harm if publicly disclosed); *Uber Techs., Inc. v. Doe*, No. 15–cv–00908–LB, 2015 WL 1926291, at *4 (N.D. Cal. Apr. 27, 2015) (granting motion to seal two IP addresses that would potentially tip off target of investigation prematurely); *Cardinali v. Plusfour, Inc.*, No.: 2:16-cv-02046-JAD-NJK, 2019 WL 4723071, at *14 (D. Nev. Sept. 26, 2019) (granting motion to seal information that could be used by third-party bad actors).

Although disclosing the specific allowlisted IP addresses would threaten harm to LinkedIn, there is little if any countervailing public interest in their disclosure.  *See Kamakana*, 447 F.3d at 1179 ("[T]he court must conscientiously balance the competing interests of the public policies favoring disclosure, such as the public interest in understanding the judicial process." (quotation marks and original alterations omitted)).  Here, the specific IP addresses at issue will shed no additional light on the Court's decision-making process that could aid the public's understanding of the judicial system.  Like the passwords at issue in *SinglePoint*, the fact that such IP addresses exist and are allowlisted is sufficient to fully explain the resolution of LinkedIn's pending motion, and the exact IP addresses need not be publicly disclosed.

Accordingly, LinkedIn respectfully submits that the risk of significant injury to LinkedIn and its members justifies the narrow relief of sealing the three specific IP addresses that are currently allowlisted by LinkedIn in connection with this litigation.

| | | |
|---|---|---|
| 1 | Dated: September 10, 2021 | Orrick, Herrington & Sutcliffe LLP |

By: _/s/ Annette L. Hurst_
ANNETTE L. HURST
Attorneys for Defendant
LinkedIn Corporation