1  Corey Worcester (*pro hac vice*)
   coreyworcester@quinnemanuel.com
2  Renita Sharma (*pro hac vice*)
   renitasharma@quinnemanuel.com
3  QUINN EMANUEL URQUHART AND SULLIVAN LLP
4  51 Madison Avenue, 22nd Floor
   New York, NY 10010
5  Telephone:     (212) 849-7000

6  Terry L. Wit (SBN 233473)
   terrywit@quinnemanuel.com
7  QUINN EMANUEL URQUHART AND SULLIVAN LLP
8  50 California Street, 22nd Floor
   San Francisco, CA 94111
9  Telephone:     (415) 875-6331

10 *Attorneys for Plaintiff and*
   *Counterclaim Defendant*
11 *hiQ Labs, Inc.*

12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15 hiQ Labs, Inc.,

16        Plaintiff    and    Counterclaim      Case No. 3:17-cv-03301-EMC
          Defendant,
17                                               **DECLARATION OF RENITA SHARMA IN**
18     vs.                                       **OPPOSITION TO LINKEDIN'S MOTION**
                                                 **TO DISSOLVE THE PRELIMINARY**
19 LinkedIn Corp.,                               **INJUNCTION AND FOR AN INDICATIVE**
                                                 **RULING**
20        Defendant    and    Counterclaim
          Plaintiff.
21

22

23

24

25

26

27

28

I, Renita Sharma, declare as follows:

1.      I am a partner with the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, attorneys of record for Plaintiff hiQ Labs, Inc. ("hiQ"). I have personal knowledge of the facts set forth below and if called as a witness I could and would competently testify to those facts.

2.      Attached hereto is a true and correct copy of LinkedIn's Responses and Objections to hiQ's First Set of Requests for Production, served on July 26, 2021.

3.      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed September 24, 20021, at New York, New York.


By:     */s/ Renita Sharma*
        Renita Sharma

SHARMA  DECL. IN OPP. TO MOT. TO DISSOLVE THE PRELIM. INJ. AND FOR INDICATIVE RULING

ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
RUSSELL P. COHEN (SBN 213105)
rcohen@orrick.com
NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
DANIEL JUSTICE (SBN 291907)
djustice@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

ROBERT L. URIARTE (SBN 258274)
ruriarte@orrick.com
MARIA N. SOKOVA (SBN 323627)
msokova@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

*Attorneys for LinkedIn Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| hiQ Labs, Inc.,<br><br>            Plaintiff,<br><br>      vs.<br><br>LinkedIn Corporation,<br><br>            Defendant.<br><br>_____<br><br>LinkedIn Corporation<br><br>            Counterclaimant,<br>      vs.<br><br>hiQ Labs, Inc.<br><br>            Counter-defendant. | Case No. 17-cv-03301-EMC<br><br>**DEFENDANT AND COUNTERCLAIM PLAINTIFF LINKEDIN CORPORATION'S RESPONSES TO HIQ LABS, INC'S FIRST SET OF REQUESTS FOR PRODUCTION**<br><br>Judge:      Hon. Edward M. Chen |

1   **PROPOUNDING PARTY:**         hiQ Labs, Inc.

2   **RESPONDING PARTY:**          LinkedIn Corporation

3   **SET NUMBER:**                One

4

5        Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant and Counterclaimant

6   LinkedIn Corporation ("LinkedIn") hereby serves the following objections and responses to

7   Plaintiff and Counter-defendant hiQ Labs, Inc. ("hiQ")'s First Set of Requests for Production.

8   LinkedIn's investigation into the stated subject matter is continuing and the responses below

9   reflect the information available to LinkedIn after conducing a reasonable investigation.

10  LinkedIn will supplement its responses and productions as appropriate pursuant to Federal Rule

11  of Civil Procedure 26(e).

12       LinkedIn objects to the definitions of "All Documents," "Documents," and "Electronically

13  Stored Information" to the extent they exceed LinkedIn's obligations pursuant to Federal Rule of

14  Civil Procedure 34.  LinkedIn will conduct a reasonable search for and produce documents and

15  electronically stored information in accordance with its obligations under Rule 34 and the

16  definition contained in Rule 34(a)(1)(A).

17       LinkedIn objects to the definition of "Elevate conference(s)" as vague and ambiguous

18  because the conferences are not identified with reasonable particularity as required under Rule 34.

19  LinkedIn's responses will address only Elevate conferences that is aware of or learns about

20  through a reasonable search.

21       LinkedIn objects to the definition of "hiQ" as vague and ambiguous because hiQ's

22  employees or representatives and its predecessors are not identified with reasonable particularity

23  as required under Rule 34.  Further, predecessors is not defined and it is unclear what sort of

24  relationship between hiQ and other entities hiQ has in mind.  LinkedIn's responses will address

25  only hiQ and any employees or representatives where LinkedIn is aware of a relationship with

26  hiQ.

27       LinkedIn objects to the definition of "Refer or Relate/Relating to" as overbroad, unduly

28  burdensome, vague, ambiguous, and lacking the particularity required under Rule 34.  The term is

LINKEDIN CORPORATION'S RESPONSES
TO FIRST SET OF RFPs
17-cv-03301-EMC

1  defined so broadly that any request in which the term as defined is included would be unlimited in

2  scope.  LinkedIn will use the dictionary definitions of refer, relate, or relating to.

3      LinkedIn objects to the definition of "LinkedIn" as overbroad and beyond the scope

4  permitted by Rule 34, which allows request only of LinkedIn to produce documents within its

5  possession, custody, or control.  LinkedIn will respond for LinkedIn only and pursuant to its

6  obligations under Rule 34.

7      LinkedIn objects to the definition of "White List" as vague and ambiguous as to

8  "platforms You permit to query … Your website."  All requests to LinkedIn's website can be

9  potentially characterized as queries—whether they are successful or not—and LinkedIn has no

10  way to prevent a third party from attempting to query the website.  LinkedIn will respond as to

11  those entities who request and receive permission from LinkedIn to index portions of LinkedIn's

12  website.

13      LinkedIn objects to all instructions except instruction Nos. 2 and 8, which simply restate

14  obligations arising under the Federal Rules, as beyond the scope of LinkedIn's obligations under

15  the Federal Rules.  LinkedIn will search for and produce documents consistent with Federal Rule

16  of Civil Procedure 34 and consistent with the parties' forthcoming ESI Stipulation and stipulated

17  Protective Order.  As indicated above, LinkedIn will supplement discovery responses and

18  productions pursuant to its obligations under Federal Rule of Civil Procedure 26(e).

