1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIQ LABS, INC., | Case No. 17-cv-03301-EMC |
| Plaintiff, | |
| v. | **ORDER DEFERRING RULING ON DEFENDANT'S MOTION TO DISSOLVE PRELIMINARY INJUNCTION** |
| LINKEDIN CORPORATION, | |
| Defendant. | Docket No. 217 |

On August 14, 2017, the Court issued a preliminary injunction enjoining LinkedIn from blocking hiQ's access to public profiles on LinkedIn's website. *See* Docket No. 63 (order). LinkedIn appealed that order. *See* Docket No. 72 (notice of appeal). A Ninth Circuit panel affirmed in September 2019. *See* Docket No. 114 (order). LinkedIn then petitioned the Supreme Court for review. In June 2021, the Supreme Court granted the petition, vacated the judgment, and remanded to the Ninth Circuit for further consideration in light of a recent Supreme Court opinion. *See* Docket No. 201 (order). The Ninth Circuit thereafter ordered further briefing. *See* Docket No. 202 (order). A hearing before the appeals court is scheduled for October 18, 2021. Now pending before the Court is LinkedIn's motion to dissolve the preliminary injunction. Recognizing that this Court lacks jurisdiction over the motion because of the pending proceedings before the Ninth Circuit, LinkedIn has asked the Court for an indicative ruling on the motion pursuant to Federal Rule of Civil Procedure 62.1.

Rule 62.1 provides that, if a party files a "timely motion" which the court cannot grant because of a pending appeal, the court has three options: (1) it may defer the motion; (2) it may deny the motion; or (3) it may state that "it would grant the motion if the court of appeals remands

1   for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1.

2   According to LinkedIn, the Court should issue an order stating that it would grant the

3   motion to dissolve or that the motion raises a substantial issue. LinkedIn contends that there is, at

4   the very least, a substantial issue of whether the preliminary injunction should continue because

5   hiQ is now "out of business" and therefore hiQ can no longer claim that it would suffer an

6   irreparable injury in the absence of preliminary injunctive relief. LinkedIn also argues that there is

7   new evidence of harm to LinkedIn arising from the preliminary injunction – *e.g.*, other third-party

8   scrapers have become "emboldened" by the preliminary injunction and "publicly use [the] order as

9   justification for their ongoing conduct." Reply at 7. hiQ contends it still faces irreparable injury

10  absent the preliminary injunction. *See* Weidick Decl. ¶ 9 (testifying that, even though hiQ is

11  largely out of business, it has been approached "several times by prospective business partners

12  interested in a commercial relationship," and, "[g]enerally, these prospective business partners are

13  interested in a business relationship that would require hiQ to leverage its technology that allows

14  for automated access of public profiles on LinkedIn's website").

15  The parties dispute whether LinkedIn's motion is timely filed. Nevertheless, even

16  assuming that it is timely, the Court finds that deferral of the motion makes the most sense under

17  the circumstances. The CFAA issue has been fully briefed before the Ninth Circuit, following the

18  Supreme Court's remand. Oral argument before the appellate court is set for October 18, 2021,

19  which is several days before the noticed hearing on the motion before this Court. Given these

20  circumstances, it makes little sense for this Court to act on the motion. The Ninth Circuit's

21  decision will likely have a substantial impact upon the preliminary injunction. And an action by

22  this Court on LinkedIn's motion could delay or complicate the Ninth Circuit proceedings.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

United States District Court
Northern District of California

2

1    Accordingly, LinkedIn's motion to dissolve the preliminary injunction is hereby

2    **DEFERRED**.  The hearing on the motion is **VACATED** pending the Ninth Circuit's ruling.

3

4    **IT IS SO ORDERED**.

5

6    Dated: October 5, 2021

7

8    _____
     EDWARD M. CHEN
9    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California