COREY WORCESTER (*pro hac vice*)
coreyworcester@quinnemanuel.com
RENITA SHARMA (*pro hac vice*)
renitasharma@quinnemanuel.com
HOPE SKIBITSKY (*pro hac vice*)
hopeskibitsky@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000
Facsimile:   (212) 849-7100

TERRY L. WIT (SBN 233473)
terrywit@quinnemanuel.com
QUINN EMANUEL URQUHART
AND SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:  (415) 875-6331
Facsimile:   (415) 875-6700

*Attorneys for Plaintiff hiQ Labs, Inc.*

ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
RUSSELL P. COHEN (SBN 213105)
rcohen@orrick.com
NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
DANIEL JUSTICE (SBN 291907)
djustice@orrick.com
MARIA N. SOKOVA (SBN 323627)
msokova@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:   +1 415 773 5700
Facsimile:    +1 415 773 5759

*Attorneys for Defendant LinkedIn Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| hiQ Labs, Inc.,<br><br>       Plaintiff,<br><br>  vs.<br><br>LinkedIn Corporation,<br><br>       Defendant. | Case No. 17-cv-03301-EMC<br><br>**STIPULATED ORDER GOVERNING THE DISCLOSURE AND NON-DISCLOSURE OF CERTAIN INFORMATION REGARDING EXPERTS AND CONSULTANTS**<br><br>Complaint Filed:  June 7, 2017<br>Trial Date:           February 27, 2023 |
| LinkedIn Corporation<br><br>       Counterclaimant,<br>  vs.<br><br>hiQ Labs, Inc.<br><br>       Counterdefendants, | |

Upon the agreement of the Parties regarding the scope of discovery and testimony relating to all experts (testifying and non-testifying) and consultants, the Court enters this Order. Undefined terms shall have the same meaning as in the Protective Order entered in this action. In the event of a conflict with any provision of the Protective Order, the provisions of this Order will control.

1. Any expert or consultant, including but not limited to trial consultants, graphic or audiovisual consultants, industry experts, and economic experts, shall be provided with a copy of the Protective Order and this Order and shall execute a copy of the Acknowledgment and Agreement to Be Bound  (Exhibit A to the Protective Order) confirming the expert's or consultant's agreement to be bound by the terms of the Protective Order.  Counsel for the Party or Parties retaining such expert or consultant shall retain the original Acknowledgment and Agreement to Be Bound.

2. No subpoena need or shall be served on an individual based on his or her role as a testifying expert.  Instead, the Party retaining such testifying expert shall make information available in accordance with Federal Rule of Civil Procedure 26(a)(2) and this Order and  shall make a testifying expert available for deposition at a time mutually agreed to by the Parties  or ordered by the Court.

3. Within twenty-four (24) hours of the submission of an expert report, declaration, or  affidavit, the Party submitting such report, declaration, or affidavit shall produce the data, documents, and other information relied upon by the expert witness as a basis for the expert witness's opinions. "[D]ata, documents and other information relied upon" shall include, but are not limited to, all data, spreadsheets (including formulas embedded in spreadsheet cells), statistical analyses, regression analyses, input and output files, computer scripts, and other sources,  reports, schedules, literature, or website content relied upon by the expert as a basis for his or her opinion.  Each party's production must be sufficient to enable the opposing Party and experts to reconstruct and verify the  expert's work, calculations, and analyses, and shall include any instructions and guides necessary to assist in that effort.  The producing Party also shall answer reasonable technical inquiries about data or computer scripts.  Bates-numbered documents

previously produced by a Party and documents that are publicly available need not be produced, but a list of any such documents (and, for publicly available documents, information identifying the source) shall be included in, or as an attachment to, the report.

