ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
RUSSELL P. COHEN (SBN 213105)
rcohen@orrick.com
NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
DANIEL JUSTICE (SBN 291907)
djustice@orrick.com
MARIA N. SOKOVA (SBN 323627)
msokova@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

*Attorneys for Defendant LinkedIn Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| hiQ Labs, Inc.,<br><br>        Plaintiff,<br><br>    vs.<br><br>LinkedIn Corporation,<br><br>        Defendant. | Case No. 17-cv-03301-EMC<br><br>**DECLARATION OF ANNETTE L. HURST IN SUPPORT OF STIPULATION AND [PROPOSED] ORDER AMENDING CASE SCHEDULE AND PROVIDING FOR CERTAIN DEPOSITION PROCEDURES**<br><br>Complaint Filed:   June 7, 2017<br>Trial Date:           February 27, 2023 |
| LinkedIn Corporation<br><br>        Counterclaimant,<br>    vs.<br><br>hiQ Labs, Inc.<br><br>        Counterdefendant. | |

I, Annette L. Hurst, declare as follows:

1.      I am a partner in the law firm of Orrick, Herrington & Sutcliffe LLP, counsel of record for LinkedIn Corporation in this action. I am a member of the California State Bar and am admitted to practice before this Court. I submit this declaration pursuant to Local Rule 6.2 in support of an accompanying stipulation to change time. Everything stated herein is based upon my personal knowledge or my supervision of other attorneys in this matter, and if called upon to testify I could and would testify as set forth herein.

2.      This action was largely stayed until ten days after the Supreme Court issued its order on LinkedIn's cert. petition regarding the appeal from the preliminary injunction. *See* ECF 185. The Supreme Court issued a GVR order on June 14, 2021. ECF 201. LinkedIn and hiQ both served their initial rounds of written discovery at the first opportunity afterward.

3.      The parties then negotiated regarding the case schedule and presented a proposal to the Court in connection with a case management conference. The ensuing scheduling order setting dates for the close of discovery, the filing of dispositive motions, and trial was entered on August 10, 2021. ECF 211. The parties negotiated a stipulated protective order based on the Northern District's form and filed that stipulation on August 23, 2021, and it was entered by the Court on the same day. ECF 213. The parties then pursued several months of negotiations before reaching an ESI agreement in November 2021. That ESI agreement involved more than 20 custodians and numerous search terms for each side. Each party has produced documents pursuant to the ESI agreement and is continuing to do so. The parties have also served Rule 30(b)(6) deposition notices, with each side propounding more than 40 topics. The parties negotiated a stipulation about how to count the hours spent testifying by Rule 30(b)(6) witnesses, since Rule 30 does not otherwise specify how to count time towards the 10-deposition limit when multiple witnesses are likely to testify on multiple topics. That agreement is set forth in the accompanying stipulation and proposed order.

4.      Despite this substantial level of ongoing litigation activity, there have been meaningful challenges involving the volume of ESI production. Some examples include the review and production of large quantities of material from both sides' Slack messaging

implementation, from CRM databases, and from other noncustodial sources. The parties are still working on privilege logs. We have a great deal of work remaining to complete fact discovery and to conduct expert preparation and discovery. The parties estimate the need to take the full number of depositions permitted by Rule 30, if not more, and doing so will be highly impracticable, inefficient, and unduly burdensome and expensive to both sides on the existing schedule in light of the remaining time needed for document production. It would be much more efficient and effective in preparation of the case for summary judgment and trial if the parties were first able to complete document production and then commence depositions. On the current schedule, there is not enough time to sequence discovery in an orderly fashion, and completing the contemplated depositions, even without the benefit of document production, will be extremely difficult.

