| | |
|---|---|
| ANNETTE L. HURST (SBN 148738)<br>ahurst@orrick.com<br>RUSSELL P. COHEN (SBN 213105)<br>rcohen@orrick.com<br>NATHAN SHAFFER (SBN 282015)<br>nshaffer@orrick.com<br>DANIEL JUSTICE (SBN 291907)<br>djustice@orrick.com<br>MARIA N. SOKOVA (SBN 323627)<br>msokova@orrick.com<br>ORRICK, HERRINGTON &<br>SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105-2669<br>Telephone:  +1 415 773 5700<br>Facsimile:   +1 415 773 5759<br><br>*Attorneys for Defendant LinkedIn Corporation* | COREY WORCESTER (*pro hac vice*)<br>coreyworcester@quinnemanuel.com<br>RENITA SHARMA (*pro hac vice*)<br>renitasharma@quinnemanuel.com<br>HOPE SKIBITSKY (*pro hac vice*)<br>hopeskibitsky@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone:    (212) 849-7000<br>Facsimile:    (212) 849-7100<br><br>TERRY L. WIT (SBN 233473)<br>terrywit@quinnemanuel.com<br>QUINN EMANUEL URQUHART AND<br>SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone:    (415) 875-6331<br>Facsimile:    (415) 875-6700<br><br>*Attorneys for Plaintiff hiQ Labs, Inc.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| hiQ Labs, Inc.,<br><br>          Plaintiff,<br><br>     vs.<br><br>LinkedIn Corporation,<br><br>          Defendant.<br><br>LinkedIn Corporation<br><br>          Counterclaimant,<br>     vs.<br><br>hiQ Labs, Inc.<br><br>          Counterdefendant. | Case No. 17-cv-03301-EMC<br><br>**STIPULATION AND [PROPOSED] ORDER AMENDING CASE SCHEDULE AND PROVIDING FOR CERTAIN DEPOSITION PROCEDURES**<br><br><br>Complaint Filed:    June 7, 2017<br>Trial Date:          February 27, 2023 |

WHEREAS, on February 14, 2020, hiQ Labs, Inc. ("hiQ") filed its first amended complaint (the "FAC"), which is the operative complaint in the instant action (ECF No. 131); and

WHEREAS, on November 20, 2020, LinkedIn Corporation ("LinkedIn") filed its answer to the FAC and Counterclaims (ECF No. 170); and

WHEREAS, on August 10, 2021, the Court entered a scheduling order setting dates for the close of discovery, the filing of dispositive motions, and trial (the "Scheduling Order") (ECF No. 211); and

WHEREAS, on September 3, 2021, hiQ filed its answer to LinkedIn's counterclaims (ECF No. 214); and

WHEREAS, LinkedIn and hiQ served written discovery at the first opportunity in June 2021, negotiated a stipulated protective order by August 2021, and then pursued several months of negotiations before reaching an ESI agreement in November 2021; and

WHEREAS, since reaching an ESI agreement in November 2021, the parties have been reviewing and producing documents and have pursued additional written and third-party discovery, and also reached a stipulation regarding the scope of discovery and testimony relating to experts; and

WHEREAS, the parties recently conducted a settlement status update call with Magistrate Judge Ryu, and as a result of that call agreed to a settlement conference date of May 13, 2022, and Judge Ryu issued an order setting the settlement conference for that date, as well as deadlines for other requirements leading up to that conference (ECF No. 230); and

WHEREAS, the parties have each propounded comprehensive Rule 30(b)(6) deposition notices encompassing more than 35 topics but have not yet commenced such depositions; and

WHEREAS, Rule 30 does not specify how depositions taken pursuant to Rule 30(b)(6) will be counted towards the 10-deposition limit, and the parties have also reached a new stipulation regarding the timing and counting of such deposition hours as reflected herein; and

WHEREAS, despite this substantial level of ongoing litigation activity pursued diligently by the parties, there have been meaningful challenges involving the volume of ESI production, including the review and production of large quantities of material to be produced from Slack,

1  CRM databases, and other noncustodial sources, and the parties have a great deal of work
2  remaining to complete fact discovery and to conduct expert preparation and discovery; and
3        WHEREAS, the parties estimate the need to take the full number of depositions permitted
4  by Rule 30, if not more, and doing so will be highly impracticable, inefficient, and unduly
5  burdensome and expensive to both sides on the existing schedule in light of the remaining time
6  needed for document production; and
7        WHEREAS, a modest adjustment to the schedule will resolve the parties' concerns and
8  will maintain the interval between summary judgment and trial required by this Court's standard
9  form of scheduling order, will not impact the timing of the pretrial meet and confer, the filing of
10 motions *in limine* and oppositions to motions *in limine*, the joint pretrial order, objections to Rule
11 26(a)(3) disclosures, the final pretrial conference, or trial previously set by the court (ECF No.
12 210); and
13       WHEREAS, the parties intend to seek a new date for a settlement conference from Judge
14 Ryu coincident with and subject to this Court's approval of other scheduling changes;
15       THEREFORE, in light of the development of circumstances as described herein and in the
16 accompanying Declaration of Annette Hurst, good cause exists for an extension of several case
17 dates and for the entry of an order addressing how Rule 30(b)(6) depositions will be counted
18 towards the 10-deposition limit, and it is hereby stipulated and agreed:
19     1.    The parties agree to a revised case schedule set forth below and respectfully request
20 that the Court enter the same as to a Rule 16 case management order.

