UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIQ LABS, INC.,<br>   Plaintiff,<br>  v.<br>LINKEDIN CORPORATION,<br>   Defendant. | Case No. 17-cv-03301-EMC  (SK)<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br><br>Regarding Docket No. 234 |

On February 23, 2022, the parties filed a joint discovery letter brief which was referred to the undersigned. This lawsuit arises out of a dispute between hiQ Labs, Inc. (hiQ) and LinkedIn Corporation ("LinkedIn"). There is no dispute that hiQ provides or provided information to businesses about their workforces based on statistical analysis of publicly available data from LinkedIn. hiQ challenges LinkedIn's actions in attempting to terminate hiQ's access to that data. hiQ asserts a variety of claims against LinkedIn, including requests for declaratory relief of no liability under the Computer Fraud and Abuse Act ("CFAA") (18 U.S.C. § 1030), no liability under the Digital Millennium Copyright Act ("DMCA") (17 U.S.C. § 1201), no liability under the doctrine of trespass to chattels, and no liability under California Penal Code §502(c). hiQ also asserts claims under the Sherman Act, 15 U.S.C. §§ 1, 2; intentional interference with contract; intentional interference with prospective economic advantage; unfair competition in violation of Cal. Bus. Prof. Code § 17200, *et seq.*; unlawful competition in violation of Cal. Bus. Prof. Code § 17200, *et seq.*; and fraudulent competition in violation of Cal. Bus. Prof. Code § 17200, *et seq.*

LinkedIn asserts counterclaims for violation of the CFAA, violation of the California Comprehensive Computer Access and Fraud Act, Cal. Pen. Code § 502 *et seq.*, breach of contract, misappropriation, and trespass to chattels.

The current dispute centers on hiQ's production of software code. LinkedIn requested in

Request for Production of Documents No. 2: "Computer programs, in source code and executable form, used by hiQ to search for or retrieve data for use in its products." LinkedIn also requested in Request for Production of Documents No. 65: "Computer programs, in source code and executable form, used by hiQ to process or analyze data from LinkedIn's website, servers, or computers."

hiQ produced code that was used to collect data from LinkedIn and alleges that that code alone is sufficient to meet LinkedIn's needs. LinkedIn seeks further code to determine how hiQ used the data because use without permission is relevant to LinkedIn's claims under Penal Code § 502(c)(2) and whether hiQ knowingly or intentionally accessed LinkedIn's servers for purposes of section 502 and 18 U.S.C. §1030(a)(2). LinkedIn also asserts that the information is relevant to rebut hiQ's claim for damages, since LinkedIn believes that analysis of the additional code shows the value or lack of value of hiQ. The Court agrees that the additional code is relevant to the case, based on the analysis of how hiQ accessed data and how hiQ used that data.

hiQ argues that the code is proprietary, but the Court has already issued a protective order in this case. (Dkt. No. 213.) That protective order is sufficient to guard confidential code in this case.

The Court ORDERS hiQ to produce additional code as identified by LinkedIn: the "science" repository and the code used with "Mechanical Turkers." The Court ORDERS the parties to meet and confer regarding the timing and method of production, but, if the parties are not able to agree, they may submit that dispute to the Court in a separate discovery letter brief.

**IT IS SO ORDERED**.

Dated: March 7, 2022

_____
SALLIE KIM
United States Magistrate Judge