

March 18, 2022

**Orrick, Herrington & Sutcliffe LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

*Via E-Filing*

+1 415 773 5700
**orrick.com**

The Honorable Magistrate Judge Sallie Kim
San Francisco Courthouse
Courtroom C - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Annette L. Hurst**

**E** ahurst@orrick.com
**D** +1 415 773 4585
**F** +1 415 773 5759

Re:     *hiQ Labs, Inc. v. LinkedIn Corporation*, Case No. 17-cv-03301-EMC

Dear Judge Kim:

LinkedIn submits this request for clarification of the Court's March 7, 2022 Order (ECF No. 242) resolving the dispute presented on February 23, 2022 in the Parties' Joint Discovery Letter Brief (ECF No. 234) with respect to LinkedIn's request for production of hiQ source code.

The Court's Order on LinkedIn's motion to compel broadly held that hiQ's source code for acquisition and/or use of LinkedIn data is highly relevant, and that the Protective Order satisfied any confidentiality concerns.  ECF 242 at 1–2.  LinkedIn's portion of the Joint Letter identified two types of code: (1) code used to *acquire* LinkedIn data (the "science" repository and code used with "Mechanical Turkers), and (2) code for *use* of LinkedIn data – "data training code" used to train hiQ's algorithms.  ECF 234 at 3.  The portion of the Court's Order addressing required production appears to have inadvertently omitted this second type of code for use of LinkedIn data.  ECF 242 at 2.

LinkedIn met and conferred with hiQ and asked them to produce the second type of code without a further order of the Court, but hiQ refused to do so.  Accordingly, LinkedIn seeks clarification that the Court's March 7, 2022 Order also extends to source code used to train algorithms using LinkedIn data.

Respectfully submitted,

By:   */s/  Annette L. Hurst*
         ANNETTE L. HURST
         *Counsel for LinkedIn Corporation*