Corey Worcester (*pro hac vice*)
coreyworcester@quinnemanuel.com
Renita Sharma (*pro hac vice*)
renitasharma@quinnemanuel.com
QUINN EMANUEL URQUHART AND SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:    (212) 849-7000
Facsimile:    (212) 849-7100

Terry L. Wit (SBN 233473)
terrywit@quinnemanuel.com
Adam B. Wolfson (SBN 262125)
adamwolfson@quinnemanuel.com
QUINN EMANUEL URQUHART AND SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for Plaintiff hiQ Labs, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| hiQ Labs, Inc.,<br><br>   Plaintiff,<br><br> vs.<br><br>LinkedIn Corp.,<br><br>   Defendant. | Case No. 3:17-CV-03301-EMC<br><br>**ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFF HIQ LABS, INC.'S LETTER TO JUDGE KIM CONCERNING HIQ'S MOTION TO COMPEL PRODUCTION OF LINKEDIN DOCUMENTS** |

Pursuant to the Northern District of California's Civil Local Rules 7-11 and 79-5(b), Plaintiff hiQ Labs, Inc. ("hiQ") hereby brings this Administrative Motion to Seal Portions of hiQ's Letter to Judge Kim Concerning hiQ's Motion to Compel Production of LinkedIn Corp. ("LinkedIn") Documents ("Letter").

On April 11, 2022, hiQ filed the Letter with Judge Kim concerning hiQ's motion to compel the production of documents from LinkedIn. Documents cited, quoted, and excerpted in Exhibit A to the Letter have been designated as by LinkedIn as Confidential or Highly Confidential pursuant to the

Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information And/Or Trade Secrets (ECF No. 213).  hiQ respectfully requests permission to file portions of the Letter under seal, as explained herein.

"A party seeking to seal a document filed with the Court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "strong presumption in favor of access" that applies to all court documents other than grand jury transcripts and pre-indictment warrant materials." *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, Case No. 12-cv-03844-JST, 2015 WL 984121, at *1 (N.D. Cal. Mar. 4, 2015) (*quoting Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  To satisfy the first prong under Civil Local Rule 79-(b), a sealing order may issue if the document or portions of the document sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b).  "The request must be narrowly tailored to seek sealing only of sealable material." *Id.*  To satisfy the second prong for documents that are not attached to dispositive motions, the party "need only make 'a particularized showing under the good cause standard of Rule 26(c)' to justify sealing the materials." *Icon-IP*, 201 WL 984121, at *1 (*quoting Kamakana*, 447 F.3d at 1180).  "A court may, for good cause, keep documents confidential 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (*quoting* Fed. R. Civ. P. 26(c)).

The Letter contains information LinkedIn contends is private to party LinkedIn and non-party third parties that is legally protectable.  As explained further in the accompanying Declaration of Elisabeth B. Miller, disclosure of such private information could invade the privacy rights of such parties and potentially cause annoyance, embarrassment, and/or undue burden on the parties.  *See Icon-IP*, 2015 WL 984121, at *2-*3 (granting motions to seal because disclosure of information would invade privacy rights).  Therefore, hiQ respectfully requests to file Exhibit A to the Letter under seal.

Dated:  April 11, 2022

QUINN EMANUEL URQUHART & SULLIVAN LLP

By:   /s/ Elisabeth B. Miller
Elisabeth B, Miller
Attorney for Plaintiff hiQ Labs, Inc.