**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7097**

WRITER'S EMAIL ADDRESS
elisabethmiller@quinnemanuel.com

April 11, 2022

The Honorable Sallie Kim
San Francisco Courthouse
Courtroom C - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:  *hiQ Labs, Inc. v. LinkedIn Corporation*, Case No. 17-cv-03301-EMC

Dear Judge Kim:

Pursuant to the Court's Standing Order for Civil Discovery ("Standing Order"), we write on behalf of hiQ Labs, Inc. ("hiQ") to request that the Court rule on hiQ's attached motion to compel ("Motion," and attached as Exhibit A) without LinkedIn's Corporation's ("LinkedIn") portion, as LinkedIn has refused to provide its portion after nearly a month of meet and confers and correspondence exchanged between the parties.  hiQ has tried in good faith to resolve this dispute pursuant to the procedures laid out in the Standing Order, but LinkedIn has been unwilling to comply with these efforts or the Standing Order.  Because document discovery ended on March 31, depositions are already underway and currently scheduled to end on May 20, and LinkedIn is refusing to produce entire categories of documents that are highly relevant to hiQ's claims and defenses and are responsive to hiQ's Requests for Production, time is of the essence.  hiQ therefore respectfully requests that the Court grant the Motion in full.  hiQ has asked LinkedIn for its availability for a court conference on this Motion, but has not heard back.

quinn emanuel urquhart & sullivan, llp
ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

I, Elisabeth B. Miller, am an attorney in the New York office of Quinn Emanuel Urquhart & Sullivan, LLP, am admitted *pro hac vice* in this matter, and do declare as follows:

1. On March 9, 2022, hiQ sent LinkedIn its draft Motion to compel the production of (1) the documents of LinkedIn's former CEO, Jeff Weiner; and (2) documents responsive to search terms that LinkedIn refused to run on its documents. hiQ requested LinkedIn's portion by March 11.

2. On March 10, LinkedIn asked hiQ to withdraw its Motion in part because it contended the parties had never had a lead counsel meet and confer on the issues raised therein. While hiQ disagreed with that position, in good faith, hiQ consented to another lead counsel meet and confer for the following day, March 11.

3. On March 11, the parties had a lead counsel meet and confer on the issues outlined in the Motion. During that meet and confer, the parties agreed they were at impasse with respect to the production of Mr. Weiner's documents. LinkedIn promised further information on the second part of the Motion, documents responsive to hiQ search terms, and hiQ agreed to hold the filing of its Motion pending this information.

4. On March 18, LinkedIn sent its promised response, and, in it, still refused to produce documents responsive to the search terms, offering only a mild compromise, far from what hiQ requested.

5. On March 23, hiQ sent LinkedIn correspondence on how LinkedIn's "compromise" remained insufficient, but offered to narrow the scope of the requested search terms.

6. On March 31, LinkedIn refused to accept the majority of even these narrowed search terms, and also sent hiQ a draft motion for a protective order for the discovery sought in the Motion. At that time, LinkedIn falsely asserted that the lead counsel meet and confer

requirement for the relief sought in LinkedIn's, a protective order, had been satisfied. However, this was the first time that LinkedIn raised the possibility of taking the extraordinary step of seeking a protective order for hiQ's discovery requests, despite the parties discussing these precise topics since last fall, and after written discovery was served last summer, to which the requested documents were directly responsive.

7. On April 7, hiQ sent LinkedIn a substantively similar draft motion as that first shared by hiQ on March 9, revised only to reflect the parties' discussions in the interim. Given that these issues had been discussed for nearly a month at that point, hiQ requested LinkedIn's portion by the evening of April 8. Later on April 7, LinkedIn responded, once again refusing to provide its portion of hiQ's Motion.

8. On April 8, hiQ informed LinkedIn that it was in violation of Your Honor's Standing Order with its failure to provide its portion of the Motion, as well as its preemptive effort to file its motion for a protective order without a lead counsel meet and confer, and that hiQ would need to seek relief from the Court. hiQ accordingly requested LinkedIn's availability for a teleconference with the Court per the Standing Order. LinkedIn did not respond.

Respectfully submitted:

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: _____/s/ Elisabeth B. Miller_____

**EXHIBIT A**

LinkedIn has refused to produce information highly relevant to hiQ's claims and responsive to hiQ's RFPs. Discovery has revealed that LinkedIn was actively monitoring and targeting and/or seeking to acquire companies it considered competitive threats to its own HR analytics offerings. It did so to leverage its dominance in professional social networking, under the guise of "███████████████"[1]



These anticompetitive actions are highly relevant to hiQ's claims for intentional interference and unfair or unlawful competition. hiQ therefore respectfully asks that the Court order the production of the following by April 15, 2022: (1) documents from the custodial files of Jeff Weiner, applying the "Modified terms" (discussed below); and (2) documents resulting

---

[1] ███████████████████████████████████████████

from applying the Modified terms on the files of all custodians for which LinkedIn has refused to run the "Full terms" (also discussed below).

