

**Orrick, Herrington & Sutcliffe LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

+1 415 773 5700
**orrick.com**

**Russell P. Cohen**

E  rcohen@orrick.com
D  +1 415 773 4210
F  +1 415 773 5759

April 11, 2022

*Via E-Filing*

The Honorable Judge Sallie Kim
San Francisco Courthouse
Courtroom C - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *hiQ Labs, Inc. v. LinkedIn Corporation*, Case No. 17-cv-03301-EMC

Dear Judge Kim:

LinkedIn Corporation ("LinkedIn") writes to correct and clarify representations raised in hiQ Labs, Inc.'s ("hiQ") April 11, 2022 letter ("April 11 Letter") to the Court accompanying its Motion to Compel, ECF No. 250.  Contrary to hiQ's assertions, LinkedIn has not "refused to provide its portion" of hiQ's Motion to Compel.  ECF No. 250.  hiQ's recitation of the alleged facts distorts the record, omits material pre-filing correspondence, and was contradicted immediately by hiQ's post-filing conduct.  hiQ's premature request for this Court's intervention is little more than a transparent effort to ensure it could file its motion without LinkedIn's response and to delay the filing of LinkedIn's Motion for a Protective Order.

It is simply not the case that LinkedIn "refused to provide its portion" of hiQ's motion to compel for weeks, as hiQ suggests.  ECF No. 250 at 1.  As reflected in the Declaration of Nathan Shaffer and correspondence LinkedIn sent hiQ prior to hiQ's filing today, attached as Shaffer Decl. Exhibit A, the parties have engaged in extensive efforts to meet and confer concerning hiQ's improper discovery requests over the past several weeks.  During the course of those negotiations,

hiQ withdrew the motion to compel it initially proposed on March 9. LinkedIn sent hiQ its motion for a protective order on March 31, 2022. hiQ *ignored* LinkedIn's motion for over week. When LinkedIn asked for hiQ's response on April 6, hiQ continued to ignore the pending motion and instead sent LinkedIn a *new* motion on April 7. hiQ's motion did not simply reiterate the prior March 9 draft, as a redline between the two drafts reveal substantial changes to the proposed motion presented to LinkedIn for the first time just two business days before hiQ's April 11 Letter. Shaffer Decl. ¶ 5. And rather than ignore hiQ's request for LinkedIn's response to hiQ's motion, LinkedIn proposed a timeframe for responding to hiQ's proposed motion before hiQ filed the April 11 Letter motion.

hiQ's representations to the Court that LinkedIn had not responded to hiQ's most recent commucation regarding the discovery motions prior to hiQ filing its letter are simply false. ECF No. 250 at 1 & Miller Decl. ¶ 8. LinkedIn's responsive letter that is attached as Exhibit A was sent to hiQ shortly before hiQ's administrative motion to seal was filed (ECF No. 249) and over half an hour before the April 11 Letter motion was filed (ECF No. 250). Shaffer Decl. ¶ 7. LinkedIn's letter included a comprehensive proposal for how to present the issues raised in the parties' competing motions to the Court in an orderly fashion, with each party having a full opportunity to be heard. Rather than engage with the substance of LinkedIn's proposal, hiQ simply ignored it, choosing to seek this Court's relief on a one-sided and mischaracterized record.

hiQ's suggestion that LinkedIn's motion for a protective order is premature is also false. As explained in LinkedIn's April 11, 2022, Letter to hiQ (Shaffer Exhibit A), the motion is ripe for submission as the requirements in the Court's Standing Order for Civil Discovery have been met. hiQ's only basis for claiming the motion was premature was the contention in hiQ's April 7 email that the parties had not completed the requisite meet and confer. That was simply a delay

tactic as less than an hour after filing the April 11 Letter, hiQ provided its responsive section to LinkedIn's motion, affirming that the parties had indeed reached impasse after four previous meet and confer sessions. Shaffer Decl. ¶ 8. LinkedIn is making a small number of responsive edits after receiving hiQ's portion and anticipates the parties will be in position to file the fully briefed motion for protective order by Wednesday, April 13.

The issues presented in the parties' motions have some overlap. For example, whether LinkedIn should be forced to run additional search terms depends, in substantial part, on whether LinkedIn is entitled to a protective order against the irrelevant and unduly burdensome discovery hiQ seeks. LinkedIn respectfully submits that hiQ's request for substantive relief on its motion to compel without affording LinkedIn an opportunity to respond is plainly inappropriate. But LinkedIn believes that the parties' discovery issues can still be orderly and fairly presented to the Court. LinkedIn is prepared to provide its response to hiQ's motion on Wednesday, April 13, 2022, assuming the Court approves separate submissions in this instance. LinkedIn's motion for a protective order is nearly fully briefed after hiQ provided its portion to LinkedIn on April 11, 2022, and LinkedIn expects the parties will be able to complete briefing and submit that motion to the Court on a similar time frame and consistent with the Court's standing order. Given the overlap in issues addressed in the Parties' motions, LinkedIn Respectfully requests that the Court review hiQ's Motion to Compel, to include Linkedin's forthcoming response, and LinkedIn's Motion for Protective Order in tandem, once they are fully submitted later this week.


