# EXHIBIT B

**(Relevant Excerpts)**

1   ANNETTE L. HURST (SBN 148738)
    ahurst@orrick.com
2   RUSSELL P. COHEN (SBN 213105)
    rcohen@orrick.com
3   NATHAN SHAFFER (SBN 282015)
    nshaffer@orrick.com
4   DANIEL JUSTICE (SBN 291907)
    djustice@orrick.com
5   ORRICK, HERRINGTON & SUTCLIFFE LLP
    405 Howard Street
6   San Francisco, CA  94105-2669
    Telephone:   +1 415 773 5700
7   Facsimile:   +1 415 773 5759

8   ROBERT L. URIARTE (SBN 258274)
    ruriarte@orrick.com
9   MARIA N. SOKOVA (SBN 323627)
    msokova@orrick.com
10  ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
11  Menlo Park, CA  94025-1015
    Telephone:   +1 650 614 7400
12  Facsimile:   +1 650 614 7401

13  *Attorneys for LinkedIn Corporation*

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                         SAN FRANCISCO DIVISION

17

18  hiQ Labs, Inc.,                        Case No. 17-cv-03301-EMC

19            Plaintiff,                   **DEFENDANT AND COUNTERCLAIM PLAINTIFF LINKEDIN**
20       vs.                               **CORPORATION'S RESPONSES TO HIQ LABS, INC'S SECOND SET OF**
21  LinkedIn Corporation,                  **REQUESTS FOR PRODUCTION**

22            Defendant.                   Judge:    Hon. Edward M. Chen

23  LinkedIn Corporation

24            Counterclaimant,
         vs.
25
    hiQ Labs, Inc.
26
              Counter-defendant.
27

28

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications concerning any third-party consultants or advisors to LinkedIn who made recommendations about, considered, evaluated, or recommended strategies for using, monetizing or leveraging LinkedIn's user data, including by excluding third party access to data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

LinkedIn objects to this request to the extent it seeks the production of documents protected by the attorney-client privilege, work-product doctrine, third-party confidentiality provisions, or other applicable protection. LinkedIn further objects to the use of the terms "third-party consultants", "advisors", "recommendations", and "monetizing or leveraging LinkedIn's user data" as vague and ambiguous. LinkedIn further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, as most LinkedIn products leverage LinkedIn user data for commercial purposes, consistent with the terms of LinkedIn's User Agreement and Privacy Policy. LinkedIn further objects to this request because it seeks the production of documents that are not relevant to the claims and defenses in this case, and which are thus beyond the scope of permissible discovery. To the extent an attenuated relevance theory could be articulated for hiQ's remaining claims, the burden of searching for and producing tangentially relevant documents is disproportionate to the needs of the case and the requested documents would still beyond the scope of permissible discovery.

1  LinkedIn will not produce documents in response to this request but is available to meet and
2  confer regarding the relevance of the documents requested herein.  If hiQ can identify
3  discoverable subject matter within the scope of this request that meets Rule 26's proportionality
4  standard, LinkedIn will work with hiQ to define a reasonable and proportionate production of
5  such documents.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Communications concerning LinkedIn's decision to acquire Glint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

LinkedIn objects to this request to the extent it seeks the production of documents protected by the attorney-client privilege, work-product doctrine, or other applicable protection. LinkedIn further objects that this request overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence.  LinkedIn further incorporates by reference its objections and responses to Interrogatory No. 6 in LinkedIn's Initial and Amended Responses as well as its November 18, 2021 letter to hiQ in which LinkedIn explained why Glint is not a Relevant Product in this litigation given that Glint does not use LinkedIn member profile data and was not acquired by LinkedIn until 2018.

In light of the foregoing, LinkedIn will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications concerning LinkedIn's efforts and strategy to grow its Talent Solutions business, including its assessment of the potential market for People Analytics or HR Analytics products and services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

LinkedIn objects to this request to the extent it seeks the production of documents protected by the attorney-client privilege, work-product doctrine, or other applicable protection. LinkedIn further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents and communications concerning LinkedIn's entire Talent Solutions business, which encompasses products, services, and offerings that have no relevance to the issues in this case. LinkedIn further objects that the "market for People Analytics or HR Analytics products and services" is vague, undefined, and not adequately specified, as the Court held in its September 9, 2020 order granting LinkedIn's motion to dismiss hiQ's antitrust claims.

