# EXHIBIT D

1  ANNETTE L. HURST (SBN 148738)
   ahurst@orrick.com
2  RUSSELL P. COHEN (SBN 213105)
   rcohen@orrick.com
3  NATHAN SHAFFER (SBN 282015)
   nshaffer@orrick.com
4  DANIEL JUSTICE (SBN 291907)
   djustice@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   405 Howard Street
6  San Francisco, CA  94105-2669
   Telephone:    +1 415 773 5700
7  Facsimile:    +1 415 773 5759

8  MARIA N. SOKOVA (SBN 323627)
   msokova@orrick.com
9  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
10 Menlo Park, CA  94025-1015
   Telephone:    +1 650 614 7400
11 Facsimile:    +1 650 614 7401

12 *Attorneys for LinkedIn Corporation*

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                         SAN FRANCISCO DIVISION

16

17 hiQ Labs, Inc.,                          | Case No. 17-cv-03301-EMC

18         Plaintiff,                       | **LINKEDIN CORPORATION'S OBJECTIONS AND RESPONSES TO**
19     vs.                                  | **HIQ LABS, INC.'S CIV. P. 30(b)(6) NOTICE OF SUBPOENA**
20 LinkedIn Corporation,

21         Defendant.

22 ─────────────────────────────
   LinkedIn Corporation
23
           Counterclaimant,
24     vs.

25 hiQ Labs, Inc.

26         Counter-defendant.

27

28

                                          1
LINKEDIN CORPORATION'S OBJECTIONS AND RESPONSES TO HIQ LABS, INC.'S CIV. P. 30(b)(6)
NOTICE OF SUBPOENA – No. 17-cv-03301-EMC

**OBJECTIONS TO TOPICS OF EXAMINATION**

**TOPIC OF EXAMINATION NO. 14:**

LinkedIn's White List, including the decision to include any person or entity on that list.

**RESPONSE TO TOPIC OF EXAMINATION NO. 14:**

LinkedIn objects to this request to the extent it seeks testimony that is protected by the attorney-client privilege, work-product doctrine, or other applicable protection. LinkedIn objects to the definition of "White List" as vague and ambiguous. LinkedIn further objects to this topic as vague, ambiguous, overbroad, and unduly burdensome because LinkedIn's decision to permit certain third parties to access LinkedIn's property, including its website, under other circumstances has no bearing on hiQ's claims or defenses in this case. LinkedIn further objects to this topic as overbroad, unduly burdensome, and disproportionate to the needs of the case because

1   educating a witness on all decisions to include any person or entity on what hiQ refers to as the
2   "White List" is unreasonable and disproportionate to the needs of the case.
3   In light of the foregoing objections, LinkedIn will not provide a witness to testify in
4   response to this topic but is willing to meet and confer to determine whether there is a reasonable
5   scope of information regarding this topic that is within the scope of permissible discovery and as
6   to which a corporate designee could be reasonably prepared to provide non-privileged testimony.

7   **TOPIC OF EXAMINATION NO. 15:**
8   LinkedIn's relationship and communications with third-parties that have at any time
9   (including at present) scraped, crawled, or otherwise accessed via automated means LinkedIn's
10  website, servers, or computers, including Bing and/or Google.

11  **RESPONSE TO TOPIC OF EXAMINATION NO. 15:**
12  LinkedIn object to this request to the extent it seeks testimony that is protected by the
13  attorney-client privilege, work-product doctrine, or other applicable protection.  LinkedIn objects
14  to the extent this topic as overbroad and beyond the scope of permissible discovery to the extent it
15  calls for communications with any third-parties over an unlimited timeframe.  LinkedIn further
16  objects that this topic as vague, ambiguous, overbroad, and unduly burdensome because
17  LinkedIn's decision to permit certain third parties to access LinkedIn's property, including its
18  website, under other circumstances has no bearing on hiQ's claims or defenses in this case.
19  LinkedIn further objects to this topic as overbroad, unduly burdensome, and disproportionate to
20  the needs of the case because it is unreasonable to educate and expect a witness to be prepared to
21  speak about and memorize communications or relationships with all third parties that have at any
22  time (including at present) scraped, crawled, or otherwise accessed via automated means
23  LinkedIn's website, servers, or computers.
24   In light of the foregoing objections, LinkedIn will not provide a witness to testify in
25  response to this topic but is willing to meet and confer to determine whether there is a reasonable
26  scope of information regarding this topic that is within the scope of permissible discovery and as
27  to which a corporate designee could be reasonably prepared to provide non-privileged testimony.
28

1

2   **TOPIC OF EXAMINATION NO. 18:**

3      LinkedIn's relationship and communications with Visier, including LinkedIn's decision
4   whether to permit Visier to scrape, crawl, or otherwise access via automated means LinkedIn's
5   website, servers, or computers.

