ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
RUSSELL P. COHEN (SBN 213105)
rcohen@orrick.com
CATHERINE Y. LUI (SBN 239648)
clui@orrick.com
NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
DANIEL JUSTICE (SBN 291907)
djustice@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105-2669
Telephone:	+1 415 773 5700
Facsimile:	+1 415 773 5759

MARIA N. SOKOVA (SBN 323627)
msokova@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:	+1 650 614 7400
Facsimile:	+1 650 614 7401

*Attorneys for LinkedIn Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| hiQ Labs, Inc.,<br><br>        Plaintiff,<br><br>    vs.<br><br>LinkedIn Corporation,<br><br>        Defendant. | Case No. 17-cv-03301-EMC<br><br>**LINKEDIN CORPORATION'S LOCAL RULE 79-5 ADMINISTRATIVE MOTION TO FILE DESIGNATED MATERIALS UNDER SEAL TO RETAIN CONFIDENTIALITY (ECF NO. 249)**<br><br>Complaint Filed:   June 7, 2017<br>Trial Date:          February 27, 2023 |
| LinkedIn Corporation<br><br>        Counterclaimant,<br>    vs.<br><br>hiQ Labs, Inc.<br><br>        Counterdefendants, | |

Pursuant to Civil Local Rules 79-5(f)(3) and 79-5(c)(1), Federal Rule of Civil Procedure 26(c)(1), and the Stipulated Protective Order For Litigation Involving Patents, Highly Sensitive Confidential Information, and/or Trade Secrets (ECF No. 213) (the "Protective Order"), LinkedIn Corporation ("LinkedIn") hereby moves to retain the confidentiality of designated materials in ECF No. 249 under seal.  In support of this request, LinkedIn submits the Declaration of Scott Roberts, a copy of ECF No. 249 with highlights indicating the information LinkedIn requests to seal (Exhibit A), as well as a proposed order.

## I.   LEGAL STANDARD

The Ninth Circuit has recognized that two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard.  *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)).  Despite a general preference for public access, "for sealed materials attached to a discovery motion unrelated to the merits of a case" "a party need only satisfy the less exacting 'good cause' standard" from Rule 26(c)(1).  *Ctr. for Auto Safety,* 809 F.3d at 1097 (citation omitted).  That is because the policy of public access does not apply with equal force to non-dispositive materials.  *Allen v. City of Oakland*, No. 00-CV-04599 TEH NC, 2012 WL 5949619, at *1 (N.D. Cal. Nov. 28, 2012); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2019) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal.").

The "good cause" language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process.  "Applying a strong presumption of access to documents a court has already decided should be shielded from the public would surely undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders," and thereby undermine Rule 26(c). *Phillips ex rel. Estates of Byrd v. GM Corp.,* 307 F.3d 1206, 1213 (9th Cir. 2002); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) (explaining that discovery is largely "conducted in private as a matter of modern practice," so the public is not presumed to have a right of access to it).

## II. MATERIALS REQUESTED TO BE SEALED

LinkedIn seeks to seal certain portions of hiQ's April 11, 2022, letter to Judge Kim, ECF No. 249. The information in this letter is submitted in support of a discovery dispute that is unrelated, or, at best, tangentially related to resolution of the underlying cause of action. *See Phillips*, 307 F.3d at 1213. As set forth in the Declaration of Scott Roberts filed concurrently with this motion ("Roberts Decl."), the limited information LinkedIn seeks to seal is sensitive information that LinkedIn maintains in confidence. This information concerns business strategies and plans, including evaluation of and identification of competitors and potential competitors. Roberts Decl. ¶ 2.

Specifically, LinkedIn seeks an order sealing the following information:

| Portion of ECF 249 – to be Sealed as Shown in Exhibit A | Basis for Sealing Document or Portions Thereof |
|---|---|
| Highlighted portions of image on page 4 | This information reflects internal strategic business decisions including evaluation of and identification of competitors and potential competitors, which are not disclosed publicly. This information also contains information taken out of context, including personal opinions and uninformed statements regarding legal strategies and anti-scraping enforcement. Public disclosure of this information could harm LinkedIn by giving its competitors advantage, casting LinkedIn in an unfair light, or harm LinkedIn by giving scrapers more information about LinkedIn's approach to stopping them, increasing LinkedIn's costs for anti-scraping enforcement. |
| Highlighted portions of footnote 1 | This information reflects internal strategic business decisions including evaluation of and identification of competitors and potential competitors, which are not disclosed publicly. This information also contains information taken out of context and includes personal opinions and uniformed statements regarding legal strategies and anti-scraping enforcement. Public disclosure of this information could harm LinkedIn by giving its competitors advantage, casting LinkedIn in an unfair light, or harm LinkedIn by giving scrapers more information about LinkedIn's approach to stopping them, increasing LinkedIn's costs for anti-scraping enforcement. |

