UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIQ LABS, INC., <br><br>        Plaintiff, <br><br>    v. <br><br>LINKEDIN CORPORATION, <br><br>        Defendant. | Case No. 17-cv-03301-EMC (SK) <br><br>**ORDER ON DISCOVERY DISPUTE** <br><br>Regarding Docket Nos. 249, 250, 251, 252, 255 |

Now before the Court is the parties' discovery disputes regarding: (1) a motion by Plaintiff hiQ Labs, Inc. ("hiQ") to compel production of documents regarding the attempts by Defendant Linkedin Corporation ("Linkedin") to target and monitor competitive companies, and (2) a motion for protective order brought by Linkedin to prevent discovery regarding Linkedin's actual or planned acquisition of other companies and Linkedin's evaluation of and conduct towards other "third-party scrapers other than hiQ" Labs.  (Dkt. Nos. 250, 251, 252, 253.)

The substantive disputes originally arose in the context of a motion by hiQ to file a discovery letter brief without Linkedin's participation.  Linkedin opposed that motion and provided a substantive response.  (Dkt. Nos. 250, 251, 253.)  Because the parties addressed the issues substantively in separate briefs, the Court finds the request by hiQ to address its motion to compel without Linkedin's response.  (Dkt. No. 250) to be MOOT.

In addition, hiQ moved to seal certain documents.  (Dkt. No. 249.)  The Court GRANTS IN PART and DENIES IN PART hiQ's motion to seal.  The motion is GRANTED as to the redacted portions of page 5 of the document at issue (Dkt. No. 249-4) but DENIED as to the remainder.

A. Background

hiQ initially filed suit against Linkedin on June 7, 2017 for declaratory judgment that it

had not violated the Computer Fraud and Abuse Act (18 U.S.C. §1030), the Digital Millennium Copyright Act (17 U.S.C. § 1202), common law trespass to chattels, or California Penal Code § 502(c); for injunctive relief and monetary relief for intentional interference with contract and prospective economic advantage (the "interference" claims), unfair competition under California Business and Professions Code § 17200, promissory estoppel, and "violation of right to free speech" under California law. (Dkt. No. 1.) hiQ alleged that its action in "scraping" public information about Linkedin's users from its website does not violate the law and that Linkedin's actions in attempting to block hiQ's access to Linkedin's data violates the law. (Dkt. No. 1.)

hiQ filed a motion for preliminary injunction, which the presiding judge granted on August 14, 2017. (Dkt. No. 63.) That order enjoined Linkedin from preventing hiQ's "access, copying, or use of public profiles" from Linkedin's website, and from "blocking or putting in place any mechanism . . . with the effect of blocking hiQ's access." (*Id.*)

hiQ filed a First Amended Complaint on February 14, 2020, in which it asserted the same claims for declaratory relief, interference, and unfair competition but without the free speech claim and claim for promissory estoppel. (Dkt. No. 131.) In the First Amended Complaint, hiQ also added antitrust claims for violation of the Sherman Act, 15 U.S.C. §§ 1 and 2. (Dkt. No. 131.)

On September 9, 2020, the presiding judge granted in part and denied in part Linkedin's motion to dismiss. (Dkt. No. 158.) The order regarding dismissal dismissed all of the antitrust claims and gave leave to amend its claims "only to the extent that they are based on the theories of unilateral refusal to deal and the essential facilities doctrine" because other theories of antitrust "are futile." (*Id.*) As a result of the ruling, the sole remaining claims are the ones for declaratory relief, interference, and unfair competition. hiQ did not amend the First Amended Complaint.

**A. Analysis**

The crux of the current motions is whether hiQ can obtain information about Linkedin's actions towards other companies – not hiQ. Linkedin allegedly monitored competitors and considered blocking access by other competitors to its data – just as it attempted to do with hiQ – or considered acquiring competitors. Linkedin argues that the information about these two subjects is relevant only to the antitrust claims that were dismissed and thus that Linkedin should

not be forced to produce this information.  Linkedin argues that, even if the information has some relevance, a balancing of proportionality does not weigh in favor of disclosure under Federal Rule of Civil Procedure 26.  hiQ argues that the information is relevant to the claims for unfair competition – which are broader and remain valid even though the antitrust claims are no longer part of this case.  hiQ also argues that the information is relevant to intent – which hiQ must show to prove the intentional inference claims.

Here, the attempt to use the disputed information to show intent or motive is weak, as shown by the allegations of the First Amended Complaint.  hiQ alleged in the First Amended Complaint that Linkedin was aware that hiQ had its own clients, deals, and pending financing and that Linkedin's preventing hiQ's access to public data on Linkedin's site disrupted those relationships.  (Dkt. No. 131.)  In its three separate claims for unfair competition, hiQ alleged:  (1) that Linkedin's denial of access "violates the policy and spirit of antitrust law" and that "Linkedin is using its dominant presence . . . to assume exclusive proprietary control over data that is not owned by Linkedin," (2) that Linkedin's "tortious interference with hiQ's current and prospective contractual and business relationships" constitute unlawful competition; and (3) that Linkedin's action constitute "fraudulent competition" because it gathered information from users after representing falsely that the user – not Linkedin – owns the data and that they can share the data.  (*Id.*)  That Linkedin allegedly considered taking similar action in denying access to other scrapers and that Linkedin allegedly considered acquiring competitors is not directly relevant to Linkedin's motive or intent with regard to hiQ.  And that a large company reviews competitors to assess the legality of their actions or to acquire them is not so unique or unusual to prove intent or motive toward hiQ.

hiQ argues that Linkedin's actions towards other competitors supports its claim for unfair competition under the first theory listed above – that Linkedin "violates the policy and spirit of antitrust law" – which hiQ can assert under California's unfair competition law even if barred by federal antitrust law.  In essence, hiQ argues that it can litigate all of its dismissed antitrust claims under California's unfair competition law.  Given how vague the allegation in the First Amended Complaint is with regard to this claim, it is difficult to determine the relevance.  And even if the

3

evidence has some relevance to hiQ's theory, the burden of production at this late stage of litigation far outweighs the needs of the case. Linkedin asserts that responding to the disputed requests would require hundreds of thousands of dollars and hundreds of hours to process and result in hundreds of thousands of documents for review. hiQ does not dispute this characterization of the burden. This case has been pending since 2017; the deadline for factual discovery is May 20, 2022; and trial is set for February 27, 2023. After balancing the relevance with the needs of the case, the Undersigned finds that the scale tips towards Linkedin.

For these reasons, Linkedin's motion for a protective order is GRANTED, and hiQ's motion to compel documents is DENIED.

**IT IS SO ORDERED**.

Dated: April 26, 2022

_____
SALLIE KIM
United States Magistrate Judge