1  Corey Worcester (*pro hac vice*)
   coreyworcester@quinnemanuel.com
2  Renita Sharma (*pro hac vice*)
   renitasharma@quinnemanuel.com
3  QUINN EMANUEL URQUHART AND SULLIVAN LLP
   51 Madison Avenue, 22nd Floor
4  New York, NY 10010
   Telephone:     (212) 849-7000
5  Facsimile:     (212) 849-7100

6  Terry L. Wit (SBN 233473)
   terrywit@quinnemanuel.com
7  Adam B. Wolfson (SBN 262125)
   adamwolfson@quinnemanuel.com
8  QUINN EMANUEL URQUHART AND SULLIVAN LLP
   50 California Street, 22nd Floor
9  San Francisco, CA 94111
   Telephone:     (415) 875-6600
10 Facsimile:     (415) 875-6700

11 Attorneys for Plaintiff hiQ Labs, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| hiQ Labs, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> LinkedIn Corp., <br><br> Defendant. | Case No. 3:17-CV-03301-EMC <br><br> **ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFF HIQ LABS, INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER** |

Pursuant to the Northern District of California's Civil Local Rules 7-11 and 79-5(b), Plaintiff hiQ Labs, Inc. ("hiQ") hereby brings this Administrative Motion to Seal Portions of hiQ's Motion for Relief from Magistrate Judge Kim's Nondispositive Pretrial Order On Discovery Dispute ("Motion").

On May 9, 2022, hiQ filed the Motion. A document quoted in the Motion has been designated by LinkedIn as Confidential or Highly Confidential pursuant to the Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information And/Or Trade Secrets (ECF No. 213). hiQ respectfully requests permission to file portions of the Motion under seal, as explained herein.

"A party seeking to seal a document filed with the Court must (1) comply with Civil Local Rule

79-5; and (2) rebut the 'strong presumption in favor of access' that applies to all court documents other than grand jury transcripts and pre-indictment warrant materials." *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, Case No. 12-cv-03844-JST, 2015 WL 984121, at *1 (N.D. Cal. Mar. 4, 2015) (*quoting Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To satisfy the first prong under Civil Local Rule 79-(b), a sealing order may issue if the document or portions of the document sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material." *Id.* To satisfy the second prong for documents that are not attached to dispositive motions, the party "need only make 'a particularized showing under the good cause standard of Rule 26(c)' to justify sealing the materials." *Icon-IP*, 201 WL 984121, at *1 (*quoting Kamakana*, 447 F.3d at 1180). "A court may, for good cause, keep documents confidential 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (*quoting* Fed. R. Civ. P. 26(c)).

The Motion contains information LinkedIn has designated as warranting protection under the Parties' Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information, And/Or Trade Secrets (ECF No. 213 ("Protective Order")). Accordingly, as explained further in the accompanying Declaration of Elisabeth B. Miller, hiQ intends to file the Motion with the material that LinkedIn has designated as Confidential redacted.

Dated:  May 9, 2022

QUINN EMANUEL URQUHART & SULLIVAN LLP

By:   */s/ Elisabeth B. Miller*
Elisabeth B. Miller
Attorney for Plaintiff hiQ Labs, Inc.

Case No. 3:17-cv-03301-EMC
ADMIN. MOTION TO FILE UNDER SEAL PORTIONS OF PL.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER

2