UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIQ LABS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>LINKEDIN CORPORATION,<br><br>    Defendant. | Case No. 17-cv-03301-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Docket No. 262 |

    Currently pending before the Court is hiQ's motion for relief from Judge Kim's order of April 26, 2022. *See* Docket No. 256 (order). In that order, Judge Kim denied hiQ's request that LinkedIn be compelled to produce documents related to LinkedIn's conduct toward other competitive companies (such as monitoring or acquiring), including other data scrapers. Having considered the parties' briefs, Judge Kim's order, and the evidence of record, the Court hereby **DENIES** hiQ's motion.

    "Rule 72(a) of the Federal Rules of Civil Procedure allows aggrieved parties to file timely objections to rulings of a magistrate judge in nondispositive matters. Such objections are sustained if the magistrate judge's order is 'found to be clearly erroneous or contrary to law.'" *In re McKesson HBOC, Inc. Secs. Litig.*, No. C-99-20743 RMW, 2005 U.S. Dist. LEXIS 7098, at *20-21 (N.D. Cal. Mar. 31, 2005).

    hiQ argues first that Judge Kim made a legal error because she applied a heightened "direct relevance" standard. hiQ is incorrect. Although Judge Kim did use the language "directly relevant" in her order, it is clear that she was simply assessing how much probative value the information sought had as part of the Rule 26 balancing test. *See* Fed. R. Civ. P. 26(b)(1). Nor

did Judge Kim clearly err in assessing the probative value of the information at issue. *See Burdick v. Comm'r Internal Rev. Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992) (stating that a magistrate judge's non-dispositive ruling is clearly erroneous only when the district judge is left with a "definite and firm conviction that a mistake has been committed"). She did not err in finding the evidence relative to other competitors tangential to LinkedIn's intent vis-à-vis hiQ.

hiQ argues next that Judge Kim erred with respect to her understanding of its § 17200 claim (specifically, the unfair prong). According to hiQ, Judge Kim failed to take into account that the § 17200 claim is not equivalent to the federal antitrust claims that this Court dismissed, either as a legal matter or as a factual matter. Again, hiQ is not correct, ignoring the broader context of Judge Kim's order.

Finally, hiQ challenges Judge Kim's ruling that, even if the information sought were relevant, "the burden of production at this late stage of litigation far outweighs the needs of the case." Docket No. 256 (Order at 4). Based on the submitted record on the burden of the broad discovery sought by hi-Q, Judge Kim did not clearly err in reaching this conclusion.

Accordingly, the Court **DENIES** hiQ's motion for relief.

This order disposes of Docket No. 262.

**IT IS SO ORDERED**.

Dated: June 3, 2022

_____
EDWARD M. CHEN
United States District Judge