1  ANNETTE L. HURST (SBN 148738)
   ahurst@orrick.com
2  RUSSELL P. COHEN (SBN 213105)
   rcohen@orrick.com
3  CATHERINE Y. LUI (SBN 239648)
   clui@orrick.com
4  NATHAN SHAFFER (SBN 282015)
   nshaffer@orrick.com
5  DANIEL JUSTICE (SBN 291907)
   djustice@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   405 Howard Street
7  San Francisco, CA  94105-2669
   Telephone:   +1 415 773 5700
8  Facsimile:   +1 415 773 5759

9  MARIA N. SOKOVA (SBN 323627)
   msokova@orrick.com
10 ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
11 Menlo Park, CA  94025-1015
   Telephone:   +1 650 614 7400
12 Facsimile:   +1 650 614 7401

13 *Attorneys for LinkedIn Corporation*

14                UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16                      SAN FRANCISCO DIVISION

17

| | |
|---|---|
| 18  hiQ Labs, Inc., | Case No. 17-cv-03301-EMC |
| 19           Plaintiff, | **[PROPOSED] ORDER DENYING HIQ LABS, INC.'S RENEWED MOTION TO DISMISS DEFENDANT AND COUNTERCLAIM PLAINTIFF LINKEDIN CORP.'S COUNTERCLAIMS** |
| 20      vs. | |
| 21  LinkedIn Corporation, | |
| 22           Defendant. | |
| 23  LinkedIn Corporation | |
| 24           Counterclaimant, | |
| 25      vs. | |
| 26  hiQ Labs, Inc. | |
| 27           Counterdefendant, | |
| 28 | |

hiQ Labs, Inc. ("hiQ") filed a Renewed Motion to Dismiss LinkedIn Corporation's First and Second Counterclaims ("Motion") on May 20, 2022.  The Court, having considered the motion and the opposition, the papers and pleadings on file in this action, and the argument of the parties, hereby **DENIES** hiQ's Motion as follows:

<u>LinkedIn's CFAA claim.</u>  hiQ moves to dismiss LinkedIn's "unauthorized access" CFAA claim based on the argument that "LinkedIn has failed to state a claim against hiQ for violations of the CFAA because … the data that hiQ scraped was accessible to the general public."  ECF No. 274 at 7.  But, as alleged in LinkedIn's amended counterclaims, hiQ's Keeper product depended on hiQ accessing information behind LinkedIn's password barrier, which hiQ knowingly circumvented without authority.  It thus "circumvent[ed] a computer's generally applicable rules regarding access permissions, such as username and password requirements, to gain access to a computer."  *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1201 (9th Cir. 2022).  LinkedIn has also adequately pled that hiQ bypassed still more access permissions to obtain information on LinkedIn servers, stating a claim under *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1067 (9th Cir. 2016).  For similar reasons, LinkedIn adequately pleads that hiQ exceeded authorized access by circumventing LinkedIn's technological access barriers.

<u>LinkedIn's Cal. Penal Code § 502 Claim.</u>  hiQ moves to dismiss LinkedIn's § 502 claim based on the mistaken premise that § 502 is coextensive with the CFAA.  "The statutes are different," however, because a § 502 claim "does not require unauthorized access," only use of, copying of, or modification of data without permission.  *United States v. Christensen*, 828 F.3d 763, 789 (9th Cir. 2016).  LinkedIn has plausibly alleged that hiQ engaged in such conduct.

**IT IS SO ORDERED**.

Dated: _____

                              HON. EDWARD M. CHEN
                              UNITED STATES DISTRICT JUDGE