ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
RUSSELL P. COHEN (SBN 213105)
rcohen@orrick.com
CATHERINE Y. LUI (SBN 239648)
clui@orrick.com
NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
DANIEL JUSTICE (SBN 291907)
djustice@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:    +1 415 773 5759

MARIA N. SOKOVA (SBN 323627)
msokova@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:   +1 650 614 7400
Facsimile:    +1 650 614 7401

*Attorneys for LinkedIn Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| hiQ Labs, Inc.,<br><br>    Plaintiff,<br><br>    vs.<br><br>LinkedIn Corporation,<br><br>    Defendant.<br><br>LinkedIn Corporation<br><br>    Counterclaimant,<br>    vs.<br><br>hiQ Labs, Inc.<br><br>    Counterdefendants, | Case No. 17-cv-03301-EMC<br><br>**LINKEDIN'S RENEWED REQUEST FOR JUDICIAL NOTICE**<br><br>Judge:           Hon. Edward M. Chen<br>Hearing date:  July 14, 2022<br>Hearing time:  1:30 p.m.<br><br>Complaint Filed:   June 7, 2017<br>Trial Date:           February 27, 2023 |

Pursuant to Federal Rule of Evidence 201, Defendant and Counterclaimant LinkedIn Corporation ("LinkedIn"), by and through its undersigned counsel, respectfully renews its requests that this Court take judicial notice of the legislative history for California Senate Bill 255 of 1987, codified in California Penal Code § 502(c).  This request is based on this brief, the original Request for Judicial Notice (ECF No. 190), and the declaration of Jenny S. Lillge and the exhibit thereto (ECF No. 190.01) filed with LinkedIn's original Request for Judicial Notice.

LinkedIn requests that the Court take judicial notice of the legislative history for California Senate Bill 255 of 1987, including the following reflected in **Exhibit A to the Lillge Declaration** (ECF No. 190.01):

1. All versions of Senate Bill 255 (Davis-1987);
2. Procedural history of Senate Bill 255 from the 1987-88 *Senate Final History*;
3. Analysis of Senate Bill 255 prepared for the Senate Committee on Judiciary;
4. Material from the legislative bill file of the Senate Committee on Judiciary on Senate Bill 255 as follows:
    a. Previously Obtained Material,
    b. Updated Collection of Material;
5. Analysis of Senate Bill 255 prepared by the Legislative Analyst;
6. Material from the legislative bill file of the Senate Committee on Appropriations on Senate Bill 255 as follows:
    a. Previously Obtained Material,
    b. Updated Collection of Material;
7. Third Reading analysis of Senate Bill 255 prepared by the Office of Senate Floor Analyses;
8. Material from the legislative bill file of the Office of Senate Floor Analyses on Senate Bill 255;
9. Three analyses of Senate Bill 255 prepared for the Assembly Committee on Public Safety;
10. Material from the legislative bill file of the Assembly Committee on Public Safety on Senate Bill 255;
11. Analysis of Senate Bill 255 prepared for the Assembly Committee on Ways and Means;
12. Three Third Reading analyses with attached Proposed Amendments of Senate Bill 255 prepared by the Assembly Committee on Public Safety;
13. Material from the legislative bill file of the Assembly Republican Caucus on Senate Bill 255 as follows:
    a. Previously Obtained Material,
    b. Updated Collection of Material;

14. Unfinished Business analysis of Senate Bill 255 prepared by the Office of Senate Floor Analyses;
15. Material from the legislative bill file of Senator Ed Davis on Senate Bill 255;
16. Post-enrollment documents regarding Senate Bill 255;
17. Excerpt regarding Senate Bill 255 from the 1987 *Summary Digest of Statutes Enacted and Resolutions Adopted*, prepared by Legislative Counsel;
18. Excerpt regarding Senate Bill 255 from the 1987 *New Statutes Affecting the Criminal Law*, prepared by the Assembly Committee on Public Safety;
19. Documents from the Los Angeles County Board of Supervisors Office, regarding Los Angeles Computer Crime Task Force.

Also included for convenience with LinkedIn's original Request for Judicial Notice in **Exhibit B** (ECF No. 190.02) are the excerpts specifically cited and relied on in LinkedIn's opposition brief.

## ARGUMENT

One exception to the normal rule that a Court may not consider evidence extrinsic to the pleadings on a 12(b)(6) motion to dismiss is that "[a] court may take judicial notice" pursuant to Federal Rule of Evidence 201 "of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). Courts routinely take notice of the legislative history of state statutes pursuant to Rule 201. *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1120 n.8 (9th Cir. 2013) (taking judicial notice of legislative history on appeal from order granting motion to dismiss); *Chaker v. Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005) (taking judicial notice of the legislative history of Cal. Penal Code § 148.6).

The materials subject to the present request are all matters of public record that "can be accurately determined from sources whose accuracy cannot be questioned." Fed. R. Evid. 201. Together the materials make up "all documents relevant to the enactment of Senate Bill 255 of 1987," the bill that first codified the majority of the present language in California Penal Code § 502(c). *See* Lillge Decl. at 1. As the legislative history for a state statute and a matter of public record, the documents are the proper subject of judicial notice.

//

# CONCLUSION

For the foregoing reasons, LinkedIn respectfully requests that the Court take judicial notice of and otherwise consider the contents of each of the documents subject to this request in connection with LinkedIn's Opposition to hiQ's Renewed Motions to Dismiss LinkedIn's First and Second Counterclaims.

Dated: June 9, 2022                                       Orrick, Herrington & Sutcliffe LLP


By: _____/s/ Annette L. Hurst_____
ANNETTE L. HURST
Attorneys for Defendant
LinkedIn Corporation