Corey Worcester (*pro hac vice*)
coreyworcester@quinnemanuel.com
Renita Sharma (*pro hac vice*)
renitasharma@quinnemanuel.com
Hope Skibitsky (*pro hac vice*)
hopeskibitsky@quinnemanuel.com
Elisabeth Miller (*pro hac vice*)
elisabethmiller@quinnemanuel.com
Zane Muller (*pro hac vice*)
zanemuller@quinnemanuel.com
Daily Guerrero (*pro hac vice*)
dailyguerrero@quinnemanuel.com
QUINN EMANUEL URQUHART AND SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:      (212) 849-7100

Terry L. Wit (SBN 233473)
terrywit@quinnemanuel.com
Adam B. Wolfson (SBN 262125)
adamwolfson@quinnemanuel.com
QUINN EMANUEL URQUHART AND SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for Plaintiff hiQ Labs, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| hiQ Labs, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> LinkedIn Corp., <br><br> Defendant. | Case No. 3:17-CV-03301-EMC <br><br> **HIQ LABS, INC.'S LOCAL RULE 79-5(f) ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

Pursuant to the Northern District of California's Civil Local Rules 7-11 and 79-5(f), Plaintiff hiQ Labs, Inc. ("hiQ") hereby brings this Administrative Motion to Seal Portions of hiQ's Supplemental Opposition to LinkedIn's Motion to Dissolve the Preliminary Injunction ("Brief").

On June 22, 2022, hiQ filed the Brief. Documents quoted in the Brief, as well as deposition

testimony quoted in the Brief, have been designated by LinkedIn as Confidential or Highly Confidential pursuant to the Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information And/Or Trade Secrets (ECF No. 213). hiQ respectfully requests permission to file portions of the Brief under seal, as explained herein.

"A party seeking to seal a document filed with the Court must (1) comply with Civil Local Rule 79-5; and (2) rebut the 'strong presumption in favor of access' that applies to all court documents other than grand jury transcripts and pre-indictment warrant materials." *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, Case No. 12-cv-03844-JST, 2015 WL 984121, at *1 (N.D. Cal. Mar. 4, 2015) (*quoting Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To satisfy the first prong under Civil Local Rule 79-(b), a sealing order may issue if the document or portions of the document sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material." *Id.* To satisfy the second prong for documents that are not attached to dispositive motions, the party "need only make 'a particularized showing under the good cause standard of Rule 26(c)' to justify sealing the materials." *Icon-IP*, 201 WL 984121, at *1 (*quoting Kamakana*, 447 F.3d at 1180). "A court may, for good cause, keep documents confidential 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (*quoting* Fed. R. Civ. P. 26(c)).

The Brief contains information LinkedIn has designated as warranting protection under the Parties' Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information, And/Or Trade Secrets (ECF No. 213 ("Protective Order")). Accordingly, as explained further in the accompanying Declaration of Zane Muller, hiQ requests permission to file the Brief with the material that LinkedIn has designated as Confidential or Highly Confidential redacted.

Case No. 3:17-cv-03301-EMC
ADMIN. MOTION TO FILE UNDER SEAL PORTIONS OF PL.'S SUPPL. OPP. TO LINKEDIN'S MOTION TO DISSOLVE THE PRELIMINARY INJUNCTION

Dated: June 22, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: _____/s/ Zane Muller_____
Zane Muller
Attorneys for Plaintiff hiQ Labs, Inc.

Case No. 3:17-cv-03301-EMC
ADMIN. MOTION TO FILE UNDER SEAL PORTIONS OF PL.'S SUPPL. OPP. TO LINKEDIN'S MOTION TO DISSOLVE THE PRELIMINARY INJUNCTION