Corey Worcester (*pro hac vice*)
coreyworcester@quinnemanuel.com
Renita Sharma (*pro hac vice*)
renitasharma@quinnemanuel.com
Hope Skibitsky (*pro hac vice*)
hopeskibitsky@quinnemanuel.com
Elisabeth Miller (*pro hac vice*)
elisabethmiller@quinnemanuel.com
Zane Muller (*pro hac vice*)
zanemuller@quinnemanuel.com
Daily Guerrero (*pro hac vice*)
dailyguerrero@quinnemanuel.com
QUINN EMANUEL URQUHART AND SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000

Terry L. Wit (SBN 233473)
terrywit@quinnemanuel.com
QUINN EMANUEL URQUHART AND SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:     (415) 875-6331

*Attorneys for Plaintiff and
Counterclaim Defendant
hiQ Labs, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| hiQ Labs, Inc.,<br><br>     *Plaintiff and Counterclaim Defendant*,<br><br>    vs.<br><br>LinkedIn Corp.,<br><br>     *Defendant and Counterclaim Plaintiff.* | Case No. 3:17-cv-03301-EMC<br><br>**HIQ LABS, INC.'S LOCAL RULE 79-5 ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF HIQ'S SUPPLEMENTAL OPPOSITION TO LINKEDIN'S MOTION TO DISSOLVE THE PRELIMINARY INJUNCTION** |

Case No. 3:17-cv-03301-EMC

HIQ'S ADMIN. MOTION TO FILE UNDER SEAL PORTIONS OF HIQ'S SUPPL. OPP. TO LINKEDIN'S MOT.
TO DISSOLVE THE PRELIMINARY INJUNCTION

Pursuant to Northern District of California's Civil Local Rules 7-11 and 79-5, Plaintiff hiQ Labs, Inc. hereby brings this Administrative Motion to Seal Portions of hiQ Labs, Inc.'s Supplemental Opposition to LinkedIn's Motion to Dissolve the Preliminary Injunction.

"A party seeking to seal a document filed with the Court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "strong presumption in favor of access" that applies to all court documents other than grand jury transcripts and pre-indictment warrant materials." *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, Case No. 12-cv-03844-JST, 2015 WL 984121, at *1 (N.D. Cal. Mar. 4, 2015) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "A court may, for good cause, keep documents confidential 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (quoting Fed. R. Civ. P. 26(c)).

Exhibit 7 to the Muller Decl. contains information relating to third-parties that hiQ has agreed to treat as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "CONFIDENTIAL" pursuant to the parties' Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information, And/Or Trade Secrets (ECF No. 213 ("Protective Order")). Accordingly, hiQ requests that Exhibit 7 to the Muller Dec. be filed in redacted form under seal. hiQ's redactions to Exhibit 7 are minimal and conform to the requirements of the Protective Order insofar as they are limited only to protect the confidential information that hiQ has a good-faith basis to believe it has an obligation to maintain in confidence.

Dated:  June 22, 2017

By:   */s/ Hope Skibitsky*
Hope Skibitsky

HIQ'S ADMIN. MOTION TO FILE UNDER SEAL PORTIONS OF HIQ'S SUPPL. OPP. TO LINKEDIN'S MOT. TO DISSOLVE THE PRELIMINARY INJUNCTION