ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
RUSSELL P. COHEN (SBN 213105)
rcohen@orrick.com
PAUL F. RUGANI (SBN 342647)
prugani@orrick.com
CATHERINE Y. LUI (SBN 239648)
clui@orrick.com
NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
DANIEL JUSTICE (SBN 291907)
djustice@orrick.com
EMILY RENZELLI (*Pro Hac Vice*)
erenzelli@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

*Attorneys for Defendant/Counterclaimant*
*LinkedIn Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| hiQ Labs, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>LinkedIn Corporation,<br><br>Defendant.<br><br>LinkedIn Corporation<br><br>Counterclaimant,<br>vs.<br><br>hiQ Labs, Inc.<br><br>Counterdefendant. | Case No. 17-cv-03301-EMC<br><br>**LINKEDIN CORPORATION'S LOCAL RULE 79-5 ADMINISTRATIVE MOTION TO FILE DESIGNATED MATERIALS UNDER SEAL**<br><br>Complaint Filed: June 7, 2017<br>Trial Date: February 27, 2023 |

Pursuant to Civil Local Rules 79-5(f)(3) and 79-5(c)(1), Federal Rule of Civil Procedure 26(c)(1), and the Stipulated Protective Order For Litigation Involving Patents, Highly Sensitive Confidential Information, and/or Trade Secrets (ECF No. 213) (the "Protective Order"), LinkedIn Corporation ("LinkedIn") hereby moves to file under seal Exhibit N to the Declaration of Blake Lawit in Support of LinkedIn's Motion for Summary of Judgment, as well as confidential portions of LinkedIn's Compendium of Evidence ("CE") Filed in Support of LinkedIn's August 5, 2022 Motions (collectively "Confidential Materials"). In support of this motion, LinkedIn submits the Declarations of Paul Rockwell ("Rockwell Declaration", submitted with this motion) and Daniel Justice ("Justice Declaration", submitted with LinkedIn's Compendium of Evidence in Support of August 5, 2022 Motions), a copy of the Confidential Materials with red boxes indicating the material LinkedIn requests to seal, as well as a proposed order.

## I. LEGAL STANDARD

The standard on a motion to seal for dispositive motions is the "compelling reasons" standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). A party has "compelling reasons" to seal information in a filing, *inter alia*, where disclosure of that information would reveal "sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), or would make a litigant's business information at risk of being used for "improper purposes," *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

## II. MATERIALS REQUESTED TO BE SEALED

As set forth in the Rockwell and Justice Declarations, the narrowly tailored Confidential Materials LinkedIn seeks to seal reflect confidential internal documents, financials, and deposition testimony regarding (i) LinkedIn's business strategies and plans, including the evaluation of and strategic decisions concerning data scrapers and competitors; (ii) internal financial metrics; and (iii) technical defenses against third party data scraping. Each of these categories of information is not disclosed publicly, and LinkedIn restricts knowledge of this information within LinkedIn to a subset of persons who need this information for their business

operations.

LinkedIn seeks to seal only the narrowly tailored materials from the CE listed below:

| Document | Text to Be Sealed | Basis for Sealing |
|---|---|---|
| Exhibit N to the Declaration of Blake Lawit in Support of LinkedIn's Motion for Summary Judgment | Entire Exhibit N | This document contains information regarding confidential enforcement notices sent by LinkedIn to scrapers and other violators of LinkedIn's User Agreement. A number of these entities have entered into confidential settlements with LinkedIn, and others are subject to continuing investigation. Revealing this information could be inconsistent with the terms of such settlement agreements, and could pose harm to LinkedIn by making it more difficult for LinkedIn to enter into such agreements in the future. It could also interfere with LinkedIn's ability to conduct current and future investigations. |
| Compendium Exhibit 19: Internal Third Party Scraping Presentation | CE 0957-987 | This document reflects confidential business strategies regarding how LinkedIn analyzes and treats third party data scrapers and how these companies impact LinkedIn's business. It also contains information that could pose significant harm to LinkedIn by providing scrapers with information concerning LinkedIn's scraping defenses that could allow them to circumvent LinkedIn's defenses and scrape member data and abuse the platform. |
| Compendium Exhibit 15: Expert Report of Kevin Murphy | Red Boxed Portions of CE 0808, 810, 811, 831-833, 838, 839, 841, 879, 880 | Portions of this document reveal key LinkedIn financial metrics that are confidential and should not be made public. They also contain metrics about account closings that occurred after certain scraping events, which are not publicly revealed. This type of information, if publicly revealed, would allow competitors unfair insight into LinkedIn's business. |

| Document | Text to Be Sealed | Basis for Sealing |
|---|---|---|
| Compendium Exhibit 10: Expert Report of James Malackowski | Red Boxed Portions of CE 0443, 458, 463, 464, 480-482 | Portions of this document reveal key LinkedIn financial metrics that are confidential and should not be made public. This type of information, if publicly revealed, would allow competitors unfair insight into LinkedIn's business. |
| Compendium Exhibit 26: Deposition Transcript of Xiaofeng Wu | Red Boxed Portions of CE 1298-1302 | Portions of this document reflect information that could pose significant harm to LinkedIn by providing scrapers with insight concerning LinkedIn's scraping defenses that could allow them to circumvent LinkedIn's defenses and scrape member data and abuse the platform. |

