ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
RUSSELL P. COHEN (SBN 213105)
rcohen@orrick.com
PAUL F. RUGANI (SBN 342647)
prugani@orrick.com
CATHERINE Y. LUI (SBN 239648)
clui@orrick.com
NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
DANIEL JUSTICE (SBN 291907)
djustice@orrick.com
EMILY RENZELLI (*pro hac vice*)
erenzelli@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

*Attorneys for Defendant/Counterclaimant*
*LinkedIn Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| hiQ Labs, Inc., | Case No. 17-cv-03301-EMC |
| Plaintiff, | **[PROPOSED] ORDER GRANTING LINKEDIN'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| LinkedIn Corporation, | Date:       September 29, 2022<br>Time:       1:30 p.m.<br>Courtroom: 5 – 17th Floor (Zoom)<br>Judge:      Hon. Edward M. Chen |
| Defendant. | |
| | Complaint Filed:   June 7, 2017<br>Trial Date:        February 27, 2023 |
| LinkedIn Corporation | |
| Counterclaimant, | |
| vs. | |
| hiQ Labs, Inc. | |
| Counterdefendant. | |

This matter came before the Court upon the Motion for Summary Judgment by Defendant and Counterclaimant LinkedIn Corporation, pursuant to Rule 56 of the Federal Rules of Civil Procedure.  The Court, having considered the papers submitted in connection with the motion, including the responses and replies thereto, and having heard the argument of counsel in connection therewith, concludes that:

1.	No genuine dispute of material fact remains and LinkedIn is entitled to partial judgment as a matter of law finding hiQ liable for breach of contract on LinkedIn's Third Claim for Relief of the Amended Counterclaims.  The undisputed facts show that hiQ expressly, and constructively with knowledge of, assented to LinkedIn's User Agreement; there is no evidence or contention that LinkedIn failed to perform that Agreement; and, the undisputed facts further show that hiQ breached multiple provisions of that Agreement causing LinkedIn harm.  Specifically, hiQ breached LinkedIn's prohibitions on unauthorized scraping, unauthorized commercial use of data, and the creation of fake member accounts.  Further, hiQ has failed to raise a dispute of material fact with respect to its affirmative defenses ostensibly pertaining to that claim, including the Statute of Limitations (Second Defense), Laches (Seventeenth Defense), Waiver (Fifth Defense), Estoppel (Third Defense), Unclean Hands (Eleventh Defense), *In Pari Delicto* (Eighth Defense), Ratification (Sixth Defense), and Consent (Ninth Defense), rendering those defenses unavailable as a matter of law.  Partial summary judgment of liability on LinkedIn's breach-of-contract claim is hereby granted, with the amount of damages to be resolved at trial.

2.	No genuine dispute of material fact remains, and LinkedIn is entitled to judgment as a matter of law dismissing with prejudice each of hiQ's remaining affirmative claims (its Fifth through Ninth Claims for Relief of its Amended Complaint), because those claims are all barred by California's litigation privilege, California Civil Code § 47.  There is no material dispute that all of hiQ's claims of injury flow from LinkedIn's assertion of its legal rights in its May 23, 2017 cease-and-desist (C&D) letter, which culminated in LinkedIn bringing counterclaims for relief in this action thereby plainly satisfying the test under *Rubin v. Green*.  LinkedIn's prelitigation demand letter is absolutely privileged under § 47.  hiQ's decision to initiate suit first does not

1  deprive LinkedIn's prelitigation demand letter of its privileged character.

2        3.      Additionally, with respect to hiQ's Fifth and Sixth Claims for Relief of its
3  Amended Complaint for tortious interference with economic relations, no genuine dispute of
4  material fact remains and LinkedIn is entitled to judgment as a matter of law dismissing with
5  prejudice those claims for additional and independent reasons.  hiQ concedes it performed all
6  contracts existing at the time it received the C&D letter, thus it has no claim for interference with
7  existing contractual relations.  hiQ cannot show an independently wrongful act required to sustain
8  an interference with prospective economic advantage claim because all of its UCL claims fail as
9  described below.  hiQ also cannot establish that LinkedIn sent its C&D letter with knowledge of
10 specific economic relationships between hiQ and a third party that had a reasonable probability of
11 resulting in economic advantage.  LinkedIn has demonstrated as a matter of undisputed facts that
12 hiQ's business was failing before LinkedIn sent its C&D letter, and hiQ has raised no material
13 genuine dispute showing that its business would have survived more than another few months
14 irrespective of LinkedIn's C&D letter.  Thus, LinkedIn's conduct was not the proximate cause of
15 hiQ's loss of business relationships.  Finally, LinkedIn's assertion of its legally protected rights
16 and legitimate business interests entitles it to a justification defense as a matter of law.  In
17 addition, hiQ's "lost business valuation" and punitive damages requests are unavailable as a
18 matter of law.

19       4.      No genuine dispute of material fact remains and LinkedIn is entitled to judgment
20 as a matter of law in its favor on hiQ's three UCL claims, its Seventh through Ninth Claims for
21 Relief of its Amended Complaint, because hiQ cannot establish entitlement to restitution or an
22 injunction, the sole remedies available under that statute.  hiQ did not plead for restitution and its
23 damages expert has conceded he made no such calculation.  hiQ has not raised a genuine material
24 dispute that its business operations will continue in a fashion sufficient to demonstrate a
25 likelihood of irreparable harm, disentitling it to permanent injunctive relief.  Independently, hiQ's
26 Seventh Claim for "unfair" competition fails because all of hiQ's theories of anticompetitive
27 conduct were dismissed, and it has failed to demonstrate any viable theory of anticompetitive
28 conduct.  hiQ has failed to establish any of the objective elements ordinarily required in

1 | association with such claims.  hiQ's Eighth Claim for "fraudulent" competition independently
2 | fails because hiQ can identify no misleading statement upon which it relied.  hiQ's Ninth Claim
3 | for "unlawful" competition independently fails because hiQ has failed to establish an
4 | independently unlawful act.
5 |     Accordingly, LinkedIn's Motion for Summary Judgment finding hiQ liable for breach of
6 | contract on Claim Three of the Counterclaim and for Summary Judgment dismissing with
7 | prejudice the Fifth through Ninth Claims for Relief of the Amended Complaint is **GRANTED**,
8 | and hiQ's Fifth through Ninth Claims of relief are hereby **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Dated: _____

_____
HON. EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE