ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
RUSSELL P. COHEN (SBN 213105)
rcohen@orrick.com
PAUL F. RUGANI (SBN 342647)
prugani@orrick.com
CATHERINE Y. LUI (SBN 239648)
clui@orrick.com
NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
DANIEL JUSTICE (SBN 291907)
djustice@orrick.com
EMILY RENZELLI (*Pro Hac Vice*)
erenzelli@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

*Attorneys for Defendant/Counterclaimant
LinkedIn Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| hiQ Labs, Inc.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LinkedIn Corporation,<br><br>　　　　Defendant.<br><br>LinkedIn Corporation<br><br>　　　　Counterclaimant,<br>　　vs.<br><br>hiQ Labs, Inc.<br><br>　　　　Counterdefendant, | Case No. 17-cv-03301-EMC<br><br>**[PROPOSED] ORDER GRANTING LINKEDIN'S *DAUBERT* MOTION PURSUANT TO FRE 403, 702 TO EXCLUDE EXPERT TESTIMONY OF STEPHEN MCELFRESH** |

LinkedIn Corporation ("LinkedIn") filed a *Daubert* Motion Pursuant to Fed. R. Evid. 403, 702 to Exclude Expert Testimony of Stephen McElfresh ("Motion") on August 5, 2022. The matter duly came on for hearing on September 29, 2022, and the Court, having considered the motion and all papers filed in connection therewith, and the argument of counsel, hereby **GRANTS** LinkedIn's Motion as follows.

The Court finds that McElfresh's opinions regarding the market and demand for hiQ's products are not based on specialized knowledge, sufficient facts or data, or reliable principles and methods as required by Rule of Evidence 702. McElfresh is a human resources executive with a Ph.D. in social psychology and has no background in economics or antitrust principles. His opinions are based on his attendance at hiQ's Elevate Conferences, his unsuccessful attempt to purchase one of hiQ's products in 2015, and a review of case documents and Google searches he conducted to try to find hiQ's competitors for his report. This type of analysis is not sufficient for the opinions that McElfresh is offering.

McElfresh has not conducted the type of market analysis that is required in providing expert opinions about a product market. McElfresh has not defined a relevant product market, established whether there are economic substitutes for hiQ's products, or examined pricing or market data to determine whether customers view other products to be substitutable with hiQ based on "price, use[,] quality[y, and]" "characteristics" as required when providing opinions about the market for hiQ's products. *United States v. E. I. du Pont de Nemours & Co.*, 351 U.S. 377, 404 (1956); *see also Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1120 (9th Cir. 2018). Because he failed to define a market, his opinion that hiQ's absence from the market is detrimental to the market is meaningless. *Ohio v. Am. Express Co.,* 138 S. Ct. 2274, 2285 (2018)) (without defining a market, there is "no way to measure the defendant's ability to lessen or destroy competition.").

Further, McElfresh has no specialized knowledge to provide any expert opinions about the market for hiQ's products and is unqualified to give those opinions. McElfresh admitted at his deposition that he has no expertise in, or specialized knowledge about economics, analyzing the impact of competition on markets, or defining a relevant product market.

McElfresh's market-related opinions are also unreliable as his methodology simply relied

on Google searches for potential hiQ competitors. *See, e.g.*, *Cole v. JPMorgan Chase Bank, N.A.*, No. C13-959RSL, 2014 WL 1320140, at *4 (W.D. Wash. Mar. 31, 2014) (excluding expert opinion "based on speculation and internet searches"). He further found a hiQ competitor via his Google searching and then ignored the presence of this competitor, which underscores the unreliability of his methodology, or lack thereof.

In addition, McElfresh's opinions about the value or functionality of hiQ's products are not based on the specialized knowledge required under Rule 702 in providing an expert opinion and add nothing other than prejudicial echoing of hiQ's lay witnesses. He admittedly did not use any of hiQ's products, or review any data about the actual use of hiQ's products; he further admits that he has not evaluated whether hiQ's products have fulfilled their intended propose, whether hiQ's customers found the products valuable, and whether hiQ was able to retain existing customers and attract new customers from the products. McElfresh's opinions about the value or functionality about hiQ's products are not based upon any specialized knowledge and the jury may draw its own conclusions about hiQ's products. *See W. Sugar Coop. v. Archer-Daniels-Midland Co.*, No. 211CV3473CBMPJWX, 2015 WL 13759740, at *1 (C.D. Cal. Oct. 26, 2015) ("Expert testimony may be excluded under Rule 702 where the jury can understand the concepts at issue without the assistance of expert opinion.").

Further, because of McElfresh's limited analysis of hiQ's products (review of marketing materials and documents), the Court cannot permit expert testimony on source materials that require no specialized knowledge to evaluate. *See, e.g., Gomez v. Fachko*, No. 19-CV-05266-LHK, 2021 WL 5630623, at *1 (N.D. Cal. Dec. 1, 2021), (prohibiting expert to testify regarding what a person said on a recording). The jury is capable of drawing conclusions from the review of the marketing materials and do not require expert assistance in this regard. For these same reasons, McElfresh's methodology about hiQ's products are unreliable. The only methodology McElfresh employed was review of hiQ's marketing materials and presentations, which is insufficient pursuant to Rule 702.

Accordingly, the Court excludes the proposed opinions and any related testimony as expressed in paragraphs 11, 13, 23, 25, 31-33, 36, 38-41, 51-53, and 57-58 from McElfresh's

June 7, 2022 Expert Report.

The Court also finds that allowing McElfresh to offer lay opinion testimony regarding hiQ's products and the market for those products would mislead the jury and confuse the issues in the case, and therefore excludes any lay testimony from McElfresh about those subjects under Rule of Evidence 403.  The jury is capable of understanding hiQ's products and any potential competitors to hiQ.   It is unfairly prejudicial to LinkedIn to permit him to simply echo or corroborate hiQ's assertions in the guise of expertise, and it is also a waste of the Court and jury's resources to take time with such a witness.  McElfresh does not have specialized knowledge and analysis, which is what is required under Rules 702 and 403.  *See Waymo LLC v. Uber Techs., Inc.*, No. C 17-00939 WHA, 2017 WL 5148390, at *5 (N.D. Cal. Nov. 6, 2017) (excluding expert opinion under Rules 702 and 403 where expert had no specialized knowledge and his analysis was "well within the ken of the average juror").

The Court further finds that McElfresh's opinion that LinkedIn is "unique as a source of publicly available professional data" should be excluded under Rule of Evidence 403.  McElfresh did not apply any methodology or have any specialized knowledge to support this opinion. There is a significant risk that the jury will be misled by these opinions, particularly when hiQ has not pled a viable antitrust claim.  Accordingly, the Court further excludes the opinion and any related testimony expressed in paragraphs 12 and 46 from McElfresh's June 7, 2022 Expert Report.

**IT IS SO ORDERED**.

Dated: _____

_____
HON. EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE