ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
RUSSELL P. COHEN (SBN 213105)
rcohen@orrick.com
PAUL F. RUGANI (SBN 342647)
prugani@orrick.com
CATHERINE Y. LUI (SBN 239648)
clui@orrick.com
NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
DANIEL JUSTICE (SBN 291907)
djustice@orrick.com
EMILY RENZELLI (*Pro Hac Vice*)
erenzelli@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

*Attorneys for Defendant/Counterclaimant
LinkedIn Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| hiQ Labs, Inc.,<br><br>          Plaintiff,<br><br>     vs.<br><br>LinkedIn Corporation,<br><br>          Defendant.<br><br>LinkedIn Corporation<br><br>          Counterclaimant,<br><br>     vs.<br><br>hiQ Labs, Inc.<br><br>          Counterdefendant, | Case No. 17-cv-03301-EMC<br><br>**[PROPOSED] ORDER GRANTING LINKEDIN'S *DAUBERT* MOTION TO EXCLUDE DAMAGES OPINIONS OF BENJAMIN SACKS** |

LinkedIn Corporation's ("LinkedIn") *Daubert* Motion Pursuant to Federal Rules of Evidence 403 and 702 to Exclude Damages Opinions of Benjamin Sacks ("Motion") came on for hearing on September 29, 2022. The Court, having considered the Motion and all papers filed in connection therewith, as well as the arguments of counsel at the hearing on the Motion, hereby **GRANTS** LinkedIn's Motion as follows.

The Court finds that Sacks's "full" and "subset" damages opinions are legally unsound, lack sufficient reliability, and if admitted, present a danger of misleading the jury and confusing the issues in this case.

Sacks's "full" damages calculation is legally improper, not based on an accepted methodology, and fundamentally unsound. Sacks attributes a complete loss of hiQ's business to LinkedIn's C&D letter, and therefore attempts to value hiQ's business as of May 2017, pegging the damages on the economic tort claims at tens of millions of dollars. California law is clear that a plaintiff cannot recover lost business value—in whole or in part—as damages for economic interference tort claims. *See, e.g.*, *Electric Funds Solutions*, 134 Cal. App. 4th 1161, 1180 (2005) (a plaintiff under California law "may recover only the profits lost, *not* the value of the lost business" (emphasis added)); *Pac. Rollforming, LLC v. Trakloc N. Am., LLC*, 2011 WL 13176817, at *3 (S.D. Cal. Dec. 1, 2011) (rejecting lost business value method for calculating damages for claims including, *inter alia*, "interference with contract/prospective business advantage"). The rule applies with particular force here, where Sacks's "full" damages opinion necessarily assumes a broad series of beneficial economic relationships which are not identified and do not meet the requisites of California law for these types of tort claims.

Further, even if Sacks's "full" damages opinion were not legally barred, it must be excluded because it is based on inherently unreliable and untested methodology. Sacks invented a methodology for this case to value hiQ's business as of May 2017. He did not consider hiQ's financial condition and expected financial performance at the time, that obviously would have yielded little of value given hiQ's actual business condition. Thus, even though Sacks is an expert in discounted present value lost profits calculations, he did not use that method. Rather, he created a least squares regression model that approximates the average variation in valuation

between the Series B and Series C funding rounds of 257 venture-backed companies. Sacks then assumes that hiQ's change in valuation would have been precisely in line with the average.

This regression analysis is fundamentally flawed. Sacks made no effort to determine whether the firms in his dataset were comparable to hiQ in key metrics, such as revenues, profitability, Series B valuations, or business model. He also failed to exclude any companies that failed before reaching Series C—a common event for startups. Since hiQ was having problems with its business and its investment funding before LinkedIn sent its C&D letter, the complete exclusion of business failures obviously does not match the range of possibilities given hiQ's real world circumstances at the time. In other words, Sacks's counterfactual model makes an enormous assumption that hiQ was equivalent to the 257 companies in Sacks's regression dataset that did not fail. Sacks's failure to account for these "major factors" driving changes in value in his regression is not a problem that goes solely to the weight of his opinion, it is a fundamental flaw in his entire methodology. *In re REMEC Inc. Sec. Litig.*, 702 F. Supp. 2d 1202, 1273–74 (S.D. Cal. 2010). There is no basis upon which to find this model valid for the value it is trying to predict.

Relatedly, the flaw with the failure to choose a dataset of companies that properly reflected a set of assumptions matching hiQ's circumstances at the time created such a wide variation of potential outcomes as to be meaningless. Sacks's counterfactual model is not reliable because its wide prediction interval indicates such a significant degree of uncertainty in selecting a specific outcome that no calculation can be reasonably deduced from the results of the model. Again, this is not merely a problem that goes to weight. The model is fundamentally unreliable from a statistical perspective even with respect to that which it cannot validly predict. *ATA Airlines, Inc. v. Fed. Exp. Corp.*, 665 F.3d 882, 895 (7th Cir. 2011).

Sacks's "subset" damages opinion is also flawed. Sacks calculates several millions in "lost profits" damages from existing customers and a speculative partnership. Nowhere in the opinion does Sacks explain how those relationships would have led to profits for hiQ as is required under a proper lost profits analysis. *Parlour Enterprises, Inc. v. Kirin Grp., Inc.*, 152 Cal. App. 4th 281, 287, (2007) ("Damage awards in injury to business cases are based on net

profits." To establish loss of net profits "a plaintiff must show loss of net pecuniary gain, not just loss of gross revenue."). Sacks's "lost profits" subset opinion fails to deduct all of the necessary categories of expenses required to assess lost profits.

Accordingly, the Court excludes the proposed opinions and related testimony as expressed in Sections IV and VI of Sacks's June 7, 2022, Expert Report, as amended on June 22, 2022. Nothing remains for Mr. Sacks to address that is the proper subject of his expertise, and his testimony is therefore excluded in its entirety.

**IT IS SO ORDERED.**

Dated: _____

HON. EDWARD M. CHEN<br>UNITED STATES DISTRICT JUDGE