1  ANNETTE L. HURST (SBN 148738)
   ahurst@orrick.com
2  RUSSELL P. COHEN (SBN 213105)
   rcohen@orrick.com
3  PAUL F. RUGANI (SBN 342647)
   prugani@orrick.com
4  CATHERINE Y. LUI (SBN 239648)
   clui@orrick.com
5  NATHAN SHAFFER (SBN 282015)
   nshaffer@orrick.com
6  DANIEL JUSTICE (SBN 291907)
   djustice@orrick.com
7  EMILY RENZELLI (*Pro Hac Vice*)
   erenzelli@orrick.com
8  ORRICK, HERRINGTON & SUTCLIFFE LLP
   405 Howard Street
9  San Francisco, CA  94105-2669
   Telephone:   +1 415 773 5700
10 Facsimile:   +1 415 773 5759

11 *Attorneys for Defendant/Counterclaimant*
12 *LinkedIn Corporation*

13                UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                  SAN FRANCISCO DIVISION

16 hiQ Labs, Inc.,                          Case No. 17-cv-03301-EMC

17              Plaintiff,                  **COMPENDIUM OF EVIDENCE FILED IN
                                            SUPPORT OF LINKEDIN
18       vs.                                CORPORATION'S AUGUST 5, 2022
                                            MOTIONS (6 OF 6)**
19 LinkedIn Corporation,
                                            Date:         September 29, 2022
20              Defendant.                  Time:         1:30 p.m.
                                            Courtroom:    5 – 17th Floor (Zoom)
21                                          Judge:        Hon. Edward M. Chen

22 ─────────────────────────────

23 LinkedIn Corporation
                                            Complaint Filed:  June 7, 2017
24              Counterclaimant,            Trial Date:       February 27, 2023
         vs.
25 hiQ Labs, Inc.

26              Counterdefendant.

27

28

| Comp. Ex. No. | Document | Date | Vol. | Page |
|---|---|---|---|---|
| 1 | Deposition Transcript of Jenelle Bray (Excerpts) | 05/18/2022 | 1 | 1 |
| 2 | Deposition Transcript of Boris Dev and exhibits (Excerpts) | 05/04/2022 | 1 | 16 |
| | **Dep. Ex. 231** – Email string between Dev and Weidick re: Your application for private LinkedIn API access (3/23/17) (hiQ_00200007-08) | 03/27/2017 | | 49 |
| | **Dep. Ex. 237** – Chat transcript between Dev, Miller, et al. re: Scraper Update (hiQ_00437026-27) | 04/26/2017 | | 51 |
| 3 | Deposition Transcript of Daniel Francis and exhibits (Excerpts) | 05/25/2022 | 1 | 53 |
| | **Dep. Ex. 1335** – hiQ Elevate Conference Notes (LINK_HIQ_000184276-77) | 04/20/2017 | | 62 |
| 4 | Deposition Transcript of McKinsey & Co. by and through 30(b)(6) designee Christopher Gagnon | 06/27/2022 | 1 | 64 |
| | **Dep. Ex. 591** – Email string between Gagnon, Veynerchuk, et al. re: departure announcement (hiQ_00580838-40) | 02/04/2017 | | 77 |
| 5 | Deposition Transcript of Genevieve Graves and exhibits (Excerpts) | 05/25/2022 | 1 | 80 |
| | **Dep. Ex. 498** – hiQ Tech Stack: Product Suite PPT (hiQ_00545758) | Undated | | 129 |
| | **Dep. Ex. 503** – Email from Graves to Hammond, et al. re: Insufficient Data Coverage (hiQ_00023356-59) | 07/13/2016 | | 144 |
| | **Dep. Ex. 510** – Email string between Miller, Graves, et al. re: Banned from LinkedIn (hiQ_00143432-33) | 07/14/2015 | | 148 |
| | **Dep. Ex. 512** – Email from Cole to Marshall re: NDA, Training, and VPN access (hiQ_00191862-78) | 01/29/2016 | | 150 |

