Corey Worcester (*pro hac vice*)
coreyworcester@quinnemanuel.com
Renita Sharma (*pro hac vice*)
renitasharma@quinnemanuel.com
Hope Skibitsky (*pro hac vice*)
hopeskibitsky@quinnemanuel.com
Elisabeth Miller (*pro hac vice*)
elisabethmiller@quinnemanuel.com
Daily Guerrero (*pro hac vice*)
dailyguerrero@quinnemanuel.com
Zane Muller (*pro hac vice*)
zanemuller@quinnemanuel.com
QUINN EMANUEL URQUHART AND SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:      (212) 849-7000
Facsimile:      (212) 849-7100

Terry L. Wit (SBN 233473)
terrywit@quinnemanuel.com
Adam B. Wolfson (SBN 262125)
adamwolfson@quinnemanuel.com
QUINN EMANUEL URQUHART AND SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:      (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for Plaintiff hiQ Labs, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| hiQ Labs, Inc.,<br><br>               Plaintiff,<br><br>          vs.<br><br>LinkedIn Corp.,<br><br>               Defendant. | Case No. 3:17-CV-03301-EMC<br><br>**HIQ'S LOCAL RULE 79(f)(3) STATEMENT ON LINKEDIN'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

Pursuant to the Northern District of California's Civil Local Rules 7-11, 79-5(f)(3) and 79-5(c)(1), Plaintiff hiQ Labs, Inc. ("hiQ") hereby submits this Statement on LinkedIn's Administrative Motion Consider Whether LinkedIn's Material Should Be Sealed (ECF 335).

On August 5, 2022, LinkedIn filed a Motion for Summary Judgment (EF 336), a Motion for

1   Spoliation Sanctions (ECF 337), a Motion to Exclude the Expert Testimony of Stephen McElfresh (ECF

2   338), and a Motion to Exclude the Damages Opinion of Benjamin Sacks (ECF 339) (collectively, the

3   "Motions").  Certain material in the Motions and accompanying Compendium of Exhibits (ECF 340)

4   (together, the "Filings") has been designated by hiQ as Confidential or Highly Confidential pursuant to

5   the Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential

6   Information And/Or Trade Secrets (ECF No. 213).  hiQ respectfully affirms that certain material in the

7   Filings should remain sealed, as explained herein.

8        "A party seeking to seal a document filed with the Court must (1) comply with Civil Local Rule

9   79-5; and (2) rebut the 'strong presumption in favor of access' that applies to all court documents other

10  than grand jury transcripts and pre-indictment warrant materials."  *Icon-IP Pty Ltd. v. Specialized*

11  *Bicycle Components, Inc*., Case No. 12-cv-03844-JST, 2015 WL 984121, at *1 (N.D. Cal. Mar. 4, 2015)

12  (*quoting Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  To satisfy the

13  first prong under Civil Local Rule 79-(b), a sealing order may issue if the document or portions of the

14  document sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to

15  protection under the law." Civil L.R. 79-5(b).  "The request must be narrowly tailored to seek sealing

16  only of sealable material."  *Id.*  A "strong presumption of access to judicial records applies fully to

17  dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana v.*

18  *City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  "Thus, 'compelling reasons' must

19  be shown to seal judicial records attached to a dispositive motion." *Id.*

20       As described in more detail below, the Motions contain information on hiQ's trade secrets,

21  including its proprietary intellectual property, as well as confidential business information which may

22  harm its competitive standing were it disclosed.  As such, "There are compelling reasons to seal

23  references to its trade secrets and confidential business information." *In re Elec. Arts, Inc.*, 298 F. App'x

24  568. 569 (9th Cir. 2008) (holding trade secrets could be sealed to prevent their use "as sources of

25  business information that might harm a litigant's competitive standing.").  Additionally, certain

26  individuals' personal information, such as telephone numbers and home addresses, appears in the

27

28

STATEMENT ON LINKEDIN'S ADMIN. MOTION TO CONSIDER WHETHER HIQ'S MATERIAL SHOULD BE
SEALED

1  materials, and disclosure of these could harm the privacy and safety of these individuals. *Lees v.*

2  *Mariscal*, 19-cv-01603-HSG, at *3 (N.D. Cal. Apr. 11, 2022) ("…the privacy and safety of a nonparty is

3  a  compelling reason for sealing records.")

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  STATEMENT ON LINKEDIN'S ADMIN. MOTION TO CONSIDER WHETHER HIQ'S MATERIAL SHOULD BE
SEALED

| Document | Text to Be Sealed | Reason |
|---|---|---|
| Motion for Summary Judgment | Red boxed portions in footnote 5 on page 7 | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and to hiQ. |
| Motion for Summary Judgment | Red boxed portions of footnote 6 on page 18, corresponding to CE 1733-88, CE 1522, CE 1937-56. | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and to hiQ. |
| CE Exhibit 2, CE0051-52 (Dev Exhibit 237) | Entire Document | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and to hiQ. |
| CE Exhibit 5, CE0081-0128 (Graves Deposition Transcript Excerpt) | **10:19-21\*** 226:21-24 | Contains personal information of the deponent, the disclosure of which could harm the privacy and safety of the deponent. **\*Note that lines 10:19-21 were filed under seal but not addressed in LinkedIn's proposed order.** |
| CE Exhibit 5, CE0129-0143 (Graves Exhibit 498) | Entire Document | Contains trade secret information about hiQ's products and intellectual property, the disclosure of which could cause competitive harm to hiQ. |
| CE Exhibit 5, CE0144-0147 (Graves Exhibit 503) | Entire Document | Contains trade secret information about hiQ's products and intellectual property, the disclosure of which could cause competitive harm to hiQ. |
| CE Exhibit 5, CE0150-0166 (Graves Exhibit 512) | Entire Document | Contains trade secret information about hiQ's products and intellectual property, the disclosure of which could cause competitive harm to hiQ. |
| CE Exhibit 5, CE0167-0168 (Graves Exhibit 514) | Entire Document | Contains trade secret information about hiQ's products and intellectual property, the disclosure of which could cause competitive harm to hiQ. |
| CE Exhibit 9, CE0397-0424 (Kim Exhibit 246) | Entire Document | Contains trade secret information about hiQ's products and intellectual property, the disclosure of which could cause competitive harm to hiQ. |
| CE Exhibit 12, CE0607-0636 (Medeiros Deposition Transcript Excerpt) | 115:15-116:25 | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and to hiQ. |

