ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
RUSSELL P. COHEN (SBN 213105)
rcohen@orrick.com
PAUL F. RUGANI (SBN 342647)
prugani@orrick.com
CATHERINE Y. LUI (SBN 239648)
clui@orrick.com
NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
DANIEL JUSTICE (SBN 291907)
djustice@orrick.com
EMILY RENZELLI (*Pro Hac Vice*)
erenzelli@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

*Attorneys for Defendant/Counterclaimant*
*LinkedIn Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| hiQ Labs, Inc., | Case No. 17-cv-03301-EMC |
| Plaintiff, | **LINKEDIN CORPORATION'S LOCAL RULE 79-5(f)(3) STATEMENT TO SEAL CERTAIN MATERIALS** |
| vs. | |
| LinkedIn Corporation, | Complaint Filed:   June 7, 2017 |
| Defendant. | Trial Date:          February 27, 2023 |
| LinkedIn Corporation | |
| Counterclaimant, | |
| vs. | |
| hiQ Labs, Inc. | |
| Counterdefendant. | |

Pursuant to Civil Local Rules 79-5(f)(3) and 79-5(c)(1), Federal Rule of Civil Procedure 26(c)(1), and the Stipulated Protective Order For Litigation Involving Patents, Highly Sensitive Confidential Information, and/or Trade Secrets (ECF No. 213) (the "Protective Order"), LinkedIn Corporation ("LinkedIn") hereby submits this statement seeking to seal information in limited portions of materials that hiQ filed in support of its Motion for Summary Judgment (ECF No. 331) ("Motion").  Specifically, LinkedIn seeks a narrow order to seal and redact from the public record the private email address of Bob Rosin that is reflected on Exhibits E and H that hiQ filed in support of its Motion.  *See* ECF No. 333, amended by ECF No. 345.  To be clear, LinkedIn does *not* seek to seal any other portion of the Exhibits E and H except for sealing the private email address of Mr. Rosin.

### I. LEGAL STANDARD

In order to seal documents submitted in support of dispositive motions, the party seeking such relief must meet the "compelling reasons" standard.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  Courts have regularly found that sealing personally identifiable information from the public record to protect individual privacy interests is a compelling reason that overcomes the presumption of public access to judicial records.  "The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund v. Oracle Corp.,* 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007), citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003); *Kamakana v. City and Cty. Of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006); *see also Snapkeys Ltd. v. Google LLC*, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021) (finding compelling reason to seal personal email addresses of current and former employees submitted in support of motion for summary judgment);  *Am. Auto. Ass'n of Northern California, Nevada & Utah, v. Gen. Motors, LLC*, 2019 WL 1260748, at *2 (N.D. Cal. March 14, 2019) (sealing personal information of third party individuals including personal email addresses).

To appropriately balance the public's interest in the litigation with protecting individuals'

private information, courts routinely require the redaction from the public record individuals' personally identifiable information such as personal email addresses. *Nursing Home*, 2007 WL 3232267, at *2; *Foltz*, 331 F. 3d at 1137-38.

## II. MATERIALS REQUESTED TO BE SEALED

LinkedIn seeks a very narrow order to seal and redact from the public record Mr. Rosin's personal email address only. Mr. Rosin is a former LinkedIn employee and the exhibits at issue here reveal his personal email address. Sealing Mr. Rosin's personal email address will protect him from potential identity theft and invasion of his privacy while allowing the public to still access the underlying exhibit. The personal email address of Mr. Rosin is not relevant to the merits of hiQ's Motion. *Snapkeys*, 2021 WL 1951250, at *2. The sealing of Mr. Rosin's personal email address will not impact the public's ability to review the document. There is no less restrictive alternative to protect Mr. Rosin's privacy.

LinkedIn seeks to seal only the limited information identified below:

| **Document** | **Text to Be Sealed** | **Basis for Sealing** |
|---|---|---|
| Exhibit E filed in Support of hiQ's Motion for Summary Judgment, ECF No. 333, amended by ECF No. 345. | Personal email address of Bob Rosin only | This document reveals the personal email address of Mr. Rosin. Revealing his personal email address could expose him to potential harms such as identity theft and an invasion of privacy. |
| Exhibit H filed in Support of hiQ's Motion for Summary Judgment, ECF No. 333, amended by ECF No. 345. | Personal email address of Bob Rosin only on page 1 of the exhibit | This document reveals the personal email address of Mr. Rosin. Revealing his personal email address could expose him to potential harms such as identity theft and an invasion of privacy. |

Although disclosing Mr. Rosin's email address would harm Mr. Rosin, in contrast, there is little if any countervailing public interest in their disclosure. *Kamakana*, 447 F. 3d at 1179. ("[T]he Court must conscientiously balance the competing interests of the public policies favoring disclosure such as the public interest in understanding the judicial process." (quotation marks and original alterations omitted)). Here, the sealing of Mr. Rosin's personal email address will shed no additional light on the Court's decision-making process that could aid the public's

understanding of the judicial system.

For the foregoing reasons, LinkedIn respectfully requests that the Court seal Mr. Rosin's personal email address from Exhibit E and H filed in support of hiQ's Motion for Summary Judgment.

Dated: August 12, 2022                                  Orrick, Herrington & Sutcliffe LLP

                                                        By:    /s/ Catherine Y. Lui
                                                                 CATHERINE Y. LUI
                                                              Attorneys for Defendant
                                                               LinkedIn Corporation