1  ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
2  RUSSELL P. COHEN (SBN 213105)
rcohen@orrick.com
3  PAUL F. RUGANI (SBN 342647)
prugani@orrick.com
4  CATHERINE Y. LUI (SBN 239648)
clui@orrick.com
5  NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
6  DANIEL JUSTICE (SBN 291907)
djustice@orrick.com
7  EMILY RENZELLI (*pro hac vice*)
erenzelli@orrick.com
8  ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
9  San Francisco, CA  94105-2669
Telephone:   +1 415 773 5700
10  Facsimile:   +1 415 773 5759

11  *Attorneys for LinkedIn Corporation*

12                UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                 SAN FRANCISCO DIVISION

15

| | |
|---|---|
| hiQ Labs, Inc., | Case No. 17-cv-03301-EMC |
| Plaintiff, | **[PROPOSED] ORDER DENYING HIQ'S MOTION FOR SUMMARY JUDGMENT ON LINKEDIN'S FIRST COUNTERCLAIM** |
| vs. | |
| LinkedIn Corporation, | Date:              September 29, 2022<br>Time:              1:30 p.m.<br>Courtroom:    5 – 17th Floor (Zoom)<br>Judge:            Hon. Edward M. Chen |
| Defendant. | |
| | Complaint Filed:   June 7, 2017<br>Trial Date:          February 27, 2023 |
| LinkedIn Corporation | |
| Counterclaimant, | |
| vs. | |
| hiQ Labs, Inc. | |
| Counterdefendant. | |

1    Presently before the Court is Plaintiff and Counterclaim Defendant hiQ Labs, Inc.'s

2    Motion for Summary Judgment on Defendant and Counterclaimant LinkedIn Corporation's First

3    Counterclaim under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 as time-

4    barred by the statute's two-year period of limitation (ECF No. 331) ("hiQ's MSJ").  For the

5    reasons that follow, hiQ's Motion is DENIED.

6    **I.      EVIDENTIARY OBJECTIONS**

7    As a preliminary matter, LinkedIn raises several evidentiary objections and objections

8    pursuant to Federal Rule of Civil Procedure 56(c), and the Court addresses each objection as

9    follows.

10   LinkedIn objects that hiQ relies on the Amended Complaint as evidentiary support,

11   including for the contention that "LinkedIn abruptly denied hiQ's access to the portion of the

12   LinkedIn website containing wholly public user profiles" in May 2017, *see* hiQ's MSJ at 1:20,

13   1:24, 3:3, 3:5, is not supported by admissible evidence.  hiQ cites only to its own Amended

14   Complaint, ECF No. 131, in support of this factual position, but no admissible evidence.  The

15   objection is accordingly **SUSTAINED**.  *Acasio v. Lucy*, No. 14-CV-04689-JSC, 2017 WL

16   1316537, at *5 (N.D. Cal. Apr. 10, 2017) ("[A]llegations in the pleadings … are not admissible

17   evidence."); Fed. R. Civ. P. 56(c).

18   LinkedIn objects to Exhibit G (Womer LinkedIn Profile) because it is not authenticated

19   and the exhibit does not contain the quotation hiQ attributes to it.  Exhibit G is attached to the

20   Muller Declaration, but there is no foundation that Mr. Muller has personal knowledge sufficient

21   to authenticate the document.  Fed. R. Evid. 901; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764,

22   773–74 (9th Cir. 2002) ("We have repeatedly held that unauthenticated documents cannot be

23   considered in a motion for summary judgment.").  Further, LinkedIn is correct that Exhibit G

24   does not contain the statement hiQ attributes to it.  *Compare* hiQ MSJ at 7:19-20 and 7 n.2 *with*

25   text of Ex. G.  The objection is **SUSTAINED**.

26   LinkedIn objects that hiQ Exhibits F, I, and P are not properly authenticated as deposition

27   excerpts with no reporter certification or other authenticating statement from a witness with

28   knowledge.  The objection is **SUSTAINED**.  *Orr*, 285 F.3d at 774.

1    The Court will not consider evidence consistent with its rulings on LinkedIn's objections,

2    but even if LinkedIn's evidentiary objections were overruled, hiQ's summary judgment motion

3    would nevertheless be denied in light of the applicable law and the disputed record as explained

4    in the next section.

5    **II.    STATUTE OF LIMITATIONS ANALYSIS**

6         hiQ moves for summary judgment on LinkedIn's CFAA claim on the basis that LinkedIn

7    knew or should have known about its CFAA claim before June 7, 2015, the date two years before

8    hiQ filed its action.  However, LinkedIn's claim was brought within the CFAA's limitations

9    period, both because it is based on acts that occurred within that period and because LinkedIn

10   could not have discovered hiQ's deliberately concealed conduct prior to the start of that period.

