ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
RUSSELL P. COHEN (SBN 213105)
rcohen@orrick.com
PAUL F. RUGANI (SBN 342647)
prugani@orrick.com
CATHERINE Y. LUI (SBN 239648)
clui@orrick.com
NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
DANIEL JUSTICE (SBN 291907)
djustice@orrick.com
EMILY RENZELLI (*Pro Hac Vice*)
erenzelli@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

*Attorneys for Defendant/Counterclaimant*
*LinkedIn Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| hiQ Labs, Inc.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LinkedIn Corporation,<br><br>　　　　Defendant.<br><br>LinkedIn Corporation<br><br>　　　　Counterclaimant,<br>　　vs.<br><br>hiQ Labs, Inc.<br><br>　　　　Counterdefendant. | Case No. 17-cv-03301-EMC<br><br>**LINKEDIN CORPORATION'S LOCAL RULE 79-5 ADMINISTRATIVE MOTION TO FILE DESIGNATED MATERIALS UNDER SEAL**<br><br>Complaint Filed:　June 7, 2017<br>Trial Date:　　　 February 27, 2023 |

Pursuant to Civil Local Rule 79-5(c)(1), Federal Rule of Civil Procedure 26(c)(1), and the Stipulated Protective Order For Litigation Involving Patents, Highly Sensitive Confidential Information, and/or Trade Secrets (ECF No. 213) (the "Protective Order"), LinkedIn Corporation ("LinkedIn") hereby moves to file under seal limited portions of Exhibit 1 to the Declaration of Daniel Justice In Support of LinkedIn Corporation's Opposition to hiQ's Motion for Summary Judgment.  Specifically, LinkedIn seeks a narrow order to redact portions of Exhibit 1378 to the Deposition of Jenelle Bray consisting of sensitive security information that would harm LinkedIn if disclosed publicly.  This motion is based on the following points and authorities and the accompanying Declaration of Paul Rockwell and proposed order.

## I.     LEGAL STANDARD

In order to seal documents submitted in support of dispositive motions, the party seeking such relief must meet the "compelling reasons" standard.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  A party has "compelling reasons" to seal information in a filing, *inter alia*, where disclosure of that information would reveal "sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), or would make a litigant's business information at risk of being used for "improper purposes," *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  Courts find that material that could cause competitive harm if disclosed publicly, such as trade secrets or security information, meets the compelling reasons standard and may be sealed in connection with a dispositive motion.  *See, e.g.*, *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-cv-02864-JD, 2016 WL 4091388, at *1 (N.D. Cal. Aug. 2, 2016) (sealing information that gives an "unfair advantage" to competitors); *ASUS Computer Int'l v. InterDigital, Inc.*, No. 15-cv-01716-BLF, 2019 WL 1411234, at *2 (N.D. Cal. Mar. 28, 2019) (finding compelling reasons to seal the password to a USB drive containing sensitive information); *Cardinali v. Plusfour, Inc.*, No.: 2:16-cv-02046-JAD-NJK, 2019 WL 4723071, at *14 (D. Nev. Sept. 26, 2019) (granting motion to seal information that could be used by third-party bad actors).

## II. MATERIALS REQUESTED TO BE SEALED

LinkedIn seeks a very narrow order to seal and redact from the public record portions of sensitive security information that details the operation of LinkedIn's Sentinel plugin, one of the means by which LinkedIn blocks unauthorized data scrapers from accessing its web-based platform. As set forth in the accompanying Rockwell Declaration, disclosure of such detailed information would harm LinkedIn by providing unauthorized scrapers the "'keys' to LinkedIn's defenses, undermine the efficacy of LinkedIn's defenses, and harm LinkedIn's investment in anti-scraping technical measures." Rockwell Decl. ¶ 4. The information LinkedIn seeks to seal is granular and would be used by scrapers to circumvent LinkedIn's defenses, thereby placing significant load on LinkedIn's servers, impairing the operation of LinkedIn's website, and causing financial harm to LinkedIn. *Id.* Sensitive security information such as that in Deposition Exhibit 1378 meets the compelling reasons standard. *E.g.*, *ASUS Computer*, 2019 WL 1411234 at *2; *Cardinali*, 2019 WL 4723071 at *14.

LinkedIn seeks to seal only the limited information identified below:

| Document | Text to Be Sealed | Basis for Sealing |
|---|---|---|
| Deposition Exhibit 1378 (part of Justice Declaration Exhibit 1) | The tables of detailed information regarding LinkedIn's Sentinel Plugin that appear below the flow chart on page 1 and continue to the end of Deposition Exhibit 1378, as indicated by the red outline boxes. | This document reveals detailed confidential information about LinkedIn's technical defenses. |

Although disclosing the detailed security information in Deposition Exhibit 1378 would harm LinkedIn, in contrast, there is little if any countervailing public interest in its disclosure. *Kamakana*, 447 F. 3d at 1179. ("[T]he Court must conscientiously balance the competing interests of the public policies favoring disclosure such as the public interest in understanding the judicial process." (quotation marks and original alterations omitted)). LinkedIn is not seeking to seal the flow chart on the first page of Deposition Exhibit 1378 that shows the general operation of the Sentinel plugin. Because the general operation of LinkedIn's Sentinel plugin is disclosed,

LinkedIn's sealing request is very narrow, and sealing of the more detailed information in Deposition Exhibit 1378 will provide no meaningful public insight into the Court's decision-making process. The public interest in disclosure of this information is accordingly outweighed by the harm disclosure will cause to LinkedIn.

For the foregoing reasons, LinkedIn respectfully requests that the Court seal the indicated portions of Deposition Exhibit 1378.

Dated: August 31, 2022                                          Orrick, Herrington & Sutcliffe LLP


                                                    By:      */s/ Daniel Justice*
                                                             DANIEL JUSTICE
                                                             Attorneys for Defendant
                                                             LinkedIn Corporation