# EXHIBIT J



                                                                Abhishek Bajoria
Senior Litigation Counsel
LinkedIn Corporation
1000 W. Maude Avenue
Sunnyvale, CA 94085
abajoria@linkedin.com

May 23, 2017

*Via Email* to sales@hiqlabs.com

Mark Weidick
hiQ Labs, Inc.
575 Market Street, #850
San Francisco, CA 94105

**RE**: **Demand to Immediately Cease and Desist Unauthorized Data Scraping and other Violations of LinkedIn's User Agreement**

Mr. Weidick:

      I write on behalf of LinkedIn Corporation ("LinkedIn"). It has come to LinkedIn's attention that hiQ Labs, Inc. ("hiQ") has used and is using processes to improperly, and without authorization, access and copy data from LinkedIn's website, www.linkedin.com. This is not acceptable.

      hiQ's software offered at www.hiqlabs.com is impermissibly and illegally accessing and scraping data from LinkedIn. Indeed, hiQ's website explains how its product improperly incorporates skills data from LinkedIn's website:

- Explore the skills that your employees are self-curating on the web and augment/update your company's database of employee competencies.
- Because Skill Mapper is based on publicly available data, you can explore the full scope of your workforce's skills, including skills from previous and current roles.

*See* https://www.hiqlabs.com/solutions. Moreover, hiQ has stated during marketing presentations that its Skill Mapper product is built on profile data from LinkedIn, and that this data is "refreshed" every two weeks. There can thus be no doubt that hiQ's product copies and scrapes data from LinkedIn, including "skills" information from the LinkedIn profiles of LinkedIn members.

      LinkedIn has earned its members' trust by acting vigilantly to keep their data secure. hiQ's actions and products violate this trust, as well as several provisions of LinkedIn's User Agreement (found at https://www.linkedin.com/legal/user-agreement). In particular, among other things, LinkedIn's User Agreement prohibits the following:

May 23, 2017
Page 2 of 3

- Scrape or copy profiles and information of others through any means (including crawlers, browser plugins and add-ons, and any other technology or manual work);
- Copy or use the information, content or data of others available on the Services (except as expressly authorized);
- Rent, lease, loan, trade, sell/re-sell access to the Services or any related information or data;
- Share or disclose information of others without their express consent; and
- Use manual or automated software, devices, scripts robots, other means or processes to access, "scrape," "crawl" or "spider" the Services or any related data or information.

As demonstrated above, hiQ is violating each of these provisions.

To be clear, hiQ's prior and present access of LinkedIn's website and/or servers violates LinkedIn's User Agreement and the law. hiQ's company page on LinkedIn has been restricted. Any future access of any kind by hiQ is without permission and without authorization from LinkedIn. Further, LinkedIn has implemented technical measures to prevent hiQ from accessing, and assisting others to access, LinkedIn's site, through systems that detect, monitor, and block scraping activity. Circumventing these technical measures and accessing LinkedIn's website without LinkedIn's authorization constitute violations of multiple state and federal laws, including but not limited to:

- California Penal Code Section 502(c);
- Federal Computer Fraud and Abuse Act (18 U.S.C. §§1030);
- State common law of trespass; and
- the Digital Millennium Copyright Act (17 U.S.C. §§512, 1201).

*See, e.g., Craigslist Inc. v. 3Taps Inc. et al* (N.D. Cal., Aug. 16, 2013) (ignoring revocation of permissions to access, and circumventing IP blocking measures, constitutes a violation of the CFAA); *Facebook, Inc. v. Power Ventures, Inc.,* No. 13-17102, 2016 WL 3741956, at *8 (9th Cir. July 12, 2016) (defendant who "disregarded the cease and desist letter . . . accessed Facebook's computers 'without authorization' within the meaning of the CFAA and is liable under that statute").

Accordingly, LinkedIn demands that hiQ immediately:

1. Cease and desist accessing or attempting to access or use LinkedIn's website, computers, computer systems, computer network, computer programs, and data stored therein (whether directly or through third parties);

2. Destroy all data, documents, and other items, electronic or otherwise, in their possession, custody, or control, that were copied, extracted or otherwise derived from LinkedIn's website (whether directly, indirectly, via members, or from other third parties); and

May 23, 2017
Page 3 of 3

    3. Cease and forever desist from any conduct inducing members to violating LinkedIn's User Agreement and Privacy Policy, including but not limited to offering software or services the use of which by members violates LinkedIn's User Agreement and Privacy Policy.

    LinkedIn would prefer to resolve this matter amicably, and I look forward to your response by May 31. This letter is not a recitation of all of the facts pertaining to this matter or all of LinkedIn's possible claims. Accordingly, LinkedIn is not waiving any of its rights and remedies, all of which LinkedIn expressly reserves. If hiQ does not comply with the requests set forth in this letter, LinkedIn reserves all of its rights and remedies, including legal action.

Regards,

Abhishek Bajoria
Senior Litigation Counsel
LinkedIn Corporation