# EXHIBIT Z

Corey Worcester (*pro hac vice*)
coreyworcester@quinnemanuel.com
Renita Sharma (*pro hac vice*)
renitasharma@quinnemanuel.com
Hope Skibitsky (*pro hac vice*)
hopeskibitsky@quinnemanuel.com
Elisabeth Miller (*pro hac vice*)
elisabethmiller@quinnemanuel.com
Zane Muller (*pro hac vice*)
zanemuller@quinnemanuel.com
QUINN EMANUEL URQUHART AND SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000

Terry L. Wit (SBN 233473)
terrywit@quinnemanuel.com
QUINN EMANUEL URQUHART AND SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:     (415) 875-6331

*Attorneys for Plaintiff and*
*Counterclaim Defendant*
*hiQ Labs, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

hiQ Labs, Inc.,

      *Plaintiff   and   Counterclaim*
      *Defendant,*

      vs.

LinkedIn Corp.,

      *Defendant   and   Counterclaim*
      *Plaintiff.*

Case No. 3:17-cv-03301-EMC

**DECLARATION OF MARK WEIDICK IN OPPOSITION TO LINKEDIN'S MOTION FOR SPOLIATION SANCTIONS**

1   I, Mark Weidick, declare as follows:

2       1.     I am the Chief Executive Officer of hiQ Labs, Inc. ("hiQ"). The facts stated in this

3 declaration are based on my personal knowledge, discussions with former company personnel, and my

4 review of records kept in the ordinary course of business. I could and would testify truthfully to these

5 facts, under oath, if required.

6       2.     By January 2019, hiQ did not have any paid employees or consultants, and I myself

7 was and remain serving as CEO without a salary.

8       3.     During the course of discovery in this litigation, I directed and assisted counsel in

9 attempting to recover certain data that had previously been stored in hiQ's AWS, Splunk, and

10 Salesforce accounts. At my direction, counsel contacted each of those vendors to inquire about the

11 status of data in hiQ's various accounts. With respect to AWS and Salesforce, despite our best efforts,

12 we were not able to recover any data from those accounts and were advised that the data had been

13 permanently deleted after hiQ's accounts had been closed due to non-payment.

14       4.     When we attempted to reactivate hiQ's Splunk account, we were initially advised that

15 the data previously in that account would be available to us. Accordingly, hiQ reactivated its Splunk

16 account. However, once we gained access to the account, we found that only a subset of the data still

17 existed in hiQ's Splunk account, and that older data was no longer available.

18       5.     I declare under penalty of perjury under the laws of the United States that the foregoing

19 is true and correct. Executed September 1, 2022, at Los Gatos, California.

20

21            By:

22

23

24            Mark Weidick

25

26

27

28

Case No. 3:17-cv-03301-EMC

WEIDICK DECL. IN OPP. TO MOT. FOR SPOLIATION SANCTIONS