| | |
|---|---|
| 1 | Corey Worcester (*pro hac vice*)<br>coreyworcester@quinnemanuel.com |
| 2 | Renita Sharma (*pro hac vice*)<br>renitasharma@quinnemanuel.com |
| 3 | Hope Skibitsky (*pro hac vice*)<br>hopeskibitsky@quinnemanuel.com |
| 4 | Elisabeth Miller (*pro hac vice*)<br>elisabethmiller@quinnemanuel.com |
| 5 | Zane Muller (*pro hac vice*)<br>zanemuller@quinnemanuel.com |
| 6 | QUINN EMANUEL URQUHART AND SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor |
| 7 | New York, NY 10010<br>Telephone:     (212) 849-7000 |
| 8 | Facsimile:     (212) 849-7100 |
| 9 | Terry L. Wit (SBN 233473)<br>terrywit@quinnemanuel.com |
| 10 | Adam B. Wolfson (SBN 262125)<br>adamwolfson@quinnemanuel.com |
| 11 | QUINN EMANUEL URQUHART AND SULLIVAN LLP<br>50 California Street, 22nd Floor |
| 12 | San Francisco, CA 94111<br>Telephone:     (415) 875-6600 |
| 13 | Facsimile:     (415) 875-6700 |
| 14 | Attorneys for Plaintiff hiQ Labs, Inc. |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| hiQ Labs, Inc.,<br><br>            Plaintiff,<br><br>      vs.<br><br>LinkedIn Corp.,<br><br>            Defendant. | Case No. 3:17-CV-03301-EMC<br><br>**ADMINISTRATIVE MOTION TO FILE UNDER SEAL HIQ'S CONFIDENTIAL MATERIAL** |

Pursuant to the Northern District of California's Civil Local Rules 7-11 and 79-5(b), Plaintiff hiQ Labs, Inc. ("hiQ") hereby brings this Administrative Motion To File Under Seal HiQ's Confidential Material as it appears in hiQ's opposition to LinkedIn's Motion for Spoliation Sanctions (the "Opposition").

On September 2, 2022, hiQ filed the Opposition. Documents quoted in the Opposition, as well as

deposition testimony quoted in the Opposition, have been designated by hiQ as Confidential or Highly Confidential pursuant to the Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information And/Or Trade Secrets (ECF No. 213) ("Protective Order"). hiQ respectfully requests permission to file portions of the Opposition under seal, as explained herein.

"A party seeking to seal a document filed with the Court must (1) comply with Civil Local Rule 79-5; and (2) rebut the 'strong presumption in favor of access' that applies to all court documents other than grand jury transcripts and pre-indictment warrant materials." *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, Case No. 12-cv-03844-JST, 2015 WL 984121, at *1 (N.D. Cal. Mar. 4, 2015) (*quoting Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To satisfy the first prong under Civil Local Rule 79-5(b), a sealing order may issue if the document or portions of the document sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material." *Id.* To satisfy the second prong for documents that are not attached to dispositive motions, the party "need only make 'a particularized showing under the good cause standard of Rule 26(c)' to justify sealing the materials." *Icon-IP*, 201 WL 984121, at *1 (*quoting Kamakana*, 447 F.3d at 1180). "A court may, for good cause, keep documents confidential 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (*quoting* Fed. R. Civ. P. 26(c)).

The Opposition contain information that hiQ has designated as warranting protection under the Protective Order. Specifically, hiQ seeks to protect material that relates to hiQ's confidential relationships with certain third parties. Accordingly, as explained further in the accompanying Declaration of Hope Skibitsky, hiQ intends to file the Opposition with the material that hiQ has designated as Confidential or Highly Confidential redacted.

---

Dated:  September 2, 2022

QUINN EMANUEL URQUHART & SULLIVAN LLP

By  *Hope Skibitsky*
Hope Skibitsky
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000
hopeskibitsky@quinnemanuel.com

*Attorneys for Plaintiff and Counterclaim Defendant hiQ Labs, Inc.*