Corey Worcester (*pro hac vice*)
coreyworcester@quinnemanuel.com
Renita Sharma (*pro hac vice*)
renitasharma@quinnemanuel.com
Hope Skibitsky (*pro hac vice*)
hopeskibitsky@quinnemanuel.com
Elisabeth Miller (*pro hac vice*)
elisabethmiller@quinnemanuel.com
Zane Muller (*pro hac vice*)
zanemuller@quinnemanuel.com
QUINN EMANUEL URQUHART AND SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:    (212) 849-7000
Facsimile:    (212) 849-7100

Terry L. Wit (SBN 233473)
terrywit@quinnemanuel.com
QUINN EMANUEL URQUHART AND SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for Plaintiff hiQ Labs, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| hiQ Labs, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> LinkedIn Corp., <br><br> Defendant. | Case No. 3:17-CV-03301-EMC <br><br> **HIQ'S LOCAL RULE 79(f)(3) STATEMENT ON LINKEDIN'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

Pursuant to the Northern District of California's Civil Local Rules 7-11, 79-5(f)(3) and 79-5(c)(1), Plaintiff hiQ Labs, Inc. ("hiQ") hereby submits this Statement on LinkedIn's Administrative Motion Consider Whether LinkedIn's Material Should Be Sealed (ECF 360).

On August 5, 2022, LinkedIn filed its brief in Opposition to hiQ's Motion for Summary Judgment (EF 358) (the "Opposition"). Certain material in the Opposition and accompanying Declaration of Daniel Justice (together, the "Filings") has been designated by hiQ as Confidential or

Highly Confidential pursuant to the Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information And/Or Trade Secrets (ECF No. 213). hiQ respectfully affirms that certain material in the Filings should remain sealed, as explained herein.

"A party seeking to seal a document filed with the Court must (1) comply with Civil Local Rule 79-5; and (2) rebut the 'strong presumption in favor of access' that applies to all court documents other than grand jury transcripts and pre-indictment warrant materials." *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, Case No. 12-cv-03844-JST, 2015 WL 984121, at *1 (N.D. Cal. Mar. 4, 2015) (*quoting Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To satisfy the first prong under Civil Local Rule 79-(b), a sealing order may issue if the document or portions of the document sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material." *Id.* A "strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "Thus, 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion." *Id.*

As described in more detail below, the Filings contain information on hiQ's trade secrets, including its proprietary intellectual property in the form of source code, as well as confidential business information which may harm its competitive standing were it disclosed. As such, "There are compelling reasons to seal references to its trade secrets and confidential business information." *In re Elec. Arts, Inc.*, 298 F. App'x 568. 569 (9th Cir. 2008) (holding trade secrets could be sealed to prevent their use "as sources of business information that might harm a litigant's competitive standing.").

| Document | Text to Be Sealed | Reason |
|---|---|---|
| Declaration of Daniel Justice Exhibit 2 (Deposition Exhibit 234) | "Scraper Update" Message of 4:58:40 PM | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and to hiQ. |
| Declaration of Daniel Justice Exhibit 12 | Response to Interrogatory No. 3 | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and to hiQ. |
| Declaration of Daniel Justice Exhibit 24 | Messages of 12:23:28 PM, 3:07:44 PM, 3:09:52 PM, | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and to hiQ. |
| Declaration of Daniel Justice Exhibit 25 | Message of 7:17:20 PM | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and to hiQ. |
| Declaration of Daniel Justice Exhibit 26 | Messages of 5:30:40 PM, 5:42:28 PM | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and to hiQ. |
| Declaration of Daniel Justice Exhibit 27 | Entire Document | Contains trade secret information about hiQ's highly confidential source code, the disclosure of which could cause competitive harm to hiQ. |
| LinkedIn's Opposition to hiQ's Motion for Summary Judgement | Footnote 5 (pages 7-8) | The identities of certain third parties with whom hiQ partners is a confidential trade secret, the disclosure of which could cause competitive harm to those parties and to hiQ. |

Dated: September 7, 2022

QUINN EMANUEL URQUHART & SULLIVAN LLP

By:      */s/ Zane Muller*
           Zane Muller
Attorneys for Plaintiff hiQ Labs, Inc.