1 | ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
2 | RUSSELL P. COHEN (SBN 213105)
rcohen@orrick.com
3 | PAUL F. RUGANI (SBN 342647)
prugani@orrick.com
4 | CATHERINE Y. LUI (SBN 239648)
clui@orrick.com
5 | NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
6 | DANIEL JUSTICE (SBN 291907)
djustice@orrick.com
7 | EMILY RENZELLI (*Pro Hac Vice*)
erenzelli@orrick.com
8 | ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
9 | San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
10 | Facsimile:   +1 415 773 5759

*Attorneys for Defendant/Counterclaimant*
*LinkedIn Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| hiQ Labs, Inc., | Case No. 17-cv-03301-EMC |
| Plaintiff, | **LINKEDIN CORPORATION'S LOCAL RULE 79-5(f)(3) STATEMENT TO SEAL CERTAIN MATERIALS** |
| vs. | |
| LinkedIn Corporation, | Complaint Filed:   June 7, 2017 |
| Defendant. | Trial Date:   February 27, 2023 |
| LinkedIn Corporation | |
| Counterclaimant, | |
| vs. | |
| hiQ Labs, Inc. | |
| Counterdefendant. | |

Pursuant to Civil Local Rules 79-5(f)(3) and 79-5(c)(1), Federal Rule of Civil Procedure 26(c)(1), and the Stipulated Protective Order For Litigation Involving Patents, Highly Sensitive Confidential Information, and/or Trade Secrets (ECF No. 213) (the "Protective Order"), LinkedIn Corporation ("LinkedIn") hereby submits this statement seeking to seal information in limited portions of materials that hiQ filed in support of its Compendium of Exhibits in Opposition to LinkedIn's August 5, 2022 Motions (ECF No. 364-1).  LinkedIn seeks a limited sealing order to seal: (i) certain documents that reflect LinkedIn's confidential business strategy and technical information; and (ii) personal information of third parties (collectively "Confidential Materials").

## I.     LEGAL STANDARD

In order to seal documents submitted in support of dispositive motions, the party seeking such relief must meet the "compelling reasons" standard.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  A party has "compelling reasons" to seal information in a filing, *inter alia*, where disclosure of that information would reveal "sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), or would make a litigant's business information at risk of being used for "improper purposes," *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

In addition, courts have regularly found that sealing personally identifiable information from the public record to protect individual privacy interests is a compelling reason that overcomes the presumption of public access to judicial records.  "The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund v. Oracle Corp.,* 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007), citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003); *Kamakana v. City and Cty. Of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006); *see also Snapkeys Ltd. v. Google LLC*, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021) (finding compelling reason to seal personal email addresses of current and former employees submitted in support of motion for summary

1  judgment); *Am. Auto. Ass'n of Northern California, Nevada & Utah, v. Gen. Motors, LLC*, 2019
2  WL 1260748, at *2 (N.D. Cal. March 14, 2019) (sealing personal information of third party
3  individuals including personal email addresses).  To appropriately balance the public's interest in
4  the litigation with protecting individuals' private information, courts routinely require the
5  redaction from the public record individuals' personally identifiable information such as personal
6  email addresses.  *Nursing Home*, 2007 WL 3232267, at *2; *Foltz*, 331 F. 3d at 1137-38.

## II.     MATERIALS REQUESTED TO BE SEALED

As described in the declarations of Jenelle Bray and Lee Womer concurrently filed herewith and further discussed below, LinkedIn seeks to seal a number of documents that reflect confidential internal documents regarding (i) LinkedIn's business strategies regarding its API program and potential acquisition strategies; and (ii) LinkedIn's technical defenses.  In addition, LinkedIn seeks to seal a number of documents that reflect third party personal email addresses.  There is no less restrictive alternative to protect LinkedIn's and third parties' confidential information.

LinkedIn seeks to seal only the limited information identified below:

| Document | Text to Be Sealed | Basis for Sealing |
|---|---|---|
| ECF No. 366.03, which is Exhibit 19 to hiQ's Compendium of Exhibits in Opposition to LinkedIn's August 5, 2022 Motions (ECF No. 364-1) ("Exhibit 19") | Entire document | This document reveals confidential information regarding how LinkedIn evaluates third parties who use the API program and why LinkedIn would terminate their API access. Womer Decl. ¶ 4.  This type of information, if publicly revealed, would likely harm LinkedIn by allowing third parties to circumvent the API requirements and allowing third parties an unfair advantage in negotiating against LinkedIn. |
| ECF No. 366.04, which is Exhibit 20 to hiQ's Compendium of Exhibits in Opposition to LinkedIn's August 5, 2022 Motions (ECF No. 364-1) ("Exhibit 20") | Personal email address on LINK_HIQ_000012277 | This document reveals the personal email address of Mr. Rosin. Revealing his personal email address could expose him to potential harms such as identity theft and an invasion of privacy. |

