ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
RUSSELL P. COHEN (SBN 213105)
rcohen@orrick.com
PAUL F. RUGANI (SBN 342647)
prugani@orrick.com
CATHERINE Y. LUI (SBN 239648)
clui@orrick.com
NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
DANIEL JUSTICE (SBN 291907)
djustice@orrick.com
EMILY RENZELLI (*Pro Hac Vice*)
erenzelli@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105-2669
Telephone:   +1 415 773 5700
Facsimile:    +1 415 773 5759

*Attorneys for Defendant/Counterclaimant*
*LinkedIn Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| hiQ Labs, Inc.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LinkedIn Corporation,<br><br>　　　　Defendant.<br> | Case No. 17-cv-03301-EMC<br><br>**LINKEDIN CORPORATION'S LOCAL RULE 79-5(f)(3) STATEMENT TO SEAL CERTAIN MATERIALS**<br><br>Complaint Filed:　June 7, 2017<br>Trial Date:　　　　February 27, 2023 |
| LinkedIn Corporation<br><br>　　　　Counterclaimant,<br>　　vs.<br><br>hiQ Labs, Inc.<br><br>　　　　Counterdefendant. | |

Pursuant to Civil Local Rules 79-5(f)(3) and 79-5(c)(1), Federal Rule of Civil Procedure 26(c)(1), and the Stipulated Protective Order For Litigation Involving Patents, Highly Sensitive Confidential Information, and/or Trade Secrets (ECF No. 213) (the "Protective Order"), LinkedIn Corporation ("LinkedIn") hereby submits this statement seeking to seal limited information in portions of materials that hiQ filed with its Reply in Further Support of hiQ's Motion For Summary Judgment (ECF No. 386). Specifically, LinkedIn seeks a limited sealing order to seal confidential financial information. ("Confidential Materials").

### I. LEGAL STANDARD

In order to seal documents submitted in support of dispositive motions, the party seeking such relief must meet the "compelling reasons" standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). A party has "compelling reasons" to seal information in a filing, *inter alia*, where disclosure of that information would reveal "sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), or would make a litigant's business information at risk of being used for "improper purposes," *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

### II. MATERIALS REQUESTED TO BE SEALED

The materials LinkedIn seeks to seal have already been sealed by the Court. ECF No. 349. LinkedIn seeks the same order as the Court has previously granted. As set forth in the Declaration of Paul Rockwell in Support of LinkedIn's Administration Motion to Seal ("Rockwell Declaration"), filed on August 5, 2022, ECF No. 334.02, the narrowly tailored Confidential Materials LinkedIn seeks to seal reflect confidential financial metrics. These financial metrics are not disclosed publicly, and LinkedIn restricts knowledge of this information within LinkedIn to a subset of persons who need this information for their business operations.

LinkedIn seeks to seal only the limited information identified below:

| Document | Text to Be Sealed | Basis for Sealing |
|---|---|---|
| ECF No. 385.07, which is Exhibit G to hiQ's Reply in Further Support of hiQ's Motion for Summary Judgment. ("Exhibit G") (This same document was also previously filed as Exhibit 10 to LinkedIn's Compendium of Evidence in Support of LinkedIn's August 5, 2022 Motions, ECF No. 340.02). | Pages 5, 20, 25, 26, 42-44 | Portions of this document reveal key LinkedIn financial metrics that are confidential and should not be made public. This type of information, if publicly revealed, would allow competitors unfair insight into LinkedIn's business. |

As the Rockwell Declaration, ECF No. 334.02, explains, the Confidential Materials LinkedIn seeks to seal contain highly sensitive information that LinkedIn maintains in confidence. Exhibit G contains confidential information about key financial metrics, that shed light as to how LinkedIn allocates its resources to various departments, particularly with LinkedIn's investments in its platform. In particular, portions of Exhibit G contain financial information concerning "(i) LinkedIn's investments in technical infrastructure including costs invested in anti-scraping initiatives and (ii) revenue based on its lines of business that are confidential and should not be made public." Rockwell Decl. ¶ 5. If made publicly available, this information would allow competitors unfair insight into LinkedIn's investments and revenues and how to best compete with LinkedIn. *Id*.

Thus, if made public, the information contained in the Confidential Materials would provide competitors with some of LinkedIn's key financial metrics that could be used to unfairly compete with LinkedIn and thereby harm LinkedIn's competitive standing. Courts have agreed that compelling reasons exist to seal the type of information LinkedIn is seeking to protect here. *See, e.g.*, *Rodman v. Safeway Inc.*, No. 11-cv-03003-JST, 2015 WL 13673842, at *2 (N.D. Cal. Aug. 4, 2015) (sealing confidential business information including "pricing strategy, business decision-making, customer research, and financial records" because it "would expose Safeway to competitive harm if disclosed"); *American Auto. Ass'n of N. California, Nevada & Utah v.*

*General Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. March 14, 2019) (granting motion to seal under the compelling reasons standard because the information contained "the parties' prospective business plans, dealings and strategies").

Although disclosing the Confidential Materials would harm LinkedIn, in contrast, there is little if any countervailing public interest in their disclosure. *Kamakana*, 447 F. 3d at 1179. ("[T]he Court must conscientiously balance the competing interests of the public policies favoring disclosure such as the public interest in understanding the judicial process." (quotation marks and original alterations omitted)). Here, the Confidential Materials will shed no additional light on the Court's decision-making process that could aid the public's understanding of the judicial system. Indeed, LinkedIn has otherwise publicly provided sufficient information concerning its business investment and revenue strategies to fully explain the resolution of the pending motions.

For the foregoing reasons, LinkedIn respectfully requests that the Court seal the requested Confidential Materials.

Dated: September 19, 2022                     Orrick, Herrington & Sutcliffe LLP

By: _____*/s/ Catherine Y. Lui*_____
CATHERINE Y. LUI
Attorneys for Defendant and Counterclaimant
LinkedIn Corporation