ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
RUSSELL P. COHEN (SBN 213105)
rcohen@orrick.com
PAUL F. RUGANI (SBN 342647)
prugani@orrick.com
CATHERINE Y. LUI (SBN 239648)
clui@orrick.com
NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
DANIEL JUSTICE (SBN 291907)
djustice@orrick.com
EMILY RENZELLI (Pro Hac Vice)
erenzelli@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

*Attorneys for Defendant and
Counterclaimant LinkedIn Corporation*

COREY WORCESTER (*pro hac vice*)
coreyworcester@quinnemanuel.com
RENITA SHARMA (*pro hac vice*)
renitasharma@quinnemanuel.com
ELISABETH MILLER (*pro hac vice*)
elisabethmiller@quinnemanuel.com
HOPE SKIBITSKY (*pro hac vice*)
hopeskibitsky@quinnemanuel.com
ZANE MULLER (*pro hac vice*)
zanemuller@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:    (212) 849-7000
Facsimile:    (212) 849-7100

TERRY L. WIT (SBN 233473)
terrywit@quinnemanuel.com
QUINN EMANUEL URQUHART AND
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:    (415) 875-6331
Facsimile:    (415) 875-6700

*Attorneys for Plaintiff and Counterdefendant
hiQ Labs, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| hiQ Labs, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> LinkedIn Corporation, <br><br> Defendant. | Case No. 17-cv-03301-EMC <br><br> **STIPULATION AND [PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION** |
| LinkedIn Corporation <br><br> Counterclaimant, <br> vs. <br><br> hiQ Labs, Inc. <br><br> Counterdefendant. | |

1     Defendant/Counterclaimant LinkedIn Corporation ("LinkedIn" or "Counterclaimant") and

2   Plaintiff/Counterclaim Respondent hiQ Labs, Inc. ("hiQ"), by and through their respective

3   counsel, hereby stipulate as follows:

4     WHEREAS, on May 23, 2017, LinkedIn sent a cease and desist letter to hiQ alleging that

5   hiQ was violating LinkedIn's User Agreement as well as various other federal and state statutory

6   and common law prohibitions;

7     WHEREAS, in response to that letter on June 6, 2017, hiQ filed a lawsuit in the United

8   States District Court for the Northern District of California alleging claims against LinkedIn for

9   unfair competition, economic torts, and seeking declaratory relief, entitled *hiQ Labs, Inc. v.*

10  *LinkedIn Corporation*, Case No.  17-cv-03301-EMC (the "Action");

11    WHEREAS, on June 29, 2022, LinkedIn filed Amended Counterclaims in the Action

12  alleging that hiQ breached LinkedIn's User Agreement and violated federal and state statutory

13  and common law prohibitions;

14    WHEREAS, on October 27, 2022, the Court entered an order granting in part LinkedIn's

15  motion for summary judgment, granting in part LinkedIn's motion for sanctions, and denying

16  hiQ's motion for summary judgment;

17    WHEREAS, the Court concluded in its summary judgment order that LinkedIn's User

18  Agreement unambiguously and enforceably prohibits unauthorized scraping and creation of fake

19  accounts;

20    WHEREAS, the Court concluded in its order on LinkedIn's Motion for Spoliation

21  Sanctions that LinkedIn should be awarded monetary sanctions and permissive instructions to be

22  charged to the jury;

23    WHEREAS, hiQ stipulates that LinkedIn has established that it has incurred a loss of at

24  least $5,000 in a one-year period as a result of hiQ's unauthorized access as required by the civil

25  provisions of the Computer Fraud and Abuse Act (CFAA) 18 U.S.C. § 1030(c)(4)(A)(i)(1), and

26  therefore may establish liability under the civil provisions of the CFAA, 18 U.S.C. §

27  1030(c)(4)(A)(i)(1), based on hiQ's data collection practices and based on hiQ's direct access to

28  password-protected pages on LinkedIn's platforms using fake accounts;

1    WHEREAS, hiQ stipulates that LinkedIn may establish civil liability under California

2    Penal Code § 502(c)(1), (2), and (7) based on hiQ's data collection practices, use of fake accounts

3    and other means to evade detection by LinkedIn, hiQ's direct access to password-protected pages

4    on LinkedIn's platforms using fake accounts, and hiQ's unauthorized commercial use of data

5    obtained thereby;