19

20                    **RESPONSES TO REQUESTS FOR PRODUCTION**

21  **REQUEST FOR PRODUCTION NO. 1:**

22      All Documents and Communications You reviewed in responding to hiQ's

23  interrogatories.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

25      LinkedIn objects to this request because it seeks information protected by the attorney-

26  client privilege and work-product doctrine.  Interrogatory responses are prepared in

27  consultation with counsel and production of documents reviewed in that process reveal the

28  mental impressions and strategies of counsel and are, as such, not discoverable.  LinkedIn

                                                            3

objects to producing any documents absent a stipulation or agreement among the parties

governing the production of electronically stored information (an "ESI stipulation"), and will

produce documents pursuant to such a stipulation once it is reached.  LinkedIn further objects

to producing any documents before the Court enters a protective order governing the use and

disclosure of confidential information in this action (a "PO").  Production of documents

without an order governing confidentiality will prejudice LinkedIn and risk disclosure of

sensitive, non-public, and proprietary information and data.  LinkedIn will produce documents

only after the Court enters such an order.

In light of the foregoing, LinkedIn will produce non-privileged documents reviewed in

responding to hiQ's interrogatories to the extent such documents are identified in the responses

to the interrogatories.  LinkedIn will make its production within a reasonable time after an ESI

stipulation is reached between the parties and the Court enters a PO.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents that refer or relate to hiQ, including, without limitation, all

Communications about hiQ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

LinkedIn objects to this request to the extent it seeks the production of documents

protected by the attorney-client privilege, work-product doctrine, or other applicable protection.

LinkedIn objects to producing any documents absent an ESI stipulation, and will produce

documents pursuant to such a stipulation once it is reached.  LinkedIn further objects to

producing any documents before the Court enters a PO.  Production of documents without a PO

will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary

information and data.  LinkedIn will produce documents only after the Court enters such an

order.

In light of the foregoing, LinkedIn will produce non-privileged documents that refer to

hiQ, including all communications with hiQ, that it can locate through a reasonable search in

conformance with the parties' anticipated ESI stipulation.  LinkedIn will make its production

LINKEDIN CORPORATION'S RESPONSES
TO FIRST SET OF RFPs
17-cv-03301-EMC

1  within a reasonable time after an ESI stipulation is reached between the parties and the Court

2  enters a PO.

3  **REQUEST FOR PRODUCTION NO. 3:**

4       All Documents and Communications that refer or relate to any meetings held between

5  You and any representative of hiQ, including but not limited to any meetings between You and

6  Darren Kaplan.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

8       LinkedIn objects to this request to the extent it seeks the production of documents

9  protected by the attorney-client privilege, work-product doctrine, or other applicable protection.

10  LinkedIn objects to producing any documents absent an ESI stipulation, and will produce

11  documents pursuant to such a stipulation once it is reached.  LinkedIn further objects to

12  producing any documents before the Court enters a PO.  Production of documents without a PO

13  will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary

14  information and data.  LinkedIn will produce documents only after the Court enters such an

15  order.

16       In light of the foregoing, LinkedIn will produce non-privileged documents that refer to

17  meetings between LinkedIn and hiQ, including meetings with Darren Kaplan that it can locate

18  through a reasonable search in conformance with the parties' anticipated ESI stipulation.

19  LinkedIn will make its production within a reasonable time after an ESI stipulation is reached

20  between the parties and the Court enters a PO.

21  **REQUEST FOR PRODUCTION NO. 4:**

22       All Documents and Communications, including any notes, that refer or relate to Your

23  attendance and participation in any hiQ Elevate Conference, including but not limited to the

24  attendance and/or participation in any Elevate Conference by Lorenzo Canlas, Daniel Francis,

25  Mike Jennings, Rena Yi, Cindy Liang, Jason Silver, Hanna Cutler, Daniel Maurath, Nicholas

26  Thomas, Athanasia Kotopolous, Zach Kyte, Aku Patel, Anupam Khanuja, Wojciech Krupa, Allen

27  Zhang, Richard Lee, and Han Givens.

28

LINKEDIN CORPORATION'S RESPONSES
TO FIRST SET OF RFPs
17-cv-03301-EMC

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

LinkedIn objects to this request to the extent it seeks the production of documents protected by the attorney-client privilege, work-product doctrine, or other applicable protection. LinkedIn objects to producing any documents absent an ESI stipulation, and will produce documents pursuant to such a stipulation once it is reached.  LinkedIn further objects to producing any documents before the Court enters a PO.  Production of documents without a PO will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary information and data.  LinkedIn will produce documents only after the Court enters such an order.

In light of the foregoing, LinkedIn will produce non-privileged documents that refer to attendance and participation in any hiQ Elevate Conference, including participating by the identified individuals, that it can locate through a reasonable search in conformance with the parties' anticipated ESI stipulation.  LinkedIn will make its production within a reasonable time after an ESI stipulation is reached between the parties and the Court enters a PO.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications that refer or relate to any automated access by hiQ to Your website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

LinkedIn objects to this request to the extent it seeks the production of documents protected by the attorney-client privilege, work-product doctrine, or other applicable protection. LinkedIn objects to producing any documents absent an ESI stipulation, and will produce documents pursuant to such a stipulation once it is reached.  LinkedIn further objects to producing any documents before the Court enters a PO.  Production of documents without a PO will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary information and data.  LinkedIn will produce documents only after the Court enters such an order.

In light of the foregoing, LinkedIn will produce non-privileged documents that refer to automated access by hiQ to LinkedIn's website that it can locate through a reasonable search in

LINKEDIN CORPORATION'S RESPONSES
TO FIRST SET OF RFPs
17-cv-03301-EMC

1  conformance with the parties' anticipated ESI stipulation.  LinkedIn will make its production

2  within a reasonable time after an ESI stipulation is reached between the parties and the Court

3  enters a PO.

4  **REQUEST FOR PRODUCTION NO. 6:**

5        All Documents and Communications that refer or relate to any alleged privacy concerns

6  raised by Your members relating to hiQ's use of Your website.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

8        LinkedIn objects to this request to the extent it seeks the production of documents

9  protected by the attorney-client privilege, work-product doctrine, or other applicable protection.