    4.    Except to the extent relied on by the expert as a basis for his or her opinions, the Parties agree that the following categories of information, whether in documents, communications, or other forms, are not discoverable and need not be disclosed by any Party, and an expert may not be examined at deposition, hearing, or trial on the contents of the categories of information in these categories:

    a.    the content of communications among and between (i) counsel, including any legal assistant, secretary, clerical help, or other person working under the direction of counsel, on the one hand, and a testifying expert, the testifying expert's staff, assistants, or clerical help, or supporting firms, on the other hand; (ii) counsel, including any legal assistant, secretary, clerical help, or other person working under the direction of counsel, on the one hand, and a non-testifying expert or consultant, the non-testifying expert's or consultant's staff, assistants, or clerical help, or supporting firms, on the other hand; (iii) the testifying expert and his or her staff, assistants, or clerical help, or supporting firms; (iv) the testifying expert, on the one hand, and other testifying experts or non-testifying experts or consultants, their staff, assistants, or clerical help, or supporting firms, on the other hand; (v) non-testifying experts or consultants and their staff, assistants, or clerical help, or supporting firms; (vi) non-testifying experts or consultants, on the one hand, and testifying experts or non-testifying experts or consultants, their staff, assistants, or clerical help, or supporting firms, on the other hand; or (vii) the staffs, assistants, or clerical help of a testifying or non-testifying expert or consultant and the staffs, assistants, or clerical help of other testifying or non-testifying experts or consultants;

    b.    any notes, drafts, written communications, or other records prepared by or for a testifying or non-testifying expert or consultant or their staff, assistants, or clerical help in connection with this matter (aside from any written expert reports and notes generated while testifying), including (i) preliminary work created by or for testifying or non-testifying experts or consultants and (ii) copies of materials produced by any Party bearing the notes, markings, or

comments of a testifying or non-testifying expert consultant, or their staff, assistants, or clerical help, or attorneys for the Party or Parties;

      c.    any drafts of reports, declarations, affidavits, or other expert materials, including, without limitation, draft studies, analyses, opinions, or written expert testimony in or for this litigation; draft work papers prepared in connection with this litigation; preliminary or intermediate calculations, computations, modeling, or data runs prepared in connection with this litigation; or other draft materials prepared by, for, or at the direction of a testifying expert witness or a non-testifying expert or consultant, regardless of the form in which the draft is recorded;

      d.    any comments, whether oral or written, related to a report, declaration, or affidavit or draft report, declaration, or affidavit of a testifying expert prepared in connection with this litigation by (i) counsel for a Party retaining the testifying expert; (ii) counsel working with counsel for a Party retaining the testifying expert; (iii) any testifying expert's staff, assistants, or clerical help, or supporting firms; (iv) a non-testifying expert or consultant; (v) a non-testifying expert's or consultant's staff, assistants, or clerical help, or supporting firms; (vi) any other testifying expert; or (vii) any other testifying expert's staff, assistants, or clerical help, or supporting firms; and

      e.    any information concerning fees paid or to be paid to non-testifying consultants, negotiations over any expert's or consultant's fees, and invoices submitted by experts or consultants.  For the avoidance of doubt, a testifying expert's (i) hourly rate, (ii) total hours personally billed, and (iii) any other consideration or compensation received or to be received by the expert, are discoverable.

5.    Except as provided under Federal Rule of Civil Procedure 26(b)(4)(D), no Party may, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained by another Party in anticipation of this litigation or to prepare for trial in this matter and who is not expected to be called as a witness at trial, without the express written consent and authorization of the Party employing such expert.

6.    Nothing in this Order shall limit or waive any Party's rights to object for any reason

to the admission of any opposing Party's expert testimony into evidence or to the qualification of any person to serve as an expert witness.

It is so **ORDERED**.

Dated: December 8, 2021                    Orrick, Herrington & Sutcliffe LLP

By: _____*/s/ Russell P. Cohen*_____
RUSSELL P. COHEN
Attorney for Defendant
LinkedIn Corporation

Dated: December 8, 2021                    Quinn Emanuel Urquhart & Sullivan LLP

By: _____*/s/ Hope Skibitsky*_____
HOPE SKIBITSKY
Attorney for Plaintiff
hiQ Labs, Inc.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____, 2021          _____
EDWARD M. CHEN
United States District Judge

L.R. 5-1 SIGNATURE ATTESTATION

As the ECF user whose user ID and password are utilized in the filing of this document, I attest that concurrence in the filing of the document has been obtained from each of the other signatories.

*/s/ Russell P. Cohen*
Russell P. Cohen