5. The parties have reviewed the existing case schedule and believe that these concerns can be alleviated with some modest changes that will not interfere with the Court's trial calendar and will continue to meet the requirements of the Court's standing orders regarding case preparation. That proposed adjustment to the schedule is reflected below and is set forth in the accompanying stipulation. The parties carefully negotiated this modified schedule, taking into account the trial calendars of counsel and the preexisting commitments of client representatives and retained expert witnesses.

| ACTION | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Written Discovery Cut-Off (Including Document Production) | March 31, 2022 | (no change) |
| Fact Deposition Discovery Cutoff | | May 20, 2022 |
| Motion to Compel – Fact Discovery | April 7, 2022 | May 25, 2022 |
| Opening Expert Reports (A party with the burden of proof on any matter must serve its report on that issue on the opening report date.) | April 14, 2022 | June 3, 2022 |
| Meet and Confer to discuss matters pertinent to improving the prospects that settlement negotiations will be productive | April 29, 2022 | Based on new settlement conference date to be determined by Judge Ryu |

| ACTION | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Last court day to submit exchanged settlement conference statement and confidential settlement letter | May 3, 2022 | Based on new settlement conference date tbd by Judge Ryu |
| Responsive Expert Reports | May 5, 2022 | June 24, 2022 |
| Settlement Conference | May 13, 2022 | TBD based on Judge Ryu availability in June/July 2022 |
| Expert Discovery Cut-Off | May 26, 2022 | July 20, 2022 |
| Motion to Compel – Expert Discovery | June 2, 2022 | July 27, 2022 |
| Dispositive and Daubert Motions | July 5, 2022 | August 5, 2022 |
| Oppositions to Dispositive and Daubert Motions | August 1, 2022 | August 31, 2022 |
| Replies to Oppositions to Dispositive and Daubert Motions | August 11, 2022 | September 12, 2022 |
| Hearing on Dispositive and Daubert Motions | August 25, 2022 | September 30, 2022 |
| FRCP 26(a)(3) Disclosures | September 16, 2022 | September 30, 2022 |
| Pretrial Meet and Confer | October 7, 2022 | (no change) |
| Motions *in Limine* | October 14, 2022 | (no change) |
| Oppositions to Motions *in Limine* | October 28, 2022 | (no change) |
| Meet and Confer regarding preparation of Joint Pretrial Conference Statement | December 20, 2022 | (no change) |
| Joint Pretrial Conference Statement and Joint Pretrial Order | January 10, 2023 | (no change) |
| Voir Dire questions, Joint Proposed Verdict Form, Joint Proposed Jury Instructions, Preliminary Statement to the Jury | January 10, 2023 | (no change) |
| Trial Briefs | January 10, 2023 | (no change) |
| Proposed Findings of Fact and Conclusions of Law | January 10, 2023 | (no change) |
| Witness List, Exhibit List, and Discovery Response Appendices and submit two sets of pre-marked exhibits to chambers | January 10, 2023 | (no change) |

- 3 -

HURST DECL. ISO STIP. & ORDER AMENDING CASE SCHEDULE AND PROVIDING FOR CERTAIN DEPOSITION PROCEDURES
17-cv-03301-EMC

| ACTION | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Objections to FRCP 26(a)(3) Disclosures | January 17, 2023 | (no change) |
| Final Pretrial Conference | January 31, 2023 | (no change) |
| Trial | February 27, 2023 | (no change) |

6. The proposed modified schedule will maintain the interval between summary and judgment and trial required by the Court's scheduling guidelines, will not impact the timing of the pretrial meet and confer, the filing of motions *in limine* and oppositions to motions *in limine*, the joint pretrial order, objections to Rule 26(a)(3) disclosures, the final pretrial conference, or trial previously set by the court.

7. The parties have not previously sought to modify the Rule 16 scheduling order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this eighteenth day of February, 2022, at San Francisco, CA.

Dated: February 18, 2022                                  Orrick, Herrington & Sutcliffe LLP


By: _____/s/ Annette L. Hurst_____
ANNETTE L. HURST
Attorney for Defendant
LinkedIn Corporation