| ACTION | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Written Discovery Cut-Off (Including Document Production) | March 31, 2022 | (no change) |
| Fact Deposition Discovery Cutoff |  | May 20, 2022 |
| Motion to Compel – Fact Discovery | April 7, 2022 | May 25, 2022 |
| Opening Expert Reports (A party with the burden of proof on any matter must serve its report on that issue on the opening report date.) | April 14, 2022 | June 3, 2022 |

| ACTION | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Meet and Confer to discuss matters pertinent to improving the prospects that settlement negotiations will be productive | April 29, 2022 | Based on new settlement conference date to be determined by Judge Ryu |
| Last court day to submit exchanged settlement conference statement and confidential settlement letter | May 3, 2022 | Based on new settlement conference date tbd by Judge Ryu |
| Responsive Expert Reports | May 5, 2022 | June 24, 2022 |
| Settlement Conference | May 13, 2022 | TBD based on Judge Ryu availability in June/July 2022 |
| Expert Discovery Cut-Off | May 26, 2022 | July 20, 2022 |
| Motion to Compel – Expert Discovery | June 2, 2022 | July 27, 2022 |
| Dispositive and Daubert Motions | July 5, 2022 | August 5, 2022 |
| Oppositions to Dispositive and Daubert Motions | August 1, 2022 | August 31, 2022 |
| Replies to Oppositions to Dispositive and Daubert Motions | August 11, 2022 | September 12, 2022 |
| Hearing on Dispositive and Daubert Motions | August 25, 2022 | September 30, 2022 |
| FRCP 26(a)(3) Disclosures | September 16, 2022 | September 30, 2022 |
| Pretrial Meet and Confer | October 7, 2022 | (no change) |
| Motions *in Limine* | October 14, 2022 | (no change) |
| Oppositions to Motions *in Limine* | October 28, 2022 | (no change) |
| Meet and Confer regarding preparation of Joint Pretrial Conference Statement | December 20, 2022 | (no change) |
| Joint Pretrial Conference Statement and Joint Pretrial Order | January 10, 2023 | (no change) |
| Voir Dire questions, Joint Proposed Verdict Form, Joint Proposed Jury Instructions, Preliminary Statement to the Jury | January 10, 2023 | (no change) |
| Trial Briefs | January 10, 2023 | (no change) |
| Proposed Findings of Fact and Conclusions of Law | January 10, 2023 | (no change) |

| ACTION | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Witness List, Exhibit List, and Discovery Response Appendices and submit two sets of pre-marked exhibits to chambers | January 10, 2023 | (no change) |
| Objections to FRCP 26(a)(3) Disclosures | January 17, 2023 | (no change) |
| Final Pretrial Conference | January 31, 2023 | (no change) |
| Trial | February 27, 2023 | (no change) |

2. The parties have served comprehensive Rule 30(b)(6) deposition notices. A party may elect to notice additional Rule 30(b)(6) topics for deposition so long as any such notice is served no later than March 31, 2022.

3. The responding party will serve any objections to noticed topics no later than 14 days after the notice is served, and the parties will meet and confer regarding any objections promptly thereafter. The parties will also meet and confer regarding the dates to be set for deposition(s) on noticed topics in accordance with the Local Rules.

4. The responding party will identify the witness for each topic at least 5 business days in advance of the date a witness is to be produced on that topic.

5.  Each party may take up to eighteen (18) hours of Rule 30(b)(6) deposition testimony on the record pursuant to notices served under this order, and those hours will count as a single deposition towards the ten-deposition limit of Rule 30.

**SO STIPULATED.**

Dated: February 18, 2022        Orrick, Herrington & Sutcliffe LLP

By: _____/s/ Annette L. Hurst_____
ANNETTE L. HURST
Attorney for Defendant
LinkedIn Corporation

Dated: February 18, 2022        Quinn Emanuel Urquhart & Sullivan LLP

By: _____/s/ Hope Skibitsky_____
HOPE SKIBITSKY
Attorney for Plaintiff
hiQ Labs, Inc.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: __February 24__, 2022        _____
EDWARD M. CHEN
United States District Judge