*hiQ's Former CEO, Jeff Weiner,*  LinkedIn's documents show that Mr. Weiner

For example,

It is easy to surmise Mr. Weiner's role in monitoring and ultimately taking down competitor hiQ, ▇ and hiQ is entitled to probe his involvement

---

[2] 

These documents are highly relevant to hiQ's claims for intentional interference with contract and prospective economic advantage and violations of California Business & Professional Code § 17200, *et seq.*, as well as to hiQ's unclean hands defense. They are also responsive to hiQ's document requests, and LinkedIn has not established that collection of Mr. Weiner's documents is disproportionate or overly burdensome—indeed, LinkedIn has refused to even provide hit counts of his documents.[5] *See*, *e.g.* RFP 21, 32, 33, 34, 38, 39, 40, 43, and 44. LinkedIn's refusal to produce Mr. Weiner's documents is therefore improper. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C); *Dairy v. Harry Shelton Livestock, LLC*, 2021 WL 4476778, at *1 (N.D. Cal. Sep. 30, 2021) (granting motion to compel, and noting that under Rule 26, "[t]he resisting party must show that the discovery request is overly broad, unduly burdensome, irrelevant or disproportional to the needs of the case").

***LinkedIn Must Run The "Modified" Search Terms On Additional Document Custodians.*** In September 2021, the parties agreed on a heavily-negotiated set of search terms (the "Full terms"). Then, for the vast majority of its custodians, LinkedIn unilaterally narrowed the search terms, which pertain only to hiQ, its products, and hiQ's industry conference, Elevate.[6] To reach middle ground, hiQ recently narrowed the Full terms to target the themes

---

[5]  LinkedIn takes issue with the timing of hiQ's request to add Mr. Weiner as a custodian, but LinkedIn failed to disclose him as a person with relevant knowledge in its Rule 26 disclosures, and it was not until hiQ received LinkedIn's document productions that hiQ knew of Mr. Weiner's direct role in relevant communications. hiQ also requested Mr. Weiner as a custodian as early as September 2021; LinkedIn responded that Mr. Weiner had no relevant material in his possession. The basis for that representation is unclear given what discovery has since borne out.

[6]  hiQ objected to this unilateral limitation, but rather than burden the Court with motion practice at the time, hiQ provisionally agreed while reserving its rights to the full set of terms. LinkedIn subsequently sought to hold that compromise against hiQ by claiming that a renewal of its objection amounted to an untimely expansion of discovery.

most relevant to the case, including names of third parties hiQ believes LinkedIn targeted as part of its anticompetitive tactics ("Modified terms"); on March 31, rather than accept these Modified terms, LinkedIn offered instead just a handful of more hiQ-specific terms.  This offer remains insufficient: LinkedIn has not established any burden from the Modified terms (*e.g.*, with hit counts), and relies on a faulty legal theory to assert that hiQ—at this early stage, discovery—is precluded from even seeking documents that these terms target.

There is mounting evidence that LinkedIn ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Yet, LinkedIn believes hiQ is not entitled to probe these actions because "[t]he only remaining relevance is to unpled antitrust theories that are not in the case." 3/31 LinkedIn Ltr. at 8.  Not so.  At minimum, LinkedIn's ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ are relevant to hiQ's UCL claims, which courts have recognized do not require a concurrent federal antitrust claim to succeed.  *See Sun Microsystems, Inc. v. Microsoft Corp.,* 87 F. Supp.2d 992, 999 (N.D. Cal. 2000) (recognizing distinction between "the proof required in cases by a competitor alleging 'unfair' anticompetitive business practices from claims by competitors or consumers for 'fraudulent' or 'unlawful' business practices or 'unfair, deceptive, untrue or misleading advertising'"); *Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099, 1117-19 (C.D. Cal. 2001) (UCL unfair competition claim can proceed "beyond pleading stage" where "Plaintiff … sufficiently alleg[es] that Defendants' actions were 'unfair'" despite no assertion "that any of Defendants' actions were 'unlawful' or 'fraudulent'").[7]  hiQ therefore requests that the Modified terms be run on the files of all custodians for which LinkedIn is not applying the "Full terms".

---

[7]  They are also relevant to hiQ's intentional interference claims, as evidence of the motive for LinkedIn's conduct.