Respectfully submitted,

Russell P. Cohen

## Declaration of Nathan Shaffer

I, Nathan Shaffer, declare as follows:

1. I am an attorney at Orrick, Herrington & Sutcliffe LLP, counsel of record for LinkedIn corporation in this action. I have personal knowledge of the facts set forth below, and, if called as a witness, I could and would competently testify thereto.

2. On March 31, 2022, I sent correspondence to hiQ's counsel regarding the parties' ongoing discussions regarding discovery issues, including, *inter alia*, hiQ's request for discovery into topics related to antitrust theories of liability. Included with my correspondence was a draft joint-letter-brief in support of LinkedIn's motion for a protective order against discovery into antitrust theories of liability.

3. On April 6, 2022, I had not received a response. I emailed hiQ's counsel that day and asked when hiQ would provide its portion of LinkedIn's letter brief.

4. On April 7, 2022, hiQ sent a copy of its joint letter motion that was ultimately filed at ECF No. 250. hiQ did not address or acknowledge LinkedIn's pending motion for a protective order. On the same day, I wrote hiQ's counsel and said that if hiQ did not acknowledge LinkedIn's pending motion, LinkedIn would proceed to file with the Court indicating that hiQ declined to provide a response.

5. I ran a redline comparison using Litera for Word software between the March 9 draft joint-letter brief provided by hiQ and the April 7 draft hiQ represented was "substantially similar." ECF No. 250 (Miller Decl.) ¶ 7. The software reported 142 total changes between the two drafts, including 52 additions, 73 deletions, 8 moves, and 1 new graphic. I further observed case law cited in the April 7 draft that was not included in the March 9 draft.

6. On April 8, 2022, hiQ's counsel responded that LinkedIn should not proceed individually because doing so was not in conformance with the Court's standing order. hiQ requested dates for a telephone conference with the Court, but gave no specific deadline for LinkedIn to reply and gave no indication that it would file its motion individually if LinkedIn did not respond by a particular time.

7. On April 11, 2022, which was the next business day after April 8, LinkedIn responded to hiQ via letter proposing a path forward, a true and copy of which is attached as Exhibit A. The letter was emailed at 12:39 p.m. I received an ECF notification that hiQ's administrative motion seal its letter motion was filed at 12:46 p.m. (ECF No. 249) and hiQ's actual motion (without LinkedIn's response) was not filed until 1:14 p.m. (ECF No. 250).

8. At 1:54 p.m. on April 11, 2022, I received an email from hiQ's counsel with hiQ's portion of the joint-letter brief on LinkedIn's motion to compel, which includes the following statement: "The parties reached an impasse after meeting and conferring regarding these issues via Zoom on March 2, March 11, March 15, and March 17. Prior to and after those meetings, the parties exchanged multiple rounds of correspondence without resolving the issues. The parties attest that they have complied with Section 9 of the Northern District's Guidelines for Professional Conduct prior to filing this letter."

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct.

Executed this 11th day of April, 2022, at Oakland, California.

_____
Nathan Shaffer



April 11, 2022

**Orrick, Herrington & Sutcliffe LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

+1 415 773 5700

**orrick.com**

*Via E-Mail*

Corey Worcester
Renita N. Sharma
Elisabeth Miller
Hope D. Skibitsky
Quinn Emanuel Urqhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor,
New York, NY 10010

**Nathan Shaffer**

E  nshaffer@orrick.com
D  +1 415 773 5440
F  +1 415 773 5759

Dear Elisabeth:

I am writing regarding LinkedIn's motion for a protective order, which was served on hiQ pursuant to Judge Kim's standing order on March 31, 2022, and hiQ's refusal to respond to that motion. As set forth below, LinkedIn's motion is ripe: the parties' lead counsel met and conferred on March 11, 2022, regarding hiQ's requests for antitrust discovery and whether they are properly in the case or not, and acknowledged that no agreement on the parties' competing position was possible. Accordingly, LinkedIn has complied with Judge Kim's standing order and it intends to file it without further delay.

We also understand that hiQ wishes to compel the production of documents from LinkedIn's CEO, Jeff Weiner, through its own motion. LinkedIn disagrees that Mr. Weiner is within the scope of allowable discovery under Rule 26. The parties have discussed this issue, including amongst lead counsel, and we agree that there is impasse.

The purpose of this letter is to propose a path forward for an orderly, efficient, and fair presentation of the parties' motions to Judge Kim consistent with the applicable standing order and the District's rules and guidelines.