Subject to and without waiver of the foregoing, and without agreeing that the product is relevant in any way to this litigation, LinkedIn will produce non-privileged documents concerning LinkedIn's decision to develop its Talent Insights product and its assessment of the potential market for the Talent Insights product, to the extent such documents are located through the application of the parties' agreed upon search terms to the files of the parties' agreed upon custodians.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and Communications concerning LinkedIn's assessment of any and all competitive threats to its Talent Solutions business, including from companies offering People Analytics or HR Analytics products and services.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

2    LinkedIn objects to this request to the extent it seeks the production of documents
3  protected by the attorney-client privilege, work-product doctrine, or other applicable protection.
4  LinkedIn further objects to this request as overbroad, unduly burdensome, and not proportional
5  to the needs of the case in that it seeks documents and communications about competitive
6  threats to LinkedIn's entire Talent Solutions business, which encompasses products, services,
7  and offerings that have no relevance to the issues in this case and for which hiQ has not
8  articulated a good-faith factual basis that the product, service, or offering competed with hiQ's
9  Keeper or Skill Mapper products.  LinkedIn further objects that the market for "People
10 Analytics or HR Analytics products and services" is vague, undefined, and not adequately
11 specified, as the Court held in its September 9, 2020 order granting LinkedIn's motion to
12 dismiss hiQ's antitrust claims.  LinkedIn further objects to this request as duplicative, as
13 LinkedIn has already agreed to produce responsive, non-privileged documents and
14 communications concerning hiQ, which would include assessments of hiQ as a competitive
15 threat to LinkedIn (if any), to the extent such documents exist and are located by the parties'
16 agreed upon search protocol.

17   To the extent an attenuated relevance theory could be articulated for hiQ's remaining
18 claims, the burden of searching for and producing tangentially relevant documents is
19 disproportionate to the needs of the case and the requested documents would still beyond the
20 scope of permissible discovery.  LinkedIn will not produce documents in response to this
21 request, but is available to meet and confer regarding the relevance of the documents requested
22 herein.  If hiQ can identify discoverable subject matter within the scope of this request that
23 meets Rule 26's proportionality standard, LinkedIn will work with hiQ to define a reasonable
24 and proportionate production of such documents.

25 **REQUEST FOR PRODUCTION NO. 40:**
26   All Documents and Communications concerning efforts by LinkedIn to gain market
27 share in the market for People Analytics or HR Analytics products and services, including
28 through acquisitions of other companies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

LinkedIn objects to this request to the extent it seeks the production of documents protected by the attorney-client privilege, work-product doctrine, or other applicable protection. LinkedIn further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents concerning products, services, and offerings that have no relevance to the issues in this case. LinkedIn further objects that the "market for People Analytics or HR Analytics products and services" is vague, undefined, and not adequately specified, as the Court held in its September 9, 2020 order granting LinkedIn's motion to dismiss hiQ's antitrust claims.

In light of the foregoing, LinkedIn will not produce documents in response to this request, but is available to meet and confer regarding the relevance of the documents requested herein. If hiQ can identify discoverable subject matter within the scope of this request that meets Rule 26's proportionality standard, LinkedIn will work with hiQ to define a reasonable and proportionate production of such documents.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents and Communications concerning decisions by LinkedIn to limit, restrict or deny third party access to or use of LinkedIn's data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

LinkedIn objects to this request to the extent it seeks the production of documents protected by the attorney-client privilege, work-product doctrine, or other applicable protection. LinkedIn further objects that this request is duplicative in light of LinkedIn's production of cease-and-desist correspondence with hiQ and other entities and LinkedIn's agreement to produce responsive, non-privileged documents and communications concerning hiQ, which would include decisions to limit, restrict, or deny hiQ access to LinkedIn data (if any), to the extent such documents exist and are located by the parties' agreed upon search protocol.

In light of the foregoing, LinkedIn will not produce further documents concerning LinkedIn limiting, restricting, or denying third party access to or use of LinkedIn's data beyond what it has already agreed to produce.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents and Communications between LinkedIn and Microsoft Corp. concerning Microsoft's strategic purposes for acquiring LinkedIn.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

LinkedIn objects to this request to the extent it seeks the production of documents protected by the attorney-client privilege, work-product doctrine, third-party confidentiality provisions, or other applicable protection.  hiQ has not articulated any reasonable, good faith basis for why LinkedIn's discussions with Microsoft about business strategies, plans, or decisions concerning Microsoft's strategic purposes for acquiring LinkedIn have anything to do with hiQ's claims.  LinkedIn thus objects to this request because it seeks the production of documents that are not relevant to the claims and defenses in this case and are beyond the scope of permissible discovery.  To the extent an attenuated relevance theory could be articulated for hiQ's remaining claims, the burden of searching for and producing tangentially relevant documents is disproportionate to the needs of the case and the requested documents would still beyond the scope of permissible discovery.

//

//