6   **RESPONSE TO TOPIC OF EXAMINATION NO. 18:**

7      LinkedIn objects to this request to the extent it seeks testimony that is protected by the
8   attorney-client privilege, work-product doctrine, or other applicable protection.  LinkedIn further
9   objects that the "relationship and communications with Visier" is not relevant to the parties'
10  claims or defenses and that this topic is unduly burdensome because the discoverable information
11  that this topic is seeking would be better sought through written discovery.

12     In light of the foregoing objections, LinkedIn will not provide a witness to testify in
13  response to this topic but is willing to meet and confer to determine whether there is a reasonable
14  scope of information regarding this topic that is within the scope of permissible discovery and as
15  to which a corporate designee could be reasonably prepared to provide non-privileged testimony.

16  **TOPIC OF EXAMINATION NO. 19:**

17     LinkedIn's relationship and communications with Sunrise Technologies, including
18  LinkedIn's decision whether to permit Sunrise Technologies to scrape, crawl, or otherwise access
19  via automated means LinkedIn's website, servers, or computers.

20  **RESPONSE TO TOPIC OF EXAMINATION NO. 19:**

21     LinkedIn objects to this request to the extent it seeks testimony that is protected by the
22  attorney-client privilege, work-product doctrine, or other applicable protection.  LinkedIn further
23  objects that the "relationship and communications with Sunrise Technologies" is not relevant to
24  the parties' claims or defenses and that this topic is unduly burdensome because the discoverable
25  information that this topic is seeking would be better sought through written discovery.

26     In light of the foregoing objections, LinkedIn will not provide a witness to testify in
27  response to this topic but is willing to meet and confer to determine whether there is a reasonable
28  scope of information regarding this topic that is within the scope of permissible discovery and as

1  to which a corporate designee could be reasonably prepared to provide non-privileged testimony.

**TOPIC OF EXAMINATION NO. 30:**

    Annual revenue and profits from LinkedIn's Recruiter and/or Talent Insights businesses.

1 **RESPONSE TO TOPIC OF EXAMINATION NO. 30:**

2     LinkedIn objects to this request to the extent it seeks testimony that is protected by the
3 attorney-client privilege, work-product doctrine, or other applicable protection.  LinkedIn further
4 objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the
5 case in that hiQ has not raised any claims which implicate or make LinkedIn's profits or revenue
6 relevant, nor is LinkedIn currently seeking damages for lost business or lost revenue in its
7 Counterclaims.
8     In light of the foregoing objections, LinkedIn will not provide a witness to testify in
9 response to this topic but is willing to meet and confer to determine whether there is a reasonable
10 scope of information regarding this topic that is within the scope of permissible discovery and as
11 to which a corporate designee could be reasonably prepared to provide non-privileged testimony.

23 **TOPIC OF EXAMINATION NO. 32:**
24     LinkedIn's decision to acquire or partner with any third-party People Analytics and/or HR
25 Analytics companies, including Glint and/or Visier.
26 **RESPONSE TO TOPIC OF EXAMINATION NO. 32:**
27     LinkedIn objects to this request to the extent it seeks testimony that is protected by the
28 attorney-client privilege, work-product doctrine, or other applicable protection.  LinkedIn further

1   objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the
2   case in that it seeks testimony concerning any third-party People Analytics and/or HR Analytics
3   company, which encompasses products, services, and offerings that have no relevance to the
4   issues in this case.  LinkedIn further objects to the extent this topic seeks testimony as to
5   LinkedIn products, services, and offerings for which hiQ has not articulated a good-faith factual
6   basis that the product, service, or offering either a) competed with hiQ's Keeper or Skill Mapper
7   products or b) uses LinkedIn member data in a way that is inconsistent with the terms of
8   LinkedIn's agreements with its members.  To date, hiQ has alleged only that Recruiter and Talent
9   Insights competed with hiQ's products and has not articulated any good-faith factual basis that
10  any LinkedIn product, service, or offering uses LinkedIn member data in a way that is
11  inconsistent with the terms of LinkedIn's agreements with its members such as LinkedIn's User
12  Agreement or Privacy Policy.  LinkedIn further objects that the market for "People Analytics or
13  HR Analytics products and services" is vague, undefined, and not adequately specified, as the
14  Court held in its September 9, 2020 order granting LinkedIn's motion to dismiss hiQ's antitrust
15  claims.