| Portion of ECF 249 – to be Sealed as Shown in Exhibit A | Basis for Sealing Document or Portions Thereof |
|---|---|
| Highlighted portion of page 5 | This information reflects internal strategic business decisions including evaluation of and identification of competitors and potential competitors, which are not disclosed publicly. This information also contains information taken out of context. Public disclosure of this information could harm LinkedIn by giving its competitors advantage or by casting LinkedIn in an unfair light. |
| Highlighted portion of footnote 2 | This information reflects internal strategic business decisions including evaluation of and identification of competitors and potential competitors, which are not disclosed publicly. This information also reflects LinkedIn's strategic approach to trust and safety, including stopping unauthorized scraping. Public disclosure of this information could harm LinkedIn by giving its competitors advantage, casting LinkedIn in an unfair light, or harm LinkedIn by giving scrapers more information about LinkedIn's approach to stopping them, increasing LinkedIn's costs for anti-scraping enforcement. |
| Highlighted portion on page 7 | This information reflects internal strategic business decisions including evaluation of and identification of competitors and potential competitors, which are not disclosed publicly, and information taken out of context. Public disclosure of this information could harm LinkedIn by giving its competitors advantage or by casting LinkedIn in an unfair light. |

As set forth in the accompanying Declaration of Scott Roberts, the limited and narrowly tailored information LinkedIn seeks to seal contains LinkedIn's internal strategic business decisions which are not disclosed publicly. LinkedIn restricts knowledge of this information within LinkedIn to a subset of persons who need this information for their business operations. Roberts Decl. ¶ 2. Disclosure of this information to the public and LinkedIn's competitors will harm LinkedIn, including through adverse impacts on LinkedIn's future deals and acquisitions and could negatively impact LinkedIn's position in negotiations if leveraged by a third party. *Id*. ¶ 3. LinkedIn's competitors could use this information to obtain an unfair competitive advantage

against LinkedIn.  *Id.; see Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-cv-02864-JD, 2016 WL 4091388, at *1 (N.D. Cal. Aug. 2, 2016) (sealing information that gives an "unfair advantage" to competitors).  LinkedIn also goes to great effort to prevent unauthorized access to and scraping of its website and does not publicly disclose sensitive information about LinkedIn's strategic approach to trust and safety, including unauthorized scraping, , and legal policies LinkedIn uses to defend its computer systems and protect member data. *Id.*  Public disclosure of this information could give third parties insights into those systems and encourage them to try to circumvent LinkedIn's technical defenses. Roberts Decl. ¶ 3.  *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2018 WL 9651897, at *3 (N.D. Cal. Jan. 3, 2018) (finding good cause to seal material related to the technology and security that could be used to breach Yahoo's systems).

Furthermore, some of the highlighted portions of the letter are mere snippets taken out of context from larger documents.  The statements lack context and may mislead the public and harm LinkedIn by casting it in an unfair light.  They could further embolden scrapers to further test and attempt to penetrate LinkedIn's anti-scraping defenses and policies.  *Id.*; *see* Fed. R. Civ. P. 26(c) (authorizing protective orders to "protect a party … from annoyance, embarrassment, oppression, or undue burden or expense").

Finally, the documents from which this material is derived were designated "Confidential" and/or "Confidential – Attorney's Eyes Only" pursuant to the protective order in this case.  *See* ECF No. 213; *see also Phillips*, 307 F.3d at 1213 ("When a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.").  As discussed above and reflected in the designation applied to these documents pursuant to the court-ordered Protective Order, these documents contain LinkedIn sensitive business, strategy, and platform defense information that could cause harm to LinkedIn if publicly disclosed.  *See also* Roberts Decl. ¶¶ 2-3.  Maintaining them under seal is accordingly appropriate and justified under the "good cause" standard.

//

## III. CONCLUSION

For the foregoing reasons, LinkedIn respectfully requests that the Court grant LinkedIn's Administrative Motion to Seal the designated materials in ECF No. 249.

Dated: April 18, 2022

Orrick, Herrington & Sutcliffe LLP

By: /s/ *Nathan Shaffer*
NATHAN SHAFFER
Attorneys for Defendant
LinkedIn Corporation