As the Rockwell and Justice Declarations explain, the Confidential Materials LinkedIn seeks to seal contain highly sensitive information that LinkedIn maintains in confidence. First, the Confidential Materials include LinkedIn's internal business strategies and plans, including the evaluation of and strategic decisions concerning data scrapers and competitors. Specifically, Exhibit N to the Declaration of Blake Lawit in Support of LinkedIn's Motion for Summary Judgment contains information regarding confidential enforcement notices sent by LinkedIn to scrapers and other violators of LinkedIn's User Agreement. Justice Decl. ¶ 2. Several of these entities have entered into confidential settlements with LinkedIn, and others are subject to continuing investigation, which is not publicly revealed. *Id.* Revealing this information could be inconsistent with the terms of such settlement agreements, and could pose harm to LinkedIn by making it more difficult for LinkedIn to enter into such agreements or conduct investigations in the future. *Id.*

Further, Compendium Exhibit 19 (internal third party scraping presentation) details LinkedIn's strategy for dealing with third party scrapers as well as how those scrapers pose technical and business threats to LinkedIn. Rockwell Decl. ¶ 4. Compendium Exhibit 19 further contains competitive intelligence garnered from LinkedIn concerning how competitors are impacting LinkedIn's revenue. *Id.* Compendium Exhibit 15 (Expert Report of Kevin Murphy)

similarly shows how scrapers harm LinkedIn through presenting metrics concerning account closings following certain scraping events. *Id.* at ¶ 5. Public disclosure of this information would create "an adverse impact on LinkedIn's ability to defend against third party scrapers as they would be privy to confidential strategies for how LinkedIn treats and deals with third party scrapers. LinkedIn would also be harmed as its competitors would have an unfair advantage in knowing how LinkedIn perceives them and how to better compete against LinkedIn." *Id.* at ¶¶ 4-5.

Further, the Confidential Materials include key financial metrics, shedding light as to how LinkedIn allocates its resources to various departments, particularly with LinkedIn's investments in its platform. Namely, portions of Compendium Exhibits 15 (Expert Report of Kevin Murphy) and 10 (Expert Report of James Malackowski) contain financial information concerning "(i) LinkedIn's investments in technical infrastructure including costs invested in anti-scraping initiatives and (ii) revenue based on its lines of business that are confidential and should not be made public." Rockwell Decl. ¶ 5. If made publicly available, this information would allow competitors unfair insight into LinkedIn's investments and revenues and how to best compete against LinkedIn. *Id.*

Finally, the Confidential Materials include internal information concerning LinkedIn's technical anti-scraping defenses. Specifically, Compendium Exhibits 19 (internal third party scraping presentation) and 26 (Deposition Transcript of Xiaofeng Wu) detail the specific mechanisms by which scrapers are blocked from LinkedIn's servers. Rockwell Decl. ¶ 6. This level of detail concerning those mechanisms is not publicly disclosed. If this information is made publicly available, "data scrapers would obtain a granular level of detail regarding circumvention of LinkedIn's technical defenses, allowing scrapers to access LinkedIn's servers more readily, creating the potential for site disruption and placing a significant burden on LinkedIn's servers." *Id.*

Thus, if made public, the information contained in the Confidential Materials could jeopardize LinkedIn's current and future anti-scraping efforts, threaten the safety of LinkedIn's platforms, and harm LinkedIn's competitive standing. Courts have agreed that compelling

reasons exist to seal the type of information LinkedIn is seeking to protect here. *See, e.g.*, *Rodman v. Safeway Inc.*, No. 11-cv-03003-JST, 2015 WL 13673842, at *2 (N.D. Cal. Aug. 4, 2015) (sealing confidential business information including "pricing strategy, business decision-making, customer research, and financial records" because it "would expose Safeway to competitive harm if disclosed"); *Linex Tech., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL 6901744, at *1 (N.D. Cal. Dec. 8, 2014) (finding compelling reasons to seal material that contained "sensitive technical information about Defendants' products"); *American Auto. Ass'n of N. California, Nevada & Utah v. General Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. March 14, 2019) (granting motion to seal under the compelling reasons standard because the information contained "the parties' prospective business plans, dealings and strategies").

Although disclosing the Confidential Materials would harm LinkedIn, in contrast, there is little if any countervailing public interest in their disclosure. *Kamakana*, 447 F. 3d at 1179. ("[T]he Court must conscientiously balance the competing interests of the public policies favoring disclosure such as the public interest in understanding the judicial process." (quotation marks and original alterations omitted)). Here, the Confidential Materials will shed no additional light on the Court's decision-making process that could aid the public's understanding of the judicial system. Indeed, LinkedIn has otherwise publicly provided sufficient information concerning its financials and scraping enforcement activities and defenses to fully explain the resolution of its pending motions.

Accordingly, LinkedIn respectfully submits that the risk of significant injury to LinkedIn and its members justifies the narrow relief of sealing the Confidential Materials.

//

//

//

//

//

//

## III. CONCLUSION

For the foregoing reasons, LinkedIn respectfully requests that the Court grant LinkedIn's Local Rule 79-5 Administrative Motion to File Designated Materials Under Seal.

Dated: August 5, 2022

Orrick, Herrington & Sutcliffe LLP

By: *\/s/ Annette L. Hurst*
ANNETTE L. HURST
Attorneys for Defendant
LinkedIn Corporation