COMPENDIUM OF EVIDENCE FILED ISO
LINKEDIN'S AUG. 5, 2022 MOTIONS
NO. 17-CV-03301-EMC

| Comp. Ex. No. | Document | Date | Vol. | Page |
|---|---|---|---|---|
| | **Dep. Ex. 514 –** Email string between Cole, Graves, et al. re: feedback: list of frustrations (hiQ_00174514-15) | 05/22/2016 | | 167 |
| | **Dep. Ex. 525 –** Email string between Graves and Medeiros re: 2016 Customer Churn (hiQ_000855562-64) | 11/15/2016 | | 169 |
| 6 | Deposition Transcript of Yael Hochberg, Ph.D. and exhibits (Excerpts) | 07/29/2022 | 1 | 172 |
| | **Dep. Ex. 1385 –** Expert Report of Yael Hochberg, Ph.D. (Appendix C Materials Considered removed) | 06/07/2022 | | 180 |
| | **Dep. Ex. 1386 –** Expert Rebuttal Report of Yael Hochberg, Ph.D. | 06/30/2022 | | 283 |
| 7 | Deposition Transcript of Darren Kaplan and exhibits (Excerpts) | 05/04/2022 | 1 | 313 |
| | **Dep. Ex. 10 –** Email from McNutt to Cole re: Question [LinkedIn User Agreement and turking] (hiQ_00189601) | 05/05/2016 | | 328 |
| | **Dep. Ex. 17 -** hiQ Confidential Board Deck PPT (discussing state of the business, engineering and product update, financials, and administrative) (hiQ_003177150 | 02/08/2017 | | 329 |
| 8 | Deposition Transcript of Darren Kaplan (Excerpts) | 05/05/2022 | 1 | 361 |
| 9 | Deposition Transcript of Andrew Kim (Excerpts) | 05/09/2022 | 2 | 376 |
| | **Dep. Ex. 246 -** hiQ Product Strategy PPT (discussing current and new hiQ products) (hiQ_00304309) | Undated | | 397 |
| 10 | Deposition Transcript of James Malackowsi and exhibits (Excerpts) | 07/28/2022 | 2 | 425 |
| | **Dep. Ex. 1379 –** Expert Report of James E. Malackowsi (Appendices 2-6 removed) | 06/07/2022 | | 437 |

| Comp. Ex. No. | Document | Date | Vol. | Page |
|---|---|---|---|---|
| 11 | Deposition Transcript of Stephen B. McElfresh and exhibits (Excerpts) | 07/20/2022 | 3 | 543 |
| | **Dep. Ex. 650 –** Expert Report of Stephen B. McElfresh | 06/07/2022 | | 584 |
| 12 | Deposition Transcript of Darin Medeiros and exhibits (Excerpts) | 05/20/2022 | 3 | 606 |
| | **Dep. Ex. 436 –** Email from Berman to Medeiros re: Completed: Order form for hiQ Labs, Inc.-LSS (hiQ_00352028-30) | 12/23/2015 | | 637 |
| | **Dep. Ex. 437 –** Email from Sennert to Medeiros re: hiQ Labs Account #: 120941 with attached invoices (hiQ_00008090-91; 8509-11; 7822-24; 7273-75; 6812-14; 6668-70; 5955-60) | 06/10/2016 | | 640 |
| | **Dep. Ex. 438 –** Email string between Medeiros, Dick, et al. re: SFDC guide with hiQ's CRM Best Practices (hiQ_00123595-601) | 07/25/2017 | | 662 |
| | **Dep. Ex. 439 –** Email from Medeiros to DeSantis, et al. re: Weekly Update with hiQ Sales Dashboard (hiQ_00175647-50) | 11/28/2016 | | 669 |
| | **Dep. Ex. 443 –** Email from Medeiros to Weidick, et al. re: Customer asking why hiQ didn't scrape through a paid LinkedIn account (hiQ_00619694-97) | 05/16/2017 | | 673 |
| | **Dep. Ex. 447 –** Chat transcript between Medeiros and Barker re: Customer Feedback (hiQ_00443465-75) | 10/11/2017 | | 677 |
| | **Dep. Ex. 455 –** Email from Medeiros to Weidick, et al. re: State of Renewals 2017 (hiQ_00180173) | 10/16/2017 | | 688 |
| 13 | Deposition Transcript of Daniel Miller and exhibits (Excerpts) | 05/13/2022 | 3 | 694 |
| | **Dep. Ex. 322A –** Email from Miller to Dev re: scraping tips (hiQ_00084314) | 08/11/2016 | | 729 |