Case No. 3:17-cv-03301-EMC

STATEMENT ON LINKEDIN'S ADMIN. MOTION TO CONSIDER WHETHER HIQ'S MATERIAL SHOULD BE SEALED

| Document | Text to Be Sealed | Reason |
|---|---|---|
| CE Exhibit 12, CE0673-0676 (Medeiros Exhibit 443) | Entire Document | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and to hiQ. |
| CE Exhibit 13, CE0729 (Miller Exhibit 322A) | Entire Document | Contains trade secret information about hiQ's products and intellectual property, the disclosure of which could cause competitive harm to hiQ. |
| CE Exhibit 13, CE0730 (Miller Exhibit 322B) | Entire Document | Contains trade secret information about hiQ's products and intellectual property, the disclosure of which could cause competitive harm to hiQ. |
| CE Exhibit 13, CE0731-0733 (Miller Exhibit 331) | Entire Document | Contains trade secret information about hiQ's products and intellectual property, the disclosure of which could cause competitive harm to hiQ. |
| CE Exhibit 13, CE0734-0735 (Miller Exhibit 344) | Entire Document | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and to hiQ. |
| CE Exhibit 13, CE0736-0748 (Miller Exhibit 350A & 350B) | Entire Document | Contains trade secret information about hiQ's products and intellectual property, the disclosure of which could cause competitive harm to hiQ. |
| CE Exhibit 14, CE0750-0769 (Miller May 26 Deposition Transcript Excerpt) | 332:25-333:4 | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and to hiQ. |
| CE Exhibit 23, CE1146-1172 (Weidick May 23 Deposition Transcript Excerpt) | 52:22-25 | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and to hiQ. |
| CE Exhibit 23, CE1173 (Weidick Exhibit 475) | CE 1175 | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and to hiQ. |
| CE Exhibit 24, CE1180-1219 (Weidick June 1 Deposition Transcript Excerpt) | 400:7-13 409:3 | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and |

STATEMENT ON LINKEDIN'S ADMIN. MOTION TO CONSIDER WHETHER HIQ'S MATERIAL SHOULD BE SEALED

| Document | Text to Be Sealed | Reason |
|---|---|---|
|  |  | to hiQ. |
| CE Exhibit 24, CE1220-1253 (Weidick Exhibit 489) | CE 1230 | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and to hiQ. |
| CE Exhibit 41, CE1513-1517 | Entire Document | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and to hiQ. |
| CE Exhibit 42, CE1518-1533 | Entire Document | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and to hiQ. |
| CE Exhibit 44, CE1536-1549 | Entire Document | Contains trade secret information about hiQ's products and intellectual property, the disclosure of which could cause competitive harm to hiQ. |
| CE Exhibit 47, CE1571-1585 | CE 1584 | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and to hiQ. |
| CE Exhibit 52, CE1600-1603 | Entire Document | Contains trade secret information about hiQ's products and intellectual property, the disclosure of which could cause competitive harm to hiQ. |
| CE Exhibit 57, CE1615-1616 | Entire Document | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and to hiQ. |
| CE Exhibit 60, CE1623-1624 | Entire Document | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and to hiQ. |
| CE Exhibit 62, CE1628-1631 | Entire Document | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause |

STATEMENT ON LINKEDIN'S ADMIN. MOTION TO CONSIDER WHETHER HIQ'S MATERIAL SHOULD BE SEALED

| Document | Text to Be Sealed | Reason |
|---|---|---|
|  |  | competitive harm to those parties and to hiQ. |
| CE Exhibit 68, CE1652-1653 | Entire Document | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and to hiQ.  Additionally, this document contains trade secret information about hiQ's products and intellectual property, the disclosure of which could cause competitive harm to hiQ. |
| CE Exhibit 74, CE1732-1788 | Entire Document | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and to hiQ. |
| CE Exhibit 81, CE1903-1935 | CE1929-35 | Contains trade secret information about hiQ's products and intellectual property, the disclosure of which could cause competitive harm to hiQ. |
| CE Exhibit 82, CE1936-1956 | Entire Document | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and to hiQ. |
| CE Exhibit 83, CE1957-1963 | CE1960-2 | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and to hiQ. |
| CE Exhibit 89, CE2063-2065 | Entire Document | Contains trade secret information about hiQ's products and intellectual property, the disclosure of which could cause competitive harm to hiQ. |

Case No. 3:17-cv-03301-EMC

STATEMENT ON LINKEDIN'S ADMIN. MOTION TO CONSIDER WHETHER HIQ'S MATERIAL SHOULD BE SEALED

1  Dated:  August 12, 2022

2                                    QUINN EMANUEL URQUHART & SULLIVAN LLP

3                              By:          */s/ Zane Muller*

4                                             Zane Muller
                                     Attorneys for Plaintiff hiQ Labs, Inc.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STATEMENT ON LINKEDIN'S ADMIN. MOTION TO CONSIDER WHETHER HIQ'S MATERIAL SHOULD BE SEALED