11        A CFAA claim is timely if it is brought "within 2 years of the date of the act complained

12   of or the date of the discovery of the damage."  18 U.S.C. § 1030(g).  The parties agree that the

13   relevant statutory period starts on June 7, 2015.

14        First, LinkedIn's claim is timely as to any acts occurring on or after June 7, 2015, under

15   the separate accrual rule (also known the continuous accrual rule).  *See Aryeh v. Canon Bus. Sols.,*

16   *Inc*., 55 Cal. 4th 1185, 1198 (2013).  Under that rule, each wrongful act under § 1030(g) triggers

17   its own limitations period.  *See Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 625 (N.D. Cal.

18   2021) (applying the separate accrual rule and concluding that a CFAA claim was timely).  Thus, a

19   claim under such a statute is timely as to all conduct occurring within the limitations period, even

20   if similar conduct occurred prior to it.  *See Bliss v. CoreCivic, Inc.*, 978 F.3d 1144, 1150 (9th Cir.

21   2020).  LinkedIn's CFAA claim encompasses millions of hiQ's acts of unauthorized access—

22   involving both scraping and circumvention of LinkedIn's password wall—within the limitations

23   period.  Therefore, summary judgment is **DENIED** as to all of hiQ's conduct on or after June 7,

24   2015.

25        Second, and independently, factual disputes with respect to whether LinkedIn discovered

26   or could have discovered its claim prior to June 7, 2015, preclude summary judgment.  An

27   employee's notice is imputed to the company based on the law of agency, *see* Cal. Civ. Code

28   § 2332, and the law is "well settled" that "notice to an agent is notice to the principal only as to

1    those things within the scope of the agency," *Primm v. Joyce*, 87 Cal. App. 2d 288, 291-92

2    (1948).  hiQ's motion relies on two email threads from late-2014 in which LinkedIn employees

3    briefly discussed hiQ.  But only one of those email threads even mentions a possibility that hiQ

4    was scraping, and there it is reasonable to infer the employees were speculating.  *Miniace v. Pac.*

5    *Mar. Ass'n*, No. C 04-03506 SI, 2006 WL 648732, at *3 (N.D. Cal. Mar. 13, 2006) (denying

6    summary judgment because movant "provided no evidence that" company general counsel

7    actually "knew" the information allegedly imputable to company).  Further, LinkedIn submits

8    significant evidence that anti-scraping was not within the scope of the relevant employees' job

9    responsibilities at LinkedIn, meaning that these employees' knowledge cannot be imputed to

10   LinkedIn even if they were personally on sufficient notice of hiQ's conduct.  Moreover, LinkedIn

11   objects that hiQ has no affirmative evidence as to the individuals' scope of employment at the

12   relevant time and fails to lay an adequate foundation to support a grant of summary judgment.

13   Accordingly, at a minimum, factual disputes as to who knew what and whether that information

14   can be imputed to LinkedIn prior to the limitations period preclude summary judgment.

15   Therefore, summary judgment is **DENIED** as to all of hiQ's conduct before and after June 7,

16   2015.

17           Finally, and also independently, factual disputes concerning delayed discovery and

18   fraudulent concealment preclude summary judgment.  *See Aryeh*, 55 Cal. 4th at 1192 (discovery

19   rule); *Bernson v. Browning–Ferris Indus. of Cal., Inc.*, 7 Cal. 4th 926, 936 (1994) (intentional

20   concealment).  LinkedIn argues and submits supporting evidence that hiQ deliberately concealed

21   its scraping activities from LinkedIn prior to the litigation and hiQ points to no document or

22   public statement of hiQ that LinkedIn could have possibly found that would have told it hiQ was

23   scraping.  LinkedIn argues that hiQ continued to actively mislead regarding the scope of its

24   conduct even in this litigation, including that its conduct never required it to access information

25   from the part of LinkedIn's website behind its password barrier.  Furthermore, LinkedIn submits

26   evidence that hiQ spoliated evidence that would have demonstrated the full scope and scale of its

27   scraping operation.  The Court finds that LinkedIn's arguments, supported by evidence, are well

28   taken and establish factual disputes regarding whether and when LinkedIn should have known of

[PROPOSED] ORDER DENYING HIQ'S MSJ
NO. 17-CV-03301-EMC

1  hiQ's conduct, particularly in light of concealment by hiQ.  Accordingly, summary judgment is

2  **DENIED** as to all of hiQ's conduct before and after June 7, 2015.

3       For the foregoing reasons, hiQ's motion for summary judgment on LinkedIn's First

4  Counterclaim is **DENIED**.

5       **IT IS SO ORDERED.**

6

7       Dated: _____

8

9                                      _____

10                                           HON. EDWARD M. CHEN
                                          UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4