| Document | Text to Be Sealed | Basis for Sealing |
|---|---|---|
| ECF No. 366.07, which is Exhibit 23 to hiQ's Compendium of Exhibits in Opposition to LinkedIn's August 5, 2022 Motions (ECF No. 364-1) ("Exhibit 23") | Entire document | This document reflects the internal confidential strategy of LinkedIn regarding its approach to companies for the API program and provides a roadmap for how LinkedIn engages with select companies at the time of the Exhibit and presently.  Womer Decl. ¶ 4.  This type of information, if publicly revealed, would likely harm LinkedIn by allowing third parties to circumvent the API requirements and allowing third parties an unfair advantage in negotiating against LinkedIn. |
| ECF No. 366.24, which is Exhibit 42 to hiQ's Compendium of Exhibits in Opposition to LinkedIn's August 5, 2022 Motions (ECF No. 364-1) ("Exhibit 42") | Link_HIQ_000072013, Link_HIQ_000072015-16, Link_HIQ_000072019-23, Link_HIQ_000072028-39, and Link_HIQ_000072041-45 | This document reveals confidential internal business strategy regarding LinkedIn's API program including how LinkedIn partners with third parties for its API strategy.  *See* Womer Decl. ¶ 3.  This type of information, if publicly revealed, would allow competitors unfair insight into LinkedIn's business. |
| EF No. 366.25 and ECF No.366.26, which are Exhibits 43 and 44 to hiQ's Compendium of Exhibits in Opposition to LinkedIn's August 5, 2022 Motions (ECF No. 364-1) ("Exhibits 43 and 44") | Ex. 43 – LINK_HIQ_000072090; Ex. 44 - LINK_HIQ_000072096-97. | This document reveals confidential internal business strategy regarding LinkedIn's API program including how LinkedIn partners with third parties for its API strategy.  *See* Womer Decl. ¶ 3.  This type of information, if publicly revealed, would allow competitors unfair insight into LinkedIn's business. |
| ECF No. 366.27, which is Exhibit 45 to hiQ's Compendium of Exhibits in Opposition to LinkedIn's August 5, 2022 Motions (ECF No. 364-1) ("Exhibit 45") | Personal email address of Bob Rosin on LINK_HIQ_000073013 | This document reveals the personal email address of Mr. Rosin. Revealing his personal email address could expose him to potential harms such as identity theft and an invasion of privacy. |

| Document | Text to Be Sealed | Basis for Sealing |
|---|---|---|
| ECF No. 366.41, which is Exhibit 71 to hiQ's Compendium of Exhibits in Opposition to LinkedIn's August 5, 2022 Motions (ECF No. 364-1) ("Exhibit 71") | Page 232, line 24. | The referenced testimony reveals how often the model that LinkedIn uses to block data scrapers is refreshed, which is highly confidential information.  If revealed, data scrapers could adjust their attack patterns and more easily access LinkedIn's servers and create the potential for site disruption.  Bray Decl. ¶ 2. |

As the Womer and Bray Declarations explain, the Confidential Materials LinkedIn seeks to seal contain highly sensitive information that LinkedIn maintains in confidence.  First, LinkedIn seeks to seal Exhibits 19, 23, 42, 43, and 44 as they reflect internal business strategies regarding LinkedIn's API developer program.  Womer Decl. ¶¶ 3-5.  In particular, Exhibits 42 through 44 reflect the foundation of LinkedIn's current partner and API strategy.  Womer Decl. ¶. 3.  There is detailed discussion in these Exhibits explaining how LinkedIn assesses risk, how it mitigates such risk, the framework for evaluating LinkedIn's API partnerships, competitive intelligence including how LinkedIn compares against certain competitors, and internal metrics regarding its top customer sand API usage.  *Id.*  This information is not publicly revealed and is limited internally at LinkedIn to those who need the information.  *Id.*  Revealing such information publicly would allow competitors to unfairly free ride on LinkedIn's internal strategies and competitive intelligence including allowing them to unfairly create their own API program.  *Id*.