6    WHEREAS, hiQ stipulates that LinkedIn has established judgment as to liability under

7    California law for the common law torts of trespass to chattels and misappropriation;

8    WHEREAS, hiQ stipulates that LinkedIn has established that it has suffered an irreparable

9    injury and that (1) any ongoing use of hiQ's software, algorithms or the data hiQ acquired from

10   LinkedIn and (2) any continued scraping of LinkedIn's website by hiQ through any means will

11   result in ongoing irreparable injury to LinkedIn;

12   WHEREAS, hiQ stipulates that the remedies available at law, including monetary

13   damages, are inadequate to compensate for that injury;

14   WHEREAS, hiQ stipulates that LinkedIn has established that a remedy in equity is

15   warranted, considering the balance of the hardships and that the public interest would not be

16   disserved by a permanent injunction;

17   WHEREAS, the parties have separately reached agreement that resolves all outstanding

18   claims in this case pursuant to a confidential settlement agreement, and entry by the Court of the

19   attached [PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION is made

20   an express condition without which there is no settlement;

21   WHEREAS, upon entry of this agreed-upon judgment, all remaining claims of both

22   parties shall be dismissed with prejudice;

23   WHEREAS, upon entry of this agreed-upon judgment and injunction, the parties

24   expressly waive all rights to further appeals or to otherwise challenge or contest the validity of

25   this or any other order in this case;

26   NOW, THEREFORE, IT IS HEREBY STIPULATED:

27   1.    The Court has subject matter jurisdiction over this matter and personal jurisdiction

28   over the parties.

- 2 -

2.     Judgment in the amount of $500,000 USD is hereby entered against hiQ and in favor of LinkedIn.

3.     Any other claim to monetary relief by either party, including any attorneys' fees or costs, is expressly waived.

4.     hiQ and, to the full extent permissible by law, all other individuals who are described in Federal Rule of Civil Procedure 65(d)(2), including its present and former officers, agents, servants, employees, and attorneys; and other persons who were or are in active concert or participation with hiQ, hiQ's officers, agents, servants, employees, and attorneys (collectively, the "Prohibited Parties") are immediately and permanently ordered and enjoined as follows:

a.     The Prohibited Parties are immediately and permanently enjoined from accessing and using, whether directly or indirectly through a third party, intermediary, or proxy, the LinkedIn platform in violation of its User Agreement, including without limitation by (i) using automated means to access and/or copy data from the LinkedIn platform, whether logged in to a LinkedIn account or not, without express written permission of LinkedIn, (ii) creating or using accounts with fake identities; (iii) using the LinkedIn platform to develop a commercial service without the express written permission of LinkedIn;

b.     The Prohibited Parties are immediately and permanently enjoined from developing, using, selling, offering for sale, or distributing, or directing, aiding, or conspiring with others to develop, sell, offer for sale, or distribute, any software, script(s) or code for data collection from LinkedIn platforms using any of the data, source code, or algorithms developed at hiQ;

c.     The Prohibited Parties are immediately and permanently enjoined from developing, using, selling, offering for sale, or distributing, or directing, aiding, or conspiring with others to develop, sell, offer for sale, or distribute, any software, script(s) or code for analysis of data acquired from the LinkedIn platform using any of the data, source code, or algorithms developed at hiQ;

d.     The Prohibited Parties are required to permanently delete any and all software, script(s) or code in the possession, custody, or control of the Prohibited Parties,

STIP. & PROP. CONSENT JUDGMENT &
PERMANENT INJUNCTION
17-cv-03301-EMC

including all such material that any Prohibited Party stored on behalf of hiQ in an account with a third-party, where such software, script(s), or code is designed to access or interact with the LinkedIn platform, including without limitation the source code repositories and other materials identified in Exhibit 1 hereto;

       e.     The Prohibited Parties are required to permanently delete any and all software, script(s) or code in the possession, custody, or control of the Prohibited Parties, including all such material that any Prohibited Party stored on behalf of hiQ in an account with a third-party, where such software, script(s), or code is designed to use data acquired from the LinkedIn platform, including without limitation the source code repositories and other materials identified in Exhibit 1 hereto;

       e.     The Prohibited Parties are required to permanently delete any and all LinkedIn member profile data in the possession, custody, or control of the Prohibited Parties, including all such material that any Prohibited Party stored on behalf of hiQ in an account with a third-party, including without limitation the materials identified in Exhibit A hereto; provided, however, that this prohibition does not extend to use by Prohibited Parties of their own personal LinkedIn member profiles so long as such use is made in accordance with the LinkedIn User Agreement;

       f.     The Prohibited Parties are immediately and permanently enjoined from using, distributing, selling, analyzing, or otherwise accessing any data that hiQ collected from LinkedIn without LinkedIn's express permission, whether directly or indirectly through a third party, intermediary, or proxy, including any data collected using the software identified in Exhibit 1 hereto;

     5.     hiQ shall notify all current, former, and future officers of the existence of this Injunction and provide a copy of this Injunction to each of them no later than five (5) business days after the entry of this Order or their first affiliation with hiQ, whichever comes first.