10  LinkedIn objects to producing any documents absent an ESI stipulation, and will produce

11  documents pursuant to such a stipulation once it is reached.  LinkedIn further objects to

12  producing any documents before the Court enters a PO.  Production of documents without a PO

13  will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary

14  information and data.  LinkedIn will produce documents only after the Court enters such an

15  order.

16        In light of the foregoing, LinkedIn will produce non-privileged documents that refer to

17  privacy concerns raised by LinkedIn members related to hiQ's use of LinkedIn that it can

18  locate through a reasonable search in conformance with the parties' anticipated ESI stipulation.

19  LinkedIn will make its production within a reasonable time after an ESI stipulation is reached

20  between the parties and the Court enters a PO.

21  **REQUEST FOR PRODUCTION NO. 7:**

22        All Documents and Communications that refer or relate to any alleged privacy concerns

23  relating to any third-parties' use of Your website.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

25        LinkedIn objects to this request to the extent it seeks the production of documents

26  protected by the attorney-client privilege, work-product doctrine, or other applicable protection.

27  LinkedIn objects to producing any documents absent an ESI stipulation, and will produce

28  documents pursuant to such a stipulation once it is reached.  LinkedIn further objects to

LINKEDIN CORPORATION'S RESPONSES
TO FIRST SET OF RFPs
17-cv-03301-EMC

1    producing any documents before the Court enters a PO.  Production of documents without a PO

2    will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary

3    information and data.  LinkedIn will produce documents only after the Court enters such an

4    order.  LinkedIn objects to this request as vague and ambiguous as to which "third parties' use"

5    the request refers to.  The request could refer to subjects ranging from automated access for

6    commercial purposes, such as hiQ's, to isolated incidents of access on an individual-to-

7    individual basis that result in a complaint or communication to LinkedIn that references

8    privacy.  Such requests might even include simple help requests regarding privacy settings to

9    limit third party access to certain information.  Given the potential subject matter covered by

10   this request, LinkedIn further objects that it is overbroad and unduly burdensome because it

11   seeks the production of documents that are irrelevant to the parties' claims and defenses and,

12   even if there were some attenuated relevance, producing documents to the full scope of this

13   request would be disproportionate to the needs of the case.  LinkedIn will not produce

14   documents in response to this request as worded, but will meet and confer with hiQ regarding

15   the documents sought through this request.  If hiQ can identify discoverable subject matter

16   within the scope of this request that meets Rule 26's proportionality standard, LinkedIn will

17   work with hiQ to define a reasonable and proportionate production of such documents.

18   **REQUEST FOR PRODUCTION NO. 8:**

19          All Documents and Communications that refer or relate to any alleged impairment of

20   Your services, servers, or website due to hiQ's actions.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

22          LinkedIn objects to this request to the extent it seeks the production of documents

23   protected by the attorney-client privilege, work-product doctrine, or other applicable protection.

24   LinkedIn objects to producing any documents absent an ESI stipulation, and will produce

25   documents pursuant to such a stipulation once it is reached.  LinkedIn further objects to

26   producing any documents before the Court enters a PO.  Production of documents without a PO

27   will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary

28

1  information and data.  LinkedIn will produce documents only after the Court enters such an

2  order.

3        In light of the foregoing, LinkedIn will produce non-privileged documents that refer to

4  any impairment of LinkedIn's services, servers, or website due to hiQ's actions that it can

5  locate through a reasonable search in conformance with the parties' anticipated ESI stipulation.

6  LinkedIn will make its production within a reasonable time after an ESI stipulation is reached

7  between the parties and the Court enters a PO.

8  **REQUEST FOR PRODUCTION NO. 9:**

9        Documents sufficient to ascertain the capacity of the data centers and servers that run on

10  Your website.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

12        LinkedIn objects to this request to the extent it seeks the production of documents

13  protected by the attorney-client privilege, work-product doctrine, or other applicable protection.

14  LinkedIn objects to producing any documents absent an ESI stipulation, and will produce

15  documents pursuant to such a stipulation once it is reached.  LinkedIn further objects to

16  producing any documents before the Court enters a PO.  Production of documents without a PO

17  will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary

18  information and data.  LinkedIn will produce documents only after the Court enters such an

19  order.  LinkedIn objects to this request as vague and ambiguous because "capacity" can refer to

20  any number of things, such as occupant capacity, data storage capacity, and capacity to handle

21  data requests from outsides sources.  Given the scope of subjects and topics that this request

22  covers and the attenuated relevance to any of the parties' claims and defenses, LinkedIn further

23  objects because the request is overbroad, unduly burdensome and beyond the scope of

24  permissible discovery.  LinkedIn will not produce documents in response to this request as

25  worded, but will meet and confer with hiQ regarding the documents sought through this

26  request.  If hiQ can identify discoverable subject matter within the scope of this request that

27  meets Rule 26's proportionality standard, LinkedIn will work with hiQ to define a reasonable

28  and proportionate production of such documents.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to ascertain the relative load hiQ's access to public member profiles on Your website imposes on the data centers and servers that run Your website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

LinkedIn objects to this request to the extent it seeks the production of documents protected by the attorney-client privilege, work-product doctrine, or other applicable protection. LinkedIn objects to producing any documents absent an ESI stipulation, and will produce documents pursuant to such a stipulation once it is reached.  LinkedIn further objects to producing any documents before the Court enters a PO.  Production of documents without a PO will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary information and data.  LinkedIn will produce documents only after the Court enters such an order.  LinkedIn objects to this request because hiQ has not yet produced or provided information sufficient for LinkedIn to identify all of hiQ's access to public member profiles, and thus LinkedIn does not yet have documentation or analyses that show the complete relative load hiQ's access imposes on LinkedIn's systems.  LinkedIn further objects that this analysis is likely to be based, at least in part, on expert opinion and analysis and the time for disclosure of expert opinions is not yet set.  LinkedIn will not produce documents in response to this request as worded, but will meet and confer with hiQ regarding the documents sought through this request in order to determine if there is a subset of documents that (1) presently exist, (2) are within the scope of discovery, including Rule 26's proportionality standard, and (3) not covered by other document requests.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications between You and Microsoft Corp., that refer or relate to business strategies, plans, and/or decisions to prevent, limit, or restrict the ability of hiQ and any third-parties to access or copy information on Your website for commercial purposes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

LinkedIn objects to this request to the extent it seeks the production of documents protected by the attorney-client privilege, work-product doctrine, or other applicable protection.