*Background*

I want to first address hiQ's accusation that LinkedIn is somehow seeking to "jump the line" by filing a motion preemptively. That is false, and the record of our discussions belies any suggestion along those lines.

hiQ sought in a February 11, 2022, letter to greatly expand the scope of discovery in this action to encompass new custodians and search terms predicated entirely on antitrust theories of liability, claiming that LinkedIn was engaged in broad anticompetitive conduct that caused harm to competition. LinkedIn responded to hiQ's position via letter on February 16 and March 3. The March 3 letter included a comprehensive proposal to address all pending issues raised by hiQ. On March 9, hiQ responded with a joint letter brief *and* an email letter that parsed the issues addressed in hiQ's February 11 letter in a manner



April 11, 2022
Page 2

that was confusing and did not track the parties' discussions.  LinkedIn requested a meet and confer to include lead counsel, and we had that discussion on March 11.  At that meeting, the parties agreed there was impasse on the scope of hiQ's theories of liability as alleged in the pleadings.  This was particularly so because the Court had earlier dismissed all of hiQ's antitrust claims after finding that it failed to plead a relevant product market or any actionable anticompetitive conduct by LinkedIn, and the theories by which hiQ sought to justify the disputed discovery were never in fact alleged at all.  Whether hiQ's theories of liability are alleged in the pleadings is, of course, a threshold issue because discovery under Rule 26 is limited to discovery that "is relevant to any party's claim or defense."  The parties further agreed that any evaluation of additional discovery also required information sufficient to assess burden under Rule 26's proportionality standard, including hit counts generated from running hiQ's proposed search terms across hiQ's proposed custodians.  hiQ agreed to withdraw its March 9 motion to allow for that information to be collected and considered.  *See* 3/14/2022 Shaffer Email.

LinkedIn provided on March 18, 2022, hit counts and a letter explaining that the requested discovery was both (1) outside the scope of discovery because the requisite antitrust theories were not pled (the issue the parties agreed was at impasse on March 11) and (2) disproportionate to the needs of the case due to the sheer volume of hit counts and expense associated with reviewing and producing documents based on hiQ's proposal.  hiQ responded on March 23 with a letter contesting both points, reaffirming that the parties were at impasse on the threshold issue as to whether hiQ's antitrust theories were in the case.

Thus, as of March 23, the parties' lead counsel had met and conferred, and it was acknowledged by hiQ that the parties were at impasse as to whether hiQ had valid antitrust theories in the operative complaint.  Nor had hiQ renewed its motion to compel on this issue.  Rather than continue to engage in letter-writing on a threshold issue where the parties agreed there was impasse, LinkedIn responded on March 31 with a substantive letter *and* a draft joint motion for a protective order compliant with Judge Kim's standing order.  hiQ ignored LinkedIn's motion.  On April 6, LinkedIn asked when hiQ's portion of the joint brief would be forthcoming.  hiQ ignored that request as well, and instead sent a competing motion that covered the antitrust issues, but also added specific arguments regarding discovery from LinkedIn's former CEO and current Executive Chairman, Jeff Weiner.  Although hiQ suggested in its cover email that the draft motion sent on April 8 was "substantially unchanged" from the one sent on March 31, that is plainly inaccurate as a redline between the two drafts reflects a near-total rewrite. None of this is reasonably subject to dispute.

As it stands, there appear to be two primary issues in dispute between the parties:  (1) the issues covered in LinkedIn's motion for a protective order, which addresses hiQ's request for discovery on antitrust theories that LinkedIn asserts are irrelevant to the case; and (2) hiQ's request to take discovery of Mr. Weiner through both an ESI protocol and search terms agreed to between the parties with respect to other custodians last fall *plus* terms specific to hiQ's never-pled/dismissed antitrust theories.  LinkedIn's motion on the antitrust issues is indisputably ripe and ready for submission to Judge Kim.  The issues specific to Mr. Weiner logically and necessarily follow from the resolution of the threshold scope-of-discovery dispute as the scope of discovery that is appropriately applied to Mr. Weiner (and LinkedIn contends *none* is

**SHAFFER DECL. EXHIBIT A**



April 11, 2022
Page 3

appropriate or allowed) will be cabined if Judge Kim grants LinkedIn's motion for a protective order in whole or part.

***LinkedIn's Proposal***

In order to bring these issues to an orderly, fair, and efficient resolution, LinkedIn proposes a two-stage filing.  **First,** hiQ should provide its response to LinkedIn's March 31 motion for a protective order by Tuesday, April 12, so that motion can promptly be filed.  hiQ indicated in its email dated 4/8 that this timeline was agreeable, so there should be no further delay or gamesmanship on the timing of LinkedIn's motion.  4/8/2022 Miller Email ("[W]e are working on our response to LinkedIn's motion and expect to have our response by early next week.").  The Court can then resolve the overarching scope of discovery dispute and clarify what the bounds of discovery are by resolving the threshold issues presented therein.  **Second**, hiQ should formulate a motion that applies specifically to Mr. Weiner and sets forth in detail the discovery it seeks from him.  LinkedIn should be provided a reasonable period of time to respond (at least 2 business days).  Once that joint motion is complete, it can be filed and the parties will ultimately get answers to both (1) the scope of discovery in this case (i.e., whether hiQ has any remaining antitrust theories on which it is entitled to discovery) and (2) the scope of discovery appropriate to Mr. Weiner.

We trust that this proposal will be accepted by hiQ, and the parties can proceed to present these related issues to Judge Kim in an orderly fashion that tracks the parties' efforts and discussions to date.

Sincerely,

Nathan Shaffer