    In light of the foregoing objections, LinkedIn will not provide a witness to testify in
    response to this topic but is willing to meet and confer to determine whether there is a reasonable
    scope of information regarding this topic that is within the scope of permissible discovery and as
    to which a corporate designee could be reasonably prepared to provide non-privileged testimony.

**TOPIC OF EXAMINATION NO. 33:**

    LinkedIn's investigation or research into third-party People Analytics and/or HR
    Analytics companies, including Glint and/or Visier.

**RESPONSE TO TOPIC OF EXAMINATION NO. 33:**

    LinkedIn objects to this request to the extent it seeks testimony that is protected by the
    attorney-client privilege, work-product doctrine, or other applicable protection.  LinkedIn further
    objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the
    case in that it seeks testimony concerning any third-party People Analytics and/or HR Analytics
    company, which encompasses products, services, and offerings that have no relevance to the

issues in this case.  LinkedIn further objects to the extent this topic seeks testimony as to LinkedIn products, services, and offerings for which hiQ has not articulated a good-faith factual basis that the product, service, or offering either a) competed with hiQ's Keeper or Skill Mapper products or b) uses LinkedIn member data in a way that is inconsistent with the terms of LinkedIn's agreements with its members.  To date, hiQ has alleged only that Recruiter and Talent Insights competed with hiQ's products and has not articulated any good-faith factual basis that any LinkedIn product, service, or offering uses LinkedIn member data in a way that is inconsistent with the terms of LinkedIn's agreements with its members such as LinkedIn's User Agreement or Privacy Policy.  LinkedIn further objects that the market for "People Analytics or HR Analytics products and services" is vague, undefined, and not adequately specified, as the Court held in its September 9, 2020 order granting LinkedIn's motion to dismiss hiQ's antitrust claims.

In light of the foregoing objections, LinkedIn will not provide a witness to testify in response to this topic but is willing to meet and confer to determine whether there is a reasonable scope of information regarding this topic that is within the scope of permissible discovery and as to which a corporate designee could be reasonably prepared to provide non-privileged testimony.

23
LINKEDIN CORPORATION'S OBJECTIONS AND RESPONSES TO HIQ LABS, INC.'S CIV. P. 30(b)(6) NOTICE OF SUBPOENA – No. 17-cv-03301-EMC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

26 **TOPIC OF EXAMINATION NO. 37:**

27     Complaints from LinkedIn members regarding the products or services of any third-party
28 People Analytics and/or HR Analytics companies, including Glint and/or Visier.

1  **RESPONSE TO TOPIC OF EXAMINATION NO. 37:**

2      LinkedIn objects to this request to the extent it seeks testimony that is protected by the
3  attorney-client privilege, work-product doctrine, or other applicable protection.  LinkedIn objects
4  to this topic as overbroad, unduly burdensome, and disproportionate to the needs of the case as it
5  is not limited in scope regarding complaints regarding third-party products or services.  LinkedIn
6  understands this topic to request testimony concerning complaints from LinkedIn members
7  concerning the privacy or third-party access of their information.  LinkedIn further objects to the
8  extent this topic seeks testimony as to products, services, and third-parties for which hiQ has not
9  articulated a good-faith factual basis that they are relevant. LinkedIn further objects that the
10 market for "People Analytics or HR Analytics products and services" is vague, undefined, and
11 not adequately specified, as the Court held in its September 9, 2020 order granting LinkedIn's
12 motion to dismiss hiQ's antitrust claims.

13     In light of the foregoing objections, LinkedIn will not provide a witness to testify in
14 response to this topic but is willing to meet and confer to determine whether there is a
15 reasonable scope of information regarding this topic that is within the scope of permissible
16 discovery and as to which a corporate designee could be reasonably prepared to provide non-
17 privileged testimony.