| Comp. Ex. No. | Document | Date | Vol. | Page |
|---|---|---|---|---|
| | **Dep. Ex. 322B** – Tips for [scraping] LinkedIn (hiQ_00084315) | 08/11/2016 | | 730 |
| | **Dep. Ex. 331** – Notes on reverse engineering LinkedIn's defenses (hiQ_00354518-20) | Undated | | 731 |
| | **Dep. Ex. 344** – Chat transcript between Dev, Miller, et al. re: Scraper Update (hiQ_00437026-27) | 04/26/2017 | | 734 |
| | **Dep. Ex. 350A & 350B** – Email from Cole to Dev with attached file named "The Scraper Wars PPT" (hiQ_00189161-63) | Undated | | 736 |
| 14 | Deposition Transcript of Daniel Miller and exhibits (Excerpts) | 05/26/2022 | 3 | 749 |
| | **Dep. Ex. 535** – Email string between Miller and Sharon re: Purchase monthly services (hiQ_00141957-59) | 07/17/2017 | | 770 |
| | **Dep. Ex. 539** – Email string between Cole, Miller, et al. re: turking (hiQ_00359637-38) | 09/27/2017 | | 773 |
| | **Dep. Ex. 540** – Email string between Brokken and Miller re: culling the database nightmare (hiQ_00060671-75) | 12/07/2017 | | 775 |
| | **Dep. Ex. 543** – Email string between Miller, Medeiros, et al. re: Cancelling hiQ services (hiQ_00329112-13) | 05/09/2018 | | 780 |
| | **Dep. Ex. 545** – Chat transcript between Miller, Kim, et al. re: suspension notice from AWS (hiQ_00451932-33) | 05/16/2018 | | 782 |
| | **Dep. Ex. 546** – Chat transcript between Kim, Barta, et al. re: scraping (hiQ_00436300-07) | 06/12/2018 | | 784 |
| 15 | Deposition Transcript of Kevin Murphy and exhibits (Excerpts) | 07/19/2022 | 3 | 792 |
| | **Dep. Ex. 603** – Expert Report of Kevin M. Murphy (Appendix B removed) | 06/07/2022 | | 800 |

| Comp. Ex. No. | Document | Date | Vol. | Page |
|---|---|---|---|---|
| 16 | Declaration of Kevin Murphy ISO LinkedIn's Motion for Summary Judgment and *Daubert* Motion to Exclude Expert Testimony of Stephen McElfresh and exhibit, No. 17-cv-03301 | 08/04/2022 | 3 | 883 |
| | **Ex. A** – Rebuttal Expert Report of Kevin M. Murphy | 06/30/2022 | | 886 |
| 17 | Deposition Transcript of Alexander Oltmann and exhibits (Excerpts) | 05/13/2022 | 3 | 914 |
| | **Dep. Ex. 4** – Email string between Oltmann, Kaplan, et al. re: FLAGGING you DEEP Nishar (hiQ_00250311-13) | 03/09/2015 | | 927 |
| 18 | Deposition Transcript of Dan Reid (Excerpts) | 05/19/2022 | 3 | 930 |
| 19 | Deposition Transcript of Paul Rockwell and exhibits (Excerpts) | 05/19/2022 | 3 | 941 |
| | **Dep. Ex. 1233-A** – LinkedIn 3rd Party Scraping PPT (LINK_HIQ_000169080-110) | 04/02/2015 | | 957 |
| 20 | Deposition Transcript of Benjamin Sacks and exhibits (Excerpts) | 07/08/2022 | 4 | 988 |
| | **Dep. Ex. 599** – Amended Expert Report of Benjamin A. Sacks (Appendices A-B removed) | 06/22/2022 | | 1072 |
| | **Dep. Ex. 608 -** Chart – Calculation 1: Prediction Intervals for Mr. Sacks' Predicted Values for hiQ's Series C Pre-Money Valuation, Various Confidence Levels, Before Application of 20% Discount | Undated | | 1124 |
| | **Dep. Ex. 609** – Chart – Calculation 2: Prediction Intervals for Mr. Sacks' Predicted Values for hiQ's Series C Pre-Money Valuation, Various Confidence Levels, After Application of 20% Discount | Undated | | 1125 |
| | **Dep. Ex. 610** – Sacks Work Paper E Showing Customers Included In Lost Profits (Excerpt of Native Excel file converted to PDF) | Undated | | 1125A |

| Comp. Ex. No. | Document | Date | Vol. | Page |
|---|---|---|---|---|
| 21 | Deposition Transcript of Minjae Song (Excerpts) | 07/27/2022 | 4 | 1126 |
| 22 | Deposition Transcript of Mark Weidick (Excerpts) | 03/18/2022 | 4 | 1135 |
| 23 | Deposition Transcript of Mark Weidick and exhibits (Excerpts) | 05/23/2022 | 4 | 1145 |
|  | **Dep. Ex. 475 –** Chat transcript between Miller and Weidick re: shutting down scraping (biQ_00442222) | 03/31/2017 |  | 1173 |
|  | **Dep. Ex. 480 –** Email from Weidick to Lustig, et al. re: Reading time 4 mins 39 sec (hiQ_00641062-64) | 04/05/2017 |  | 1174 |
|  | **Dep. Ex. 486 –** Email from Jeremias to Weidick, et al. re: Urgent: Suspension Warning (hiQ_00319806-07) | 04/08/2019 |  | 1177 |
| 24 | Deposition Transcript of Mark Weidick and exhibits (Excerpts) | 06/01/2022 | 4 | 1179 |
|  | **Dep. Ex. 489 –** hiQ Board Deck PPT (hiQ_00221829) | 05/15/2017 |  | 1220 |
|  | **Dep. Ex. 556 –** Email string between Sharma, Weidick, et al. re: hiQ budget information (hiQ_00705751-54) | 07/13/2020 |  | 1254 |
|  | **Dep. Ex. 564 –** Email string between Weidick and Dev re: Scraping (hiQ_00183419) | 04/11/2017 |  | 1258 |
|  | **Dep. Ex. 566 –** Email string between Miller, Weidick, et al. re: Scraping Update (hiQ_00576322-23) | 04/24/2017 |  | 1259 |
| 25 | Deposition Transcript of Lee Womer and exhibits (Excerpts) | 05/11/2022 | 4 | 1261 |
|  | **Dep. Ex. 294 –** Email string between Womer, Canlas, et al. re: Anti-scraping (LINK_HIQ_000205777-78) | 10/07/2015 |  | 1279 |