In addition, Exhibit 23 reveals the internal strategy on how LinkedIn approaches companies for its API program and how LinkedIn evaluates whether companies would be acquisition targets.  Womer Decl. ¶ 4.  In particular, Exhibit 23 provides a "roadmap" for how LinkedIn engages with select companies presently and at the time of this Exhibit.  *Id.*  Exhibit 19 also reveals confidential information on how LinkedIn evaluates third parties for its API program and why LinkedIn would terminate their access.  *Id.*  Disclosure of this information would harm LinkedIn as third parties could try to access the API program by circumventing LinkedIn's requirements for the program.  *Id.*  In addition, LinkedIn's ability to negotiate future deals may be

1  adversely impacted if this information is released publicly because other companies may use such
2  information as leverage against LinkedIn and increase LinkedIn's transaction costs. *Id*. Finally,
3  Exhibits 42, 43, 44, 19, and 23 all include third party information and how these third parties
4  interact with LinkedIn—which is not released publicly by LinkedIn nor does it have the
5  permission to do so. *Id.* ¶ 5.

6  Exhibit 71 is testimony by Jenelle Bray on the mechanisms by which scraping traffic is
7  blocked from LinkedIn's servers including specific models that LinkedIn employs to do so. Bray
8  Decl., ¶ 2. The testimony references how often the model is refreshed, which is highly
9  confidential information that would harm LinkedIn if publicly released. *Id.* If this information is
10 disclosed, scrapers could adjust their attack patterns to evade LinkedIn's defenses. *Id.* This
11 would result in allowing scrapers access to LinkedIn's servers more readily, undermining
12 LinkedIn's anti-scraping technology investments, and likely resulting in increased successful
13 scraping attempts of LinkedIn's platform. *Id.*

14 Thus, if made public, the information contained in the Confidential Materials could
15 jeopardize LinkedIn's current and future anti-scraping efforts, threaten the safety of LinkedIn's
16 platforms, and harm LinkedIn's competitive standing. Courts have agreed that compelling
17 reasons exist to seal the type of information LinkedIn is seeking to protect here. *See, e.g.*,
18 *Rodman v. Safeway Inc.*, No. 11-cv-03003-JST, 2015 WL 13673842, at *2 (N.D. Cal. Aug. 4,
19 2015) (sealing confidential business information including "pricing strategy, business decision-
20 making, customer research, and financial records" because it "would expose Safeway to
21 competitive harm if disclosed"); *Linex Tech., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW,
22 2014 WL 6901744, at *1 (N.D. Cal. Dec. 8, 2014) (finding compelling reasons to seal material
23 that contained "sensitive technical information about Defendants' products"); *American Auto.*
24 *Ass'n of N. California, Nevada & Utah v. General Motors LLC*, No. 17-CV-03874-LHK, 2019
25 WL 1206748, at *2 (N.D. Cal. March 14, 2019) (granting motion to seal under the compelling
26 reasons standard because the information contained "the parties' prospective business plans,
27 dealings and strategies").

28 Although disclosing the Confidential Materials would harm LinkedIn, in contrast, there is

little if any countervailing public interest in their disclosure. *Kamakana*, 447 F. 3d at 1179. ("[T]he Court must conscientiously balance the competing interests of the public policies favoring disclosure such as the public interest in understanding the judicial process." (quotation marks and original alterations omitted)).  Here, the Confidential Materials will shed no additional light on the Court's decision-making process that could aid the public's understanding of the judicial system.  Indeed, LinkedIn has otherwise publicly provided sufficient information concerning its API program, business strategies, and scraping enforcement activities and defenses to fully explain the resolution of its pending motions.

Further, LinkedIn seeks a very narrow order to seal and redact from the public record Mr. Rosin's personal email address only in Exhibits 20 and 45.  Mr. Rosin is a former LinkedIn employee and the exhibits at issue here reveal his personal email address.  Sealing Mr. Rosin's personal email address will protect him from potential identity theft and invasion of his privacy while allowing the public to still access the underlying exhibit.  The personal email address of Mr. Rosin is not relevant to the merits of hiQ's Motion. *Snapkeys*, 2021 WL 1951250, at *2.  The sealing of Mr. Rosin's personal email address will not impact the public's ability to review the document.  There is no less restrictive alternative to protect Mr. Rosin's privacy.   In addition, the Court has already granted a similar sealing request to seal Mr. Rosin's personal email address. *See* ECF No. 354.

For the foregoing reasons, LinkedIn respectfully requests that the Court seal the requested Confidential Materials.

Dated: September 7, 2022                                       Orrick, Herrington & Sutcliffe LLP

By: _____*/s/ Catherine Y. Lui*_____
CATHERINE Y. LUI
Attorneys for Defendant and Counterclaimant
LinkedIn Corporation