     6.     The Court will retain continuing jurisdiction to enforce the terms of this Consent Judgment and Permanent Injunction and to address other matters arising out of or regarding this Consent Judgment and Permanent Injunction, including any allegations that the parties have failed

1    to comply with their obligations as set forth in this Consent Judgment and Permanent Injunction,

2    and the parties agree to submit to the Court's jurisdiction for those purposes.

3        **SO STIPULATED AND PURSUANT TO STIPULATION THE PARTIES**

4    **REQUEST THAT THE COURT ENTER JUDGMENT IN THE FORM REFLECTED IN**

5    **EXHIBIT A.**

6    Dated: December 6, 2022                    Orrick, Herrington & Sutcliffe LLP

7

8                                              By:    */s/ Annette L. Hurst*
                                                      ANNETTE L. HURST
9                                                     Attorney for Defendant
                                                      LinkedIn Corporation
10

11

12
     Dated: December 6, 2022                    Quinn Emanuel Urquhart & Sullivan LLP
13

14
                                               By:    */s/ Corey Worcester*
15                                                     COREY WORCESTER
                                                       Attorney for Plaintiff
16                                                     hiQ Labs, Inc.

17

18

19
                        L.R. 5-1 SIGNATURE ATTESTATION
20

21        As the ECF user whose user ID and password are utilized in the filing of this document, I

22   attest that concurrence in the filing of the document has been obtained from each of the other

23   signatories.

24

25                                                    */s/ Annette L. Hurst*
                                                       Annette L. Hurst
26

27

28

STIP. & PROP. CONSENT JUDGMENT &
                                                 PERMANENT INJUNCTION
                                                 17-CV-03301-EMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **EXHIBIT 1**

In addition to specific source code repositories and databases listed in **Table 1**, all source

code, data, and information derived from LinkedIn stored in the following services must also be

destroyed:

1. **Atlassian Cloud**: Jira and Confluence pages, including all attachments (e.g., weekly Turk reports).

2. **Splunk/Rancher (Scraping Logs)**:
   a. Splunk: All scraping logs stored in Splunk via Splunk Forwarding.
   b. Rancher: All scraping logs stored via Rancher NFS.

3. **Other Databases**: Redis, Databricks, MySQL, Amazon Redshift, Apache Kafka.

**Exhibit 1 - Table 1: Source Code and Data Derived from LinkedIn**

| Source Code/Data | Type | Name |
|---|---|---|
| **Source Code[1]** | **Git Repository** | Scrapus |
| | | Scrapus2 |
| | | Science |
| | | Data-pipeline |
| | | MiFi |
| | | WebTurk |
| **Data[2]** | **MongoDB Database** | prod_db |
| | | dev_db |
| | | staging_db |
| | | test_db |
| | | central |
| | | rawdata |
| | | sci_cat |
| | | sci_dog |
| | | sci_demo |
| | | pa_data |
| | | sci_hris |
| | | sci_training |
| | | sci_purg |
| | | data_archive |
| | | sci_archive |
| | | sci_amazon |
| | | sci_amex |
| | | fb_dec2015 |
| | | fb_dec2016 |
| | | fb_jun2016 |
| | | fb_mar2016 |
| | | fb_sep2016 |
| | | sci_facebook |
| | | sci_wtf |
| | | sci_testdb |
| | | sci_sandbox |
| | | sci_omg |
| | | sci_lol |
| | **MongoDB Collection** | scrapus |
| | | scrapus2 |
| | | raw_scrapes |
| | | scrapus_queue |
| | | banned_proxy_details |
| | | cookies_for_proxies |
| | | proxies |
| | | li_parsed |
| | | parsed_col |
| | | li_dataset |
| | | imputed_li_dataset |
| | | risk_report |
| | | skill_report |
| | | keeper_releases |

---

[1] All local "clones" of each repository (i.e., downloaded from GitHub) must also be destroyed in addition to the remote source code repositories hosted on GitHub.