1  LinkedIn objects to producing any documents absent an ESI stipulation, and will produce

2  documents pursuant to such a stipulation once it is reached.  LinkedIn further objects to

3  producing any documents before the Court enters a PO.  Production of documents without a PO

4  will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary

5  information and data.  LinkedIn will produce documents only after the Court enters such an

6  order.  LinkedIn further objects that the request is vague and ambiguous as to "any third-

7  parties," because it is unclear what third parties hiQ has in might.  Moreover, third parties can

8  broadly include individuals or companies that are blocked from accessing LinkedIn's website

9  for any number reasons including malicious hacking or other similar activities that have no

10  relevance to the claims and defenses in this litigation.  The request is accordingly beyond the

11  scope of permissible discovery.  To the extent an attenuated relevance theory could be

12  articulated, searching for and producing documents and communications related to restrictions

13  on all third parties would be disproportionate to the needs of the case.

14        In light of the foregoing, LinkedIn will produce non-privileged documents, including

15  communications, between LinkedIn and Microsoft referring to preventing, limiting, or

16  restricting the ability of hiQ to access LinkedIn's website for commercial purposes that it can

17  locate through a reasonable search in conformance with the parties' anticipated ESI stipulation.

18  LinkedIn will make its production within a reasonable time after an ESI stipulation is reached

19  between the parties and the Court enters a PO.

20  **REQUEST FOR PRODUCTION NO. 12:**

21        All marketing material for Your data science-based products and services that analyze

22  information on member public profiles on Your website, including for the Recruiter product.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

24        LinkedIn objects to this request to the extent it seeks the production of documents

25  protected by the attorney-client privilege, work-product doctrine, or other applicable protection.

26  LinkedIn objects to producing any documents absent an ESI stipulation, and will produce

27  documents pursuant to such a stipulation once it is reached.  LinkedIn further objects to

28  producing any documents before the Court enters a PO.  Production of documents without a PO

11

will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary

information and data.  LinkedIn will produce documents only after the Court enters such an

order.  LinkedIn further objects to this request because it is vague and ambiguous as to what

constitutes "marketing material."  LinkedIn understands this request to seek production

versions of marketing materials such as ads and promotional websites that are distributed or

made available to third parties.  LinkedIn objects that the request is also vague and ambiguous

because it is unclear what is meant by "data science-based products and services that analyze

information on member public profiles on Your website," which may or may not include any

number of LinkedIn products depending on the definition being used.  On one end of the

spectrum "data science-based products and services" may include each and every aspect of

LinkedIn's website (or any website for that matter) to the extent it includes an organized

presentation of information.  On the other end of the spectrum, the term may refer to discrete

and highly specialized features—and LinkedIn has no way of knowing which products and

services hiQ has in mind.  LinkedIn further objects to this request because it seeks the

production of documents related to products and services that are not relevant to the claims and

defenses in this case and which are thus beyond the scope of permissible discovery.  To the

extent an attenuated relevance theory could be articulated for hiQ's claims, the burden of

searching for and producing tangentially relevant documents is disproportionate to the needs of

the case and the requested documents would still beyond the scope of permissible discovery.

LinkedIn will not produce documents in response to this request, but is available to meet and

confer regarding the relevance of the documents requested herein.  If hiQ can identify

discoverable subject matter within the scope of this request that meets Rule 26's proportionality

standard, LinkedIn will work with hiQ to define a reasonable and proportionate production of

such documents.

**REQUEST FOR PRODUCTION NO. 13:**

 All marketing material for any of Your people analytics, talent analytics, or workforce

analytics products or services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

LinkedIn objects to this request to the extent it seeks the production of documents protected by the attorney-client privilege, work-product doctrine, or other applicable protection. LinkedIn objects to producing any documents absent an ESI stipulation, and will produce documents pursuant to such a stipulation once it is reached.  LinkedIn further objects to producing any documents before the Court enters a PO.  Production of documents without a PO will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary information and data.  LinkedIn will produce documents only after the Court enters such an order.  LinkedIn further objects to this request because it is vague and ambiguous as to what constitutes "marketing material."  LinkedIn understands this request to seek production versions of marketing materials such as ads and promotional websites that are distributed or made available to third parties.  LinkedIn further objects to this request because it seeks the production of documents that are not relevant to the claims and defenses in this case and which are thus beyond the scope of permissible discovery.  To the extent an attenuated relevance theory could be articulated for hiQ's remaining claims, the burden of searching for and producing tangentially relevant documents is disproportionate to the needs of the case and the requested documents would still beyond the scope of permissible discovery.  LinkedIn will not produce documents in response to this request, but is available to meet and confer regarding the relevance of the documents requested herein.  If hiQ can identify discoverable subject matter within the scope of this request that meets Rule 26's proportionality standard, LinkedIn will work with hiQ to define a reasonable and proportionate production of such documents.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to identify any product or service You provide or are developing that analyzes the likelihood that an individual member on Your website will leave his or her current employer for a different employer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

LinkedIn objects to this request to the extent it seeks the production of documents protected by the attorney-client privilege, work-product doctrine, or other applicable protection.

13

1    LinkedIn objects to producing any documents absent an ESI stipulation, and will produce

2    documents pursuant to such a stipulation once it is reached.  LinkedIn further objects to

3    producing any documents before the Court enters a PO.  Production of documents without a PO

4    will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary

5    information and data.  LinkedIn will produce documents only after the Court enters such an

6    order.  LinkedIn further objects to this request because it seeks the production of documents

7    that are not relevant to the claims and defenses in this case and which are thus beyond the scope

8    of permissible discovery.  To the extent an attenuated relevance theory could be articulated for

9    hiQ's remaining claims, the burden of searching for and producing tangentially relevant

10   documents is disproportionate to the needs of the case and the requested documents would still

11   beyond the scope of permissible discovery.  LinkedIn will not produce documents in response

12   to this request, but is available to meet and confer regarding the relevance of the documents

13   requested herein.  If hiQ can identify discoverable subject matter within the scope of this

14   request that meets Rule 26's proportionality standard, LinkedIn will work with hiQ to define a

15   reasonable and proportionate production of such documents.

16   **REQUEST FOR PRODUCTION NO. 15:**

17        Documents sufficient to show Your sales and projections for any product or service You

18   currently provide or are developing that analyzes the likelihood that an individual member on

19   Your website will leave his or her current employer for a different employer.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

21        LinkedIn objects to this request to the extent it seeks the production of documents

22   protected by the attorney-client privilege, work-product doctrine, or other applicable protection.