| Comp. Ex. No. | Document | Date | Vol. | Page |
|---|---|---|---|---|
| 26 | Deposition Transcript of Xiaofeng Wu and exhibits (Excerpts) | 07/25/2022 | 4 | 1281 |
|  | **Dep. Ex. 1361 –** LinkedIn's Rule 26 Disclosure of Xiaofeng Wu | 06/07/2022 | | 1307 |
| 27 | Declaration of Paul Rockwell ISO LinkedIn's Opposition to Plaintiff's Motion for Temporary Restraining Order, *hiQ Labs, Inc. v. LinkedIn Corporation*, No. 17-cv-03301-EMC (N.D. Cal. June 26, 2017) (ECF No. 29) | 06/26/2017 | 4 | 1311 |
| 28 | Declaration of Paul Rockwell ISO LinkedIn's Motion to Dissolve Preliminary Injunction and Request for Indicative Ruling Pursuant to FRCP 62.1, *hiQ Labs, Inc. v. LinkedIn Corporation*, No. 17-cv-03301-EMC (N.D. Cal. Sept. 10, 2021) (ECF No. 216.13) | 09/10/2021 | 4 | 1377 |
| 29 | hiQ's Second Supplemental Responses to LinkedIn's Second Set of Interrogatories (No. 16) | 08/03/2022 | 4 | 1387 |
| 30 | Letter from Shaffer to Worcester, et al. re: ESI sources | 04/28/2022 | 4 | 1394 |
| 31 | Email string between counsel for the parties re: hiQ ESI Sources [Splunk] | 06/03/2022 | 4 | 1398 |
| 32 | Email from Skibitsky to Shaffer, et al. re: lost Splunk data | 06/13/2022 | 4 | 1417 |
| 33 | hiQ Sales Order for Pfizer (hiQ_00003890-92) | 11/03/2016 | 4 | 1419 |
| 34 | hiQ Labs Inc. Income Statement (hiQ_00004324) (Native Excel file converted to PDF) | 06/2017 | 4 | 1423 |
| 35 | Email string between Barta, Kim, et al. re: culling the database nightmare (hiQ_00028241-53) | 01/15/2018 | 4 | 1439 |
| 36 | Email string between Williams and Cole re: borrow your SDR team for a few days (hiQ_00080487-91) | 03/15/2016 | 4 | 1453 |

| Comp. Ex. No. | Document | Date | Vol. | Page |
|---|---|---|---|---|
| 37 | Email from Klevecz to Mechanical Turkers and Cole re: Turking Interface Changes (hiQ_00080559) | 12/03/2015 | 4 | 1459 |
| 38 | Email string between Cherry and Graves re: Another LinkedIn account shutdown (hiQ_00087989-91) | 07/14/2015 | 4 | 1461 |
| 39 | Email from Kaplan to dk.nk41@hiqlabs with hiQ pitch deck showing release timing of Keeper (Control Center) (hiQ_00103925-40) | 09/20/2014 | 4 | 1465 |
| 40 | Master SAAS Agreement between hiQ and BMC Software Inc. (hiQ_00149369-98) | 06/22/2016 | 4 | 1482 |
| 41 | Email string between Cole, "science," et al. re: Weekly Turking Report (hiQ_00174125-28) | 03/10/2017 | 4 | 1513 |
| 42 | Amended and Restated Collaboration Agreement between McKinsey & Co. and hiQ (hiQ_00179991-180005) | 06/30/2016 | 4 | 1518 |
| 43 | Email from Miller to Weidick, et al. re: All-hands AWS cleanup (hiQ_00193748) | 02/02/2018 | 4 | 1534 |
| 44 | Email from Schwade to Graves re: Turking Work Instruction and attachment (hiQ_00211880 & hiQ_00211881) | 06/24/2015 | 4 | 1536 |
| 45 | Board Meeting – Plan Forward (Agenda: Litigation, Hibernation, Assorted Details) PPT (hiQ_00225254) (Native PPT file converted to PDF) | 05/23/2018 | 5 | 1550 |
| 46 | hiQ letter to Weidick re: offer of employment (hiQ_00251922-33) | 02/09/2017 | 5 | 1558 |
| 47 | Record of payments to turkers from Sep. 2015 to Sep. 2016 (hiQ_00316522) (Native Excel file converted to PDF) | Undated | 5 | 1571 |
| 48 | Purchase Order for Honeywell Int'l (hiQ_00318142-47) | 12/07/2017 | 5 | 1586 |
| 49 | Email string between Medeiros, Pauletich, et al. re: Next steps (hiQ_00332055-56) | 09/28/2017 | 5 | 1593 |