[2] Data archived to cloud backups (e.g., AWS Glacier) or downloaded locally (e.g., exported as JSON or BSON) must also be destroyed.

STIP. & PROP. CONSENT JUDGMENT &
PERMANENT INJUNCTION
17-cv-03301-EMC

| | | riskmodel |
|---|---|---|
| | | li_risk |
| | | skills |
| | | hiq_prediction |
| | | actions |
| | | cv_model |
| | | cv_rules |
| | | cv_trans |
| | | personhood |
| | | company |
| | | li_company_parsed |
| | | gone |
| | | auto__l_i |
| | | turk__l_i |
| | | auto_LI |
| | | turk_LI |
| | | qa_turk |
| | | client_rules |
| | | no_list_collection |
| | | profile_pics |
| | | training |
| | | li_profiles |
| | | variables |
| | | parsed |
| | | imp_var |
| | | comp_var |
| | | comp_var_groups |
| | | risk |
| | | unknown |
| | | group_meta |
| | | pa_data |
| | | pa_cleaned |
| | | hris_parsed |
| | | hris_profiles |
| | | imputed_variables |
| | | model_data_archive |
| | **AWS S3 Bucket[3]** | deng-datalake |
| | | deng-datalake/side_bar |
| | | deng_datalake/linkedin_scrapem |
| | | deng-datalake-v2 |
| | | deng-datalake-v2/linkedin_scrapem |
| | | deng-datalake-v2/blind_collection |
| | | deng-datalake-v2/klarna_blind_collection |
| | | deng-datalake-v2/klarna_scrapes |
| | | deng-datalake-v2/klarna_companies |
| | | deng-datalake-staging |
| | | deng-datalake-dev |
| | | deng-datalake-test |
| | | deng-linkedin-html-till-aug-28-2017 |
| | | hiq-science |
| | | crystal-ball-crawl-output |
| | | linkedin-dir |

---

[3] While the table includes specific sub-folders that were cited in hiQ's source code (e.g., "deng-datalake/side_bar"), the full AWS S3 bucket (e.g., "deng-datalake") must be destroyed.

1

**EXHIBIT A**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIP. & PROP. CONSENT JUDGMENT &
PERMANENT INJUNCTION
17-CV-03301-EMC

ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
RUSSELL P. COHEN (SBN 213105)
rcohen@orrick.com
PAUL F. RUGANI (SBN 342647)
prugani@orrick.com
CATHERINE Y. LUI (SBN 239648)
clui@orrick.com
NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
DANIEL JUSTICE (SBN 291907)
djustice@orrick.com
EMILY RENZELLI (Pro Hac Vice)
erenzelli@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

*Attorneys for Defendant and
Counterclaimant LinkedIn Corporation*

COREY WORCESTER (*pro hac vice*)
coreyworcester@quinnemanuel.com
RENITA SHARMA (*pro hac vice*)
renitasharma@quinnemanuel.com
ELISABETH MILLER (*pro hac vice*)
elisabethmiller@quinnemanuel.com
HOPE SKIBITSKY (*pro hac vice*)
hopeskibitsky@quinnemanuel.com
ZANE MULLER (*pro hac vice*)
zanemuller@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:    (212) 849-7000
Facsimile:    (212) 849-7100

TERRY L. WIT (SBN 233473)
terrywit@quinnemanuel.com
QUINN EMANUEL URQUHART AND
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:    (415) 875-6331
Facsimile:    (415) 875-6700

*Attorneys for Plaintiff and Counterdefendant
hiQ Labs, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| hiQ Labs, Inc., | Case No. 17-cv-03301-EMC |
| Plaintiff, | |
| vs. | |
| LinkedIn Corporation, | **[PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION** |
| Defendant. | |
| LinkedIn Corporation | |
| Counterclaimant, | |
| vs. | |
| hiQ Labs, Inc. | |
| Counterdefendant. | |

1    1.     The Court has subject-matter jurisdiction over this action and personal jurisdiction

2    over the parties.

3    2.     Judgment in the amount of $500,000 USD is hereby entered against hiQ and in favor

4    of LinkedIn.

5    3.     Any other claim to monetary relief by either party, including any attorneys' fees or

6    costs, is expressly waived.