23   LinkedIn objects to producing any documents absent an ESI stipulation, and will produce

24   documents pursuant to such a stipulation once it is reached.  LinkedIn further objects to

25   producing any documents before the Court enters a PO.  Production of documents without a PO

26   will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary

27   information and data.  LinkedIn will produce documents only after the Court enters such an

28   order.  LinkedIn further objects to this request because it seeks the production of documents

that are not relevant to the claims and defenses in this case and which are thus beyond the scope
of permissible discovery.  To the extent an attenuated relevance theory could be articulated for
hiQ's remaining claims, the burden of searching for and producing tangentially relevant
documents is disproportionate to the needs of the case and the requested documents would still
beyond the scope of permissible discovery.  LinkedIn will not produce documents in response
to this request, but is available to meet and confer regarding the relevance of the documents
requested herein.  If hiQ can identify discoverable subject matter within the scope of this
request that meets Rule 26's proportionality standard, LinkedIn will work with hiQ to define a
reasonable and proportionate production of such documents.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to identify any product or service You currently provide that
analyzes the skills listed on the member public profiles on Your website for specific employers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

LinkedIn objects to this request to the extent it seeks the production of documents
protected by the attorney-client privilege, work-product doctrine, or other applicable protection.
LinkedIn objects to producing any documents absent an ESI stipulation, and will produce
documents pursuant to such a stipulation once it is reached.  LinkedIn further objects to
producing any documents before the Court enters a PO.  Production of documents without a PO
will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary
information and data.  LinkedIn will produce documents only after the Court enters such an
order.  LinkedIn further objects to this request because it seeks the production of documents
that are not relevant to the claims and defenses in this case and which are thus beyond the scope
of permissible discovery.  To the extent an attenuated relevance theory could be articulated for
hiQ's remaining claims, the burden of searching for and producing tangentially relevant
documents is disproportionate to the needs of the case and the requested documents would still
beyond the scope of permissible discovery.  LinkedIn will not produce documents in response
to this request, but is available to meet and confer regarding the relevance of the documents
requested herein.  If hiQ can identify discoverable subject matter within the scope of this

15

1  request that meets Rule 26's proportionality standard, LinkedIn will work with hiQ to define a

2  reasonable and proportionate production of such documents.

3  **REQUEST FOR PRODUCTION NO. 17:**

4       Documents sufficient to show Your sales and projections for any product or service You

5  currently provide or are developing that analyzes the skills listed on the member public profiles

6  on Your website for specific employers.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

8       LinkedIn objects to this request to the extent it seeks the production of documents

9  protected by the attorney-client privilege, work-product doctrine, or other applicable protection.

10  LinkedIn objects to producing any documents absent an ESI stipulation, and will produce

11  documents pursuant to such a stipulation once it is reached.  LinkedIn further objects to

12  producing any documents before the Court enters a PO.  Production of documents without a PO

13  will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary

14  information and data.  LinkedIn will produce documents only after the Court enters such an

15  order.  LinkedIn further objects to this request because it seeks the production of documents

16  that are not relevant to the claims and defenses in this case and which are thus beyond the scope

17  of permissible discovery.  To the extent an attenuated relevance theory could be articulated for

18  hiQ's remaining claims, the burden of searching for and producing tangentially relevant

19  documents is disproportionate to the needs of the case and the requested documents would still

20  beyond the scope of permissible discovery.  LinkedIn will not produce documents in response

21  to this request, but is available to meet and confer regarding the relevance of the documents

22  requested herein.  If hiQ can identify discoverable subject matter within the scope of this

23  request that meets Rule 26's proportionality standard, LinkedIn will work with hiQ to define a

24  reasonable and proportionate production of such documents.

25  **REQUEST FOR PRODUCTION NO. 18:**

26       Documents sufficient to show the features and functionality of the products and services

27  identified in the documents produced in response to Requests for Production 12 through 17

28  above.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

2          LinkedIn objects to this request to the extent it seeks the production of documents

3    protected by the attorney-client privilege, work-product doctrine, or other applicable protection.

4    LinkedIn objects to producing any documents absent an ESI stipulation, and will produce

5    documents pursuant to such a stipulation once it is reached.  LinkedIn further objects to

6    producing any documents before the Court enters a PO.  Production of documents without a PO

7    will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary

8    information and data.  LinkedIn will produce documents only after the Court enters such an

9    order.  LinkedIn further objects to this request because it seeks the production of documents

10   that are not relevant to the claims and defenses in this case and which are thus beyond the scope

11   of permissible discovery.  To the extent an attenuated relevance theory could be articulated for

12   hiQ's remaining claims, the burden of searching for and producing tangentially relevant

13   documents is disproportionate to the needs of the case and the requested documents would still

14   beyond the scope of permissible discovery.  LinkedIn will not produce documents in response

15   to this request, but is available to meet and confer regarding the relevance of the documents

16   requested herein.  If hiQ can identify discoverable subject matter within the scope of this

17   request that meets Rule 26's proportionality standard, LinkedIn will work with hiQ to define a

18   reasonable and proportionate production of such documents.

19   **REQUEST FOR PRODUCTION NO. 19:**

20         All Documents and Communications that refer or relate to a business decision by You to

21   begin offering products and services based on information on member profiles on Your website.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

23         LinkedIn objects to this request to the extent it seeks the production of documents

24   protected by the attorney-client privilege, work-product doctrine, or other applicable protection.

25   LinkedIn objects to producing any documents absent an ESI stipulation, and will produce

26   documents pursuant to such a stipulation once it is reached.  LinkedIn further objects to

27   producing any documents before the Court enters a PO.  Production of documents without a PO

28   will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary

LINKEDIN CORPORATION'S RESPONSES
TO FIRST SET OF RFPs
17-cv-03301-EMC

information and data.  LinkedIn will produce documents only after the Court enters such an

order.  LinkedIn further objects to this request because it seeks the production of documents

that are not relevant to the claims and defenses in this case and which are thus beyond the scope

of permissible discovery.  To the extent an attenuated relevance theory could be articulated for

hiQ's remaining claims, the burden of searching for and producing tangentially relevant

documents is disproportionate to the needs of the case and the requested documents would still

beyond the scope of permissible discovery.  LinkedIn will not produce documents in response

to this request, but is available to meet and confer regarding the relevance of the documents

requested herein.  If hiQ can identify discoverable subject matter within the scope of this

request that meets Rule 26's proportionality standard, LinkedIn will work with hiQ to define a

reasonable and proportionate production of such documents.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications that refer or relate to any harm You allege was

caused to You by hiQ's access of Your website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

LinkedIn objects to this request to the extent it seeks the production of documents

protected by the attorney-client privilege, work-product doctrine, or other applicable protection.