| Comp.<br>Ex. No. | Document | Date | Vol. | Page |
|---|---|---|---|---|
| 50 | Email from Amazon Web Services to ops@hiqlabs.com and Miller re: Your AWS Account has been suspended for non-payment (hiQ_00355253) | 04/20/2020 | 5 | 1596 |
| 51 | Email string between Weidick and Miller re: Belt & suspenders (hiQ_00358094) | 05/07/2018 | 5 | 1598 |
| 52 | Note re: Experiments that Genevieve is running (hiQ_00369157-59) | Undated | 5 | 1600 |
| 53 | Email string between Patch, Kaplan, et al. re: Board Deck (hiQ_00390283-84) | 02/05/2017 | 5 | 1604 |
| 54 | Email string between Weidick, Dev, et al. re: Your application for private LinkedIn API access (hiQ_00429401-02) | 03/23/2017 | 5 | 1607 |
| 55 | Chat transcript between Dev and Miller re: scraping (hiQ_00436623) | 04/18/2017 | 5 | 1610 |
| 56 | Chat transcript between Kim, Miller, et al. (hiQ_00437584-85) | 07/06/2018 | 5 | 1612 |
| 57 | Chat transcript between Miller and Dev re: Luminati (hiQ_00437609) | 05/03/2017 | 5 | 1615 |
| 58 | Chat transcript between Barta, Cole, et al. (hiQ_00438613-15) | 05/16/2018 | 5 | 1617 |
| 59 | Chat transcript between Dev and Miller (hiQ_00439403) | 05/25/2017 | 5 | 1621 |
| 60 | Chat transcript between Dev and Miller re: Luminati (hiQ_00439495) | 05/26/2017 | 5 | 1623 |
| 61 | Chat transcript between Miller and Dev (hiQ_00442040-41) | 06/01/2016 | 5 | 1625 |
| 62 | Chat transcript between Miller, Dev, et al. re: state of scrape (hiQ_00447111-13) | 03/30/2017 | 5 | 1628 |
| 63 | Chat transcript between Miller and Wegener (hiQ_00447584-86) | 08/22/2017 | 5 | 1632 |

| Comp. Ex. No. | Document | Date | Vol. | Page |
|---|---|---|---|---|
| 64 | Chat transcript between Miller, Dev, et al. (hiQ_00449462-63) | 09/06/2018 | 5 | 1636 |
| 65 | Chat transcript between Wegener and Miller (hiQ_00451103-05) | 05/07/2018 | 5 | 1639 |
| 66 | Splunk Production Scraper Dashboard (hiQ_00457966-67) | 11/08/2016 | 5 | 1643 |
| 67 | Email string between Patch, Graves, et al. re: People not getting paid (hiQ_00463750-54) | 11/05/2015 | 5 | 1646 |
| 68 | Email from Dev to Miller re: [JIRA] (DENG-2) Find alternative sources of proxies (hiQ_00466086) | 01/19/2017 | 5 | 1652 |
| 69 | Purchase Order for Facebook (hiQ_00466148-55) | 06/15/2017 | 5 | 1654 |
| 70 | Software Services Agreement between The Gap and hiQ (hiQ_00466407-25) | 04/15/2015 | 5 | 1663 |
| 71 | Master SAAS Services Agreement between Hartford Fire Ins. Co. and hiQ, and Sales Order (hiQ_00467036-56) | 12/12/2016 | 5 | 1683 |
| 72 | Mutual Non-Disclosure Agreement between American Express Travel Related Services Co. and hiQ, and Sales Order (hiQ_00469682-91) | 11/10/2016 | 5 | 1705 |
| 73 | hiQ Labs Retention Module, Statement of Work between hiQ and Pfizer Inc. (hiQ_00473572-86) | 10/30/2015 | 5 | 1716 |
| 74 | Master Application Service Provider Agreement between Capital One Services LLC and hiQ (hiQ_00521357-412) | 08/15/2016 | 5 | 1732 |
| 75 | hiQ Sales Order for Celgene (hiQ_00521671) | 09/27/2016 | 5 | 1789 |
| 76 | Services Agreement between eBay Inc. and hiQ (hiQ_00521783-805) | 07/29/2015 | 5 | 1793 |
| 77 | Master SAAS Services Agreement between hiQ and UTC Aerospace Systems (hiQ_00536554-64) | 01/15/2016 | 5 | 1817 |