7    4.     hiQ, and to the full extent permissible by law, and all other individuals who are

8    described in Federal Rule of Civil Procedure 65(d)(2), including its present and former officers,

9    agents, servants, employees, and attorneys; and other persons who were or are in active concert or

10    participation with hiQ, hiQ's officers, agents, servants, employees, and attorneys (collectively, the

11    "Prohibited Parties") are immediately and permanently ordered and enjoined as follows:

12    a.     The Prohibited Parties are immediately and permanently enjoined from

13    accessing and using, whether directly or indirectly through a third party, intermediary, or proxy,

14    the LinkedIn platform in violation of its User Agreement, including without limitation by (i)

15    using automated means to access and/or copy data from the LinkedIn platform, whether logged in

16    to a LinkedIn account or not, without express written permission of LinkedIn, (ii) creating or

17    using accounts with fake identities; (iii) using the LinkedIn platform to develop a commercial

18    service without the express written permission of LinkedIn;

19    b.     The Prohibited Parties are immediately and permanently enjoined from

20    developing, using, selling, offering for sale, or distributing, or directing, aiding, or conspiring

21    with others to develop, sell, offer for sale, or distribute, any software, script(s) or code for data

22    collection from LinkedIn platforms using any of the data, source code, or algorithms developed at

23    hiQ;

24    c.     The Prohibited Parties are immediately and permanently enjoined from

25    developing, using, selling, offering for sale, or distributing, or directing, aiding, or conspiring

26    with others to develop, sell, offer for sale, or distribute, any software, script(s) or code for

27    analysis of data acquired from the LinkedIn platform using any of the data, source code, or

28    algorithms developed at hiQ;

[PROP.] CONSENT JUDGMENT &
PERMANENT INJUNCTION
17-cv-03301-EMC

1        d.  The Prohibited Parties are required to permanently delete any and all

2    software, script(s) or code in the possession, custody, or control of the Prohibited Parties,

3    including all such material that any Prohibited Party stored on behalf of hiQ in an account with a

4    third-party, where such software, script(s), or code is designed to access or interact with LinkedIn

5    platform, including without limitation the source code repositories and other materials identified

6    in Exhibit 1 hereto;

7        e.  The Prohibited Parties are required to permanently delete any and all

8    software, script(s) or code in the possession, custody, or control of the Prohibited Parties,

9    including all such material that any Prohibited Party stored on behalf of hiQ in an account with a

10   third-party, where such software, script(s), or code is designed to use data acquired from the

11   LinkedIn platform, including without limitation the source code repositories and other materials

12   identified in Exhibit 1 hereto;

13       e.  The Prohibited Parties are required to permanently delete any and all

14   LinkedIn member profile data in the possession, custody, or control of the Prohibited Parties,

15   including all such material that any Prohibited Party stored on behalf of hiQ in an account with a

16   third-party, including without limitation the materials identified in Exhibit A hereto; provided,

17   however, that this prohibition does not extend to use by Prohibited Parties of their own personal

18   LinkedIn member profiles so long as such use is made in accordance with the LinkedIn User

19   Agreement;

20       f.  The Prohibited Parties are immediately and permanently enjoined from

21   using, distributing, selling, analyzing, or otherwise accessing any data that hiQ collected from

22   LinkedIn without LinkedIn's express permission, whether directly or indirectly through a third

23   party, intermediary, or proxy, including any data collected using the software identified in Exhibit

24   1.

25     4.  hiQ shall notify all current, former, and future officers of the existence of this

26   Injunction and provide a copy of this Injunction to each of them no later than five (5) business

27   days after the entry of this Order or their first affiliation with hiQ, whichever comes first.

28     5.  The Court retains continuing jurisdiction to enforce the terms of this Consent

[PROP.] CONSENT JUDGMENT &
PERMANENT INJUNCTION
17-CV-03301-EMC

Judgment and Permanent Injunction and to address other matters arising out of or regarding this Consent Judgment and Permanent Injunction, including any allegations that the parties have failed to comply with their obligations as set forth in this Consent Judgment and Permanent Injunction, and the parties agree to submit to the Court's jurisdiction for those purposes.

**IT IS SO ORDERED & JUDGMENT IS ENTERED.**

Dated:

HON. EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE

[PROP.] CONSENT JUDGMENT &
PERMANENT INJUNCTION
17-cv-03301-EMC

1

**EXHIBIT 1**

2

3     In addition to specific source code repositories and databases listed in **Table 1**, all source

4  code, data, and information derived from LinkedIn stored in the following services must also be

5  destroyed:

6

7
    4.  **Atlassian Cloud**: Jira and Confluence pages, including all attachments (e.g., weekly Turk
       reports).