LinkedIn objects to producing any documents absent an ESI stipulation, and will produce

documents pursuant to such a stipulation once it is reached.  LinkedIn further objects to

producing any documents before the Court enters a PO.  Production of documents without a PO

will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary

information and data.  LinkedIn will produce documents only after the Court enters such an

order.  LinkedIn further objects to this request to the extent it requests production of materials

containing expert opinion or expected testimony prior to disclosure deadline.  LinkedIn will

produce such information at the time set by the Court.

In light of the foregoing, LinkedIn will produce non-privileged documents that refer or

relate to harm LinkedIn alleges was caused to it by hiQ that it can locate through a reasonable

search in conformance with the parties' anticipated ESI stipulation.  LinkedIn will make its

1  production within a reasonable time after an ESI stipulation is reached between the parties and

2  the Court enters a PO.

3  **REQUEST FOR PRODUCTION NO. 21:**

4        All Documents and Communications that refer or relate to Your policies and practices

5  regarding third-party programmatic access of Your website, including the reasons why some third

6  parties are permitted to programmatically access profile information while others are not.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

8        LinkedIn objects to this request to the extent it seeks the production of documents

9  protected by the attorney-client privilege, work-product doctrine, or other applicable protection.

10  LinkedIn objects to producing any documents absent an ESI stipulation, and will produce

11  documents pursuant to such a stipulation once it is reached.  LinkedIn further objects to

12  producing any documents before the Court enters a PO.  Production of documents without a PO

13  will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary

14  information and data.  LinkedIn will produce documents only after the Court enters such an

15  order.  LinkedIn objects because the term "programmatic" is undefined and could mean any

16  number of means of accessing profile information including using LinkedIn's built-in search

17  function or methodically, but manually, accessing profile information.  Given the nature of the

18  allegations at issue in this litigation, LinkedIn understands "programmatic access" to refer to

19  automated scraping of LinkedIn's website using a computer program.

20        In light of the foregoing, LinkedIn will produce non-privileged documents that refer to

21  its policies and practices regarding third-party automated scraping of its website, including the

22  reasons for such policies, that it can locate through a reasonable search in conformance with the

23  parties' anticipated ESI stipulation.  LinkedIn will make its production within a reasonable time

24  after an ESI stipulation is reached between the parties and the Court enters a PO.

25  **REQUEST FOR PRODUCTION NO. 22:**

26        All Documents and Communications that refer or relate to your decision to send the cease

27  and desist letter dated May 23, 2017 to hiQ.

28

LINKEDIN CORPORATION'S RESPONSES
TO FIRST SET OF RFPs
17-cv-03301-EMC

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

LinkedIn objects to this request to the extent it seeks the production of documents protected by the attorney-client privilege, work-product doctrine, or other applicable protection. LinkedIn objects to producing any documents absent an ESI stipulation, and will produce documents pursuant to such a stipulation once it is reached. LinkedIn further objects to producing any documents before the Court enters a PO. Production of documents without a PO will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary information and data. LinkedIn will produce documents only after the Court enters such an order.

In light of the foregoing, LinkedIn will produce non-privileged documents that refer to hiQ, including all communications with hiQ, that it can locate through a reasonable search in conformance with the parties' anticipated ESI stipulation. LinkedIn will make its production within a reasonable time after an ESI stipulation is reached between the parties and the Court enters a PO.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications that refer or relate to Your policies and practices for sending cease and desist letters revoking access to third parties who access profile information on Your site in a non-manual manner such as through the use of computer software or automated technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

LinkedIn objects to this request to the extent it seeks the production of documents protected by the attorney-client privilege, work-product doctrine, or other applicable protection. LinkedIn objects to producing any documents absent an ESI stipulation, and will produce documents pursuant to such a stipulation once it is reached. LinkedIn further objects to producing any documents before the Court enters a PO. Production of documents without a PO will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary information and data. LinkedIn will produce documents only after the Court enters such an order. LinkedIn further objects that this request is beyond the scope of permissible discovery

because it seeks the production of documents irrelevant to the parties' claims and defenses. Whether and under what circumstances LinkedIn enforces applicable terms of service, including its user agreement, with respect to third-party access to its website has no bearing on the parties' claims and defenses—particularly since hiQ does not have any viable anti-trust claim or theory of liability.  Moreover, it is well established that there is no obligation to take on all violations of a property right at once, and the owner is free to enforce its rights when and if it chooses.  *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 682 (2014) (holding that "it is hardly incumbent" on owners to "challenge each and every actionable infringement" of their rights); *see also Lockheed Martin Corp. v. Network Solutions, Inc.*, No. CV 96–7438 DDP ANX, 1997 WL 381967, at *3 (C.D. Cal. Mar. 19, 1997).  Whether and how LinkedIn enforces its rights as to third party access to its website has no bearing on the present dispute. To the extent hiQ could identify an attenuated theory of relevance, the burden associated with searching for and producing documents responsive to this request would be disproportionate to the needs of the case, and the request would be beyond the scope of permissible discovery for this reason as well.  This request is also overbroad and beyond the scope of permissible discovery because it is not restricted to the type of access hiQ says it engaged in—scraping of information from public profile information.  The request also seeks information about unrelated situations such as circumventing LinkedIn's login restrictions, hacking, or other means to access information that are irrelevant in this case.  Accordingly, LinkedIn will not produce documents responsive to this request but is willing to meet and confer with hiQ regarding this request.  If hiQ can identify discoverable subject matter within the scope of this request that meets Rule 26's proportionality standard, LinkedIn will work with hiQ to define a reasonable and proportionate production of such documents.