| Comp. Ex. No. | Document | Date | Vol. | Page |
|---|---|---|---|---|
| 78 | hiQ Sales Order for Box Inc. (hiQ_00542110-13) | 03/31/2016 | 5 | 1829 |
| 79 | License and Services Agreement between hiQ and Comcast Cable Communications Management LLC and Order #1(hiQ_00542226-56) | 09/25/2015 | 5 | 1834 |
| 80 | Master "Software as a Service" (SAAS) Subscription Agreement between Allstate Ins. Co. and hiQ (hiQ_00555778-813) | 10/25/2016 | 6 | 1866 |
| 81 | PA Trend Report 2017 PPT (hiQ_00568929-60) | Undated | 6 | 1903 |
| 82 | Master SAAS Services Agreement between hiQ and Apax Partners LP and Sales Order for Apax (hiQ_00580069-88) | 01/13/2017 | 6 | 1936 |
| 83 | hiQ Revenue spreadsheet (hiQ_00621582) (Excerpt of Native Excel file converted to PDF) | Undated | 6 | 1957 |
| 84 | The Hershey Company SAAS Agreement between Hershey and hiQ (hiQ_00642063-107) | 03/31/2016 | 6 | 1964 |
| 85 | Master SAAS Services Agreement between hiQ and BNY Mellon and Sales Order for BNY (hiQ_00642108-25) | 03/01/2016 | 6 | 2010 |
| 86 | Master SAAS Services Agreement between hiQ and PayPal, Inc. (hiQ_00656809-35) | 01/26/2016 | 6 | 2029 |
| 87 | Consulting Agreement between hiQ and Allan Schwade (hiQ_00679076-77) | 05/24/2016 | 6 | 2057 |
| 88 | Email string between Werlin, Weidick, et al. re: hiQ Investor update (hiQ_00683817-18) | 05/24/2018 | 6 | 2060 |
| 89 | hiQ Company Pages Confluence Wiki (hiQ_00723764) (Excerpt of Native PDF file) | Undated | 6 | 2063 |
| 90 | Email string between Weidick, Gupta, et al. re: turking while logged out (hiQ_00727057) | 09/20/2017 | 6 | 2066 |

| Comp. Ex. No. | Document | Date | Vol. | Page |
|---|---|---|---|---|
| 91 | Screenshot at 14:31 (hiQ_00727061) (Screenshot of Native Video file converted to PDF) | Undated | 6 | 2068 |
| 92 | hiQ Labs Inc. General Ledger from 8/10/2012 to 9/1/2019 (hiQ_00734930) (Excerpt of Native Excel file converted to PDF) | Undated | 6 | 2071 |
| 93 | Memorandum from Gupta to Distribution List re: Notice of Legal Hold (hiQ_00734977-78) | 06/20/2017 | 6 | 2073 |
| 94 | hiQ Labs, Inc. Response to LinkedIn Cease and Desist Letter, *hiQ Labs, Inc. v. LinkedIn Corporation*, No. 17-cv-03301-EMC (N.D. Cal. June 7, 2017) (ECF No. 4-11) | 05/31/2017 | 6 | 2076 |
| 95 | Plaintiff hiQ Labs, Inc.'s First Supplemental Responses to LinkedIn Corporation's Second Set of Interrogatories, *hiQ Labs, Inc. v. LinkedIn Corporation*, No. 17-cv-03301-EMC | 05/11/2022 | 6 | 2082 |
| 96 | Plaintiff hiQ Labs, Inc.'s Supplemental Responses and Objections to LinkedIn Corporation's Second Set of Interrogatories, *hiQ Labs, Inc. v. LinkedIn Corporation*, No. 17-cv-03301-EMC | 05/13/2022 | 6 | 2088 |

# Compendium Exhibit 80

# (Filed Under Seal)

Compendium Exhibit 81

(Filed Under Seal)

Compendium Exhibit 82

(Filed Under Seal)

Compendium Exhibit 83

(Filed Under Seal)