8
    5.  **Splunk/Rancher (Scraping Logs)**:

9
       a.  <u>Splunk</u>: All scraping logs stored in Splunk via Splunk Forwarding.
       b.  <u>Rancher</u>: All scraping logs stored via Rancher NFS.

10
    6.  **Other Databases**: Redis, Databricks, MySQL, Amazon Redshift, Apache Kafka.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROP.] CONSENT JUDGMENT &
                                                        PERMANENT INJUNCTION
                                                        17-cv-03301-EMC

**Exhibit - Table 1: Source Code and Data Derived from LinkedIn**

| Source Code/Data | Type | Name |
|---|---|---|
| **Source Code[4]** | **Git Repository** | Scrapus |
| | | Scrapus2 |
| | | Science |
| | | Data-pipeline |
| | | MiFi |
| | | WebTurk |
| **Data[5]** | **MongoDB Database** | prod_db |
| | | dev_db |
| | | staging_db |
| | | test_db |
| | | central |
| | | rawdata |
| | | sci_cat |
| | | sci_dog |
| | | sci_demo |
| | | pa_data |
| | | sci_hris |
| | | sci_training |
| | | sci_purg |
| | | data_archive |
| | | sci_archive |
| | | sci_amazon |
| | | sci_amex |
| | | fb_dec2015 |
| | | fb_dec2016 |
| | | fb_jun2016 |
| | | fb_mar2016 |
| | | fb_sep2016 |
| | | sci_facebook |
| | | sci_wtf |
| | | sci_testdb |
| | | sci_sandbox |
| | | sci_omg |
| | | sci_lol |
| | **MongoDB Collection** | scrapus |
| | | scrapus2 |
| | | raw_scrapes |
| | | scrapus_queue |
| | | banned_proxy_details |
| | | cookies_for_proxies |
| | | proxies |
| | | li_parsed |
| | | parsed_col |
| | | li_dataset |
| | | imputed_li_dataset |
| | | risk_report |
| | | skill_report |
| | | keeper_releases |

---

[4] All local "clones" of each repository (i.e., downloaded from GitHub) must also be destroyed in addition to the remote source code repositories hosted on GitHub.

[5] Data archived to cloud backups (e.g., AWS Glacier) or downloaded locally (e.g., exported as JSON or BSON) must also be destroyed.

[PROP.] CONSENT JUDGMENT &
PERMANENT INJUNCTION
17-cv-03301-EMC

| | | riskmodel |
|---|---|---|
| | | li_risk |
| | | skills |
| | | hiq_prediction |
| | | actions |
| | | cv_model |
| | | cv_rules |
| | | cv_trans |
| | | personhood |
| | | company |
| | | li_company_parsed |
| | | gone |
| | | auto__l_i |
| | | turk__l_i |
| | | auto_LI |
| | | turk_LI |
| | | qa_turk |
| | | client_rules |
| | | no_list_collection |
| | | profile_pics |
| | | training |
| | | li_profiles |
| | | variables |
| | | parsed |
| | | imp_var |
| | | comp_var |
| | | comp_var_groups |
| | | risk |
| | | unknown |
| | | group_meta |
| | | pa_data |
| | | pa_cleaned |
| | | hris_parsed |
| | | hris_profiles |
| | | imputed_variables |
| | | model_data_archive |
| | **AWS S3 Bucket[6]** | deng-datalake |
| | | deng-datalake/side_bar |
| | | deng_datalake/linkedin_scrapem |
| | | deng-datalake-v2 |
| | | deng-datalake-v2/linkedin_scrapem |
| | | deng-datalake-v2/blind_collection |
| | | deng-datalake-v2/klarna_blind_collection |
| | | deng-datalake-v2/klarna_scrapes |
| | | deng-datalake-v2/klarna_companies |
| | | deng-datalake-staging |
| | | deng-datalake-dev |
| | | deng-datalake-test |
| | | deng-linkedin-html-till-aug-28-2017 |
| | | hiq-science |
| | | crystal-ball-crawl-output |
| | | linkedin-dir |

---

[6] While the table includes specific sub-folders that were cited in hiQ's source code (e.g., "deng-datalake/side_bar"), the full AWS S3 bucket (e.g., "deng-datalake") must be destroyed.

[PROP.] CONSENT JUDGMENT &
PERMANENT INJUNCTION
17-cv-03301-EMC