## **REQUEST FOR PRODUCTION NO. 24:**

All cease and desist letters that You have sent to third parties purporting to revoke access for automatically accessing profile information on Your website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

LinkedIn objects to producing any documents absent an ESI stipulation, and will produce documents pursuant to such a stipulation once it is reached.  LinkedIn further objects to producing any documents before the Court enters a PO.  Production of documents without a PO will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary information and data.  LinkedIn will produce documents only after the Court enters such an order.  LinkedIn further objects that this request is beyond the scope of permissible discovery because it seeks the production of documents irrelevant to the parties' claims and defenses.  Whether and under what circumstances LinkedIn enforces applicable terms of service, including its user agreement, with respect to third-party access to its website has no bearing on the parties' claims and defenses—particularly since hiQ does not have any viable anti-trust claim or theory of liability.  Moreover, it is well established that there is no obligation to take on all violations of a property right at once, and the owner is free to enforce its rights when and if it chooses.  *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 682 (2014) (holding that "it is hardly incumbent" on owners to "challenge each and every actionable infringement" of their rights); *see also Lockheed Martin Corp. v. Network Solutions, Inc.*, No. CV 96–7438 DDP ANX, 1997 WL 381967, at *3 (C.D. Cal. Mar. 19, 1997).  Whether and how LinkedIn enforces its rights as to third party access to its website has no bearing on the present dispute.  To the extent hiQ could identify an attenuated theory of relevance, the burden associated with searching for and producing documents responsive to this request would be disproportionate to the needs of the case, and the request would be beyond the scope of permissible discovery for this reason as well.  This request is also overbroad and beyond the scope of permissible discovery because it is not restricted to the type of access hiQ says it engaged in—scraping of information from public profile information.  The request also seeks information about unrelated situations such as circumventing LinkedIn's login restrictions, hacking, or other means to access information that are irrelevant in this case.  Accordingly, LinkedIn will not produce documents responsive to this request but is willing to meet and confer with hiQ regarding this request.  If hiQ can identify discoverable subject matter within the scope of this

LINKEDIN CORPORATION'S RESPONSES
TO FIRST SET OF RFPs
17-cv-03301-EMC

1    request that meets Rule 26's proportionality standard, LinkedIn will work with hiQ to define a

2    reasonable and proportionate production of such documents.

3    **REQUEST FOR PRODUCTION NO. 25:**

4         Documents sufficient to identify the White List.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

6         LinkedIn objects to producing any documents absent an ESI stipulation, and will

7    produce documents pursuant to such a stipulation once it is reached.  LinkedIn further objects

8    to producing any documents before the Court enters a PO.  Production of documents without a

9    PO will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary

10   information and data.  LinkedIn will produce documents only after the Court enters such an

11   order.  LinkedIn further objects to this request because the set of service providers, search

12   engines, and other platforms that requested and were granted permission to index its website is

13   confidential and highly sensitive information with no relevance to the claims and defenses

14   asserted in this lawsuit, and is accordingly beyond the scope of permissible discovery.

15   LinkedIn is free to allow access to its property, including its website, as it sees fit and whether

16   it does so for any third party cannot support hiQ's claims or support hiQ's defenses.  Nor does

17   LinkedIn's decision to permit access to certain third parties under unrelated circumstances bear

18   on LinkedIn's claims against hiQ where it is undisputed that LinkedIn at least revoked hiQ's

19   permission to access its website.  Further it is burdensome to produce the sensitive confidential

20   information requested and given the lack of relevance the burden is disproportionate to the

21   needs of the case.   Accordingly, LinkedIn will not produce documents responsive to this

22   request but is willing to meet and confer with hiQ regarding this request.  If hiQ can identify

23   discoverable subject matter within the scope of this request that meets Rule 26's proportionality

24   standard, LinkedIn will work with hiQ to define a reasonable and proportionate production of

25   such documents.

26

27

28

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications that refer or relate to criteria for membership on the White List, including any contracts or agreements with persons or entities listed on the White List.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

LinkedIn objects to producing any documents absent an ESI stipulation, and will produce documents pursuant to such a stipulation once it is reached. LinkedIn further objects to producing any documents before the Court enters a PO. Production of documents without a PO will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary information and data. LinkedIn will produce documents only after the Court enters such an order. LinkedIn further objects to this request because the set of service providers, search engines, and other platforms it permits to query and index its website is confidential and highly sensitive information with no relevance to the claims and defenses asserted in this lawsuit, and is accordingly beyond the scope of permissible discovery. LinkedIn is free to allow access to its property, including its website, as it sees fit and whether it does so for any third party cannot support hiQ's claims or support hiQ's defenses. Nor does LinkedIn's decision to permit access to certain third parties under unrelated circumstances bear on LinkedIn's claims against hiQ where it is undisputed that LinkedIn at least revoked hiQ's permission to access its website. The criteria used by LinkedIn to make such determinations is irrelevant for the same reasons. Further it is burdensome to produce the sensitive confidential information requested and given the lack of relevance the burden is disproportionate to the needs of the case.  Accordingly, LinkedIn will not produce documents responsive to this request but is willing to meet and confer with hiQ regarding this request. If hiQ can identify discoverable subject matter within the scope of this request that meets Rule 26's proportionality standard, LinkedIn will work with hiQ to define a reasonable and proportionate production of such documents.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents that support LinkedIn's allegation that hiQ has bypassed technical measures that regulate access to Your website.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

2  LinkedIn objects to this request to the extent it seeks the production of documents

3  protected by the attorney-client privilege, work-product doctrine, or other applicable protection.

4  LinkedIn objects to producing any documents absent an ESI stipulation, and will produce

5  documents pursuant to such a stipulation once it is reached.  LinkedIn further objects to

6  producing any documents before the Court enters a PO.  Production of documents without a PO

7  will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary

8  information and data.  LinkedIn will produce documents only after the Court enters such an

9  order.

10  In light of the foregoing, LinkedIn will produce non-privileged documents that support

11  LinkedIn's allegations that hiQ bypassed technical measures that regulate access to its website

12  that it can locate through a reasonable search in conformance with the parties' anticipated ESI

13  stipulation.  LinkedIn will make its production within a reasonable time after an ESI stipulation

14  is reached between the parties and the Court enters a PO.

15  **REQUEST FOR PRODUCTION NO. 28:**

16  All Documents and Communications that refer or relate to the ability of users of the

17  Recruiter product to view profile information that has been marked private by users of Your

18  website.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

20  LinkedIn objects that this request is vague and ambiguous with respect to the phrase

21  "marked private" given the parties' dispute over LinkedIn user's privacy rights and given that

22  no such setting exists in LinkedIn's user interface.  LinkedIn objects to this request to the

23  extent it seeks the production of documents protected by the attorney-client privilege, work-

24  product doctrine, or other applicable protection.  LinkedIn objects to producing any documents

25  absent an ESI stipulation, and will produce documents pursuant to such a stipulation once it is

26  reached.  LinkedIn further objects to producing any documents before the Court enters a PO.