# Compendium Exhibit 84

# (Filed Under Seal)

Compendium Exhibit 85

(Filed Under Seal)

# Compendium Exhibit 86

# (Filed Under Seal)

# Compendium Exhibit 87

# (Filed Under Seal)

# Compendium Exhibit 88

# (Filed Under Seal)

# Compendium Exhibit 89

# (Filed Under Seal)

# Compendium Exhibit 90

# (Filed Under Seal)

# Compendium Exhibit 91

# (Filed Under Seal)

Compendium Exhibit 92

(Filed Under Seal)

# Compendium Exhibit 93

# (Filed Under Seal)

# Compendium Exhibit 94

# EXHIBIT K



**DEEPAK GUPTA**
dgupta@fbm.com
D 415.954.4419

May 31, 2017

*Via E-Mail to abajoria@linkedin.com*

Abhishek Bajoria
Senior Litigation Counsel
LinkedIn Corporation
1000 W. Maude Avenue
Sunnyvale, CA 94085

      Re:    <u>Cease and Desist Letter to hiQ Labs, Inc.</u>

Dear Abhishek:

      We are writing on behalf of hiQ Labs, Inc. in response to your letter dated May 23, 2017 and further to our teleconference of May 30, 2017.  As LinkedIn's cease and desist request poses an existential threat to hiQ in its current form, your letter combined with your uncompromising posture on our phone call puts the company in a very difficult position.  We reiterate our request, made on the May 30 call, that you immediately restore hiQ's access to public LinkedIn data and arrange a face-to-face meeting of business principals. This will allow hiQ to continue functioning as a business and give the parties the time they need to engage in discussions so that LinkedIn can better understand hiQ's business and hiQ can better understand LinkedIn's concerns.  Absent that, you leave hiQ with few options.

      Your letter mentions concerns about "data security" and "member trust."  We want to make sure there is no misunderstanding on LinkedIn's part as to what hiQ does.  hiQ collects public profile data from LinkedIn's users and analyzes these profiles to help employers understand (a) which of their employees are at the greatest risk of being recruited away ("Keeper"), and (b) the range of skills possessed by their workforce ("Skill Mapper").  These services are very much in line with the core focus of LinkedIn, which is to create economic opportunities for professionals in their careers.

      hiQ in no way accesses LinkedIn member private data or any area of LinkedIn's website requiring a password; it merely accesses data which LinkedIn's members have expressly made public.  LinkedIn publicly acknowledges that this data belongs to members, not to LinkedIn, and LinkedIn in fact promotes itself as a networking platform where this information will be publicly shared precisely to encourage members to join LinkedIn.  We are thus straining to understand how these activities in any way present a security or trust issue for LinkedIn.  Quite the opposite; the existence of hiQ enhances the value of having a LinkedIn public profile, which in the long run enriches LinkedIn.

Russ Building • 235 Montgomery Street • San Francisco, CA 94104 • T 415.954.4400 • F 415.954.4480

SAN FRANCISCO   ST. HELENA   www.fbm.com

CE 2078

Abhishek Bajoria
May 31, 2017
Page 2



As we discussed on our phone call, LinkedIn has for several years been aware of hiQ's synergistic activities and has participated in hiQ's Elevate conference on data analytics issues. LinkedIn has spoken at hiQ's events and employee Lorenzo Canlas even accepted hiQ's "Impact Award." hiQ has always operated in LinkedIn's plain view and with its support, so we are at a loss to understand the sudden (and potentially devastating) change of direction represented by your letter. hiQ is presently in the midst of a financing round, which is now endangered because of your letter.

When, on our phone call, we asked whether hiQ's activities caused any injury to LinkedIn, you stated you did not know. When asked whether hiQ's business was in fact synergistic to LinkedIn, you stated you did not know. Notably, your letter does not suggest that data collection by hiQ is impairing or interfering with LinkedIn servers, and in our phone call you were unable to identify any such impairment or interference.

The only reason that you stated lies behind LinkedIn's decision to revoke hiQ's access is an alleged violation of the User Agreement. But those terms are not enforceable against persons or entities that merely visit the website to view or use public information. Moreover, the User Agreement is so overbroad as to be, in our view, meaningless:

- The User Agreement states it is forbidden to "[s]crape or copy profiles" through "crawlers," "automated software," and "script robots." Yet Google and Bing access LinkedIn using scrapers and robots. And LinkedIn itself provides an automated feature to create a local PDF copy of profiles, which it then instructs that users may print (thereby creating a second "copy"). <<https://www.linkedin.com/help/linkedin/answer/4281/printing-a-profile?lang=en.>> Thus, far from blocking the putatively prohibited actions, LinkedIn invites them.