27  Production of documents without a PO will prejudice LinkedIn and risk disclosure of sensitive,

28  non-public, and proprietary information and data.  LinkedIn will produce documents only after

1   the Court enters such an order.  LinkedIn objects to this request as overbroad and unduly

2   burdensome since the request includes a broad scope of documents and communications

3   including sales emails and inquiries and similar communications that will be difficult and

4   expensive to find and produce, the costs of which are disproportionate to the needs of the case.

5          In light of the foregoing, LinkedIn will produce non-privileged documents sufficient to

6   show the functionality of Recruiter that it can locate through a reasonable search in

7   conformance with the parties' anticipated ESI stipulation.  LinkedIn will make its production

8   within a reasonable time after an ESI stipulation is reached between the parties and the Court

9   enters a PO.

10   **REQUEST FOR PRODUCTION NO. 29:**

11          Documents sufficient to describe the functionality in the Recruiter product allowing users

12   of that product to receive notifications when members of Your website update their profiles,

13   including, but not limited to Documents showing whether users of that product receive such

14   notifications for members who have enabled the "Do Not Broadcast" feature on Your website.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

16          LinkedIn objects to this request to the extent it seeks the production of documents

17   protected by the attorney-client privilege, work-product doctrine, or other applicable protection.

18   LinkedIn objects to producing any documents absent an ESI stipulation, and will produce

19   documents pursuant to such a stipulation once it is reached.  LinkedIn further objects to

20   producing any documents before the Court enters a PO.  Production of documents without a PO

21   will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary

22   information and data.  LinkedIn will produce documents only after the Court enters such an

23   order.

24          In light of the foregoing, LinkedIn will produce non-privileged documents sufficient to

25   show sufficient to describe the functionality in the Recruiter product allowing users of that

26   product to receive notifications when members of its website update their profiles, to the extent

27   such a feature exists, that it can locate through a reasonable search in conformance with the

28

LINKEDIN CORPORATION'S RESPONSES
TO FIRST SET OF RFPs
17-cv-03301-EMC

parties' anticipated ESI stipulation.  LinkedIn will make its production within a reasonable time after an ESI stipulation is reached between the parties and the Court enters a PO.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents relating to Your contention that You have spent over $5,000 in employee time responding to hiQ's alleged activities on Your website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

LinkedIn objects to this request to the extent it seeks the production of documents protected by the attorney-client privilege, work-product doctrine, or other applicable protection. LinkedIn objects to producing any documents absent an ESI stipulation, and will produce documents pursuant to such a stipulation once it is reached.  LinkedIn further objects to producing any documents before the Court enters a PO.  Production of documents without a PO will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary information and data.  LinkedIn will produce documents only after the Court enters such an order.

In light of the foregoing, LinkedIn will produce non-privileged documents related to its claim that it has suffered over $5,000 in harm arising from hiQ's activities on LinkedIn's website that it can locate through a reasonable search in conformance with the parties' anticipated ESI stipulation.  LinkedIn will make its production within a reasonable time after an ESI stipulation is reached between the parties and the Court enters a PO.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications with anyone to whom You have sent a cease and desist letter related to the access and/or use of public user data on LinkedIn's website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

LinkedIn objects to producing any documents absent an ESI stipulation, and will produce documents pursuant to such a stipulation once it is reached.  LinkedIn further objects to producing any documents before the Court enters a PO.  Production of documents without a PO will prejudice LinkedIn and risk disclosure of sensitive, non-public, and proprietary information and data.  LinkedIn will produce documents only after the Court enters such an

LINKEDIN CORPORATION'S RESPONSES
TO FIRST SET OF RFPs
17-cv-03301-EMC

order.  LinkedIn further objects that this request is beyond the scope of permissible discovery because it seeks the production of documents irrelevant to the parties' claims and defenses. Whether and under what circumstances LinkedIn enforces applicable terms of service, including its user agreement, with respect to third-party access to its website and related communications has no bearing on the parties' claims and defenses—particularly since hiQ does not have any viable anti-trust claim or theory of liability.  Moreover, it is well established that there is no obligation to take on all violations of a property right at once, and the owner is free to enforce its rights when and if it chooses.  *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 682 (2014) (holding that "it is hardly incumbent" on owners to "challenge each and every actionable infringement" of their rights); *see also Lockheed Martin Corp. v. Network Solutions, Inc.*, No. CV 96–7438 DDP ANX, 1997 WL 381967, at *3 (C.D. Cal. Mar. 19, 1997).  Whether and how LinkedIn enforces its rights as to third party access to its website has no bearing on the present dispute.  To the extent hiQ could identify an attenuated theory of relevance, the burden associated with searching for and producing documents responsive to this request would be disproportionate to the needs of the case, and the request would be beyond the scope of permissible discovery for this reason as well.  Accordingly, LinkedIn will not produce documents responsive to this request but is willing to meet and confer with hiQ regarding this request.  If hiQ can identify discoverable subject matter within the scope of this request that meets Rule 26's proportionality standard, LinkedIn will work with hiQ to define a reasonable and proportionate production of such documents.

Dated:  July 26, 2021

Orrick, Herrington & Sutcliffe LLP

By:  _____ *Robert L. Uriarte* _____
ROBERT L. URIARTE

LINKEDIN CORPORATION'S RESPONSES
TO FIRST SET OF RFPs
17-cv-03301-EMC

## **CERTIFICATE OF SERVICE**

This is to certify that on July 26, 2021, the foregoing document was served on the

following counsel via email:


Corey Worcester (*pro hac vice*)
coreyworcester@quinnemanuel.com
Renita Sharma (*pro hac vice*)
renitasharma@quinnemanuel.com
Hope Skibitsky (*pro hac vice*)
hopeskibitsky@quinnemanuel.com
QUINN EMANUEL URQUHART AND SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

Terry L. Wit (SBN 233473)
terrywit@quinnemanuel.com
QUINN EMANUEL URQUHART AND SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600


*/s/ Nathan Shaffer*

Nathan Shaffer

LINKEDIN CORPORATION'S RESPONSES
TO FIRST SET OF RFPs
17-cv-03301-EMC