- The User Agreement prohibits "copying profiles" through "manual work," yet every time people visit LinkedIn using a web browser they are engaging in "manual work" that creates a "copy" of a profile on their screen, a "copy" in their computer's memory and a "copy" on their hard drive. The ordinary operation of LinkedIn demands a breach of this provision.

- The User Agreement prohibits anyone from "us[ing], the content or data of others available on the Services (except as expressly authorized)." This means any time someone views a member profile and "uses" some information – e.g. sends an email to the address on their LinkedIn profile – he or she must first request "express permission" before sending the email. This, no one does.

- Similarly, the User Agreement forbids a member to "[s]hare or disclose information of others without their express consent." Yet LinkedIn itself provides a "Share Profile" feature. <<https://www.linkedin.com/help/linkedin/answer/1627.>> It also provides a convenient "share" button for users to share the posts of others. Unsurprisingly, these features do not first require "express permission" before sharing.

Abhishek Bajoria
May 31, 2017
Page 3



We understand LinkedIn's position to be that anytime someone engages in any of the above acts, he or she is in violation of the law. Yet as shown above, these provisions are so self-contradictory that no LinkedIn user could reasonably be expected to comply with them.

Candidly, we have some concern that LinkedIn's sudden focus on hiQ may be for an anti-competitive purpose. A page on the LinkedIn website states that it is investing now in its own internal data science projects. *See* <<https://engineering.linkedin.com/data>> Is it LinkedIn's position that it alone can perform data analysis on LinkedIn *public* profile pages?

The cases you cite arose under very different circumstances and did not involve potential anticompetitive motivations or conduct.

While we would like to reach an amicable resolution, we do not believe that hiQ has done anything unlawful. To the contrary, we believe that LinkedIn's activity would be enjoined in a court of law and LinkedIn would face monetary exposure under, at minimum, the following list of theories:

- Common law promissory estoppel – LinkedIn is estopped from revoking hiQ's access to public profile pages because LinkedIn was aware that hiQ was relying on these expressly public pages for several years, and never threatened to revoke access; rather it participated and encouraged hiQ. hiQ's reliance was justifiable and it is thus entitled to continue using LinkedIn's avowed public pages in its business.

- Common law intentional interference with contract and prospective advantage – LinkedIn induced members into joining by offering them the ability to create putatively "public profiles" and is now wrongfully making those profiles "non-public," at least as to hiQ. hiQ has millions of dollars' worth of business that now hangs in the balance because of LinkedIn's wrongful bait and switch.[1]

- California unfair competition and antitrust law – LinkedIn may not use its market power as the world's largest professional network to squelch competition in the neighboring field of data analytics.

- California Free Speech/First Amendment – Social networks are the new "town square." Much like the shopping mall in *Robins v. Pruneyard Shopping Center*, 592 P. 2d 341 (Cal. 1979) and *Fashion Valley Mall, LLC v. NLRB*, 172 P. 3d 742 (Cal. 2007), LinkedIn opened itself up to the "public," so it may not now selectively exclude those members of the public whom it dislikes. Furthermore, it is apparent that LinkedIn is using the CFAA as an end run around the Copyright Act: you stated many times on our call that the alleged wrong by hiQ was "copying" webpages en masse. However, "copyright law

---

[1] hiQ's current customers include eBay, Capital One, and GoDaddy. Prospective customers include Bank of New York Mellon, Chevron, Groupon, Honeywell, IBM, Visier and Jobvite.

Abhishek Bajoria
May 31, 2017
Page 4



contains built-in First Amendment accommodations." *Eldred v. Ashcroft*, 537 U.S. 186 (2003). These include the requirement of ownership, the defense of license, the idea-expression dichotomy, and the fair use doctrine. These limits on copyright law would immunize hiQ here, but by cloaking its allegations of improper "copying" in the garb of the CFAA, LinkedIn is attempting to circumvent the First Amendment protections of copyright law.

This is a non-exclusive listing of the protections to which hiQ is entitled. We are prepared to protect hiQ's legal rights in court if necessary; LinkedIn's tactics pose a grave threat to hiQ's continued existence. But we would prefer to amicably resolve this matter as you have proposed. We ask that you promptly agree to stop denying hiQ access to LinkedIn's public pages, withdraw your cease and desist demand, and engage in meaningful discussions to try to resolve the matter. In the meantime, we ask LinkedIn to preserve all records, data and documents, however stored, that mention, refer or relate to hiQ or to any desire, plan or effort to enter the data analytics business.

Very truly yours,

Deepak Gupta

DZG:ll

34556\5996250.1

# Compendium Exhibit 95

# (Filed Under Seal)

# Compendium Exhibit 96

# (Filed Under Seal)